| | |
|---|---|
| 1 | JASON LO, SBN 219030 |
| 2 |    jlo@gibsondunn.com<br>BROOKE WALLACE, SBN 259169 |
| 3 |    bwallace@gibsondunn.com<br>CAROLINE MONROY, SBN 329018 |
| 4 |    cmonroy@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP |
| 5 | 333 South Grand Avenue<br>Los Angeles, CA  90071-3197 |
| 6 | Telephone:  213.229.7000 |
| 7 | Facsimile:   213.229.7520 |
| 8 | Attorneys for Plaintiff Netlist Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>           Defendant. | CASE NO. 8:20-cv-993-JAK (DFMx)<br><br>**AMENDMENT RE PROOF OF SERVICE FILED BY PLAINTIFF NETLIST (DKT. 15)** |

At the request of Samsung Electronics America, Inc. ("SEA"), Plaintiff Netlist Inc. ("Netlist") hereby clarifies the Proof of Service filed on June 26, 2020 (ECF No. 15).

Although the defendant in this case is Samsung Electronics Co., Ltd., a Korean Corporation ("SEC"), Netlist served the Complaint on Albert Damonte of CT Corporation System, SEA's registered agent.  SEA is a United States subsidiary of defendant SEC with its principal place of business in Ridgefield Park, New Jersey.

Gibson, Dunn &
Crutcher LLP

1

Netlist alleges that SEA is the "general manager" of defendant SEC within the meaning of Cal. Civ. Proc. Code § 416.10 and Cal. Corp. Code § 2110.[1] California law permits foreign companies to be served by their domestic subsidiaries as "general managers" in the state. *See, e.g.*, *Cosper v. Smith & Wesson Arms Co.*, 53 Cal. 2d. 77, 84 (Cal. 1959) (permitting service on an out-of-state defendant via its non-exclusive sales representative in the state); *Yamaha Motor Co., Ltd. v. Super. Ct.*, 174 Cal. App. 4th 264, 270–75 (Cal. Ct. App. 2009) (approving service on a foreign corporation through the registered agent of its domestic subsidiary and confirming that "California law allows service on a foreign corporation by serving its domestic subsidiary").

And Federal Rule of Civil Procedure 4(e)(1) provides that process in the District Courts may be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1226–27 (C.D. Cal. 2008) (approving service on a Toyota Japan through Toyota America in California under section 416.10(b) of California Code of Civil Procedure); *Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928, 929–31 (C.D. Cal. 2008) (approving service on Mazda Japan through the California-based registered agent of its domestic subsidiary).

SEA has informed counsel for Netlist that SEA's position is that service upon SEA's agent is not sufficient to effect service on SEC, and that CT Corporation is not authorized to accept service for any matters involving SEC.

---

[1] In an abundance of caution, Netlist also is in the process of effecting service using Hague Convention procedures.

Dated: July 20, 2020

                                                   GIBSON, DUNN & CRUTCHER LLP

                                                   */s/ Jason Lo*
                                                   Jason Lo

                                                 Attorney for Netlist Inc.