JASON LO, SBN 219030
  jlo@gibsondunn.com
BROOKE WALLACE, SBN 259169
  bwallace@gibsondunn.com
CAROLINE MONROY, SBN 329018
  cmonroy@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-993-JAK (DFMx)<br><br>**REDACTED FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**FILED UNDER SEAL PURSUANT TO ORDER OF COURT DATED AUGUST 12, 2020** |

Plaintiff Netlist Inc. ("Netlist") complains and alleges the following against Defendant Samsung Electronics Co., Ltd. ("Samsung"):

## THE PARTIES

1. Netlist is a Delaware corporation having its principal place of business at 175 Technology Drive, Suite 150, Irvine, CA 92618.

2. Samsung is a Korean corporation with its principal offices at 129 Samsung-Ro, Yeontong-gu, Suwon-si, Gyeonggi-do, South Korea. Samsung manufactures and sells a wide range of products, including semiconductors, memory components, and memory modules, in the United States.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, and there is complete diversity of citizenship because Defendant Samsung is a citizen of South Korea and Plaintiff Netlist is a citizen of California.

4. This Court has personal jurisdiction over Samsung because Samsung transacted and continues to transact business in this District and its actions caused and continue to cause injury to Netlist within this District.

5. This Court has the power to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2201(a), which is of sufficient immediacy and reality to warrant declaratory relief.

## VENUE

6. Venue is proper within this District under 28 U.S.C. § 1391(b) and (c). Samsung transacts business and contracted to sell its products to Netlist within this District. Venue also is proper because Netlist's principal place of business is in this District, and Netlist suffered harm in this District. Finally, a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND

7. Netlist is a leading provider of high-performance modular memory subsystems to original equipment manufacturers, and specializes in hybrid memory that merges DRAM and NAND flash raw materials to create efficient memory solutions.

8. Samsung is South Korea's largest company and one of the world's largest producers of semiconductors. Among other things, Samsung develops, manufactures, and sells memory components and memory modules.

9. On November 12, 2015, Netlist and Samsung entered into a Joint Development and License Agreement (the "Agreement"). Netlist and Samsung entered into the Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### Supply Terms

10. As part of the consideration of the Agreement, Netlist sought to ensure that it would have a dependable and stable supply of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11. In the year prior to entering the Agreement, Samsung ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Netlist. After signing the Agreement, Netlist and Samsung increased their transactions. At first, Samsung supplied ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Netlist purchased these products regularly. During the first two years, Samsung sold Netlist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ each quarter. In 2016, Netlist purchased approximately ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from Samsung. In 2017, Netlist's purchases ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1        12.     However in 2018, Samsung began not to fulfill Netlist's requests or orders. Samsung deliberately began to restrict Netlist's access to products and failed to fulfill its orders, often without notice and always in violation of the Agreement. For example, in the first quarter of 2018, Samsung supplied Netlist with only ████ ███████—despite Netlist's request for substantially higher volumes—which is less than ████████ supplied in the same quarter of the previous year.

         13.     Samsung continues to restrict the supply of ██████████████ to Netlist.

         14.     By repeatedly breaching the Agreement, Samsung forced Netlist to forgo business opportunities and ████████████ ████████████ Netlist was unable to obtain many products that Samsung provided and was required to supply under the Agreement. When Samsung failed to fulfill Netlists' orders, Netlist could not supply its customers and lost business opportunities and profits it otherwise would have earned had Samsung performed. In addition, Netlist ████████████████████████████████████████████ ██████████████████████.

**Joint Development Fees**

         15.     In addition, Section 3.1 of the Agreement provides that Samsung ██ ████████████████████████████████████████████ ████████████████████████████████████████████ Section 3.2 of the Agreement permits Samsung to withhold taxes due or payable to the Korean tax authority ████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████.

         16.     Shortly after entering the Agreement, Samsung withheld ████████ ████████ owed to Netlist under Section 3.1. Samsung claims it paid this withholding to the Korean tax authority, even though, on information and belief, ██ ████████████████████████████████████. This was a surprise to

1  Netlist, which had understood that the amount would not be taxed in Korea under the
2  applicable law.
3       17.   Netlist has sought and continues to seek its lawful refund from the Korean
4  tax authorities for the amount over-withheld and has repeatedly requested that
5  Samsung cooperate in claiming a credit, refund, or exemption for this amount.
6  Samsung has instead responded that it properly withheld taxes, has delayed or declined
7  to provide the cooperation requested, and has not been forthcoming to Netlist
8  regarding what it has done or could do to help.
9       18.   Samsung has breached the Agreement by wrongfully withholding ▮
10 ▮▮▮▮▮▮▮▮ owed to Netlist, and by failing to cooperate with Netlist as the latter
11 continues to seek to recover the amount withheld.

### Termination

13       19.   On May 27, 2020, Netlist notified Samsung that Netlist was exercising its
14 rights under Section 13.2 of the Agreement.  That section provides that a party may
15 terminate the Agreement if the other ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮.
19       20.   Samsung's breaches preclude a material purpose of the Agreement from
20 being achieved—namely, Netlist's contractual right to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
22       21.   Samsung did not cure its breach within thirty days of receiving notice.
23       22.   On July 15, 2020, Netlist issued written notice to Samsung terminating
24 the Agreement under Section 13.2.
25       23.   Upon a termination pursuant to Section 13.2 of the Agreement, all
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [i.e., July 20, 2020].
28 Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ████████████████████████████████████████
2  ████████████████████████████████████
3  ██████

4  24. Samsung has not responded to Netlist's attempts to notify the company of its breaches and its decision to terminate the Agreement. Samsung has not complied with its obligations upon termination.

## COUNT ONE

**(Breach of Contract)**

25. Plaintiffs hereby incorporate each preceding and succeeding paragraph as relevant and as though fully set forth herein.

26. As alleged above, Samsung entered into an Agreement with Netlist that required Samsung to supply ████████████████████ ██████████████

27. Samsung breached the Agreement by failing to ████████████ ████████████ These breaches occurred repeatedly, beginning in June 2017, and continue to this day.

28. Netlist has performed all material obligations owed to Samsung under the Agreement.

29. As a direct and proximate result of Samsung's breach of the Agreement, Netlist has suffered damages.

## COUNT TWO

**(Breach of Contract)**

30. Plaintiff hereby incorporates each preceding and succeeding paragraph as relevant and as though fully set forth herein.

31. As alleged above, Samsung entered into an Agreement with Netlist that required Samsung to pay Netlist ████████████████████████████ ████████████████████████████████████████ ██████████████

32. Samsung breached the Agreement by wrongfully ███████████ ███████████ owed to Netlist as consideration for its development costs and by failing to reasonably cooperate with Netlist as it the latter continues to seek its refund from the Korean tax authorities for the amount over-withheld.

33. Netlist has performed all material obligations owed to Samsung under the Agreement.

34. As a direct and proximate result of Samsung's breach of the Agreement, Netlist has suffered damages at least in the amount of ███████████ all applicable prejudgment and post-judgment interest, and such further and other relief as this Court shall deem just and proper.

## COUNT THREE

### (Declaratory Relief: Termination of Contract)

35. Plaintiff hereby incorporates each preceding and succeeding paragraph as relevant and as though fully set forth herein.

36. Samsung repeatedly breached the Agreement and its breaches preclude a material purpose of the Agreement from being achieved.

37. On May 27, 2020, Netlist sent notice of this breach to Samsung pursuant to the terms of the Agreement stating that Netlist was exercising its rights under Section 13.2 of the Agreement.

38. Samsung did not cure its breach, and on July 15, 2020, Netlist sent written notice to Samsung terminating the Agreement under Section 13.2.

39. As a result of termination, all licenses and other rights previously granted to Samsung ceased on July 20, 2020. Samsung has not acknowledged Netlist's termination nor has it complied with its obligations upon termination.

40. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties, and a determination of rights under the Agreement is appropriate under 28 U.S.C. § 2201(a).

41. Accordingly, Netlist seeks a determination that it has terminated the Agreement under Section 13.2, and all license and other rights granted to Samsung under the Agreement have ceased as of July 20, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) An award of damages to Netlist in an amount to be determined at trial;

(b) A declaratory judgment that Netlist has terminated the Agreement pursuant to Section 13.2 and that Samsung's licenses and rights under the Agreement have ceased;

(c) Prejudgment and post-judgment interest;

(d) Any such other, further, and general relief as is just and proper.

## DEMAND FOR JURY TRIAL

Netlist hereby demands a trial by jury on all issues raised by the First Amended Complaint under Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: August 31, 2020

        GIBSON, DUNN & CRUTCHER LLP

        By: */s/ Jason Lo*
                Jason Lo

        Attorney for Netlist Inc.