1  Ekwan E. Rhow - State Bar No. 174604
     erhow@birdmarella.com
2  Kate S. Shin - State Bar No. 279867
     kshin@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   Attorneys for Defendant
7  Samsung Electronics Co., Ltd.

8

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | NETLIST INC., a Delaware corporation, | CASE NO. 8:20-cv-993-MCS (DFMx) |
13 | | **DEFENDANT SAMSUNG ELECTRONICS, CO., LTD.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
   | Plaintiff, | |
14 | vs. | |
15 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, | |
16 | | Assigned to Hon. Mark C. Scarsi |
17 | Defendant. | |

Defendant Samsung Electronics Co., Ltd. ("SEC") hereby answers the First Amended Complaint ("FAC") of plaintiff Netlist, Inc. ("Netlist"). SEC generally denies each and every allegation except those hereinafter specifically admitted. SEC further answers the numbered paragraphs of the First Amended Complaint as follows:

## THE PARTIES

1. SEC is without sufficient information to admit or deny the allegations in paragraph 1, and on that basis, SEC denies such allegations.

2. SEC admits the allegations in paragraph 2.

## JURISDICTION

3. The allegations in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 3 except that SEC admits that it is a citizen of South Korea.

4. To the extent that paragraph 4 alleges that SEC's actions caused and continue to cause any injury to Netlist, SEC denies such allegations. The remaining allegations in paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 4.

5. The allegations in paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 5.

## VENUE

6. The allegations in paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 6.

## BACKGROUND

7. SEC is without sufficient information to admit or deny the allegations in paragraph 7, and on that basis, SEC denies such allegations.

8. SEC admits that it is one of the world's largest producers of

semiconductors and that it develops, manufactures, and sells memory components and memory modules. Except as so admitted, SEC denies all other allegations contained in paragraph 8.

9. SEC admits that Netlist and SEC signed the Joint Development and License Agreement (the "Agreement"), which is dated November 12, 2015. The remaining allegations in paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 9 except as so admitted.

## Supply Terms

10. SEC admits only that the Agreement has Section 6.2 and that this section contains, in part, the phrase quoted in paragraph 10. SEC is without sufficient information as to what Netlist intended as "consideration of the Agreement" and on that basis, SEC denies the allegations in paragraph 10. To the extent that paragraph 10 purports to state legal conclusions and contract interpretation, SEC denies the allegations in paragraph 10.

11. SEC denies the allegations in paragraph 11.

12. SEC denies the allegations in paragraph 12.

13. SEC denies the allegations in paragraph 13.

14. SEC denies it breached the Agreement. SEC is without sufficient information to admit or deny all other allegations in paragraph 14, and on that basis, SEC denies such allegations.

## Joint Development Fees

15. SEC admits only that the Agreement has Sections 3.1 and 3.2, and that these sections contain, in part, the phrases quoted in paragraph 15. The remaining allegations in paragraph 15 state legal conclusions and contract interpretation to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 15 except as so admitted.

16. SEC denies the allegations in paragraph 16.

17. SEC denies the allegations in paragraph 17.

18. SEC denies the allegations in paragraph 18.

### Termination

19. SEC denies the allegations in paragraph 19.

20. SEC denies the allegations in paragraph 20.

21. SEC denies the allegations in paragraph 21.

22. SEC denies the allegations in paragraph 22.

23. The allegations in paragraph 23 state legal conclusions and contract interpretation to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 23.

24. SEC denies the allegations in paragraph 24.

### COUNT ONE
### (Breach of Contract)

25. SEC incorporates by reference the contents of paragraphs 1-24 as if fully set forth herein.

26. SEC denies the allegations in paragraph 26.

27. SEC denies the allegations in paragraph 27.

28. SEC denies the allegations in paragraph 28.

29. SEC denies the allegations in paragraph 29.

### COUNT TWO
### (Breach of Contract)

30. SEC incorporates by reference the contents of paragraphs 1-29 as if fully set forth herein.

31. The allegations in paragraph 31 state legal conclusions and contract interpretation to which no response is required. To the extent a response is required, SEC denies the allegations in paragraph 31.

32. SEC denies the allegations in paragraph 32.

33. SEC denies the allegations in paragraph 33.

34. SEC denies the allegations in paragraph 34.

## COUNT THREE

### (Declaratory Relief: Termination of Contract)

35. SEC incorporates by reference the contents of paragraphs 1-34 as if fully set forth herein.

36. SEC denies the allegations in paragraph 36.

37. SEC denies the allegations in paragraph 37.

38. SEC denies the allegations in paragraph 38.

39. SEC denies the allegations in paragraph 39.

40. SEC denies the allegations in paragraph 40.

41. SEC denies the allegations in paragraph 41.

## PRAYER FOR RELIEF

SEC denies that Netlist is entitled to any relief prayed in its First Amended Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), SEC asserts the following affirmative defenses, without admitting that SEC would bear the burden of proof on any of the following:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Netlist's First Amended Complaint does not set forth sufficient facts that support the claims made against SEC. As a result, the First Amended Complaint, and each and every claim for relief therein, fail to state a claim or cause of action against SEC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

Netlist's breach of contract claim alleged in the First Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Netlist's breach of contract claim alleged in the First Amended Complaint is barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (No Breach)

SEC performed all duties owed under the Agreement other than any duties which were prevented or excused, and therefore never breached the Agreement.

## FIFTH AFFIRMATIVE DEFENSE
### (Breach by Plaintiff)

Netlist's claims alleged in the First Amended Complaint are barred, in whole or in part, because it breached the Agreement and that by reason of that breach, SEC has been excused from performing the obligations under the Agreement.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

Netlist's breach of contract claim is barred, in whole or in part, on the grounds of failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

Netlist's claims for damages are barred, in whole or in part, because Netlist suffered no recognizable loss, injury and/or damage as a result of the matters which are the subject of the First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

The First Amended Complaint, and each and every claim for relief therein, are barred, in whole or in part, because the alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

Assuming, arguendo, that Netlist sustained a loss, injury, and/or damage, either as alleged in the First Amended Complaint or otherwise, such loss, injury, and/or damage are not recoverable from SEC because any alleged act or omission of SEC was not the cause of such loss, injury, and/or damage.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The First Amended Complaint, and each and every claim for relief therein, are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Netlist is estopped from asserting any claim for relief against SEC with respect to the matters which are the subject of the First Amended Complaint and its purported claims against SEC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims in the First Amended Complaint are barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

The breach of contract claim in the First Amended Complaint against SEC is barred, in whole or in part, by the doctrine of acquiescence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Netlist is barred from asserting each and every claim contained in the First Amended Complaint or from asserting any other right to relief against SEC because Netlist and/or its agents or representatives by their conduct have ratified the alleged

acts, omissions, and course of conduct of SEC.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Netlist has taken no steps to alleviate or reduce the impact of SEC's alleged conduct. As a result, Netlist's claims for damages are barred, in whole or in part, by Netlist's failure to mitigate its damages.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Netlist would be unjustly enriched if allowed to recover anything from SEC under the First Amended Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

The First Amended Complaint, and each and every claim for relief therein, are barred, in whole or in part, because SEC's actions were at all times reasonable and were taken in the good faith.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Justification)

The First Amended Complaint, and each and every claim for relief therein, are barred, in whole or in part, because SEC's conduct was justified.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Conformity with Laws)

SEC's alleged actions were taken in conformity with, and reliance upon, applicable rules, regulations, and standards.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Ripeness)

Netlist's claim for declaratory relief is premature and not ripe for adjudication.

# TWENTY-FIRST AFFIRMATIVE DEFENSE

## (Other Affirmative Defenses)

SEC reserves the right to supplement or amend this Answer, including the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant SEC prays:

(a) That plaintiff Netlist takes nothing by the First Amended Complaint;

(b) For costs of suit incurred herein; and

(c) For such other and further relief as the Court deems just and proper.

DATED: November 6, 2020

Ekwan E. Rhow
Kate S. Shin
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: /s/ Ekwan E. Rhow
Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.