Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>    Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RULE 26 INITIAL DISCLOSURES**<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant Samsung Electronics Co., Ltd. ("SEC") makes the following disclosures:

## I.   PRELIMINARY STATEMENT

The following disclosures are based solely on the information reasonably available to SEC at the present time. SEC has not completed its investigation of the facts or its discovery in this action and accordingly, SEC reserves the right to supplement these disclosures as additional information becomes known to it or otherwise permitted. By making these disclosures of information and documents, SEC does not waive, but expressly preserves, whether procedural or substantive, any and all objections, claims, rights, defenses, claims of privilege, and/or work product protections it may have. By disclosing the witnesses and documents listed below, SEC does not waive, and in fact expressly reserves, any and all of its rights to object to the admissibility, authenticity, materiality and relevancy of any material contained in any document or in the testimony of any witness identified below.

## II.   INITIAL DISCLOSURES PURSUANT TO RULE 26

### A.   Rule 26(a)(1)(A)(i) Witnesses

Pursuant to Fed. Rule Civ. P. 26(a)(1)(A)(i), SEC is currently aware of the following individuals who may have discoverable information that it may use to support its defenses and/or claims in this action. SEC has in good faith listed the probable general subject matter of each witness' knowledge, but this general description does not limit the information that each witness may provide for use in this action. SEC reserves the right to call on any individuals disclosed or identified from any documents or responses produced through discovery or deposition taken in this action. The witnesses identified below may have attorney-client or work product privileged information. To the extent that the witnesses are represented by counsel, they should not be contacted except through their attorneys.

/ / /

/ / /

| Individual | Address | Subject Matter |
|---|---|---|
| Chun K. Hong | c/o Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 | Operation of Netlist, the Joint Development and License Agreement ("JDLA") and the parties' respective performance thereunder; Netlist's claims and alleged damages |
| Gail Sasaki | c/o Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 | JDLA and the parties' respective performance thereunder; Netlist's claims and alleged damages |
| Byungyup Jeon | c/o Samsung Electronics Co., Ltd., Attn: Global Legal Affairs Team, 129 Samseong-ro Yeongtong-gu Gyeonggi-do 16677, Suwon-Si, Korea, Republic of | JDLA and the parties' respective performance thereunder |
| Hyeoksang Yoo | c/o Samsung Electronics Co., Ltd., Attn: Global Legal Affairs Team, 129 Samseong-ro Yeongtong-gu Gyeonggi-do 16677, Suwon-Si, Korea, Republic of | JDLA and the parties' respective performance thereunder |

Additionally, SEC includes any experts that it may later retain to testify at trial, who will be separately identified in accordance with the Federal Rules of Civil Procedure.

**B.     Rule 26(a)(1)(A)(ii) Documents**

Documents which SEC may use to support its claims or defenses may include, but are not limited to:

- Agreement(s) between SEC and Netlist;
- Correspondence between representatives of SEC and representatives of Netlist;
- Emails exchanged by representatives of SEC and representatives of the

  Netlist;

- Netlist's purchase orders;
- Records relating to Netlist's purchase orders; and
- Applications to the South Korean tax authorities and related records and correspondences.

### C.   Rule 26(a)(1)(A)(iii) Damages

SEC has no pending claims for damages. However, it may seek to recover reasonable attorneys' fees and costs incurred in defending this lawsuit.

### D.   Rule 26(a)(1)(A)(iv) Insurance

SEC is not presently aware of any insurance policy specific to it that is applicable to this action.

DATED: February 1, 2021

Ekwan E. Rhow
Kate S. Shin
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:   */s/ Kate S. Shin*
   Kate S. Shin
  Attorneys for Defendant Samsung Electronics Co., Ltd.