JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
CAROLINE MONROY, SBN 329018
  cmonroy@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                Defendant. | CASE NO. 8:20-cv-993-MSC (DFMx)<br><br>**FIRST AMENDED JOINT RULE 26(F) REPORT**<br><br>Joint Report Due: February 11, 2021 |

Pursuant to this Court's order dated February 4, 2021, Plaintiff Netlist Inc. ("Netlist") and Defendant Samsung Electronics Co., Ltd. ("SEC"), by their undersigned attorneys, hereby file this Joint Rule 26(f) Report.

**A.    Statement of the Case**

This is a breach of contract case based on SEC's alleged breach of the Joint Development and License Agreement ("Agreement") that Netlist and SEC signed on November 12, 2015.  Netlist alleges that SEC breached the Agreement by failing to supply Netlist with products on request, by withholding portions of fees owed to Netlist under the Agreement, and by failing to reasonably cooperate with Netlist's attempt to seek a refund of this portion of the fee from the Korean tax authorities.

Netlist also alleges that on July 15, 2020, Netlist issued written notice to SEC that it was terminating the Agreement pursuant to Section 13.2 of the same, such that rights previously granted to the default party, SEC, would cease as of the effective date of the termination. Netlist seeks damages and a declaratory judgment that the Agreement has been terminated.

SEC disputes Netlist's allegations and claims in their entirety.

The operative complaint is the First Amended Complaint, filed July 22, 2020. In light of the pandemic and the length of time it takes to effect service under the Hague Convention, the parties stipulated on August 28, 2020 that SEC would waive service and answer the First Amended Complaint by November 6, 2020. The Court approved the stipulation in an order dated September 1, 2020, and SEC answered Netlist's First Amended Complaint on November 6, 2020.

**B.    Subject Matter Jurisdiction**

This Court has diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) because SEC is a citizen of South Korea and Netlist is a citizen of California and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

**C.    Legal Issues**

Netlist asserts that there are no unusual substantive, procedural, or evidentiary issues. The key legal issues are (1) whether SEC failed to supply Netlist with the requested amounts of products; (2) whether SEC was required "by applicable law" to withhold taxes due or payable to the Korean tax authority from the fee that SEC was to pay Netlist; (3) whether SEC reasonably cooperated in Netlist's efforts to claim a credit, refund, or exemption of the withholding; (4) whether SEC materially breached the Agreement; and (5) whether Netlist terminated the Agreement.

SEC asserts that potential discovery concerning the Korean tax authority and Korean witnesses may raise evidentiary issues concerning discoverability thereof and interpretation of Korean law.

**D.     Parties, Evidence, Etc.**

*Netlist's Statement:*

Netlist does not expect that additional parties will appear in this action. Netlist believes that the following individuals have relevant information pertaining to the issues in this case: Chuck Hong (CEO, Netlist); Gail Sasaki (CFO, Netlist); Jung-Bae Lee (SVP, SEC); Yong Hwangbo (VP - Business Development Group, SEC); Kyuhan Han (SEC); Neal Knuth (Samsung Semiconductor, Inc.). In addition to those parties identified by SEC, Netlist anticipates that additional witnesses will be identified as discovery proceeds.

Key documents will include SEC's records and communications regarding this Agreement and SEC's withholding of a portion of the fee owed to Netlist under the Agreement. This includes, but is not limited to documents related to:

- the drafting, negotiation, and execution of the Agreement;
- purchase orders received by SEC from Netlist;
- the quantity and prices of products sold to Netlist by SEC;
- the quantity and prices of products sold by SEC to parties other than Netlist;
- communications between SEC and third parties, including government authorities regarding SEC's withholding of taxes arising out of payments under the Agreement;
- SEC's receipt of Netlist's notice of breach;
- SEC's efforts, if any, to cure its alleged breach of the Agreement upon receiving notice of breach; and
- joint research and development projects between SEC and Netlist.

For conflicts purposes, Netlist states that it has no parent corporation. Netlist has three wholly owned direct subsidiaries: Netlist Electronics (Suzhou) Co., Ltd., Netlist HK Limited; and Netlist Luxembourg S.a.r.l.

*SEC's Statement*:

While SEC does not intend to name any additional party to this lawsuit, it notes that Netlist may be conflating SEC with Samsung Electronics America, Inc. ("SEA") and/or Samsung Semiconductor, Inc. ("SSI"), which are U.S.-based companies that exist separate and apart from SEC. Netlist submitted its purchase orders to SSI and/or SEA. For conflicts purpose, SEC states that SEA is a wholly owned subsidiary of SEC, whereas SSI is a wholly owned subsidiary of SEA.

SEC believes that the following individuals have relevant information pertaining to the issues in this case: Chuck Hong (CEO, Netlist), Gail Sasaki (CFO, Netlist), Byungyup Jeon (Senior Professional, SEC), and Hyeoksang Yoo (Principal Professional, SEC). SEC anticipates that additional witnesses will be identified as discovery proceeds.

Key documents will include SEC's and Netlist's respective records and communications relating to this Agreement and other related communications. These include, but are not limited to, documents related to:

- the drafting, negotiation, and execution of the Agreement;
- Netlist's purchase orders for products;
- the quantities and prices of products purchased by Netlist;
- the course of dealing between the involved parties;
- communications and/or records between Netlist and third parties, including government authorities regarding SEC's withholding of taxes arising out of payments under the Agreement;
- Netlist's basis, if any, to allege breach of the Agreement; and
- Joint research and development projects between SEC and Netlist.

**E.     Damages**

Netlist has suffered in excess of $50 million in damages, though Netlist recognizes that there may be disputes as to whether contractual provisions may affect Netlist's recovery of the full amount of actual damages.

SEC disputes Netlist has any proper grounds to allege such damages and its alleged damages assessment.

**F.     Insurance**

Netlist is not aware of insurance coverage for the claims in this action.  SEC likewise is not aware of any applicable insurance coverage for the claims in this action.

**G.     Motions**

Netlist does not anticipate additional motion practice other than filing a motion for summary judgment.  SEC at the present time does not anticipate any motion practice other than a potential motion for summary judgment.

**H.     Dispositive Motions**

Netlist intends to move for summary judgment or summary adjudication following the close of expert discovery, including as to the existence, breach, and termination of the Agreement.  SEC may move for a summary judgment or summary adjudication following the close of fact discovery.

**I.     Manual for Complex Litigation**

The parties do not anticipate utilizing the procedures outlined in the Manual for Complex Litigation.

**J.     Status of Discovery**

The parties served initial disclosures on February 1, 2021.  The parties have yet to serve formal discovery.

**K.     Discovery Plan**

The parties do not propose changes to the disclosures required under Federal Rule of Civil Procedure 26(f) or alterations to any limitations.  Netlist does not believe that discovery should be conducted in phases or be otherwise limited.  The parties

anticipate seeking a stipulated protocol for production of electronically stored information as well as a stipulated protective order prohibiting public disclosure of competitively sensitive and confidential information.

**L.  Discovery Cut-Off**

The parties propose September 20, 2021 as the discovery cut-off date.

**M.  Expert Discovery**

The parties propose September 27, 2021 as the date for initial expert disclosures, October 18, 2021 as the date for rebuttal expert disclosures, and October 25, 2021 as the expert discovery cut-off date.

**N.  Settlement Conference / Alternative Dispute Resolution**

The parties select private mediation in accordance with the Court Direct ADR Program's requirements.  The parties are engaging in informal settlement discussions.

**O.  Trial Estimate**

*Netlist's Statement*

Netlist anticipates that three to four days of court time is required for trial. Netlist requests a jury trial, but reserves all rights.  In addition, Netlist contemplates calling five witnesses, including one to two expert witnesses.

*SEC's Statement*:

SEC anticipates that four to five days of court time is required for trial given that some of the witnesses will require a Korean interpreter to testify at trial.  SEC is open to a bench trial.

**P.  Trial Counsel**

The Gibson, Dunn & Crutcher attorneys listed as counsel of record will try the case for Netlist: Jason Lo, Matthew Benjamin (*pro hac vice* application pending), and Caroline Monroy.  Mr. Lo will be lead trial counsel.

The Bird Marella attorneys listed as counsel of record will try the case for defendant SEC:  Ekwan E. Rhow and Kate S. Shin.  Mr. Rhow will be lead trial counsel.

**Q.     Independent Expert or Master**

The parties do not believe this is a case in which the Court should consider appointing a Master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert.

**R.     Schedule Worksheet**

The parties refer the Court to the Schedule Worksheet appended to this Joint Report.

**S.     Other Issues**

Other issues affecting this action includes the potential for non-English speaking witnesses and foreign discovery. The parties will require an interpreter for Korean-speaking witnesses and Korean language documents throughout discovery and the trial.

**JUDGE MARK C. SCARSI**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court ORDERS the parties to make every effort to agree on dates.*

| Case No. 8:20-cv-00993-MSC-DFM | Case Name: Netlist Inc. v. Samsung Electronics Co., Ltd. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference [FPTC] Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: **X** Jury Trial or ☐ Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: ___4-5___ Days | | 02/01/2022 | 02/01/2022 | ☐ Jury Trial ☐ Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Monday* at 2:00 p.m., at least 15 days before trial) | | 01/17/2022 | 01/17/2022 | |
| **Event** [1] *Note:* Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to **Hear** Motion to Amend Pleadings/Add Parties *[Monday]* | | 04/05/2021 | 04/05/2021 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 09/20/2021 | 09/20/2021 | |
| Expert Disclosure (Initial) | | 09/27/2021 | 09/27/2021 | |
| Expert Disclosure (Rebuttal) | | 10/18/2021 | 10/18/2021 | |
| Expert Discovery Cut-Off | 12[2] | 10/25/2021 | 10/25/2021 | |
| Last Date to **Hear** Motions *[Monday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 10/25/2021 | 10/25/2021 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select one:* ☐ 1. Magistrate Judge (with Court approval) ☐ 2. Court's Mediation Panel **X** 3. Private Mediation | 10 | 11/08/2021 | 11/08/2021 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 12/17/2021 | 12/17/2021 | |

| Trial Filings (second round)<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 01/03/2022 | 01/03/2022 | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above*.**

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.

| | |
|---|---|
| Dated: February 11, 2021 | GIBSON, DUNN & CRUTCHER LLP |
| | By: _____/s/ Jason C. Lo_____<br>Jason C. Lo |
| | Attorneys for Plaintiff NETLIST INC. |
| Dated: February 11, 2021 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C. |
| | By: _____/s/ Ekwan Rhow_____<br>Ekwan Rhow |
| | Attorneys for Defendant SAMSUNG ELECTRONICS CO., LTD. |

## ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | |
|---|---|
| Dated: February 11, 2021 | By: _____/s/ Jason C. Lo_____<br>Jason C. Lo |