JASON C. LO, SBN 219030
 jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
 mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
 rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>             Defendant. | CASE NO. 8:20-cv-993-MSC (DFMx)<br><br>**PLAINTIFF NETLIST INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE FOR DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS**<br><br>SUPPORTING DECLARATION OF JASON C. LO FILED CONCURRENTLY HEREWITH<br><br>[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH<br><br>Action Filed: May 28, 2020<br>Trial Date     November 30, 2021 |

Gibson, Dunn & Crutcher LLP

1

PLAINTIFF NETLIST INC.'S EX PARTE APPLICATION TO EXTEND TIME FOR HEARING

## NOTICE OF *EX PARTE* APPLICATION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Netlist Inc., by and through its counsel of record, applies *ex parte* pursuant to Central District of California Local Rules 7-19 and 7-19.1 for an order continuing the hearing date for Defendant's motion for judgment on the pleadings. Plaintiff requests that the hearing date be continued and schedule set as follows: the hearing set for August 16, 2021, or such later time as meets the Court's convenience; Plaintiff's opposition brief due 21 days before the hearing, and Defendant's reply brief due 14 days before the hearing.

This *ex parte* request to continue the hearing date on Defendant's motion for judgment on the pleadings is based upon this Notice, the attached Application and memorandum in support thereof, the supporting Declaration of Jason C. Lo, and such other evidence as may be presented to the Court at any hearing on the Application or of which the Court takes judicial notice.

Dated: June 16, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jason C. Lo
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7153
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

# *EX PARTE* APPLICATION AND MEMORANDUM IN SUPPORT

## I. NAMES AND ADDRESSES OF OPPOSING COUNSEL

Pursuant to Central District of California Local Rule 7-19, the name, address, telephone number, and e-mail address of counsel for the opposing party is as follows:

> Ekwan E. Rhow
> erhow@birdmarella.com
> Marc E. Masters
> mmasters@birdmarella.com
> Kate S. Shin
> kshin@birdmarella.com
> Christopher J. Lee
> clee@birdmarella.com
> BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
> DROOKS, LINCENBERG & RHOW, P.C.
> 1875 Century Park East, 23rd Floor
> Los Angeles, California 90067
> Telephone: (310) 201-2100
> Fascimile: (310) 201-2110

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff Netlist Inc. filed this action on May 28, 2020. Dkt. 1. Plaintiff's First Amended Complaint (FAC) was filed on August 31, 2020. Dkt. 22. At Defendant's request, Netlist stipulated to give Defendant over two months to file an answer. Dkt. 24. On November 6, 2020, Defendant filed its Answer. Dkt. 27. The pleadings then closed. Thus, if Defendant desired to file a motion to dismiss on the pleadings under Rule 12(c), it could have done so *last year*.

It was not, however, until *seven months later* that Defendant first notified Plaintiff that it intended to file a motion for judgment on the pleadings (the "Motion"). Declaration of Jason C. Lo ("Lo Decl.") ¶ 2. On June 8, 2021, the parties conferred. *Id*. Defendant initially offered only limited details concerning the basis for the motion, and the parties agreed to continue their conference to a week later on June 15. *Id.* During the June 8 discussion, Netlist requested that the parties coordinate on scheduling for briefing and a hearing, requesting extra time from the default rules to

prepare an opposition. *Id.* Defendant's counsel stated that they were amendable to such an accommodation, and just needed to confirm with their client. *Id.*

Concurrently, the parties have been working with Magistrate Judge McCormick on various discovery disputes. *Id.* ¶ 3. At Defendant's request, the parties set a briefing schedule on their primary discovery disputes—Defendant's position papers are due this Friday, June 18, and Plaintiff is scheduled to prepare its response next week to be filed on June 25. *Id.*

Yesterday, on June 15, the parties conferred and Defendant explained the basis for its Rule 12(c) Motion. *Id.* ¶ 4. In yesterday's meeting, we discussed the substance of the Motion and any potential resolution, but were unable to reach an agreement to avoid the Motion. With the above existing discovery briefing schedule in hand, the parties turned to discuss scheduling for this second Motion. Defendant's counsel announced, however, that their client would no longer agree to any scheduling cooperation or briefing accommodation. *Id.* When Plaintiff's counsel asked when Defendant planned to file the Motion (and when the hearing date would be set), Defendant declined to provide this information. *Id.* A few hours later, Defendant filed its Motion, which sets a hearing date of July 19, 2021. *Id.* ¶ 6; Dkt. 50.

Absent a continuance of this hearing, Plaintiff's opposition to this significant *dispositive* Motion is due June 28, 2021, less than two weeks after Plaintiff was first appraised of the basis for the motion, and double tracked with the prior motion before Magistrate Judge McCormick. As detailed below, the current hearing date also conflicts with a preexisting trial date for Plaintiff's lead counsel. Plaintiff thus brings this application to reset the hearing date to August 16, 2021 (or any later date of the Court's convenience), in order to clear the trial conflict and adequately respond.

### III.   GROUNDS FOR APPLICATION

Scheduling matters of this kind should be worked out between the parties as a matter of professional courtesy. In this case, Plaintiff has routinely agreed to every

scheduling accommodation requested by Defendant, from pleadings to discovery. Plaintiff is, however, left with no recourse but to apply for relief as outlined above.

This Court's rules state that "continuances are granted only on a showing of good cause. . . ." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *E.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). And good cause exists here. Absent the relief sought, Plaintiff will be prejudiced, both by being denied the right to be represented by its chosen counsel and by making it unreasonably difficult to meaningfully respond to a significant, dispositive motion. There can be no allegation here that Plaintiff has been anything but diligent in this matter, and Defendant will suffer no prejudice by continuing the hearing date for a few more weeks.

***First***, as noted above, there is no urgency to Defendant's Motion. If there were, Defendant would not have waited seven months after filing its Answer to raise a motion on the pleadings. And this was also after the Court granted Defendant over two months to respond to Plaintiff's FAC. Dkt. 24. Thus, Defendant has had Plaintiff's FAC in hand for nine months, and only now brings its motion on at best limited notice. There is no cognizable reason why this Motion needs to be briefed and heard in the next five weeks, nor could Defendant articulate one when asked during the parties' meet and confer. Lo Decl., ¶ 5. Defendant's position—that it should be allowed nine months to prepare a dispositive motion while Plaintiff is allowed under two weeks to respond—cannot be squared with any notion of procedural fairness.

***Second***, Defendant's position that it will not consider the scheduling needs of opposing counsel is, charitably speaking, sharp practice. Here, Plaintiff's lead counsel Jason Lo is also scheduled for trial in July in the matter of *Beats Electronics LLC et al v. Monster LLC et al.*, Case No. BC675937, from July 26, 2021 to approximately August 13, 2021 in Los Angeles Superior Court. Lo Decl. ¶ 7. Thus, Defendant's refusal to accommodate any scheduling adjustment means that Plaintiff's choice of counsel cannot defend against a dispositive case motion, as he will be in the midst of

trial preparation and prehearing commitments for a jury trial to begin days later. Plaintiff Netlist is entitled to the counsel of its choice, particularly at a hearing on a dispositive Motion.  *See U.S. v. Coughlan*, No. 93-50283, 32 F.3d 572 (9th Cir. Aug. 3, 1994) (request to continue was "reasonable, having been made for the purpose of accommodating the trial schedule of [the defendant's] counsel of choice, and not for the purpose of delay").  Setting a hearing date on August 16, 2021, should allow Mr. Lo to clear his trial so that he can attend and represent Netlist in person.  Lo Decl. ¶ 7.

**Third**, professional courtesy and cooperation should be the norm and not the exception.  This type of sharp practice and gamesmanship threatens to devolve the relationship between the parties, and impacts the resources of the Court.  It should not be encouraged.  Plaintiff has extended every professional courtesy to Defendant, granting it extensions for *every single* pleading and discovery deadline that has passed in this case.  Lo Decl. ¶ 8; Dkt. 24.  The same courtesy should be extended to Plaintiff for the one and only such request it has made, and on a dispositive matter.

Moreover, Local Rule 7-3 requires that counsel "contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  That conference is to "take place at least seven (7) days prior to the filing of the motion."  *Id.*  Here, although the parties started to confer seven days ago, the parties mutually agreed to continue that conference to yesterday to be completed.  It was only yesterday that Defendant actually disclosed the specific basis for its Motion.  Lo Decl. ¶ 4.  And Defendant did not then wait the week to file as required by L.R. 7-3.

Defendant should not be rewarded for its tactics.  Defendant will suffer no prejudice from a continuance to August 16, 2021.  There is no exigency.  And fairness warrants both a reasonable amount of time for Plaintiff to respond and a reasonable accommodation for lead counsel's trial schedule.

### IV. NOTICE OF APPLICATION AND OPPOSING PARTY'S POSITION

Plaintiff's counsel provided notice of this Application, and grounds in support hereof, to the above counsel for Defendant on June 15, 2021. *Id.* ¶ 5. Specifically, when Defendant stated that its client would not permit any scheduling cooperation between the parties, Plaintiff informed Defendant that it would need to file this Application to continue the hearing date to August. *Id.* Defendant's response was essentially "go ahead." *Id.*

Plaintiff has served this Application and all supporting papers on Defendant by e-mail in compliance with the Court's procedures. *Id.* ¶ 9. Plaintiff's counsel has also notified Defendant's counsel that this Court requires opposing papers to be filed no later than twenty-four hours (or one court day) following service of this Application. *Id.* Plaintiff's counsel also notified Defendant's counsel that if Defendant does not intend to oppose this Application, it must inform the Court Clerk by telephone as soon as possible. *Id.*

Defendant's counsel, however, stated on June 15 during the parties' conference that it would oppose the Application and the relief sought herein. *Id.* ¶ 5. Defendant's counsel provided no professional basis for their opposition other than, as noted above, that their client would not agree to the extension and wanted the Motion decided as soon as possible. *Id.* Plaintiff expects that Defendant will be filing an opposition.

Dated: June 16, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jason C. Lo
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7153
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE FOR DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS,** was emailed to counsel for Samsung Electronics Inc., Ltd., on June 16, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.