JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　　　Defendant. | CASE NO. 8:20-cv-993-MSC (DFMx)<br><br>**DECLARATION OF JASON C. LO IN SUPPORT OF PLAINTIFF NETLIST INC.'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE FOR DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS**<br><br>Action Filed: May 28, 2020<br>Trial Date	November 30, 2021 |

# DECLARATION OF JASON C. LO

I, Jason C. Lo, declare:

1.  I am an attorney admitted to practice before this Court. I am a Partner with the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Plaintiff Netlist Inc. in the above-captioned matter. I am submitting this declaration in support of Plaintiff's Notice of *Ex Parte* Application and *Ex Parte* Application to Continue the Hearing Date for Defendant's Motion for Judgment on the Pleadings. I have personal knowledge of the matters stated herein and if called to testify to such matters, I could and would testify hereto.

2.  On May 28, 2021, Defendant's counsel Christopher Lee sent an email stating that Defendant wished to confer regarding bringing a motion to dismiss under Rule 12(c). We subsequently scheduled a call for June 8, 2021, during which Mr. Lee initially offered only limited details concerning the basis for the motion. As such, the parties agreed to continue their discussion to a week later on June 15. During the June 8 discussion, Netlist requested that the parties coordinate on scheduling for briefing and a hearing, requesting extra time from the default rules to prepare an opposition. Defendant's counsel Mr. Lee stated that they were amendable to such an accommodation, and just needed to confirm with their client.

3.  On June 10, 2021, the parties had a conference with Magistrate Judge McCormick concerning outstanding discovery disputes. At Defendant's request, the parties set a briefing schedule on their primary discovery disputes—Defendant's position papers are due this Friday, June 18, and Plaintiff is scheduled to prepare its response next week to be filed on June 25.

4.  Yesterday, on June 15, the parties met and conferred on Defendant's Rule 12(c) Motion and Defendant explained the basis for its Motion. At this conference, the parties discussed the substance of the of the contemplated motion and any potential resolution, but were unable to reach a resolution to avoid the Motion. With the above existing discovery briefing schedule in hand, the parties turned to discuss scheduling

for this second Motion. Defendant's counsel announced, however, that their client would no longer agree to any scheduling cooperation or briefing accommodation. When Plaintiff's counsel asked when Defendant planned to file the Motion (and when the hearing date would be set), Defendant declined to provide this information.

5. During the call, Plaintiff's counsel provided notice of this Application, and grounds in support hereof, to the counsel for Defendant, and were unable to reach any resolution. Defendant's counsel stated that their client would not agree to any scheduling cooperation between the parties for any period of time or any reason. Plaintiff then informed Defendant that it would need to file this Application to continue the hearing date to August. Defendant's response was essentially "go ahead." Defendant's counsel stated that it would oppose the Application and the relief sought herein. Defendant's counsel provided no professional basis for their opposition other than that their client would not agree to the extension and wanted the Motion decided as soon as possible.

6. A few hours after the call, Defendant filed its Motion, which sets a hearing date of July 19, 2021. Dkt. 50.

7. I am currently scheduled for trial in July in *Beats Electronics LLC et al v. Monster LLC et al.*, Case No. BC675937, from July 26, 2021 to approximately August 13, 2021 in Los Angeles Superior Court. I have preexisting pretrial obligations in the week before trial starts that I cannot continue or reschedule. Setting a hearing date on August 16, 2021 would help ensure that my prior trial obligation is over and that I can attend the hearing and represent Netlist in person in defending against this Motion.

8. Plaintiff has extended every professional courtesy to Defendant, granting it extensions for every pleading and discovery deadline that has passed in this case. At Defendant's request, I approved scheduling accommodations for Defendant's Answer and extensions for each of Defendant's discovery deadlines earlier in this case.

9. On June 16, 2021, Plaintiff's counsel served this Application and all supporting papers on Defendant by e-mail in compliance with the Court's procedures.

Plaintiff's counsel further notified Defendant's counsel that this Court requires opposing papers to be filed no later than twenty-four hours (or one court day) following service of this Application. Plaintiff's counsel further notified Defendant's counsel that if Defendant does not intend to oppose this Application, it must inform the Court Clerk by telephone as soon as possible.

By:  /s/ *Jason C. Lo*
Jason C. Lo

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that the **DECLARATION OF JASON C. LO IN SUPPORT OF PLAINTIFF NETLIST INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE FOR DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS,** was emailed to counsel for Samsung Electronics Inc., Ltd., on June 16, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
        Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.