Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>    Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S OPPOSITION TO PLAINTIFF NETLIST'S INC.'S *EX PARTE* APPLICATION TO CONTINUE HEARING DATE FOR MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Assigned to Hon. Mark C. Scarsi |

3725197.2

1

OPPOSITION TO PLAINTIFF NETLIST'S INC.'S EX PARTE APPLICATION TO CONTINUE HEARING DATE FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Samsung Electronics Co., Ltd. ("Samsung") opposes Plaintiff Netlist Inc.'s ("Netlist") *Ex Parte* application because (1) it fails to meet the standard for *Ex Parte* relief set out in *Mission Power Engineering Co. v. Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995), given the absence of any crisis; and (2) the requested delay is a tactical attempt to prejudice Samsung in its conduct of fact discovery and filing of a Motion for Summary Judgment, which may result in significant waste of judicial and party resources.

On May 28, 2021, Samsung sent an email to Netlist requesting a meet & confer regarding its Motion. (Declaration of Christopher J. Lee ("Lee Decl.") ¶ 2.) Netlist indicated their first availability was on June 8, 2021 (*Id.* ¶ 3), and the parties conducted a Local Rule 7.3 conference of counsel on that date. (*Id.* ¶ 4). Samsung explained the basis for its Motion to Netlist, and on the same date, transmitted an email which included over a dozen citations to relevant case law and statutes. (*Id.*) At that point, Samsung had fulfilled its meet and confer obligations. Netlist did not agree to amend or withdraw the First Amended Complaint ("FAC"). *Id.* Instead, Netlist tried to delay by insisting on further discussions. A week later, on June 15, the Parties discussed the Motion again, and Netlist unsurprisingly took the position that it would not amend or withdraw the FAC. (Lee Decl. ¶ 5). The seven-day meet & confer period mandated by Local Rule 7.3 having elapsed, Samsung filed its Motion, requesting a hearing date of July 19, 2021. Based on that hearing date, Netlist's opposition is currently due on Monday, June 28. That is 13 full days.

Netlist contends the above-described process demonstrates "sharp practices" and lack of "professional courtesy." There is no basis for these accusations, which rely on conclusory mischaracterizations of communications between counsel.[1] *See*

---

[1] For example, Netlist's contention that Samsung offered only "limited details" regarding their Motion mischaracterizes the fact that Netlist was provided with an explanation of the legal basis during the Rule 7.3 conference of counsel and a further email with extensive citations. (Lee Decl. Exh. A.)

*Mission Power Engineering Co.*, 883 F. Supp. at 491 (in *Ex Parte* Applications, counsel should "be aware of the risks of making unsupported statements, drawing unjustifiable conclusions, or even using words with high emotional connotations about an adversary. Such conduct says more about the lawyer making the statements than about the adversary. Consequently, the tainting of the court's view is more likely to be detrimental to the accuser than to the accused.").

Further, Netlist fails to demonstrate any basis justifying their demand for extraordinary *Ex Parte* relief continuing the July 19 hearing date by nearly a full month. *Ex Parte* relief requires a showing that "the moving party is without fault in creating the *crisis* that requires ex parte relief, or that the *crisis* occurred as a result of excusable neglect." *Mission Power Engineering Co.*, 883 F. Supp. at 492 (emphasis added); *see also* Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi at 2-3 ("[A]ny request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in the date is *essential*. Without such compelling factual support, requests to continue dates set by this Court will not be approved.") (emphasis added).

There is no crisis or compelling reason here that makes a continuance essential. Netlist claims they cannot prepare for a July 19 motion hearing because their lead counsel (and no other member of their team) is scheduled for trial a full week later, on July 26. Netlist also contends they cannot argue this motion because it is "double tracked" with a motion pertaining to written discovery propounded by Netlist currently being argued before Magistrate Judge McCormick. But that motion is scheduled for briefing by Defendant on June 18, 2021, opposition by Plaintiff on June 25, 2021, and hearing on June 29, 2021. (Dkt. No. 51). Neither of these come anywhere near being a "crisis" for a Party represented by a sophisticated international law firm with three lawyers listed on their case caption and an overall legal team of at least double that number. (Lee Decl. ¶ 5.)

Moreover, continuing the hearing to August 16, 2021 would prejudice Samsung. August 16 is both the cutoff for non-expert discovery and the deadline to file a Rule 56 Motion, pursuant to this Court's February 12, 2021 Trial Order. (Dkt. No. 41 at 3.) As such, the requested continuance would result in: (1) the Parties having to conduct the entirety of fact discovery on claims that may be ultimately dismissed by the Motion; and (2) Samsung having to draft and file its Rule 56 Motion with no certainty on which claims will survive after the August 16 hearing. Neither of these outcomes would favor efficient adjudication of this dispute.

Netlist does not need an additional month to argue a motion they were first informed of on May 28 and have known the basis for since at least June 8. Perhaps the best evidence of this is the fact that the instant seven-page *Ex Parte* Application – complete with citations to case law and a four-page declaration – was drafted and filed less than 24 hours after Samsung filed its Motion. If Netlist's counsel is capable of that, then they can craft an Opposition within the 13 days allotted to them under the Local Rules, and argue the Motion on July 19, 2021.

DATED: June 17, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.