1  Ekwan E. Rhow - State Bar No. 174604
       erhow@birdmarella.com
2  Marc E. Masters - State Bar No. 208375
       mmasters@birdmarella.com
3  Kate S. Shin - State Bar No. 279867
       kshin@birdmarella.com
4  Christopher J. Lee - State Bar No. 322140
       clee@birdmarella.com
5  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
6  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
7  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

Attorneys for Defendant Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>     Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S UNOPPOSED *EX PARTE* APPLICATION TO FILE PORTIONS OF MOTION FOR JUDGMENT ON THE PLEADINGS AND REQUEST FOR JUDICIAL NOTICE UNDER SEAL**<br><br>Assigned to Hon. Mark C. Scarsi |

Defendant Samsung Electronics Co. Ltd. ("Samsung"), by and through its counsel of record, files this *Ex Parte Application*, pursuant to Local Rule 79-5.2.2, for an order directing that the following documents be filed under seal:

| Document | Portions to be sealed |
|---|---|
| Defendant Samsung's Notice of Motion and Motion for Judgment on the Pleadings; Memorandum of Points and Authorities | Entire document (redacted version filed publicly). |
| Defendant Samsung's Request for Judicial Notice, Exhibit A | Entire exhibit |

The documents Samsung seeks to seal are the entirety of its November 12, 2015 Joint Development and License Agreement (the "JDLA") with Netlist, as well as the portions of its Motion which refer to the terms of the JDLA. As described in more detail in the accompanying declaration, the JDLA contains highly sensitive commercial information, disclosure of which would reveal confidential information for both parties. (Lee Decl. ¶¶ 3-4). In addition, disclosure of such information may violate the JDLA itself, which prohibits disclosure of certain confidential information without prior written consent. (Lee Decl. ¶ 5).

The Court may order documents filed under seal when a party can articulate "compelling reasons" that outweigh the common law right of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The protection of confidential business information that "might harm a litigant's competitive standing" is generally a compelling reason that justifies filing under seal. *Nixon v. Warner Comc'ns, Inc.*, 435 U.S. 589, 598 (1978) *cited in Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) ("pricing terms, royalty rates,

and guaranteed minimum payment terms" are the "precise sort of information" contemplated by *Nixon* and *Kamakana*).

On June 15, 2021, counsel for the parties met and conferred over the phone, and Plaintiff indicated that it would not object to this Application. (Lee Decl. ¶ 6.)

DATED: June 21, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: /s/ Ekwan E. Rhow
Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.