1  JASON C. LO, SBN 219030
     jlo@gibsondunn.com
2  MATTHEW BENJAMIN (*pro hac vice*)
     mbenjamin@gibsondunn.com
3  RAYMOND A. LAMAGNA, SBN 244821
     rlamagna@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
5  333 South Grand Avenue
   Los Angeles, CA  90071-3197
6  Telephone:  213.229.7000
   Facsimile:   213.229.7520
7
8  Attorneys for Plaintiff Netlist Inc.

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                 SOUTHERN DIVISION

12 | NETLIST INC., a Delaware corporation, | CASE NO. 8:20-cv-993-MSC (DFMx) |

**DECLARATION OF RAYMOND A. LAMAGNA IN SUPPORT OF PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 8 AND REQUEST FOR PRODUCTION NO. 11**

13                          Plaintiff,

14       v.

15 SAMSUNG ELECTRONICS CO.,
   LTD., a Korean corporation,
16
17                          Defendant.

Action Filed:  May 28, 2020
Trial Date      November 30, 2021

Hearing Date:  June 29, 2021
Time:            9:30 a.m. (Telephonic)

Hon. Douglas F. McCormick
Courtroom 6B

Gibson, Dunn &
Crutcher LLP

## DECLARATION OF RAYMOND A. LAMAGNA

I, Raymond A. LaMagna, declare as follows:

1.      I am admitted to practice before this Court and an attorney with the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Plaintiff Netlist Inc. in the above-captioned matter.  I am submitting this declaration in support of Plaintiff's Reply in support of its Motion to Compel responses to Interrogatory No. 8 and Request for Production No. 11.  I have personal knowledge of the matters stated herein and if called to testify to such matters, I could and would testify hereto.

2.      Attached hereto as **Exhibit A** is a copy of Defendant Samsung Electronics Co., Ltd.'s ("Samsung") responses and objections to Plaintiff Netlist's First Set of Requests for Production, dated April 19, 2021.

3.      Attached hereto as **Exhibit B** is a copy of Samsung's responses and objections to Plaintiff Netlist Inc.'s First Set of Interrogatories, dated April 19, 2021.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true.

Dated: June 25, 2021                    By:      /s/ *Raymond A. LaMagna*

                                                              Raymond A. LaMagna

# EXHIBIT A

Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br> Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br> **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Assigned to Hon. Mark C. Scarsi <br> Courtroom 7C |

PROPOUNDING PARTY:  PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO.,

                     LTD.

SET NO.:             ONE

3708541.2

1

Pursuant to Federal Rule of Civil Procedure 34, Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby responds to Plaintiff Netlist Inc.'s ("Plaintiff") First Request for Production of Documents (the "Requests") as follows:

# I.

## GENERAL RESPONSES

Defendant makes the following general responses, whether or not separately set forth, in response to the Requests, including each and every Definition and Instruction:

1. Defendant's Responses to the Requests are made according to the best present knowledge of Defendant and their current employees or agents, or other information or belief. The Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

2. Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests, but discovered subsequent to the date of Defendant's initial production, including, but not limited to, any documents obtained in discovery herein.

3. By stating in the Responses that Defendant will produce or is searching for responsive documents, Defendant does not represent that any such documents actually exist, but rather will make a good faith search and reasonable inquiry to ascertain whether documents responsive to the Requests do, in fact, exist and to produce such documents if they are found to exist and are within Defendant's possession, custody, or control.

4. Defendant will not produce documents that Defendant or any other party to this litigation deems to embody material that is private, business confidential, proprietary, or trade secret information.

2

5.     Defendant will not produce documents responsive to the Requests until the entry of, and subject to, an appropriate Protective Order against the unauthorized use or disclosure of documents.

6.     Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

7.     Defendant has not yet completed their investigation of the facts relating to this action, their discovery in this action, or their preparation for trial of this action.  Consequently, these responses are given without prejudice to the right of any responding party to produce at the time of trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

8.     Defendant reserves the right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests.

## II.
## GENERAL OBJECTIONS

Defendant makes the following general objections, whether or not separately set forth, in response to the Requests, including each and every Definition and Instruction:

1.     Defendant objects generally to all Definitions, Instructions, and Requests inclusive, insofar as each such Request seeks production of documents or information protected by the attorney-client privilege, the work product doctrine, or the right of privacy.  Such documents or information shall not be produced in response to any of the Requests and any inadvertent production thereof shall not be

3

deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto.

2.    Defendant object generally to all Definitions, Instructions, and Requests inclusive, to the extent they call for the disclosure of documents or information that is a trade secret, confidential or proprietary.  Defendant will provide such documents or information only after the Court has issued an appropriate Protective Order.

3.    Defendant objects to all Definitions, Instructions, and Requests inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request on the ground that such enlargement, expansion, or alteration renders said demand vague, ambiguous, unintelligible, unduly broad, and uncertain.

4.    Defendant objects to all Definitions, Instructions, and Requests inclusive, to the extent they seek documents not currently in Defendant's possession, custody or control, or refer to persons, entities or events not known to Defendant, on the grounds that such Instructions, Definitions, or Requests seek to require more of Defendant than any obligation imposed by law, would subject Defendant to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendant an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.

5.    Defendant objects to each Request to the extent it seeks documents or information that is not relevant to the subject matter of this action, disproportional to the needs of the case or that has no tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.

6.    Defendant objects generally to the Requests to the extent they seek documents or information that is available through or from public sources, records, or third parties, or that is otherwise equally available to Plaintiff on the grounds that

such Requests unreasonably subject Defendants to undue burden and expense.

7.     Defendant objects generally to the Requests to the extent they seek electronically stored information that is not reasonably accessible by Defendant because of undue burden or cost (e.g., documents stored on back-up tape or other systems for archival or disaster recovery purposes, data residing in hardware buffer memories, deleted files that have not been fully overwritten, replica data resulting from automatic back-up functions, etc.).

8.     Defendant objects to each Request to the extent it is overbroad, unduly burdensome, oppressive and/or harassing.

9.     Defendant objects to each Request to the extent it is vague, ambiguous, compound and does not describe the documents sought with sufficient particularity.

10.     Defendant objects to each Request to the extent it seeks the production and/or identification of documents or disclosure of information that are not limited in time or scope.

11.     Defendant objects to each Request to the extent it seeks information that pertains to a period of time not at issue in this action.  Defendant will not produce documents created outside the applicable limitations period for Plaintiff's claims, if any survive future motions to dismiss.

12.     Defendant objects to each Request to the extent it seeks the disclosure of documents that call for an expert witness opinion.

13.     Defendant objects to each Request to the extent it is contrary to the provisions of the Federal Rules of Civil Procedure or other applicable rules or law.

14.     Defendant objects to each Request to the extent it seeks production of documents or information that could violate the privacy rights of parties or third parties protected by, among other things, the California and United States Constitutions.

15.     Defendant objects to each Definition and Instruction to the extent it purports to impose duties on Defendant that exceed the scope of Defendant's

3708541.2

5

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF
NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

obligations under the Federal Rules of Civil Procedure.

## III.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Without waiving or limiting in any manner any of the foregoing General Responses and General Objections, but rather incorporating them into each of the following responses to the extent applicable, Defendant responds to the Requests as follows:

## I.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Relating To the allegations, claims, and damages set forth in Netlist's First Amended Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague and overbroad. Defendant also objects to this request to the extent that it seeks a legal conclusion. Defendant also objects to this request on the basis that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating To information that Samsung may use to support any defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague and overbroad. Defendant also objects to this request on the basis that it seeks a legal conclusion. Defendant also objects to

3708541.2

6

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

this request on the basis that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents relied upon in responding to, or referenced or identified in any response to, Netlist's First Set of Interrogatories to Defendant Samsung Electronics Co., Ltd., served in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant also objects to this request to the extent that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving those objections, and subject to entry of a mutually acceptable protective order, Defendant will produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To the decision to enter into, drafting, negotiation, and execution of the Agreement, and/or any obligations thereunder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant also objects to this request to the extent that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving those objections, and subject to entry of a

1  mutually acceptable protective order and agreement on mutually acceptable

2  document search terms, Defendant will produce responsive, non-privileged

3  documents that relate to Netlist in its possession, custody, or control.

4  **REQUEST FOR PRODUCTION NO. 5:**

5       All Documents Relating To Netlist's purchases of NAND or DRAM Products

6  from Samsung since January 1, 2012.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8       Defendant incorporates by reference its general objections. Defendant objects

9  to this request on the basis that it is overbroad, particularly with regards to time. The

10  Agreement was entered into on November 12, 2015, and the First Amended

11  Complaint alleges no facts prior to that date. Defendant is willing to meet and confer

12  regarding the appropriate scope for this request.

13  **REQUEST FOR PRODUCTION NO. 6:**

14       All Documents Relating To Samsung's withholding of fees and/or taxes

15  arising out of the Agreement, including any communications with any tax or

16  governmental authorities or entities regarding the same.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18       Defendant incorporates by reference its general objections. Defendant objects

19  to this request to the extent that it seeks material protected by the attorney-client,

20  work product, or other applicable privileges. Defendant also objects to this request

21  on the basis that it is overbroad, as it is not limited to the single tax withholding

22  referenced in the allegations of the First Amended Complaint. Defendant is willing

23  to meet and confer regarding an appropriate scope for this request.

24  **REQUEST FOR PRODUCTION NO. 7:**

25       All Documents Relating To Samsung's reliance on the Treaty with respect to

26  its payments to Netlist, including Documents Relating To all instances in which

27  Samsung has considered withholding, or has withheld, payment based on Article 14

28  of the Treaty.

3708541.2

8

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF
NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request on the basis that it is overbroad, as it is not limited to the single tax withholding referenced in the allegations of the First Amended Complaint. Defendant is willing to meet and confer regarding an appropriate scope for this request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To Netlist's requests for NAND and DRAM Products from Samsung since January 1, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is overbroad, particularly with regards to time. The Agreement was entered into on November 12, 2015, and the First Amended Complaint alleges no facts prior to that date. Defendant also objects to this request on the basis that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant is willing to meet and confer regarding the appropriate scope for this request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To Samsung's decisions or considerations to deny, restrict, limit, reduce, or reject Netlist's requests for NAND and DRAM Products from Samsung since January 1, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is overbroad, particularly with regards to time. Defendant also objects to this request on the basis that the terms "deny," "restrict," "limit," "reduce," or "reject" are vague, ambiguous, and nonsensical. The

3708541.2

9

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Agreement was entered into on November 12, 2015, and the First Amended Complaint alleges no facts prior to that date. Defendant also objects to this request on the basis that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant is willing to meet and confer regarding the appropriate scope for this request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents sufficient to show the quantities and prices at which Samsung sold NAND and DRAM Products to Netlist since January 1, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is overbroad, particularly with regards to time. The Agreement was entered into on November 12, 2015, and the First Amended Complaint alleges no facts prior to that date. Defendant also objects to this request on the basis that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant is willing to meet and confer regarding the appropriate scope for this request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents sufficient to show the quantities and prices at which Samsung sold NAND and DRAM Products to customers other than Netlist, including but not limited to Uber Technologies, Inc. or its affiliates and/or subsidiaries, since November 12, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is overbroad, particularly with regards to time. The Agreement was entered into on November 12, 2015, and the First Amended Complaint alleges no facts prior to that date. Defendant also objects to this request

3708541.2

10

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant also objects to this request on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To research, development, and other activities regarding interfaces or associated technologies for memory modules undertaken or continued by Samsung after January 1, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is overbroad, particularly with regards to time. The Agreement was entered into on November 12, 2015, and the First Amended Complaint alleges no facts prior to that date. Defendant also objects to this request to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant also objects to this request on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Relating To joint research and development projects and activities between Netlist and Samsung.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. None of the allegations of the First Amended Complaint pertain to any research and development project. Defendant also objects to this request to the extent that it seeks material protected by

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  the attorney-client, work product, or other applicable privileges. Defendant also
2  objects to this request to the extent that it seeks confidential, proprietary, or trade
3  secret information.

4  **REQUEST FOR PRODUCTION NO. 14:**

5      All Documents Relating To Samsung's position that Samsung entered into the
6  Agreement primarily to eliminate patent infringement-related risks, rather than for
7  joint development of products with Netlist.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

9      Defendant incorporates by reference its general objections. Defendant objects
10 to this request on the basis that it seeks material protected by the attorney-client,
11 work product, or other applicable privileges. Defendant also objects to this request
12 on the grounds that the terms "primarily" and "patent infringement-related risks" are
13 vague, ambiguous, and nonsensical. Defendant also objects to this request on the
14 basis that it improperly attempts to characterize Defendant's position. Defendant
15 also objects to this request to the extent that it is duplicative.

16 **REQUEST FOR PRODUCTION NO. 15:**

17     All Documents Relating To Samsung's analysis of, or response to, Netlist's
18 position that Samsung and Netlist conducted joint research and development
19 activities.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

21     Defendant incorporates by reference its general objections. Defendant objects
22 to this request on the basis that it seeks material protected by the attorney-client,
23 work product, or other applicable privileges.

24
25
26
27
28

3708541.2

12

1  DATED:  April 19, 2021

Ekwan E. Rhow
Kate S. Shin
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____
              Christopher J. Lee
        Attorneys for Defendant Samsung
        Electronics Co., Ltd.

13

# PROOF OF SERVICE

### *Netlist Inc. v. Samsung Electronics Co., Ltd.*
### Case No. 8:20-cv-00993-MCS-DFM

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On April 19, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address mwilson@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 19, 2021, at Los Angeles, California.

_Maria Wilson_

_____
Maria L. Wilson

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

Jason C. Lo
Matthew Benjamin
Caroline Monroy
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: cmonroy@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**

# EXHIBIT B

Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br> Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br> **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES** <br><br> Assigned to Hon. Mark C. Scarsi Courtroom 7C |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

DEFENDANT:                   DEFENDANT SAMSUNG ELECTRONICS CO.,

                                          LTD.

SET NO.:                          ONE

Pursuant to Federal Rules of Civil Procedure 33, Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby objects and responds to Plaintiff Netlist Inc.'s ("Plaintiff") First Set of Interrogatories as follows:

## I.

## **PRELIMINARY STATEMENT**

A.     These responses are made solely for the purposes of this action. Each response is subject to all appropriate objections, including, but not limited to, objections to confidentiality, relevance, propriety and admissibility. All such objections and grounds are reserved and may be interposed at the time of deposition and/or trial.

B.     Nothing contained herein is intended as, or shall in any way be deemed, a waiver of the attorney/client privilege, the attorney work product doctrine, the common interest and/or joint defense privilege, the right of privacy, and/or any other applicable privilege or doctrine.

C.     Defendant has not yet completed its investigation of the facts relating to this action and has not yet reviewed all documents relating to this action. Consequently, Defendant reserves the right, without assuming any obligation, to supplement its response.

D.     Except for matters explicitly admitted, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Interrogatory has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Interrogatory, or that such answer constitutes admissible evidence. The fact that Defendant has responded and/or objected to an Interrogatory shall not be interpreted as an admission of the propriety of the Interrogatory.

E.     Specific objections to each Interrogatory are made on an individual basis in Defendant's responses below. In addition to the specific objections, Defendant makes certain general objections (the "General Objections") to the

Interrogatories, which are included by reference in each individual response. Defendant's response to each individual Interrogatory is submitted without prejudice to and without in any respect waiving any General Objection that is expressly set forth in that response.

## II.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each individual response, whether or not specific reference to them is made.

1.     Defendant objects to any "Definitions," "Instructions," or other purported requirements in the Interrogatories that purport to impose any greater or different obligations than those imposed by law.

2.     Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they call for the production of information protected by applicable constitutional, statutory or common law privileges and/or protections, including of third parties, and including but not limited to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, and the rights of privacy.  Defendant will produce only responsive information not subject to any applicable constitutional, statutory or common law privileges or protections.  Moreover, the inadvertent production of information protected by such privileges and protections shall not constitute a waiver of the applicable privilege or protection either as to information inadvertently produced or as to any other information or documents.

3.     Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they call for disclosure of information of Defendant or third parties that constitute(s) confidential, proprietary, trade secret or sensitive business information. Defendant will not disclose information that is proprietary, trade secret, or otherwise highly confidential absent the entry of a mutually agreeable, suitable Protective Order that provides for an "Attorney's Eyes

3708606.2

2

Only" designation of materials.  Furthermore, Defendant will not disclose information protected by confidentiality agreements with third parties absent such third parties' consent to disclosure.

4.      Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they are overbroad, unduly burdensome, and oppressive.

5.      Defendant objects to the Interrogatories, and to each and every Interrogatory contained therein, to the extent that they are vague and/or ambiguous, and require Defendant to speculate as to what information is being requested.

6.      Defendant objects to these Interrogatories on the grounds that they seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case (Fed R. Civ. P. 26(b)(1)).

7.      Defendant objects to definitions that purport to define terms in an overly broad and vague manner that renders all Interrogatories in which such terms are used overly broad, vague, ambiguous and unduly burdensome and also causes such Interrogatories, as written, to seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case.

8.      Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent they seek information or documents that are not within Defendant's immediate possession or control and/or are within Plaintiff's control or equally available to Plaintiff, or available from a public court or agency records, or otherwise in the public domain and accessible to all parties.

9.      Defendant reserves all objections to the relevance and admissibility at trial of any information or documents identified herein.  The identification of any information or documents does not constitute an admission by Defendant that such information or documents are relevant or admissible at trial.

10.     Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent they seek conclusions of law and/or a

1   conclusions as to ultimate issues in the case.

2       11.   To the extent any of the Interrogatories seek expert materials,

3   information and/or opinion, including but not limited to survey information,

4   Defendant objects to any such Interrogatory as premature and expressly reserves the

5   right to supplement, clarify, revise, or correct any or all responses to such

6   Interrogatories, and to assert additional objections or privileges, in one or more

7   subsequent supplemental response(s) in accordance with the time period for

8   exchanging expert reports set by the Court.

9       12.   Defendant objects to the Interrogatories on the grounds, and to the

10  extent, that they contain express or implied assumptions of fact or law with respect

11  to matters at issue in this case. Defendant's responses to the Interrogatories are not

12  intended to be, and shall not be construed as, an agreement or concurrence by

13  Defendant with Plaintiff's characterization of any facts, circumstances, and/or legal

14  obligations, and Defendant expressly reserves the right to contest any such

15  characterizations.

16                          **III.**

17              **RESPONSE TO INTERROGATORIES**

18  **INTERROGATORY NO. 1:**

19      Identify all Persons involved, directly or indirectly, in negotiating or

20  executing the Agreement, including but not limited to all those involved in

21  conducting, managing, implementing, making decisions about, or receiving

22  information or reports Relating To Your relationship with and obligations to Netlist

23  under the Agreement. For the purposes of this Interrogatory, identify the city and

24  country in which each Person resides, describe in detail each Person's role and

25  responsibilities, and state whether the individual had knowledge of the supply terms

26  under Section 6 of the Agreement or was involved in Samsung's withholding of

27  taxes and/or fees paid under the Agreement.

28

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant is willing to meet and confer regarding the proper scope of this interrogatory.

**INTERROGATORY NO. 2:**

Describe each instance in which Samsung or any of its affiliates ignored, denied, reduced, limited, restricted, or declined to fulfill Netlist's requests or orders for NAND and DRAM Products since November 12, 2015, including the reasons why such requests or orders were not fulfilled.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks a legal conclusion. Defendant also objects to this interrogatory on the basis that the terms "ignored," "denied," "reduced," "limited," "restricted," or "declined" are vague, ambiguous, and nonsensical.

**INTERROGATORY NO. 3:**

Identify all Persons, including Persons at any of your affiliates, directly or indirectly responsible for addressing or fulfilling Netlist orders for Samsung NAND and DRAM Products since January 1, 2015, and the time period for which they held such responsibility.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant is willing to meet and confer regarding the proper scope of this interrogatory.

1   **INTERROGATORY NO. 4:**

2       Describe all research and development projects and activities Relating To

3   interfaces and associated technologies for memory modules undertaken or continued

4   by Samsung after entering into the Agreement. For the purposes of this

5   Interrogatory, state whether Netlist was involved in the research and development

6   projects and activities.

7   **RESPONSE TO INTERROGATORY NO. 4:**

8       Defendant incorporates by reference its general objections. Defendant objects

9   to this interrogatory on the basis that it seeks information not relevant to any party's

10  claim or defense nor proportional to the needs of the case. None of the allegations of

11  the First Amended Complaint pertain to any research and development project.

12  Defendant also objects to this interrogatory to the extent that it seeks material

13  protected by the attorney-client, work product, or other applicable privileges.

14  Defendant also objects to this interrogatory to the extent that it seeks confidential,

15  proprietary, or trade secret information.

16  **INTERROGATORY NO. 5:**

17      Describe Your knowledge Relating To Netlist's efforts to contact you

18  regarding a potential breach of the Agreement, including a letter dated May 27,

19  2020 (assigned USPS Registered Mail tracking numbers RB533811274US,

20  RB533811314US, RB533811345US, RB533811359US, FedEx tracking number

21  770570997540, and DHL tracking number 5973629303), and an email dated June

22  12 or June 13, 2020.

23  **RESPONSE TO INTERROGATORY NO. 5:**

24      Defendant incorporates by reference its general objections. Defendant objects

25  to this interrogatory on the basis that it seeks information not relevant to any party's

26  claim or defense nor proportional to the needs of the case. Defendant also objects to

27  this interrogatory on the basis that it is vague and ambiguous. Defendant also objects

28  to this interrogatory on the basis that it has not yet completed its investigation of the

1 | facts relating to this action, and reserves the right, without assuming any obligation,
2 | to supplement its response.

3 | **INTERROGATORY NO. 6:**

4 | Describe the Documents Relating To Samsung's analysis of, or response to,
5 | Netlist's position that Samsung and Netlist conducted joint research and
6 | development activities.

7 | **RESPONSE TO INTERROGATORY NO. 6:**

8 | Defendant incorporates by reference its general objections. Defendant objects
9 | to this interrogatory on the basis that it seeks information not relevant to any party's
10 | claim or defense nor proportional to the needs of the case. None of the allegations of
11 | the First Amended Complaint pertain to any research and development project.
12 | Defendant also objects to this interrogatory to the extent that it seeks material
13 | protected by the attorney-client, work product, or other applicable privileges.
14 | Defendant also objects to this interrogatory to the extent that it seeks confidential,
15 | proprietary, or trade secret information.

16 | **INTERROGATORY NO. 7:**

17 | To the extent Samsung asserts, or has asserted, to any person, company, or
18 | governmental authority that it entered the Agreement to protect against potential
19 | patent infringement issues and/or that the joint development provisions of the
20 | Agreement were secondary or merely a formality, state all facts and Describe all
21 | Documents supporting this contention.

22 | **RESPONSE TO INTERROGATORY NO. 7:**

23 | Defendant incorporates by reference its general objections. Defendant objects
24 | to this interrogatory on the basis that it is vague, ambiguous, incomprehensible, and
25 | nonsensical. Defendant objects to this interrogatory on the basis that it seeks
26 | information not relevant to any party's claim or defense nor proportional to the
27 | needs of the case. None of the allegations of the First Amended Complaint pertain to
28 | any patent infringement issue or any research and development project. Defendant

3708606.2

7

1  also objects to this interrogatory to the extent that it seeks material protected by the

2  attorney-client, work product, or other applicable privileges. Defendant also objects

3  to this interrogatory to the extent that it seeks confidential, proprietary, or trade

4  secret information.

5  **INTERROGATORY NO. 8:**

6      Describe all Persons Samsung supplied NAND and DRAM Products to since

7  November 12, 2015, including but not limited to Uber Technologies, Inc. or its

8  affiliates and/or subsidiaries. For the purposes of this Interrogatory, identify each

9  Person supplied and list the dollar amount of NAND and DRAM Products provided

10  to each Person by fiscal quarter.

11  **RESPONSE TO INTERROGATORY NO. 8:**

12      Defendant incorporates by reference its general objections. Defendant objects

13  to this interrogatory on the basis that it seeks information not relevant to any party's

14  claim or defense nor proportional to the needs of the case. Defendant also objects to

15  this interrogatory to the extent that it seeks material protected by the attorney-client,

16  work product, or other applicable privileges. Defendant also objects to this

17  interrogatory to the extent that it seeks confidential, proprietary, or trade secret

18  information.

19

20  DATED:  April 19, 2021          Ekwan E. Rhow
21                                                      Kate S. Shin
22                                                      Christopher J. Lee
                                                        Bird, Marella, Boxer, Wolpert, Nessim,
23                                                      Drooks, Lincenberg & Rhow, P.C.

24

25                                      By: _____
26                                                      Christopher J. Lee
27                                              Attorneys for Defendant Samsung
                                                Electronics Co., Ltd.
28

## PROOF OF SERVICE

***Netlist Inc. v. Samsung Electronics Co., Ltd.***
**Case No. 8:20-cv-00993-MCS-DFM**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On April 19, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address mwilson@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 19, 2021, at Los Angeles, California.

_____
Maria L. Wilson

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

Jason C. Lo
Matthew Benjamin
Caroline Monroy
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: cmonroy@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**