Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT'S EX PARTE APPLICATION TO CONTINUE FACT DISCOVERY AND MOTION FOR SUMMARY JUDGMENT MOTION DEADLINES**<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3728062.4

EX PARTE APPLICATION FOR CONTINUANCE

1     This *ex parte* application of defendant Samsung Electronics Co., Ltd. ("Samsung") is brought solely to conserve resources of this Court and the parties.

      By way of background, plaintiff Netlist, Inc. ("Netlist") and Samsung previously stipulated to and requested that the Court grant a concurrent continuance of the hearing for Samsung's pending Motion for Judgment on the Pleadings (the "MJOP"), Non-Expert Discovery Cut-off, and last date for filing of a motion for summary judgment. Dkt. 63. The Court continued the MJOP hearing to August 16, 2021 but found that the stipulation did not present good cause to continue the Non-Expert Discovery Cut-off and the summary judgment motion cut-off. Dkt. 66.

      Samsung respectfully requests *ex parte* that the Court consider the additional facts presented in this application, and issue an order continuing the Non-Expert Discovery Cut-off and last date for filing of a motion for summary judgment, currently set at **August 16, 2021**, until **September 9, 2021**. If the Court does not believe the Non-Expert Discovery Cut-off should be extended as requested, Samsung respectfully requests a shorter extension until **September 2, 2021**.

      Pursuant to Local Rules 7-19 and 7-19.1, Samsung states that the name, address, and telephone number for Netlist's counsel is as follows:

      Jason Lo

      Gibson, Dunn & Crutcher LLP

      333 South Grand Ave., Los Angeles, CA 90071-3197

      (213) 229-7000

      Samsung has advised Netlist of the date and substance of this application; Netlist's counsel has stated that Netlist does not oppose this application. Declaration of Ekwan Rhow ("Rhow Decl."), ¶ 10.

      Good cause exists to grant this three-week extension as Samsung's goal is simply to avoid incurring attorney's fees and using this Court's resources on a motion for summary judgment that may, in part or in its entirety, become unnecessary depending on this Court's ruling on the MJOP. Without the extension,

Samsung would be forced to complete discovery and move for summary judgment without knowing what legal issues had been disposed of or clarified as a matter of law through MJOP. The Court's ruling on the MJOP would establish some law of the case, and could dispose of some or all of the legal issues, including some claims and defenses, in this case. Anticipating that the Court may not present a final ruling on August 16, 2021, Samsung sought to build in time for the parties to fully consider the Court's order on the MJOP and to then provide time for Samsung to file a more focused summary judgment motion, as appropriate. The three-week jointly stipulated extension was presented to do just that. The Court's decision to partially grant it only as to the MJOP ruling, but not the filing deadline for the motion for summary judgment, now puts Samsung in a position where it will be unable to reflect any narrowing of claims or other guidance offered in the Court's ruling on the former motion while drafting the latter. This *ex parte* application simply asks that the Court grant Samsung approximately the same amount of time it would have had to move for summary judgment after ruling on the MJOP that it would have had if it did not consent to continuing the MJOP hearing date as an accommodation for Netlist's scheduling conflicts.

In addition, the parties need additional time to complete fact discovery. The parties devoted substantial time to attempting to facilitate attorney-to-attorney and party-to-party communications to resolve this business dispute. After those efforts failed, the parties turned to focusing on discovery. Rhow Decl., ¶¶ 2-3. The current stage of discovery demonstrates the need for additional time:

- Plaintiff's first set of requests for production, special interrogatories, and requests for admissions were served on Samsung on March 4, 2021.
- Plaintiff served its second set of special interrogatories and requests for admissions on June 8, 2021.
- Plaintiff served its third set of special interrogatories and requests for admissions on June 14, 2021.
- Plaintiff served its "Combined Notice of Deposition" on Samsung on

> June 8, 2021. In it, Plaintiff proposed to depose eight individuals, with the final deposition taking place on July 20, 2021.
>
> - Defendant served its notices of deposition to Plaintiff on June 15, 2021.
> - Defendant has served its first set of requests for production, special interrogatories, and requests for admissions on Plaintiff on June 28, 2021.

Rhow Decl., ¶¶ 4-9. While discovery is ongoing, depositions have not yet started and Samsung anticipates that a short continuance of the discovery cut-off will allow it to complete discovery and then file its summary judgment motion, as mentioned above. If an extension is granted, Samsung would attempt to schedule Netlist's deposition after the MJOP hearing but before the filing date for its summary judgement motion to maximize efficiency and avoid unnecessary discovery.

In addition, the requested continuance will not prejudice Netlist. As an initial matter, Netlist's participation in the earlier joint stipulation that sought the same substance as this application – as well as its non-opposition to the instant *ex parte* application – is evidence of that. Moreover, Netlist would similarly benefit from the Court's decision on Samsung's MJOP before proceeding with further discovery, since the narrowing effect of such a decision would benefit both parties equally. The parties joined in the earlier stipulation upon the shared expectation that the requested continuances being concurrently granted would be most expeditious to their positions. In fact, an extension on the hearing date for the MJOP without concurrent extensions to the other deadlines is prejudicial to Samsung, since Samsung's summary judgment motion may now have to be filed on the same day as ruling on the MJOP, thereby entirely depriving Samsung of any streamlining benefits from that ruling.

For the foregoing reasons, Samsung respectfully requests that the Court extend the deadline for completion of fact discovery and filing of any summary judgment motion until **September 9, 2021**, and, if the Court deems a shorter extension appropriate as to the Non-Expert Discovery Cut-off, then for that deadline

to be extended until at least **September 2, 2021**.

DATED:  July 6, 2021               Respectfully submitted,

Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:     */s/ Ekwan E. Rhow*
             Ekwan E. Rhow
     Attorneys for Defendant Samsung
     Electronics Co., Ltd.