UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **8:20-cv-00993-MCS-DFM** | Date | July 7, 2021 |
| Title | ***Netlist Inc. v. Samsung Elecs. Co., Ltd.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION TO CONTINUE FACT DISCOVERY AND MOTION FOR SUMMARY JUDGMENT DEADLINES (ECF NO. 67)

Defendant Samsung Electronics Co., Ltd., applies ex parte for an order continuing the motion hearing cut-off and the fact discovery cut-off. (Appl., ECF No. 67.) Plaintiff Netlist Inc. does not oppose the application. (*Id.* at 1.)

The application does not warrant ex parte relief. Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Here, Defendant could file a properly noticed motion to be heard before the deadlines sought to be continued. *See* C.D. Cal. R. 6-1. Defendant fails to show why it would be irreparably prejudiced if it followed regular motion procedures.

Reaching the merits, the application does not present good cause to continue deadlines. "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). The Court previously expressed its commitment "to adhering to all scheduled dates." (Initial Standing Order § 4, ECF No. 26.) A party requesting a continuance must present "compelling factual support" demonstrating "why the change in the date is essential." (*Id.*)

Defendant has not exhibited reasonable diligence in completing discovery. The Court set a pretrial schedule in February. (Order Re: Jury Trial, ECF No. 41.) Defense counsel represents that Defendant first served written discovery requests on June 28 and first noticed depositions on June 15. (Rhow Decl. ¶¶ 8–9, ECF No. 67-1.) No depositions have taken place. (Appl. 3.) Defendant made the strategic decision to focus its efforts on an informal resolution instead of taking discovery in the past four months. (*See* Rhow Decl. ¶ 3.) It did so at its own peril.

Further, Defendant agreed to continue the hearing on its motion for judgment on the pleadings to the last day to complete fact discovery and file a motion for summary judgment. (*See* Stip. 2, ECF No. 63; Lo Decl. ¶ 5, ECF No. 63-1.) Although the parties simultaneously requested to continue the fact discovery cut-off and motion hearing cut-off, (Stip. 2–3), the Court gave the parties ample warning that pretrial scheduling deadlines are firm. (*See* Initial Standing Order § 4.) Defendant acquiesced to the scheduling issues of which it now complains. Defendant argues that extending the deadlines could conserve the parties' resources, (Appl. 3), but Defendant fails to show why the current deadlines cannot be met with the exercise of reasonable diligence. *Zivkovic*, 302 F.3d at 1087. Given Defendant's agreement to the later hearing date on the motion for judgment on the pleadings, continuing the motion hearing cut-off and fact discovery cut-off until after a decision on the pending motion is clearly not "essential." (Initial Standing Order § 4.)

The application is denied.

**IT IS SO ORDERED.**