UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 20-00993-MSC (DFMx) | Date: | July 19, 2021 |
|---|---|---|---|
| Title | Netlist Inc. v. Samsung Electronics Co., Ltd. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| n/a | | n/a |
| Proceedings: | (In Chambers) Order re: Plaintiff's RFP No. 11 and Interrogatory No. 8 | |

After two informal discovery conferences, the parties and the Court determined that formal briefing would assist the Court's determination of whether Defendant Samsung Electronics Co., Ltd. ("Samsung") should be ordered to produce records and further responses to Plaintiff Netlist, Inc.'s RFP No. 11 and Interrogatory No. 8. The parties submitted their briefing (see Dkt. 56 and 62) and the Court held a hearing on today's date.

RFP No. 11 seeks "all documents sufficient to show the quantities and prices at which Samsung sold NAND and DRAM Products to customers other than Netlist . . . since November 12, 2015." Interrogatory No. 8 similarly asks Samsung to "describe all Persons" to which it supplied NAND and DRAM products since November 12, 2015 and further "identify each Person supplied and list the dollar amount of NAND and DRAM Products provided to each Person by fiscal quarter."

Samsung argues that the any relevance of this information is minimal. The Court disagrees. The first amended complaint (Dkt. 22, "FAC") alleges that Samsung and Netlist entered into a joint development and license agreement on November 12, 2015, a provision of which stated that "Samsung will supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (i.e., among customers purchasing similar volumes of similar products)." FAC ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Netlist alleges that Samsung began to restrict Netlist's supply of NAND and DRAM products in 2018 by not fulfilling orders. Id. ¶¶ 12-13. Netlist alleges that Samsung's breaches precluded Netlist from achieving a material purpose of the parties' agreement—namely, the ability to obtain NAND and DRAM products on request at a competitive price. Id. ¶ 20. These allegations, as well as Netlist's claim that Samsung's breaches were material, are sufficient to warrant discovery into Samsung's sales data involving other customers.

Samsung also argues that its sales data is highly sensitive and that many of its contracts with customers have confidentiality provisions that may require notice to its buyers. This argument is also not persuasive. Netlist has offered—and the Court would require—that production of this sales data be made under the auspices of a protective order that contemplated "Attorney's Eyes Only" protection. As in most cases, such protection more than adequately addresses any concern about confidentiality.

Finally, Samsung argues that the burden of collecting sales data from its various sales teams across the world would be very burdensome. But it is Samsung's burden, as the party resisting discovery after a showing of relevance has been made, to clarify, explain, and support its objections. See DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). And while the Court has before it a declaration in which a Samsung executive describes the process of collecting and aggregating that sales data as "extremely onerous," the declaration does not provide anything but a conclusory showing of how burdensome that process would be. On the other side of the scale, Netlist's Rule 26(f) report states that its damages are in excess of $50 million. See Dkt. 34-2 at 5. On this showing, the Court finds that Netlist's requests are proportional to the needs of the case. See Fed. R. Civ. P. 26(b).

Samsung is accordingly ORDERED to produce within 28 days of the date of this order the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

  (a) In response to Request for Production No. 11, Samsung must produce data summarizing, by customer and product, monthly unit and pricing totals for Samsung NAND and DRAM products sold to customers other than Netlist. This can be limited to the time period of November 2015 through July 2020. This may be in the form of an Excel file or files reflecting data exported from Samsung's records and/or those of its subsidiaries or affiliates as applicable.

  (b) In response to Interrogatory No. 8, Samsung must identify the data files produced above and provide any further narrative response as necessary to explain the data produced. For example, if multiple Excel files are produced, Samsung should explain what data is covered by the respective files, or other identifying facts if not apparent on the face of the file.

  The parties are additionally ordered to meet-and-confer and submit a stipulated protective order that contains an "Attorney's Eyes Only" category within seven (7) days of the date of this order. If the parties are unable to reach an agreement on a stipulated protective order, each side shall submit its own version.

                     :
            Initials of Clerk  nb