1  MATTHEW BENJAMIN (*pro hac vice*)
       mbenjamin@gibsondunn.com
2  RAYMOND A. LAMAGNA, SBN 244821
       rlamagna@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
4  333 South Grand Avenue
   Los Angeles, CA  90071-3197
5  Telephone: 213.229.7000
6  Facsimile: 213.229.7520

7  Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| NETLIST INC., a Delaware corporation, | CASE NO. 8:20-cv-00993-MCS-ADS |
|---|---|
| Plaintiff, | **NETLIST INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** |
| vs. | Action Filed: May 28, 2020<br>Trial Date: November 30, 2021 |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, | Hon. Autumn D. Spaeth, U.S. Magistrate Judge |
| Defendant. | |

**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Netlist Inc. ("Plaintiff" or "Netlist"), by and through its counsel of record, hereby applies for leave of Court pursuant to Local Civil Rule 79–5.2.2 to file under seal the following materials:

1. **Exhibit G** to the Declaration of Raymond A. LaMagna filed in support of Plaintiff's Motion to Compel Depositions of Jung Bae Lee and Joo Sun Choi (the "LaMagna Declaration") in full;
3. **Exhibit H** to the LaMagna Declaration in full;
4. **Exhibit I** to the LaMagna Declaration in full;
5. **Exhibit K** to the LaMagna Declaration in full; and
6. **Exhibit M** to the LaMagna Declaration in full.

Netlist respectfully submits that there is good cause to seal these materials, and the Court should exercise its discretion and seal this limited number of exhibits.[1] Courts have "broad latitude to grant protective orders to prevent disclosure of many types of information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In the Ninth Circuit, litigants must satisfy the "good cause" standard to seal information filed to support or oppose a discovery motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This is a "relatively low threshold" for a party to meet in the context of a discovery motion. *See Diablo Techs., Inc. v. Netlist, Inc.*, No. 13–3901, 2014 WL 31467, at *3 (N.D. Cal. Jan. 3, 2014).

"Good cause" exists where filing a document publicly could cause "annoyance, embarrassment, oppression, or undue burden or expense." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Fed. R. Civ. P. 26(c)). Litigants can be harmed by disclosure of sensitive, non-public material concerning business

---

[1] While the parties have designated these materials "Confidential" and "Highly Confidential – Attorneys' Eyes Only," they have not done so pursuant to any stipulated protective order, but rather pursuant to an agreement before Judge McCormick to so designate until a protective order is entered.

operations or internal decision-making. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (district court erred as a matter of law in failing to seal "'business information that might harm a litigant's competitive standing'"). "Courts routinely protect sensitive business and proprietary information under the good cause standard in discovery motions where disclosure would put the producing party at a competitive disadvantage." *United States v. Celgene Corp.*, 2016 WL 6609375, at *2, *3, *5 (C.D. Cal. Aug. 23, 2016) (finding good cause to seal information "including internal discussions" to prevent "put[ing] Defendants at a competitive disadvantage").

    As discussed in the accompanying Declaration of Raymond LaMagna, there is good cause to seal Exhibits G, H, I, K, and M.

    1.   **Exhibits G, H, I, and K**.  Plaintiff respectfully seeks to seal Exhibits G, H, I, and K.

        a. Exhibit G is an email chain between Samsung and Netlist regarding draft provisions of the Joint Development and License Agreement between Samsung and Netlist (the "JDLA Agreement"), and the JDLA itself has only been submitted to the Court under seal.

        b. Exhibit H is also an email chain between Samsung and Netlist regarding draft provisions of the sealed JDLA Agreement.

        c. Exhibit I is an email chain between Samsung and Netlist regarding a term sheet related to the sealed JDLA Agreement.

        d. Exhibit K is an email chain that was produced by Defendant Samsung consisting of internal correspondence among Samsung executives regarding provisions of the sealed JDLA Agreement.  A protective order has not yet been entered by the Court.  Before Judge McCormick, the parties bound themselves to treat Samsung's production on an "attorneys' eyes only" basis pending the entry of such an order and Netlist makes this application on that basis.

Exhibits G, H, I, and K reflect confidential and non-public information concerning a competitive, non-public license agreement between Samsung and Netlist. *See* LaMagna Decl. ¶¶ 5(a)-(d). The sealed JDLA Agreement contains highly sensitive commercial information, the disclosure of which would reveal confidential information of both Samsung and Netlist, and thus discussion of those terms raises the same concern. *Id*. ¶ 6

2. **Exhibit M**. Plaintiff respectfully seeks to seal Exhibit M, which is an email chain between Samsung and Netlist regarding Netlist NVDIMM product samples being provided to Samsung pursuant to the JDLA Agreement. Exhibit M reflects confidential and non-public information concerning Netlist memory products and the evaluation of that product. *See* LaMagna Decl. ¶ 7. Courts have ruled that disclosure of this type of sensitive material may likewise result in competitive harm. *See Orthopaedic Hosp'l v. DJO Global, Inc.*, 2021 WL 3015413, at *2 (S.D. Cal. Feb. 22, 2021) (granting motion to seal certain "technical product information"); *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (granting motion to seal "proprietary information, such a 'formulations, sourcing information, [and] supply quantities'"); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2018 WL 364842, at *14 (granting motion to seal with regard to "sensitive product information").

\* \* \*

Netlist respectfully requests that the Court grant this Application, which is carefully limited and tailored. This Application is supported by the Declaration of Raymond A. LaMagna, a proposed order, which is narrowly tailored to seal only the proposed sealable material, and slip-sheeted versions of Exhibits G, H, I, K, and M.

Dated: July 20, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/. Raymond A. LaMagna
Raymond A. LaMagna

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, Raymond A. LaMagna, an attorney, hereby certify that **NETLIST INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL,** was emailed to counsel for Samsung Electronics Inc., Ltd., on July 20, 2021.

By: */s/ Raymond A. LaMagna*
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.