JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　　　　Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**NETLIST INC.'S APPLICATION SUBMITTING DOCUMENTS FOR SAMSUNG'S FORTHCOMING DECLARATION SUPPORTING LEAVE TO FILE UNDER SEAL**<br><br>Action Filed:  May 28, 2020<br>Trial Date:  November 30, 2021<br><br>Hon. Mark C. Scarsi |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Civil Rule 79–5.2.2, Plaintiff Netlist Inc. hereby submits the attached documents for the Court's consideration pending Samsung's forthcoming declaration supporting its request to the Court that the following materials be filed under seal:

1. **Exhibit 15** to the Declaration of Raymond A. LaMagna filed in support of Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings (the "LaMagna Declaration") in full;
2. **Exhibit 16** to the LaMagna Declaration in full;
3. **Exhibit 17** to the LaMagna Declaration in full;[1]

The parties met and conferred regarding the above items on July 23, 2021. During that conference, Netlist informed Samsung that it intended to use the above as exhibits in opposition to Samsung's Motion for Judgment on the Pleadings. Samsung indicated that it did not want them filed publicly, requesting this submission so that Samsung may submit a declaration in support of sealing. Netlist informed Samsung that it disagreed that the attached exhibits meet the requirements for sealing from the public record.

Each of the attached exhibits was designated by Samsung to be treated on an "Attorneys' Eyes Only" basis pursuant to an interim agreement before Magistrate Judge McCormick pending formal entry of a protective order in the case. Upon appearance of additional counsel for Netlist from the law firm of Irell & Manella, LLP, counsel for Samsung stated that it would not permit counsel of record from Irell & Manella to review the attached material (notwithstanding that firm's role as counsel of record or counsel's reaffirmation to treat the material on an attorneys'-eyes-only basis). This dispute over circulation was submitted by Samsung to Magistrate Judge Spaeth and has not yet been resolved. As such, this application is submitted by the

---

[1] These exhibits are each attached with Korean to English translations, along with the original version.

undersigned without all counsel of record for Netlist having reviewed this material in preparation of this filing or of Netlist's opposition to Samsung's Motion for Judgment on the Pleadings.

Netlist does not believe there is a compelling reason to seal the above exhibits, much less to continue to refuse to allow all counsel of record to view them. These exhibits (which are Samsung emails) were produced by Samsung in response to Netlist's requests for production and Judge McCormick's direction to Samsung to produce documents. These emails do not disclose any Samsung confidences. Rather, these emails make clear that the litigation positions that Samsung's lawyers have taken—and their representations to the Court in Samsung's Motion for Judgment on the Pleadings—are contradicted by Samsung's own internal communications concerning the parties' contract in dispute (the "Joint Development and License Agreement" or "JDLA").

While it can be easily appreciated why Samsung wants to hide these documents from the public (and from counsel of record), this does not mean that these emails meet the criteria for sealing. There is no "uncomfortable document" or "bad fact" justification for sealing. These emails contain no facts about any of Samsung's third-party customers, no specific Samsung pricing data, no Samsung technical data, no Samsung trade secrets, no Samsung confidential business plans, etc. These emails only contain admissions from Samsung executives that support Netlist's claims concerning the parties' agreement (and that contradict the representations of Samsung's litigation counsel).

In sum, these three emails go to the heart of the parties' dispute and are at the center of the dispositive issue to be adjudicated now by the Court as part of Samsung's Motion for Judgment on the Pleadings. The public's interest in understanding the facts submitted for adjudication by the parties far outweighs any embarrassment that Samsung may feel if documents are filed publicly that contradict the positions of Samsung's lawyers. Netlist therefore opposes the filing of these materials under seal,

but submits them here in anticipation of Samsung submitting a declaration to the contrary.

Thus, pursuant to Local Rule 79-5.2.2(b), Netlist files this Application to allow Defendant Samsung the opportunity to file its supporting declaration explaining why it believes these documents should be sealed:

1. **Exhibit 15** is an email produced by Samsung with Bates No. SEC000259. It reflects an internal Samsung discussion regarding Netlist and the parties' JDLA Agreement.

2. **Exhibit 16** is an email chain produced by Samsung with Bates No. SEC000315. It reflects an internal Samsung discussion regarding Netlist and the JDLA Agreement.

3. **Exhibit 17** is an email produced by Samsung with Bates No. SEC001269. It reflects an internal Samsung discussion regarding Netlist and the JDLA Agreement.

While the above exhibits discuss or quote provisions of the JDLA that are at the center of this lawsuit (i.e., the passages that are the basis of Plaintiffs' claims), neither party asserts an ongoing confidentiality interest in those passages or quotes in this litigation. The wording of these JDLA provisions (e.g., sections 6.2 and 13.2 of the JDLA) form the basis of this lawsuit and thus cannot be maintained under seal for the entire case.

There is no harm that will befall the parties from a denial of a seal over these emails, and the public's interest in seeing the basis for this dispute clearly outweighs any speculative, unlikely harm that Samsung may argue it will befall if these documents are entered on the public docket.

*   *   *

This Application is accompanied by the Declaration of Raymond A. LaMagna, and full and slip-sheeted versions of Exhibits 15, 16, and 17.

| | | |
|---|---|---|
| 1 | Dated: July 26, 2021 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | | |
| 3 | | By:  */s/ Raymond A. LaMagna* |
| | | Raymond A. LaMagna |
| 4 | | Attorneys for Defendants |

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **NETLIST INC.'S APPLICATION SUBMITTING DOCUMENTS FOR SAMSUNG'S FORTHCOMING DECLARATION TO SUPPORT LEAVE TO FILE UNDER SEAL,** was emailed to counsel for Samsung Electronics Inc., Ltd., on July 26, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
         Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.