UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-993-MCS (ADSx)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]**

**WHEREAS**, during the course of this action, the parties and certain nonparties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the Party or nonparty to whom the request is directed considers to be confidential and/or proprietary.

**WHEREAS**, the parties wish to preserve the confidentiality of such information through the use of a protective order.

IT IS THEREFORE HEREBY STIPULATED AND AGREED by and between Plaintiff Netlist, Inc. ("Plaintiff") and Defendant Samsung Electronics Co. Ltd., ("Defendant") (collectively the "Parties" and individually a "Party"), that the following terms of a Stipulated Protective Order shall bind the Parties, who jointly request that the

Court enter this Order to facilitate the exchange of information and documents subject to confidentiality concerns or to disclosure limitations under state or federal laws:

1. **Definitions**: In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, Case No. 8:20-cv-993-MCS (ADSx).

    b. "Court" means the Hon. Mark C. Scarsi, U.S. District Court Judge, Hon. Judge Autumn D. Spaeth, U.S. Magistrate Judge, and/or any other judge or referee to which this Proceeding may be assigned.

    c. "Designating Party" means any Party, or a nonparty, who produces documents or information for this Proceeding and designates documents, testimony, or information as "Confidential Information" as provided below.

    d. "Non-Designating Party" means all Parties to this Proceeding other than the Designating Party.

    e. "Confidential Information" means any documents, testimony, or information designated as Confidential pursuant to the provisions of this Stipulation and Protective Order. This includes any extracts and summaries of documents, testimony, or information designated as "Confidential Information."

    f. "Attorneys' Eyes Only Information" means any documents, testimony, or information designated Attorneys' Eyes Only pursuant to the provisions of this Stipulation and Protective Order. This includes any extracts and summaries of documents, testimony, or information designated as "Attorneys' Eyes Only Information."

    g. "Confidential" means any documents, testimony, or information which is in the possession of a Designating Party who believes in good faith that such documents, testimony, or information is entitled to confidential treatment under applicable law. This includes, for example, documents or testimony containing trade secrets, proprietary business information, confidential customer or contract information,

competitively sensitive information, or other non-public information the disclosure of which, in the good faith judgment of the Designating Party, would be Confidential Information and detrimental to the conduct of that Designating Party's business, or the business of any of that Designating Party's customers or clients, if it became public.

  h. "Attorneys' Eyes Only" means any documents, testimony, or information which is in the possession of a Designating Party who believes in good faith that such documents, testimony, or information is entitled to a higher level of confidential treatment under applicable law.

  2. **Who May Designate**:  The Parties or any nonparty may designate documents produced, testimony given, or other material exchanged in the Proceeding as "Confidential Information" or "Attorneys' Eyes Only Information" under this Order, provided it meets the above criteria.

  3. **Designating Confidentiality**:

  a. Any information submitted in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this case, which is asserted by a Designating Party to contain or constitute Confidential Information shall be so designated by such Designating Party in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or a comparable notice.  Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this Order.

  b. Documents produced by a Party or nonparty may be designated as Confidential by that submitting party by either: (i) stamping or affixing the legend "CONFIDENTIAL" to each page containing such material at or before production or within 45 days from the execution of this Stipulation, whichever is later; or (ii) in the case of electronically stored information produced in native format, by including "Confidential Information" in the file or directory name, or by affixing the legend

"Confidential Information" to the media, system, database, or other computing device that contains the materials (e.g., CD-ROM, floppy disk, DVD). The Designating Party will additionally endeavor to mark all such designated materials in the load file so that these files can be readily identified.

      c.      Testimony may be designated as Confidential Information through any one or more of the following means: (i) by stating orally on the record that the information is "Confidential Information" on the day the testimony is given; or (ii) by sending written notice to all Parties designating information as "Confidential Information" within 14 court days after receipt of a copy of the transcript from the court reporter; or (iii) by stamping or affixing the legend "CONFIDENTIAL" on the relevant portion(s) of the transcript at or before the signing of the transcript by the witness. All information disclosed during a deposition shall be deemed to have been designated "Confidential Information" until the expiration of the latest of the time periods for designation referenced in parts (i) and (ii) of the preceding sentence, whether or not any portion of the transcript has been designated previously.

      d.      When any Confidential Information is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL"

    **4.**    **Attorneys' Eyes Only Designation**

      a.      Any information submitted in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this case, which is asserted by a Designating Party to contain Attorneys' Eyes Only Information that necessitates limiting disclosure to Attorneys' Eyes Only, shall be so designated by such Designating Party in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "ATTORNEYS' EYES ONLY"

or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this Order.

   b. Documents produced by a Party or nonparty may be designated Attorneys' Eyes Only by that submitting party by either: (i) stamping or affixing the legend "ATTORNEYS' EYES ONLY" to each page containing such material at or before production or within 45 days from the execution of this Stipulation, whichever is later; or (ii) in the case of electronically stored information produced in native format, by including "Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Attorneys' Eyes Only" to the media, system, database, or other computing device that contains the materials (e.g., CD-ROM, floppy disk, DVD). The Designating Party will additionally endeavor to mark all such designated materials in the load file so that these files can be readily identified.

   c. Testimony may be designated as Attorneys' Eyes Only through any one or more of the following means: (i) by stating orally on the record that the information is "Attorneys' Eyes Only" on the day the testimony is given; or (ii) by sending written notice to all Parties designating information as "Attorneys' Eyes Only" within 14 court days after receipt of a copy of the transcript from the court reporter; or (iii) by stamping or affixing the legend "ATTORNEYS' EYES ONLY" on the relevant portion(s) of the transcript at or before the signing of the transcript by the witness.

   d. When any information designated Attorneys' Eyes Only is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "ATTORNEYS' EYES ONLY"

  5. **Inadvertent Failure to Designate**: Inadvertent failure to designate materials as Confidential Information or Attorneys' Eyes Only Information at the time of production or disclosure (including via testimony in a deposition) shall not operate to waive a party's right to later designate such materials as Confidential Information or Attorneys' Eyes Only Information. In the event documents which are claimed to be

Confidential Information or Attorneys' Eyes Only Information are inadvertently produced without the appropriate designation, the producing party may notify in writing the Party to whom the production has been made that the materials constitute Confidential Information or Attorneys' Eyes Only Information. Upon receipt of this written notice, the Parties shall thereafter mark and treat the materials as so designated.

6. **De-designation by the Court**: The Court may determine that information alleged to be Confidential or Attorneys' Eyes Only is improperly designated, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the Court, opportunity shall be provided to the Designating Party to argue its confidentiality prior to the time of such ruling.

7. **Limitations on Disclosure and Use of Confidential Information**: "Confidential Information" may be used solely for the purposes of the present Proceeding and not for any other purpose. In the absence of written permission from the Designating Party or an order by the Court, any Confidential Information submitted in accordance with the above provisions shall not be disclosed to any person other than:

(i) the Parties, to the extent necessary solely for the purposes of overseeing and directing the Proceeding (provided the receiving individual agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A);

(ii) the Parties' outside counsel, including necessary secretarial and support personnel assisting such counsel;

(iii) qualified persons taking testimony involving such documents or information and necessary court reporters, stenographic, videographic, and clerical personnel thereof;

(iv) experts and their staff who are employed for the purposes of this litigation;

(v) the Court and the Court's staff;

  (vi) employees and contract personnel of the U.S. District Court for the Central District of California (a) for developing or maintaining the records of this case or related proceedings, or (b) in internal investigations, audits, reviews, evaluations relating to the programs, personnel, and operations of the Court;

  (vii) in the case of a deposition, employees of the entity that produced the document, or an author or prior recipient of the document; and

  (viii) professional translators, provided the translator agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A.

If the Court orders, or if the Designating Party and Parties in the Proceeding agree, that access to, or dissemination of Confidential Information shall be made to persons not included in above in this paragraph 7 above, such Confidential Information shall only be accessible to, or disseminated to, such persons subject to the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to this Order, unless the Court finds that the information is not Confidential.

  **8. Limitations on Disclosure and Use of Attorneys' Eyes Only Information:** "Attorneys' Eyes Only Information" may be used solely for the purposes of the present Proceeding and not for any other purpose. In the absence of written permission from the Designating Party or an order by the Court, any Attorneys' Eyes Only Information submitted in accordance with the above provisions shall not be disclosed to any person other than:

  (i) the Parties' in-house counsel to the extent necessary solely for the purposes of overseeing and directing the Proceeding (provided the in-house counsel also agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A as described above);

  (ii) the Parties' outside counsel, including necessary secretarial and support personnel assisting such counsel;

(iii) qualified persons taking testimony involving such documents or information and necessary court reporters, stenographic, videographic, and clerical personnel thereof;

(iv) experts and their staff who are employed for the purposes of this litigation;

(v) the Court and the Court's staff;

(vi) employees and contract personnel of the U.S. District Court for the Central District of California (a) for developing or maintaining the records of this case or related proceedings, or (b) in internal investigations, audits, reviews, evaluations relating to the programs, personnel, and operations of the Court;

(vii) in the case of a deposition, employees of the entity that produced the document, or an author or prior recipient of the document; and

(viii) professional translators, provided the translator agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A.

(ix) Other persons mutually agreed to in writing by the Parties, or ordered by the Court.

9. **Additional Limitations on Disclosure to Experts**: Confidential Information and Attorneys' Eyes Only Information submitted in accordance with the provisions above shall not be made available to any person designated in paragraph 7(iii) unless he or she shall have first read this order and shall have agreed, by signing the certification in Exhibit A: (i) to be bound by the terms thereof; (ii) not to reveal such Confidential Information or Attorneys' Eyes Only Information to anyone other than another person designated in paragraph 7; and (iii) to utilize such Confidential Information or Attorneys' Eyes Only Information solely for purposes of this case.

10. **Submission of Confidential Information and Attorneys' Eyes Only Information to Court**: Any Confidential Information or Attorneys' Eyes Only Information submitted to the Court in connection with a motion or other proceeding within the purview of this case shall be designated pursuant to paragraph 3 above and

submitted under seal per C.D. Cal. Civil L.R. 79-5. Any portion of a transcript in connection with this case containing any Confidential Information or Attorneys' Eyes Only Information designated according to paragraph 3 above shall be bound separately and filed under seal. Any document or information submitted under seal per C.D. Cal. Civil L.R. 79-5 is to be treated as such, subject to a contrary ruling after hearing by the Court. The Designating Party must, upon request or as required by C.D. Cal. Civil L.R. 79-5, provide a statement as to the claimed basis for confidentiality.

11. **Limitations on Scope of Order**: The restrictions upon on Confidential Information and Attorneys' Eyes Only Information shall not apply if the Designating Party agrees in writing or if the Court rules, after an opportunity for hearing, that the information was publicly known at the time it was supplied to the receiving Party or has since become publicly known through no fault of the receiving Party. Likewise, nothing in this Order prevents disclosing to a person or entity information that it authored, was previously aware of and previously had legal access to or possession of.

12. **Challenge to Confidentiality Designation**:

a. If, while a case is before the Court, a receiving Party disagrees with any designation of Confidential Information or Attorneys' Eyes Only Information, it shall notify the Designating Party in writing, and they are to confer as to the status of the subject information within five days.

b. If prior to, or at the time of such a conference, the Designating Party withdraws its designation of such information as being subject to this Order, the Designating Party shall express the withdrawal in writing and serve such withdrawal upon all Parties.

c. If the recipient and the Designating Party are unable to concur upon the status of the subject information within ten days from the date of notification of such disagreement, any party to this Order may raise the issue with Court, including through the informal discovery conference process, and the Court will rule upon the matter.

          d.    The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

      13.    **Disclosure of Experts**: No less than 10 days prior to disclosure to a proposed expert (or the expert's respective staff) of any Confidential Information or Attorneys' Eyes Only Information, the Party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the Designating Party. If the Designating Party objects to the disclosure of such Confidential Information or Attorneys' Eyes Only Information to such proposed expert as inconsistent with the language or intent of this Order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the Designating Party shall submit immediately each objection to the Court for a ruling, including through the Court's informal discovery conference process. The submission of such Confidential Information or Attorneys' Eyes Only Information to such proposed expert shall be withheld pending the ruling of the Court.

      14.    **Inadvertent Disclosure**: If Confidential Information or Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and, without prejudice to other rights and remedies of the Designating Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

      15.    **Resolution of Proceeding**: Upon final resolution of this Proceeding, each recipient of Confidential Information or Attorneys' Eyes Only Information that is subject to this Order shall assemble and return to the Designating Party all items containing such information, including all copies of such matter which may have been

made. Alternatively, the Parties subject to this Party may destroy all items containing Confidential Information or Attorneys' Eyes Only Information and certify to the Designating Party (or its counsel) that such destruction has taken place. This paragraph shall not apply, however, to any attorney work product generated by the Parties' respective counsel, and Parties and their Counsel shall be permitted to retain the attorney work product generated for this Proceeding, subject to the continuing obligations of this Order. Parties' outside counsel are additionally permitted to retain a record copy of any filings, submissions, and service items in this Proceeding, including exhibits thereto, subject again to the continuing obligations of this Order. This paragraph shall not apply to the Court to the extent it must retain such material pursuant to statutory requirements and for other recordkeeping purposes.

16. **National Core Technology:** The parties are informed that, in the Republic of Korea, the Act on Prevention of Divulgence and Protection of Industrial Technology states that it criminalizes the unauthorized export of any "National Core Technology" designated by the Minister of Trade, Industry and Energy ("MOTIE"). Should Samsung determine in good faith that the production of certain information may constitute an export of National Core Technology, Samsung shall promptly notify Netlist, identifying the material deemed implicated, and then meet and confer with Netlist concerning the material within five days of that notice. If the parties are unable to agree on the handling of such material at that time, Samsung may bring a motion within five days thereafter for a further protective order under Rule 26(c) to address the above. It will be Samsung's burden to establish that any disputed discovery is "National Core Technology" implicating the above Act that should be exempted from discovery.

17. **Privilege and Inadvertent Disclosure**: The Parties do not intend to disclose information subject to a claim of attorney-client privilege, work product designation, or any other privilege or protection, or to waive any such protection. If a Party, or producing nonparty, inadvertently discloses such privileged or protected information ("Inadvertently Disclosed Information"), it shall promptly notify the

receiving Party and the provisions below will apply. If the receiving Party discovers that it has received likely Inadvertently Disclosed Information, it shall immediately inform the disclosing Party or nonparty, cease all use of such Inadvertently Disclosed Information, and follow the same procedures set forth in this Section:

  a. The disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture in this proceeding or any other federal or state proceeding of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the disclosing Party or nonparty would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter, including to the full extent permitted by Federal Rule of Evidence 502.

  b. If a disclosing Party or nonparty notifies the receiving Party of Inadvertently Disclosed Information, the receiving Party shall: (i) immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and (ii) return or certify the destruction, within five (5) days, of all copies of the Inadvertently Disclosed Information, including any documents created by the receiving Party based upon such information to the disclosing Party or nonparty, and including taking reasonable steps to retrieve and return or destroy the Inadvertently Disclosed Information if the receiving Party disclosed it before being notified by the disclosing Party or nonparty.

  c. The receiving Party may challenge any assertion of privilege or protection, including the clawback of Inadvertently Disclosed Information by moving the Court for an order permitting the production (or reproduction) and use of the Inadvertently Disclosed Information. With respect to the clawback of Inadvertently Disclosed Information, such motion must, unless otherwise stipulated by the Parties, be made within ten (10) days after the disclosing Party or nonparty first provides notice to the receiving Party of the Inadvertently Disclosed Information and the basis for its assertion of privilege.

        d.     A motion filed by the receiving Party under this provision may not reference the contents of or attach the challenged discovery material or information.  It is the disclosing Party or nonparty's burden to support and justify the appropriateness of any assertion of privilege or protection that it makes.  The Parties recognize and agree that if a Party claims production was inadvertent, the presumption, which shall be rebuttable, shall be that such production was inadvertent.  The disclosing Party or nonparty may, at its election, submit the material to the Court for in camera inspection in opposing any such motion, which shall not be deemed a waiver of any such privilege or protection.  The receiving Party must take reasonable steps to retrieve the Inadvertently Disclosed Information if the receiving Party disclosed it before being notified by the disclosing Party or nonparty

Dated: July 27, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jason C. Lo
    Jason C. Lo

Attorneys for Plaintiff Netlist Inc.

Dated: July 27, 2021

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: /s/ Ekwan E. Rhow
    Ekwan E. Rhow

Attorneys for Defendant Samsung Electronics Co., Ltd.

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATE: July 27, 2021

/s/ Autumn D. Spaeth
Hon. Autumn D. Spaeth
United States Magistrate Judge
of the Central District of California

# **EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information or Attorneys' Eyes Only Information supplied in connection with the Proceeding, *Netlist, Inc. v. Samsung Electronics, Co. Ltd..,* CASE NO. 8:20-cv-993-JAK (DFMx) (the "Proceeding"). I certify that I understand that the Confidential Information or Attorneys' Eyes Only Information provided to me subject to the terms and restrictions of the Stipulation and Protective Order in this Proceeding. I have been given a copy of this Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Information or Attorneys' Eyes Only Information as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Order. I will not copy or use, except solely for the purposes of this Proceeding, any a or Attorneys' Eyes Only Information obtained pursuant to this Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Information or Attorneys' Eyes Only Information provided to me in the Proceeding in a secure manner, and that all copies of such Information are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Information will be returned to counsel who provided me with such Information.

I further hereby agree to be bound by and subject to the jurisdiction of the United States District Court for the Central District of California for the purposes of any dispute arising from any alleged violation of the Order. In such dispute, I designate _____ as authorized to receive service on my behalf and waive personal service for any enforcement action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

BY: _____ Signature: _____

Title: _____

Address: _____

_____ _____