# Exhibit C

Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
    jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, | CASE NO. 8:20-cv-00993-MCS-DFM |
| Plaintiff, | **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SETS 1 AND 2)** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, | Assigned to Hon. Mark C. Scarsi Courtroom 7C |
| Defendant. | |

PROPOUNDING PARTY:  PLAINTIFF NETLIST INC.

RESPONDING PARTY:   DEFENDANT SAMSUNG ELECTRONICS CO.,

                    LTD

SET NOS.:           1, 2

13 - Exhibit C

DEFENDANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, Defendant Samsung
Electronics Co., Ltd. ("Defendant") hereby further objects and supplements
responses to Plaintiff Netlist Inc.'s ("Plaintiff") Interrogatories as follows:

## I.

## PRELIMINARY STATEMENT

A.      These responses are made solely for the purposes of this action. Each
response is subject to all appropriate objections, including, but not limited to,
objections to confidentiality, relevance, propriety and admissibility. All such
objections and grounds are reserved and may be interposed at the time of deposition
and/or trial.

B.      Nothing contained herein is intended as, or shall in any way be deemed,
a waiver of the attorney/client privilege, the attorney work product doctrine, the
common interest and/or joint defense privilege, the right of privacy, and/or any other
applicable privilege or doctrine.

C.      Defendant has not yet completed its investigation of the facts relating to
this action and has not yet reviewed all documents relating to this action.
Consequently, Defendant reserves the right, without assuming any obligation, to
supplement its response.

D.      Except for matters explicitly admitted, no admissions of any nature
whatsoever are implied or should be inferred. The fact that any Interrogatory has
been answered should not be taken as an admission or acceptance of the existence of
any facts set forth or assumed by such Interrogatory, or that such answer constitutes
admissible evidence. The fact that Defendant has responded and/or objected to an
Interrogatory shall not be interpreted as an admission of the propriety of the
Interrogatory.

E.      Specific objections to each Interrogatory are made on an individual
basis in Defendant's responses below. In addition to the specific objections,
Defendant makes certain general objections (the "General Objections") to the

1 Interrogatories, which are included by reference in each individual response.
2 Defendant's response to each individual Interrogatory is submitted without
3 prejudice to and without in any respect waiving any General Objection that is
4 expressly set forth in that response.

**II.**

**GENERAL OBJECTIONS**

7     The following General Objections are incorporated by reference into each
8 individual response, whether or not specific reference to them is made.

9     1.     Defendant objects to any "Definitions," "Instructions," or other
10 purported requirements in the Interrogatories that purport to impose any greater or
11 different obligations than those imposed by law.

12     2.     Defendant objects to the Interrogatories, and to each and every
13 Interrogatory therein, to the extent that they call for the production of information
14 protected by applicable constitutional, statutory or common law privileges and/or
15 protections, including of third parties, and including but not limited to the
16 attorney-client privilege, the attorney work-product doctrine, the common interest
17 doctrine, and the rights of privacy.  Defendant will produce only responsive
18 information not subject to any applicable constitutional, statutory or common law
19 privileges or protections.  Moreover, the inadvertent production of information
20 protected by such privileges and protections shall not constitute a waiver of the
21 applicable privilege or protection either as to information inadvertently produced or
22 as to any other information or documents.

23     3.     Defendant objects to the Interrogatories, and to each and every
24 Interrogatory therein, to the extent that they call for disclosure of information of
25 Defendant or third parties that constitute(s) confidential, proprietary, trade secret or
26 sensitive business information. Defendant will not disclose information that is
27 proprietary, trade secret, or otherwise highly confidential absent the entry of a
28 mutually agreeable, suitable Protective Order that provides for an "Attorney's Eyes

15 - Exhibit C

3731051.4                                         3

DEFENDANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

1   Only" designation of materials.  Furthermore, Defendant will not disclose

2   information protected by confidentiality agreements with third parties absent such

3   third parties' consent to disclosure.

4         4.     Defendant objects to the Interrogatories, and to each and every

5   Interrogatory therein, to the extent that they are overbroad, unduly burdensome, and

6   oppressive.

7         5.     Defendant objects to the Interrogatories, and to each and every

8   Interrogatory contained therein, to the extent that they are vague and/or ambiguous,

9   and require Defendant to speculate as to what information is being requested.

10        6.     Defendant objects to these Interrogatories on the grounds that they seek

11  to obtain discovery as to matters that are not relevant to any party's claim or defense

12  and proportional to the needs of the case (Fed R. Civ. P. 26(b)(1)).

13        7.     Defendant objects to definitions that purport to define terms in an

14  overly broad and vague manner that renders all Interrogatories in which such terms

15  are used overly broad, vague, ambiguous and unduly burdensome and also causes

16  such Interrogatories, as written, to seek to obtain discovery as to matters that are not

17  relevant to any party's claim or defense and proportional to the needs of the case.

18        8.     Defendant objects to the Interrogatories, and to each and every

19  Interrogatory therein, to the extent they seek information or documents that are not

20  within Defendant's immediate possession or control and/or are within Plaintiff's

21  control or equally available to Plaintiff, or available from a public court or agency

22  records, or otherwise in the public domain and accessible to all parties.

23        9.     Defendant reserves all objections to the relevance and admissibility at

24  trial of any information or documents identified herein.  The identification of any

25  information or documents does not constitute an admission by Defendant that such

26  information or documents are relevant or admissible at trial.

27        10.    Defendant objects to the Interrogatories, and to each and every

28  Interrogatory therein, to the extent they seek conclusions of law and/or a

16 - Exhibit C

4

1 conclusions as to ultimate issues in the case.

2       11.    To the extent any of the Interrogatories seek expert materials,

3 information and/or opinion, including but not limited to survey information,

4 Defendant objects to any such Interrogatory as premature and expressly reserves the

5 right to supplement, clarify, revise, or correct any or all responses to such

6 Interrogatories, and to assert additional objections or privileges, in one or more

7 subsequent supplemental response(s) in accordance with the time period for

8 exchanging expert reports set by the Court.

9       12.    Defendant objects to the Interrogatories on the grounds, and to the

10 extent, that they contain express or implied assumptions of fact or law with respect

11 to matters at issue in this case. Defendant's responses to the Interrogatories are not

12 intended to be, and shall not be construed as, an agreement or concurrence by

13 Defendant with Plaintiff's characterization of any facts, circumstances, and/or legal

14 obligations, and Defendant expressly reserves the right to contest any such

15 characterizations.

16                                 **III.**

17                **RESPONSE TO INTERROGATORIES**

18 **INTERROGATORY NO. 1:**

19       Identify all Persons involved, directly or indirectly, in negotiating or

20 executing the Agreement, including but not limited to all those involved in

21 conducting, managing, implementing, making decisions about, or receiving

22 information or reports Relating To Your relationship with and obligations to Netlist

23 under the Agreement. For the purposes of this Interrogatory, identify the city and

24 country in which each Person resides, describe in detail each Person's role and

25 responsibilities, and state whether the individual had knowledge of the supply terms

26 under Section 6 of the Agreement or was involved in Samsung's withholding of

27 taxes and/or fees paid under the Agreement.

28

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this interrogatory on the basis that its fact investigation is not yet complete. Defendant reserves the right to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: Seung Min Sung (Principal Engineer), Ho Jung Kim (Senior Professional), Hyun Ki Ji (Senior Vice President), and Kyuhan Han (Vice President). Each of these individuals was involved with the negotiation and execution of the Agreement. Each of these individuals resides in South Korea, except for Mr. Kyuhan Han, who resides in Germany.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this interrogatory on the basis that its fact investigation is not yet complete. Defendant reserves the right to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: Seung Min Sung (Principal Engineer), Ho Jung Kim (Senior Professional), Byungyup Jeon (Senior Professional), Hyun Ki Ji (Senior Vice President), and Kyuhan Han (Vice President). Each of these individuals was involved with the negotiation and execution of the Agreement, primarily centered on the Agreement's financial terms. Subsequent to execution, Mr. Ji and Mr. Kim were tasked with managing

1 performance of the agreement, including tax-related issues. Mr. Jeon also later
2 became tasked with these duties. Each of these individuals resides in South Korea,
3 except for Mr. Kyuhan Han, who resides in Germany.

4 **INTERROGATORY NO. 3:**

5 Identify all Persons, including Persons at any of your affiliates, directly or
6 indirectly responsible for addressing or fulfilling Netlist orders for Samsung NAND
7 and DRAM Products since January 1, 2015, and the time period for which they held
8 such responsibility.

9 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

10 Defendant incorporates by reference its general objections. Defendant objects
11 to this interrogatory on the basis that it is overbroad. Defendant also objects to this
12 interrogatory on the basis that it seeks information not relevant to any party's claim
13 or defense nor proportional to the needs of the case. Defendant also objects to this
14 interrogatory on the basis that its fact investigation is not yet complete. Defendant
15 reserves the right to supplement its response.

16 Subject to and without waiving its objections, Defendant responds as follows,
17 to the best of their knowledge and to the extent they are able: Kihoon Kim (Principal
18 Professional), Hyeoksang Yoo (Principal Professional), Kyong Yong Lee (Principal
19 Professional), Tae Jin Jeong (Senior Professional), Ha Ryong Yoon (Vice
20 President), and Neal Knuth (Senior Professional). Each of these individuals was
21 involved in the sale of NAND and DRAM products to Netlist in various capacities
22 for certain time periods from January 1, 2015 to present. In addition, Steven Metz
23 was involved in the sale of NAND and DRAM products to Netlist until his departure
24 from the company in January 2021.

25 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

26 Defendant incorporates by reference its general objections. Defendant objects
27 to this interrogatory on the basis that it is overbroad. Defendant also objects to this
28 interrogatory on the basis that it seeks information not relevant to any party's claim

1  or defense nor proportional to the needs of the case. Defendant also objects to this
2  interrogatory on the basis that its fact investigation is not yet complete. Defendant
3  reserves the right to supplement its response.

4      Subject to and without waiving its objections, Defendant responds as follows,
5  to the best of their knowledge and to the extent they are able: Kihoon Kim (Principal
6  Professional), Hyeoksang Yoo (Principal Professional), Kyong Yong Lee (Principal
7  Professional), Tae Jin Jeong (Senior Professional), Ha Ryong Yoon (Vice
8  President), and Neal Knuth (Senior Professional). Mr. Kim, Mr. Yoo, Mr. Lee, Mr.
9  Jeong, and Mr. Yoon are sales professionals at SEC who at various times have had
10 duties involving allocation of NAND and DRAM products, including those sold to
11 Netlist. Mr. Knuth is the sales professional at SSI who has had primarily
12 responsibility for day-to-day communications with Netlist for all relevant time
13 periods. In addition, as Mr. Knuth's supervisor, Steven Metz was involved in the
14 sale of NAND and DRAM products to Netlist until his departure from the company
15 in January 2021.

16 **INTERROGATORY NO. 9:**

17     Identify all Persons, internal or external to Samsung, involved in deciding to
18 withhold and/or in withholding taxes on fees owed to Netlist under the Agreement,
19 or involved in communicating with any Korean governmental agency or tribunal
20 regarding the same, and Describe their respective roles and involvement.

21 **RESPONSE TO INTERROGATORY NO. 9:**

22     Defendant incorporates by reference its general objections. Defendant objects
23 to this interrogatory on the basis that it is overbroad. Defendant also objects to this
24 interrogatory on the basis that it seeks information not relevant to any party's claim
25 or defense nor proportional to the needs of the case. Defendant also objects to this
26 interrogatory on the basis that its fact investigation is not yet complete. Defendant
27 reserves the right to supplement its response. Defendant objects to this interrogatory
28 to the extent that it seeks information on individuals of which Defendant has no

8

1  percipient knowledge.

2          Subject to and without waiving its objections, Defendant responds as follows,

3  to the best of its knowledge and to the extent it is able: Byungyup Jeon (Senior

4  Professional) and Ho Jung Kim (Senior Professional) were generally involved with

5  the performance of the Agreement, including decisions regarding tax withholding.

6  Wooseok Nam (Senior Professional), Jinho Jeon (Senior Professional), and Dohee

7  Kim (Senior Professional) were involved with Samsung's communications and the

8  Korean National Tax Service.

9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

10          Defendant incorporates by reference its general objections. Defendant objects

11  to this interrogatory on the basis that it is overbroad. Defendant also objects to this

12  interrogatory on the basis that it seeks information not relevant to any party's claim

13  or defense nor proportional to the needs of the case. Defendant also objects to this

14  interrogatory on the basis that its fact investigation is not yet complete. Defendant

15  reserves the right to supplement its response. Defendant objects to this interrogatory

16  to the extent that it seeks information on individuals of which Defendant has no

17  percipient knowledge.

18          Subject to and without waiving its objections, Defendant responds as follows,

19  to the best of its knowledge and to the extent it is able: Byungyup Jeon (Senior

20  Professional) and Ho Jung Kim (Senior Professional) were generally involved with

21  the performance of the Agreement, including decisions regarding tax withholding.

22  Wooseok Nam (Senior Professional), Jinho Jeon (Senior Professional), and Dohee

23  Kim (Senior Professional) are finance professionals in Samsung's finance team

24  involved with Samsung's compliance with Korean tax laws and communications

25  with the Korean National Tax Service.

26  **INTERROGATORY NO. 10:**

27          Describe in detail all facts Relating To Samsung's decision to withhold taxes

28  on the fees owed to Netlist under the Agreement, including any facts that may have

3731051.4

21 - Exhibit C
9

1  become known to You after the withholding was made.

2  **RESPONSE TO INTERROGATORY NO. 10:**

3      Defendant incorporates by reference its general objections. Defendant objects

4  to this interrogatory to the extent that it mischaracterizes Defendant's legal position.

5  Defendant objects to this interrogatory on the basis that it is vague, ambiguous,

6  overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the

7  needs of this case. Defendant objects to this interrogatory because it calls for a legal

8  conclusion. Defendant objects to this interrogatory on the basis that it requires

9  Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and

10 Defendant has not yet completed its investigation of the facts. Defendant objects to

11 this interrogatory on the basis that it seeks attorney work product. Defendant

12 reserves the right, without assuming any obligation, to supplement its response.

13 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

14     Defendant incorporates by reference its general objections. Defendant objects

15 to this interrogatory to the extent that it mischaracterizes Defendant's legal position.

16 Defendant objects to this interrogatory on the basis that it is vague, ambiguous,

17 overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the

18 needs of this case. Defendant objects to this interrogatory because it calls for a legal

19 conclusion. Defendant objects to this interrogatory on the basis that it requires

20 Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and

21 Defendant has not yet completed its investigation of the facts. Defendant objects to

22 this interrogatory on the basis that it seeks attorney work product. Defendant

23 reserves the right, without assuming any obligation, to amend or supplement its

24 response in whole or in part.

25     Subject to the above objections, none of which are waived, Defendant

26 responds as follows:

27     Defendant's decision to withhold taxes on the fees owed to Netlist under the

28 Agreement related to: (1) Samsung's good-faith understanding and interpretation of

3731051.4                              10

Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"

**INTERROGATORY NO. 11:**

Describe in detail any efforts You made to cooperate with Netlist in any efforts to claim a credit or refund or exemption for any withholding for taxes on fees owed to Netlist under the Agreement, and Identify all Persons involved and their roles.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it mischaracterizes Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant objects to this interrogatory on the basis that it seeks attorney work product. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response.

23 - Exhibit C
11

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it mischaracterizes Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant objects to this interrogatory on the basis that it seeks attorney work product. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Samsung informed Netlist that if it desired a refund, it could do so by directly contacting the Korean National Tax Service. Samsung provided truthful information within its knowledge relating to the Agreement and the payment of any fees owed to Netlist under it upon request by the Korean National Tax Service.

**INTERROGATORY NO. 14:**

Describe in detail the basis for and all facts Related to Your position that Samsung has no supply obligation to Netlist under the Agreement.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory

because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

The Agreement speaks for itself. To the extent further response is required: (1) circumstances surrounding the negotiation of the Agreement, including the lack of substantive negotiations relating to Section 6.2; (2) the course of dealing between Samsung and Netlist, in particular the fact that Samsung routinely declined to support requests for product, and Netlist never asserted that this was a violation of

3731051.4

the Agreement prior to 2020; (3) the nature of the semiconductor market, in which supply is strictly limited and shortages are common. Because of this, it would be extremely unusual for Samsung to agree with a small buyer like Netlist to terms that amount to those of a requirements contract; (4) the fact that Section 6.2 of the Agreement contains no quantity term.

**INTERROGATORY NO. 15:**

Describe in detail the basis for and all facts supporting Your position that Samsung was required to withhold taxes on fees owed to Netlist under the Agreement.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory

DEFENDANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Defendant's decision to withhold taxes on the fees owed to Netlist under the Agreement related to: (1) Samsung's good-faith understanding and interpretation of Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"

**INTERROGATORY NO. 16:**

Describe in detail the basis for and all facts supporting Your position that Netlist waived its right to terminate the Agreement or that termination was otherwise improper or ineffective.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects

3731051.4

27 - Exhibit C

15

to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

1    Subject to the above objections, none of which are waived, Defendant

2  responds as follows: the relevant withholding of taxes occurred in 2015. Samsung

3  has routinely rejected requests for product from Netlist (due to limited supply and

4  market conditions) starting in 2015. Despite this, Netlist elected not to terminate and

5  instead continues on with the Agreement to this very day, and reaped the benefits

6  for years after these purported breaches.

7  **INTERROGATORY NO. 17:**

8    Describe in detail the basis for and all facts Related to whether Samsung

9  complied with its obligations under the Agreement.

10 **RESPONSE TO INTERROGATORY NO. 17:**

11   Defendant incorporates by reference its general objections. Defendant objects

12 to this interrogatory to the extent that it seeks to characterize Defendant's legal

13 position. Defendant objects to this interrogatory on the basis that it is vague,

14 ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

15 proportionate to the needs of this case. Defendant objects to this interrogatory

16 because it calls for a legal conclusion. Defendant objects to this interrogatory on the

17 basis that it requires Defendant to marshal all proof it intends to offer at trial.

18 Discovery is ongoing, and Defendant has not yet completed its investigation of the

19 facts. Defendant also objects to this interrogatory to the extent that it seeks material

20 protected by the attorney-client, work product, or other applicable privileges.

21 Defendant objects to this interrogatory on the basis that it is impermissibly

22 compound, conjunctive, or disjunctive. Defendant reserves the right, without

23 assuming any obligation, to supplement its response.

24 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

25   Defendant incorporates by reference its general objections. Defendant objects

26 to this interrogatory to the extent that it seeks to characterize Defendant's legal

27 position. Defendant objects to this interrogatory on the basis that it is vague,

28 ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

29 - Exhibit C
17

proportionate to the needs of this case. Defendant objects to this interrogatory
because it calls for a legal conclusion. Defendant objects to this interrogatory on the
basis that it requires Defendant to marshal all proof it intends to offer at trial.
Discovery is ongoing, and Defendant has not yet completed its investigation of the
facts. Defendant also objects to this interrogatory to the extent that it seeks material
protected by the attorney-client, work product, or other applicable privileges.
Defendant objects to this interrogatory on the basis that it is impermissibly
compound, conjunctive, or disjunctive. Defendant reserves the right, without
assuming any obligation, to supplement its response. Defendant reserves the right,
without assuming any obligation, to amend or supplement its response in whole or
in part.

Subject to the above objections, none of which are waived, Defendant
responds as follows:

Defendant's complied with its obligations under Sections 3.1 and 3.2 based
on: (1) Samsung's good-faith understanding and interpretation of Korean tax laws
and regulations relating to foreign corporations, including Beobinsaebeob
[Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between
the United States of America and the Republic of Korea for the Avoidance of
Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on
Income and the Encouragement of International Trade and Investment; (2)
Samsung's understanding and interpretation of the purpose and objective of the
Agreement, including that the Agreement had the purpose of licensing patents from
Netlist in order to reduce the potential risk of patent infringement; (3) the fact that
Section 3.2 of the Agreement allows Samsung to "deduct any applicable
withholding taxes due or payable under the laws of Korea[.]"

Defendant complied with its obligations under Section 6.2 based on: (1)
circumstances surrounding the negotiation of the Agreement, including the lack of
substantive negotiations relating to Section 6.2; (2) the course of dealing between

1   Samsung and Netlist, in particular the fact that Samsung routinely declined to

2   support requests for product, and Netlist never asserted that this was a violation of

3   the Agreement prior to 2020; (3) the nature of the semiconductor market, in which

4   supply is strictly limited and shortages are common. Because of this, it would be

5   extremely unusual for Samsung to agree with a small buyer like Netlist to terms that

6   amount to those of a requirements contract; (4) the fact that Section 6.2 of the

7   Agreement contains no quantity term.

8   **INTERROGATORY NO. 18:**

9          Describe in detail the basis for and all facts Related to whether Netlist failed

10  to comply with its obligations under the Agreement.

11  **RESPONSE TO INTERROGATORY NO. 18:**

12         Defendant incorporates by reference its general objections. Defendant objects

13  to this interrogatory to the extent that it seeks to characterize Defendant's legal

14  position. Defendant objects to this interrogatory on the basis that it is vague,

15  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

16  proportionate to the needs of this case. Defendant objects to this interrogatory

17  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

18  basis that it requires Defendant to marshal all proof it intends to offer at trial.

19  Discovery is ongoing, and Defendant has not yet completed its investigation of the

20  facts. Defendant also objects to this interrogatory to the extent that it seeks material

21  protected by the attorney-client, work product, or other applicable privileges.

22  Defendant objects to this interrogatory on the basis that it is impermissibly

23  compound, conjunctive, or disjunctive. Defendant reserves the right, without

24  assuming any obligation, to supplement its response.

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

26         Defendant incorporates by reference its general objections. Defendant objects

27  to this interrogatory to the extent that it seeks to characterize Defendant's legal

28  position. Defendant objects to this interrogatory on the basis that it is vague,

1 ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not
2 proportionate to the needs of this case. Defendant objects to this interrogatory
3 because it calls for a legal conclusion. Defendant objects to this interrogatory on the
4 basis that it requires Defendant to marshal all proof it intends to offer at trial.
5 Discovery is ongoing, and Defendant has not yet completed its investigation of the
6 facts. Defendant also objects to this interrogatory to the extent that it seeks material
7 protected by the attorney-client, work product, or other applicable privileges.
8 Defendant objects to this interrogatory on the basis that it is impermissibly
9 compound, conjunctive, or disjunctive. Defendant reserves the right, without
10 assuming any obligation, to supplement its response. Defendant reserves the right,
11 without assuming any obligation, to amend or supplement its response in whole or
12 in part.

13      Subject to the above objections, none of which are waived, Defendant
14 responds as follows: The Agreement speaks for itself.  To the extent further
15 response is required, Netlist's purported termination was improper because Samsung
16 did not breach the Agreement, and at the time of the purported breaches – which
17 occurred several years ago – Netlist had already elected to continue on with the
18 Agreement, in lieu of termination.

19 **INTERROGATORY NO. 19:**

20      Describe in detail how You first became aware of and received Netlist's
21 notice letter dated May 27, 2020 (provided as Exhibit A) and Netlist's termination
22 letter (provided as Exhibit B), and Describe in detail Your response to both letters,
23 including Identifying those Persons involved in the receipt or response and their
24 roles.

25 **RESPONSE TO INTERROGATORY NO. 19:**

26      Defendant incorporates by reference its general objections. Defendant objects
27 to this interrogatory to the extent that it seeks or implies a legal conclusion.
28 Defendant also objects to this interrogatory on the basis that it is vague and

1  ambiguous, particularly with regards to the term "an email dated June 12 or June 13,
2  2020." Defendant also objects to this interrogatory on the basis that it has not yet
3  completed its investigation of the facts relating to this action, and reserves the right,
4  without assuming any obligation, to supplement its response.

5         Subject to and without waiving its objections, Defendant responds as follows,
6  to the best of its knowledge and to the extent it is able: Defendant understands that a
7  letter dated May 27, 2020 was received and returned-to-sender the following day by
8  Samsung's mail room. Defendant later received a termination letter, and responded
9  to this letter through counsel on July 29, 2020.

10 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

11        Defendant incorporates by reference its general objections. Defendant objects
12 to this interrogatory to the extent that it seeks or implies a legal conclusion.
13 Defendant also objects to this interrogatory on the basis that it has not yet completed
14 its investigation of the facts relating to this action, and reserves the right, without
15 assuming any obligation, to supplement its response.

16        Subject to and without waiving its objections, Defendant responds as follows,
17 to the best of its knowledge and to the extent it is able: Defendant understands that a
18 letter from Netlist dated May 27, 2020  was received and returned-to-sender the
19 following day by Samsung's mail room. Defendant later received a termination
20 letter from Netlist, and responded to this letter through counsel on July 29, 2020.

21 **INTERROGATORY NO. 20:**

22        Describe in detail and separately by defense the basis for and all facts
23 supporting each of the affirmative defenses in Your Answer.

24 **RESPONSE TO INTERROGATORY NO. 20:**

25        Defendant incorporates by reference its general objections. Defendant objects
26 to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly
27 burdensome, harassing, oppressing, and not proportionate to the needs of this case.
28 Defendant objects to this interrogatory because it calls for a legal conclusion.

1    Defendant objects to this interrogatory on the basis that it requires Defendant to

2    marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has

3    not yet completed its investigation of the facts. Defendant also objects to this

4    interrogatory to the extent that it seeks material protected by the attorney-client,

5    work product, or other applicable privileges. Defendant objects to this interrogatory

6    on the basis that it is impermissibly compound, conjunctive, or disjunctive.

7    Defendant reserves the right, without assuming any obligation, to supplement its

8    response.

9    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

10        Defendant incorporates by reference its general objections. Defendant objects

11   to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly

12   burdensome, harassing, oppressing, and not proportionate to the needs of this case.

13   Defendant objects to this interrogatory because it calls for a legal conclusion.

14   Defendant objects to this interrogatory on the basis that it requires Defendant to

15   marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has

16   not yet completed its investigation of the facts. Defendant also objects to this

17   interrogatory to the extent that it seeks material protected by the attorney-client,

18   work product, or other applicable privileges. Defendant objects to this interrogatory

19   on the basis that it is impermissibly compound, conjunctive, or disjunctive.

20   Defendant reserves the right, without assuming any obligation, to supplement its

21   response. Defendant reserves the right, without assuming any obligation, to amend

22   or supplement its response in whole or in part.

23        Subject to the above objections, none of which are waived, Defendant

24   responds as follows:

25        (1) Samsung's good-faith understanding and interpretation of Korean tax laws

26   and regulations relating to foreign corporations, including Beobinsaebeob

27   [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between

28   the United States of America and the Republic of Korea for the Avoidance of

1   Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on

2   Income and the Encouragement of International Trade and Investment, U.S.–

3   R.O.K.; (2) Samsung's understanding and interpretation of the purpose and

4   objective of the Agreement, including that the Agreement had the purpose of

5   licensing patents from Netlist in order to reduce the potential risk of patent

6   infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to

7   "deduct any applicable withholding taxes due or payable under the laws of Korea[;]"

8   (4) circumstances surrounding the negotiation of the Agreement, including the lack

9   of substantive negotiations relating to Section 6.2; (5) the course of dealing between

10   Samsung and Netlist, in particular the fact that Samsung routinely declined to

11   support requests for product, and Netlist never asserted that this was a violation of

12   the Agreement prior to 2020; (6) the nature of the semiconductor market, in which

13   supply is strictly limited and shortages are common. Because of this, it would be

14   extremely unusual for Samsung to agree with a small buyer like Netlist to terms that

15   amount to those of a requirements contract; (7) the fact that Section 6.2 of the

16   Agreement has no quantity term.

17

18   DATED:  July 20, 2021          Ekwan E. Rhow
19                                 Marc E. Masters
                                   Kate S. Shin
20                                 Christopher J. Lee
                                   Jong-Min Choi
21                                 Bird, Marella, Boxer, Wolpert, Nessim,
22                                 Drooks, Lincenberg & Rhow, P.C.

23
24
                               By: _____
25
                                       Christopher J. Lee
26                                 Attorneys for Defendant Samsung
                                   Electronics Co., Ltd.
27

28

3731051.4

35 - Exhibit C
23

DEFENDANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

1

**PROOF OF SERVICE**

2

*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

6

7

      On July 20, 2021, I served the following document(s) described as

8

**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SETS 1 AND 2)**

9

10

      **VERIFICATION**

11

on the interested parties in this action as follows:

12

**SEE ATTACHED SERVICE LIST**

13

      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address jkinsey@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18

      Executed on July 20, 2021, at Los Angeles, California.

19

20

21

Jessica D. Kinsey

22

23

24

25

26

27

28

36 - Exhibit C

1

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

2

3  Jason C. Lo
   Matthew Benjamin
4  Raymond A. LaMagna
   Marissa Moshell
5  Gibson, Dunn & Crutcher LLP
   333 South Grand Avenue
6  Los Angeles, California 90071
   Telephone: (213) 229-7000
7  Email: jlo@gibsondunn.com
   Email: mbenjamin@gibsondunn.com
8  Email: rlamagna@gibsondunn.com
   Email: mmulligan@gibsondunn.com
9  **Counsel for Plaintiff Netlist Inc.**

10 Soolean Choy
   Gibson, Dunn & Crutcher LLP
11 1881 Page Mill Road
   Palo Alto, CA  94304
12 Telephone: (650) 849-5300
   Email: schoy@gibsondunn.com
13 **Counsel for Plaintiff Netlist Inc.**

Jason Sheasby
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone: (310) 203-7096
Email: jsheasby@irell.com
**Counsel for Plaintiff Netlist Inc.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28