# Exhibit A

Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
    jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br> Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR REVIEW OF NONDISPOSITIVE RULING PURSUANT TO FED. R. CIV. P. 72(A)** <br><br> Date: August 30, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 7C <br><br> Assigned to Hon. Mark C. Scarsi |

3738149.3

4

MOTION FOR REVIEW OF NONDISPOSITIVE RULING

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 9:00 a.m. on August 30, 2021, or as soon thereafter as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Samsung Electronics Co. Ltd. will, and hereby do, move pursuant to Federal Rule of Civil Procedure 72(a), for a review of Magistrate Judge's nondispositive ruling, namely, the order issued July 19, 2021 compelling Samsung's responses to Netlist's Interrogatory No. 8 and Request for Production No. 11.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this matter, and such other matters as may be presented to the Court at the hearing.

DATED: August 2, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Jong-min Choi
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Samsung Electronics Co., Ltd. ("Samsung") respectfully objects to Magistrate Judge McCormick's July 19, 2021 order (Dkt. 76; the "Order") compelling Samsung to "produce data summarizing, by customer and product, monthly unit and pricing totals for Samsung NAND and DRAM products sold to customers other than Netlist" because it can be deemed to call for information that is on its face irrelevant, prejudicially overbroad and unduly burdensome. Samsung therefore requests that the Order be clarified such that compliance becomes practicable with no prejudice to Netlist.

Pursuant to Fed. R. Civ. P. 72(a) and Civ. L.R. 72-2, Samsung objects to the Order and asks the Court to modify a portion it as follows, for reasons stated below.

Current Order:

(a) In response to Request for Production No. 11, Samsung must produce data summarizing, by customer and product, monthly unit and pricing totals for Samsung NAND and DRAM products sold to customers other than Netlist. This can be limited to the time period of November 2015 through July 2020. This may be in the form of an Excel file or files reflecting data exported from Samsung's records and/or those of its subsidiaries or affiliates as applicable.

Proposed Modification:

(a) In response to Request for Production No. 11, Samsung must produce data summarizing, by customer and product, monthly unit and pricing totals for Samsung NAND and DRAM products **of the same type sold to Netlist,** sold to customers ~~other than Netlist~~ **in the United States who purchase similar volumes as Netlist**. This can be limited to the time period of November 2015 through July 2020. This may be in the form of an Excel file or files reflecting data exported from Samsung's records and/or those of its subsidiaries or affiliates as applicable.

## II. BACKGROUND

Two written discovery requests are at issue: one interrogatory and one request for production that Netlist propounded on March 4, 2021, which in relevant part are as follows:

- **Netlist's Interrogatory No. 8**: Describe all Persons Samsung supplied

NAND and DRAM Products to since November 12, 2015, including but not limited to Uber Technologies, Inc. or its affiliates and/or subsidiaries. For the purposes of this Interrogatory, identify each Person supplied and list the dollar amount of NAND and DRAM Products provided to each Person by fiscal quarter.

- **Netlist's Request for Production No. 11**: All Documents sufficient to show the quantities and prices at which Samsung sold NAND and DRAM Products to customers other than Netlist, including but not limited to Uber Technologies, Inc. or its affiliates and/or subsidiaries, since November 12, 2015.

After the parties failed to reach agreement on those two discovery requests, the issue was heard at Informal Discovery Conference on June 29, 2021. On July 19, 2021, Magistrate Judge McCormick ordered Samsung to produce, by August 16, 2021, its records of all sales of Samsung NAND and DRAM products to its customers other than Netlist, summarizing by customer, product, and monthly unit and pricing totals, from November 2015 to July 2020. Order at 3.

## III. DISCUSSION

### A. Legal Standard

Reversal of a Magistrate Judge's nondispositive ruling is appropriate "if [the Magistrate Judge's] discretion was abused." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012). This includes discovery rulings. *Id.* "A district judge may accept, set aside, or modify, in whole or in part" any such ruling. *Id.* (citing Fed.R.Civ.P. 72(a)).

### B. The Order Is Overbroad As To NAND And DRAM Products

Samsung raised the argument that "NAND and DRAM are broad categories incorporating many different types of products," and submitted evidence that the "vast majority of Netlist's purchases were restricted to three products." Dkt. 56 at 6-7. Though it had the opportunity to do so, Netlist never addressed this point. The Order also did not address this argument.

Because Netlist was not in the market for all types of NAND and DRAM products, not all types of NAND and DRAM are relevant here. The Order thus significantly adds to Samsung's burden of production without adding any relevant

discovery. Therefore, the portion of the Order compelling production of irrelevant NAND and DRAM products is a misapplication of the rule limiting discovery to information relevant to a claim or defense. Fed.R.Civ.P. 26(b).

### C. The Order Is Overbroad And Overly Burdensome As To Samsung's Other Customers.

Samsung pointed out that data regarding Samsung's other customers has no relevance to Netlist's allegations. Netlist does not allege in its complaint Samsung failed to provide product to Netlist at a competitive price. The gravamen of the complaint is Samsung failed to fulfill Netlist's orders. That can be *only* be proven by Netlist's own orders, and Samsung's responses to them, and any data about *any* of Samsung's other customers is irrelevant to this topic. Netlist does not allege anywhere in its complaint that Samsung's prices were not competitive. Prices paid by Netlist or Samsung's other customers are irrelevant.

Netlist has pled that Section 6.2 of the Joint Development and License Agreement, which is the contract at issue, is a supply obligation because it reads: "Samsung will supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (*i.e.*, among customers purchasing similar volumes of similar products)." Dkt. 1 (First Amended Compl.), ¶ 10.[1] The plain language of the contract establishes the irrelevance of other customers *dissimilar* to Netlist. Even if Netlist were correct that Section 6.2 is a supply obligation, which it is not, it could not be more than an obligation to supply Netlist as one among Samsung's customers similar to Netlist. Limiting the productions to comparable customers is sufficient for Netlist to discern whether it had been subject to different treatment. Expanding the productions to dissimilar customers risks distorting the factual picture and due to the

---

[1] As set forth in Samsung's Motion for Judgment on the Pleadings, including its reply in support of that Motion which will be filed today, Section 6.2 clearly is not a supply obligation in the manner in which Netlist would have the Court believe.

3738149.3

3
MOTION FOR REVIEW OF NONDISPOSITIVE RULING

additional departments responsible for different types of customers is overly burdensome and adds no probative value on the merits of Netlist's case.

Moreover, the Order glosses over the burden on Samsung, stating only that Netlist's claim to $50 million in damages makes the burden proportionate to the case. That sum, while significant, pales in comparison to Samsung's annual worldwide revenue of over $47 billion in its memory business. Dkt. 56-1 (Declaration of Kyong Yong Lee), ¶ 10. Even if the data about other customers were relevant, Netlist has never bought NAND or DRAM products from any Samsung Electronics entity other than Samsung Semiconductor Inc., a California corporation authorized to do business in the United States. To require Samsung and its other subsidiaries worldwide, which are not parties to this case, to collect, summarize, and produce data relating to sales of $47 billion products across the globe because of a case in which slightly more than one-thousandth, or 0.1%, of it is at issue relating to sales in the United States and nowhere else is the very picture of disproportionality.

Limiting discovery to other customers that (1) are in the United States and (2) operate in the same sales channel as Netlist is an objective and proportional means of meeting Netlist's needs.

**IV.  CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court modify the Order to Samsung's proposed form above.

| | | |
|---|---|---|
| 1 | DATED: August 2, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | Ekwan E. Rhow<br>Marc E. Masters |
| 4 | | Kate S. Shin<br>Christopher J. Lee |
| 5 | | Jong-min Choi |
| 6 | | Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, P.C. |
| 7 | | |
| 8 | | |
| 9 | | By: _____ |
| 10 | | Ekwan E. Rhow |
| 11 | | Attorneys for Defendant Samsung<br>Electronics Co., Ltd. |

3738149.3

5

MOTION FOR REVIEW OF NONDISPOSITIVE RULING

8/2/2021  Case 8:20-cv-00993-MCS-ADS   Document 106-2   Filed 08/02/21   Page 9 of 10   Page ID
CM/ECF - California Central District
#:1587

**Discovery Motions**

8:20-cv-00993-MCS-ADS Netlist Inc. v. Samsung Electronics Co., Ltd.

ACCO,(ADSx),DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Rhow, Ekwan on 8/2/2021 at 9:04 PM PDT and filed on 8/2/2021
**Case Name:**  Netlist Inc. v. Samsung Electronics Co., Ltd.
**Case Number:**  8:20-cv-00993-MCS-ADS
**Filer:**  Samsung Electronics Co., Ltd.
**Document Number:** 105

**Docket Text:**
**NOTICE OF MOTION AND MOTION for Review of NONDISPOSITIVE RULING PURSUANT TO FED. R. CIV. P. 72(A) re [76] Minutes of In Chambers Order/Directive - no proceeding held filed by Defendant Samsung Electronics Co., Ltd.. Motion set for hearing on 8/30/2021 at 09:00 AM before Judge Mark C. Scarsi. (Rhow, Ekwan)**

**8:20-cv-00993-MCS-ADS Notice has been electronically mailed to:**

Brooke L. Wallace     bwallace@gibsondunn.com

Ekwan E Rhow     erhow@birdmarella.com, brl@birdmarella.com, docket@birdmarella.com, eer@birdmarella.com

Jason C. Lo     jlo@gibsondunn.com, lgadberry@gibsondunn.com

Jason G Sheasby     jsheasby@irell.com, jkgriffin@irell.com, LWakino@irell.com

Jong-min Choi     jmchoi@birdmarella.com, blee@birdmarella.com

Jumin Lee     clee@birdmarella.com, cjl@birdmarella.com, jkinsey@birdmarella.com

JungEun Lee     nlee@gibsondunn.com

Kate S. Shin     kshin@birdmarella.com, docket@birdmarella.com, kss@birdmarella.com, mmh@birdmarella.com

Marc E Masters     mmasters@birdmarella.com, docket@birdmarella.com, ktw@birdmarella.com

Marissa Moshell     mmulligan@gibsondunn.com, evarela@gibsondunn.com

Matthew Benjamin     mbenjamin@gibsondunn.com

Raymond Angelo LaMagna     rlamagna@gibsondunn.com

Soolean Choy     schoy@gibsondunn.com

11

**8:20-cv-00993-MCS-ADS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Motion for Review of Nondispositive Ruling.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/2/2021] [FileNumber=32382950-0]
[93f8923b31c20064dce534c35021efbaf28a2e7b80fe8496e7b7888dc9954e1798d0
57d0562690d3df67a8fac17dd1403ec6e1e2e21dae0d10994cc1d4c3906b]]