JASON C. LO, SBN 219030
   jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
   mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
   rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**PLAINTIFF NETLIST INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO TAKE DEPOSITIONS OUT OF TIME**<br><br>SUPPORTING DECLARATION OF RAYMOND A. LAMAGNA FILED CONCURRENTLY HEREWITH<br><br>[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH<br><br>Action Filed: May 28, 2020<br>Trial Date    November 30, 2021 |

1

PLAINTIFF NETLIST INC.'S EX PARTE APPLICATION TO TAKE DEPOSITIONS OUT OF TIME

## NOTICE OF *EX PARTE* APPLICATION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Netlist Inc., by and through its counsel of record, applies *ex parte* pursuant to Central District of California Local Rules 7-19 and 7-19.1 for an order permitting Netlist to take depositions out of time and to continue the subsequent expert discovery deadlines by a similar period. Plaintiff requests that the current deadlines be continued and schedule set as follows:

(i) that Plaintiff be permitted to take fact depositions of Samsung witnesses through September 10, 2021,

(ii) that initial expert disclosures shall be served after depositions are complete by no later than September 20, 2021, and

(iii) that rebuttal expert reports and the close of expert discovery shall be similarly shifted to October 11, 2021, and October 22, 2021 respectively.

**Netlist does not request any change to any other discovery deadlines—the close of Fact Discovery will otherwise remain at August 16, and the parties' summary judgment deadline will remain on August 16 as well.** The scheduling relief that Netlist requests thus does not impact any deadline for the Court, and should not have any impact on the trial schedule. Rather, this allowance merely permits Netlist to take depositions that have been otherwise delayed due to Defendant's failure to timely produce custodial documents relevant to the witnesses to be deposed.

This *ex parte* request to continue these discovery deadlines is based upon this Notice, the attached Application and memorandum in support thereof, the supporting Declaration of Raymond A. LaMagna, and such other evidence as may be presented to the Court at any hearing on the Application or of which the Court takes judicial notice.

/
/
/
/

1  Dated: August 3, 2021

2                                                    GIBSON, DUNN & CRUTCHER LLP

3

4                                                    By: */s/ Raymond LaMagna*
                                                     Raymond LaMagna
5                                                    333 South Grand Avenue
                                                     Los Angeles, CA 90071
6                                                    213.229.7101
7                                                    Rlamagna@gibsondunn.com

8                                                    Attorneys for Plaintiff Netlist Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EX PARTE APPLICATION AND MEMORANDUM IN SUPPORT

### I. NAMES AND ADDRESSES OF OPPOSING COUNSEL

Pursuant to Central District of California Local Rule 7-19, the name, address, telephone number, and e-mail address of counsel for the opposing party is as follows:

Ekwan E. Rhow
erhow@birdmarella.com
Marc E. Masters
mmasters@ birdmarella.com
Kate S. Shin
kshin@birdmarella.com
Christopher J. Lee
clee@birdmarella.com
Jong-min Choi
jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 201-2100
Fax: (310) 201-2110

### II. PROCEDURAL HISTORY AND BACKGROUND

Netlist seeks a limited extension to take Samsung depositions out of time. Netlist itself will finish its responses to Samsung's written discovery requests by the existing August 16, 2021 deadline, and Netlist will make available all of its witnesses for deposition before August 16, 2021. In other words, no alteration is necessary with respect to Netlist's discovery obligations.

Netlist requests additional time to take the Samsung depositions because Samsung has yet to produce materials that Netlist requested on March 4, 2021, and which Netlist has diligently sought since. As of this application, the majority of responsive materials, which the Court has now ordered produced, remain unproduced.

Netlist served Samsung with Requests for Production of Documents on March 4. LaMagna Decl. ¶ 4. After requesting an extension to respond, Samsung served almost

exclusively boilerplate objections to Netlist's RFPs on April 19. *Id*. Netlist asked to confer with Samsung on the deficiencies the next day, April 20. *Id*. After Samsung would not agree to produce responsive documents after several sessions of meeting and conferring, the parties' approached Magistrate Judge McCormick to resolve the production dispute on May 24, 2021. *Id*. ¶ 5.

Over the next two months, the parties had six informal discovery hearings with Judge McCormick, culminating in his requesting that Netlist submit an order compelling Samsung's document production. *See id*. ¶ 6 and Dkt. 47, 51, 68, 69, 73, 90. On July 19, Judge McCormick recused himself, and the matter was reassigned to Magistrate Judge Spaeth. The parties then appeared before Judge Spaeth on July 27 at which time Judge Spaeth entered the order requested by Netlist, compelling production responsive to Netlist's March 4th RFPs. Dkt. 93. Judge Spaeth ordered that such production take place "within five (5) days," i.e., by August 1, 2021. *Id*.

On July 29, the parties again appeared before Judge Spaeth. During that conference, Samsung then urged Judge Spaeth to modify the August 1, 2021 deadline because Samsung's production is likely to be so voluminous that Samsung contended it could not possibly comply with Judge Spaeth's Order by the original deadline. LaMagna Decl. ¶ 7. Samsung indicated for the first time that it was screening **over 100,000 additional documents** (with a significant portion in Korean) for production to comply with Judge Spaeth's order. *Id*. ¶¶ 7, 9. In light of that representation and at Samsung's request to accommodate preparation of this voluminous production, Judge Spaeth reset Samsung's production deadline to August 6, 2021. *Id*. ¶ 7

To place things into context, prior to the July 29 hearing with Judge Spaeth, Samsung had made is first substantive production (about 16,000 documents) only two days earlier (having previously produced just a few hundred documents a week earlier). *Id*. ¶ 8. Now, Samsung has represented to Magistrate Judge Spaeth that it may produce over 100,000 documents by August 6, 2021, months after Netlist demanded them, and just ten days before the fact discovery cutoff. *See id*. ¶ 7.

The volume and timing of Samsung's production are not the only problems: Netlist expects that a material number of these new documents will require translation, which adds additional time to the review process. *Id.* ¶¶ 9–13. Most of the Samsung custodians in this case are located in Korea and are native Korean speakers. *Id.* ¶ 9. And in the minor production that Samsung has provided so far, a number of the documents (including many of the most critical emails) are written in Korean. *Id.*

Absent the opportunity to take depositions out of time, Netlist will be severely prejudiced by Samsung's discovery recalcitrance and by its refusal to produce discovery without order until the last possible week. *See id.* ¶¶ 13–14. Netlist has diligently and doggedly pursued Samsung's production compliance from the beginning. Because initial expert disclosures are currently due by Monday, August 23, 2021 (a week after fact discovery closes), Netlist requests that this deadline also be continued to September 20 (the Monday a week following the depositions). Netlist would request that the rebuttal expert date and close of expert discovery be then shifted in lockstep as well to October 11th and 22th respectively (similar time allowances to the Court's Scheduling Order).[1] **Because Netlist is not asking the Court to change the deadline for Motions for Summary Judgment or trial schedule (or any other dates), Netlist's application will not affect the Court's schedule**. *See id.* ¶ 16. Rather, it will just allow Netlist to obtain the discovery for trial to which it is entitled.

In meeting and conferring, Samsung has indicated that it will oppose this application. LaMagna Decl. ¶ 17. As the Court will recall, Samsung made two requests last month to extend fact discovery. The only thing that has changed since then is that Samsung has now been ordered to produce documents it should have produced long ago, including key documents such as the parties' correspondence and Samsung's internal records regarding handling Netlist's account (*see* Dkt. 93). A reasonable inference here is that Samsung now wants to force Netlist to take

---

[1] Rebuttal expert disclosures are currently due by September 13, 2021, with expert discovery is scheduled to close on September 20, 2021. Dkt. 41.

depositions and submit expert reports before Netlist has had a fair opportunity to review and take depositions based on the entirety of Samsung's document production.

### III. GROUNDS FOR APPLICATION

This Court's rules state that "continuances are granted only on a showing of good cause. . . ." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). And good cause exists here. Absent the relief sought, Netlist will be prejudiced because it will be impossible for it to meaningfully depose Samsung's custodians. Unless relief is granted, Netlist will not have a meaningful opportunity to seek testimony concerning the bulk of Samsung's documents, despite Netlist's diligence. In contrast, Samsung will suffer no undue prejudice by granting Netlist the time to review and, where necessary, translate Samsung's belated document production prior to examining Samsung deponents.

As detailed above, Netlist has diligently sought document discovery from Samsung for five months now. LaMagna Decl. ¶¶ 2–9. After months of efforts to push Samsung to comply with its obligations—and numerous discovery hearings—Magistrate Judge Spaeth finally ordered Samsung to produce from 22 custodians their correspondence with Netlist, as well as any documents related Netlist or its contract with Samsung that is at the heart of this litigation. Dkt. 93. It was not until July 29 that Samsung disclosed that it was sitting on up to 100,000 or more additional documents that have not been previously produced. LaMagna Decl. ¶ 7. And these are all documents that Netlist had requested from the beginning, including when the parties' conferred in April. *Id.* at ¶ 4.

A *substantial* part of those documents will likely be in Korean and thus will require translation before they can be meaningfully evaluated by counsel, much less used in a deposition. *Id.* ¶¶ 7, 9–10, 12. Samsung was initially ordered to produce such documents by August 1, 2021, Dkt. 93, but, a few days ago Magistrate Judge Spaeth continued that deadline to August 6, 2021, *see* Dkt. 95, LaMagna Decl. ¶¶ 6–7.

This moved Samsung's production deadline *past* the date on which Netlist had scheduled depositions of certain Samsung custodians, or within a week of those depositions. LaMagna Decl. ¶ 7. Given the need to process, review, and translate documents before these depositions, however, it is simply not possible for Netlist to depose these witnesses on their documents in the time remaining given Samsung's delay. *Id*. ¶ 13; *see also id.* at ¶¶ 10–12.

In sum, absent an extension of these deadlines, Netlist will not be able depose witnesses on the overwhelming majority of evidence produced by Samsung. *Id*. ¶¶ 13–14. This will severely prejudice Netlist's preparation of its case for trial and Netlist's ability to prosecute its claims. *See id*. Netlist has diligently and determinedly sought these documents for five months. Netlist should not be denied the discovery and evidence to which it is entitled merely because Samsung has repeatedly and flagrantly refused to comply with its discovery obligations. That highly inequitable result can be avoided, however, if Netlist's deadline to take depositions is extended through September 10, 2021, which will provide Netlist with an opportunity to properly develop the record. *See id.* ¶ 13.

If Netlist's depositions were permitted occur out of time, Netlist requests a corresponding continuation of the deadlines for expert discovery to allow Netlist to include any relevant testimony obtained in its expert disclosure. *Id*. ¶¶ 3, 15. But neither this accommodation nor permitting depositions out of time will affect any other pre-trial deadlines or deadline of the Court. Netlist does not seek any adjustment to the summary judgment or trial dates as a result of this application. Those are not affected.

### IV. NOTICE OF APPLICATION AND OPPOSING PARTY'S POSITION

Netlist's counsel provided notice of this Application, and grounds in support hereof, to the above counsel for Samsung on July 30, 2021, with further conferences occurring on August 1 and 2. LaMagna Decl. ¶ 17. In response, Samsung indicated that it would not agree to Netlist taking depositions out of time to address Samsung's belated production unless Netlist allowed Samsung to also extend depositions it was

taking and/or to move the Court's summary judgment schedule.[2] *Id*. Netlist does not believe that Samsung has good cause to extend its own depositions or for it to extend its deadline to file its summary judgment motion. As such, the parties did not reach an agreement. *Id*.

Netlist has served this Application and all supporting papers on Samsung by e-mail in compliance with the Court's procedures. *Id*. ¶ 18. Netlist's counsel has also notified Samsung's counsel that this Court requires opposing papers to be filed no later than twenty-four hours (or one court day) following service of this Application. *Id*. Netlist's counsel also notified Samsung's counsel that, if it does not intend to oppose this Application, it must inform the Court Clerk by telephone as soon as possible. *Id*.

Dated: August 3, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7101
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

---

[2] On August 1, 2021, Samsung also counter-proposed that it would agree to a one-week extension for the deposition of two Samsung deponents, with all other depositions of Samsung witnesses moving forward as currently scheduled. *Id*. ¶ 17. This proposal, however, failed to address the scope of the problem created by Samsung's delay, the number of Samsung custodians implicated, or the time it takes to review, identify, and translate Korean-language documents for depositions.

## CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO TAKE DEPOSITIONS OUT OF TIME** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 3, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.