JASON C. LO, SBN 219030
 jlo@gibsondunn.com
MATTHEW BENJAMIN (pro hac vice)
 mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
 rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>           Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**DECLARATION OF RAYMOND A. LAMAGNA IN SUPPORT OF PLAINTIFF NETLIST INC.'S *EX PARTE* APPLICATION TO TAKE DEPOSITIONS OUT OF TIME**<br><br>Action Filed: May 28, 2020<br>Trial Date     November 30, 2021 |

## DECLARATION OF RAYMOND A. LAMAGNA

I, Raymond A. LaMagna, declare:

1. I am an attorney admitted to practice before this Court. I am associated with the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Plaintiff Netlist Inc. in the above-captioned matter. I am submitting this declaration in support of Plaintiff's Notice of *Ex Parte* Application and *Ex Parte* Application to Take Depositions Out of Time. I have personal knowledge of the matters stated herein and if called to testify to such matters, I could and would testify hereto.

2. As summarized below, Netlist has diligently and without delay sought the production of documents from Samsung in this case over last five months. As described below, Samsung has vigorously resisted even the most basic discovery (like disclosing copies of the parties' correspondence at issue in the case). As a result, Netlist has had to bring multiple applications to Magistrate Judge McCormick, and later Magistrate Judge Spaeth, which ultimately resulted in an order compelling Samsung's compliance. Fact discovery is scheduled to close on August 16, and Samsung has indicated that it will not be able to comply with the Court's order to compel its production until Friday August 6, at which time it expects to produce a voluminous quantity of responsive documents, many of which will be in Korean.

3. As described below, given the logistics required to process, review, and as needed translate such a large production, Netlist will be unable to use documents from Samsung's production in currently scheduled depositions unless the Court grants Netlist the relief requested, namely the ability to take depositions out of time.

4. Netlist served Samsung with Requests for Production of Documents on March 4. After requesting an extension to respond, Samsung served almost exclusively boilerplate objections to Netlist's RFPs on April 19. Netlist asked to confer with Samsung on the deficiencies the next day, April 20. I then personally met and conferred with counsel for Samsung for several hours over multiple sessions in an effort to get Samsung to agree to produce discovery. Among the materials that I asked

Samsung to produce were copies of the parties' mutual correspondence during the period in dispute and Samsung's internal records regarding its handling of Netlist's account and orders, which is the subject of this litigation. Samsung would not agree.

5. After Samsung would not agree to produce responsive documents after several sessions of meeting and conferring, the parties' approached Magistrate Judge McCormick on May 24, 2021 to resolve the production dispute, among other disputes.

6. Over the next two months, the parties had six informal discovery hearings with Judge McCormick, culminating in his requesting that Netlist submit an order compelling Samsung's document production. *See* Dkt. 47, 51, 68, 69, 73, 90. On July 19, Judge McCormick recused himself, and the matter was reassigned to Magistrate Judge Spaeth. The parties then appeared before Judge Spaeth on July 27 at which time Judge Spaeth entered the order requested by Netlist, compelling production responsive to Netlist's March 4th RFPs. Dkt. 93. Judge Spaeth ordered that such production take place "within five (5) days," *i.e.*, by August 1, 2021. *Id*.

7. On July 29, 2021, the parties again appeared before Judge Spaeth. During this conference, Samsung urged Judge Spaeth to modify the August 1, 2021, deadline because, according to Samsung, its production would be so voluminous that it would not otherwise able to comply with Judge Spaeth's original deadline. During the conference, Samsung indicated for the first time that it was screening **over 100,000 additional documents** (with a significant portion in Korean) for production to comply with Judge Spaeth's order. In light of Samsung's representations and to accommodate Samsung's preparation of this voluminous production, Judge Spaeth then reset Samsung's production deadline to August 6, 2021. This moved Samsung's production deadline *past* the date on which Netlist had scheduled depositions of Samsung custodians, or within a week of those depositions.

8. For context, prior to the July 29 hearing with Judge Spaeth, Samsung had made is first substantive production (about 16,000 documents) only two days earlier on July 27. Prior to that, Samsung had made only two productions: It produced six

documents (less than 30 pages total) at the start of discovery, and then made no further production until July 16, at which time it produced about 500 more documents (less than 3000 pages total). Thus, for over four months that Netlist's requests for production were outstanding, Samsung had produced less than 30 pages of discovery.

9. Of the 22 custodians covered by Judge Spaeth's order to compel (*see* Dkt. 93 at 2 n.1), 20 are native Korean speakers, almost all of which work at Samsung's offices in the Republic of Korea. As such, as with Samsung's prior production, Netlist understands that a substantial portion of the voluminous documents to be produced this week will require review by bilingual attorneys, and then require subsequent certified translation by qualified Korean translators.

10. I have extensive experience working on matters involving foreign-language discovery and translation. I have managed large litigations involving Korean litigants, and requiring Korean-language review and translation, multiple times over the last ten years. In my experience, substantive review of Korean language documents by bilingual attorneys is substantially slower than English-only review. For example, it is not uncommon for a native English-speaking attorney reviewing English language documents to review around 300 or more documents a day to identify key items. But a bilingual review of Korean documents can drop to half that pace (e.g., around 20 documents an hour or less, versus 30 or more an hour).

11. Netlist presently has a dozen full time attorneys staffed solely to review tasks, half of which are bilingual. We are currently adding staff this week with the goal of at least doubling that number by Friday. But, even with the expanded staffing, I estimate that the *initial* review of Samsung's forthcoming production will take *at least* two weeks, depending on the volume ultimately produced (and assuming a reasonably sizable portion of the documents are still only in English).[1]

---

[1] It deserves note that a substantive review of documents to identify materials suitable for deposition or trial exhibits is a much slower process than a review of preproduction materials for production. In the latter case, such as the review that
*(Cont'd on next page)*

12. Once Korean-language documents are identified for trial exhibits, Netlist will need to obtain certified translations, which we will do on a rolling basis as documents are identified. Email chains can typically be translated in one to three days, depending on length (longer if numerous such documents need to be translated, as will likely be the case here). Longer substantive documents (e.g., PowerPoint presentations or legal documents) can take much longer, often a week or more.

13. Taken together, I estimate it will take Netlist at least a couple of weeks to process, identify by review, and translate key documents to be used in depositions. Netlist has requested to take depositions out of time until September 10, three-and-half weeks after the close of fact discovery. I believe this allowance will be necessary for Netlist to be able to review Samsung's forthcoming production, obtain translations, and prepare exhibits for depositions. Given the volume of Samsung's forthcoming production and foreign language challenges, I do not think it will be possible to use the documents from Samsung's August 6 production in the presently scheduled depositions set to occur *prior to* the current August 16 discovery cutoff. As such, absent the opportunity to take depositions out of time, Netlist will likely be unable to meaningfully use material from Samsung's main production in any deposition.

14. Given the above, absent the opportunity to take depositions out of time, I believe that Netlist will be severely prejudiced by Samsung's discovery delays and refusal to produce discovery until the last possible week.

15. Because initial expert disclosures are currently due by Monday, August 23, 2021 (a week after fact discovery closes), Netlist has also requested that this deadline also be continued to September 20 (the Monday a week following the

---

Samsung is currently performing, a primary goal is to screen for privilege, which takes much less "reading" or review of documents than substantive categorization. For example, Samsung has been ordered to produce all documents for certain custodians sent to or from netlist.com email addresses (and hence categorically not privileged). This review can occur very rapidly, whereas Netlist's review of the same material will take much, much more time.

depositions), with later expert deadlines moved in lockstep. Otherwise, Netlist could not include any discovery obtained from the later depositions in its expert disclosures.

16. Because Netlist is not asking the Court to change the deadline for Motions for Summary Judgment or the trial schedule (or any other dates), I do not believe that Netlist's application will affect the Court's schedule, delay summary judgment, or affect the trial schedule. Allowing Netlist to take depositions out of time will simply allow Netlist to gather the additional evidence for trial to which it is entitled under the Federal Rules.

17. In meeting and conferring, Samsung has indicated that it will oppose this application. I met and conferred with Samsung's counsel on July 30, and again on August 1 and 2. During those conferences, I provided notice of this Application, and grounds in support hereof, to counsel for Samsung. In response, Samsung indicated that it would not agree to Netlist taking depositions out of time to address Samsung's belated production unless Netlist allowed Samsung to also extend depositions it was taking and/or to move the Court's summary judgment schedule.[2] I not believe that Samsung has good cause to extend its own depositions or for it to extend its deadline to file its summary judgment motion. As such, the parties did not reach an agreement to present this application by consent when we conferred.

18. Prior to filing this declaration and related Application, I will have served the Application and all supporting papers on Samsung by e-mail in compliance with the Court's procedures. I will have notified Samsung's counsel that this Court requires opposing papers to be filed no later than twenty-four hours (or one court day) following service of this Application. And I will have notified Samsung's counsel

---

[2] On August 1, 2021, Samsung also counter-proposed that it would agree to a one-week extension for the deposition of two Samsung deponents, with all other depositions of Samsung witnesses moving forward as currently scheduled by August 16. That proposal, however, failed to address the scope of the problem created by Samsung's delay, the number of Samsung custodians implicated, or the time it takes to review, identify, and translate Korean-language documents for depositions. As such, Netlist did not agree to Samsung's counter-proposal.

1 | that, if it does not intend to oppose this Application, it must inform the Court Clerk by
2 | telephone as soon as possible.

4 |     I declare under penalty of perjury under the laws of the United States and the
5 | State of California that the foregoing is true and correct, and that I executed this
6 | declaration on the 3rd of August, 2021, in Los Angeles, California.

*[signature: Raymond A. LaMagna]*

Raymond A. LaMagna

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that the **DECLARATION OF RAYMOND A. LAMAGNA IN SUPPORT OF PLAINTIFF NETLIST INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO TAKE DEPOSITIONS OUT OF TIME,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 3, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.