UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00993-MCS-ADS     Date August 3, 2021

Title *Netlist Inc. v. Samsung Elecs. Co., Ltd.*

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION TO ADVANCE HEARING (ECF NO. 106) AND MOTION FOR REVIEW OF NONDISPOSITIVE RULING (ECF NO. 105)

Defendant Samsung Electronics Co., Ltd., applies ex parte for an order advancing the hearing date on its concurrently filed motion for review of Magistrate Judge McCormick's discovery order of July 19, 2021. (Appl., ECF No. 106; Mot., ECF No. 105.)

The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing set for August 30, 2021. The Court denies the ex parte application as moot.

The Court denies the motion for three independent reasons.

First, the motion is untimely. The Court's scheduling order requires discovery-related motions to be heard before the discovery cut-off. (Order Re: Jury Trial § I(B)(1), ECF No. 41.) This deadline applies to motions for review of discovery orders under Rule 72(a). Samsung set its motion for hearing two weeks after the discovery cut-off of August 16, 2021.

Second, the motion fails to demonstrate compliance with the prefiling conference requirement. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."); *see also In re Toyota Motor Corp. Hybrid Brake Mktg.*, No. 2:10-cv-00946-CJC (RNBx), 2011 U.S. Dist. LEXIS 160804, at *5–6 (C.D. Cal. Dec. 2, 2011) (applying prefiling conference requirement to motion for review of discovery order under Rule 72(a)). "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). Samsung provides no statement of compliance with the requirement. (*See* Choi Decl. ¶ 3, ECF No. 106-1 (indicating counsel provided notice of the related ex parte application but presenting no information about whether counsel conferred on the underlying motion).)

Third, the motion fails on the merits. A district judge may reconsider a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). A magistrate judge's factual determinations are reviewed for clear error, and the judge's legal conclusions are reviewed de novo to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Courts evaluating a magistrate judge's decision concerning an evidentiary question of relevance apply "the clearly implicit standard of abuse of discretion." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (internal quotation marks omitted). "A judge abuses his discretion 'only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision.'" *Id.* (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)). Samsung maintains that Magistrate Judge McCormick abused his discretion by issuing an overbroad order and overlooking the burden of production. (Mot. 2–4.) Samsung provides little more than a perfunctory disagreement with the ruling. On review of the record and the discovery order, the

Court determines that Magistrate Judge McCormick did not abuse his discretion in ordering Samsung to produce data concerning the products at issue in the parties' contract dispute. As the magistrate judge opined, the allegations in the First Amended Complaint concerning the parties' agreement to supply products "are sufficient to warrant discovery into Samsung's sales data involving other customers." (Discovery Order 2, ECF No. 76.) Magistrate Judge McCormick determined that Samsung failed to "provide anything but a conclusory showing of how burdensome" production would be, and he reasonably weighed Samsung's paltry evidence against the substantial damages alleged. (*Id.*) There is no reason to disturb the order.

      The Court denies the application and the motion.

**IT IS SO ORDERED.**