UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00993-MCS-ADS | Date August 3, 2021 |
| Title *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION TO TAKE DEPOSITIONS OUT OF TIME (ECF NO. 114)

Plaintiff Netlist Inc. applies ex parte for an order (1) allowing it to take depositions after the fact discovery cut-off and (2) continuing the expert discovery deadlines. (Appl., ECF No. 114.) Defendant Samsung Electronics Co., Ltd., opposes the application. (LaMagna Decl. ¶ 17, ECF No. 114-1.)

The application does not warrant ex parte relief. Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Here, Netlist created the crisis giving rise to the need for ex parte relief. Although Netlist avers it only recently learned that Samsung will imminently produce a significant number of documents, (*see* LaMagna Decl. ¶ 7), the dispute over the discovery requests giving rise to the production has been at issue for months. (*See id.* ¶¶ 4–7 (indicating the parties met and conferred on Samsung's responses to requests for production between April and

May 2021 and participated in informal discovery hearings before the assigned magistrate judges between May and August 2021).) The Court warned the parties at the outset of this case that its deadlines are firm. (Initial Standing Order § 4, ECF No. 26.) The Court has repeatedly denied the parties' requests to continue discovery deadlines. (Order, ECF No. 66; Order, ECF No. 70.) Irrespective of the immediate impetus for Netlist's application, Netlist had ample time to present a regularly noticed motion to continue discovery deadlines based on the outstanding discovery dispute in time to be heard well before the current discovery deadlines. Netlist effectively asks the Court to condone its strategic decision to set fact depositions to occur shortly after Samsung's deadline to produce documents. (*See* LaMagna Decl. ¶ 7 (indicating Netlist scheduled multiple depositions between August 1, the original production deadline, and August 6); *cf.* Rhow Decl. ¶ 7, ECF No. 67-1 (indicating Netlist previously had scheduled depositions to take place between June 29 and July 20).) This is not an appropriate reason for emergency relief.

Reaching the merits, the application does not present good cause to take depositions out of time or continue expert discovery deadlines. "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Netlist does not specify the number of depositions it would like to take out of time, the identities of the deponents, or the subjects of the anticipated testimony. As discussed, Netlist's failure to anticipate a sizable document production at the end of the fact discovery period does not present good cause to grant leave to conduct depositions after the fact discovery cut-off. Netlist does not convincingly explain why it cannot reasonably take those depositions on the current timetable armed with the thousands of documents already produced in discovery. (*See* LaMagna Decl. ¶ 8 (discussing Samsung's document productions through July 2021).) On these grounds, the Court also denies Netlist's request for an extension of expert discovery deadlines.

The application is denied. This is the parties' second ex parte application in two days. The Court warns that abuse of ex parte procedures will result in sanctions.

*See Mission Power Eng'g*, 883 F. Supp. at 492 ("Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire.").

**IT IS SO ORDERED.**