```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                    (SOUTHERN DIVISION - SANTA ANA)


NETLIST, INC,                  ) CASE NO: 8:20-CV-00993-MCS-DFMx
                               )
            Plaintiff,         )           CIVIL
                               )
     vs.                       )      Santa Ana, California
                               )
SAMSUNG ELECTRONICS CO, LTD,   )     Thursday, June 17, 2021
                               )
            Defendant.         )


                   INFORMAL DISCOVERY CONFERENCE

          BEFORE THE HONORABLE DOUGLAS F. McCORMICK,
                UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:          JASON C. LO, ESQ.
                        RAYMOND A. LaMAGNA, ESQ.
                        Gibson Dunn & Crutcher, LLP
                        333 S. Grand Ave.
                        Los Angeles, CA 90071

For Defendant:          JUMIN (CHRIS) LEE, ESQ.
                        MARC E. MASTERS, ESQ.
                        Bird Marella Boxer, et al.
                        1875 Century Park East
                        23rd Floor
                        Los Angeles, CA 90067

Court Reporter:         Recorded; AT&T; digital

Courtroom Deputy:       Nancy Boehme

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**Santa Ana, California; Thursday, June 17, 2021**

**(Remote Appearances)**

**Call to Order**

**THE CLERK:** We on the record on Case SA CV 20-00993, *Netlist, Inc. versus Samsung Electronics*.

Counsel, your appearances, please.

**MR. LaMAGNA:** Raymond LaMagna of Gibson Dunn on behalf of Netlist, joined by my colleague, Jason Lo.

**MR. LEE:** Good morning, Your Honor. Christopher Lee on behalf of defendant, Samsung. And I'm here with my colleague, Marc Masters.

**THE COURT:** All right, counsel. We were -- we scheduled this I think last week, maybe two weeks ago, as a follow-up to -- per our discussions we've had in recent weeks.

And I've received Mr. Rhow's letter as well as Mr. LaMagna's letter. I reviewed them both. It looks like you have made some pretty substantial progress on a number of fronts, and the only issue that you tell me even potentially needs my assistance, and it may not even require it, is a couple of RFAs that referred to something that apparently has more than one name, I guess? The Korean Tax Authority or the Korean National Tax Service, or the -- it sounds like it's the Korean IRS. Maybe we could just all agree to call it that.

So, I'm not sure what the remaining dispute is if there is one. It sounds like we're going to get some

1  responses, Mr. LaMagna?  Am I missing something?

2  **MR. LaMAGNA:**  No, I think that's right, Your Honor.
3  This should be a fairly quick, gracefully quick call.  We have
4  both exchanged, as we noted in the letters, our lists of
5  potential custodians, and our hit counts -- or not -- I'm
6  sorry, not hit counts.  Our list of search terms.

7  I think one of one of, you know, for next week's --
8  well, I think our next call with Your Honor is on the 29th.  We
9  skip next week, and I believe we have a call on the following
10  Tuesday.

11  I think to the extent that the parties have a
12  disagreement regarding search counts or custodians, or
13  whatever, it's not quite yet ripe for Your Honor.  We probably
14  should have some follow-up information that we exchange next
15  week and then we confer, you know, on an interim basis toward
16  the end of perhaps next week, and then follow-up with Your
17  Honor for the -- on the 29th with any disputes that we have.

18  I think heading in that direction, we both made
19  progress I believe on providing information regarding
20  custodians and search terms.  I know that initially defendant
21  had said that they wanted to, you know, guide sort of the
22  selection of custodians and search terms based on hit counts.

23  I think what would be constructive for next week is
24  if maybe by, say, Tuesday, they could provide us hit counts
25  based on the proposal that they have made as well as hit counts

1 based on the proposal that we have made, and then we can meet
2 and confer on that perhaps Thursday or Friday of next week, and
3 see if we have any disagreements based, you know, based on
4 those hit counts and, you know, how that informs our dispute.
5       I think it would also be helpful, we sent them a list
6 of custodians, and we provided, you know, some brief
7 descriptions as to why we thought they were relevant. It was,
8 you know, not just a sentence or so. I see that there's some
9 names on the list that they provided us that I just don't
10 recognize the names.
11       It'd be helpful, I think, just for the context of
12 being able to know whether or not we have a dispute here if we
13 could get a little more context as to why they've identified
14 the people they've identified and, you know, perhaps why they
15 think that some of the people we've identified may not be the
16 appropriate people.
17       So, I think with that information exchanged this
18 upcoming week, I propose we do that on Tuesday, and then I
19 propose we say confer on Thursday, we can bring back to Your
20 Honor any disputes the following week on the 29th.
21       **THE COURT:** All right, Mr. Lee, that all sounds like
22 it could work, but I don't know whether it's reasonable for hit
23 counts to be made by next week, et cetera, et cetera. What do
24 you think about that?
25       **MR. LEE:** Well, Your Honor, I generally agree with my

1  colleague's characterizations of the discussions taken very
2  productive, and we thank Your Honor for your assistance in this
3  process.
4       At this moment, I am not sure I will be able to
5  provide hit count lists by Tuesday, but I certainly agree that
6  we should meet and confer next week, preferably around Thursday
7  on the substance of these search terms and custodians, and aim
8  to narrow the dispute as narrowly as possible prior to our
9  further call with Your Honor on I believe it's the twenty --
10      **THE COURT:**  Twenty-ninth.
11      **MR. LEE:**  -- ninth.  Yes.
12      **THE COURT:**  Okay.  Well, I think that sounds great.
13  You guys are working together, and it sounds like there has
14  been a lot of progress.
15      Mr. Lee, I would only say, if you can get the hit
16  count, if it's humanly possible, I think that would be very,
17  very informative to your discussion next week as you continue
18  to meet and confer.  Otherwise, Mr. LaMagna is going to be kind
19  of groping around in the dark a little bit.
20      Same thing with the information about some of these
21  custodians.  If he tells you, hey, I don't know who Mr. Smith
22  is, help me out here, and we're trying to keep it to a limited
23  number of custodians just to keep the scope of the production
24  more reasonable, that might help him out in determining whether
25  Mr. Smith is more important than Mr. Jones or Ms. Williams, or

1 something like that.

2 Let me -- and I appreciate you guys staying on the
3 phone with me today till 11:00 o'clock; it enabled me to get my
4 folks at 10:00 o'clock off the phone. That's a trade secret of
5 my own; I won't -- you can't share that with other people, but
6 that is how we keep the trains moving on time here.

7 But if there is nothing else to discuss, I'll look
8 forward to talking with you again on the 29th.

9 **MR. LaMAGNA:** Yeah, I think two quick things, Your
10 Honor.

11 I'm not -- I am not married to Tuesday. I was just
12 using that to be constructive. If counsel needs until say,
13 Thursday, then we can confer on Friday. I just want to make
14 sure that we have something concrete to confer about before we
15 come back to Your Honor.

16 And oh, another quick question I wanted to circle
17 back to. As Your Honor may recall, we were debating earlier
18 whether Samsung's U.S. subsidiary, Samsung Semiconductor or
19 SSI, would be included in the search hits or the search
20 efforts, and I don't know that we ever drove that to ground.
21 So, I guess I would just ask now again on the call, do we have
22 an answer on that, yes or no yet, so that we know whether or
23 not we are going to have an issue or a dispute on that point?

24 **THE COURT:** Mr. Lee.

25 **MR. LEE:** Yes, Your Honor, we transmitted our list of

1 custodians to Netlist's counsel, and I think they will find
2 that there are SSI custodians included on that list, so I think
3 we can report that the answer to that question is yes.
4       **THE COURT:** Okay. Let's -- unless there is anything
5 further, let's ask everyone to get me something on the 28th by
6 let's say 5:00 p.m., so that I'll have a chance to look at it
7 either on the evening of the 28th -- oh, I see that you guys
8 are actually at 9:30 on the 29th. Maybe we ought to make it by
9 like 3:00 p.m. on the 28th so that I've got a chance to look at
10 it late in the afternoon on Thursday the 28th, and just tell me
11 what the issues are, if anything, in a couple of pages, and we
12 can always flesh them out.
13       It looks like I've got some time on the 29th to
14 discuss them with you, so if you need, you know, a little
15 longer than we're taking today, we've got the time and we can
16 run these issues to ground.
17       **MR. LaMAGNA:** Absolutely. And one quick question.
18 This is Ray again for Netlist.
19       Regarding RFAs 10, 11, and 12, I guess the issue
20 there was I think that when they were drafted, they were
21 drafted using capital letters for Tax Authority, and the
22 definition wasn't included to specify the specific tax
23 authorities by name which we've provided subsequently.
24       Does Your Honor prefer that those get responded to as
25 is or that Netlist simply serve yet again another -- the same

1 request, but essentially providing the defined term in writing?
2 And I'm just trying to cut down on make work disputes.
3      **THE COURT:** I don't have a view on that. Why don't
4 you ask Mr. Lee which he'd prefer, and he can let you know,
5 because I don't -- I don't want to micromanage that process.
6      **MR. LaMAGNA:** That's great. Thank you, Your Honor.
7      **THE COURT:** Okay. All right. Well, thank you guys
8 very much for all your hard work. I'm glad we've started to
9 streamline some of the disputes and at least focus in on some
10 of the issues that are going to require a little more
11 attention.
12      And we'll talk to you on the 29th.
13      **MR. LEE:** Thank you, Your Honor.
14      **MR. LaMAGNA:** Thank you.
15    **(Proceeding adjourned)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                                          August 5, 2021
           Signed                                                                                    Dated

*TONI HUDSON, TRANSCRIBER*