JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff Netlist Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>  Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**NETLIST INC.'S APPLICATION SUBMITTING DOCUMENTS FOR SAMSUNG'S FORTHCOMING DECLARATION SUPPORTING LEAVE TO FILE UNDER SEAL**<br><br>Action Filed: May 28, 2020<br>Trial Date: November 30, 2021<br><br>Hon. Mark C. Scarsi |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Civil Rule 79–5.2.2, Plaintiff Netlist Inc. hereby submits the attached documents for the Court's consideration pending Samsung's forthcoming declaration supporting its request to the Court that the following materials be filed under seal:

1. Specified language in **Netlist Inc.'s Partial Motion for Summary Judgment** at page 2, lines 7, 12-14; page 7, lines 22-23; page 8, lines 2-6, 12-14; page 9, lines 8-10, 13; page 13, lines 11-12; page 14, lines 16-27; page 15, lines 4-6, 26-27; page 16, lines 1-2, 9-11; page 23, lines 18-20, 23-25;

2. Specified language in **Netlist Inc.'s Rule 56.1 Statement in Support of Netlist Inc.'s Partial Motion for Summary Judgment** at paragraphs 21, 23-25, 35-36, 39, 42, 48, 74-76, 78, 80-88, 90-91, 96-97, 100, 102, 105, 109-110;

3. **Exhibit 15** to the Declaration of Raymond A. LaMagna filed in support of Plaintiff's Motion for Summary Judgment (the "LaMagna Declaration") in full;

4. **Exhibit 16** to the LaMagna Declaration in full;

5. **Exhibit 18** to the LaMagna Declaration in full;

6. **Exhibit 19** to the LaMagna Declaration in full;

7. **Exhibit 20** to the LaMagna Declaration in full;

8. **Exhibit 21** to the LaMagna Declaration in full;

9. **Exhibit 22** to the LaMagna Declaration in full;

10. **Exhibit 23** to the LaMagna Declaration in part, with a redacted version of this exhibit filed publicly to reflect material that was already disclosed in the public record;

11. **Exhibit 31** to the LaMagna Declaration in full;

12. **Exhibit 33** to the LaMagna Declaration in full;

13. **Exhibit 36** to the LaMagna Declaration in full;
14. **Exhibit 40** to the LaMagna Declaration in full;
15. **Exhibit 43** to the LaMagna Declaration in full;
16. **Exhibit 44** to the LaMagna Declaration in full;
17. **Exhibit 48** to the LaMagna Declaration in full;
18. **Exhibit 49** to the LaMagna Declaration in full;
19. **Exhibit 50** to the LaMagna Declaration in full;
20. **Exhibit 51** to the LaMagna Declaration in full;
21. **Exhibit 52** to the LaMagna Declaration in full;
22. **Exhibit 53** to the LaMagna Declaration in full;

The parties met and conferred on the above items beginning on August 21, 2021, and then over the subsequent days. During those discussions, Netlist informed Samsung that it intended to use the above as exhibits in its Motion for Summary Judgment, and to cite to or quote from them in its motion papers and Rule 56.1 statement. Samsung indicated that it did not want them filed publicly, requesting this submission so that Samsung may submit a declaration in support of sealing.

Netlist informed Samsung that, for Netlist's part, Netlist only believed that two items of the above exhibits required sealing, specifically: **Exhibit 15 at p. SEC005299** (portion of Samsung email disclosing non-public list of third-party customers *of Netlist*) and **Exhibit 18 at p. SEC058105–06** (same). *See also* accompanying Declaration of Raymond A. LaMagna. These are thus the only material from the above that Netlist itself contends should be redacted from the public record.

As such, Netlist would file its moving papers and Rule 56.1 statement fully unredacted in the public record but for the fact that it cites to and quotes from the above materials produced by Samsung and over which Samsung desires a seal.

Thus, pursuant to Local Rule 79-5.2.2(b), Netlist files this Application to allow Defendant Samsung the opportunity to file its supporting declaration explaining why it believes these documents should be sealed:

23. The specified language in **Netlist Inc.'s Partial Motion for Summary Judgment** at page 2, lines 7, 12-14; page 7, lines 22-23; page 8, lines 2-6, 12-14; page 9, lines 8-10, 13; page 13, lines 11-12; page 14, lines 16-27; page 15, lines 4-6, 26-27; page 16, lines 1-2, 9-11; page 23, lines 18-20, and 23-25 is being lodged pursuant to this sealing application solely because it contains citations to and/or quotes from materials Samsung seeks to file under seal, as noted in the subsequent paragraphs below;

1. The specified language in **Netlist Inc.'s Rule 56.1 Statement in Support of Netlist Inc.'s Partial Motion for Summary Judgment** at paragraphs 21, 23-25, 35-36, 39, 42, 48, 74-76, 78, 80-88, 90-91, 96-97, 100, 102, 105, and 109-110 is being lodged pursuant to this sealing application solely because it contains citations to and/or quotes from materials Samsung seeks to file under seal, as noted in the subsequent paragraphs below;

2. **Exhibit 15** is an internal Samsung email Bates labeled SEC005294 dated September 28, 2017 concerning Netlist's orders for product from Samsung, which has been designated as Confidential by counsel for Samsung;

3. **Exhibit 16** is an internal Samsung email Bates labeled SEC094241 dated April 21, 2017 concerning Netlist's orders for product from Samsung, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

4. **Exhibit 18** is an internal Samsung email Bates labeled SEC058105 dated May 24, 2017 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

5. **Exhibit 19** is an internal Samsung email Bates labeled SEC236725 dated July 15, 2017 concerning an article about Netlist, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

6. **Exhibit 20** is an internal Samsung email Bates labeled SEC552489 dated May 25, 2017 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

7. **Exhibit 21** is an internal Samsung email Bates labeled SEC116009 dated March 22, 2021 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

8. **Exhibit 22** is an internal Samsung email Bates labeled SEC001357 dated May 17, 2018 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential by counsel for Samsung;

9. **Exhibit 23** is an internal Samsung email Bates labeled SEC000263 dated February 7, 2018 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential by counsel for Samsung;

10. **Exhibit 31** is an internal Samsung email Bates labeled SEC002284 dated February 7, 2018 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential by counsel for Samsung;

11. **Exhibit 33** is an internal Samsung email Bates labeled SEC126793 dated December 7, 2017 concerning Samsung's sales review, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

12. **Exhibit 36** is an internal Samsung email Bates labeled SEC005984 dated February 27, 2019 concerning Samsung's sales of products to Netlist, which has been designated as Confidential by counsel for Samsung;

13. **Exhibit 40** is an internal Samsung email Bates labeled SEC264217 dated June 8, 2017 concerning Samsung's allocation of products to Netlist,

which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

14. **Exhibit 43** is an internal Samsung email Bates labeled SEC000405 dated June 16, 2017 concerning Samsung's sales review, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

15. **Exhibit 44** is an internal Samsung email Bates labeled SEC057776 dated July 8, 2017 concerning Samsung's allocation of products to Netlist, which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

16. **Exhibit 48** is an excerpt of the deposition of Kyuhan Han, taken on August 9, 2021, which has been designated as Confidential by counsel for Samsung;

17. **Exhibit 49** is an excerpt of the deposition of Indong Kim, taken on August 10, 2021, which has been designated as Confidential by counsel for Samsung;

18. **Exhibit 50** is an excerpt of the deposition of Lane (Kihoon) Kim, taken on August 12, 2021, which has been designated as Confidential by counsel for Samsung;

19. **Exhibit 51** is an excerpt of the deposition of Hojung Kim, taken on August 13, 2021,which has been designated as Confidential – Attorney Eyes Only by counsel for Samsung;

20. **Exhibit 52** is an excerpt of the deposition of Hyeok-Sang (Harrison) Yoo, taken on August 14, 2021, which has been designated as Confidential by counsel for Samsung;

21. **Exhibit 53** is an excerpt of the deposition of Steven Metz, taken on August 6, 2021, which has been designated as Confidential by counsel for Samsung.

\*   \*   \*

This Application is accompanied by the Declaration of Raymond A. LaMagna, and full and slip-sheeted versions of Exhibits the above exhibits and materials.

Dated: August 16, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Raymond A. LaMagna*
       Raymond A. LaMagna

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **NETLIST INC.'S APPLICATION SUBMITTING DOCUMENTS FOR SAMSUNG'S FORTHCOMING DECLARATION TO SUPPORT LEAVE TO FILE UNDER SEAL,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 16, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.