JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　　　Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**NETLIST INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Action Filed:  May 28, 2020<br>Trial Date:  November 30, 2021<br><br>Hon. Mark C. Scarsi |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Netlist Inc. ("Plaintiff" or "Netlist"), by and through its counsel of record, hereby applies for leave of Court pursuant to Local Civil Rule 79–5.2.2 to file under seal the following materials:

1. **Exhibit 1** to the Declaration of Raymond A. LaMagna filed in support of Plaintiff's Motion for Summary Judgment (the "LaMagna Declaration") in full;
2. **Exhibit 2** to the LaMagna Declaration in full;
3. **Exhibit 3** to the LaMagna Declaration in full;
4. **Exhibit 4** to the LaMagna Declaration in full;
5. **Exhibit 5** to the LaMagna Declaration in full;
6. **Exhibit 9** to the LaMagna Declaration in full;
7. **Exhibit 13** to the LaMagna Declaration in full;
8. **Exhibit 24** to the LaMagna Declaration in full;
9. **Exhibit 25** to the LaMagna Declaration in full;
10. **Exhibit 27** to the LaMagna Declaration in full;
11. **Exhibit 30** to the LaMagna Declaration in full;

Netlist respectfully submits that there are compelling reasons to seal these materials, and the Court should exercise its discretion and seal this limited number of exhibits and redactions. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Every court has supervisory power over its own records and files. . . ." *Id.* Courts have "broad latitude to grant protective orders to prevent disclosure of many types of information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Where a litigant seeks to seal documents in connection with a dispositive motion, the litigant must show "compelling reasons" to seal the records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–1179 (9th Cir. 2006). In determining whether the "compelling reasons" standard is met, the Court must "conscientiously

balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179.  Courts consider various factors in undertaking this balancing test, including the "'public interest in understanding the judicial process and whether disclosure of the material could result in improper use'" of the information.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)).

"[A]lthough the common law right creates a strong presumption in favor of access, the presumption can be overcome by sufficiently important countervailing interests."  *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999); *see also In re Electronic Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (district court erred as a matter of law in failing to seal "'business information that might harm a litigant's competitive standing'" under the "compelling reasons" standard); *In re CongAgra Foods, Inc.*, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014) (sealing internal financial data concerning sales, internal company documents, and internal information pertaining to the brand where it could put the company at competitive disadvantage); *Rich v. Shrader*, 2013 WL 6028305, at *3-*4 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to seal business documents and financial projections); *Bauer Bros. LLC v. Nike, Inc.*, 2018 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (stating Nike demonstrated compelling reasons to seal "confidential business materials, including marketing strategies, sales and retailer data, product development plans [and] unused prototypes" where it posed harm with business competitors).

As discussed in the accompanying Declaration of Raymond A. LaMagna, there are compelling reasons to seal Exhibits 1–5, 9, 13, 24, 25, 27, and 30.

1. **Exhibit 1** is a copy of the parties **Joint Development and Licensing Agreement ("JDLA")**, produced at Bates No. SEC0000001.  References to the JDLA itself were previously sealed by the Court (Dkt. 20); and material, substantive negotiation communications regarding it were also sealed previously (Dkt. 120).

2. **Exhibit 2** is an email produced by Netlist with Bates No. NL107804. It includes correspondence between Samsung and Netlist regarding a proposal Netlist made to Samsung during negotiation of the Joint Development and License Agreement ultimately entered into between Samsung and Netlist (the "JDLA Agreement"), with the proposal attached. Exhibit 2 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

3. **Exhibit 3** is an email produced by Netlist with Bates No. NL108668. It includes correspondence between Samsung and Netlist regarding a proposal Netlist made to Samsung during negotiation of the Joint Development and License Agreement ultimately entered into between Samsung and Netlist (the "JDLA Agreement"), with the proposal attached. Exhibit 3 is part of the negotiation chain with Exhibit 2 above that was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

4. **Exhibit 4** is an email chain produced by Netlist with Bates No. NL045848. It includes correspondence between Samsung and Netlist regarding a draft of the JDLA Agreement, with the draft attached. Exhibit 4 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

5. **Exhibit 5** is an email chain produced by Netlist with Bates No. NL045876. It includes correspondence between Samsung and Netlist regarding a draft of the JDLA Agreement, with the draft attached. Exhibit 5 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

6. **Exhibit 9** is a non-public questionnaire response submitted by Samsung to the Korean Tax Tribunal, produced by Netlist with Bates No. NL107764. This questionnaire is not made public under Korean law, and it discusses and discloses detailed aspects of the sealed JDLA Agreement. Exhibit 9 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

7. **Exhibit 13** is a decision from the Korean Tax Tribunal produced by Netlist with Bates No. NL108731. This decision is not made public under Korean law, and it discusses and discloses detailed aspects of the JDLA Agreement. Exhibit 13 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

8. **Exhibit 24** is an email chain produced by Netlist with Bates No. NL046673. This email contains non-public details and facts concerning Netlist's confidential product development.

9. **Exhibit 25** is an email chain produced by Samsung with Bates No. SEC248015. This email contains non-public details and facts concerning Netlist's confidential product development that was shared with Samsung under the parties' JDLA agreement.

10. **Exhibit 27** is an email produced by Netlist with Bates No. NL000037. It discloses non-public, confidential sales and forecasts of sales of Samsung products under the JDLA Agreement, and attaches a presentation addressing the same subject, including disclosing confidential, non-public lists of customers, projects, and pricing for NAND and DRAM products. Exhibit 27 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

11. **Exhibit 30** is an email chain produced by Netlist with Bates No. NL062754. It includes correspondence between Samsung and Netlist regarding Samsung products that Netlist was seeking to purchase pursuant to the JDLA Agreement, along with related non-public pricing data. Exhibit 30 was previously sealed by this Court (*see* Dkt. 120) pursuant to the application at Dkt. 87.

Exhibits 1–5, 9, 13, 24, 25, 27, and 30 reflect sensitive and confidential information concerning a non-public license agreement and negotiations between

Samsung and Netlist, as well as concerning Netlist's product development. *See* LaMagna Decl. accompanying this application.

As summarized above, the JDLA agreement's related drafting history and term sheet correspondence—in fact, most of the documents now presented for seal—have already been sealed by this Court, along with other related drafts and/or term sheets for the agreement. *See* Dkts. 120, granting Netlist's Application of Dkt. 87. This is because the JDLA Agreement and certain negotiation correspondence between the parties, including drafts or term sheets, contain highly sensitive commercial information, the disclosure of which would reveal confidential information of both Samsung and Netlist. If third parties were privy to the specific provisions, or draft provisions, of the JDLA Agreement, it could impact both parties' negotiations and relationships with third parties when entering into other, similar agreements. Those third parties would be given non-public confidential knowledge of the terms on which Netlist, for example, would agree to purchase products or enter into contracts of this type, which would severely and irreparably erode Netlist's negotiating and bargaining power.

Courts have ruled that disclosure of this type of sensitive material may result in competitive harm. *See In re Electronic Arts*, 298 Fed. App'x at 569 (noting "pricing terms, royalty rates, and guaranteed minimum payment terms" found in a license agreement are the exact type of information that should be filed under seal); *Instant Brands Inc. v. DSV Solutions*, Inc., 2020 WL 7872200, at *3 (C.D. Cal. June 11, 2020) (granting motion to seal information that "depict[ed] the confidential agreement" at issue and that "listed pricing figures and operative contractual terms that could benefit competitors"). Likewise, disclosure of non-public details concerning Netlist's product development are equally commercially sensitive and properly subject to seal. *E.g.*, *Bauer Bros. LLC v. Nike, Inc.*, 2018 WL 1899838, at *2 (S.D. Cal. May 24, 2012).

Moreover, here, Netlist's application is narrow, because the operative language of the provisions at issue in this case has already been or are being filed publicly. As

such, the public will have access to the specific language in dispute. Broader disclosure of the agreement and its negotiation history not at issue thus serves no public purpose.

The particular harm that will befall the parties from a denial of this Application clearly outweighs any legitimate interest for the public to access such sealed documents. Sealing the documents will simply serve to protect the confidential nature of the information in the documents, but will not otherwise affect the public's ability to monitor this action or its outcome. Indeed, there is no particular benefit to the general public to have access to the information that Plaintiff seeks to seal.

In advance of this application, Netlist and Samsung conferred regarding sealing. To Netlist's knowledge, Samsung does not oppose this request for sealing.

*     *     *

Netlist respectfully requests that the Court grant this Application, which is carefully limited and narrowly tailored to only material that, if disclosed, could cause the parties competitive harm. More general statements and details relevant to the matter submitted to the Court are provided in Netlist's public filing of its Motion—disclosure of more detailed non-public pricing and contracting terms is thus not necessary. This Application is supported by the Declaration of Raymond A. LaMagna, a proposed order, which is narrowly tailored to seal only the proposed sealable material, slip-sheeted and full versions of Exhibits 1–5, 9, 13, 24, 25, 27, and 30, and redacted and unredacted copies of Exhibits 1–5, 9, 13, 24, 25, 27, and 30.

Dated: August 16, 2021            GIBSON, DUNN & CRUTCHER LLP

                                  By:  /s/ Raymond A. LaMagna
                                           Raymond A. LaMagna

                                  Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **NETLIST INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 16, 2021.

By: ___*/s/ Raymond A. LaMagna*___
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.