JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                    Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**DECLARATION OF GAIL SASAKI IN SUPPORT OF NETLIST INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## DECLARATION OF GAIL SASAKI

I, Gail Sasaki, declare:

1.     I am Executive Vice President and Chief Financial Officer of Netlist Inc. ("Netlist"). I am submitting this declaration in support of Netlist's Motion for Partial Summary Judgment. I have personal knowledge of the matters stated herein, and I could and would testify under oath as to them if needed.

2.     Netlist and Samsung Electronics Co., Ltd. ("Samsung") entered into a Joint Development and License Agreement ("JDLA") in November 2015. In Section 3.1 of the agreement, Samsung agreed to "pay to Netlist eight million United States dollars ($8,000,000) as non-refundable NRE [non-recurring engineering] fees" to compensate Netlist for its development costs under the JDLA. In the next section of the agreement (§ 3.2), Samsung agreed to withhold taxes due or payable to the Korean tax authority only if "required to do so by applicable law." Samsung also agreed to "reasonably cooperate with Netlist in any lawful efforts to claim a credit or refund or exemption with respect to any such withholding taxes."

3.     After the JDLA was signed, Samsung withheld $1,320,000 of the $8,000,000 NRE fee owed to Netlist. This was a shock to us because our understanding was that the NRE fee would not be taxed in Korea. We immediately began working on trying to recover the full fee, including by obtaining a tax opinion from the firm Kim & Chang, consulting with international tax accountants, and hiring PricewaterhouseCoopers out of Korea to handle the case for us.

4.     For several years, we repeatedly reached out to Samsung for their cooperation in obtaining the over-withheld amount. For example, in December 2015, we wrote a letter to Samsung requesting that the remainder of the non-recurring engineering fees be paid to Netlist because it "was not subject to [a] royalty withholding tax under the applicable law." But instead of cooperating with us, Samsung responded that "Netlist should discuss this matter directly with the NTS," referring us to the Korean National Tax Service.

5.     In September 2019, PricewaterhouseCoopers on behalf of Netlist "request[ed] that [Samsung] submit Samsung's Q&A to the [Korean National Tax Service] on the basis that the $8 million is an NRE payment not a license fee and that [Samsung] stick to the factual background."  Samsung responded that "our company believes that we should reply" to the Korean National Tax Service "to the effect that the nature of the agreement was viewed as [a] license and tax was withheld accordingly."

6.     Instead of stating that the $8,000,000 owed to Netlist was a non-recurring engineering fee as specified in the JDLA and as we requested, Samsung advocated to the Korean National Tax Service that the fee was actually a patent royalty payment.

7.     On November 17, 2020, the Korean Tax Tribunal rejected Samsung's arguments, finding that the $8,000,000 NRE fee owed to Netlist under the JDLA was not a patent royalty payment.  In other words, it found that the NRE was not taxable in Korea and Samsung's withholding was not required.

8.     Netlist suffered harm as a direct result of Samsung's wrongful tax withholding and refusal to cooperate with Netlist in securing its full payment, including because Netlist was not able to use nearly 20% of the NRE fee for five years and expended significant costs, resources, and effort in recovering the over-withheld amount.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true.

Dated: August 16, 2021                                    By: _____
                                                                          GAIL SASAKI