# EXHIBIT 26

Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
    jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,,<br><br>            Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>            Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES**<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

PROPOUNDING PARTY:    PLAINTIFF NETLIST INC.

DEFENDANT:           DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:             ONE

3728789.2

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: Defendant's discussions regarding potential joint development activities with Plaintiff began after execution of the agreement, and were concluded in late 2017 based on the determination that the activities were unlikely to result in a commercially viable product. The joint development activities consisted of in-person meetings where Plaintiff demonstrated their product to Defendant and attempted to show that it was commercially viable.

**INTERROGATORY NO. 5:**

Describe Your knowledge Relating To Netlist's efforts to contact you regarding a potential breach of the Agreement, including a letter dated May 27, 2020 (assigned USPS Registered Mail tracking numbers RB533811274US, RB533811314US, RB533811345US, RB533811359US, FedEx tracking number 770570997540, and DHL tracking number 5973629303), and an email dated June 12 or June 13, 2020.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this interrogatory on the basis that it is vague and ambiguous. Defendant also objects to this interrogatory on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks or implies a legal conclusion. Defendant also objects to this interrogatory on the basis that it is vague and ambiguous, particularly with regards to the term "an email dated June 12 or June 13,

objects to this interrogatory on the basis that the terms "ignored," "denied," "reduced," "limited," "restricted," or "declined" are vague, ambiguous, and nonsensical.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks a legal conclusion. Defendant also objects to this interrogatory on the basis that the terms "ignored," "denied," "reduced," "limited," "restricted," or "declined" are vague, ambiguous, and nonsensical. Defendant also objects to this interrogatory on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: due to the nature of the semiconductor industry, where supply is severely limited and shortages are frequent, Defendant is not always able to support every request and/or order from its customers. When customers make individual requests for NAND and DRAM products, Defendant's salespeople offer what they can based on the limited allocations that are available, which are based on prevailing market conditions. It is more common than not that a customer's request is not supported in full, because requests are generally made without regard for market conditions or for Samsung's available inventory.

As such, Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time periods – that it is unable to support individual requests for product. The decision on whether Defendant can support each individual request is made based on overall market conditions.

In addition, through a diligent investigation of the facts available to it at this time, Defendant has identified the following instance within the relevant time

3728789.2

6

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES