# EXHIBIT 39

Ekwan E. Rhow - State Bar No. 174604
　　erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
　　mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
　　kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
　　clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
　　jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br>　　　　Plaintiff, <br><br>　vs. <br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br>　　　　Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SETS 1 AND 2)** <br><br>Assigned to Hon. Mark C. Scarsi <br>Courtroom 7C |

PROPOUNDING PARTY: PLAINTIFF NETLIST INC.

RESPONDING PARTY: DEFENDANT SAMSUNG ELECTRONICS CO., LTD

SET NOS.: 1, 2

3731051.4

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it mischaracterizes Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant objects to this interrogatory on the basis that it seeks attorney work product. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Samsung informed Netlist that if it desired a refund, it could do so by directly contacting the Korean National Tax Service. Samsung provided truthful information within its knowledge relating to the Agreement and the payment of any fees owed to Netlist under it upon request by the Korean National Tax Service.

**INTERROGATORY NO. 14:**

Describe in detail the basis for and all facts Related to Your position that Samsung has no supply obligation to Netlist under the Agreement.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory

because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

The Agreement speaks for itself. To the extent further response is required: (1) circumstances surrounding the negotiation of the Agreement, including the lack of substantive negotiations relating to Section 6.2; (2) the course of dealing between Samsung and Netlist, in particular the fact that Samsung routinely declined to support requests for product, and Netlist never asserted that this was a violation of

the Agreement prior to 2020; (3) the nature of the semiconductor market, in which supply is strictly limited and shortages are common. Because of this, it would be extremely unusual for Samsung to agree with a small buyer like Netlist to terms that amount to those of a requirements contract; (4) the fact that Section 6.2 of the Agreement contains no quantity term.

**INTERROGATORY NO. 15:**

Describe in detail the basis for and all facts supporting Your position that Samsung was required to withhold taxes on fees owed to Netlist under the Agreement.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory

because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Defendant's decision to withhold taxes on the fees owed to Netlist under the Agreement related to: (1) Samsung's good-faith understanding and interpretation of Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"

**INTERROGATORY NO. 16:**

Describe in detail the basis for and all facts supporting Your position that Netlist waived its right to terminate the Agreement or that termination was otherwise improper or ineffective.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects

1  to this interrogatory to the extent that it seeks to characterize Defendant's legal
2  position. Defendant objects to this interrogatory on the basis that it is vague,
3  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not
4  proportionate to the needs of this case. Defendant objects to this interrogatory
5  because it calls for a legal conclusion. Defendant objects to this interrogatory on the
6  basis that it requires Defendant to marshal all proof it intends to offer at trial.
7  Discovery is ongoing, and Defendant has not yet completed its investigation of the
8  facts. Defendant also objects to this interrogatory to the extent that it seeks material
9  protected by the attorney-client, work product, or other applicable privileges.
10 Defendant objects to this interrogatory on the basis that it is impermissibly
11 compound, conjunctive, or disjunctive. Defendant reserves the right, without
12 assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

1  Subject to the above objections, none of which are waived, Defendant
2  responds as follows: the relevant withholding of taxes occurred in 2015. Samsung
3  has routinely rejected requests for product from Netlist (due to limited supply and
4  market conditions) starting in 2015. Despite this, Netlist elected not to terminate and
5  instead continues on with the Agreement to this very day, and reaped the benefits
6  for years after these purported breaches.

**INTERROGATORY NO. 17:**

Describe in detail the basis for and all facts Related to whether Samsung complied with its obligations under the Agreement.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Defendant's complied with its obligations under Sections 3.1 and 3.2 based on: (1) Samsung's good-faith understanding and interpretation of Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"

Defendant complied with its obligations under Section 6.2 based on: (1) circumstances surrounding the negotiation of the Agreement, including the lack of substantive negotiations relating to Section 6.2; (2) the course of dealing between

Samsung and Netlist, in particular the fact that Samsung routinely declined to support requests for product, and Netlist never asserted that this was a violation of the Agreement prior to 2020; (3) the nature of the semiconductor market, in which supply is strictly limited and shortages are common. Because of this, it would be extremely unusual for Samsung to agree with a small buyer like Netlist to terms that amount to those of a requirements contract; (4) the fact that Section 6.2 of the Agreement contains no quantity term.

**INTERROGATORY NO. 18:**

Describe in detail the basis for and all facts Related to whether Netlist failed to comply with its obligations under the Agreement.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague,

ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows: The Agreement speaks for itself.  To the extent further response is required, Netlist's purported termination was improper because Samsung did not breach the Agreement, and at the time of the purported breaches – which occurred several years ago – Netlist had already elected to continue on with the Agreement, in lieu of termination.

**INTERROGATORY NO. 19:**

Describe in detail how You first became aware of and received Netlist's notice letter dated May 27, 2020 (provided as Exhibit A) and Netlist's termination letter (provided as Exhibit B), and Describe in detail Your response to both letters, including Identifying those Persons involved in the receipt or response and their roles.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks or implies a legal conclusion. Defendant also objects to this interrogatory on the basis that it is vague and

ambiguous, particularly with regards to the term "an email dated June 12 or June 13, 2020." Defendant also objects to this interrogatory on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of its knowledge and to the extent it is able: Defendant understands that a letter dated May 27, 2020 was received and returned-to-sender the following day by Samsung's mail room. Defendant later received a termination letter, and responded to this letter through counsel on July 29, 2020.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks or implies a legal conclusion. Defendant also objects to this interrogatory on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of its knowledge and to the extent it is able: Defendant understands that a letter from Netlist dated May 27, 2020 was received and returned-to-sender the following day by Samsung's mail room. Defendant later received a termination letter from Netlist, and responded to this letter through counsel on July 29, 2020.

**INTERROGATORY NO. 20:**

Describe in detail and separately by defense the basis for and all facts supporting each of the affirmative defenses in Your Answer.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion.

Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

(1) Samsung's good-faith understanding and interpretation of Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of

Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment, U.S.–R.O.K.; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[;]" (4) circumstances surrounding the negotiation of the Agreement, including the lack of substantive negotiations relating to Section 6.2; (5) the course of dealing between Samsung and Netlist, in particular the fact that Samsung routinely declined to support requests for product, and Netlist never asserted that this was a violation of the Agreement prior to 2020; (6) the nature of the semiconductor market, in which supply is strictly limited and shortages are common. Because of this, it would be extremely unusual for Samsung to agree with a small buyer like Netlist to terms that amount to those of a requirements contract; (7) the fact that Section 6.2 of the Agreement has no quantity term.

DATED: July 20, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Jong-Min Choi
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Christopher J. Lee
Attorneys for Defendant Samsung Electronics Co., Ltd.

3731051.4

23

DEFENDANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES