# EXHIBIT 53

| **From:** | Raymond Jiang <rjiang@netlist.com> |
|---|---|
| **Sent:** | Thu, 14 Apr 2016 21:10:59 -0400 (EDT) |
| **To:** | Neal Knuth-SSI <NealK@ssi.samsung.com> |
| **Cc:** | Paik Ki Hong <pkhong@netlist.com>; Devon Park <dpark@netlist.com>; Sebastian Lee <SLee@netlist.com> |
| **Subject:** | RE: 16Gb SLC NAND |

Thanks for the update. Let us know when you have further news, the customer is still going after D die. Will need to set them up for F die when a sample timeline is available.

Thanks
Raymond

**From:** Neal Knuth-SSI [mailto:NealK@ssi.samsung.com]
**Sent:** Friday, April 15, 2016 5:05 AM
**To:** Raymond Jiang <rjiang@netlist.com>
**Cc:** Paik Ki Hong <pkhong@netlist.com>; Devon Park <dpark@netlist.com>; Sebastian Lee <SLee@netlist.com>
**Subject:** RE: 16Gb SLC NAND

Still trying to get an answer on 16Gb.  We may not be releasing.  I will let you know.

Thanks,
Neal
858 535 6410

**From:** Raymond Jiang [mailto:rjiang@netlist.com]
**Sent:** Thursday, April 07, 2016 8:43 AM
**To:** Neal Knuth-SSI
**Cc:** Paik Ki Hong; Devon Park; Sebastian Lee
**Subject:** Re: 16Gb SLC NAND

Neal,

Any insight as when the F die is coming out?

Thanks
Raymond

Sent from my iPhone
On Apr 7, 2016, at 11:19 PM, Neal Knuth-SSI <NealK@ssi.samsung.com> wrote:

No bid.

Thanks,
Neal
858 535 6410

**From:** Raymond Jiang [mailto:rjiang@netlist.com]
**Sent:** Wednesday, April 06, 2016 8:46 PM
**To:** Neal Knuth-SSI
**Subject:** 16Gb SLC NAND

**Exhibit
0023**

CONFIDENTIAL

Neal,

I know it's insane but want to see try our luck…

K9WAG08U1D-SCB or K9WAG08U1D-SIB

Do you think you have staged inventory that's been reserved (maybe for RMA replacement?) for some period of time and not all of it is going to be required that can be sold?  We need approximately of 2K of the above 16Gb SLC D die NAND. Willing to pay $30 per.  I know it's not something easy or possible, but want to give it try. Please let me know if any of these can be found.


Also, is F die now sampling? From the EOL notice, quad die F qual showed 2Q16 but maybe it's been pulled in as monolithic should be completely done now?
<image001.jpg>
Would like to understand the schedule a bit so know what to expect.

Thanks
Raymond

CONFIDENTIAL

# EXHIBIT 54

## FULL VERSION OF EXHIBIT 54 PROPOSED TO BE FILED UNDER SEAL

# EXHIBIT 55

**From:** Raymond Jiang <rjiang@netlist.com>
**Sent:** Sun, 8 Apr 2018 22:55:21 -0400 (EDT)
**To:** Neal Knuth <n.knuth@samsung.com>
**Cc:** Steven Yu <syu@netlist.com>; Violeta Rios Zendejas<violeta.rios@samsung.com>; Paik Ki
Hong <pkhong@netlist.com>
**Subject:** RE: PC 16GB

---

Neal,

FYI - We turned down the B die due to an incident Paik has explained.

This is a C die. We can also use.

Thanks

**From:** Neal Knuth [mailto:n.knuth@samsung.com]
**Sent:** Wednesday, April 04, 2018 8:45 AM
**To:** Raymond Jiang <rjiang@netlist.com>
**Cc:** Steven Yu <syu@netlist.com>; Violeta Rios Zendejas <violeta.rios@samsung.com>; Paik Ki Hong
 <pkhong@netlist.com>
**Subject:** PC 16GB

Raymond,

You turned them down last week..  Steven confirmed so I sold elsewhere.  If PO is open, cancel it.  I cannot support
much with current credit issue.

Thanks,

Neal Knuth
949 910 2835

**From:** Raymond Jiang [mailto:rjiang@netlist.com]
**Sent:** Tuesday, April 3, 2018 10:25 PM
**To:** Neal Knuth <n.knuth@samsung.com>
**Cc:** Steven Yu <syu@netlist.com>
**Subject:** RE: PC 16GB

Can take 196pcs - M471A2K43CB1-CRCD0 if available.

Please advise.

Thanks

**From:** Raymond Jiang
**Sent:** Tuesday, April 03, 2018 2:48 PM
**To:** Neal Knuth <n.knuth@samsung.com>
**Subject:** RE: PC 16GB

**Exhibit
0021**

CONFIDENTIAL

NL008985

Neal,

| M471A2K43CB1-CRCD0 | 629 |
|---|---|

Curious – are these still available?

Thanks

**From:** Neal Knuth [mailto:n.knuth@samsung.com]
**Sent:** Monday, April 02, 2018 2:46 PM
**Subject:** PC 16GB

| M471A2K43CB1-CRCD0 | 629 |
|---|---|
| M378A2K43CB1-CRCD0 | 777 |

Let me know.   $142.00 and First come first served..

Thank you,
감사합니다
Neal Knuth
Samsung Semiconductor, INC
Southwest Regional Manager
**New Office Number**:  949 910 2835

nealk@ssi.samsung.com

Notice: Unless specifically identified as a firm offer or an offer to sell, this message is not an offer of sale. Any terms stated in this message or prices quoted are merely indications of terms on which Samsung Semiconductor, Inc. may consider selling, and are not intended to be binding.
*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof. Thank you.

NL008986

# EXHIBIT 56

| From: | Neal Knuth-SSI <NealK@ssi.samsung.com> |
|---|---|
| Sent: | Tue, 15 Mar 2016 22:13:17 -0400 (EDT) |
| To: | Raymond Jiang <rjiang@netlist.com>; Jane Zhou <janezhou@netlist.com> |
| Cc: | Paik Ki Hong <pkhong@netlist.com> |
| Subject: | IMPORTANT: Need Updated Payment Status for Open Invoices |

Really big red flag and our team will not be very nice with the credit line. I have seen them re-evaluate the lines and remove them.

Please be careful.

Thanks,
Neal
858 535 6410

From: Raymond Jiang [mailto:rjiang@netlist.com]
Sent: Tuesday, March 15, 2016 6:21 PM
To: Neal Knuth-SSI; Jose Santos-SSI; Jane Zhou
Cc: Daniel (Young J.) Na-SSI; Carman Wu-SSI; Paik Ki Hong
Subject: RE: IMPORTANT: Need Updated Payment Status for Open Invoices

Neal,

Just responded that we will get these paid in a separate email.

Will forward confirmation once available.

Thanks
Raymond

From: Neal Knuth-SSI [mailto:NealK@ssi.samsung.com]
Sent: Wednesday, March 16, 2016 8:25 AM
To: Jose Santos-SSI <jpaul.santos@ssi.samsung.com>; Jane Zhou <janezhou@netlist.com>; Raymond Jiang <rjiang@netlist.com>
Cc: Daniel (Young J.) Na-SSI <daniel.n@ssi.samsung.com>; Carman Wu-SSI <carman.wu@ssi.samsung.com>; Paik Ki Hong <pkhong@netlist.com>
Subject: IMPORTANT: Need Updated Payment Status for Open Invoices
Importance: High

Adding Paik Ki.

This is not the way to manage our business together.  Please help on the below ASAP.

Thanks,
Neal
858 535 6410

From: Jose Santos-SSI
Sent: Tuesday, March 15, 2016 5:00 PM
To: Jane Zhou; Raymond Jiang
Cc: Neal Knuth-SSI; Daniel (Young J.) Na-SSI; Carman Wu-SSI
Subject: RE: IMPORTANT: Need Updated Payment Status for Open Invoices

Hello Jane,

Can you please provide the contact number of your Buyer or direct this e-mail for proper action.  Your account might be placed on credit hold if payment will not be settled.  Please advise.

Best Regards,

**Jose "PAUL" Santos**
Sales Specialist in R/A sales
Samsung Semiconductor, Inc
Phone: (408)544-4668
Email: jpaul.santos@ssi.samsung.com

From: Jose Santos-SSI
Sent: Tuesday, March 15, 2016 9:19 AM
To: 'Jane Zhou'; 'Raymond Jiang'
Cc: Neal Knuth-SSI; Daniel (Young J.) Na-SSI; 'carman.wu@ssi.samsung.com'
Subject: IMPORTANT: Need Updated Payment Status for Open Invoices

**Exhibit
0022**

Hello Jane,

Can you please assist our Credit team to get the delayed payments below to avoid credit block?

| Account | Assignment | SO | Delivery | PO | Document Date | Net due date | Arrears after net due date | Amount in local currency | Netlist Payment Dates |
|---|---|---|---|---|---|---|---|---|---|
| 1141810 | 3213693763 | 1222147245 | 8309170498 | 323444 | 2/2/2016 | 3/18/2016 | -4 | $ 1,344.00 | |
| 1141810 | 3213680135 | 1221683641 | 8308870619 | 323512 | 2/2/2016 | 3/18/2016 | -4 | $10,368.00 | |
| 1141810 | 3213938651 | 1222390165 | 8309513496 | 323537 | 2/4/2016 | 3/20/2016 | -6 | $ 1,230.00 | |
| 1141810 | 3214032071 | 1222494257 | 8309644735 | 323542 | 2/5/2016 | 3/21/2016 | -7 | $  704.00 | |
| 1141810 | 3214209514 | 1222679826 | 8309888525 | 323548 | 2/9/2016 | 3/25/2016 | -11 | $ 4,400.00 | |
| 1141810 | 3214209305 | 1222710686 | 8309930120 | 323478 | 2/9/2016 | 3/25/2016 | -11 | $ 1,610.00 | |
| 1141810 | 3215039719 | 1222494259 | 8310946948 | 323545 | 2/18/2016 | 4/3/2016 | -20 | $  100.00 | |
| 1141810 | 3215160912 | 1223586877 | 8311100929 | 323545 | 2/19/2016 | 4/4/2016 | -21 | $  100.00 | |
| 1141810 | 3215308254 | 1218092862 | 8311412043 | 323444 | 2/20/2016 | 4/5/2016 | -22 | $ 2,560.00 | |

| 1141810 | 3215729656 | 1224178688 | 8311917150 | 323444 | 2/25/2016 | 4/10/2016 | -27 | $ 2,560.00 | |
| 1141810 | 3215988985 | 1224335849 | 8312132480 | 323359 | 2/27/2016 | 4/12/2016 | -29 | $ 3,840.00 | |
| 1141810 | 3216306625 | 1224178858 | 8312253866 | 323574 | 3/1/2016 | 4/15/2016 | -32 | $ 216.00 | |
| 1141810 | 3216306624 | 1224178858 | 8312253861 | 323574 | 3/1/2016 | 4/15/2016 | -32 | $ 1,584.00 | |
| 1141810 | 3216439381 | 1224837612 | 8312808608 | 323570 | 3/2/2016 | 4/16/2016 | -33 | $ 680.00 | |
| 1141810 | 3216439382 | 1224837704 | 8312808611 | 323570 | 3/2/2016 | 4/16/2016 | -33 | $ 348.00 | |
| 1141810 | 3217178662 | 1225647834 | 8313933642 | 323596 | 3/10/2016 | 4/24/2016 | -41 | $24,000.00 | |
| | | | | | | | | $55,844.00 | |

Best Regards,

**Jose "PAUL" Santos**
Sales Specialist in R/A sales
Samsung Semiconductor, Inc
Phone: (408)544-4668
Email: jpaul.santos@ssi.samsung.com

# EXHIBIT 57

```
 1                  UNITED STATES DISTRICT COURT
 2                CENTRAL DISTRICT OF CALIFORNIA
 3                      SOUTHERN DIVISION
 4
 5   NETLIST INC., a Delaware        )
     corporation,                    ) Case No.:
 6                                   ) 8:20-cv-993-MCS-DFM
              Plaintiff,             )
 7                                   )
          v.                         )
 8                                   )
     SAMSUNG ELECTRONICS CO.,        )
 9   LTD., a Korean corporation,     )
                                     )
10            Defendant.             )
     _____ )
11
12
13
14        *** CONFIDENTIAL -- ATTORNEYS' EYES ONLY ***
15                     DEPOSITION OF:
16                      INDONG KIM
17              TUESDAY, AUGUST 10, 2021
18                     9:05 a.m.
19
20   REPORTED BY:
21   Vickie Blair
22   CSR No. 8940, RPR-CRR
23   JOB NO. 4743987
24
25   PAGES 1 - 146
```

                                                        Page 1

| | | |
|---|---|---|
| 1 | that that is one of the purpose, and the actual | 11:10:12 |
| 2 | licensing is a part of that. | 11:10:21 |
| 3 | BY MS. CHOY: | 11:10:22 |
| 4 | Q    Are there other provisions of the JDLA | 11:10:28 |
| 5 | that you're familiar with? | 11:10:33 |
| 6 | INTERPRETER KO:  Ms. Choy, when you say | 11:10:42 |
| 7 | "provisions" here, are you talking about terms of JDLA | 11:10:43 |
| 8 | or -- | 11:10:46 |
| 9 | MS. CHOY:  Yes, terms. | 11:10:47 |
| 10 | INTERPRETER KO:  I don't under -- yeah. | 11:10:49 |
| 11 | Okay. | 11:10:49 |
| 12 | MS. CHOY:  Terms. | 11:12:03 |
| 13 | THE WITNESS:  The fundamental strategy | 11:12:03 |
| 14 | that our company came up with in order to counter the | 11:12:08 |
| 15 | Intel's Optane product was to somehow utilize the | 11:12:12 |
| 16 | JEDEC's standardization system because, at the time, | 11:12:23 |
| 17 | Intel's Optane product was not standardized, but it | 11:12:28 |
| 18 | utilized the nonstandard Intel protocol itself. | 11:12:35 |
| 19 | So our strategy was to somehow bring about | 11:12:48 |
| 20 | a product which utilized DRAM and NAND's beneficial | 11:12:51 |
| 21 | characteristics into a standardized product so that | 11:12:58 |
| 22 | other memory product companies can be engaged in this | 11:13:09 |
| 23 | effort, as well, so that the product that we come up | 11:13:14 |
| 24 | with could be considered a commodity within the | 11:13:18 |
| 25 | industry, and that was our basic strategy to counter | 11:13:25 |

Page 45

1    measure Intel's Optane product.                              11:13:30

2              So my anticipation of being involved with          11:13:45

3    Netlist and -- was that somehow bring Netlist                11:15:17

4    technology to standardization, and make suggestion and       11:15:26

5    collaboration in this effort, meaning standardization        11:15:36

6    of the technology effort.                                    11:15:44

7              However, I don't recall exactly from what          11:15:47

8    point in time, but, from a particular point in time,         11:15:50

9    the situation was so that, and Netlist stated that they      11:15:55

10   could no longer actively participate in JEDEC               11:16:03

11   activities because of the patent litigation lawsuits        11:16:07

12   that they were involved in.                                 11:16:11

13             So, rather than collaboration effort of           11:16:13

14   standardization of the technology, which I thought the      11:16:19

15   joint development effort was going to be, became a          11:16:25

16   product centered collaboration effort.                      11:16:31

17             So, to answer your question, to me, our           11:16:34

18   collaboration or development of technology effort with      11:16:41

19   Netlist, to me, was going to be technology that counter     11:16:47

20   measures Intel's technology, but it changed so --           11:16:53

21   changed from JEDEC's standardized collaboration effort      11:17:02

22   to a product specific collaboration.                        11:17:08

23   BY MS. CHOY:                                                11:17:17

24        Q    Can you explain what you mean by "a              11:17:24

25   product specific collaboration"?                            11:17:27

                                                    Page  46

| | | |
|---|---|---|
| 1 | A      It -- that is in regards to hybrid DIMM. | 11:17:29 |
| 2 | (Whereupon, the witness and the | 11:18:07 |
| 3 | interpreter confer in Korean.) | 11:18:08 |
| 4 | THE WITNESS:  Yeah, hybrid DIMM is a part | 11:18:08 |
| 5 | name, which Netlist came up with -- it's a product | 11:18:10 |
| 6 | name, thank you. | 11:18:14 |
| 7 | BY MS. CHOY: | 11:18:19 |
| 8 | Q      Can you explain the distinction between | 11:18:19 |
| 9 | the collaboration effort of the standardization of the | 11:18:22 |
| 10 | technology and then the work with regards to the hybrid | 11:18:26 |
| 11 | DIMM? | 11:18:29 |
| 12 | (Whereupon, the witness and the | 11:19:11 |
| 13 | interpreter confer in Korean.) | 11:19:30 |
| 14 | THE WITNESS:  Yes, the effort of | 11:19:30 |
| 15 | technology standardization was to come up with the new | 11:19:32 |
| 16 | protocol standardization called NVDIMM, and for your | 11:19:38 |
| 17 | reference, we have standardized this technology about | 11:19:49 |
| 18 | three years ago, which Samsung spearheaded. | 11:19:59 |
| 19 | Okay, let me -- that is called NVDIMM-P, | 11:20:05 |
| 20 | that's the name of the protocol, yes. | 11:20:16 |
| 21 | And this NVDIMM protocol approach -- | 11:20:33 |
| 22 | NVDIMM-P, this protocol is a technology of officially | 11:20:55 |
| 23 | changing the DRAM timing so that NAND and other slower | 11:21:07 |
| 24 | memory device can utilize the DRAM timing officially | 11:21:18 |
| 25 | rather than hijacking the tDRAM timing. | 11:21:25 |

Page  47

| | | |
|---|---|---|
| 1 | And -- and the hybrid DIMM, which I talked | 11:21:55 |
| 2 | about earlier, is a product named by Netlist which | 11:22:03 |
| 3 | employs the technology that, by using a Netlist | 11:22:07 |
| 4 | proprietary technology, that it hijacks DRAM timing so | 11:22:23 |
| 5 | that a slower memory device such as NAND can utilize | 11:22:32 |
| 6 | the DRAM timing. | 11:22:38 |
| 7 | BY MS. CHOY: | 11:22:43 |
| 8 | Q     You mentioned earlier that Netlist told | 11:22:44 |
| 9 | Samsung that they could no longer actively participate | 11:22:46 |
| 10 | in JEDEC activities because of patent litigation | 11:22:50 |
| 11 | lawsuits; right? | 11:22:55 |
| 12 | A     Rather than that they cannot actively | 11:23:26 |
| 13 | participate, what I recall is that Netlist state that | 11:23:31 |
| 14 | legally they would have to seize the JEDEC activity in | 11:23:37 |
| 15 | order to be engaged in these lawsuits. | 11:23:44 |
| 16 | Q     When did Netlist inform Samsung about | 11:23:47 |
| 17 | this? | 11:23:51 |
| 18 | MR. MASTERS:  Object to the form.  Lacks | 11:23:58 |
| 19 | foundation.  Calls for speculation. | 11:24:00 |
| 20 | You can answer. | 11:24:02 |
| 21 | THE WITNESS:  I don't recall the exact | 11:24:03 |
| 22 | point in time. | 11:24:11 |
| 23 | BY MS. CHOY: | 11:24:11 |
| 24 | Q     Was it in 2017? | 11:24:13 |
| 25 | MR. MASTERS:  Same objections. | 11:24:18 |

Page  48

1      THE WITNESS:  I don't recall exactly, but      11:24:18

2      I seem to think that it was before 2017.      11:24:32

3      BY MS. CHOY:      11:24:36

4          Q     Okay.  Going back to the meetings that you      11:24:40

5      had with Netlist, can you explain kind of the overall      11:24:42

6      timeline as to when you began to let Netlist know that      11:24:50

7      you were not satisfied with the progress that was being      11:24:55

8      made and how that message was conveyed?  Was it through      11:24:59

9      emails or in-person meetings or phone calls?      11:25:03

10          MR. MASTERS:  Objection.  Object to form.      11:25:37

11      It's compound.  Calls for a narrative.  Vague and      11:25:39

12      ambiguous.      11:25:52

13          THE WITNESS:  Most of those situations      11:25:52

14      were face-to-face, in-person meetings, I remember that      11:26:16

15      was expressed many times during those meetings, and as      11:26:24

16      to emails or other communication methods, I don't know      11:26:29

17      how explicit that had been expressed in those other      11:26:37

18      methods.      11:26:44

19      BY MS. CHOY:      11:26:45

20          Q     In your view, when did the joint      11:26:46

21      development work end?      11:26:48

22          MR. MASTERS:  Objection.  Object to form.      11:27:04

23      Vague and ambiguous.  To the extent it calls for a      11:27:05

24      legal conclusion, also object.      11:27:10

25          Otherwise, go ahead and answer.      11:27:12

Page 49

```
 1                      DECLARATION

 2

 3

 4           I, INDONG KIM, hereby declare that I am

 5   the deponent in the within matter; that I have read the

 6   foregoing deposition and know the contents thereof, and

 7   I declare that the same is true of my knowledge, except

 8   as to the matters which are therein stated.

 9           I certify under penalty of perjury of the

10   laws of the State of California that the foregoing is

11   true and correct.

12           Executed this _____ day of_____,

13   2021, at _____, _____.

14

15

16

17

18           _____

19                      INDONG KIM

20

21

22

23

24

25

                                        Page 145
```

1   STATE OF CALIFORNIA     )

2                           )  ss.

3   COUNTY OF LOS ANGELES   )

4                I, Vickie Blair, CSR No. 8940, RPR-CRR, in

5   and for the State of California, do hereby certify:

6                That, prior to being examined, the witness

7   named in the foregoing deposition was by me duly sworn

8   to testify as to the truth, the whole truth, and

9   nothing but the truth;

10               That said deposition was taken before me

11  at the time and place therein set forth, and was taken

12  down by me stenographically and thereafter transcribed

13  via computer-aided transcription under my direction and

14  is a true record of the testimony given;

15               I further certify I am neither counsel

16  for, nor related to, any party to said action, nor

17  interested in the outcome thereof;

18               IN WITNESS WHEREOF, I have hereto

19  subscribed my name this 11th day of August, 2021.

20

21

22

23

24

25          Vickie Blair, CSR No. 8940, RPR-CRR

                                              Page 146

# EXHIBIT 58

**FULL VERSION OF EXHIBIT 58 PROPOSED TO BE FILED UNDER SEAL**

# EXHIBIT 59

**FULL VERSION OF EXHIBIT 59 PROPOSED TO BE FILED UNDER SEAL**

# EXHIBIT 60

| | |
|---|---|
| **From:** | "Jibum Kim" <jbkim@netlist.com> |
| **Sent:** | Thu, 5 Nov 2015 17:53:37 -0500 (EST) |
| **To:** | hojung4623.kim@samsung.com |
| **Subject:** | Fwd: Reduced Tax Form_Foreign Corporation |
| **Attachments:** | ATT00003.htm;20151105091951012.pdf;ATT00002.htm;image002.gif;ATT00001.htm;image001.jpg |

I am sending revised one.
If you need any further information,
pls let me know.

Best regards.

나의 iPhone에서 보냄

전달된 메시지 시작:

　　　보낸 사람: Tanya Nguyen <tanguyen@netlist.com>
날짜: 2015년 11월 6일 오전 1시 26분 32초 GMT+8
받는 사람: Jibum Kim <jbkim@netlist.com>
참조: Gail Sasaki <gsasaki@netlist.com>
제목: **RE: Fwd: Reduced Tax Form_Foreign Corporation**

　　　Hi JB,

　　　Attached please find the signed revised document,

　　　Please let us know if you need any further information,

　　　Thanks,
Tanya

---

**From:** Jibum Kim
**Sent:** Wednesday, November 04, 2015 10:18 PM
**To:** Gail Sasaki; Tanya Nguyen
**Subject:** FW: Fwd: Reduced Tax Form_Foreign Corporation

　　　Can you see yellowed one?

　　　**From:** 김호정 [mailto:hojung4623.kim@samsung.com]
**Sent:** Thursday, November 5, 2015 1:53 PM
**To:** Jibum Kim <jbkim@netlist.com>
**Subject:** Re: Fwd: Reduced Tax Form_Foreign Corporation

　　　부사장님,

　　　아래노란색 부분과 같이 한/미 조세조약 14조에 의거 로얄티 16.5%다. 라는 것이 명시되어있어야 합니다.

　　　번거로우시겠지만 재송부 부탁드립니다.

**Exhibit 0009**

CONFIDENTIAL

NL046086

CONFIDENTIAL

NL046087

■ Enforcement Regulation of the Corporate Income Tax Law [Form No. 72-2]

# Application for Entitlement to Reduced Tax Rate on Domestic Source Income (for Foreign Corporation)

※Please check the appropriate [   ].                                          (Front)

| Filing No. | | Filing Date | |
|---|---|---|---|

## 1. Applicant Information

| ⑪ Type of Entity | [ X ] Corporation, [   ] Pension, [   ] Fund,<br>[   ] Overseas investment vehicle recognized as beneficial owner under tax treaty<br>(Relevant tax treaty provisions:                                    )<br>[   ] Other (                                                              ) | | |
|---|---|---|---|
| ⑫ Name of Corporation | NETLIST, INC. | ⑬ Address | 175 TECHNOLOGY DR. #150, IRVINE, CA 92618 |
| ⑭ Name of Representative | GAIL SASAKI | ⑮ Country of Residence | USA |
| ⑯ Taxpayer Identification No. | 95-4812784 | ⑰ Country Code | |
| ⑱ Date of Incorporation | JUNE 2000 | ⑲ Telephone Number | 949-435-0025 |

## 2. Claim of Applicable Tax Treaty Provisions

⑳ Tax Treaty between Korea and  United States       : Article  14   Paragraph  1   Subparagraph____  Type of Income royalties
Tax Rate 15% plus 1.5% local rate

Article____  Paragraph____  Subparagraph____  Type of Income_____  Tax Rate____ %
Article____  Paragraph____  Subparagraph____  Type of Income_____  Tax Rate____ %

## 3. Determination of Beneficial Owner

⑪ A pension established under the laws of a tax treaty partner country, which are equivalent to the Korean National Pension Act, Public Officials Pension Act, Armed Forces Personnel Act, Pension for Private School Teachers and Staff Act, and Guarantee of Workers' Retirement Benefits Act, etc.: Yes [   ]  No x

□ A fund that is established as a non-profit organization under the laws of a tax treaty partner country, which does not distribute its profits to its members: Yes [   ]  No [x   ]

□ An overseas investment vehicle recognized as beneficial owner under the tax treaty between Korean and the country in which it is incorporated: Yes [   ]  No [x   ]

□ Is the corporation liable to tax under the tax laws of the country of residence?: Yes [ x ]  No [   ]

□ Is the corporation a beneficial owner of domestic source income?: Yes [x   ]  No [   ]

⑯ Is the Applicant or its income subject to the provisions of the tax treaty between Korea and its country of residence that deny (restrict) tax treaty benefits? Yes [   ]  No [ x ]

The Applicant hereby confirms that with regard to submitting this Application pursuant to Article 98-6 of the Corporate Income Tax Law ("CITL") and Article 138-7 of the Enforcement Decree of CITL ("ED-CITL"), the Applicant is clearly aware of the followings provided below that there is no false statement in the contents of this Application, and that the Applicant is the beneficial owner (or attorney-in-fact authorized to sign this Application on behalf of the beneficial owner) of all the domestic source income which this application relates.

1) The Applicant is aware that if any of the contents of this Application is different from true facts, the amount of withholding tax under this Application may be less than the amount of withholding tax that shall be withheld in accordance with the relevant laws.
2) The Applicant is aware that if it answers "Yes" to any one of □ through □ above satisfying the requirements thereof, the withholding agent shall apply the reduced tax rate under the tax treaty between Korea and the country in which the relevant pension, etc. is established.
3) The Applicant is aware that if it answers "No" to any one of ⑭ and ⑮ or "Yes" to ⑯ above, the reduced tax rate under the tax treaty between Korea and the country of the Applicant's residence shall not apply.

Netlist, Inc,
Gail Sasaki, CFO          Date  11/5/15

Applicant (Representative)                              (Signature or Seal)

To.  _____

Attachment:  Documents substantiating the fact that the Applicant falls under any of the categories □ through □

| Attorney-in-Fact | ⑰ Type<br>[   ] Tax Administrator<br>[   ] Other | ⑱ Name of individual or corporation | ⑲ Taxpayer ID No. (Resident Registration No.) |
|---|---|---|---|
| | ⑳ Address or Location | | |

CONFIDENTIAL                                                                          NL046088

(Back)

## Filing Instruction

※ The filing date is the date on which the withholding agent files this Application as received from the beneficial owner and the filing number is the serial number assigned to such filing.

1. This Application shall be submitted by a foreign corporation which wishes to apply a reduced tax rate under the relevant tax treaty applicable to its Korean source income, and this form shall not be submitted by a foreign corporation which is exempt from Korean withholding tax pursuant to the relevant tax treaty.   In the case where the Applicant receives additional Korean source income after the submission of this Application whereby a reduced tax rate under the relevant tax treaty was applied to the previous Korean source income, the Applicant is required to prepare and file a new application if there is any change in its corporate name, representative, taxpayer ID No., address, country of residence and telephone number, etc., or if three years have elapsed since the submission of this Application.

2. Item ① Check the appropriate type of entity that applies.   If the Applicant is a pension, fund or overseas investment vehicle falling under any one of the Items under Article 138-7(5) of the ED-CITL, check the appropriate [space].   Also, enter the relevant tax treaty provisions in the parentheses in the case of an overseas investment vehicle.   For other types of Applicants such as a government, local government or central bank, etc., select "Other" and specify the type in parentheses.

3. Item ② Enter the Applicant's full name in English.

4. Item ③ If the representative is a foreigner; enter his/her full English name as shown in his/her passport.

5. Item ④ Enter the investment registration number from the investment registration certificate.   In the absence of such number, enter the Applicant's taxpayer ID No. issued by the tax authority of its residence country (enter the Applicant's Korean taxpayer ID No. if it is issued by the district tax office).

6. Item ⑤ Enter the Applicant's date of incorporation in the following format: YYYY-MM-DD.

7. Item ⑥ Enter the Applicant's address in English in the following order:   street number, street name, city, state, postal code and country. Do not enter a PO Box.

8. Items ⑦ and ⑧ Enter the country abbreviation and code from ISO Country Codes set by the International Organization for Standardization (ISO).

9. Item ⑨ Enter current telephone number including the country code and area code, if any.

10. Item ⑩ Enter the tax treaty and relevant provisions therein to be applied, type of relevant Korean source income and reduced tax rate. If the reduced tax rate under the relevant tax treaty does not include local income surtax, enter a tax rate reflecting the tax rate under Article 89(1) of the Local Tax Law.

11. If the Applicant answers "Yes" to any one of ⑪through ⑬satisfying the requirement thereof, the reduced tax rate under the tax treaty between Korea and the country in which the Applicant (i.e., the pension, fund or overseas investment vehicle, etc) is established shall be applied.

12. If the Applicant answers "No" to any one of ⑭and ⑮ the reduced tax rate under the relevant tax treaty shall not apply.

13. For Item ⑯, confirm whether or not the Applicant or its income is subject to the provisions of the tax treaty between Korea and its country of residence which deny (restrict) the tax treaty benefits.   If checked "Yes," the Applicant shall not be entitled to the reduced tax treaty under the tax treaty.

14. Items ⑰ through ⑳ should be completed when an attorney-in-fact submits this Application on behalf of the Applicant.   An attorney-in-fact other than a tax administrator under Article 82 of the National Tax Basic Law is required to submit the Power of Attorney together with a Korean translation.

15. The withholding agent or overseas investment vehicle who received this Application (including any attachments thereto) is required to maintain it for five years starting from the day following the withholding tax payment due date under Article 98(1) of the CITL and submit it upon request to the Chief of the district tax office having jurisdiction over the tax payment place of the withholding agent.

CONFIDENTIAL

NL046089

# EXHIBIT 61

**From:** "C.K. Hong" <ckhong@netlist.com>
**Sent:** Thu, 19 Nov 2015 01:48:59 -0500 (EST)
**To:** "Jibum Kim" <jbkim@netlist.com>
**Cc:** "Stanton, Scott M." <SStanton@mofo.com>; "Noel Whitley" <nwhitley@netlist.com>; "Gail Sasaki" <gsasaki@netlist.com>
**Subject:** Re: Remittance slip [송금확인증]

---

말도 안되는얘기.

Best regards

> On Nov 18, 2015, at 10:47 PM, Jibum Kim <jbkim@netlist.com> wrote:
>
> In JDLA, this kind of tax rule was written clearly.
> SS told me that.
>
> -----Original Message-----
> From: C.K. Hong
> Sent: Thursday, November 19, 2015 3:44 PM
> To: Jibum Kim <jbkim@netlist.com>
> Cc: Gail Sasaki <gsasaki@netlist.com>; Noel Whitley <nwhitley@netlist.com>; Stanton, Scott M. <SStanton@mofo.com>
> Subject: Re: Remittance slip [송금확인증]
>
> 금액처리 안되면 거래다 무효. 장난하는건가
>
> Best regards
>
>> On Nov 18, 2015, at 10:41 PM, Jibum Kim <jbkim@netlist.com> wrote:
>>
>> CK,
>>
>> Can you call me?
>>
>> -----Original Message-----
>> From: C.K. Hong
>> Sent: Thursday, November 19, 2015 3:39 PM
>> To: Gail Sasaki <gsasaki@netlist.com>
>> Cc: Jibum Kim <jbkim@netlist.com>; Noel Whitley <nwhitley@netlist.com>; Stanton, Scott M. <SStanton@mofo.com>
>> Subject: Re: Remittance slip [송금확인증]
>>
>> This is complete bs. Tell them that if not corrected we will reverse the transaction. Hold off press release.
>>
>> This is why I tell you to confirm over and over again.  Do not take anything for granted.
>>
>> Best regards
>>
>>> On Nov 18, 2015, at 10:33 PM, Gail Sasaki <gsasaki@netlist.com> wrote:
>>>
>>> We will have to get some international tax experts to review this starting tomorrow.
>>>
>>> -----Original Message-----

**Exhibit 0002**

>>> From: Jibum Kim
>>> Sent: Wednesday, November 18, 2015 10:29 PM
>>> To: Gail Sasaki; Noel Whitley; C.K. Hong
>>> Cc: Stanton, Scott M.
>>> Subject: RE: Remittance slip [송금확인증]
>>>
>>> If SS didn't pay the withholding tax in Korea this time, it's illegal for SS and Korean government should sue us.
>>>
>>> Please review this.
>>>
>>> -----Original Message-----
>>> From: Gail Sasaki
>>> Sent: Thursday, November 19, 2015 3:22 PM
>>> To: Jibum Kim <jbkim@netlist.com>; Noel Whitley <nwhitley@netlist.com>; C.K. Hong
>>> <ckhong@netlist.com>
>>> Cc: Stanton, Scott M. <SStanton@mofo.com>
>>> Subject: RE: Remittance slip [송금확인증]
>>>
>>> Then Samsung owes us the difference.  Again, our income is NOT taxed by the Korean government.
>>>
>>> -----Original Message-----
>>> From: Jibum Kim
>>> Sent: Wednesday, November 18, 2015 10:20 PM
>>> To: Gail Sasaki; Noel Whitley; C.K. Hong
>>> Subject: RE: Remittance slip [송금확인증]
>>>
>>> In terms of Hojeong, it was deducted by Korean government tax authorization not by SS.
>>>
>>> It is the same as Sansisk, RAMBUS 's case and no tax for Investment.
>>>
>>> BR.
>>>
>>> -----Original Message-----
>>> From: Gail Sasaki
>>> Sent: Thursday, November 19, 2015 3:15 PM
>>> To: Jibum Kim <jbkim@netlist.com>; Noel Whitley <nwhitley@netlist.com>; C.K. Hong
>>> <ckhong@netlist.com>
>>> Subject: RE: Remittance slip [송금확인증]
>>>
>>> Yes it needs to be corrected.  They should have remitted $8M.  We don't pay taxes to the Korean government.
>>> There should be no withholding of taxes on our behalf.
>>>
>>> -----Original Message-----
>>> From: Jibum Kim
>>> Sent: Wednesday, November 18, 2015 10:14 PM
>>> To: Noel Whitley; C.K. Hong; Gail Sasaki
>>> Subject: RE: Remittance slip [송금확인증]
>>>
>>> 16.5% is withholding tax and used to be 22.5%.
>>>
>>> Is it wrong?
>>>
>>> -----Original Message-----
>>> From: Noel Whitley
>>> Sent: Thursday, November 19, 2015 3:10 PM
>>> To: C.K. Hong <ckhong@netlist.com>; Gail Sasaki <gsasaki@netlist.com>; Jibum Kim <jbkim@netlist.com>

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                    NL118220

\>>> Subject: Re: Remittance slip [송금확인증]

\>>>

\>>> I don't understand the amount?  Appears to be USD 6,680,000?  Am I missing something?

\>>>

\>>> Sent from my iPad

\>>>

\>>>> On Nov 18, 2015, at 10:05 PM, "Noel Whitley" <nwhitley@netlist.com> wrote:

\>>>>

\>>>> Well done, JB !  I assume this is the 8M?

\>>>>

\>>>> Sent from my iPad

\>>>>

\>>>> Begin forwarded message:

\>>>>

\>>>> From: "김호정" <hojung4623.kim@samsung.com<mailto:hojung4623.kim@samsung.com>>

\>>>> To: "Jibum Kim" <jbkim@netlist.com<mailto:jbkim@netlist.com>>, "Noel Whitley"
<nwhitley@netlist.com<mailto:nwhitley@netlist.com>>

\>>>> Cc: "한규한" <kyuhan_han@samsung.com<mailto:kyuhan_han@samsung.com>>, "성승민"
<jeff.sung@samsung.com<mailto:jeff.sung@samsung.com>>, "차정호"
<jh99.cha@samsung.com<mailto:jh99.cha@samsung.com>>

\>>>> Subject: Remittance slip [송금확인증]

\>>>>

\>>>> Dear JB & Noel,

\>>>>

\>>>>

\>>>> Attached please find the remittance slip.

\>>>>

\>>>> (늦어서 죄송합니다. 송금확인증 송부드립니다.)

\>>>>

\>>>> Thank you.

\>>>>

\>>>>

\>>>> B.regards,

\>>>>

\>>>> Jay

\>>>>

\>>>>

\>>>> 김호정 드림

\>>>>

\>>>>

\>>>> 김호정 | Jay Kim

\>>>>

\>>>> Manager | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.

\>>>> Office +82-31-208-6159 | Mobile +82-10-5361-0001 |
hojung4623.kim@samsung.com<mailto:hojung4623.kim@samsung.com><mailto:hojung4623.kim@samsung.com>

\>>>>

\>>>>

\>>>>

\>>>>

\>>>>

\>>>>

CONFIDENTIAL - ATTORNEYS' EYES ONLY

>>>>
>>>> [cid:EM6S04A24XEV@namo.co.kr]
>>>>
>>>>
>>>>
>>>> <201511191503404_PYMC4CBB.gif>
>>>> <SCAN_20151119_145742626.pdf>

CONFIDENTIAL - ATTORNEYS' EYES ONLY

# EXHIBIT 62

| From: | Jin-ho Jeon <jinho83.jeon@samsung.com> |
|---|---|
| Sent: | Mon, 16 Sep 2019 01:32:26 -0400 (EDT) |
| To: | "Michael Kim (KR)" <michael.kim@pwc.com> |
| Cc: | Gail Sasaki <gsasaki@netlist.com>; Marc Frechette <mfrechette@netlist.com>; Yoon-ji Kang <lilliana.kang@pwc.com>; Ki-youn Lee <kiyoun.lee@samsung.com> |
| Subject: | RE: FW: Attorney Client Privileged |

Hello, Mr. Joo-deok Kim. This is Jin-ho Jeon from Samsung Electronics Finance & Economy Group (DS).

As you may see in the Draft of the Q&A that we sent previously, the original purpose of the agreement executed between our company and Netlist in November 2015 was for granting of license and at that time, the nature of the agreement for our company was to make products utilizing the license related to LRDIMM and NVDIMM.
※ Existing licenses and licenses filed within the next 5 years

Company N may say that the nature of the agreement is NRE, but there are no joint development activities conducted between the two companies after the execution of the agreement and there aren't any product resulting from development, so it is difficult to view it as NRE considering this situation.

Currently, NTS is continuously requesting a response from our company, so even if we are not able to reply with details about the agreement between our two companies, our company believes that we should reply to the effect that the nature of the agreement was viewed as license and tax was withheld accordingly.

Please advise.

Thank you.


--------- **Original Message** ---------
**Sender** : Michael Kim (KR) <michael.kim@pwc.com>
**Date** : 2019-09-10 09:33 (GMT+9)
**Title** : Fwd: Attorney Client Privileged

Dear Mr. Jeon,
We have read Samsung's Q&A related to NTS' request. Although there are instances where we Netlist do not agree, we could not provide any edits thereon since we do not have information internal to Samsung necessary to answer those questions.

We would therefore kindly request that you submit Samsung's Q&A to the NTS on the basis that the $8 million is an NRE payment not a license fee and that you stick to the factual background.

If you have any questions, please do not hesitate to contact us.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

CONFIDENTIAL                                                                  NL118609

---------- Forwarded message ---------
From: **Michael Kim (KR)** <michael.kim@pwc.com>
Date: Wed, Aug 28, 2019 at 3:05 PM
Subject: Re: Attorney Client Privileged
To: Byung-yup Jeon <byungyup.jeon@samsung.com>
Cc: Gail Sasaki <gsasaki@netlist.com>, Marc Frechette <mfrechette@netlist.com>, Jinho Jeon
<jinjo83.jeon@samsung.com>, Yoon-ji Kang <lilliana.kang@pwc.com>

Thank you for your cooperation Mr. Jeon.

I will coordinate with Gail to expedite our response.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com


On Wed, Aug 28, 2019 at 2:43 PM Byung Jeon <byungyup.jeon@samsung.com> wrote:

> + Jinho, Jeon

> Dear Gail,

> Thank you for your feedback. We will not send our draft to NTS.
> Then, could you give us Netlist's draft to the NTS's questions?
> Once we receive the draft, we will review it and if there is no disagreement, we will send it to NTS

> Thank you

> **Byung, Jeon**

> Business Development | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.
> Office +82-31-208-3233 | Mobile +82-10-7222-7526 | byungyup.jeon@samsung.com


--------- **Original Message** ---------
**Sender** : Gail Sasaki <gsasaki@netlist.com>
**Date** : 2019-08-21 09:17 (GMT+9)
**Title** : Attorney Client Privileged


Dear Mr. Jeon,

Thank you for giving us an opportunity to review the letter you have prepared in relation to the National Tax Service's
 (NTS) request for additional information on our refund claim.  Unfortunately your  letter is factually incorrect and

therefore Netlist can not provide written consent for Samsung to submit the letter  to the NTS.

If you would like to talk further please let us know.

Best regards,
Gail

......................................................................................................................................................................

**Gail Sasaki**
**Chief Financial Officer**



Tel:949.435.0025
Fax:949.435.0031
www.netlist.com

175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain confidential and/or privileged material, disclosure of which is restricted by applicable law, including professional codes of conduct.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error, please notify the sender and delete this e-mail, including any attachments, immediately. Unless otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and do not necessarily reflect the views of PwC.

The above message is intended solely for the named addressee and may contain trade secret, industrial technology or privileged and confidential information otherwise protected under applicable law including the Unfair Competition Prevention and Trade Secret Protection Act. Any unauthorized dissemination, distribution, copying or use of the information contained in this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email and delete this communication immediately.

The above message is intended solely for the named addressee and may contain trade secret, industrial technology or privileged and confidential information otherwise protected under applicable law including the Unfair Competition Prevention and Trade Secret Protection Act. Any unauthorized dissemination, distribution, copying or use of the information contained in this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email and delete this communication immediately.

ATT000

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

# CERTIFICATION OF TRANSLATION

# and

# DECLARATION

State of California      )
                           )     S. S.

Los Angeles County    )

        I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated Document with Bates No. NL118609 – NL118611 from Korean to English and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.

## Description of Translated Documents

Document with Bates No. NL118609 – NL118611

Executed on August 13, 2021

Soomi Ko
California State Certified Court Interpreter
#300732
(213) 999-7848(Cell)
soomi@komartin.com
www.komartin.com

Ko & Martin Certified Interpreters and Translators
Specializing in Korean and Chinese Languages

**From:** 전진호 <jinho83.jeon@samsung.com>
**Sent:** Mon, 16 Sep 2019 01:32:26 -0400 (EDT)
**To:** "Michael Kim (KR)" <michael.kim@pwc.com>
**Cc:** Gail Sasaki <gsasaki@netlist.com>; Marc Frechette<mfrechette@netlist.com>; 강윤지 <lilliana.kang@pwc.com>; 이기윤 <kiyoun.lee@samsung.com>

**Subject:** RE: FW: Attorney Client Privileged

안녕하십니까, 김주덕 선생님. 삼성전자 재경그룹(DS) 전진호라고 합니다.

이미 보내드린 질의회신 Draft에서도 확인하실 수 있지만,

당사와 Netlist사가 '15.11월에 체결한 계약의 본래 목적은 라이선스 허여로,
당시 당사는 LRDIMM 및 NVDIMM 관련 라이선스를 활용한 제품화가 계약의 본질이었습니다.
※ 기존 보유 및 이후 5년간 출원되는 라이선스

N사에서는 본질이 NRE라고 말씀하실 수 있겠으나, 계약 체결후 사실상 양사에서 공동으로 진행한 개발활동이 없고,
개발결과물 또한 존재하지 않는 상황에서 이것이 NRE였다라고 주장하기에는 무리가 있는 것으로 보입니다.

현재 국세청에서 지속적으로 당사에 계속 답변 독촉을 하는 상황으로
양사의 계약과 관련된 내용을 세부적으로 답변하지 못하더라도,
당사는 이것의 본질을 라이선스로 보고 원천징수했다라고 답변해야 할 것으로 생각됩니다.

의견을 부탁드립니다.

감사합니다.


--------- **Original Message** ---------
**Sender** : Michael Kim (KR) <michael.kim@pwc.com>
**Date** : 2019-09-10 09:33 (GMT+9)
**Title** : Fwd: Attorney Client Privileged

Dear Mr. Jeon,
We have read Samsung's Q&A related to NTS' request. Although there are instances where we Netlist do not agree, we could not provide any edits thereon since we do not have information internal to Samsung necessary to answer those questions.

We would therefore kindly request that you submit Samsung's Q&A to the NTS on the basis that the $8 million is an NRE payment not a license fee and that you stick to the factual background.

If you have any questions, please do not hesitate to contact us.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

CONFIDENTIAL                                                                                              NL118609

---------- Forwarded message ---------
From: **Michael Kim (KR)** <michael.kim@pwc.com>
Date: Wed, Aug 28, 2019 at 3:05 PM
Subject: Re: Attorney Client Privileged
To: 전병엽 <byungyup.jeon@samsung.com>
Cc: Gail Sasaki <gsasaki@netlist.com>, Marc Frechette <mfrechette@netlist.com>, Jinho Jeon
<jinho83.jeon@samsung.com>, 강윤지 <lilliana.kang@pwc.com>


Thank you for your cooperation Mr. Jeon.

I will coordinate with Gail to expedite our response.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com


On Wed, Aug 28, 2019 at 2:43 PM Byung Jeon <byungyup.jeon@samsung.com> wrote:


+ Jinho, Jeon

Dear Gail,

Thank you for your feedback. We will not send our draft to NTS.
Then, could you give us Netlist's draft to the NTS's questions?
Once we receive the draft, we will review it and if there is no disagreement, we will send it to NTS

Thank you

**Byung, Jeon**

Business Development | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.
Office +82-31-208-3233 | Mobile +82-10-7222-7526 | byungyup.jeon@samsung.com


--------- **Original Message** ---------
**Sender** : Gail Sasaki <gsasaki@netlist.com>
**Date** : 2019-08-21 09:17 (GMT+9)
**Title** : Attorney Client Privileged

Dear Mr. Jeon,

Thank you for giving us an opportunity to review the letter you have prepared in relation to the National Tax Service's
(NTS) request for additional information on our refund claim.  Unfortunately your  letter is factually incorrect and

therefore Netlist can not provide written consent for Samsung to submit the letter  to the NTS.

If you would like to talk further please let us know.

Best regards,
Gail

……………………………………………………………………………………………………………………………………………

**Gail Sasaki**
**Chief Financial Officer**
175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

Tel:949.435.0025
Fax:949.435.0031
www.netlist.com

The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain confidential and/or privileged material, disclosure of which is restricted by applicable law, including professional codes of conduct.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error, please notify the sender and delete this e-mail, including any attachments, immediately. Unless otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and do not necessarily reflect the views of PwC.

The above message is intended solely for the named addressee and may contain trade secret, industrial technology or privileged and confidential information otherwise protected under applicable law including the Unfair Competition Prevention and Trade Secret Protection Act. Any unauthorized dissemination, distribution, copying or use of the information contained in this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email and delete this communication immediately.

상기 메일은 지정된 수신인만을 위한 것이며 부정경쟁 방지 및 영업비밀 보호에 관한 법률을 포함하여 관련 법령에 따라 보호의 대상이 되는 **영업비밀, 산업기술 등을 포함**하고 있을 수 있습니다. 본 문서에 포함된 정보의 전부 또는 일부를 **무단으로 제3자에게 공개, 배포, 복사 또는 사용하는 것은 엄격히 금지** 됩니다.  본 메일이 잘못 전송된 경우, 발신인에게 알려 주시고 즉시 삭제하여 주시기 바랍니다.

 ATT000

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

# EXHIBIT 63

| From: | "Michael Kim (KR)" <michael.kim@pwc.com> |
|---|---|
| Sent: | Mon, 19 Aug 2019 04:55:30 -0400 (EDT) |
| To: | Gail Sasaki <gsasaki@netlist.com> |
| Cc: | "Lilliana Kang (KR)" <lilliana.kang@pwc.com> |
| Subject: | Fwd: RE: Regarding Tax issue (Samsung) |

Hi Gail,

Can we have a quick call tomorrow afternoon your time to discuss?

I can call you....please provide a convenient number for me to call you if possible.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

--------- Forwarded message ---------
From: **Michael Kim (KR)** <michael.kim@pwc.com>
Date: Mon, Aug 19, 2019 at 5:47 PM
Subject: Re: RE: Regarding Tax issue (Samsung)
To: <e_cheol.kim@samsung.com>
Cc: Gail Sasaki <gsasaki@netlist.com>, Yvette Lee <yvette01.lee@samsung.com>, IM JIYON <jiyon.im@samsung.com>, <byungyup.jeon@samsung.com>, Lilliana Kang (KR) <lilliana.kang@pwc.com>

Dear Mr. Kim,

We are in the process of reviewing the material you have provided to us.

I would appreciate if you could please bear with us for a few more days . We plan to provide you with feedback either tomorrow or Wednesday at the latest.

Hope this is acceptable.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

On Fri, Aug 16, 2019 at 8:59 AM Byung Jeon <byungyup.jeon@samsung.com> wrote:

> Dear Gail,


> Sorry for the late response. The attached file is the materials we plan to submit.

> Once you review this, please send us Netlist's written consent(with signature) on submission to NTS by Monday next week.


> Regards,


> **Byung, Jeon**

Business Development | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.
Office +82-31-208-3233 | Mobile +82-10-7222-7526 | byungyup.jeon@samsung.com

------- **Original Message** -------

**Sender** : Gail Sasaki

**Date** : 2019-07-24 09:40 (GMT+09:00)

**Title** : RE: Regarding Tax issue (Samsung)


Dear Jeon,

**Exhibit 0004**

CONFIDENTIAL

NL118533

Thank you for reaching out.  C.K. Hong did respond but perhaps it didn't reach you.  In his email, we asked that you please send us the materials you plan to submit to the NTS so that we can review them prior to your submittal.  If there are areas that are Samsung-confidential, you may redact those portions.  We will then review and respond to you quickly.

Copying Michael Kim of PWC.

Best regards,

Gail

......................................................................................................................................................

**Gail Sasaki**
Chief Financial Officer
175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

Tel 949.435.0025
Fax 949.435.0031
www.netlist.com

**From:** Byung Jeon <byungyup.jeon@samsung.com>
**Sent:** Tuesday, July 23, 2019 5:06 PM
**To:** Gail Sasaki <gsasaki@netlist.com>
**Cc:** Yvette Lee <yvette01.lee@samsung.com>
**Subject:** Regarding Tax issue (Samsung)

Dear Gail,

This is Byung from strategic planning team of Samsung memory business unit and I am taking care of collaboration with Netlist.

A few month ago, from National tax service Samsung was asked to prepare reference materials regarding "the claim for reassessment" which Netlist raised againt National tax service.

Under our contract, Samsung needs Netlist's written consent (with signature) on submission to National tax serive. So we sent a mail to C.K Hong but haven't received it yet.

If you check this internally, it would be very helpful.

Thank you.

**Byung, Jeon**

Business Development | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.
Office +82-31-208-3233 | Mobile +82-10-7222-7526 | byungyup.jeon@samsung.com

m_-2577707778769651430 6gmail-

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

http://ext.samsung.net/mail/ext/v1/external/status/update?

The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain confidential and/or privileged material, disclosure of which is restricted by applicable law, including professional codes of conduct.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error, please notify the sender and delete this e-mail, including any attachments, immediately. Unless otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and do not necessarily reflect the views of PwC.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIAL

# EXHIBIT 64

| From: | "Michael Kim (KR)" <michael.kim@pwc.com> |
|---|---|
| Sent: | Wed, 28 Aug 2019 02:05:54 -0400 (EDT) |
| To: | 전병엽 <byungyup.jeon@samsung.com> |
| Cc: | Gail Sasaki <gsasaki@netlist.com>; Marc Frechette <mfrechette@netlist.com>; Jinho Jeon <jinho83.jeon@samsung.com>; 강윤지 <lilliana.kang@pwc.com> |
| Subject: | Re: Attorney Client Privileged |

Thank you for your cooperation Mr. Jeon.

I will coordinate with Gail to expedite our response.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

On Wed, Aug 28, 2019 at 2:43 PM Byung Jeon <byungyup.jeon@samsung.com> wrote:

+ Jinho, Jeon


Dear Gail,


Thank you for your feedback. We will not send our draft to NTS.

Then, could you give us Netlist's draft to the NTS's questions?

Once we receive the draft, we will review it and if there is no disagreement, we will send it to NTS


Thank you


**Byung, Jeon**

Business Development | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.
Office +82-31-208-3233 | Mobile +82-10-7222-7526 | byungyup.jeon@samsung.com



**--------- Original Message ---------**

**Sender** : Gail Sasaki <gsasaki@netlist.com>

**Date** : 2019-08-21 09:17 (GMT+9)

**Title** : Attorney Client Privileged


Dear Mr. Jeon,


Thank you for giving us an opportunity to review the letter you have prepared in relation to the National Tax Service's (NTS) request for additional information on our refund claim. Unfortunately your letter is factually incorrect and therefore Netlist can not provide written consent for Samsung to submit the letter to the NTS.


If you would like to talk further please let us know.


Best regards,

Gail


..............................................................................................................................................



**Gail Sasaki**
Chief Financial Officer
175 Technology
Irvine, CA 92618
Direct: 949.679.0113

Tel:949.435.0025
Fax:949.435.0031

**Exhibit 0005**

NL118535

www.netlist.com     Cell: 714.337.2155
                    Fax: 949.435.0031
                    Email: gsasaki@netlist.com

16d6c6c0b3fcc204

http://ext.samsung.net/mail/ext/v1/external/status/update?

The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain confidential and/or privileged material, disclosure of which is restricted by applicable law, including professional codes of conduct.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error, please notify the sender and delete this e-mail, including any attachments, immediately. Unless otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and do not necessarily reflect the views of PwC.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

# EXHIBIT 65

**FULL VERSION OF EXHIBIT 65 PROPOSED TO BE FILED UNDER SEAL**

# EXHIBIT 66

| From: | "Michael Kim (KR)" <michael.kim@pwc.com> |
|---|---|
| Sent: | Mon, 9 Sep 2019 20:47:05 -0400 (EDT) |
| To: | Gail Sasaki <gsasaki@netlist.com> |
| Cc: | Marc Frechette <mfrechette@netlist.com>; "Lilliana Kang (KR)" <lilliana.kang@pwc.com> |
| Subject: | Fwd: Attorney Client Privileged |

Hi Gail,
We just had a call with Byung Jeon at Samsung and explained about the case.

We have verbally suggested to delete two instances:

Question 1) - Comments that relate to $8 million being paid in consideration for the use of all Netlist' patents

Question 7.4) - Comments on Samsung speculating that there might have been a significant margin on $8 million as compared to actual costs incurred by Netlist

They will discuss the foregoing internally and submit their position paper to the NTS in due course.

They may possibly come back to us to request a formal consent letter from Netlist (with CEO's signature) agreeing with Samsung's submission to the NTS. Let's see how they react to this.

We will update you further should there be any progress.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

---------- Forwarded message ----------
From: **Michael Kim (KR)** <michael.kim@pwc.com>
Date: Tue, Sep 10, 2019 at 9:33 AM
Subject: Fwd: Attorney Client Privileged
To: 전병엽 <byungyup.jeon@samsung.com>
Cc: Gail Sasaki <gsasaki@netlist.com>, Marc Frechette <mfrechette@netlist.com>, Jinho Jeon <jinho83.jeon@samsung.com>, 강윤지 <lilliana.kang@pwc.com>

Dear Mr. Jeon,
We have read Samsung's Q&A related to NTS' request. Although there are instances where we Netlist do not agree, we could not provide any edits thereon since we do not have information internal to Samsung necessary to answer those questions.

We would therefore kindly request that you submit Samsung's Q&A to the NTS on the basis that the $8 million is an NRE payment not a license fee and that you stick to the factual background.

If you have any questions, please do not hesitate to contact us.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

---------- Forwarded message ----------
From: **Michael Kim (KR)** <michael.kim@pwc.com>
Date: Wed, Aug 28, 2019 at 3:05 PM
Subject: Re: Attorney Client Privileged
To: 전병엽 <byungyup.jeon@samsung.com>
Cc: Gail Sasaki <gsasaki@netlist.com>, Marc Frechette <mfrechette@netlist.com>, Jinho Jeon <jinho83.jeon@samsung.com>, 강윤지 <lilliana.kang@pwc.com>

Thank you for your cooperation Mr. Jeon.

I will coordinate with Gail to expedite our response.

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

On Wed, Aug 28, 2019 at 2:43 PM Byung Jeon <byungyup.jeon@samsung.com> wrote:

<div style="border:2px solid black">

**Exhibit
0007**

</div>

CONFIDENTIAL                                                                 NL118556

+ Jinho, Jeon

Dear Gail,

Thank you for your feedback. We will not send our draft to NTS.

Then, could you give us Netlist's draft to the NTS's questions?

Once we receive the draft, we will review it and if there is no disagreement, we will send it to NTS

Thank you

**Byung, Jeon**

Business Development | Strategic Planning Team | Memory Division | Samsung Electronics co.,Ltd.
Office +82-31-208-3233 | Mobile +82-10-7222-7526 | byungyup.jeon@samsung.com

--------- Original Message ---------

**Sender :** Gail Sasaki <gsasaki@netlist.com>

**Date :** 2019-08-21 09:17 (GMT+9)

**Title :** Attorney Client Privileged

Dear Mr. Jeon,

Thank you for giving us an opportunity to review the letter you have prepared in relation to the National Tax Service's (NTS) request for additional information on our refund claim. Unfortunately your letter is factually incorrect and therefore Netlist can not provide written consent for Samsung to submit the letter to the NTS.

If you would like to talk further please let us know.

Best regards,

Gail

..........................................................................................................................................................

**Gail Sasaki**
**Chief Financial Officer**
175 Technology
Tel:949.435.0025     Irvine, CA 92618
Fax:949.435.0031    Direct: 949.679.0113
www.netlist.com     Cell: 714-337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

✉ http://ext.samsung.net/mail/ext/v1/external/status/update?

The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain confidential and/or privileged material, disclosure of which is restricted by applicable law, including professional codes of conduct. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error, please notify the sender and delete this e-mail, including any attachments, immediately. Unless otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and do not necessarily reflect the views of PwC.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

# EXHIBIT 67

| | |
|---|---|
| **From:** | gsasaki@netlist.com |
| **Sent:** | Mon, 28 Dec 2020 16:41:57 -0500 (EST) |
| **To:** | Laurie Manderscheid <lmanderscheid@netlist.com> |
| **Subject:** | Fwd: Corporate income tax refund |
| **Attachments:** | Netlist_Draft invoice_201228.pdf;NTS_Request to withdraw the mutual agreement procedure_201228.pdf |

Can you provide a cash estimate for year end?  I think it will be okay to confirm the payment to PWC for 1/4 but if we have enough it will be nice to send this week.

Sent from my iPhone

Begin forwarded message:

**From:** "Michael Kim (KR - Tax)" <michael.kim@pwc.com>
**Date:** December 27, 2020 at 9:29:54 PM PST
**To:** Gail Sasaki <gsasaki@netlist.com>
**Cc:** Marc Frechette <mfrechette@netlist.com>, Laurie Manderscheid <lmanderscheid@netlist.com>, Kwang Jin Park <kwang-jin.park@pwc.com>, Lilliana Kang <lilliana.kang@pwc.com>
**Subject: Fwd: Corporate income tax refund**

Dear Gail,

We have received KRW 153,933,790 (the local income tax refund of KRW 140,808,000 and accrued interest of KRW 13,125,790) from the local tax authority on 24th December, and wired it to your bank account today. As the wire transfer takes about two working days, we assume that you will be able to confirm the receipt within this month.

The attached is a draft invoice reflecting 30% of income tax refund and wiring fee of $2,000. Please let me know if you have any questions or concerns on this matter.

In addition to the above, we have submitted letters requesting withdrawal of the MAP to IRS and NTS. We have not yet heard from the IRS, but the NTS requested your signed confirmation with the letter. With regard to this, can you please kindly sign page 1 of the attached letter? The page 2 of the letter is an English translation of page 1 prepared for your reference. We will update you if there are any requests from the IRS.

Wishing you a Happy New Year!

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com

From: **Gail Sasaki** <gsasaki@netlist.com>
Date: Wed, Dec 23, 2020 at 11:40 PM
Subject: Re: Corporate income tax refund
To: Michael Kim (KR - Tax) <michael.kim@pwc.com>

**Exhibit 0008**

Cc: Marc Frechette <mfrechette@netlist.com>, 강윤지 <lilliana.kang@pwc.com>, 박광진 <kwang-jin.park@pwc.com>, Laurie Manderscheid <lmanderscheid@netlist.com>


Great work and we enjoyed working with you!

Sent from my iPhone


> On Dec 22, 2020, at 9:20 PM, Michael Kim (KR - Tax) <michael.kim@pwc.com>
> wrote:
>
>
>
> Hi Gail,
> We received today a refund notice from the local authority in relation to the local
> income tax refund. The total refund amount will be KRW 153,933,790 (the local
> income tax refund of KRW 140,808,000 and accrued interest of KRW 13,125,790)
> and it is reasonably expected that we receive the cash refund within tomorrow. We
> will immediately wire transfer the money (FYI, the corporate income tax refund was
> already wired).

Given that the entire amount will be wired within this year, we will raise one single invoice which will reflect both the national and local income tax refund at 30% plus $2,000 wiring fees.

I will send you a draft invoice next week after wire transfer for confirmation.

It is hard to believe that it took us 2.5 years to complete but all very much worthwhile! We will also withdraw the MAP with the IRS in due course.

Merry Christmas!

Best regards,

Michael

Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com


On Wed, Dec 16, 2020 at 12:38 AM Gail Sasaki <gsasaki@netlist.com> wrote:

> Yes, we are fine with your invoice plan.
> Thanks


Sent from my iPhone

CONFIDENTIAL                                                      NL118872

On Dec 15, 2020, at 3:49 AM, Michael Kim (KR - Tax)
<michael.kim@pwc.com> wrote:


Hi Gail,
Good news.

We confirm receipt of the corporate income tax refund of KRW 1,466,070,254 (including
government interest and bank interest). We will wire transfer the
money to your bank account.

Would you please send Kwangjin and Lilliana your banking details for wiring?

We will also wire transfer the local income tax refund once received.

Please note that we will send you two separate invoices corresponding to 30% of the actual
tax refund (exclusive of government and bank interests) for corporate
and local income taxes respectively. The first invoice will be sent after
the foregoing wire transfer, and a second invoice will be sent to you for
payment once we wire transfer the local income tax refund after the
authorities remit it in our temporary bank account.

Hope this is OK.

Best regards,

Michael
--
Michael Kim
Partner
Samil PricewaterhouseCoopers
Office: +82 2 709 0707
Mobile: +82 10 4945 9707
Email: michael.kim@pwc.com


The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may
contain confidential and/or privileged material, disclosure of which is restricted by
applicable law, including professional codes of conduct.  Any review, retransmission,
dissemination or other use of, or taking of any action in reliance upon, this information
by persons or entities other than the intended recipient is prohibited, and all liability
arising therefrom is disclaimed. If you have received this e-mail in error, please notify
the sender and delete this e-mail, including any attachments, immediately. Unless
otherwise noted, any views expressed in this e-mail and/or its attachments are those
of the author and do not necessarily reflect the views of PwC.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments
unless you recognize the sender and know the content is safe.


The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain
confidential and/or privileged material, disclosure of which is restricted by applicable law, including
professional codes of conduct.  Any review, retransmission, dissemination or other use of, or taking of
any action in reliance upon, this information by persons or entities other than the intended recipient is
prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error,
please notify the sender and delete this e-mail, including any attachments, immediately. Unless
otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and
do not necessarily reflect the views of PwC.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless

you recognize the sender and know the content is safe.

      --
Lilliana Kang (KR)
Global Tax Services
Samil PricewaterhouseCoopers
lilliana.kang@pwc.com
+82-10-2867-1813

The information transmitted in this electronic mail (e-mail) is intended for the named recipient(s) only, and may contain confidential and/or privileged material, disclosure of which is restricted by applicable law, including professional codes of conduct.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you have received this e-mail in error, please notify the sender and delete this e-mail, including any attachments, immediately. Unless otherwise noted, any views expressed in this e-mail and/or its attachments are those of the author and do not necessarily reflect the views of PwC.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

NL118874





December 28, 2020

**Netlist Inc.**

175 Technology, Suite 150
Irvine, CA 92618

We would like to submit a bill for our professional services rendered to **Netlist Inc.** ('the Company")
as below. Please note that this invoice for professional services rendered is payable within 30 days of
the invoice date shown above, and that an interest charge may be applied to any amounts which are
overdue.

| Description | Amount |
|---|---|
| **Tax Consulting Services** | USD  421,008 |
| **Writing Fee** | USD 2,000 |
| *Out of pocket expenses* | - |
| ***Total*** | USD  423,008 |
| *Value-added tax 10%* | - |
| ***Grand Total*** | USD  423,008 |

Very truly yours,

Samil PricewaterhouseCoopers

Invoice No. 20F02404
KJD/PKJ
[31257-41-000]

P.S.: Please transfer the above amount to our passbook account as below.

| | |
|---|---|
| Our bank: | KEB Hana Bank |
| Swift code: | KOEXKRSEXXX |
| Bank address: | 043-86 92, Hangang-daero, Yougsan-gu, Seoul |
| Account name: | Samil PricewaterhouseCoopers |
| Account No.: | 105-910004-90938 |

*Samil PricewaterhouseCoopers, 100 Hangang-daero, Yongsan-gu, Seoul 04386, Korea, www.samil.com*

NL118875

# Summary of fees for the services rendered in relation to Netlist

| | | |
|---|---|---|
| Federal corporate income tax refund | | ₩1,408,080,000 |
| | **30%** | **₩422,424,000** |
| Local corporate income tax refund | | ₩140,808,000 |
| | **30%** | **₩42,242,400** |
| | | |
| Total fee in KRW | | ₩464,666,400 |
| Exchange rate as of 28th December 2020 | | 1,103.70 |
| | | |
| **Service fee** | | **$421,008** |
| **Wiring fee** | | **$2,000** |
| | | |
| **Total fee** | | **$423,008** |

NL118876





문서번호: THo-202012-004

**수신:**   **국세청 상호합의팀 연덕현 조사관님**

**발신:**   **삼일회계법인**

**제목:**   **상호합의 신청 철회 요청의 건**

1. 조세 정의 구현을 위한 행정에 노고가 많으십니다.

2. 넷리스트(Netlist, Inc., 납세자 번호: 95-4812784)는 2020년 4월 1일 조세심판원에 청구한 원천징수세액의 환급에 대해 동년 11월 17일 전액 환급을 인용 받았으며, 이에 동년 12월 동수원 세무서 및 기흥구청으로부터 법인소득세와 법인지방소득세를 전액 환급 받았습니다.

3. 이에 삼일회계법인은 넷리스트(Netlist, Inc.)를 대리하여 2018년 11월 14일 신청한 상호합의에 대한 철회를 요청하는 바입니다.

2020 년 12 월 28 일

Netlist, Inc.                          삼일회계법인

CFO, Gail Sasaki



———————————

Samil PricewaterhouseCoopers, 100 Hangang-daero, Yongsan-gu, Seoul 04386, Korea, www.samil.com

CONFIDENTIAL

NL118877

Document Number: TH0-202012-004

**To:**      **Mr. Deokhyeon Yeon**

            **National Tax Services**

**From:**    **Samil PwC**

**Subject:**  **Request to withdraw the mutual agreement procedure**

1. We appreciate your hard work building the foundation for tax justice.

2. Netlist, Inc. (Tax identification number: 95-4812784) have obtained an approval of the refund claim that was made on 1st April 2020 from the Tax Tribunal on 17th November 2020, and received federal and local corporate income tax from East-Suwon tax office/Giheung-gu tax office in December 2020.

3. Therefore, Samil PwC on behalf of Netlist, Inc. hereby requests withdrawal of the mutual agreement procedure initiated from 14th November 2018.

2020. 12. 28

Samil PwC

CONFIDENTIAL

NL118878

# EXHIBIT 68

JASON C. LO, SBN 219030
    jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
    mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
    rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>               Defendant. | CASE NO. 8:20-cv-993-MCS (ADSx)<br><br>**PLAINTIFF NETLIST INC.'S SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)** |

Plaintiff Netlist Inc. ("Netlist"), by and through its attorneys, hereby provides these supplemental initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Information in these supplemental initial disclosures is based on information reasonably available to Netlist to date.  Netlist reserves the right to amend and/or supplement these disclosures to include information obtained through the course of further investigation and analysis, discovery, and trial preparation.  In particular, and without limitation, Netlist reserves the right to identify additional individuals, to identify and produce additional documents and other information as such individuals

or information become known or available, and to include individuals not identified in these initial disclosures in Netlist's list of trial witnesses.

Netlist provides these initial disclosures without waiver or prejudice to any claim of privilege or immunity, including, but not limited to, attorney-client privilege, work product protection, or any other applicable privilege or immunity.  Finally, these disclosures are made without waiver of any rights to object on any other ground to the use of any information disclosed herein in this action or any other action, and/or the rights to object to any discovery request or proceeding involving or relating to the subject matter of the initial disclosures.  Nothing in these initial disclosures shall constitute an admission or concession on Netlist's part with respect to any issues of fact or law.

## I.      Individuals Likely to Have Discoverable Information Netlist May Use to Support its Claims or Defenses [Fed. R. Civ. P. 26(a)(1)(A)(i)]

Subject to the foregoing, the following list identifies those individuals who Netlist presently has reason to believe are likely to have discoverable information that Netlist may use to support its claims or defenses (not including witnesses solely for impeachment).  The inclusion of an individual is not a statement by Netlist that the individual necessarily has discoverable information.  The identification below does not include experts or consultants who may be retained.  Netlist has listed the general subject matter of these individuals' knowledge, but this general description does not limit the subject areas of information each individual may provide.  Netlist reserves the right to offer testimony at trial or otherwise from any of the following individuals on topics other than the matters specified below, and Netlist reserves the right to offer testimony at trial or otherwise from individuals not listed below.  Netlist reserves the right to rely on witnesses under the control of Samsung Electronics Co., Ltd. ("Samsung"), regardless of whether such witnesses have been identified below. Specifically, in addition to the list below, Netlist also expressly incorporates herein the identity of all witnesses deposed in this case with respect to the subject matter of their

depositions, and all individuals identified in the parties' respective interrogatory responses with respect to the subject matter for which they are identified therein.  In accordance with the Federal Rules of Civil Procedure, Netlist reserves the right to identify additional witnesses at a later date, if such witnesses become known to Netlist. By identifying witnesses in these initial disclosures, Netlist does not represent or agree that these witnesses are subject to a subpoena from any federal district court, are available for deposition, or are available to testify at trial.

| Name | Contact Information | General Subject Matter |
|------|--------------------|-----------------------|
| Chuck Hong | c/o Jason C. Lo<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | The Joint Development and License Agreement ("Agreement") and its negotiation; products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof; the NRE fee paid to Netlist under the Agreement; harm to Netlist. |
| Gail Sasaki | c/o Jason C. Lo<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | The Agreement; products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof; the NRE fee paid to Netlist under the Agreement; harm to Netlist. |
| Paik Ki Hong | c/o Jason C. Lo<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | The Agreement; products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof; harm to Netlist. |
| Steven Yu | c/o Jason C. Lo<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | Products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof. |

| Jibum Kim | c/o Jason C. Lo<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | The Agreement and its negotiation. |
|---|---|---|
| Raymond Jiang | c/o Jason C. Lo<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | Products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof. |
| Jung-Bae Lee | Samsung Electronics Co., Ltd.<br>129 Samsung-ro,<br>Yeongtong-gu<br>Suwon-si, Gyeonggi-do<br>Republic of Korea | The Agreement; products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof; the NRE fee paid to Netlist under the Agreement |
| Yong Hwangbo | Samsung Electronics Co., Ltd.<br>129 Samsung-ro,<br>Yeongtong-gu<br>Suwon-si, Gyeonggi-do<br>Republic of Korea | The Agreement; the NRE fee paid to Netlist under the Agreement |
| Kyuhan Han | Samsung Electronics Co., Ltd.<br>129 Samsung-ro,<br>Yeongtong-gu<br>Suwon-si, Gyeonggi-do<br>Republic of Korea | The Agreement; the NRE fee paid to Netlist under the Agreement |
| Steve Metz | Formerly of Samsung Semiconductor, Inc.<br>c/o Bird & Marella | Samsung's fulfillment of Netlist's orders or the failure thereof |
| Neal Knuth | Samsung Semiconductor, Inc.<br>Address unknown | Products ordered by Netlist; Samsung's fulfillment of Netlist's orders or the failure thereof |

## II.  Documents [Fed. R. Civ. P. 26(a)(1)(A)(ii)]

Subject to the limitations and reservation of rights set forth above, Netlist identifies the following categories of documents and electronically stored information that Netlist may use to support its claims or defenses in this action (exclusive of documents used solely for impeachment).  Unless stated otherwise, these documents

Gibson, Dunn & Crutcher LLP

are within the possession, custody, or control of Netlist and/or have been produced to Samsung in this case. In making these disclosures, Netlist reserves the right to seek relief, pursuant to applicable Federal and Local Rules, with respect to the production of any documents identified herein. All categories of documents may include hard copy and/or electronic files.

- Documents and communications regarding the drafting, negotiation, and execution of the Agreement;
- Documents and communications related to the quantity and prices of NAND and DRAM products Samsung sold to Netlist;
- Documents and communications regarding purchase orders sent by Netlist to Samsung;
- Netlist's submissions to the National Tax Service and National Tax Tribunal;
- Documents and communications regarding the quantity and prices of NAND and DRAM products sold to Netlist by Samsung;
- Netlist's notice of breach and termination;
- Harm that Netlist suffered as a result of Samsung's breaches; and
- Joint research and development projects between Samsung and Netlist.

## III. Computation of Damages [Fed. R. Civ. P. 26(a)(1)(A)(iii)]

Netlist intends to seek compensatory damages, pre- and post-judgment interest, restitution, attorneys' and other professional fees and expenses incurred due to Samsung's breach of the contract, in addition to a declaratory judgment that the contract has been terminated.

Netlist has suffered damages in the tens of millions of dollars as a direct result of Samsung's failure to fulfill Netlist's orders in violation of the Agreement, including but not limited to additional costs Netlist incurred to source products from other suppliers, lost revenues, and lost profits.

Netlist intends to take discovery regarding the extent to which it has been damaged, including the extent to which Samsung's breach has deprived Netlist of

monetary or other benefits by refusing to supply products to Netlist and the value of Netlist resources Samsung has exploited while in breach of its Agreement with Netlist. Netlist intends to identify the amount of damages arising from Samsung's conduct with the assistance of an economic expert.

## IV.  Insurance Agreements [Fed. R. Civ. P. 26(a)(1)(A)(iv)]

Netlist is unaware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## V.  Certification of Disclosure

The undersigned hereby certifies that, to the best of his knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, this disclosure is complete and correct as of the time it is made.

Dated: August 5, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7101
Rlamagna@gibsondunn.com

Attorney for Plaintiff Netlist Inc.

1

## CERTIFICATE OF SERVICE

I, Raymond LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)** were emailed to counsel for Samsung Electronics Inc., Ltd., on August 5, 2021.

By: _____ */s/ Raymond LaMagna* _____
Raymond LaMagna

Attorneys for Plaintiff Netlist Inc.

1
CERTIFICATE OF SERVICE

# EXHIBIT 69

| From: | Gail Sasaki <gsasaki@netlist.com> |
|---|---|
| Sent: | Fri, 4 Mar 2016 14:46:31 -0500 (EST) |
| To: | Jibum Kim <jbkim@netlist.com> |
| Subject: | RE: RE:RE: Samsung letter and email |

Yes, of course.  We have no intention of using this breach notice until we are ready.

The notice of breach is something we will use for a last resort and we will remain coordinated on this as I noted.

We do need to let Samsung know that we are not okay with the error in the tax withholding but I will work on that after I get the Supreme Court case study.

Thanks, Gail

---

**From:** Jibum Kim
**Sent:** Friday, March 04, 2016 7:27 AM
**To:** Gail Sasaki
**Subject:** RE: RE:RE: Samsung letter and email

Hi Gail,

Thank you for kind explanation, but my thinking is a little different from yours.

This time is very important to get SS's support for some aspects.

1. Purchasing many kinds of SS products in order to increase our revenue and profit.
2. Need to ask SS to tell IDT or Inphi for designing HV chipset.
3. Still ongoing SK Hynix deal, not finished yet
4. SS will evaluate our current products like NV4 and EV3 for niche market business, which was new item developed on today meeting with DR. Jun.

For these reasons, it's not desirable to send a letter to SS with 30 day notice of breach.

At least we should wait for SK hynix deal close. Otherwise there will be no friend for us.

BR.

---

**From:** Gail Sasaki
**Sent:** Friday, March 4, 2016 3:04 AM
**To:** Jibum Kim <jbkim@netlist.com>
**Subject:** RE: RE:RE: Samsung letter and email

Hi JB,

Chuck did not want to spend any resources getting a translation.  However, when we receive the case that went all the way to the Korean Supreme Court which supports our case I will compose a letter and send it to Samsung in response to theirs.  At that point we may choose to put them on 30 day notice of breach.  Timing is important here so we need to remain coordinated.

Thanks,  Gail

---

**From:** Jibum Kim
**Sent:** Wednesday, March 02, 2016 6:20 PM
**To:** Gail Sasaki <gsasaki@netlist.com>
**Subject:** FW: RE:RE: Samsung letter and email

Hi Gail,

I would like to ask you to get the feedback about the attached SS sent from K&C or DLA.

Even if NRE meant "Development cost", but SS could use the technologies of cross-licensed patents, which could be applied to withholding tax.

As you know well, I am not an expert in this area so my translation is not pertinent.

I already asked SS to send English version of attaced but they didn't.

I think you had better scrutinize cases SS sent by experts.

BR.

**Exhibit 0003**

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                     NL048126

BR.

---

**From:** 황보용 [mailto:yong.hwangbo@samsung.com]
**Sent:** Thursday, February 25, 2016 7:14 AM
**To:** Gail Sasaki <gsasaki@netlist.com>; Jibum Kim <jbkim@netlist.com>
**Cc:** 김호정 <hojung4623.kim@samsung.com>
**Subject:** RE:RE: Samsung letter and email

Dear Gail,

Thank you for your letter but our view remains the same : the amount due has been paid in full.
Netlist should discuss with NTS all matters relating to the refund of taxes withheld.
Attached below are Tax cases related to the Withholding Tax.
Please also note that Netlist reviewed and filled out the NTS application form in its own discretion.

Best Regards,
Yong Hwangbo

----------------------------------------------------------------------------------------------------
**From:** Gail Sasaki [mailto:gsasaki@netlist.com]
**Sent:** Saturday, February 06, 2016 5:16 AM
**To:** yong.hwangbo@samsung.com
**Cc:** Jibum Kim; 김호정
**Subject:** RE: Samsung letter and email

Dear Yong,

Thank you for your acknowledgement of the email and letter.  We look forward to your response when you return from the Lunar New Year holiday.

Best Regards,
Gail

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .



**Gail Sasaki**
Chief Financial Officer
175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

Tel:949.435.0025
Fax:949.435.0031
www.netlist.com

---

**From:** Yong Hwangbo [mailto:yong.hwangbo@samsung.com]
**Sent:** Friday, February 05, 2016 12:55 AM
**To:** Gail Sasaki <gsasaki@netlist.com>
**Cc:** Jibum Kim <jbkim@netlist.com>; 김호정 <hojung4623.kim@samsung.com>
**Subject:** Re: Samsung letter and email

Dear Gail Sasaki,

We will review your feedback internally and get back to you. However, due to the long Korean holiday next week, I am afraid that an immediate response is not possible.
We kindly ask for your understanding.

Best Regards,
Yong Hwangbo

CONFIDENTIAL - ATTORNEYS' EYES ONLY

NL048127

—————— Original Message ——————
Sender : Gail Sasaki<gsasaki@netlist.com>
Date : 2016-02-05 08:35 (GMT+09:00)
Title : Samsung letter and email

Dear Mr. Yong Hwangbo,

Please review the following in response to your letter (stated in italics below) dated December 31, 2015:

1) *Samsung deducted withholding tax of $1,320,000 (16.5%) from $8,000,000 NRE fee, calculated according to the United States-Republic of Korea Income Tax Convention, Article 14 and Republic of Korea Corporate Tax Act, Article 93 (Domestic Source Income).*

**We disagree with the withholding tax and have attached a letter from Kim & Chang which states the following**:

**"Based on our reading of the JDLA, the NRE fee paid under the caption "Development Costs" does not appear to be compensation for Samsung's use or right to use Netlist's IP, but rather compensation for engineering services and such fee should not be treated as royalty under Article 14 of the Korea-US Tax Treaty."**

**...and is therefore NOT subject to withholding tax.**

2) *On November 5, 2015 Netlist submitted an Application for Entitlement to Reduced Tax on Domestic Source Income (for Foreign Corporation), signed by Netlist's CFO, to Samsung.*

**Netlist did not apply for any tax withholding.**  In fact it was Samsung who directed us to fill out the form as part of the vendor set up process.  We have an audit trail of emails and can prove that we did NOT request withholding.

3) **As required by law**, *Samsung reported and paid withholding tax of $1,320,000 to the National Tax Service (NTS) on December 10, 2015.  Therefore, Netlist should discuss this matter directly with the NTS, which is the final withholding tax recipient.*

**We have provided evidence in the letter attached that Samsung was not "required by law" to report and pay withholding tax for the $8,000,000 NRE.**

Netlist has been advised by counsel that it will take over four years of effort and sizeable legal fees to attempt to get our money back from the NTS.  This is not acceptable to us nor is it fair.

**Until Netlist receives the balance due, Samsung remains in violation of Section 3.2 of the JDLA** which states that Samsung is required to reasonably cooperate in claiming an exemption from withholding.  Your December 31st letter is asking Netlist to take care of it directly and doesn't offer any assistance from Samsung.  Also Samsung remained completely silent about the tax withholding throughout the process and Netlist did not find out of Samsung's plans to withhold tax until after the funds were remitted.  Netlist, on the other hand,  has acted in good faith and relied on Section 3.2 of the JDLA.  In addition Netlist has had to expend funds to provide the opinion letter attached.  Finally, Netlist is unable to pursue the JDLA milestones without the full amount of the NRE as agreed.

**We ask that you immediately remit the balance of the NRE.   The payment in full for the NRE is now over 60 days past due.  Please find the wire instructions below:**

| | |
|---|---|
| Beneficiary Bank: | Silicon Valley Bank |
| Beneficiary Bank Address: | 3003 Tasman Drive Santa Clara, Ca 95054 |
| Contact: | Holly Dinh |
| Account Number: | 3300662584 |
| ABA/Routing Number: | 121140399 |
| Swift Code: | SVBKUS6S |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

NL048128



**Gail Sasaki**
Chief Financial Officer
175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

Tel:949.435.0025
Fax:949.435.0031
www.netlist.com

The above message is intended solely for the named addressee and may contain trade secret, industrial technology or privileged and confidential information otherwise protected under applicable law including the Unfair Competition Prevention and Trade Secret Protection Act. Any unauthorized dissemination, distribution, copying or use of the information contained in this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email and delete this communication immediately.

상기 메일은 지정된 수신인만을 위한 것이며 부정경쟁 방지 및 영업비밀 보호에 관한 법률를 포함하여 관련 법령에 따라 보호의 대상이 되는 **영업비밀, 산업기술 등을 포함**하고 있을 수 있습니다. 본 문서에 포함된 정보의 전부 또는 일부를 **무단으로 제3자에게 공개, 배포, 복사 또는 사용하는 것은 엄격히 금지**됩니다.  본 메일이 잘못 전송된 경우, 발신인에게 알려 주시고 즉시 삭제하여 주시기 바랍니다.

 image0

CONFIDENTIAL - ATTORNEYS' EYES ONLY

# EXHIBIT 70

JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                    Defendant. | CASE NO. 8:20-cv-993-MCS (ADSx)<br><br>**PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:                          ONE (1)

PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Gibson, Dunn & Crutcher LLP

accepted the purchase order. For partially accepted purchase orders, identify what parts of the order were accepted.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Netlist incorporates by reference the above general objections as if stated here. Netlist further objects that this Request is overbroad, unduly burdensome, and disproportionate, in particular to the extent, coupled with Samsung's definitions, it seeks information without regard to relevance or materiality (i.e., a level of detail unnecessary or disproportionate to the needs of the case). Netlist further objects to the extent that the Request requires the identification of facts known to or in the possession of Samsung (i.e., copies of purchase orders and data on what portions of orders were accepted or not), including materials that have not yet been produced to Netlist. Netlist further objects to this Request to the extent it seeks expert opinions, which will be provided on the schedule set by the Court.

Subject to and without waiving the foregoing objections, Netlist responds as follows: Pursuant to Rule 33(d), Netlist incorporates NL119337, NL116189, NL117868, and NL117869 as if set forth here in response in full. Netlist also incorporates as if set forth in full here the forthcoming testimony, reports, and/or declarations (together with supporting and cited materials) of Netlist's economic expert to the extent offered on the above subject. Discovery is ongoing and Netlist reserves the right to further supplement this response as the matter proceeds.

**INTERROGATORY NO. 8:**

DESCRIBE in detail all facts supporting YOUR contention in Paragraph 12 of the FAC that "Samsung deliberately began to restrict Netlist's access to products and failed to fulfill its orders, often without notice and always in violation of the Agreement."

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Netlist incorporates by reference the above general objections as if stated here. Netlist further objects that this Request is premature in that it essentially seeks expert

discovery, which will be provided on the schedule set by the Court.  Netlist further objects to the extent that the Request requires the identification of facts known to or in the possession of Samsung (i.e., communications internal to Samsung evidencing this topic), including materials that have not yet been produced to Netlist.  Netlist further objects that this Request is overbroad, unduly burdensome, and disproportionate, in particular to the extent, coupled with Samsung's definitions, it seeks information without regard to relevance or materiality (i.e., a level of detail unnecessary or disproportionate to the needs of the case).  Netlist likewise objects to the demand for "all" information on the topic while discovery is ongoing.

Subject to and without waiving the foregoing objections, Netlist responds as follows:  After the parties' entered the Agreement, Samsung initially substantially complied with selling NAND or DRAM products to Netlist at Netlist's request.  But, starting as early as the second quarter of 2017, Samsung began to refuse and/or cancel orders from Netlist.  In some instances, Samsung canceled existing orders or failed to deliver parts of orders.  By way of non-exhaustive example, *see* NL076159, NL030109, NL030166, NL030273, NL033254.  Samsung also stated for many Netlist requests for NAND or DRAM products that it would not support the request, refusing to accept purchase orders from Netlist.  By way of non-exhaustive example, *see* NL008866, NL008867, NL008868, NL008869, NL008870, NL008872, NL008874, NL008876, NL008877, NL008879, NL001766, NL076550.  Samsung thus indicated that it would not be allocating NAND or DRAM products to Netlist for Netlist's product requests, and/or that it was capping the products that Netlist could purchase in certain periods (and Samsung thus refused orders that purportedly exceeded any such cap set by Samsung).

Netlist was informed by Samsung that the decision to refuse to support sales to Netlist, to cut allocation Netlist, and/or to cap sales to Netlist was made at the express direction of Samsung management, including Joo Sun Choi.  Section 6.2 of the Agreement states that "Samsung will supply NAND and DRAM products to Netlist on

PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1    Netlist's request…."  Samsung's refusal of Netlist product requests and cancellation of

2    Netlist orders violated Section 6.2.  Samsung's refusal to consistently support Netlist's

3    requests and fulfill its NAND and DRAM orders continued until the Agreement was

4    terminated.

5           Netlist incorporates as if set forth in full here the forthcoming testimony, reports,

6    and/or declarations (together with supporting and cited materials) of Netlist's

7    economic expert to the extent offered to support the above subject.  Netlist also

8    incorporates here the materials cited in its responses to Interrogatory No. 5, including

9    Dkt. 88-9 at ¶¶ 10–28, 88-11, 88-12 at pp. 2–6.  Netlist also incorporates as if set forth

10   here in full the testimony on the subject matter above from any of the individuals listed

11   in response to Interrogatory No. 2, to the extent that they are deposed in this matter.

12          Pursuant to Rule 33(d), Netlist will also identify documents sufficient to further

13   respond to this interrogatory, which documents should be deemed incorporated here,

14   including NL117869–71, NL118917, and NL116189, and the July 20, 2021,

15   Declaration of Paik Ki Hong offered in support of Netlist's Motion to Compel (Dkt.

16   84-18).  Discovery is ongoing and Netlist reserves the right to further supplement this

17   response as the matter proceeds.

18   **INTERROGATORY NO. 9:**

19          DESCRIBE in detail all facts supporting YOUR contention in Paragraph 13 of

20   the FAC that "Samsung continues to restrict the supply of NAND and DRAM products

21   to Netlist."

22   **OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

23          Netlist incorporates by reference the above general objections as if stated here.

24   Netlist further objects that this Request is premature in that it essentially seeks expert

25   discovery, which will be provided on the schedule set by the Court.  Netlist further

26   objects to the extent that the Request requires the identification of facts known to or in

27   the possession of Samsung (i.e., communications internal to Samsung evidencing this

28   topic), including materials that have not yet been produced to Netlist.  Netlist further

## **CERTIFICATE OF SERVICE**

I, Jason C. Lo, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORY, SET ONE,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 1, 2021.

By: _____*/s/ Raymond LaMagna*_____
Raymond LaMagna

Attorney for Plaintiff Netlist Inc.

1  JASON C. LO, SBN 219030
       jlo@gibsondunn.com
2  MATTHEW BENJAMIN (*pro hac vice*)
       mbenjamin@gibsondunn.com
3  RAYMOND A. LAMAGNA, SBN 244821
       rlamagna@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
6  Facsimile:   213.229.7520
7
8  Attorneys for Plaintiff Netlist Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12  | NETLIST INC., a Delaware corporation, | CASE NO. 8:20-cv-993-MCS (ADSx) |
    | | |

13  | | **PLAINTIFF NETLIST INC.'S VERIFICATION OF OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

14  Plaintiff,

15  v.

16  SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,

17  Defendant.

18

19  PROPOUNDING PARTY:    PLAINTIFF NETLIST INC.

20  RESPONDING PARTY:     DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

21  SET NO.:              ONE (1)

22

23

24

25

26

27

28

1

PLAINTIFF NETLIST INC.'S VERIFICATION OF OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES

## <u>Verification of Interrogatory Responses</u>

I, Gail Sasaki, declare:

I am the Chief Financial Officer of Netlist, Inc.  I am authorized to make this verification on Netlist's behalf.  I am familiar with the contents of Plaintiff Netlist's Objections and Responses to Defendant Samsung Electronics Co. Ltd.'s First Set of Interrogatories.  I further declare that the facts set forth in Netlist's responses are true and correct to the best of my information and belief, based on my experience with the company, review of documents, records, and information possessed by or known to Netlist and its officers or employees, and on that basis I allege them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that I executed this Verification on August 4, 2021 Irvine, California.

Gail Sasaki

PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Gibson, Dunn &
Crutcher LLP

## CERTIFICATE OF SERVICE

I, Raymond LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S VERIFICATION OF OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 4, 2021.

By: ___*/s/ Raymond LaMagna*___
Raymond LaMagna

Attorney for Plaintiff Netlist Inc.

# EXHIBIT 71

Marc J. Frechette, Esq.
Chief Licensing Officer
175 Technology, Suite 150
Irvine, CA 92618
Direct: 949.679.0167
Mobile: 714.458.2571
mfrechette@netlist.com


May 27, 2020


VIA REGISTERED MAIL

Mr. Seung Min Sung
Director
Samsung Electronics Co., Ltd.
San #16
Banwol-Dong, Hwansung City
Gyeonggi-do 445-701, South Korea

Re:     Joint Development and License Agreement

Dear Sir:

    This letter is in reference to the Joint Development and License Agreement (the "Agreement") between Samsung Electronics Co., Ltd. ("Samsung") and Netlist Inc. ("Netlist"), dated November 12, 2015.

    Under Section 6.2 of the Agreement, Samsung is contractually obligated to "provide NAND and DRAM products to Netlist on Netlist's request at a competitive price . . . ." Samsung, however, has repeatedly failed to fulfill Netlist's requests for NAND and DRAM products throughout the term of the Agreement.

    Furthermore, Section 3.2 permits Samsung to deduct withholding taxes only if required by applicable law, and even then, to reasonably cooperate with Netlist to claim a credit, refund, or exemption with respect to any such withholding taxes.  Samsung has breached these obligations as well.

    These violations constitute material breaches of the Agreement and has caused Netlist to suffer significant damages.  Accordingly, Netlist is hereby providing its written demand and notice for cure of Samsung's material breaches of the Agreement.  In this regard, please also note that Netlist recently filed a complaint in the District Court for the Central District of California in respect of such breach of contract, and a copy of the Complaint is attached for your reference. Notwithstanding such filing, Netlist remains committed to resolving these issues amicably.  We look forward to having a constructive dialogue in order to address these matters.

CONFIDENTIAL

Please contact the undersigned if you have any questions regarding the foregoing or would like to discuss.


Sincerely,

Marc J. Frechette, Esq.
Chief Licensing Officer

CONFIDENTIAL

NL107426

# EXHIBIT 72

**FULL VERSION OF EXHIBIT 72 PROPOSED TO BE FILED UNDER SEAL**