Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
David I. Hurwitz - State Bar No. 174632
  dhurwitz@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
  jmchoi@birdmarella.com
Joyce J. Choi - State Bar No. 256165
  jchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG**<br><br>[Filed Concurrently with (1) Defendant's Opposition to Netlist's Partial Motion for Summary Judgment; (2) Defendant's Statement of Genuine Dispute of Material Facts; (3) Defendant's Separate Statement of Additional Material Facts; (4) Defendant's Evidentiary Objections to Declarations; (5) Declaration of Hyeok Sang Yoo and (6) Lee Declaration].<br><br>Assigned to Hon. Mark C. Scarsi Courtroom 7C |

3745105.1

This matter came before the Court regarding Defendant Samsung Electronics Co., Ltd.'s ("Samsung") evidentiary objections to the Declarations of C.K. Hong, Gail Sasaki, and Paik Ki Hong provided in support of Plaintiff Netlist Inc.'s ("Netlist") Motion for Partial Summary Judgment.

The Court, having duly considered Samsung's objections to evidence cited by Netlist in support of its Motion for Partial Summary Judgment, hereby rules as follows:

## I.

## OBJECTIONS TO THE DECLARATION OF C.K. HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **C.K. Hong Decl. ¶ 2 at 1:7-11**<br><br>"Netlist is an innovator in high-performance memory module technologies. We design and manufacture a variety of high-performance products used in servers and storage systems for the cloud computing, virtualization, and big data markets. Netlist's technology enables users to derive useful information from vast amounts of data in a shorter period of time." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies. Fed. R. Evid. 702.<br><br>Conclusory and lacking in specific facts and supporting evidence. *VBS Distribution, Inc. v. Nutrivita Lab'ys, Inc.*, 811 F. App'x 1005, 1007 (9th Cir.), *cert. denied*, 141 S. Ct. 454 (2020) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.") (*quoting F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 3 at 1:12-21**<br><br>"Since its founding in 2000, Netlist has been focused on | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| creating breakthrough products that fill the performance gap between server and storage architectures and the capabilities of existing memory technologies. Netlist's early products were built on a variety of pioneering ideas from Netlist engineers that improved performance and lowered cost compared to conventional memory. Netlist quickly established itself as a creator of unique technology and as an important supplier of high-performance server memory modules to the world's largest high-tech companies including Dell, IBM, HP, and Apple, among others. Given this track record, customers have engaged Netlist to create custom, proprietary products to satisfy unique requirements." | Improper lay opinion concerning the technical and specialized field of memory module technologies. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | |
| **C.K. Hong Decl. ¶ 4 at 1:22-24**<br><br>"The commitment from Samsung Electronics Co., Ltd. ("Samsung") to supply NAND and DRAM to Netlist as consideration for the agreement we entered into was of crucial value to Netlist." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 4 at 1:24-27**<br><br>"First, the semiconductor industry has historically | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |

3745105.1

3

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| | EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|---|
| | experienced cyclical shortages of NAND and DRAM, so Netlist aimed to reduce business risk stemming from the possibility that these shortages would disrupt the flow of products to our customers." | Improper lay opinion concerning the technical and specialized field of memory module technologies and industry trend. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | |
| | **C.K. Hong Decl. ¶ 4 at 1:27-2:1**<br><br>"Second, even as the largest memory producer in the world, Samsung supplies NAND and DRAM directly to a surprisingly small number of select companies." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Speculation about Samsung's customer base. Fed. R. Evid. 602.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| | **C.K. Hong Decl. ¶ 4 at 2:1-6**<br><br>"As a result, an agreement with Samsung for direct product supply elevated Netlist into an elite group of industry players and provided assurances to Netlist's customers that if they engaged Netlist, they would have good | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702. | Sustained: _____<br><br>Overruled: _____ |

3745105.1

4

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| access to supply. In an industry where the inability to secure NAND and DRAM forces businesses to shut down, a direct supply relationship with the world's largest memory semiconductor manufacturer is a significant strategic advantage. | Improper lay opinion concerning the technical and specialized field of memory module technologies and industry trend. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | |
| **C.K. Hong Decl. ¶ 5 at 2:7-13**<br><br>"Because securing direct supply of NAND and DRAM was so critical to Netlist, Netlist was willing to make a number of important concessions to Samsung in exchange for Samsung's contractual commitment to provide supply. Chief among these, Samsung sought and Netlist agreed to provide Samsung with a license to its patents. Netlist also agreed to a lower upfront payment to support the overall structure of the deal. In particular, Netlist initially sought an $85 million payment and a running royalty. | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Speculation about Samsung's intent and conduct. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 5 at 2:13-16**<br><br>"Following several months of negotiations, Netlist eventually agreed to an $8 million NRE fee | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |

| | EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|---|
| 2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | but with a commitment from Samsung that its supply obligation was firm and binding. Netlist and Samsung executed a Joint Development and License Agreement ("JDLA") in November 2015." | Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | **C.K. Hong Decl. ¶ 6 at 2:17-25**<br><br>"The market for NAND and DRAM is effectively an oligopoly with Micron Technology, Inc., SK Hynix Inc., and Samsung controlling approximately 95% of the world's supply. Although all three manufacturers offer NAND and DRAM, the products from the three suppliers are not interchangeable. This is because each company implements different design and fabrication processes which result in varying speed, power, and endurance characteristics in customers' server and storage systems. Therefore, a server or storage manufacturer cannot simply replace a Hynix or Micron server memory for a Samsung server memory without re-qualification or, in some cases, a redesign of their server systems." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and industry players. Fed. R. Evid. 702.<br><br>Speculations about the memory and server manufacturers their respective technologies and capabilities. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY
OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | review of documents. Fed. R. Evid. 802. | |
| **C.K. Hong Decl. ¶ 6 at 2:25-3:1**<br><br>"Further, NAND and DRAM sourced in secondary channels from a third party are often of inferior quality compared to those components procured directly from the manufacturer. It would thus be risky to buy Samsung products from a third party without screening those products ahead of manufacturing and shipment." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and supply channels. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 6 at 3:1-4**<br><br>"For those Netlist customers who have qualified a given server or storage system to run Samsung NAND and DRAM, it was Samsung and Netlist's mutual understanding that Netlist would obtain the product directly from Samsung. I know this based on communications between Netlist and Samsung." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | review of documents.  Fed. R. Evid. 802. | |
| **C.K. Hong Decl. ¶ 6 at 3:5-10**<br><br>"Indeed, for Netlist to voluntarily go to a third-party middleman for supply of Samsung NAND and DRAM when Samsung was obligated to provide them directly would make no sense. In addition to the risk of inferior quality, Samsung products sourced from a third-party middleman are priced higher than the same products purchased directly from Samsung. And a third-party middleman is not able to commit to or provide a continuous and stable supply of Samsung products." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and supply channels. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 7 at 3:11-12**<br><br>"For these reasons, after the JDLA was signed, Netlist attempted to fill its entire requirement for Samsung-qualified NAND and DRAM from Samsung." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY
OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | review of documents.  Fed. R. Evid. 802. | |
| **C.K. Hong Decl. ¶ 8 at 3:13-20**<br><br>"Before the JDLA was signed, Samsung supplied effectively no product to Netlist and the relationship was ad hoc. After the execution of the JDLA, Netlist and Samsung engaged in a course of dealing in which Netlist would make regular requests for NAND and DRAM and Samsung would reasonably comply. For nearly two years following the execution of the JDLA, Samsung sold Netlist millions of dollars worth of products each quarter. In 2016, Netlist purchased approximately $9 million worth of NAND and DRAM from Samsung. In the first half of 2017 alone, Samsung's supply to Netlist was approximately $16 million." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 9 at 3:21-4:2**<br><br>"The ability to obtain supply from Samsung was crucial to Netlist's ability to service its new customer base. After the execution of the JDLA, Netlist invested heavily in sales and marketing efforts to expand the market for Samsung-based products. Netlist actively promoted its access to Samsung memory chips, building relationships with customers who relied on Netlist's access. Netlist thus built important goodwill | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| with its customers, who relied on Netlist for a supply of Samsung NAND and DRAM for products designed to utilize Samsung memory. In addition, Netlist convinced customers who previously had not had access to Samsung products to qualify server systems with Samsung NAND and DRAM." | | |
| **C.K. Hong Decl. ¶ 10 at 4:3-5**<br><br>"In May 2017, Samsung unilaterally and without any prior notice informed Netlist that its allocation would be cut to zero. This meant that Samsung's management made a conscious decision to stop supplying Netlist directly." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Speculations about Samsung's management's intent and decision-making. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 10 at 4:5-12**<br><br>"This was a shocking development for me and the company as the product supply from Samsung was ramping up nicely, the joint development was progressing well, and there was no indication of trouble in the growing partnership. With its | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Speculations about Samsung's other customers. Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| enormous market power, over the years I have seen Samsung cease business dealing with large, longtime customers abruptly with no explanation. The difference here is that none of those companies had a comprehensive and binding product supply, joint development, and license agreement with Samsung; we did." | Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | |
| **C.K. Hong Decl. ¶ 10 at 4:12-25**<br><br>"The ramifications to Netlist's business were significant, and it is my understanding they will be the subject of expert reports and testimony. In the quarters after Samsung's zero-allocation decision, Samsung's supply to Netlist of DRAM and NAND dropped by more than two thirds. By the third quarter after this decision, the supply from Samsung trickled to virtually nothing. Because of pre-existing purchase orders, the deliveries from Samsung did not drop to zero immediately. Netlist customers who also invested financial and technical resources to design and build servers that used Samsung memory could no longer be reliably supplied and their investments to qualify | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| Samsung NAND and DRAM products went to waste." | | |
| **C.K. Hong Decl. ¶ 10 at 4:25-5:4**<br><br>"For some time following Samsung's decision to cut Netlist's allocation to zero, Netlist did everything in its power to convince Samsung to comply with its supply obligations. Netlist explained to Samsung that its refusal to fulfill Netlist's requests for NAND and DRAM was causing Netlist to lose valuable business opportunities and tarnishing the goodwill Netlist had established with a customer base that had come to rely on Netlist. It implored Samsung sales management to reverse its decision and provide Netlist with allocation." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 10 at 5:4-9**<br><br>"Within a few weeks of receiving notice of Samsung's allocation decision, Netlist's management flew to Samsung's U.S. headquarters in Silicon Valley and made a presentation on the critical importance of supply continuity. Between the second half of 2017 and the first half of 2018, several additional meetings were held in Korea. Because the supply arrangement with Samsung was so uniquely valuable to Netlist, we did not want to walk away from it." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

3745105.1

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **C.K. Hong Decl. ¶ 10 at 5:9-11**<br><br>"It ultimately became clear, however, that Samsung was not going to change its mind. Samsung was simply going to decide unilaterally when, if ever, it would honor its obligations under the JDLA to supply Netlist." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Speculations about Samsung's contractual intent and state of mind. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 11 at 5:12**<br><br>"After Netlist filed this lawsuit and after the termination of the agreement came into effect, Samsung began to increase the product it was willing to supply to us.  But the damage has been done. We lost important customers that we had developed from 2015-2017 for our Samsung-related products business, and our reputation with those customers and others was damaged. Moreover, we were no longer able to supply predictable quantities of Samsung NAND | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: _____<br><br>Overruled: _____ |

3745105.1

13

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| and DRAM products to many of our customers. And Netlist has no assurance that Samsung will not, as soon as this case ends, again refuse to supply Netlist with product, meaning that this part of our business can again be damaged any time Samsung chooses." | Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | |
| **C.K. Hong Decl. ¶ 12 at 5:21-27**<br><br>"When Samsung failed to honor its legal obligations and fulfill Netlist's orders, Netlist could not supply its customers and lost business opportunities and profits it otherwise would have earned had Samsung performed as required under the JDLA. Netlist lost major customers, and its reputation in the industry was damaged. Samsung's decision to limit Netlist's direct supply of NAND and DRAM prevented Netlist from growing a stable products business. Samsung's refusal to supply caused extreme commercial harm to Netlist." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 13 at 6:1-2**<br><br>"Netlist performed all material obligations it owed to Samsung under the JDLA." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702. | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | |
| **C.K. Hong Decl. ¶ 14 at 6:3-8**<br><br>"Under the JDLA, the parties were to conduct joint development to develop an interface and associated technologies for memory modules and to promote such interface to standards-setting organizations. As part of this effort, Netlist, among other things, spent nearly $10 million in research and development, reported on test results to Samsung, sent Samsung samples, met with Samsung regularly to discuss the results of Netlist's development efforts, and responded to Samsung's inquiries." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **C.K. Hong Decl. ¶ 15 at 6:9-10**<br><br>"The invoices for Netlist's purchase of NAND and DRAM products from Samsung under the JDLA have been paid in full." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

## II.

## OBJECTIONS TO THE DECLARATION OF GAIL SASAKI

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **Gail Sasaki Decl. ¶ 2 at 1:7-15**<br><br>"Netlist and Samsung Electronics Co., Ltd. ("Samsung") entered into a Joint Development and License Agreement ("JDLA") in November 2015. In Section 3.1 of the agreement, Samsung agreed to 'pay to Netlist eight million United States dollars ($8,000,000) as non-refundable NRE [non-recurring engineering] fees' to compensate Netlist for its development costs under the JDLA. In the next section of the agreement (§ 3.2), Samsung agreed to withhold taxes due or payable to the Korean tax authority only if 'required to do so by applicable law.' Samsung also agreed to 'reasonably cooperate with Netlist in any lawful efforts to claim a credit or refund or exemption with respect to any such withholding taxes'." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Sasaki's testimony is offered to prove the alleged contents of the contract, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Sasaki's testimony regarding the JDLA is barred by the rule against hearsay. Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **Gail Sasaki Decl. ¶ 3 at 1:16-21**<br><br>"After the JDLA was signed, Samsung withheld $1,320,000 of the $8,000,000 NRE fee owed to Netlist. This was a shock to us because our understanding was that the NRE fee would not be taxed in Korea. We immediately began working on trying to recover the full fee, including by obtaining a tax opinion from the | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent Sasaki's testimony is based on | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| film Kim & Chang, consulting with international tax accountants, and hiring PricewaterhouseCoopers out of Korea to handle the case for us." | statements by others or her review of documents.  Fed. R. Evid. 802. | |
| **Gail Sasaki Decl. ¶ 4 at 1:22-2:28**<br><br>"For several years, we repeatedly reached out to Samsung for their cooperation in obtaining the over-withheld amount. For example, in December 2015, we wrote a letter to Samsung requesting that the remainder of the non-recurring engineering fees be paid to Netlist because it 'was not subject to [a] royalty withholding tax under the applicable law.' But instead of cooperating with us, Samsung responded that 'Netlist should discuss this matter directly with the NTS,' referring us to the Korean National Tax Service." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Sasaki's testimony is offered to prove the alleged contents of the referenced document, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Sasaki's testimony regarding Netlist's correspondence with Samsung is barred by the rule against hearsay. Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| **Gail Sasaki Decl. ¶ 5 at 2:1-7**<br><br>"In September 2019, PricewaterhouseCoopers on behalf of Netlist 'request[ed] that [Samsung] submit Samsung's Q&A to the [Korean National Tax Service] on the basis that the $8 million is an NRE payment not a license fee and that [Samsung] stick to the factual background.' Samsung responded that 'our company believes that we should reply to the Korean National Tax Service to the effect | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Sasaki's testimony is offered to prove the alleged contents of the referenced document, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Sasaki's testimony regarding Netlist's correspondence with Samsung is barred by the rule | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| that the nature of the agreement was viewed as [a] license and tax was withheld accordingly."' | against hearsay. Fed. R. Evid. 802. | |
| **Gail Sasaki Decl. ¶ 6 at 2:8-10**  "Instead of stating that the $8,000,000 owed to Netlist was a non-recurring engineering fee as specified in the JDLA and as we requested, Samsung advocated to the Korean National Tax Service that the fee was actually a patent royalty payment." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.  Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.  Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.  Hearsay to the extent Sasaki's testimony is based on statements by others or her review of documents.  Fed. R. Evid. 802. | Sustained: _____  Overruled: _____ |
| **Gail Sasaki Decl. ¶ 7 at 2:11-14**  "On November 17, 2020, the Korean Tax Tribunal rejected Samsung's arguments, finding that the $8,000,000 NRE fee owed to Netlist under the JDLA was not a patent royalty payment. In other words, it found that the NRE was not taxable in Korea and Samsung's withholding was not required." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.  Improper legal conclusion and interpretation of the alleged rulings by the Korean Tax Tribunal. Fed. R. Evid. 702.  Hearsay because her testimony is based on statements by the Korean Tax Tribunal and/or her review of documents.  Fed. R. Evid. 802. | Sustained: _____  Overruled: _____ |
| **Gail Sasaki Decl. ¶ 8 at 2:15-19**  "Netlist suffered harm as a direct result of Samsung's wrongful tax | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. | Sustained: _____  Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY
OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| withholding and refusal to cooperate with Netlist in securing its full payment, including because Netlist was not able to use nearly 20% of the NRE fee for five years and expended significant costs, resources, and effort in recovering the over-withheld amount." | Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | |

### III.

### OBJECTIONS TO THE DECLARATION OF PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **Paik Ki Hong Decl. ¶ 3 at 1:11-15**<br><br>"Netlist and Samsung entered into a Joint Development and License Agreement ("JDLA") in November 2015 in which Samsung agreed to supply NAND and DRAM to Netlist at Netlist's request and at a competitive price. After signing the JDLA, Samsung routinely supplied Netlist's needs for Samsung NAND and DRAM products per Netlist's requests." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Paik Ki Hong's testimony is offered to prove the alleged contents of the contract, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Paik Ki Hong's testimony regarding the JDLA is barred by the rule against hearsay. Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

3745105.1

19

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| | EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|---|
| | **Paik Ki Hong Decl. ¶ 3 at 1:15-18**<br><br>"Overall, our orders and fulfillment by Samsung went smoothly, and continued to increase rapidly throughout 2016 and 2017. During this period, Samsung reasonably complied with our requests and delivered supply consistent with our forecasts and purchase orders, despite periods of chip shortages." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| | **Paik Ki Hong Decl. ¶ 3 at 1:19-21**<br><br>"But in May 2017, Samsung suddenly stopped agreeing to support our NAND and DRAM product requests and started refusing to allow Netlist to submit purchase orders for such products." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |
| | **Paik Ki Hong Decl. ¶ 4 at 1:22-2:2**<br><br>"Before Samsung unilaterally informed Netlist that its allocation would be cut to zero in May 2017, the purchase process generally worked as follows: On a regular basis, Netlist would provide Samsung with forecasts | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: _____<br><br>Overruled: _____ |

3745105.1

20

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| showing the amount of Samsung product it would need going forward. Our forecasts were detailed and included line items with particular SKU numbers, volumes, and delivery dates for the amount of Samsung NAND and DRAM we required based on specific customer needs. Samsung would then allow us to place purchase orders consistent with our forecasts. Thus, for nearly two years, Samsung reasonably complied with our requests and delivered supply consistent with our forecasts and purchase orders." | Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | |
| **Paik Ki Hong Decl. ¶ 5 at 2:3-15**<br><br>"The process changed in the second quarter of 2017 when Samsung repudiated its supply obligation. Samsung began to refuse to supply us outright and/or would cancel purchase orders. In particular, after we provided our forecasts, Samsung indicated that it was only willing to fulfill a very limited number of line items, which was substantially less than the quantity we had forecasted and not in compliance with Samsung's supply obligation. We were then forced to place a far more limited purchase order per Samsung's response that limited the quantity of product we could order. If Samsung followed through on our | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of Samsung's "supply obligations" under the JDLA. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

| | EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|---|
| 2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | purchase order at all, it would deliver the limited amount of NAND and DRAM products we were allowed to submit an order for. Moreover, Samsung frequently failed to follow through even on the purchase orders it had approved (the ones with the quantity already limited by Samsung that were already not in compliance with Samsung's supply obligation) and instead required Netlist to cancel purchase orders it had already placed." | | |
| 12<br>13<br><br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | **Paik Ki Hong Decl. ¶ 6 at 2:16-3:3**<br><br>"Netlist only purchased Samsung NAND and DRAM on the secondary market from sellers other than Samsung when Samsung refused to fulfill our requests. That is because, among other reasons, Samsung products sourced from a third-party middleman cost more than the same products purchased directly from Samsung, are often of inferior quality, and take significantly more time, effort, and logistical coordination by Netlist to procure. For example, it is nearly impossible for a single third-party middleman to supply 1,000 pieces of Samsung product in a single purchase. Thus, if Samsung refused to fulfill an order for 1,000 pieces of product, Netlist was forced to try and | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module supply channels. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents.  Fed. R. Evid. 802. | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF C.K. HONG, GAIL SASAKI, AND PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| cover the shortfall from multiple different suppliers. This required substantially more involvement and investment from my team and me than if we were dealing with a single stable supplier because we had to now identify multiple suppliers, deal with invoices from multiple suppliers, coordinate logistics with multiple suppliers, and pay separate shipping costs for multiple shipments—all in addition to paying higher prices than if we had been able to purchase Samsung NAND and DRAM directly from Samsung as agreed. And even then, Netlist was often unable to find sufficient quantities of Samsung product on the secondary market." | | |

IT IS SO ORDERED.

DATED: _____, 2021

_____
Honorable Mark C. Scarsi
United States District Judge