# EXHIBIT 71

Ekwan E. Rhow - State Bar No. 174604
   erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
   mmasters@birdmarella.com
David I. Hurwitz - State Bar No. 174632
   dhurwitz@birdmarella.com
Kate S. Shin - State Bar No. 279867
   kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
   clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
   jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>        Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD**<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

PROPOUNDING PARTY:  PLAINTIFF NETLIST INC.

RESPONDING PARTY:   DEFENDANT SAMSUNG ELECTRONICS CO.,

                               LTD

SET NO.:                      2

      Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Samsung

Electronics Co., Ltd. ("Defendant" or "Samsung") hereby responds to Plaintiff

3741927.2

1   Netlist Inc.'s ("Plaintiff" or "Netlist") Fourth Set of Interrogatories as follows:

2   **I.**

3   **PRELIMINARY STATEMENT**

4   A.    These responses are made solely for the purposes of this action. Each
5   response is subject to all appropriate objections, including, but not limited to,
6   objections to confidentiality, relevance, propriety and admissibility. All such
7   objections and grounds are reserved and may be interposed at the time of deposition
8   and/or trial.

9   B.    Nothing contained herein is intended as, or shall in any way be deemed,
10  a waiver of the attorney/client privilege, the attorney work product doctrine, the
11  common interest and/or joint defense privilege, the right of privacy, and/or any other
12  applicable privilege or doctrine.

13  C.    Defendant has not yet completed its investigation of the facts relating to
14  this action and has not yet reviewed all documents relating to this action.
15  Consequently, Defendant reserves the right, without assuming any obligation, to
16  supplement its response.

17  D.    Except for matters explicitly admitted, no admissions of any nature
18  whatsoever are implied or should be inferred. The fact that any Interrogatory has
19  been answered should not be taken as an admission or acceptance of the existence of
20  any facts set forth or assumed by such Interrogatory, or that such answer constitutes
21  admissible evidence. The fact that Defendant has responded and/or objected to an
22  Interrogatory shall not be interpreted as an admission of the propriety of the
23  Interrogatory.

24  E.    Specific objections to each Interrogatory are made on an individual
25  basis in Defendant's responses below. In addition to the specific objections,
26  Defendant makes certain general objections (the "General Objections") to the
27  Interrogatories, which are included by reference in each individual response.
28  Defendant's response to each individual Interrogatory is submitted without

1  prejudice to and without in any respect waiving any General Objection that is

2  expressly set forth in that response.

## II.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each individual response, whether or not specific reference to them is made.

1.     Defendant objects to any "Definitions," "Instructions," or other purported requirements in the Interrogatories that purport to impose any greater or different obligations than those imposed by law.

2.     Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they call for the production of information protected by applicable constitutional, statutory or common law privileges and/or protections, including of third parties, and including but not limited to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, and the rights of privacy. Defendant will produce only responsive information not subject to any applicable constitutional, statutory or common law privileges or protections. Moreover, the inadvertent production of information protected by such privileges and protections shall not constitute a waiver of the applicable privilege or protection either as to information inadvertently produced or as to any other information or documents.

3.     Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they call for disclosure of information of Defendant or third parties that constitute(s) confidential, proprietary, trade secret or sensitive business information. Defendant will not disclose information that is proprietary, trade secret, or otherwise highly confidential absent the entry of a mutually agreeable, suitable Protective Order that provides for an "Attorney's Eyes Only" designation of materials. Furthermore, Defendant will not disclose information protected by confidentiality agreements with third parties absent such

third parties' consent to disclosure.

4.    Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they are overbroad, unduly burdensome, and oppressive.

5.    Defendant objects to the Interrogatories, and to each and every Interrogatory contained therein, to the extent that they are vague and/or ambiguous, and require Defendant to speculate as to what information is being requested.

6.    Defendant objects to these Interrogatories on the grounds that they seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case (Fed R. Civ. P. 26(b)(1)).

7.    Defendant objects to definitions that purport to define terms in an overly broad and vague manner that renders all Interrogatories in which such terms are used overly broad, vague, ambiguous and unduly burdensome and also causes such Interrogatories, as written, to seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case.

8.    Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent they seek information or documents that are not within Defendant's immediate possession or control and/or are within Plaintiff's control or equally available to Plaintiff, or available from a public court or agency records, or otherwise in the public domain and accessible to all parties.

9.    Defendant reserves all objections to the relevance and admissibility at trial of any information or documents identified herein. The identification of any information or documents does not constitute an admission by Defendant that such information or documents are relevant or admissible at trial.

10.    Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent they seek conclusions of law and/or a conclusions as to ultimate issues in the case.

11.    To the extent any of the Interrogatories seek expert materials,

1 information and/or opinion, including but not limited to survey information,

2 Defendant objects to any such Interrogatory as premature and expressly reserves the

3 right to supplement, clarify, revise, or correct any or all responses to such

4 Interrogatories, and to assert additional objections or privileges, in one or more

5 subsequent supplemental response(s) in accordance with the time period for

6 exchanging expert reports set by the Court.

7       12.    Defendant objects to the Interrogatories on the grounds, and to the

8 extent, that they contain express or implied assumptions of fact or law with respect

9 to matters at issue in this case. Defendant's responses to the Interrogatories are not

10 intended to be, and shall not be construed as, an agreement or concurrence by

11 Defendant with Plaintiff's characterization of any facts, circumstances, and/or legal

12 obligations, and Defendant expressly reserves the right to contest any such

13 characterizations.

14 **III.**

15 **RESPONSE TO INTERROGATORIES**

16 **INTERROGATORY NO. 10:**

17      Describe in detail all facts Relating To Samsung's decision to withhold taxes

18 on the fees owed to Netlist under the Agreement, including any facts that may have

19 become known to You after the withholding was made.

20 **RESPONSE TO INTERROGATORY NO. 10:**

21      Defendant incorporates by reference its general objections. Defendant objects

22 to this interrogatory to the extent that it mischaracterizes Defendant's legal position.

23 Defendant objects to this interrogatory on the basis that it is vague, ambiguous,

24 overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the

25 needs of this case. Defendant objects to this interrogatory because it calls for a legal

26 conclusion. Defendant objects to this interrogatory on the basis that it requires

27 Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and

28 Defendant has not yet completed its investigation of the facts. Defendant objects to

3741927.2

5

1  this interrogatory on the basis that it seeks attorney work product. Defendant

2  reserves the right, without assuming any obligation, to supplement its response.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

4        Defendant incorporates by reference its general objections. Defendant objects

5  to this interrogatory to the extent that it mischaracterizes Defendant's legal position.

6  Defendant objects to this interrogatory on the basis that it is vague, ambiguous,

7  overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the

8  needs of this case. Defendant objects to this interrogatory because it calls for a legal

9  conclusion. Defendant objects to this interrogatory on the basis that it requires

10  Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and

11  Defendant has not yet completed its investigation of the facts. Defendant objects to

12  this interrogatory on the basis that it seeks attorney work product. Defendant

13  reserves the right, without assuming any obligation, to amend or supplement its

14  response in whole or in part.

15        Subject to the above objections, none of which are waived, Defendant

16  responds as follows:

17        Defendant's decision to withhold taxes on the fees owed to Netlist under the

18  Agreement related to: (1) Samsung's good-faith understanding and interpretation of

19  Korean tax laws and regulations relating to foreign corporations, including

20  Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the

21  Convention Between the United States of America and the Republic of Korea for

22  the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with

23  Respect to Taxes on Income and the Encouragement of International Trade and

24  Investment; (2) Samsung's understanding and interpretation of the purpose and

25  objective of the Agreement, including that the Agreement had the purpose of

26  licensing patents from Netlist in order to reduce the potential risk of patent

27  infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to

28  "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it mischaracterizes Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant objects to this interrogatory on the basis that it seeks attorney work product. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Defendant's decision to withhold taxes on the fees owed to Netlist under the Agreement related to: (1) Samsung's good-faith understanding and interpretation of Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"; (4) Samsung's transmission of a tax form, which indicated a 16.5% tax rate pursuant to treaty, and information on Korean tax laws to Netlist shortly before

the JDLA was signed; (5) the signature of Netlist's CFO Gail Sasaki on the same
form, which Netlist returned to Samsung with the box for the 16.5% tax rate
checked; (6) Samsung's understanding that Gail Sasaki had the authority to sign and
investigate the form on behalf of Netlist; and (7) the $15 million convertible debt
that Samsung owns through its subsidiary SVIC, including the fact that it comes due
on December 31, 2021.

**INTERROGATORY NO. 11:**

Describe in detail any efforts You made to cooperate with Netlist in any
efforts to claim a credit or refund or exemption for any withholding for taxes on fees
owed to Netlist under the Agreement, and Identify all Persons involved and their
roles.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects
to this interrogatory to the extent that it mischaracterizes Defendant's legal position.
Defendant objects to this interrogatory on the basis that it is vague, ambiguous,
overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the
needs of this case. Defendant objects to this interrogatory because it calls for a legal
conclusion. Defendant objects to this interrogatory on the basis that it requires
Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and
Defendant has not yet completed its investigation of the facts. Defendant objects to
this interrogatory on the basis that it seeks attorney work product. Defendant objects
to this interrogatory on the basis that it is impermissibly compound, conjunctive, or
disjunctive. Defendant reserves the right, without assuming any obligation, to
supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects
to this interrogatory to the extent that it mischaracterizes Defendant's legal position.
Defendant objects to this interrogatory on the basis that it is vague, ambiguous,

overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant objects to this interrogatory on the basis that it seeks attorney work product. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

Samsung informed Netlist that if it desired a refund, it could do so by directly contacting the Korean National Tax Service. Samsung provided truthful information within its knowledge relating to the Agreement and the payment of any fees owed to Netlist under it upon request by the Korean National Tax Service.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it mischaracterizes Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant objects to this interrogatory on the basis that it seeks attorney work product. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

1   Subject to the above objections, none of which are waived, Defendant

2   responds as follows:

3   Samsung informed Netlist that if it desired a refund, it could do so by directly

4   contacting the Korean National Tax Service. Samsung provided truthful information

5   within its knowledge relating to the Agreement and the payment of any fees owed to

6   Netlist under it upon request by the Korean National Tax Service. Samsung also (1)

7   made additional communications with Netlist and PwC, Netlist's tax consultant; (2)

8   shared drafts of what Samsung proposed to submit to the Korean tax authorities

9   regarding the withholding; (3) asked Netlist and PwC to propose language that

10  Netlist wanted Samsung to use. Furthermore, in the tax proceedings in Korea, in

11  which Netlist took the position that the $8 million payment was not a patent royalty,

12  Netlist received a full refund of the withheld taxes plus interest.

13  **INTERROGATORY NO. 14:**

14  Describe in detail the basis for and all facts Related to Your position that

15  Samsung has no supply obligation to Netlist under the Agreement.

16  **RESPONSE TO INTERROGATORY NO. 14:**

17  Defendant incorporates by reference its general objections. Defendant objects

18  to this interrogatory to the extent that it attempts to characterize Defendant's legal

19  position. Defendant objects to this interrogatory on the basis that it is vague,

20  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

21  proportionate to the needs of this case. Defendant objects to this interrogatory

22  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

23  basis that it requires Defendant to marshal all proof it intends to offer at trial.

24  Discovery is ongoing, and Defendant has not yet completed its investigation of the

25  facts. Defendant also objects to this interrogatory to the extent that it seeks material

26  protected by the attorney-client, work product, or other applicable privileges.

27  Defendant reserves the right, without assuming any obligation, to supplement its

28  response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

The Agreement speaks for itself. To the extent further response is required: (1) circumstances surrounding the negotiation of the Agreement, including the lack of substantive negotiations relating to Section 6.2; (2) the course of dealing between Samsung and Netlist, in particular the fact that Netlist continually accepted Samsung's routine declines of support requests for product during various times, and Netlist never asserted that this was a violation of the Agreement prior to commencement of this lawsuit; (3) the nature of the semiconductor market, in which supply is strictly limited and shortages are common. Because of this, it would be extremely unusual for Samsung to agree with a small buyer like Netlist to terms that amount to those of a requirements contract; (4) the fact that Section 6.2 of the Agreement contains no quantity term.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it attempts to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

The Agreement speaks for itself. To the extent further response is required: (1) the parties' longstanding business relationship of at least 15 years and $200 million in purchases,  in which purchases of NAND and DRAM products outside the joint development contemplated by the Agreement were governed by individual purchase orders and their confirmations according to forecasts, allocations, and availability, with orders being accepted, rejected, or put on backlog, which was a practice that followed industry norms; (2) the negotiating history of the JDLA, which began with Netlist (which had cash flow issues at the time) approaching Samsung to discuss a strategic partnership involving joint development of a product based on a new standard called NVDIMM-P and licensing of Netlist's patents, but without mentioning any long-term supply agreement, and the communications and documents exchanged as a part of that negotiating history, including a Memorandum

of Understanding which referenced NAND and DRAM products as "raw materials,"
which was a subsection of "Technology Collaboration" and the testimony of both
Chuck Hong on these issues, including their admissions that the supply by Samsung
was only required if and to the extent that a NVDIMM-P-related product was ever
commercialized, which did not occur, and that Netlist received all of the chips it
needed to complete the initial phase of the NVDIMM-P product under the JDLA;
(3) the fact that Samsung paid Netlist $8 million in cash pursuant to the Agreement,
and concurrently provided an additional $15 million convertible loan at 2% interest
(with documents showing the negotiating history and the eventual agreement for
same), which allowed Netlist to pay off existing debt with less favorable financial
terms; (4) Netlist's own press releases, public filings and minutes of its own board
meetings and its own board resolutions and its conduct and disclosures related to
other suppliers such as SK Hynix; (5) a meeting between Netlist and Samsung some
18 months after the JDLA had been signed, in which Netlist unsuccessfully sought a
"New Partner Type" that would require Samsung to provide "Product Allocation
support for Netlist" and an "Official-Distributor Partnership Agreement" from
Samsung; (6) the course of dealing and conduct between Samsung and Netlist both
before and after the purported termination of the JDLA, including the terms and
conditions of the purchase orders that Netlist used before and after the JDLA, in
particular the fact that Netlist continually accepted Samsung's routine decline of
support requests for product during various times, and Netlist never asserted that
this was a violation of the Agreement prior to commencement of this lawsuit; (7) the
nature of the semiconductor market and other "industry norms" which both Chuck
Hong and Paik Ki Hong testified to, in which supply is strictly limited and shortages
are common, making it unlikely for Samsung to agree with a small buyer like Netlist
to terms that amount to an indefinite and unlimited supply obligation; (8) the fact
that Section 6.2 of the Agreement contains no quantity term; and (9) the tax
proceedings in Korea, in which Netlist took the position that the $8 million payment

1   was not a patent royalty, and received a full refund of the withheld taxes plus

2   interest.

3   **INTERROGATORY NO. 15:**

4       Describe in detail the basis for and all facts supporting Your position that

5   Samsung was required to withhold taxes on fees owed to Netlist under the

6   Agreement.

7   **RESPONSE TO INTERROGATORY NO. 15:**

8       Defendant incorporates by reference its general objections. Defendant objects

9   to this interrogatory to the extent that it attempts to characterize Defendant's legal

10  position. Defendant objects to this interrogatory on the basis that it is vague,

11  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

12  proportionate to the needs of this case. Defendant objects to this interrogatory

13  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

14  basis that it requires Defendant to marshal all proof it intends to offer at trial.

15  Discovery is ongoing, and Defendant has not yet completed its investigation of the

16  facts. Defendant also objects to this interrogatory to the extent that it seeks material

17  protected by the attorney-client, work product, or other applicable privileges.

18  Defendant reserves the right, without assuming any obligation, to supplement its

19  response.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

21      Defendant incorporates by reference its general objections. Defendant objects

22  to this interrogatory to the extent that it attempts to characterize Defendant's legal

23  position. Defendant objects to this interrogatory on the basis that it is vague,

24  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

25  proportionate to the needs of this case. Defendant objects to this interrogatory

26  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

27  basis that it requires Defendant to marshal all proof it intends to offer at trial.

28  Discovery is ongoing, and Defendant has not yet completed its investigation of the

1   facts. Defendant also objects to this interrogatory to the extent that it seeks material

2   protected by the attorney-client, work product, or other applicable privileges.

3   Defendant reserves the right, without assuming any obligation, to supplement its

4   response. Defendant reserves the right, without assuming any obligation, to amend

5   or supplement its response in whole or in part.

6           Subject to the above objections, none of which are waived, Defendant

7   responds as follows:

8           Defendant's decision to withhold taxes on the fees owed to Netlist under the

9   Agreement related to: (1) Samsung's good-faith understanding and interpretation of

10  Korean tax laws and regulations relating to foreign corporations, including

11  Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the

12  Convention Between the United States of America and the Republic of Korea for

13  the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with

14  Respect to Taxes on Income and the Encouragement of International Trade and

15  Investment; (2) Samsung's understanding and interpretation of the purpose and

16  objective of the Agreement, including that the Agreement had the purpose of

17  licensing patents from Netlist in order to reduce the potential risk of patent

18  infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to

19  "deduct any applicable withholding taxes due or payable under the laws of Korea[.]"

20  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

21          Defendant incorporates by reference its general objections. Defendant objects

22  to this interrogatory to the extent that it attempts to characterize Defendant's legal

23  position. Defendant objects to this interrogatory on the basis that it is vague,

24  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

25  proportionate to the needs of this case. Defendant objects to this interrogatory

26  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

27  basis that it requires Defendant to marshal all proof it intends to offer at trial.

28  Discovery is ongoing, and Defendant has not yet completed its investigation of the

facts. Defendant also objects to this interrogatory to the extent that it seeks material

protected by the attorney-client, work product, or other applicable privileges.

Defendant reserves the right, without assuming any obligation, to supplement its

response. Defendant reserves the right, without assuming any obligation, to amend

or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant

responds as follows:

Defendant's decision to withhold taxes on the fees owed to Netlist under the

Agreement related to: (1) Samsung's good-faith understanding and interpretation of

Korean tax laws and regulations relating to foreign corporations, including

Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the

Convention Between the United States of America and the Republic of Korea for

the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with

Respect to Taxes on Income and the Encouragement of International Trade and

Investment; (2) Samsung's understanding and interpretation of the purpose and

objective of the Agreement, including that the Agreement had the purpose of

licensing patents from Netlist in order to reduce the potential risk of patent

infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to

"deduct any applicable withholding taxes due or payable under the laws of Korea[;]"

(4) Samsung's transmission of a tax form, which indicated a 16.5% tax rate pursuant

to treaty, and information on Korean tax laws to Netlist shortly before the JDLA

was signed; (5) the signature of Netlist's CFO Gail Sasaki on the same form, which

Netlist returned to Samsung with the box for the 16.5% tax rate checked; and (6)

Samsung's understanding that Gail Sasaki had the authority to investigate and sign

the form on behalf of Netlist.

**INTERROGATORY NO. 16:**

Describe in detail the basis for and all facts supporting Your position that

Netlist waived its right to terminate the Agreement or that termination was

1  otherwise improper or ineffective.

2  **RESPONSE TO INTERROGATORY NO. 16:**

3      Defendant incorporates by reference its general objections. Defendant objects

4  to this interrogatory to the extent that it seeks to characterize Defendant's legal

5  position. Defendant objects to this interrogatory on the basis that it is vague,

6  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

7  proportionate to the needs of this case. Defendant objects to this interrogatory

8  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

9  basis that it requires Defendant to marshal all proof it intends to offer at trial.

10  Discovery is ongoing, and Defendant has not yet completed its investigation of the

11  facts. Defendant also objects to this interrogatory to the extent that it seeks material

12  protected by the attorney-client, work product, or other applicable privileges.

13  Defendant objects to this interrogatory on the basis that it is impermissibly

14  compound, conjunctive, or disjunctive. Defendant reserves the right, without

15  assuming any obligation, to supplement its response.

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

17      Defendant incorporates by reference its general objections. Defendant objects

18  to this interrogatory to the extent that it seeks to characterize Defendant's legal

19  position. Defendant objects to this interrogatory on the basis that it is vague,

20  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

21  proportionate to the needs of this case. Defendant objects to this interrogatory

22  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

23  basis that it requires Defendant to marshal all proof it intends to offer at trial.

24  Discovery is ongoing, and Defendant has not yet completed its investigation of the

25  facts. Defendant also objects to this interrogatory to the extent that it seeks material

26  protected by the attorney-client, work product, or other applicable privileges.

27  Defendant objects to this interrogatory on the basis that it is impermissibly

28  compound, conjunctive, or disjunctive. Defendant reserves the right, without

1 assuming any obligation, to supplement its response. Defendant reserves the right,

2 without assuming any obligation, to amend or supplement its response in whole or

3 in part.

4      Subject to the above objections, none of which are waived, Defendant

5 responds as follows: the relevant withholding of taxes occurred in 2015. Samsung

6 has routinely rejected requests for product from Netlist (due to limited supply and

7 market conditions) starting in 2015. Despite this, Netlist elected not to terminate and

8 instead continues on with the Agreement to this very day, and reaped the benefits

9 for years after these purported breaches.

10 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

11      Defendant incorporates by reference its general objections. Defendant objects

12 to this interrogatory to the extent that it seeks to characterize Defendant's legal

13 position. Defendant objects to this interrogatory on the basis that it is vague,

14 ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

15 proportionate to the needs of this case. Defendant objects to this interrogatory

16 because it calls for a legal conclusion. Defendant objects to this interrogatory on the

17 basis that it requires Defendant to marshal all proof it intends to offer at trial.

18 Discovery is ongoing, and Defendant has not yet completed its investigation of the

19 facts. Defendant also objects to this interrogatory to the extent that it seeks material

20 protected by the attorney-client, work product, or other applicable privileges.

21 Defendant objects to this interrogatory on the basis that it is impermissibly

22 compound, conjunctive, or disjunctive. Defendant reserves the right, without

23 assuming any obligation, to supplement its response. Defendant reserves the right,

24 without assuming any obligation, to amend or supplement its response in whole or

25 in part.

26      Subject to the above objections, none of which are waived, Defendant

27 responds as follows:

28      Defendant's position is based on: (1) the course of dealing between Samsung

1    and Netlist, including the terms and conditions of the purchase orders that Netlist

2    used before and after the JDLA, in particular the fact that Netlist continually

3    accepted Samsung's routine decline of support requests for product during various

4    times, and Netlist never asserted that this was a violation of the Agreement prior to

5    commencement of this lawsuit; (2) Samsung's transmission of a tax form, which

6    indicated a 16.5% tax rate pursuant to treaty, and information on Korean tax laws to

7    Netlist shortly before the JDLA was signed; (3) the signature of Netlist's CFO Gail

8    Sasaki on the same form, which Netlist returned to Samsung with the box for the

9    16.5% tax rate checked; (4) Samsung's understanding that Gail Sasaki had the

10   authority to sign and investigate the form on behalf of Netlist; (5) Netlist executives'

11   internal discussion in 2016, in which they contemplated providing a notice of breach

12   over the tax withholding but elected not to for its own business strategy reasons; (6)

13   the tax proceedings in Korea, in which Netlist took the position that the $8 million

14   payment was not a patent royalty, and received a full refund of the withheld taxes

15   plus interest; and, cumulatively, (7) the fact that Netlist never alleged any breach of

16   the Agreement until threatening this litigation despite the facts articulated above.

17   **INTERROGATORY NO. 17:**

18        Describe in detail the basis for and all facts Related to whether Samsung

19   complied with its obligations under the Agreement.

20   **RESPONSE TO INTERROGATORY NO. 17:**

21        Defendant incorporates by reference its general objections. Defendant objects

22   to this interrogatory to the extent that it seeks to characterize Defendant's legal

23   position. Defendant objects to this interrogatory on the basis that it is vague,

24   ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

25   proportionate to the needs of this case. Defendant objects to this interrogatory

26   because it calls for a legal conclusion. Defendant objects to this interrogatory on the

27   basis that it requires Defendant to marshal all proof it intends to offer at trial.

28   Discovery is ongoing, and Defendant has not yet completed its investigation of the

facts. Defendant also objects to this interrogatory to the extent that it seeks material

protected by the attorney-client, work product, or other applicable privileges.

Defendant objects to this interrogatory on the basis that it is impermissibly

compound, conjunctive, or disjunctive. Defendant reserves the right, without

assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

      Defendant incorporates by reference its general objections. Defendant objects

to this interrogatory to the extent that it seeks to characterize Defendant's legal

position. Defendant objects to this interrogatory on the basis that it is vague,

ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

proportionate to the needs of this case. Defendant objects to this interrogatory

because it calls for a legal conclusion. Defendant objects to this interrogatory on the

basis that it requires Defendant to marshal all proof it intends to offer at trial.

Discovery is ongoing, and Defendant has not yet completed its investigation of the

facts. Defendant also objects to this interrogatory to the extent that it seeks material

protected by the attorney-client, work product, or other applicable privileges.

Defendant objects to this interrogatory on the basis that it is impermissibly

compound, conjunctive, or disjunctive. Defendant reserves the right, without

assuming any obligation, to supplement its response. Defendant reserves the right,

without assuming any obligation, to amend or supplement its response in whole or

in part.

      Subject to the above objections, none of which are waived, Defendant

responds as follows:

      Defendant's complied with its obligations under Sections 3.1 and 3.2 based

on: (1) Samsung's good-faith understanding and interpretation of Korean tax laws

and regulations relating to foreign corporations, including Beobinsaebeob

[Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between

the United States of America and the Republic of Korea for the Avoidance of

1  Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on

2  Income and the Encouragement of International Trade and Investment; (2)

3  Samsung's understanding and interpretation of the purpose and objective of the

4  Agreement, including that the Agreement had the purpose of licensing patents from

5  Netlist in order to reduce the potential risk of patent infringement; (3) the fact that

6  Section 3.2 of the Agreement allows Samsung to "deduct any applicable

7  withholding taxes due or payable under the laws of Korea[.]"

8      Defendant complied with its obligations under Section 6.2 based on: (1)

9  circumstances surrounding the negotiation of the Agreement, including the lack of

10  substantive negotiations relating to Section 6.2; (2) the course of dealing between

11  Samsung and Netlist, in particular the fact that Netlist continually accepted

12  Samsung's routine declines of support requests for product during various times,

13  and Netlist never asserted that this was a violation of the Agreement prior to

14  commencement of this lawsuit; (3) the nature of the semiconductor market, in which

15  supply is strictly limited and shortages are common. Because of this, it would be

16  extremely unusual for Samsung to agree with a small buyer like Netlist to terms that

17  amount to those of a requirements contract; (4) the fact that Section 6.2 of the

18  Agreement contains no quantity term.

19  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

20      Defendant incorporates by reference its general objections. Defendant objects

21  to this interrogatory to the extent that it seeks to characterize Defendant's legal

22  position. Defendant objects to this interrogatory on the basis that it is vague,

23  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

24  proportionate to the needs of this case. Defendant objects to this interrogatory

25  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

26  basis that it requires Defendant to marshal all proof it intends to offer at trial.

27  Discovery is ongoing, and Defendant has not yet completed its investigation of the

28  facts. Defendant also objects to this interrogatory to the extent that it seeks material

1   protected by the attorney-client, work product, or other applicable privileges.

2   Defendant objects to this interrogatory on the basis that it is impermissibly

3   compound, conjunctive, or disjunctive. Defendant reserves the right, without

4   assuming any obligation, to supplement its response. Defendant reserves the right,

5   without assuming any obligation, to amend or supplement its response in whole or

6   in part.

7       Subject to the above objections, none of which are waived, Defendant

8   responds as follows:

9       (1) Samsung's good-faith understanding and interpretation of Korean tax laws

10  and regulations relating to foreign corporations, including Beobinsaebeob

11  [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between

12  the United States of America and the Republic of Korea for the Avoidance of

13  Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on

14  Income and the Encouragement of International Trade and Investment; (2)

15  Samsung's understanding and interpretation of the purpose and objective of the

16  Agreement, including that the Agreement had the purpose of licensing patents from

17  Netlist in order to reduce the potential risk of patent infringement; (3) the fact that

18  Section 3.2 of the Agreement allows Samsung to "deduct any applicable

19  withholding taxes due or payable under the laws of Korea[;]" (4) Samsung's

20  transmission of a tax form, which indicated a 16.5% tax rate pursuant to treaty, and

21  information on Korean tax laws to Netlist shortly before the JDLA was signed; (5)

22  the signature of Netlist's CFO Gail Sasaki on the same form, which Netlist returned

23  to Samsung with the box for the 16.5% tax rate checked; and (6) Samsung's

24  understanding that Gail Sasaki had the authority to sign and investigate the form on

25  behalf of Netlist; (7) the parties' longstanding business relationship of at least 15

26  years and $200 million in purchases, in which purchases of NAND and DRAM

27  products outside the joint development contemplated by the Agreement were

28  governed by individual purchase orders and their confirmations according to

forecasts, allocations, and availability, with orders being accepted, rejected, or put on backlog, which was a practice that followed industry norms; (8) the negotiating history of the JDLA, which began with Netlist (which had cash flow issues at the time) approaching Samsung to discuss a strategic partnership involving joint development of a product based on a new standard called NVDIMM-P and licensing of Netlist's patents, but without mentioning any long-term supply agreement, and the communications and documents exchanged as a part of that negotiating history, including a Memorandum of Understanding which referenced NAND and DRAM products as "raw materials," which was a subsection of "Technology Collaboration" and the testimony of both Chuck Hong on these issues, including their admissions that the supply by Samsung was only required if and to the extent that a NVDIMM-P-related product was ever commercialized, which did not occur, and that Netlist received all of the chips it needed to complete the initial phase of the NVDIMM-P product under the JDLA; (9) the fact that Samsung paid Netlist $8 million in cash pursuant to the Agreement, and concurrently provided an additional $15 million convertible loan at 2% interest (with documents showing the negotiating history and the eventual agreement for same), which allowed Netlist to pay off existing debt with less favorable financial terms; (10) Netlist's own press releases, public filings and minutes of its own board meetings and its own board resolutions and its conduct and disclosures related to other suppliers such as SK Hynix; (11) a meeting between Netlist and Samsung some 18 months after the JDLA had been signed, in which Netlist unsuccessfully sought a "New Partner Type" that would require Samsung to provide "Product Allocation support for Netlist" and an "Official-Distributor Partnership Agreement" from Samsung; (12) the course of dealing and conduct between Samsung and Netlist both before and after the purported termination of the JDLA, including the terms and conditions of the purchase orders that Netlist used before and after the JDLA, in particular the fact that Netlist continually accepted Samsung's routine declines of support requests for product during various times,

1  and Netlist never asserted that this was a violation of the Agreement prior to

2  commencement of this lawsuit; (13) the nature of the semiconductor market and

3  other "industry norms" which both Chuck Hong and Paik Ki Hong testified to, in

4  which supply is strictly limited and shortages are common, making it unlikely for

5  Samsung to agree with a small buyer like Netlist to terms that amount to an

6  indefinite and unlimited supply obligation; (14) the fact that Section 6.2 of the

7  Agreement contains no quantity term; and (15) the tax proceedings in Korea, in

8  which Netlist took the position that the $8 million payment was not a patent royalty,

9  and received a full refund of the withheld taxes plus interest.

10 **INTERROGATORY NO. 18:**

11       Describe in detail the basis for and all facts Related to whether Netlist failed

12 to comply with its obligations under the Agreement.

13 **RESPONSE TO INTERROGATORY NO. 18:**

14       Defendant incorporates by reference its general objections. Defendant objects

15 to this interrogatory to the extent that it seeks to characterize Defendant's legal

16 position. Defendant objects to this interrogatory on the basis that it is vague,

17 ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

18 proportionate to the needs of this case. Defendant objects to this interrogatory

19 because it calls for a legal conclusion. Defendant objects to this interrogatory on the

20 basis that it requires Defendant to marshal all proof it intends to offer at trial.

21 Discovery is ongoing, and Defendant has not yet completed its investigation of the

22 facts. Defendant also objects to this interrogatory to the extent that it seeks material

23 protected by the attorney-client, work product, or other applicable privileges.

24 Defendant objects to this interrogatory on the basis that it is impermissibly

25 compound, conjunctive, or disjunctive. Defendant reserves the right, without

26 assuming any obligation, to supplement its response.

27 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

28       Defendant incorporates by reference its general objections. Defendant objects

1  to this interrogatory to the extent that it seeks to characterize Defendant's legal

2  position. Defendant objects to this interrogatory on the basis that it is vague,

3  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

4  proportionate to the needs of this case. Defendant objects to this interrogatory

5  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

6  basis that it requires Defendant to marshal all proof it intends to offer at trial.

7  Discovery is ongoing, and Defendant has not yet completed its investigation of the

8  facts. Defendant also objects to this interrogatory to the extent that it seeks material

9  protected by the attorney-client, work product, or other applicable privileges.

10  Defendant objects to this interrogatory on the basis that it is impermissibly

11  compound, conjunctive, or disjunctive. Defendant reserves the right, without

12  assuming any obligation, to supplement its response. Defendant reserves the right,

13  without assuming any obligation, to amend or supplement its response in whole or

14  in part.

15       Subject to the above objections, none of which are waived, Defendant

16  responds as follows: The Agreement speaks for itself.  To the extent further

17  response is required, Netlist's purported termination was improper because Samsung

18  did not breach the Agreement, and at the time of the purported breaches – which

19  occurred several years ago – Netlist had already elected to continue on with the

20  Agreement, in lieu of termination.

21  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

22       Defendant incorporates by reference its general objections. Defendant objects

23  to this interrogatory to the extent that it seeks to characterize Defendant's legal

24  position. Defendant objects to this interrogatory on the basis that it is vague,

25  ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not

26  proportionate to the needs of this case. Defendant objects to this interrogatory

27  because it calls for a legal conclusion. Defendant objects to this interrogatory on the

28  basis that it requires Defendant to marshal all proof it intends to offer at trial.

1   Discovery is ongoing, and Defendant has not yet completed its investigation of the

2   facts. Defendant also objects to this interrogatory to the extent that it seeks material

3   protected by the attorney-client, work product, or other applicable privileges.

4   Defendant objects to this interrogatory on the basis that it is impermissibly

5   compound, conjunctive, or disjunctive. Defendant reserves the right, without

6   assuming any obligation, to supplement its response. Defendant reserves the right,

7   without assuming any obligation, to amend or supplement its response in whole or

8   in part.

9        Subject to the above objections, none of which are waived, Defendant

10  responds as follows: The Agreement speaks for itself.  To the extent further

11  response is required, Netlist's purported termination was improper because Samsung

12  did not breach the Agreement, and at the time of the purported breaches – which

13  occurred several years ago – Netlist had already elected to continue on with the

14  Agreement, in lieu of termination. In addition, Samsung bases its position that

15  Netlist breached its obligations on: (1) Netlist's abandonment of the NVDIMM-P

16  standardization project and instead moving on to other projects without Samsung

17  and without obtaining a written amendment of the JDLA for this development; (2)

18  Netlist's purchase orders, and then the cancellation of the purchase orders, for

19  eMMC and other products which were confirmed by Paik Ki Hong in his deposition

20  testimony.

21  **INTERROGATORY NO. 20:**

22        Describe in detail and separately by defense the basis for and all facts

23  supporting each of the affirmative defenses in Your Answer.

24  **RESPONSE TO INTERROGATORY NO. 20:**

25        Defendant incorporates by reference its general objections. Defendant objects

26  to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly

27  burdensome, harassing, oppressing, and not proportionate to the needs of this case.

28  Defendant objects to this interrogatory because it calls for a legal conclusion.

Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant objects to this interrogatory on the basis that it is impermissibly compound, conjunctive, or disjunctive. Defendant reserves the right, without assuming any obligation, to supplement its response. Defendant reserves the right, without assuming any obligation, to amend or supplement its response in whole or in part.

Subject to the above objections, none of which are waived, Defendant responds as follows:

(1) Samsung's good-faith understanding and interpretation of Korean tax laws and regulations relating to foreign corporations, including Beobinsaebeob [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between the United States of America and the Republic of Korea for the Avoidance of

Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment, U.S.–R.O.K.; (2) Samsung's understanding and interpretation of the purpose and objective of the Agreement, including that the Agreement had the purpose of licensing patents from Netlist in order to reduce the potential risk of patent infringement; (3) the fact that Section 3.2 of the Agreement allows Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea[;]" (4) circumstances surrounding the negotiation of the Agreement, including the lack of substantive negotiations relating to Section 6.2; (5) the course of dealing between Samsung and Netlist, in particular the fact that Netlist continually accepted Samsung's routine declines of support requests for product during various times, and Netlist never asserted that this was a violation of the Agreement prior to commencement of this lawsuit; (6) the nature of the semiconductor market, in which supply is strictly limited and shortages are common. Because of this, it would be extremely unusual for Samsung to agree with a small buyer like Netlist to terms that amount to those of a requirements contract; (7) the fact that Section 6.2 of the Agreement has no quantity term.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks to characterize Defendant's legal position. Defendant objects to this interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressing, and not proportionate to the needs of this case. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant objects to this interrogatory on the basis that it requires Defendant to marshal all proof it intends to offer at trial. Discovery is ongoing, and Defendant has not yet completed its investigation of the facts. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges.

1  Defendant objects to this interrogatory on the basis that it is impermissibly

2  compound, conjunctive, or disjunctive. Defendant reserves the right, without

3  assuming any obligation, to supplement its response. Defendant reserves the right,

4  without assuming any obligation, to amend or supplement its response in whole or

5  in part.

6          Subject to the above objections, none of which are waived, Defendant

7  responds as follows:

8          (1) Samsung's good-faith understanding and interpretation of Korean tax laws

9  and regulations relating to foreign corporations, including Beobinsaebeob

10 [Corporate Tax Act], Jibangsaebeob [Local Tax Act], and the Convention Between

11 the United States of America and the Republic of Korea for the Avoidance of

12 Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on

13 Income and the Encouragement of International Trade and Investment; (2)

14 Samsung's understanding and interpretation of the purpose and objective of the

15 Agreement, including that the Agreement had the purpose of licensing patents from

16 Netlist in order to reduce the potential risk of patent infringement; (3) the fact that

17 Section 3.2 of the Agreement allows Samsung to "deduct any applicable

18 withholding taxes due or payable under the laws of Korea[;]" (4) Samsung's

19 transmission of a tax form, which indicated a 16.5% tax rate pursuant to treaty, and

20 information on Korean tax laws to Netlist shortly before the JDLA was signed; (5)

21 the signature of Netlist's CFO Gail Sasaki on the same form, which Netlist returned

22 to Samsung with the box for the 16.5% tax rate checked; and (6) Samsung's

23 understanding that Gail Sasaki had the authority to sign and investigate the form on

24 behalf of Netlist; (7) the parties' longstanding business relationship of at least 15

25 years and $200 million in purchases, in which purchases of NAND and DRAM

26 products outside the joint development contemplated by the Agreement were

27 governed by individual purchase orders and their confirmations according to

28 forecasts, allocations, and availability, with orders being accepted, rejected, or put

1  on backlog, which was a practice that followed industry norms; (8) the negotiating

2  history of the JDLA, which began with Netlist (which had cash flow issues at the

3  time) approaching Samsung to discuss a strategic partnership involving joint

4  development of a product based on a new standard called NVDIMM-P and licensing

5  of Netlist's patents, but without mentioning any long-term supply agreement, and

6  the communications and documents exchanged as a part of that negotiating history,

7  including a Memorandum of Understanding which referenced NAND and DRAM

8  products as "raw materials," which was a subsection of "Technology Collaboration"

9  and the testimony of both Chuck Hong on these issues, including their admissions

10  that the supply by Samsung was only required if and to the extent that a NVDIMM-

11  P-related product was ever commercialized, which did not occur, and that Netlist

12  received all of the chips it needed to complete the initial phase of the NVDIMM-P

13  product under the JDLA; (9) the fact that Samsung paid Netlist $8 million in cash

14  pursuant to the Agreement, and concurrently provided an additional $15 million

15  convertible loan at 2% interest (with documents showing the negotiating history and

16  the eventual agreement for same), which allowed Netlist to pay off existing debt

17  with less favorable financial terms; (10) Netlist's own press releases, public filings

18  and minutes of its own board meetings and its own board resolutions and its conduct

19  and disclosures related to other suppliers such as SK Hynix; (11) a meeting between

20  Netlist and Samsung some 18 months after the JDLA had been signed, in which

21  Netlist unsuccessfully sought a "New Partner Type" that would require Samsung to

22  provide "Product Allocation support for Netlist" and an "Official-Distributor

23  Partnership Agreement" from Samsung; (12) the course of dealing and conduct

24  between Samsung and Netlist both before and after the purported termination of the

25  JDLA, including the terms and conditions of the purchase orders that Netlist used

26  before and after the JDLA, in particular the fact that Netlist continually accepted

27  Samsung's routine declines of support requests for product during various times,

28  and Netlist never asserted that this was a violation of the Agreement prior to

1  commencement of this lawsuit; (13) the nature of the semiconductor market and
2  other "industry norms" which both Chuck Hong and Paik Ki Hong testified to, in
3  which supply is strictly limited and shortages are common, making it unlikely for
4  Samsung to agree with a small buyer like Netlist to terms that amount to an
5  indefinite and unlimited supply obligation; (14) the fact that Section 6.2 of the
6  Agreement contains no quantity term; (15) the tax proceedings in Korea, in which
7  Netlist took the position that the $8 million payment was not a patent royalty, and
8  received a full refund of the withheld taxes plus interest; and, cumulatively, (16)
9  Netlist never alleged any breach of the Agreement until threatening this litigation
10 despite the facts articulated above.

11

12

13 DATED:  August 16, 2021          Ekwan E. Rhow
14                                 Marc E. Masters
                                   David I. Hurwitz
15                                 Kate S. Shin
16                                 Christopher J. Lee
                                   Jong-min Choi
17                                 Bird, Marella, Boxer, Wolpert, Nessim,
18                                 Drooks, Lincenberg & Rhow, P.C.

19

20                                 By:  _____/s/ Jong-min Choi_____
21                                          Jong-min Choi
22                                     Attorneys for Defendant Samsung
                                       Electronics Co., Ltd.
23

24

25

26

27

28