JASON C. LO, SBN 219030
   jlo@gibsondunn.com
MATTHEW BENJAMIN (pro hac vice)
   mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
   rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JASON SHEASBY, SBN 205455
   jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-993-MSC (DFMx)<br><br>**[PROPOSED] ORDER RE: NETLIST OBJECTIONS TO SAMSUNG'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed: May 28, 2020<br>Trial Date    November 30, 2021 |

This matter came before the Court regarding Plaintiff Netlist Inc.'s ("Netlist") objections to certain evidence submitted by Defendant Samsung Electronics Co., Ltd.'s ("Samsung") in support of Samsung's Motion for Summary Judgment. The Court, having duly considered Netlist's objections to evidence cited by Samsung in support of its Motion Summary Judgment, hereby rules as follows:

## I. Objections to Defendant's MSJ Ex. 2 (Excerpts of Deposition of Paik Ki Hong)

| Submitted Material | Objections | Ruling |
|---|---|---|
| **13:10–20**:<br>Q And so I'm just asking, and I get that, and by the way, I don't have a chart, I'm be totally open, but in a given year, <u>given what you know about Netlist's overall purchase -- purchases in a year,</u> what would be considered a large year, if you have an estimate, and if you don't, that's fine?<br>MR. LAMAGNA: Form.<br><br>THE WITNESS: So not an exact number, but during | 1. Vague—it is unclear if the question refers to Netlist's overall purchases or purchases from Samsung.<br><br>2. Lack's Foundation—questioner did not establish that witness knew the totals for prior purchases.<br><br>3. Calls for speculation—the witness was not shown the data produced to Samsung but essentially asked to guess as to purchase totals. *See* FRE 701. | Sustained _____<br><br>Overruled _____<br><br><br>Sustained _____<br><br>Overruled _____<br><br><br>Sustained _____<br><br>Overruled _____ |

| Submitted Material | Objections | Ruling |
|---|---|---|
| that time period, I -- you know, maybe a hundred million is -- approximately, something, and that would be large. | | |
| **53:4–10:**<br>Q So I take that at least during the time frame mentioned in paragraph four, <u>you believe Samsung was abiding by its supply obligations</u>?<br><br>MR. LAMAGNA: Form.<br><br>THE WITNESS: The support -- the answer -- the -- the -- during that period, Samsung was fulfilling orders, fulfilling our requests. | 1. Calls for legal conclusion and speculation (as to scope of supply obligation).  *See* FRE. 701. | Sustained  _____<br><br>Overruled  _____ |

3

1 | IT IS SO ORDERED.

4 | Dated: _____

                                                     _____
                                                     Honorable Mark C. Scarsi
                                                     United States District Judge

# **CERTIFICATE OF SERVICE**

I, Raymond A. LaMagna, an attorney, hereby certify that **[PROPOSED] ORDER RE: NETLIST OBJECTIONS TO SAMSUNG'S EVIDENCE IN SUPPORTOF ITS MOTION FOR SUMMARY JUDGMENT,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 30, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.