1   JASON C. LO, SBN 219030
       jlo@gibsondunn.com
2   MATTHEW BENJAMIN (pro hac vice)
       mbenjamin@gibsondunn.com
3   RAYMOND A. LAMAGNA, SBN 244821
       rlamagna@gibsondunn.com
4   GIBSON, DUNN & CRUTCHER LLP
5   333 South Grand Avenue
    Los Angeles, CA  90071-3197
6   Telephone:  213.229.7000
7   Facsimile:   213.229.7520

    JASON SHEASBY, SBN 205455
       jsheasby@irell.com
    IRELL & MANELLA LLP
    800 Ave. of the Stars
    Los Angeles, CA 90067
    Telephone: 310.203.7096
    Facsimile: 310.203.7199

8   Attorneys for Plaintiff Netlist Inc.

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12

13   NETLIST INC., a Delaware
     corporation,
14
                              Plaintiff,
15
16          v.
17   SAMSUNG ELECTRONICS CO.,
     LTD., a Korean corporation,
18
19                            Defendant.
20

CASE NO. 8:20-cv-993-MCS (ADS)

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S EVIDENTIARY
OBJECTIONS TO PLAINTIFF'S
DECLARATIONS IN SUPPORT OF
SUMMARY JUDMGMENT**

21
22
23
24
25
26
27
28

Plaintiff Netlist Inc. ("Netlist") hereby submits its responses to Defendant Samsung Electronics Co., LTD.'s ("Samsung") evidentiary objections to the Declarations of C.K. Hong, Gail Sasaki, and Paik Ki Hong provided in support of Netlist's Partial Motion for Summary Judgment.

# I.

## SAMSUNG'S EVIDENTIARY OBJECTIONS LACK MERIT

Samsung's evidentiary objections to the Declarations of C.K. Hong, Gail Sasaki, and Paik Ki Hong ("Netlist's MSJ Declarations") lack merit.

Samsung primarily challenges Netlist's MSJ Declarations on the basis that the declarants supposedly have "no basis to assert personal knowledge" and the declarations are purportedly "self-serving." *See, e.g.*, Samsung Evidentiary Objections (Dkt. 168-3) at 1, 9. However, the Ninth Circuit repeatedly has held that a senior executive's personal knowledge can be inferred based on his or her position and the "nature of their participation in the matters to which they swore," which is precisely the case here. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990); *see also Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) (finding district court erred in rejecting defendant's declarations and stating that "[p]ersonal knowledge can be inferred from an affiant's position"); *Sea-Land Serv., Inc. v. Lozen Int'l, LLC.*, 285 F.3d 808, 819 (9th Cir. 2002) (finding district court properly admitted declaration of plaintiff employee based on declarant's managerial position and the statement in her declaration that she had "personal knowledge of all matters discussed" therein).[1]

---

[1] *See also Jordan v. Paul Fin., LLC*, 644 F. Supp. 2d 1156, 1175 (N.D. Cal. 2009) (overruling plaintiff's objections to portions of declaration filed by executive vice president of defendant corporation who could be "inferred to have personal knowledge of . . . [defendant's] business practices"); *Enter. Int'l, Inc. v. Int'l Knife & Saw, Inc.*, No. C12-5638 BHS, 2013 WL 6185241, at *5 (W.D. Wa. Nov. 26, 2013) (denying defendant's motion to strike portions of plaintiff's declaration, holding the testimony was permissible "testimony about [declarant's] understanding of the companies of which he is President and CEO . . . and the industrial field in which he works").

Notably, while Samsung objects to the MSJ Declarations based on purported lack of foundation and personal knowledge, Samsung repeatedly relies on the very same declarations in its own summary judgment briefing. *See, e.g.,* Dkt. 157-1 at 13 (Samsung MSJ relying on C.K. Hong Declaration for point on "industry norms"); Dkt. 157-1 at 22 (Samsung MSJ relying on C.K. Hong and Paik Ki Hong Declarations to assert that Samsung substantially performed immediately after the JDLA was signed); *Lippitt v. Nationstar Mortg., LLC*, No. 19-1115-DOC-DFM, 2020 WL 3891676, at *6 (C.D. Cal. Apr. 16, 2020) (rejecting objection where "Plaintiff . . . affirmatively relies on the [same evidence] she now objects to").

Samsung's repeated objection that the MSJ Declarations are purportedly "self-serving" is also meritless. First, the fact that the MSJ Declarations attest to facts that undercut Samsung's position in this case does not make them "self-serving." Moreover, even if the declarations were "self-serving," "[t]his circuit has held that self-serving affidavits are cognizable . . . so long as they state facts based on personal knowledge." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001); *see also United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999) (finding district court erred in dismissing defendant's affidavit as self-"serving" because any affidavit of a party worth submitting is "self-serving"). As demonstrated above (and in further detail below), the MSJ Declarations are based on personal knowledge.

/

/

/

/

/

/

/

/

## II.

## OBJECTIONS TO THE DECLARATION OF C.K. HONG

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| **C.K. Hong Decl. ¶ 2 at 1:7-11** "Netlist is an innovator in high-performance memory module technologies. We design and manufacture a variety of high-performance products used in servers and storage systems for the cloud computing, virtualization, and big data markets. Netlist's technology enables users to derive useful information from vast amounts of data in a shorter period of time." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. Improper lay opinion concerning the technical and specialized field of memory module technologies. Fed. R. Evid. 702. Conclusory and lacking in specific facts and supporting evidence. *VBS Distribution, Inc. v. Nutrivita Lab'ys, Inc.*, 811 F. App'x 1005, 1007 (9th Cir.), *cert. denied*, 141 S. Ct. 454 (2020) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.") (*quoting F.T.C. v. Publ'g Clearing House*, | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and co-founder. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. • Proper percipient testimony "rationally based on the perception" of the declarant and concerning the business of which the declarant is the CEO and co-founder. *See* Fed. R. Evid. 701; *United States v. Beck*, 418 F.3d | Sustained:_____ Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | *Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). | 1008, 1015 (9th Cir. 2005) (holding that a lay witness's testimony is rationally based within the meaning of Rule 701 where it is "based upon personal observation"). <br><br> • Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |
| **C.K. Hong Decl. ¶ 3 at 1:12-21** <br><br> "Since its founding in 2000, Netlist has been focused on creating breakthrough products that fill the performance gap between server and storage architectures and the capabilities of existing | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. <br><br> Improper lay opinion concerning the technical and specialized field of memory module technologies. Fed. R. Evid. 702. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and co-founder. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 | Sustained:_____ <br><br> Overruled:_____ |

- 4 -

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| memory technologies. | | F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant and concerning the business of which the declarant is the CEO and co-founder. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). | |
| Netlist's early products were built on a variety of pioneering ideas from Netlist engineers that improved performance and lowered cost compared to conventional memory. Netlist quickly established itself | Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review | • Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| as a creator of unique technology and as an important supplier of high-performance server memory modules to the world's largest high-tech companies including Dell, IBM, HP, and Apple, among others. Given this track record, customers have engaged Netlist to create custom, proprietary products to satisfy unique requirements." | of documents. Fed. R. Evid. 802. | declarant's personal knowledge as Netlist's CEO and co-founder. | |
| **C.K. Hong Decl. ¶ 4 at 1:22-24**<br><br>"The commitment from Samsung Electronics Co., Ltd. ("Samsung") to supply NAND and DRAM to Netlist as consideration for the agreement we entered into | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and direct participation in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| was of crucial value to Netlist." | *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171. | at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br><br>• Proper percipient testimony "rationally based on the perception" of the declarant through direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br><br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |
| **C.K. Hong Decl. ¶ 4 at 1:24-27** | Lacks foundation, no basis to assert | • Sufficient foundation to assert based on | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| "First, the semiconductor industry has historically experienced cyclical shortages of NAND and DRAM, so Netlist aimed to reduce business risk stemming from the possibility that these shortages would disrupt the flow of products to our customers." | personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and industry trend. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | declarant's personal knowledge. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br><br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | • Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. <br> • Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 4 at 1:27-2:1** <br><br> "Second, even as the largest memory producer in the world, Samsung supplies NAND and DRAM directly to a surprisingly small number of select companies." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. <br><br> Speculation about Samsung's customer base. Fed. R. Evid. 602. <br><br> Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. <br> • Statements based on, and supported | Sustained:_____ <br><br> Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 4 at 2:1-6**<br><br>"As a result, an agreement with Samsung for direct product supply elevated Netlist into an elite group of industry players and provided assurances to Netlist's customers that if they engaged Netlist, they would have good access to supply. In an industry where the inability to secure NAND | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and industry trend. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and direct participation in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| and DRAM forces businesses to shut down, a direct supply relationship with the world's largest memory semiconductor manufacturer is a significant strategic advantage. | supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |
| **C.K. Hong Decl. ¶ 5 at 2:7-13**<br><br>"Because securing direct | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. | • Sufficient foundation to assert based on declarant's | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | supply of NAND and DRAM was so critical to Netlist, Netlist was willing to make a number of important concessions to Samsung in exchange for Samsung's contractual commitment to provide supply. Chief among these, Samsung sought and Netlist agreed to provide Samsung with a license to its patents. Netlist also agreed to a lower upfront payment to support the overall structure of the deal. In particular, Netlist initially sought an $85 million payment and a running royalty. | Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Speculation about Samsung's intent and conduct. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | personal knowledge as Netlist's CEO and direct participation in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br><br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 5 at 2:13-16**<br><br>"Following several months of negotiations, Netlist eventually agreed to an $8 million NRE fee but with a commitment from Samsung that its supply obligation was firm and binding. Netlist and Samsung executed a Joint | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*; 811 F. App'x at | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and direct participation in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | Development and License Agreement ("JDLA") in November 2015." | 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony based on declarant's direct participation in the JDLA negotiations.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| | **C.K. Hong Decl. ¶ 6 at 2:17-25**<br><br>"The market for NAND and DRAM is effectively an oligopoly with Micron Technology, | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization* | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | Inc., SK Hynix Inc., and Samsung controlling approximately 95% of the world's supply. Although all three manufacturers offer NAND and DRAM, the products from the three suppliers are not interchangeable. This is because each company implements different design and fabrication processes which result in varying speed, power, and endurance characteristics in customers' server and storage systems. Therefore, a server or storage manufacturer cannot simply replace a Hynix or Micron server memory for a Samsung server memory without | technologies and industry players. Fed. R. Evid. 702.<br><br>Speculations about the memory and server manufacturers their respective technologies and capabilities. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | *Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| re-qualification or, in some cases, a redesign of their server systems." | | • Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 6 at 2:25-3:1**<br><br>"Further, NAND and DRAM sourced in secondary channels from a third party are often of inferior quality compared to those components procured directly from the manufacturer. It would thus be risky to buy Samsung products from a third party without screening those products ahead of manufacturing and shipment." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and supply channels. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO.<br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and as Netlist's CEO. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | | | knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| | **C.K. Hong Decl. ¶ 6 at 3:1-4**<br><br>"For those Netlist customers who have qualified a given server or storage system to run Samsung NAND and DRAM, it was Samsung and Netlist's mutual understanding that Netlist would obtain the product directly from Samsung. I know this based on communications between Netlist and Samsung." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and direct participation in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | of documents. Fed. R. Evid. 802. | on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 6 at 3:5-10** | Lacks foundation, no basis to assert | • Sufficient foundation to assert based on | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| "Indeed, for Netlist to voluntarily go to a third-party middleman for supply of Samsung NAND and DRAM when Samsung was obligated to provide them directly would make no sense. In addition to the risk of inferior quality, Samsung products sourced from a third-party middleman are priced higher than the same products purchased directly from Samsung. And a third-party middleman is not able to commit to or provide a continuous and stable supply of Samsung products." | personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and supply channels. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | • Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 7 at 3:11-12**<br><br>"For these reasons, after the JDLA was signed, Netlist attempted to fill its entire requirement for Samsung-qualified NAND and DRAM from Samsung." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO and direct participation in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | | | WL 6185241, at *5. | |
| | | | • Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). | |
| | | | • Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |
| | | | • Not hearsay because statements are based on declarant's | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | personal knowledge. | |
| **C.K. Hong Decl. ¶ 8 at 3:13-20** <br><br> "Before the JDLA was signed, Samsung supplied effectively no product to Netlist and the relationship was ad hoc. After the execution of the JDLA, Netlist and Samsung engaged in a course of dealing in which Netlist would make regular requests for NAND and DRAM and Samsung would reasonably comply. For nearly two years following the execution of the JDLA, Samsung sold Netlist millions of dollars worth of products each quarter. In 2016, Netlist purchased approximately $9 million worth | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. <br><br> Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702. <br><br> Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171. <br><br> Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. <br> • Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness | Sustained:\_\_\_\_\_ <br><br> Overruled:\_\_\_\_\_ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| of NAND and DRAM from Samsung. In the first half of 2017 alone, Samsung's supply to Netlist was approximately $16 million." | | testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 9 at 3:21-4:2**<br><br>"The ability to obtain supply from Samsung was crucial to Netlist's ability to service its new customer base. After the execution of the JDLA, Netlist invested heavily in sales and marketing efforts to expand the | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | market for Samsung-based products. Netlist actively promoted its access to Samsung memory chips, building relationships with customers who relied on Netlist's access. Netlist thus built important goodwill with its customers, who relied on Netlist for a supply of Samsung NAND and DRAM for products designed to utilize Samsung memory. In addition, Netlist convinced customers who previously had not had access to Samsung products to qualify server systems with Samsung NAND and DRAM." | on statements by others or his review of documents. Fed. R. Evid. 802. | 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br><br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| **C.K. Hong Decl. ¶ 10 at 4:3-5**<br><br>"In May 2017, Samsung unilaterally and without any prior notice informed Netlist that its allocation would be cut to zero. This meant that Samsung's management made a conscious decision to stop supplying Netlist directly." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Speculations about Samsung's management's intent and decision-making. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| **C.K. Hong Decl. ¶ 10 at 4:5-12** "This was a shocking development for me and the company as the product supply from Samsung was ramping up nicely, the joint development was progressing well, and there was no indication of trouble in the growing partnership. With its enormous market power, over the years I have seen Samsung cease business dealing with large, longtime customers abruptly with no explanation. The difference here is that none of those companies had a comprehensive and binding product supply, joint development, | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. Speculations about Samsung's other customers. Fed. R. Evid. 602. Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702. Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171. Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. <br>• Proper percipient testimony "rationally based on the perception" of the declarant through his decades of experience in the semiconductor industry and direct participation in the JDLA negotiations. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal | Sustained:_____ Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| and license agreement with Samsung; we did." | | observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 10 at 4:12-25**<br><br>"The ramifications to Netlist's business were significant, and it is my understanding they will be the subject of expert reports and testimony. In the quarters after Samsung's zero-allocation decision, Samsung's | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| supply to Netlist of DRAM and NAND dropped by more than two thirds. By the third quarter after this decision, the supply from Samsung trickled to virtually nothing. Because of pre-existing purchase orders, the deliveries from Samsung did not drop to zero immediately. Netlist customers who also invested financial and technical resources to design and build servers that used Samsung memory could no longer be reliably supplied and their investments to qualify Samsung NAND and DRAM products went to waste." | 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant as Netlist's CEO. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). Declaration also makes clear that damages "will be the subject to expert reports and testimony." Declaration ¶ 10.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's | |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | | | personal knowledge. | |
| | **C.K. Hong Decl. ¶ 10 at 4:25-5:4** "For some time following Samsung's decision to cut Netlist's allocation to zero, Netlist did everything in its power to convince Samsung to comply with its supply obligations. Netlist explained to Samsung that its refusal to fulfill Netlist's requests for NAND and DRAM was causing Netlist to lose valuable business opportunities and tarnishing the goodwill Netlist had established with a customer base that had come to rely on Netlist. It implored Samsung sales | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702. Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc., 811 F. App'x at 1007*; F.T.C., 104 F.3d at 1171. Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant as Netlist's CEO. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). Declaration also makes clear that | Sustained:_____ Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| 1 2 | | | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 | management to reverse its decision and provide Netlist with allocation." | | damages "will be the subject to expert reports and testimony." Declaration ¶ 10.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| 18 19 20 21 22 23 24 25 26 27 28 | **C.K. Hong Decl. ¶ 10 at 5:4-9**<br><br>"Within a few weeks of receiving notice of Samsung's allocation decision, Netlist's management flew to Samsung's U.S. headquarters in Silicon Valley and made a presentation on | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| the critical importance of supply continuity. Between the second half of 2017 and the first half of 2018, several additional meetings were held in Korea. Because the supply arrangement with Samsung was so uniquely valuable to Netlist, we did not want to walk away from it." | on statements by others or his review of documents. Fed. R. Evid. 802. | 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. <br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. <br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 10 at 5:9-11** <br><br> "It ultimately became clear, however, that Samsung was not going to change its mind. <br><br> Samsung was simply going to decide unilaterally when, if ever, it would honor its obligations under | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. <br><br> Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702. <br><br> Speculations about Samsung's contractual intent and state of mind. Fed. R. Evid. 602. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife* | Sustained:_____ <br><br> Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | the JDLA to supply Netlist." | Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | *& Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant as a direct participant in the JDLA negotiations and counterparty to Samsung's conduct. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). Declaration also makes clear that damages "will be the subject to expert reports and testimony." Declaration ¶ 10.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 11 at 5:12**<br><br>"After Netlist filed this lawsuit and after the termination of the agreement came into effect, Samsung began to increase the product it was willing to supply to us. But the damage has been done. We lost important customers that we had developed from 2015-2017 for our Samsung-related products business, and our reputation with those customers and others was damaged. Moreover, we were no longer | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant as Netlist's CEO and counterparty to Samsung's conduct. *See* Fed. | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| able to supply predictable quantities of Samsung NAND and DRAM products to many of our customers. And Netlist has no assurance that Samsung will not, as soon as this case ends, again refuse to supply Netlist with product, meaning that this part of our business can again be damaged any time Samsung chooses." | others or his review of documents. Fed. R. Evid. 802. | R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). Declaration also makes clear that damages "will be the subject to expert reports and testimony." Declaration ¶ 10.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 12 at 5:21-27**<br><br>"When Samsung failed to honor its legal obligations and | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning | • Sufficient foundation to assert based on declarant's personal knowledge as | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| fulfill Netlist's orders, Netlist could not supply its customers and lost business opportunities and profits it otherwise would have earned had Samsung performed as required under the JDLA. Netlist lost major customers, and its reputation in the industry was damaged. Samsung's decision to limit Netlist's direct supply of NAND and DRAM prevented Netlist from growing a stable products business. Samsung's refusal to supply caused extreme commercial harm to Netlist." | Netlist's alleged damages. Fed. R. Evid. 702.

Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.

Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.

Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.
• Proper percipient testimony "rationally based on the perception" of the declarant as Netlist's CEO. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). Declaration also makes clear that damages "will be the subject to expert reports and testimony." Declaration ¶ 10.
• Statements based on, and supported by, clear and | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **C.K. Hong Decl. ¶ 13 at 6:1-2**<br><br>"Netlist performed all material obligations it owed to Samsung under the JDLA." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | on the perception" of the declarant as Netlist's CEO. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br><br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |
| **C.K. Hong Decl. ¶ 14 at 6:3-8**<br><br>"Under the JDLA, the parties were to conduct joint development to develop an interface and associated technologies for memory modules and to promote such interface to standards-setting organizations. | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | As part of this effort, Netlist, among other things, spent nearly $10 million in research and development, reported on test results to Samsung, sent Samsung samples, met with Samsung regularly to discuss the results of Netlist's development efforts, and responded to Samsung's inquiries." | 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant as Netlist's CEO and a direct participant in the JDLA negotiations and Netlist's subsequent performance. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| 24<br>25<br>26<br>27<br>28 | **C.K. Hong Decl. ¶ 15 at 6:9-10**<br><br>"The invoices for Netlist's purchase of NAND and DRAM products | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CEO. *See* | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| from Samsung under the JDLA have been paid in full." | supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent C.K. Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | *Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br><br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |

## III.

## OBJECTIONS TO THE DECLARATION OF GAIL SASAKI

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| **Gail Sasaki Decl. ¶ 2 at 1:7-15**<br><br>"Netlist and Samsung Electronics Co., Ltd. ("Samsung") entered into a Joint Development and License Agreement ("JDLA") in November 2015. In Section 3.1 of the agreement, Samsung agreed to 'pay to Netlist eight million United States dollars ($8,000,000) as non-refundable NRE [non-recurring engineering] fees' to compensate Netlist for its development costs under the JDLA. In the next section of the agreement (§ 3.2), Samsung agreed to withhold taxes due or payable to the Korean tax authority only if 'required to do so by applicable law.' Samsung also agreed to 'reasonably cooperate with Netlist in any lawful efforts to claim a credit or refund or exemption with respect | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Sasaki's testimony is offered to prove the alleged contents of the contract, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Sasaki's testimony regarding the JDLA is barred by the rule against hearsay. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CFO and a direct participant in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper lay factual recitation "rationally based on the perception" of the declarant. *See* Fed. R. Evid. 701; | Sustained:____<br><br>Overruled:____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| to any such withholding taxes'." | | *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• The best evidence rule does not apply here because the statements are not being used to prove the content of the JDLA; the JDLA has already been produced in the litigation and offered into evidence.<br>• Not hearsay because statements are based on declarant's personal knowledge as Netlist's CFO. | |
| **Gail Sasaki Decl. ¶ 3 at 1:16-21**<br><br>"After the JDLA was signed, Samsung withheld $1,320,000 of | Lacks foundation, no basis to assert personal | • Sufficient foundation to assert based on declarant's personal | Sustained:____<br><br>Overruled:____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 | the $8,000,000 NRE fee owed to Netlist. This was a shock to us because our understanding was that the NRE fee would not be taxed in Korea. We immediately began working on trying to recover the full fee, including by obtaining a tax opinion from the film Kim & Chang, consulting with international tax accountants, and hiring PricewaterhouseCoopers out of Korea to handle the case for us." | knowledge. Fed. R. Evid. 602. Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171. Hearsay to the extent Sasaki's testimony is based on statements by others or her review of documents. Fed. R. Evid. 802. | knowledge as Netlist's CFO and a direct participant in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. <br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. <br>• Not hearsay because statements are based on declarant's personal | |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| 3 | | | knowledge as Netlist's CFO. | |
| | **Gail Sasaki Decl. ¶ 4 at 1:22-2:28** "For several years, we repeatedly reached out to Samsung for their cooperation in obtaining the over-withheld amount. For example, in December 2015, we wrote a letter to Samsung requesting that the remainder of the non-recurring engineering fees be paid to Netlist because it 'was not subject to [a] royalty withholding tax under the applicable law.' But instead of cooperating with us, Samsung responded that 'Netlist should discuss this matter directly with the NTS,' referring us to the Korean National Tax Service." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. Sasaki's testimony is offered to prove the alleged contents of the referenced document, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.* Sasaki's testimony regarding Netlist's correspondence with Samsung is barred by the rule against hearsay. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CFO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. • The best evidence rule does not apply here because the statements are not being used to prove the content of the correspondence between Netlist and Samsung; the correspondence | Sustained:____ Overruled:____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | has already been produced in the litigation and offered into evidence.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| **Gail Sasaki Decl. ¶ 5 at 2:1-7**<br><br>"In September 2019, PricewaterhouseCoopers on behalf of Netlist 'request[ed] that [Samsung] submit Samsung's Q&A to the [Korean National Tax Service] on the basis that the $8 million is an NRE payment not a license fee and that [Samsung] stick to the factual background.' Samsung responded that 'our company believes that we should reply to the Korean National Tax Service to the effect that the nature of the agreement was viewed as [a] license and tax was withheld accordingly.'" | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Sasaki's testimony is offered to prove the alleged contents of the referenced document, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Sasaki's testimony regarding Netlist's correspondence with Samsung is | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CFO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• The best evidence rule does not apply here because | Sustained:____<br><br>Overruled:____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | | barred by the rule against hearsay. Fed. R. Evid. 802. | the statements are not being used to prove the content of the September 2019 correspondence; that correspondence has already been produced in the litigation and offered into evidence.<br>• Not hearsay because statements are based on declarant's personal knowledge. | |
| | **Gail Sasaki Decl. ¶ 6 at 2:8-10**<br><br>"Instead of stating that the $8,000,000 owed to Netlist was a non-recurring engineering fee as specified in the JDLA and as we requested, Samsung advocated to the Korean National Tax Service that the fee was actually a patent royalty payment." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CFO and a direct participant in the JDLA negotiations. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 | Sustained:____<br><br>Overruled:____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent Sasaki's testimony is based on statements by others or her review of documents. Fed. R. Evid. 802. | F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper lay factual recitation "rationally based on the perception" of the declarant. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103- | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | 04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge as Netlist's CFO. | |
| **Gail Sasaki Decl. ¶ 7 at 2:11-14**<br><br>"On November 17, 2020, the Korean Tax Tribunal rejected Samsung's arguments, finding that the $8,000,000 NRE fee owed to Netlist under the JDLA was not a patent royalty payment. In other words, it found that the NRE was not taxable in Korea and Samsung's withholding was not required." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of the alleged rulings by the Korean Tax Tribunal. Fed. R. Evid. 702.<br><br>Hearsay because her testimony is based on statements by the Korean Tax Tribunal and/or her review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CFO. *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper lay factual recitation "rationally based on the perception" of | Sustained:____<br><br>Overruled:____ |

- 47 -

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | the declarant. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Statements based on declarant's personal knowledge as Netlist's CFO; not hearsay. | |
| **Gail Sasaki Decl. ¶ 8 at 2:15-19**<br><br>"Netlist suffered harm as a direct result of Samsung's wrongful tax withholding and refusal to cooperate with Netlist | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's CFO. | Sustained:____<br><br>Overruled:____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | in securing its full payment, including because Netlist was not able to use nearly 20% of the NRE fee for five years and expended significant costs, resources, and effort in recovering the over-withheld amount." | Improper lay opinion concerning Netlist's alleged damages. Fed. R. Evid. 702.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; *F.T.C.,* 104 F.3d at 1171. | *See Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper lay factual recitation "rationally based on the perception" of the declarant. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• Statements based on, and supported by, clear and | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. | |

## IV.

## OBJECTIONS TO THE DECLARATION OF PAIK KI HONG

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| **Paik Ki Hong Decl. ¶ 3 at 1:11-15**<br><br>"Netlist and Samsung entered into a Joint Development and License Agreement ("JDLA") in November 2015 in which Samsung agreed to supply NAND and DRAM to Netlist at Netlist's request and at a competitive price. After signing the JDLA, Samsung routinely supplied Netlist's needs for Samsung NAND and DRAM | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of contract. Fed. R. Evid. 702.<br><br>Paik Ki Hong's testimony is offered to prove the alleged contents of the contract, but the document itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq.*<br><br>Paik Ki Hong's testimony | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's COO, including personal involvement in the procurement of NAND and DRAM from Samsung and in the secondary market. *See* Paik Ki Hong Declaration ¶ 2; *Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| 1<br>2 | | | | |
| 3 | products per Netlist's requests." | regarding the JDLA is barred by the rule against hearsay. Fed. R. Evid. 802. | F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Proper lay factual recitation "rationally based on the perception" of the declarant. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701).<br>• The best evidence rule does not apply here because the statements are not being used to prove the content of the JDLA; the JDLA has | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | already been produced in the litigation and offered into evidence.<br>• Statements based on declarant's personal knowledge as Netlist's COO; not hearsay. | |
| **Paik Ki Hong Decl. ¶ 3 at 1:15-18**<br><br>"Overall, our orders and fulfillment by Samsung went smoothly, and continued to increase rapidly throughout 2016 and 2017. During this period, Samsung reasonably complied with our requests and delivered supply consistent with our forecasts and purchase orders, despite periods of chip shortages." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's COO, including personal involvement in the procurement of NAND and DRAM from Samsung and in the secondary market. *See* Paik Ki Hong Declaration ¶ 2; *Barthelemy,* 897 F.2d at 1018; *Self-Realization Fellowship Church,* 206 F.3d at 1322; | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| 3 | | | *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. | |

• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.

• Statements based on declarant's personal knowledge as Netlist's COO and personal involvement in the procurement of NAND and DRAM from Samsung and in the secondary market, *see* Paik Ki Hong Declaration ¶ 2; not hearsay.

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| **Paik Ki Hong Decl. ¶ 3 at 1:19-21**<br><br>"But in May 2017, Samsung suddenly stopped agreeing to support our NAND and DRAM product requests and started refusing to allow Netlist to submit purchase orders for such products." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's COO, including personal involvement in the procurement of NAND and DRAM from Samsung. *See* Paik Ki Hong Declaration ¶ 2; *Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Statements based on, and supported by, clear and specific facts and personal | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Statements based on declarant's personal knowledge as Netlist's COO and personal involvement in the procurement of NAND and DRAM from Samsung, *see* Paik Ki Hong Declaration ¶ 2; not hearsay. | |
| **Paik Ki Hong Decl. ¶ 4 at 1:22-2:2**<br><br>"Before Samsung unilaterally informed Netlist that its allocation would be cut to zero in May 2017, the purchase process generally worked as follows: On a regular basis, Netlist would provide Samsung with forecasts | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171. | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's COO, including personal involvement in the procurement of NAND and DRAM from Samsung. *See* Paik Ki Hong | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| showing the amount of Samsung product it would need going forward. Our forecasts were detailed and included line items with particular SKU numbers, volumes, and delivery dates for the amount of Samsung NAND and DRAM we required based on specific customer needs. Samsung would then allow us to place purchase orders consistent with our forecasts. Thus, for nearly two years, Samsung reasonably complied with our requests and delivered supply consistent with our forecasts and purchase orders." | Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of documents. Fed. R. Evid. 802. | Declaration ¶ 2; *Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5.<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Statements based on declarant's personal knowledge as Netlist's COO and personal involvement in the procurement of | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | NAND and DRAM from Samsung, *see* Paik Ki Hong Declaration ¶ 2; not hearsay. | |
| **Paik Ki Hong Decl. ¶ 5 at 2:3-15**<br><br>"The process changed in the second quarter of 2017 when Samsung repudiated its supply obligation. Samsung began to refuse to supply us outright and/or would cancel purchase orders. In particular, after we provided our forecasts, Samsung indicated that it was only willing to fulfill a very limited number of line items, which was substantially less than the quantity we had forecasted and not in compliance with Samsung's supply obligation. We were then forced to place a far more | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion and interpretation of Samsung's "supply obligations" under the JDLA. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony is based on statements by others or his review of | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's COO, including personal involvement in the procurement of NAND and DRAM from Samsung. *See* Paik Ki Hong Declaration ¶ 2; *Barthelemy*, 897 F.2d at 1018; *Self-Realization Fellowship Church*, 206 F.3d at 1322; *Sea-Land Serv.*, 285 F.3d at 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at *5. | Sustained:_____<br><br>Overruled:_____ |

| | EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|---|
| | limited purchase order per Samsung's response that limited the quantity of product we could order. If Samsung followed through on our purchase order at all, it would deliver the limited amount of NAND and DRAM products we were allowed to submit an order for. Moreover, Samsung frequently failed to follow through even on the purchase orders it had approved (the ones with the quantity already limited by Samsung that were already not in compliance with Samsung's supply obligation) and instead required Netlist to cancel purchase orders it had already placed." | documents. Fed. R. Evid. 802. | • Proper lay factual recitation "rationally based on the perception" of the declarant. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (lay witness testimony "based upon personal observation" permissible under Rule 701). <br> • Statements based on, and supported by, clear and specific facts and personal knowledge. *See Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902. <br> • Not hearsay because statements are based on declarant's personal knowledge as | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| | | Netlist's COO and personal involvement in the procurement of NAND and DRAM from Samsung. *See* Paik Ki Hong Declaration ¶ 2. | |
| **Paik Ki Hong Decl. ¶ 6 at 2:16-3:3**<br><br>"Netlist only purchased Samsung NAND and DRAM on the secondary market from sellers other than Samsung when Samsung refused to fulfill our requests. That is because, among other reasons, Samsung products sourced from a third-party middleman cost more than the same products purchased directly from Samsung, are often of inferior quality, and take significantly more time, effort, and logistical | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module supply channels. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.,* 811 F. App'x at 1007; F.T.C., 104 F.3d at 1171.<br><br>Hearsay to the extent Paik Ki Hong's testimony | • Sufficient foundation to assert based on declarant's personal knowledge as Netlist's COO, including personal involvement in the procurement of NAND and DRAM from Samsung and in the secondary market. *See* Paik Ki Hong Declaration ¶ 2; *Barthelemy,* 897 F.2d at 1018; *Self-Realization Fellowship Church,* 206 F.3d at 1322; *Sea-Land Serv.,* 285 F.3d at | Sustained:_____<br><br>Overruled:_____ |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| coordination by Netlist to procure. For example, it is nearly impossible for a single third-party middleman to supply 1,000 pieces of Samsung product in a single purchase. Thus, if Samsung refused to fulfill an order for 1,000 pieces of product, Netlist was forced to try and cover the shortfall from multiple different suppliers. This required substantially more involvement and investment from my team and me than if we were dealing with a single stable supplier because we had to now identify multiple suppliers, deal with invoices from multiple suppliers, coordinate logistics with multiple suppliers, and pay separate shipping costs for | is based on statements by others or his review of documents. Fed. R. Evid. 802. | 819; *Jordan*, 644 F. Supp. 2d at 1175; *Int'l Knife & Saw, Inc.*, 2013 WL 6185241, at \*5.<br>• Proper percipient testimony "rationally based on the perception" of the declarant and based on extensive experience in the industry. *See* Fed. R. Evid. 701; *Beck*, 418 F.3d at 1015 (holding that a lay witness's testimony is rationally based within the meaning of Rule 701 where it is "based upon personal observation").<br>• Statements based on, and supported by, clear and specific facts and personal knowledge. *See* | |

| EVIDENCE | BASIS OF OBJECTION | NETLIST RESPONSE | RULING |
|---|---|---|---|
| multiple shipments—all in addition to paying higher prices than if we had been able to purchase Samsung NAND and DRAM directly from Samsung as agreed. And even then, Netlist was often unable to find sufficient quantities of Samsung product on the secondary market." | | *Shumway*, 199 F.3d at 1103-04; *Rodriguez*, 265 F.3d at 902.<br>• Not hearsay because statements are based on declarant's personal knowledge as Netlist's COO and personal involvement in the procurement of NAND and DRAM from Samsung and in the secondary market. *See* Paik Ki Hong Declaration ¶ 2. | |

Dated: Septmber 6, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7101
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.