1  Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
2  Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
3  David I. Hurwitz - State Bar No. 174632
    dhurwitz@birdmarella.com
4  Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
5  Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
6  Jong-min Choi - State Bar No. 329474
    jmchoi@birdmarella.com
7  Joyce J. Choi - State Bar No. 256165
    jchoi@birdmarella.com
8  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
9  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
10 Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

Attorneys for Defendant
Samsung Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO PLAINTIFF NETLIST INC.'S OBJECTIONS TO SAMSUNG'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed Concurrently with:<br>(1) Defendant's Reply Brief ISO Motion for Summary Judgment Defendant's; (2) Reply to Plaintiff's Statement of Genuine Disputes of Material Fact and (3) Request for Judicial Notice]<br><br>Date: September 20, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 7C<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3745637.1

SAMSUNG'S RESPONSES TO PLAINTIFF NETLIST'S OBJECTIONS TO SAMSUNG'S EVIDENCE

1  Defendant Samsung Electronics Co., Ltd. ("Samsung") hereby responds to
2  Plaintiff Netlist Inc.'s ("Netlist") Evidentiary Objections to Samsung's Evidence in
3  Support of its Motion for Summary Judgment as follows:

| Submitted Material | Netlist's Objections | Samsung's Response | Ruling |
|---|---|---|---|
| **Choi Decl. Ex. 2 (Paik Ki Hong Dep.) at 13:10-20**<br><br>Q And so I'm just asking, and I get that, and by the way, I don't have a chart, I'm be totally open, but in a given year, given what you know about Netlist's overall purchase -- purchases in a year, what would be considered a large year, if you have an estimate, and if you don't, that's fine?<br><br>MR. LAMAGNA: Form.<br><br>THE WITNESS: So not an exact number, but during that time period, I – you know, maybe a hundred million is -- approximately, something, and that would be large. | 1. Vague—it is unclear if the question refers to Netlist's overall purchases or purchases from Samsung.<br><br>2. Lack's Foundation—questioner did not establish that witness knew the totals for prior purchases.<br><br>3. Calls for speculation—the witness was not shown the data produced to Samsung but essentially asked to guess as to purchase totals. See FRE 701. | 1. It is not vague because the immediately preceding line of questions and answers made clear the subject of this discussion was Netlist's purchases from Samsung. Choi Decl. Ex. 2 (Paik Ki Hong Dep.) at 11:21-13:9.<br><br>2. Paik Ki Hong is Netlist's 30(b)(6) designee on the topic of Netlist's purchases from Samsung. Prior to and at the beginning of his deposition, his personal and institutional knowledge on this subject had already been established. Choi Decl. Ex. 2 (Paik Ki Hong Dep.) at 11:1-12:3 (20 years of involvement with Netlist's purchases from Samsung); Ex. 43 (Paik Ki Hong Decl.) at ¶ 2 (he personally conducted and oversaw Netlist's procurements of Samsung products).<br><br>3. The question does | Sustained<br>_____<br><br>Overruled<br>_____ |

3745637.1

SAMSUNG'S RESPONSES TO PLAINTIFF NETLIST'S OBJECTIONS TO SAMSUNG'S EVIDENCE

| | | | |
|---|---|---|---|
| | | not call for speculation. The witness was asked to provide his estimate based on his 20-year experience of handling Netlist's purchases from Samsung. *See Carrillo v. Schneider Logistics Trans-Loading & Distribution, Inc.*, No. 2:11-CV-8557-CAS DTB, 2014 WL 172516, at *2 (C.D. Cal. Jan. 14, 2014) (asking for deponent's best estimate based on his personal knowledge not objectionable). | |
| **Choi Decl. Ex. 2 (Paik Ki Hong Dep.) at 53:4-10**<br><br>Q So I take that at least during the time frame mentioned in paragraph four, you believe Samsung was abiding by its supply obligations?<br><br>MR. LAMAGNA: Form.<br><br>THE WITNESS: The support -- the answer – the -- the -- during that period, Samsung was fulfilling orders, fulfilling our requests. | 1. Calls for legal conclusion and speculation (as to scope of supply obligation). See FRE 701. | Paik Ki Hong's testimony is neither speculative nor is it offering an opinion on what constitutes compliance with contractual obligations under the applicable law. His testimony recounts his personal knowledge regarding what he had already testified to in his declaration. Choi Decl. Ex. 2 (Paik Ki Hong Dep.) at 52:21-53:10; Ex. 43 (Paik Ki Hong Decl.) at ¶ 4 (testifying that "fulfillment by Samsung went smoothly and continued to increase rapidly throughout | Sustained<br>_____<br><br>Overruled<br>_____ |

| | | | |
|---|---|---|---|
| | | 2016 and into 2017"). | |

DATED: September 6, 2021

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _/s/ Ekwan E. Rhow_
Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.