Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
David I. Hurwitz - State Bar No. 174632
    dhurwitz@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
    jmchoi@birdmarella.com
Joyce J. Choi - State Bar No. 256165
    jchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed Concurrently with:<br>(1) Defendant's Reply Brief ISO Motion for Summary Judgment Defendant's; (2) Reply to Plaintiff's Statement of Genuine Disputes of Material Fact and (3) Defendant's Responses to Plaintiff's Objections to Samsung's Evidence in Support of its Motion for Summary Judgment]<br><br>Date: September 20, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 7C<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3746232.1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure and Rule 201 of the Federal Rules of Evidence, Defendant Samsung Electronics Co., Ltd. ("Samsung") files this request for judicial notice of documents referenced in its Reply Brief In Support of Motion for Summary Judgment. These documents are attached as exhibits hereto. All documents are properly subject to judicial notice.

**Exhibit A** is a true and correct copy of Article 45-2 of Korean Framework Act on National Taxes, as amended by Act No. 7008 on December 30, 2003. No case in Korea since 2003 has held that a taxpayer may bring action against the withholding entity alleging wrongfully withheld taxes. This exhibit is subject to judicial notice because it is an excerpt from the official English versions of the relevant Korean statutes, publicly accessible on a database maintained by the Government of the Republic of Korea. When ruling on issues of foreign law, courts may "consider any relevant material or other source . . . whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. The accuracy of these documents can be accurately and readily determined, as they are official English versions of the statutes publicly available on the official website of the Korean Law Information Center maintained by the Korean Ministry of Government Legislation, an agency of the Republic of Korea Government. *See* Fed. R. Evid. 201(b)(2).

**Exhibit B** is a true and correct copy of a certified translation of a Korean Supreme Court decision. This exhibit is subject to judicial notice because it is a certified translation of a published case of the Korean Supreme Court. At any case, for reasons described above, the Court may consider any material regardless of admissibility.

| | | |
|---|---|---|
| DATED: September 6, 2021 | | Ekwan E. Rhow |
| | | Marc E. Masters |
| | | David I. Hurwitz |
| | | Kate S. Shin |
| | | Christopher J. Lee |
| | | Jong-min Choi |
| | | Joyce J. Choi |
| | | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. |

By: _____/s/ Ekwan E. Rhow_____
   Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.

3746232.1

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

법령, 판례 등 모든 법령정보를 한 번에 검색 OK!

# FRAMEWORK ACT ON NATIONAL TAXES

[Enforcement Date 31. Dec, 2003.] [Act No.7032, 31. Dec, 2003., Amendment by Other Act]

기획재정부 (조세법령운용과)044-215-4151



법제처  국가법령정보센터

www.law.go.kr

2021.09.07

「FRAMEWORK ACT ON NATIONAL TAXES」

# FRAMEWORK ACT ON NATIONAL TAXES

[Enforcement Date 31. Dec, 2003.] [Act No.7032, 31. Dec, 2003., Amendment by Other Act]

기획재정부(조세법령운용과) 044-215-4151

**Article 45-2 (Request for Rectification, etc.)** (1) Any person who has filed the tax base return within the legal return term, may request from the head of the competent tax office a decision or rectification of the tax base and tax amount (in cases where the decision or rectification is made pursuant to the provisions of tax Acts, it refers to the tax base and tax amount after such decision or rectification is made) of the national tax that is first returned and is returned after being amended within two years at the expiration of the legal return term, in the following cases: <Amended by Act No. 6303, Dec. 29, 2000; Act No. 7008, Dec. 30, 2003>

1. Where the tax base and tax amount entered in the tax base return (referred to the tax base and amount after the decision or rectification is made, if such decision or rectification is made pursuant to the provisions of tax laws), exceed those to be returned under the tax Acts; and
2. Where the deficit amount or refundable tax amount entered in the tax base return (referred to the deficit amount or refundable tax amount after the decision or rectification is made, if such decision or rectification is made pursuant to the provisions of tax Acts), is short of the deficit amount or refundable tax amount to be returned under the tax Acts.

(2) Any person who has filed the tax base return within the legal return term, or who has the tax base and amount of the national tax decided upon, may request the decision or rectification within two months from the date of knowing that the cause has occurred, regardless of the period as referred to in paragraph (1) above, in the following cases: <Amended by Act No. 6303, Dec. 29, 2000>

1. Where the transaction or act, etc. which is the ground of calculation of the tax base and amount in the initial return, decision or rectification, becomes a different one by a final judgment (including any reconciliation or other act having the same effect as the judgment) in the lawsuit against it;
2. Where there is decision or rectification converting the ownership of the income or other taxable object to a third person;
3. Where the mutual agreement which is made under a tax treaty is carried out differently from the contents of the initial return, decision or rectification;
4. Where the tax base and amount of the national tax returned initially for the taxable period other than that which is the object of the decision or rectification, exceed the tax base and amount to be returned under the tax Acts, due to such decision or rectification; and
5. Where the cause similar to those as referred to in subparagraphs 1 through 4 above, and as prescribed by the Presidential Decree, occurs after the legal return term of the national tax expires.

(3) The head of tax office shall, upon receiving a request for the decision or rectification under paragraphs (1) and (2), decide or rectify the tax base and amount, or notify the person making the request of the fact that there is no reason to make any decision or rectification, within two months after he receives such request.

(4) The provisions of paragraphs (1) through (3) shall apply mutatis mutandis to any earner of the income falling under subparagraphs 1
through 8 of Article 73 (1) of the Income Tax Act (hereafter in this
paragraph and Article 52 referred to as the "salary income earner, etc.") if he falls under any of the following subparagraphs. In this case, "any person who files his tax base return within the legal return term" in the provisions with the exception of each subparagraph of paragraphs (1) and (2) shall be deemed "the person liable to withhold the income tax at source or the income earner, etc. who submits his payment record within the fixed submission deadline in accordance with Article 164 of the Income Tax after paying his income tax through the year-end adjustment of his income tax or withholding his income tax at source, "after the lapse of the legal return deadline" in the provisions with the exception of each subparagraph of paragraph (1) shall be deemed "after the lapse of the legal payment deadline for the tax amount of year-end adjustment or the amount of the tax withheld at source", the "tax base and the tax amount entered in the tax base return" shall be deemed the "tax base and the tax amount entered in the receipt of the tax withheld at source" and the "loss amount or the refunded amount entered in the tax base return" in paragraph (1) 2 shall be deemed the "refunded tax amount en tered in the receipt of the tax withheld at source", respectively: <Newly Inserted by Act No. 7008, Dec. 30, 2003>

 법제처

2

🇰🇷국가법령정보센터

「FRAMEWORK ACT ON NATIONAL TAXES」

1. Where any person who is liable to withhold taxes at source pays his income tax as a result of his year-end adjustment made in accordance with Articles 137, 138, 143-4 and 144-2 of the Income Tax Act and submits his payment record within the submission deadline in accordance with Article 164 of the same Act; and
2. Where any person who is liable to withhold taxes at source pays his income tax that is collected at source in accordance with Article 146 of the Income Tax Act and submits his payment record within the submission deadline in accordance with Article 164 of the same Act.
(5) Matters necessary for the request for decision or rectification and the procedure of notification thereof, shall be determined by the Presidential Decree.
[This Article Newly Inserted by Act No. 4810, Dec. 22, 1994]

# EXHIBIT B

Supreme Court of Korea, Decision 96-*do*-2825, announced on Feb. 28, 1997 [Obstruction of Performance of Official Duties by Fraudulent Means·Dereliction of Duty]

| Matters to be Adjudicated |
|---|
| [1] The meaning of "fraudulent means" as a requirement to constitute a crime of obstruction of performance of official duties by fraudulent means<br>[2] Where an applicant receives a disposition of authorization or permit by submitting false reasons or false documents of substantiation, will it constitute a crime of obstruction of performance of official duties by fraudulent means (negative)<br>[3] Where a public servant responsible for reviewing the application knows that the reasons for application are false, he nonetheless obtains approval from the person with authorization powers, will it constitute a crime of obstruction of performance of official duties by fraudulent means (affirmative)<br>[4] Relationship between the crime of obstruction of performance of official duties by fraudulent means and the crime of dereliction of duty |

| Gist of the Decision |
|---|
| [1] In a crime of obstruction of performance of official duties by fraudulent means, the term "fraudulent means" refers to an act of accomplishing what is aimed by the actor by causing someone else to fall into misrecognition, inadvertent misunderstanding, or absence of awareness and taking advantage of said misrecognition, inadvertent misunderstanding, or absence of awareness. As such, if the other person is led accordingly to perform a wrong act or disposition, it constitutes the said crime.<br>[2] Where an administrative agency performs a disposition of authorization or permit, it reviews and decides whether to grant authorization or permit under the premise that there exist instances where the reasons for application are not in comport with facts. Therefore, if the administrative agency grants authorization or permit casually trusting the false reasons for application or false documents of substantiation submitted by the applicant without sufficiently verifying the facts, this is caused by insufficient review of the administrative agency, not by the fraudulent means of the applicant, so it does not constitute a crime of obstruction of performance of official duties by fraudulent means.<br>[3] Where a public servant responsible for reviewing the application knows that the reasons for application are false, he nonetheless causes the person with authorization powers to fall into misrecognition, inadvertent misunderstanding, or absence of awareness, and obtains approval in favor of authorizing the disposition of authorization or permit, unlike in the case of false reasons for application or false documents of substantiation submitted by the applicant, it is fair to say that it is no longer possible to expect appropriate review on the application, and hence such an act falls under the case of obstruction of performance of official duties by fraudulent means. Therefore, it constitutes a crime of obstruction of performance of official duties by fraudulent means.<br>[4] Where the accused defendant knew that the applicant was not in a position to obtain a fishing license, but he did not take an appropriate action in accordance with his obligation under the official duties, and rather, he had his subordinate prepare a draft for processing the fishing license, granted intermediate approval thereof, and otherwise relied upon fraudulent means to eventually obtained the final authorization from Director General of the Department of Agriculture and Fisheries, it is fair to say that the wrongful state of violation of job duty is included in the act of obstruction of performance of official duties by fraudulent means. As such, in these cases, it constitutes a crime of obstruction of |

| |
|---|
| performance of official duties by fraudulent means as a crime of commission and it does not separately constitute a crime of dereliction of duty as a crime of omission. |

| |
|---|
| Legal Provisions Consulted |
| [1] Article 137 of Penal Code; [2] Article 137 of Penal Code; [3] Article 137 of Penal Code; [4] Articles 122 and 137 of Penal Code |

| |
|---|
| Precedent Decisions Consulted |
| [1] Supreme Court of Korea, Decision 83-*do*-1864 (Court Records 1983, 1634), announced on Sept. 23, 1983; Supreme Court of Korea, Decision 94-*do*-2990 (Court Records 1995 Vol. I, 2143), announced on May 9, 1995 |
| [2] Supreme Court of Korea, Decision 75-*do*-324 (Court Records 1975, 8635), announced on July 8, 1975; Supreme Court of Korea, Decision 82-*do*-2207 (Court Records 1983, 318), announced on Dec. 14, 1982; Supreme Court of Korea, Decision 87-*do*-2079 (Court Records 1988, 966), announced on May 10, 1988; Supreme Court of Korea, Decision 88-*do*-709 (Court Records 1989, 324), announced on Jan. 17, 1989 |
| [4] Supreme Court of Korea, Decision 71-*do*-1176 (Court Compendium 19-2, Criminal 77), announced on Aug. 31, 1971; Supreme Court of Korea, Decision 72-*do*-722 (Court Compendium 20-2, Criminal 14), announced on May 9, 1972; Supreme Court of Korea, Decision 92-*do*-3334 (Court Records 1994 Vol. I, 582), announced on Dec. 24, 1993; Supreme Court of Korea, Decision 96-*do*-51 (Court Records 1996 Vol. II, 1941), announced on May 10, 1996 |

| | |
|---|---|
| Defendant | Defendant |
| Appellant | Defendant and Prosecutor |
| Counsel | KANG JU O LAW OFFICE; handled by Attorney Yeon Cheol Park and 4 other attorneys |
| Court of First Instance | Jeonju District Court Decision 95-*no*-416, announced on Oct. 10, 1996 |

## HOLDINGS

Appeal to the Supreme Court is entirely dismissed.

## REASONS

Reasons for the appeal to the Supreme Court are judged.

1. In respect of the defense counsel's reasons for the appeal to the Supreme Court

A. Regarding Reason 1 and Reason 3

According to the reasons for the decision by the court of first instance, said court meted out a penal punishment citing a crime of obstruction of performance of official duties by fraudulent means. In doing so, said court recognized these facts: the defendant was the head of Fisheries Section of Jeollabuk-do Provincial Office, and as such, he was responsible for handling fishing licenses. The defendant was solicited by Non-Indicted Person 2, an employee at Fisheries Section of Jeollabuk-do Provincial Office, who was asked by Non-Indicted Person 1 to do a favor for Non-Indicted Person 1, to allow issuance of fishing license for the boat of Non-Indicted Person 1 who merely had a boat certificate, but not the boat itself. After accepting the solicitation, the defendant instructed Non-Indicted Person 3, the working-level person responsible for handling fishing licenses, to prepare a draft for processing the fishing license without carrying out an on-site due diligence, such as verification of the actual boat, etc., that was required for issuing a fishing license, thereby causing said employee to actually create a draft for processing the fishing license, and the defendant himself granted intermediate approval thereof, and obtained the final authorization from the Director General of the Department of Agriculture and Fisheries, who was not aware of what was transpiring, and had the license issued in the name of the Governor of Jeollabuk-do Province.

In light of the records we examined, the first-instance court's recognition of facts is justified since it does not involve any wrongdoing of violating the rule of evidence adoption, nor a wrongdoing of failure to perform complete and exhaustive hearing. Therefore, we cannot accept the reason for its appeal citing it.

On another note, in a crime of obstruction of performance of official duties by fraudulent means, the term, "fraudulent means," refers to an act of accomplishing what is aimed by the actor by causing someone else to fall into misrecognition, inadvertent misunderstanding, or absence of awareness and taking advantage of said misrecognition, inadvertent misunderstanding, or absence of awareness. As such, if the other person is accordingly led to perform a wrong act or disposition, it constitutes the said crime (See Supreme Court of Korea, Decision 83-*do*-1864, announced on Sept. 27, 1983; Supreme Court of Korea, Decision 94-*do*-2990, announced on May 9, 1995, and other similar decisions). Yet, where an administrative agency performs a disposition of authorization or permit, it reviews and decides whether to grant authorization or permit under the premise that there exist instances where the reasons for application are not in comport with facts. Therefore, if the administrative agency grants authorization or permit casually trusting the false reasons for application or false documents of substantiation submitted by the applicant without sufficiently verifying the facts, it is caused by insufficient review of the administrative agency, not by the fraudulent means of the applicant, so it does not constitute a crime of obstruction of performance of official duties by fraudulent means (See Supreme Court of Korea, Decision 75-*do*-324, announced on July 8, 1975; Supreme Court of Korea, Decision 88-*do*-709, announced on Jan. 17, 1989, and other similar decisions).

But, as in this case, where a public servant responsible for reviewing the application knows that the reasons for application are false, he nonetheless causes the person with authorization powers to fall into misrecognition, inadvertent misunderstanding, or absence of awareness, and obtains approval in favor of authorizing the disposition of authorization or permit, unlike in the case of false reasons for application or false documents of substantiation submitted by the applicant, it is fair to say that it is no longer possible to expect appropriate review on the application, and henceforth, we cannot but say that such an act falls under the case of obstruction of performance of official duties by fraudulent means. The court of first instance followed the legal principles described above in meting out a penal punishment citing a crime of obstruction of performance of official duties by fraudulent means. As such, it does not involve any misunderstanding of legal principles with respect to the crime of obstruction of performance of official duties by fraudulent means. Therefore, we cannot accept the reason for its appeal citing it.

B. Regarding Reason 2 and Reason 4

In respect of the facts of indictment with respect to the dereliction of duty and the obstruction of performance of official duties by fraudulent means, the court of first instance judged that the wrongful state of dereliction of duty was already included in the crime of obstruction of performance of official duties by fraudulent means, and consequently, said court meted out the punishment resulting solely from the crime of obstruction of performance of official duties by fraudulent means. Therefore, even if said court wrongfully misunderstood the legal principles in relation to the crime of dereliction of duty in stating the reason why it does not constitute the crime of dereliction of duty, as pointed out by the defendant in its reasons for appeal to the Supreme Court, the defendant is not in a position to put forth the wrongdoing as a lawful reason for its appeal to the Supreme Court. With respect to other reasons for the appeal to the Supreme Court, the point of unfair degree of punishment cannot be a lawful reason for appeal to the Supreme Court given that the punishment is less than 10 years in this case. Therefore, we cannot accept any of the reason for its appeal citing it.

2. In respect of the reason for prosecution's appeal to the Supreme Court

Where the accused defendant knew that the applicant was not in a position to obtain a fishing license, but he did not take an appropriate action in accordance with his obligation under the official duties, and rather, he had his subordinate prepare a draft for processing the fishing license, granted intermediate approval thereof, and otherwise relied upon fraudulent means to eventually obtain the final authorization from Director General of the Department of Agriculture and Fisheries, it is fair to say that the wrongful state of violation of job duty is included in the act of obstruction of performance of official duties by fraudulent means. As such, in these cases, it is fair to say that it constitutes a crime of obstruction of performance of official duties by fraudulent means as a crime of commission, and it does not separately constitute a crime of dereliction of duty as a crime of omission (See Supreme Court of Korea, Decision 71-*do*-1176, announced on Aug. 31, 1971; Supreme Court of Korea, Decision 72-*do*-722, announced on May 9, 1972; Supreme Court of Korea, Decision 96-*do*-51, announced on May 10, 1996, and other similar decisions). The court of first instance judged to the same effect, and as such, there does not exist unlawful misunderstanding the legal principles with respect to concurrent and additional imposition of the crime of dereliction of duty. Therefore, we cannot accept the reason for its appeal citing it.

3. Therefore, we unanimously decide to dismiss both the appeals requested, respectively, by the defendant and the prosecutor, and it is so decided as indicated in the holdings.

| | | |
|---|---|---|
| Presiding Justice | Justice | Joon Seo Park |
| | Justice | Man Ho Park |
| | Justice | Hyung Seon Kim |
| Main Hearing Justice | Justice | Yong Hoon Lee |

# CERTIFICATION OF TRANSLATION

# and

# DECLARATION

State of California        )
                           )        S. S.
Los Angeles County         )

      I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated <u>Supreme Court of Korea, Decision 96-do-2825</u> from Korean to English and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.

**<u>Description of Translated Documents</u>**

<u>Supreme Court of Korea, Decision 96-do-2825, announced on Feb. 28, 1997
[Obstruction of Performance of Official Duties by Fraudulent Means · Dereliction of Duty]</u>

Executed on September 6, 2021

*[signature]*

Soomi Ko
California State Certified Court Interpreter
#300732
(213) 999-7848(Cell)
soomi@komartin.com
www.komartin.com

Ko & Martin Certified Interpreters and Translators
Specializing in Korean and Chinese Languages

KO & MARTIN Certified Interpreters and Translators www.komartin.com  (213) 999-7848

대법원 1997. 2. 28. 선고 96도2825 판결 [위계공무집행방해·직무유기]

| 판시사항 |
|---|
| [1] 위계공무집행방해죄의 성립요건인 '위계'의 의미 |
| [2] 출원자가 허위의 출원사유나 허위의 소명자료를 제출하여 인·허가처분을 받은 경우, 위계공무집행방해죄의 성부(소극) |
| [3] 심사담당 공무원이 출원사유가 허위임을 알면서도 위계에 의한 방법으로 결재권자의 결재를 받아낸 경우, 위계공무집행방해죄의 성부(적극) |
| [4] 위계공무집행방해죄와 직무유기죄의 관계 |

| 판결요지 |
|---|
| [1] 위계에 의한 공무집행방해죄에 있어서 위계라 함은 행위자의 행위목적을 이루기 위하여 상대방에게 오인, 착각, 부지를 일으키게 하여 그 오인, 착각, 부지를 이용하는 것을 말하는 것으로 상대방이 이에 따라 그릇된 행위나 처분을 하였다면 이 죄가 성립된다. |
| [2] 행정관청이 출원에 의한 인·허가처분을 함에 있어서는 그 출원사유가 사실과 부합하지 아니하는 경우가 있음을 전제로 하여 인·허가할 것인지 여부를 심사결정하는 것이므로, 행정관청이 사실을 충분히 확인하지 아니한 채 출원자가 제출한 허위의 출원사유나 허위의 소명자료를 가볍게 믿고 인가 또는 허가를 하였다면, 이는 행정관청의 불충분한 심사에 기인한 것으로서 출원자의 위계에 의한 것이었다고 할 수 없어 위계에 의한 공무집행방해죄를 구성하지 않는다. |
| [3] 출원에 대한 심사업무를 담당하는 공무원이 출원인의 출원사유가 허위라는 사실을 알면서도 결재권자로 하여금 오인, 착각, 부지를 일으키게 하고 그 오인, 착각, 부지를 이용하여 인·허가처분에 대한 결재를 받아낸 경우에는 출원자가 허위의 출원사유나 허위의 소명자료를 제출한 경우와는 달리 더 이상 출원에 대한 적정한 심사업무를 기대할 수 없게 되었다고 할 것이어서 그와 같은 행위는 위계로써 결재권자의 직무집행을 방해한 것에 해당하므로 위계에 의한 공무집행방해죄가 성립한다. |
| [4] 피고인이, 출원인이 어업허가를 받을 수 없는 자라는 사실을 알면서도 그 직무상의 의무에 따른 적절한 조치를 취하지 않고 오히려 부하직원으로 하여금 어업허가 처리기안문을 작성하게 한 다음 피고인 스스로 중간결재를 하는 등 위계로써 농수산국장의 최종결재를 받았다면, 직무 |

위배의 위법상태가 위계에 의한 공무집행방해행위 속에 포함되어 있는 것이라고 보아야 할 것이므로, 이와 같은 경우에는 작위범인 위계에 의한 공무집행방해죄만이 성립하고 부작위범인 직무유기죄는 따로 성립하지 아니한다.

참조조문

[1] 형법 제137조 / [2] 형법 제137조 / [3] 형법 제137조 / [4] 형법 제122조 , 제137조

참조판례

[1] 대법원 1983. 9. 27. 선고 83도1864 판결(공1983, 1634), 대법원 1995. 5. 9. 선고 94도2990 판결(공1995상, 2143) /[2] 대법원 1975. 7. 8. 선고 75도324 판결(공1975, 8635), 대법원 1982. 12. 14. 선고 82도2207 판결(공1983, 318), 대법원 1988. 5. 10. 선고 87도2079 판결(공1988, 966), 대법원 1989. 1. 17. 선고 88도709 판결(공1989, 324) /[4] 대법원 1971. 8. 31. 선고 71도1176 판결(집19-2, 형77), 대법원 1972. 5. 9. 선고 72도722 판결(집20-2, 형14), 대법원 1993. 12. 24. 선고 92도3334 판결(공1994상, 582), 대법원 1996. 5. 10. 선고 96도51 판결(공1996하, 1941)

| | |
|---|---|
| 피고인 | 피고인 |
| 상고인 | 피고인 및 검사 |
| 변호인 | 법무법인 강동종합법률사무소 담당변호사 박연철 외 4인 |
| 원심판결 | 전주지법 1996. 10. 10. 선고 95노416 판결 |

주 문

상고를 모두 기각한다.

이 유

상고이유를 판단한다.

1. 피고인의 변호인의 상고이유에 대하여

가. 제1점, 제3점에 대하여

원심판결 이유에 의하면, 원심은, 전라북도청 수산과 계장으로서 어업허가 신청업무를 담당하고 있던 피고인이 공소외 1의 어업허가처리를 부탁받은 전라북도청 수산과 직원인 공소외 2으로부터 어선이 없고 선박증서만 있는 공소외 1의 석박에 대한 어업허가장이 발부되도록 처리하여 달라는 청탁을 받고 이를 승낙한 다음 어업허가담당자인 공소외3에게 어업허가시 필요한 선박실체확인 등 어업허가 실태조사를 하지 말고 어업허가 처리기안문을 작성하도록 지시하여 동인으로 하여금 어업허가 처리기안문을 작성하게 한 다음 피고인 스스로 중간결재를 하고 그 정을 모르는 농수산국장으로부터 최종결재를 받아 전라북도지사 명의의 허가장을 발급하게 한 사실을 인정하고, 피고인을 위계에 의한 공무집행방해죄로 처단하고 있다.

기록에 비추어 살펴보면, 원심의 이와 같은 사실인정은 정당하고, 거기에 채증법칙을 위배한 잘못이나 심리를 다하지 아니한 잘못은 없다. 이 점을 지적하는 상고이유는 받아들일 수 없다.

그리고 위계에 의한 공무집행방해죄에 있어서 위계라 함은 행위자의 행위목적을 이루기 위하여 상대방에게 오인, 착각, 부지를 일으키게 하여 그 오인, 착각, 부지를 이용하는 것을 말하는 것으로 상대방이 이에 따라 그릇된 행위나 처분을 하였다면 이 죄가 성립되는 것이지만( 대법원 1983. 9. 27. 선고 83도1864 판결, 1995. 5. 9. 선고 94도2990 판결 등 참조), 행정관청이 출원에 의한 인·허가처분을 함에 있어서는 그 출원사유가 사실과 부합하지 아니하는 경우가 있음을 전제로 하여 인·허가할 것인지 여부를 심사결정하는 것이므로, 행정관청이 사실을 충분히 확인하지 아니한 채 출원자가 제출한 허위의 출원사유나 허위의 소명자료를 가볍게 믿고 인가 또는 허가를 하였다면, 이는 행정관청의 불충분한 심사에 기인한 것으로서 출원자의 위계에 의한 것이었다고 할 수 없어 위계에 의한 공무집행방해죄를 구성하지 않는다고 할 것이다( 대법원 1975. 7. 8. 선고 75도324 판결, 1989. 1. 17. 선고 88도709 판결 등 참조).

그러나 이 사건에 있어서와 같이 출원에 대한 심사업무를 담당하는 공무원이 출원인의 출원사유가 허위라는 사실을 알면서도 결재권자로 하여금 오인, 착각, 부지를 일으키게 하고 그 오인, 착각, 부지를 이용하여 인·허가처분에 대한 결재를 받아낸 경우라면, 출원자가 허위의 출원사유나 허위의 소명자료를 제출한 경우와는 달리 더 이상 출원에 대한 적정한 심사업무를 기대할 수 없게 되었다고 할 것이어서 위와 같은 행위는 위계로써 결재권자의 직무집행을 방해한 것이라고 하지 않을 수 없다. 원심이 피고인의 위와 같은 행위를 위계에 의한 공무집행방해죄로 처단한 것은 위와 같은 법리에 따른 것으로, 거기에 위계에 의한 공무집행방해죄의 법리를 오해한 잘못이 없다. 이 점을 지적하는 상고이유도 받아들일 수 없다.

나. 제2점, 제4점에 대하여

원심이 피고인에 대한 직무유기 및 위계에 의한 공무집행방해의 공소사실에 대하여 직무유기의 위법상태는 위계에 의한 공무집행방해죄에 포함되어 직무유기죄가 따로 성립하지 아니한다고 판단하고 피고인을 위계에 의한 공무집행방해죄로만 처단한 이상, 원심이 직무유기죄가 성립되지 않는다는 이유설시 과정에 있어서 상고이유에서 내세우는 바와 같이 직무유기죄에 관한 법리를 오해한 잘못이 있다고 하여도 피고인으로서는 이와 같은 잘못을 적법한 상고이유로 내세울 수 없다. 그 밖에 양형부당의 점 역시 10년 미만의 형이 선고된 이 사건에 있어서 적법한 상고이유가 될 수 없다. 이 점을 지적하는 상고이유도 모두 받아들일 수 없다.

2. 검사의 상고이유에 대하여

피고인이 출원인인 공소외 1이 어업허가를 받을 수 없는 자라는 사실을 알면서도 그 직무상의 의무에 따른 적절한 조치를 취하지 않고 오히려 부하직원으로 하여금 어업허가 처리기안문을 작성하게 한 다음 피고인 스스로 중간결재를 하는 등 위계로써 농수산국장의 최종결재를 받았다면, 직무위배의 위법상태가 위계에 의한 공무집행방해행위 속에 포함되어 있는 것이라고 보아야 할 것이므로, 이와 같은 경우에는 작위범인 위계에 의한 공무집행방해죄만이 성립하고 부작위범인 직무유기죄는 따로 성립하지 아니한다 고 봄이 상당하다고 할 것이다( 대법원 1971. 8. 31. 선고 71도1176 판결, 1972. 5. 9. 선고 72도722 판결, 1996. 5. 10. 선고 96도51 판결 등 참조). 같은 취지의 원심 판단에 직무유기죄와 법조경합에 관한 법리오해의 위법이 없다. 이 점을 지적하는 상고이유는 받아들일 수 없다.

3. 그러므로 피고인과 검사의 상고를 모두 기각하기로 관여 법관의 의견이 일치되어 주문과 같이 판결한다.

|  |  |  |
|---|---|---|
| 재판장 | 대법관 | 박준서 |
|  | 대법관 | 박만호 |
|  | 대법관 | 김형선 |
| 주심 | 대법관 | 이용훈 |