# EXHIBIT 14

JASON LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN, SBN 4533246
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-993-MCs (ADSx)<br><br>**PLAINTIFF NETLIST, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:             ONE (1)

**Exhibit 0014**

the extent that any withholding taxes [were] required by applicable law for the payment set forth in th[e] Agreement." Netlist otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 16:**

ADMIT that the document produced under the bates number SEC000027 is a true and genuine copy of the "Certificate for Non-resident's Tax Payment" which YOU received from SAMSUNG, relating to the NRE FEES.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Netlist objects that information sufficient to form a response to this Request is known only to Samsung and not to Netlist.

Subject to and without waiving the foregoing objections, Netlist responds as follows: Netlist lacks the information and independent knowledge to ascertain whether documents produced by Samsung are authentic, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 17:**

ADMIT that the document produced under the bates range SEC000020–SEC000021 is a true and genuine copy of the "Application for Entitlement to Reduced Tax Rate on Domestic Source Income (for Foreign Corporation)" you filed on November 5, 2015, relating to the NRE FEES.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Netlist objects to the phrase "relating to the NRE FEES" as misstating the document, argumentative, vague, and calling for a legal conclusion, in particular to the extent it is intended to convey that the tax rate listed on the document applicable to "royalties" applies instead applies to "NRE fees."

Subject to and without waiving the foregoing objections, Netlist responds as follows: Netlist admits that the document produced under the bates range SEC000020–SEC000021 is an authentic copy of the "Application for Entitlement to

Reduced Tax Rate on Domestic Source Income (for Foreign Corporation)" that Netlist executed on November 5, 2015 and then filed. Netlist otherwise denies the request.

**REQUEST FOR ADMISSION NO. 18:**

ADMIT that in 2015, YOU contacted SAMSUNG with allegations of potential IP infringement.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Netlist further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor proportional, and is otherwise outside the proper scope of discovery—whether or not Netlist asserted allegations of infringement against Samsung in 2015 or otherwise has no bearing on any issue in the case. Netlist also objects that the phrase "allegations of potential IP infringement" is vague and ambiguous, as it is not clear what constitutes an "allegation" of "potential" infringement (versus an actual allegation of infringement itself).

Subject to and without waiving the foregoing objections, Netlist responds as follows: Netlist admits that, in 2015, it informed Samsung that Netlist is the owner and assignee of standard essential patents as shown in, for example, NL107804 and its attachment. Netlist otherwise denies the request.

**REQUEST FOR ADMISSION NO. 19:**

ADMIT that on February 1 or February 2, 2021 YOUR Chief Licensing Officer, Marc Frechette, made a demand to SAMSUNG to discuss a new license agreement for the patents licensed under the AGREEMENT.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Netlist objects to the use of the term "demand" as argumentative and vague. Netlist further objects that this Request seeks

13

information that is neither admissible, nor relevant to, nor proportional to the litigation and outside the proper scope of discovery.  Specifically, all communications between Netlist's Chief Licensing Officer and Samsung during this period of February 2021 were expressly made subject to Federal Rule of Evidence 408.  Regardless, whether Netlist requested a "new license agreement" as a means of resolving the parties' dispute is neither relevant to nor admissible with any claim or defense in the case.

Subject to and without waiving the foregoing objections, Netlist responds as follows:  Netlist admits that, as reflected in the parties' February 2021 correspondence, Netlist communicated with Samsung to discuss resolution of this matter, but denies that Netlist "made a demand" as stated in the Request.  Netlist otherwise denies the request.

Dated:  July 30, 2021

GIBSON, DUNN & CRUTCHER LLP

By:    */s/ Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7101
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

14

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION,** was emailed to counsel for Samsung Electronics Inc., Ltd., on July 30, 2021.

By: _____*/s/ DRAFT*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.