# EXHIBIT 69

1648

| | |
|---|---|
| **From:** | Gail Sasaki <gsasaki@netlist.com> |
| **Sent:** | Fri, 4 Mar 2016 14:46:31 -0500 (EST) |
| **To:** | Jibum Kim <jbkim@netlist.com> |
| **Subject:** | RE: RE:RE: Samsung letter and email |

Yes, of course.  We have no intention of using this breach notice until we are ready.

The notice of breach is something we will use for a last resort and we will remain coordinated on this as I noted.

We do need to let Samsung know that we are not okay with the error in the tax withholding but I will work on that after I get the Supreme Court case study.

Thanks, Gail

---

**From:** Jibum Kim
**Sent:** Friday, March 04, 2016 7:27 AM
**To:** Gail Sasaki
**Subject:** RE: RE:RE: Samsung letter and email

Hi Gail,

Thank you for kind explanation, but my thinking is a little different from yours.

This time is very important to get SS's support for some aspects.

1. Purchasing many kinds of SS products in order to increase our revenue and profit.
2. Need to ask SS to tell IDT or Inphi for designing HV chipset.
3. Still ongoing SK Hynix deal, not finished yet
4. SS will evaluate our current products like NV4 and EV3 for niche market business, which was new item developed on today meeting with DR. Jun.

For these reasons, it's not desirable to send a letter to SS with 30 day notice of breach.

At least we should wait for SK hynix deal close. Otherwise there will be no friend for us.

BR.

---

**From:** Gail Sasaki
**Sent:** Friday, March 4, 2016 3:04 AM
**To:** Jibum Kim <jbkim@netlist.com>
**Subject:** RE: RE:RE: Samsung letter and email

Hi JB,

Chuck did not want to spend any resources getting a translation.  However, when we receive the case that went all the way to the Korean Supreme Court which supports our case I will compose a letter and send it to Samsung in response to theirs.  At that point we may choose to put them on 30 day notice of breach.  Timing is important here so we need to remain coordinated.

Thanks, Gail

---

**From:** Jibum Kim
**Sent:** Wednesday, March 02, 2016 6:20 PM
**To:** Gail Sasaki <gsasaki@netlist.com>
**Subject:** FW: RE:RE: Samsung letter and email

Hi Gail,

I would like to ask you to get the feedback about the attached SS sent from K&C or DLA.

Even if NRE meant "Development cost", but SS could use the technologies of cross-licensed patents, which could be applied to withholding tax.

As you know well, I am not an expert in this area so my translation is not pertinent.

I already asked SS to send English version of attaced but they didn't.

I think you had better scrutinize cases SS sent by experts.

BR.

**Exhibit 0003**

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                 NL048126

BR.

**From:** 황보용 [mailto:yong.hwangbo@samsung.com]
**Sent:** Thursday, February 25, 2016 7:14 AM
**To:** Gail Sasaki <gsasaki@netlist.com>; Jibum Kim <jbkim@netlist.com>
**Cc:** 김호정 <hojung4623.kim@samsung.com>
**Subject:** RE:RE: Samsung letter and email

Dear Gail,

Thank you for your letter but our view remains the same : the amount due has been paid in full.
Netlist should discuss with NTS all matters relating to the refund of taxes withheld.
Attached below are Tax cases related to the Withholding Tax.
Please also note that Netlist reviewed and filled out the NTS application form in its own discretion.

Best Regards,
Yong Hwangbo

-------------------------------------------------------------------------------------------------------
**From:** Gail Sasaki [mailto:gsasaki@netlist.com]
**Sent:** Saturday, February 06, 2016 5:16 AM
**To:** yong.hwangbo@samsung.com
**Cc:** Jibum Kim; 김호정
**Subject:** RE: Samsung letter and email

Dear Yong,

Thank you for your acknowledgement of the email and letter. We look forward to your response when you return from the Lunar New Year holiday.

Best Regards,
Gail



**Gail Sasaki**
Chief Financial Officer
175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

Tel:949.435.0025
Fax:949.435.0031
www.netlist.com

**From:** Yong Hwangbo [mailto:yong.hwangbo@samsung.com]
**Sent:** Friday, February 05, 2016 12:55 AM
**To:** Gail Sasaki <gsasaki@netlist.com>
**Cc:** Jibum Kim <jbkim@netlist.com>; 김호정 <hojung4623.kim@samsung.com>
**Subject:** Re: Samsung letter and email

Dear Gail Sasaki,

We will review your feedback internally and get back to you. However, due to the long Korean holiday next week, I am afraid that an immediate response is not possible.
We kindly ask for your understanding.

Best Regards,
Yong Hwangbo

CONFIDENTIAL - ATTORNEYS' EYES ONLY   NL048127

------- Original Message -------
Sender : Gail Sasaki<gsasaki@netlist.com>
Date : 2016-02-05 08:35 (GMT+09:00)
Title : Samsung letter and email

Dear Mr. Yong Hwangbo,

Please review the following in response to your letter (stated in italics below) dated December 31, 2015:

1) *Samsung deducted withholding tax of $1,320,000 (16.5%) from $8,000,000 NRE fee, calculated according to the United States-Republic of Korea Income Tax Convention, Article 14 and Republic of Korea Corporate Tax Act, Article 93 (Domestic Source Income).*

   **We disagree with the withholding tax and have attached a letter from Kim & Chang which states the following:**

   **"Based on our reading of the JDLA, the NRE fee paid under the caption "Development Costs" does not appear to be compensation for Samsung's use or right to use Netlist's IP, but rather compensation for engineering services and such fee should not be treated as royalty under Article 14 of the Korea-US Tax Treaty."**

   **…and is therefore NOT subject to withholding tax.**

2) *On November 5, 2015 Netlist submitted an Application for Entitlement to Reduced Tax on Domestic Source Income (for Foreign Corporation), signed by Netlist's CFO, to Samsung.*

   **Netlist did not apply for any tax withholding.** In fact it was Samsung who directed us to fill out the form as part of the vendor set up process. We have an audit trail of emails and can prove that we did NOT request withholding.

3) **As required by law**, *Samsung reported and paid withholding tax of $1,320,000 to the National Tax Service (NTS) on December 10, 2015. Therefore, Netlist should discuss this matter directly with the NTS, which is the final withholding tax recipient.*

   **We have provided evidence in the letter attached that Samsung was not "required by law" to report and pay withholding tax for the $8,000,000 NRE.**

   Netlist has been advised by counsel that it will take over four years of effort and sizeable legal fees to attempt to get our money back from the NTS. This is not acceptable to us nor is it fair.


**Until Netlist receives the balance due, Samsung remains in violation of Section 3.2 of the JDLA** which states that Samsung is required to reasonably cooperate in claiming an exemption from withholding. Your December 31st letter is asking Netlist to take care of it directly and doesn't offer any assistance from Samsung. Also Samsung remained completely silent about the tax withholding throughout the process and Netlist did not find out of Samsung's plans to withhold tax until after the funds were remitted. Netlist, on the other hand, has acted in good faith and relied on Section 3.2 of the JDLA. In addition Netlist has had to expend funds to provide the opinion letter attached. Finally, Netlist is unable to pursue the JDLA milestones without the full amount of the NRE as agreed.

**We ask that you immediately remit the balance of the NRE. The payment in full for the NRE is now over 60 days past due. Please find the wire instructions below:**

| | |
|---|---|
| Beneficiary Bank: | Silicon Valley Bank |
| Beneficiary Bank Address: | 3003 Tasman Drive<br>Santa Clara, Ca 95054 |
| Contact: | Holly Dinh |
| Account Number: | 3300662584 |
| ABA/Routing Number: | 121140399 |
| Swift Code: | SVBKUS6S |

CONFIDENTIAL - ATTORNEYS' EYES ONLY   NL048128



**Gail Sasaki**
Chief Financial Officer
175 Technology
Irvine, CA 92618
Direct: 949.679.0113
Cell: 714.337.2155
Fax: 949.435.0031
Email: gsasaki@netlist.com

Tel:949.435.0025
Fax:949.435.0031
www.netlist.com

The above message is intended solely for the named addressee and may contain trade secret, industrial technology or privileged and confidential information otherwise protected under applicable law including the Unfair Competition Prevention and Trade Secret Protection Act. Any unauthorized dissemination, distribution, copying or use of the information contained in this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email and delete this communication immediately.

상기 메일은 지정된 수신인만을 위한 것이며 부정경쟁 방지 및 영업비밀 보호에 관한 법률을 포함하여 관련 법령에 따라 보호의 대상이 되는 **영업비밀, 산업기술 등을 포함**하고 있을 수 있습니다. 본 문서에 포함된 정보의 전부 또는 일부를 **무단으로 제3자에게 공개, 배포, 복사 또는 사용하는 것은 엄격히 금지**됩니다. 본 메일이 잘못 전송된 경우, 발신인에게 알려 주시고 즉시 삭제하여 주시기 바랍니다.


image0

CONFIDENTIAL - ATTORNEYS' EYES ONLY NL048129