# EXHIBIT 70

JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                    Defendant. | CASE NO. 8:20-cv-993-MCS (ADSx)<br><br>**PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     PLAINTIFF NETLIST INC.

RESPONDING PARTY:       DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:                              ONE (1)

accepted the purchase order. For partially accepted purchase orders, identify what parts of the order were accepted.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Netlist incorporates by reference the above general objections as if stated here. Netlist further objects that this Request is overbroad, unduly burdensome, and disproportionate, in particular to the extent, coupled with Samsung's definitions, it seeks information without regard to relevance or materiality (i.e., a level of detail unnecessary or disproportionate to the needs of the case). Netlist further objects to the extent that the Request requires the identification of facts known to or in the possession of Samsung (i.e., copies of purchase orders and data on what portions of orders were accepted or not), including materials that have not yet been produced to Netlist. Netlist further objects to this Request to the extent it seeks expert opinions, which will be provided on the schedule set by the Court.

Subject to and without waiving the foregoing objections, Netlist responds as follows: Pursuant to Rule 33(d), Netlist incorporates NL119337, NL116189, NL117868, and NL117869 as if set forth here in response in full. Netlist also incorporates as if set forth in full here the forthcoming testimony, reports, and/or declarations (together with supporting and cited materials) of Netlist's economic expert to the extent offered on the above subject. Discovery is ongoing and Netlist reserves the right to further supplement this response as the matter proceeds.

**INTERROGATORY NO. 8:**

DESCRIBE in detail all facts supporting YOUR contention in Paragraph 12 of the FAC that "Samsung deliberately began to restrict Netlist's access to products and failed to fulfill its orders, often without notice and always in violation of the Agreement."

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Netlist incorporates by reference the above general objections as if stated here. Netlist further objects that this Request is premature in that it essentially seeks expert

1  discovery, which will be provided on the schedule set by the Court.  Netlist further
2  objects to the extent that the Request requires the identification of facts known to or in
3  the possession of Samsung (i.e., communications internal to Samsung evidencing this
4  topic), including materials that have not yet been produced to Netlist.  Netlist further
5  objects that this Request is overbroad, unduly burdensome, and disproportionate, in
6  particular to the extent, coupled with Samsung's definitions, it seeks information
7  without regard to relevance or materiality (i.e., a level of detail unnecessary or
8  disproportionate to the needs of the case).  Netlist likewise objects to the demand for
9  "all" information on the topic while discovery is ongoing.

10       Subject to and without waiving the foregoing objections, Netlist responds as
11  follows:  After the parties' entered the Agreement, Samsung initially substantially
12  complied with selling NAND or DRAM products to Netlist at Netlist's request.  But,
13  starting as early as the second quarter of 2017, Samsung began to refuse and/or cancel
14  orders from Netlist.  In some instances, Samsung canceled existing orders or failed to
15  deliver parts of orders.  By way of non-exhaustive example, *see* NL076159,
16  NL030109, NL030166, NL030273, NL033254.  Samsung also stated for many Netlist
17  requests for NAND or DRAM products that it would not support the request, refusing
18  to accept purchase orders from Netlist.  By way of non-exhaustive example, *see*
19  NL008866, NL008867, NL008868, NL008869, NL008870, NL008872, NL008874,
20  NL008876, NL008877, NL008879, NL001766, NL076550.  Samsung thus indicated
21  that it would not be allocating NAND or DRAM products to Netlist for Netlist's
22  product requests, and/or that it was capping the products that Netlist could purchase in
23  certain periods (and Samsung thus refused orders that purportedly exceeded any such
24  cap set by Samsung).

25       Netlist was informed by Samsung that the decision to refuse to support sales to
26  Netlist, to cut allocation Netlist, and/or to cap sales to Netlist was made at the express
27  direction of Samsung management, including Joo Sun Choi.  Section 6.2 of the
28  Agreement states that "Samsung will supply NAND and DRAM products to Netlist on

Case 8:20-cv-00993-MCS-ADS   Document 187-72   Filed 10/21/21   Page 5 of 9   Page ID
#:9644

Netlist's request…." Samsung's refusal of Netlist product requests and cancellation of Netlist orders violated Section 6.2. Samsung's refusal to consistently support Netlist's requests and fulfill its NAND and DRAM orders continued until the Agreement was terminated.

Netlist incorporates as if set forth in full here the forthcoming testimony, reports, and/or declarations (together with supporting and cited materials) of Netlist's economic expert to the extent offered to support the above subject. Netlist also incorporates here the materials cited in its responses to Interrogatory No. 5, including Dkt. 88-9 at ¶¶ 10–28, 88-11, 88-12 at pp. 2–6. Netlist also incorporates as if set forth here in full the testimony on the subject matter above from any of the individuals listed in response to Interrogatory No. 2, to the extent that they are deposed in this matter.

Pursuant to Rule 33(d), Netlist will also identify documents sufficient to further respond to this interrogatory, which documents should be deemed incorporated here, including NL117869–71, NL118917, and NL116189, and the July 20, 2021, Declaration of Paik Ki Hong offered in support of Netlist's Motion to Compel (Dkt. 84-18). Discovery is ongoing and Netlist reserves the right to further supplement this response as the matter proceeds.

**INTERROGATORY NO. 9:**

DESCRIBE in detail all facts supporting YOUR contention in Paragraph 13 of the FAC that "Samsung continues to restrict the supply of NAND and DRAM products to Netlist."

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Netlist incorporates by reference the above general objections as if stated here. Netlist further objects that this Request is premature in that it essentially seeks expert discovery, which will be provided on the schedule set by the Court. Netlist further objects to the extent that the Request requires the identification of facts known to or in the possession of Samsung (i.e., communications internal to Samsung evidencing this topic), including materials that have not yet been produced to Netlist. Netlist further

14
PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES
Ex 70
1657

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

I, Jason C. Lo, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORY, SET ONE,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 1, 2021.

By: _____*/s/ Raymond LaMagna*_____
Raymond LaMagna

Attorney for Plaintiff Netlist Inc.

JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>    Defendant. | CASE NO. 8:20-cv-993-MCS (ADSx)<br><br>**PLAINTIFF NETLIST INC.'S VERIFICATION OF OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:             ONE (1)

1

PLAINTIFF NETLIST INC.'S VERIFICATION OF OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES

## Verification of Interrogatory Responses

I, Gail Sasaki, declare:

I am the Chief Financial Officer of Netlist, Inc. I am authorized to make this verification on Netlist's behalf. I am familiar with the contents of Plaintiff Netlist's Objections and Responses to Defendant Samsung Electronics Co. Ltd.'s First Set of Interrogatories. I further declare that the facts set forth in Netlist's responses are true and correct to the best of my information and belief, based on my experience with the company, review of documents, records, and information possessed by or known to Netlist and its officers or employees, and on that basis I allege them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that I executed this Verification on August 4, 2021 Irvine, California.

_/s/ Gail Sasaki_
Gail Sasaki

# CERTIFICATE OF SERVICE

I, Raymond LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S VERIFICATION OF OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE,** was emailed to counsel for Samsung Electronics Inc., Ltd., on August 4, 2021.

By: _/s/ Raymond LaMagna_
Raymond LaMagna

Attorney for Plaintiff Netlist Inc.