# EXHIBIT 53

```
 1                UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3                      SOUTHERN DIVISION
 4
 5   NETLIST INC., a Delaware         )
     corporation,                     ) Case No.:
 6                                    ) 8:20-cv-993-MCS-DFM
                Plaintiff,            )
 7                                    ) Pages 1 to 149
           v.                         )
 8                                    )
     SAMSUNG ELECTRONICS CO.,         )
 9   LTD., a Korean corporation,      )
                                      )
10              Defendant.            )
     _____  )
11
12
13
14                    DEPOSITION OF:
15                STEVEN CHRISTOPHER METZ
16                FRIDAY, AUGUST 6, 2021
17                     10:08 a.m.
18
19
20   REPORTED BY:
21   Vickie Blair
22   CSR No. 8940, RPR-CRR
23   JOB NO. 4743983
24
25   PAGES 1 - 152
```

| | | |
|---|---|---|
| 1 | VIDEOGRAPHER MACDONELL: Is that it for | 10:09:29 |
| 2 | all the counsel? | 10:09:30 |
| 3 | | 10:09:39 |
| 4 | STEVEN CHRISTOPHER METZ, | |
| 5 | having been first duly sworn, was | |
| 6 | examined and testified as follows: | |
| 7 | | |
| 8 | EXAMINATION | |
| 9 | BY MR. BEST: | |
| 10 | Q   Good morning, Mr. Metz. | 10:09:54 |
| 11 | Would you please introduce yourself for | 10:09:56 |
| 12 | the record with your full name and your current home | 10:09:58 |
| 13 | address. | 10:10:01 |
| 14 | A   Steven Metz -- sorry, somebody's trying to | 10:10:02 |
| 15 | schedule a meeting with me at 12:30, and I let them | 10:10:06 |
| 16 | know I can't do that. | 10:10:09 |
| 17 | Q   Good deal. | 10:10:12 |
| 18 | A   Steve Metz, I live in Saratoga, | 10:10:12 |
| 19 | California.  Steven Christopher Metz is my full legal | 10:10:20 |
| 20 | name. | 10:10:23 |
| 21 | Q   And what's your home address? | 10:10:23 |
| 22 | A   20620 Komina Avenue, K-o-m-i-n-a, Saratoga | 10:10:26 |
| 23 | 95070. | 10:10:34 |
| 24 | Q   Thank you. | 10:10:37 |
| 25 | Have you been deposed before? | 10:10:37 |

Page 6

```
 1   BY MR. BEST:                                              12:46:44
 2       Q    Do you know if that understanding was            12:46:45
 3   shared more widely within Samsung beyond yourself?        12:46:48
 4            MR. MASTERS:  Objection.  Object as to           12:46:55
 5   form.  Vague and ambiguous.  Lacks foundation.  Calls     12:46:59
 6   for speculation.                                          12:47:01
 7            THE WITNESS:  The -- yeah, I don't know.         12:47:01
 8   Other than what you're reading and I'm reading, I         12:47:06
 9   don't -- I'm not aware of anything beyond that.           12:47:09
10   BY MR. BEST:                                              12:47:11
11       Q    Well, for example, did you have any              12:47:11
12   conversations with anyone other than Samsung's lawyers    12:47:13
13   to the effect that since Samsung was nearly 100 percent   12:47:19
14   of Netlist's support revenue, zero allocation would       12:47:26
15   have dramatic impact on their future financial            12:47:30
16   business?                                                 12:47:33
17       A    I remember having a brief conversation           12:47:33
18   with Neal on that subject.                                12:47:35
19       Q    Anyone else?                                     12:47:40
20       A    Not that I recall.                               12:47:41
21       Q    You can set this document aside.                 12:47:52
22            Did there come a time when Samsung began         12:47:59
23   to limit the amount of NAND and DRAM product that it      12:48:02
24   had supplied to Netlist, for example, to $500,000 per     12:48:06
25   month?                                                    12:48:09
```

Page 93

| | | |
|---|---|---|
| 1 | MR. MASTERS: Objection. Object as to | 12:48:09 |
| 2 | form. Lacks foundation. Calls for speculation. | 12:48:11 |
| 3 | THE WITNESS: I remember a time when they | 12:48:14 |
| 4 | had a -- a limited -- been limited to a dollar amount. | 12:48:16 |
| 5 | BY MR. BEST: | 12:48:19 |
| 6 | Q    Who made the choice to impose that limit? | 12:48:20 |
| 7 | MR. MASTERS: Object as to form. Lacks | 12:48:24 |
| 8 | foundation. Calls for speculation. | 12:48:26 |
| 9 | THE WITNESS: Yeah, I don't know. | 12:48:26 |
| 10 | BY MR. BEST: | 12:48:28 |
| 11 | Q    How was that limit conveyed to you? | 12:48:29 |
| 12 | A    A gentleman named Lane Kim said we needed | 12:48:30 |
| 13 | to limit them to $500,000 a month. | 12:48:40 |
| 14 | Q    Was a reason expressed by Mr. Kim to you | 12:48:44 |
| 15 | for that limitation? | 12:48:48 |
| 16 | A    Yeah, he told me that J.S. Choi, our | 12:48:51 |
| 17 | president, did not want to sell them more than that. | 12:49:00 |
| 18 | Q    Did Mr. Lane explain why that was the | 12:49:05 |
| 19 | case, that Mr. Choi did not want to sell Netlist more | 12:49:08 |
| 20 | than that? | 12:49:12 |
| 21 | A    He did not. | 12:49:15 |
| 22 | Q    Did you have an understanding as to why | 12:49:18 |
| 23 | Mr. Choi wanted to impose that limitation? | 12:49:20 |
| 24 | MR. MASTERS: Objection. Object to form. | 12:49:23 |
| 25 | Foundation. Speculation. | 12:49:28 |

Veritext Legal Solutions
866 299-5127

| | | | |
|---|---|---|---|
| 1 | Q | Got it. | 13:00:43 |
| 2 | | Now, the next line says, for Netlist, | 13:00:44 |
| 3 | quote (as read): | | 13:00:45 |
| 4 | | Sales limited to 500,000K, dollars, | 13:00:45 |
| 5 | | per month per SEC request.  Netlist | 13:00:49 |
| 6 | | management requesting support to | 13:00:55 |
| 7 | | approximately $4 million per month, close | 13:00:57 |
| 8 | | quote. | 13:00:59 |
| 9 | | Do you see that? | 13:00:59 |
| 10 | A | Uh-huh. | 13:00:59 |
| 11 | Q | So, at this time in June of 2017, Netlist | 13:01:00 |
| 12 | management was requesting about $4 million per month of | | 13:01:07 |
| 13 | products to be supplied from Samsung; correct? | | 13:01:09 |
| 14 | A | That would be the -- if that's what I | 13:01:13 |
| 15 | wrote, then yes. | | 13:01:18 |
| 16 | | MR. MASTERS:  Belated objection. | 13:01:19 |
| 17 | Foundation.  Speculation.  Object to form. | | 13:01:20 |
| 18 | BY MR. BEST: | | 13:01:25 |
| 19 | Q | But, at this time, Samsung had ordered | 13:01:25 |
| 20 | supply of products to Netlist to be limited to five | | 13:01:28 |
| 21 | thou- -- $500,000 per month; correct? | | 13:01:32 |
| 22 | | MR. MASTERS:  Same objections. | 13:01:34 |
| 23 | | THE WITNESS:  At that time, per my email, | 13:01:34 |
| 24 | that's how I would interpret this. | | 13:01:36 |
| 25 | /// | /// | |

Page 103

```
 1          Q     So do you recall Mr. Choi directing you       14:17:13
 2   and others to minimize the supply of products to           14:17:18
 3   Netlist?                                                    14:17:22
 4                MR. MASTERS:  Objection.  Object to form.     14:17:22
 5   Asked and answered.                                         14:17:24
 6                THE WITNESS:  Yeah, I -- we were              14:17:26
 7   specifically directed by J.S. Choi to minimize sales to    14:17:32
 8   Netlist, this -- it would have to be referring to the     14:17:36
 9   conversations I'd already had with La- -- that I said I    14:17:38
10   had with Lane, the limit to $500,000 a month, same         14:17:40
11   thing.                                                     14:17:46
12   BY MR. BEST:                                                14:17:46
13          Q     Do you recall when he directed you to do     14:17:46
14   this?                                                      14:17:50
15          A     No.                                           14:17:50
16                And it was not J.S. Choi, it was Lane.  I    14:17:53
17   never had the conversation with J.S. Choi.                 14:17:56
18          Q     What, if anything, is your understanding     14:18:07
19   as to why you were directed to minimize sales to           14:18:09
20   Netlist?                                                    14:18:12
21                MR. MASTERS:  Object to form.  Asked and      14:18:13
22   answered.  Lacks foundation.  Calls for speculation.        14:18:16
23                THE WITNESS:  Yeah, I'm -- I don't want to    14:18:20
24   speculate on that.  That was not my -- that was through   14:18:24
25   the Korean channels.                                       14:18:26
```

Page 135

```
 1   STATE OF CALIFORNIA    )
 2                          )  ss.
 3   COUNTY OF LOS ANGELES  )
 4              I, Vickie Blair, CSR No. 8940, RPR-CRR, in
 5   and for the State of California, do hereby certify:
 6              That, prior to being examined, the witness
 7   named in the foregoing deposition was by me duly sworn
 8   to testify as to the truth, the whole truth, and
 9   nothing but the truth;
10              That said deposition was taken before me
11   at the time and place therein set forth, and was taken
12   down by me stenographically and thereafter transcribed
13   via computer-aided transcription under my direction and
14   is a true record of the testimony given;
15              I further certify I am neither counsel
16   for, nor related to, any party to said action, nor
17   interested in the outcome thereof;
18              IN WITNESS WHEREOF, I have hereto
19   subscribed my name this 7th day of August, 2021.
20
21
22
23
24              [signature: Vickie Blair]
25              Vickie Blair, CSR No. 8940, RPR-CRR
```

Page 149