| | |
|---|---|
| EKWAN E. RHOW (SB 174604) | MARC F. FEINSTEIN (SB 158901) |
| erhow@birdmarella.com | mfeinstein@omm.com |
| MARC E. MASTERS (SB 208375) | JOSEPH R. O'CONNOR (SB 274421) |
| mmasters@birdmarella.com | joconnor@omm.com |
| DAVID I. HURWITZ (SB 174632) | O'MELVENY & MYERS LLP |
| dhurwitz@birdmarella.com | 400 South Hope Street, 18th Floor |
| BIRD, MARELLA, BOXER, | Los Angeles, California 90071 |
| WOLPERT, NESSIM, DROOKS, | Telephone: (213) 430-6000 |
| LINCENBERG & RHOW, P.C. | Facsimile: (213) 430-6407 |
| 1875 Century Park East, 23rd Floor | |
| Los Angeles, California 90067-2561 | |
| Telephone: (310) 201-2100 | |
| Facsimile: (310) 201-2110 | |

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung Electronics Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETLIST INC., a Delaware corporation, | CASE NO. 8:20-cv-00993-MCS-ADS |
| Plaintiff, | **DECLARATION OF DAVID I. HURWITZ IN SUPPORT OF SAMSUNG'S MOTION IN LIMINE NO. 1** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, | [Filed Concurrently with Motion in Limine No. 1 to Exclude Opinion Testimony of Dr. Michael Akemann; [Proposed] Order]] |
| Defendant. | |
| | Date: November 15, 2021<br>Time: 2:00 pm<br>Crtrm.: 7C |
| | Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3756652.1

DECLARATION OF DAVID HURWITZ ISO MOTION IN LIMINE NO. 1

# DECLARATION OF DAVID I. HURWITZ

I, David I. Hurwitz, declare as follows:

1. I am an active member of the Bar of the State of California and an attorney with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, a professional corporation, attorneys of record for Defendant Samsung Electronics Co. Ltd. ("Samsung") in this action. I make this declaration in support of Defendant's Motion in Limine No. 1 to Exclude the Testimony and Report of Netlist's Expert Dr. Michael Akemann. Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2. Pursuant to section LR 7-3, on October 11, 2021, I met and conferred via telephone with Raymond LaMagna and Timothy Best, counsel for Plaintiff, concerning the various motions in limine contemplated by both parties. Defendant's counsel Marc Masters, Marc Feinstein, and Joseph O'Connor also participated in the meet and confer.

3. During the October 11 meet and confer, I identified the substance of the then-contemplated motion, including challenges to Akemann's methodology as to his quantitative opinion in failing to control for the variable of time, and failure to tie cover damages to particular breaches, as well as to his qualitative opinions. The parties were not able to resolve the issues but did discuss the possibility further meet and confer discussions as to issues raised by the various contemplated motions.

4. On October 14, 2021, the Court entered its Order granting in part and denying in part Plaintiff's and Defendant's motions for partial summary judgment, including granting Defendant's motion for partial summary judgment on Plaintiff's claim for consequential damages.

5. On October 18, 2021, four days after receipt of the Court's order and seven days before the motion in limine was due, I wrote to Plaintiff's counsel to inform them that Defendant would also seek to preclude Plaintiff's expert Michael

1 Akemann from offering testimony about consequential damages, including both lost
2 profits and Plaintiff's expenses in seeking a tax refund from the Korean National
3 Tax Service.

4     6. After Plaintiff's counsel objected on October 19, 2021, I wrote to
5 Plaintiff's counsel, informed them that Samsung would move to exclude evidence of
6 consequential damages from Dr. Akemann and any other witness, and offered to
7 meet and confer further. Plaintiff's counsel did not reply to my email.

8     7. At Netlist's request, Samsung has filed an application to file under seal a
9 true and correct copy of the expert report of Dr. Michael Akemann dated August 23,
10 2021 (redaction marked as Exhibit 1).

11     8. Attached as Exhibit 2 is a true and correct copy of graphs prepared by
12 Samsung's expert Douglas Kidder illustrating price movement over time for Netlist
13 purchases of specific Samsung products from Samsung and resellers.

14     I declare under penalty of perjury under the laws of the United States of
15 America that the foregoing is true and correct, and that I executed this declaration
16 on October 25, 2021, at Los Angeles, California.

*/s/ David I. Hurwitz*
David I. Hurwitz