EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**[PROPOSED] ORDER GRANTING SAMSUNG'S MOTION IN LIMINE NO. 2 REGARDING CONSEQUENTIAL DAMAGES**<br><br>[Filed Concurrently with Motion in Limine No. 1 and Declaration of David Hurwitz]<br><br>Date: November 15, 2021<br>Time: 2:00 pm<br>Crtrm.: 7C<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3757228.2

1

This matter came before the Court on the motion of Defendant Samsung Electronics Co. Ltd. ("Samsung") Motion in Limine No. 2 regarding Consequential Damages.

Having considered the papers filed in support of and in opposition to the Motion, the authorities submitted by counsel, the oral argument of counsel, and the pleadings on file in this case, and good cause appearing,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. Netlist may not present argument or offer evidence or testimony of and percipient or expert witness as to alleged consequential damages suffered by Netlist, including but not limited to (1) alleged lost profits or lost opportunities; (2) alleged losses incurred by Netlist as a result of the purported sale of Netlist shares; and (3) professional fees charged to Netlist by PwC or any other firm incurred by Netlist for the purpose of obtaining a tax refund.

IT IS SO ORDERED

DATED: _____, 2021

_____
Honorable Mark C. Scarsi
United States District Judge