EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant
Samsung Electronics Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO. LTD.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS**<br><br>[Filed Concurrently with Declaration of Jong-min Choi and (Proposed) Order]<br><br>Date:     November 15, 2021<br>Time:    2:00 p.m.<br>Crtrm.:  7C<br>Assigned to Hon. Mark C. Scarsi |

3757219.3

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 15, 2021, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Samsung Electronics Co. Ltd. ("Samsung") will and hereby does move *in limine* for an order to preclude Plaintiff Netlist Inc. ("Netlist") from referencing or introducing evidence concerning any criminal investigations or proceedings against Samsung-affiliated individuals who are not witnesses in this action.

This Motion is made pursuant to Federal Rules of Evidence 401, 402, and 403 on the grounds that references and evidence concerning criminal investigations and proceedings against Samsung-affiliated individuals who are not testifying at trial and were not involved in the subject matter of this action are irrelevant and unfairly prejudicial.

This Motion is based on this notice, the attached memorandum of points and authorities, the concurrently filed Declaration of Jong-min Choi, the pleadings, records and files in this case, and such other matters that may be raised at the hearing of this Motion. This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on October 11, 2021, as set forth in the Declaration of Jong-min Choi.

DATED: October 25, 2021          Bird, Marella, Boxer, Wolpert, Nessim,
                                  Drooks, Lincenberg & Rhow, P.C.


                                  By: _____*/s/ Jong-min Choi*_____
                                              Jong-min Choi
                                       Attorneys for Defendant Samsung
                                       Electronics Co., Ltd.

3757219.3

1

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED CRIMINAL PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During the deposition of Mr. Seung-Soon Lim, Samsung's rebuttal expert on Korean tax law issues, Netlist's counsel attempted to elicit testimony concerning Korean criminal investigations and proceedings against a Samsung executive. *See* Declaration of Jong-min Choi, ¶ 2. The executive in question is not a witness in this action, nor did he have any involvement with the parties' Joint Development and License Agreement at issue in this action. Any criminal investigations and proceedings in Korea have nothing to do with Netlist's claims asserted in this action. Accordingly, any reference to or mention of any criminal investigations or proceedings against the executive and potentially other Samsung-affiliated individuals who are not witnesses in this action serve no purpose other than unfairly casting Samsung in an unflattering light. They have no probative value, and even if they had any, it would be substantially outweighed by the unfair prejudicial effect on the jury. Thus, the Court should preclude Netlist and its witnesses from referencing in any way any such criminal or administrative proceedings and investigations concerning Samsung-affiliated individuals uninvolved in this action.

## II. LEGAL STANDARD

Fed. R. Evid. 401 defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 states that evidence which is not relevant is not admissible.

In addition, Fed. R. Evid. 403 states that evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Moreover, any purported shortcomings of a corporation are not probative of the same corporation's intent, and are unfairly prejudicial. *Hooper v. Lockheed*

3757219.3

2

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED CRIMINAL PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS

*Martin Corp.*, 640 Fed. App'x 633, 637 (9th Cir. 2016) (evidence regarding the poor quality of software made by a manufacturer was properly excluded because it was unfairly prejudicial, and not probative of whether the manufacturer implemented corner-cutting measures). Also, evidence of prior bad acts, even of criminal defendants, must be limited because of the risk the jury will punish those prior acts rather than the acts at issue. *United States v. Balleuax*, 682 F.2d 1105, 1109 (9th Cir. 1982).

### III.   DISCUSSION

The Samsung executive in question is not testifying in this trial, and his credibility is not at issue. Neither party has made any suggestion that he was involved in the subject matter of this action. And it is undisputed no fact at issue in this case requires presenting evidence of his criminal history. The same goes for any other individuals affiliated with Samsung whose testimony is not being offered here. These Samsung executives' alleged conduct, as evaluated under Korean criminal law, have no bearing whatsoever on the company's conduct at issue in this case. Accordingly, any reference to criminal investigations and proceedings involving Samsung's executives whose testimony is not being offered should be excluded as irrelevant. Fed. R. Evid. 401, 402.

Furthermore, allowing any evidence of criminal investigations and proceedings against Samsung-affiliated individuals would be unfairly prejudicial, while offering no probative value and creating a likelihood of jury confusion. Fed. R. Evid. 403, 404(a); *Michelson v. United States*, 335 U.S. 469, 475 (1948) (excluding defendant's prior trouble with the law, specific criminal acts, or bad name among his neighbors); *Wilson v. Union Pac. R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (evidence of criminal conviction was excluded from both liability and damages phase of trial because such evidence was not highly relevant to the issue of witness credibility and would raise "needless proliferation of collateral issues"). Any reference to criminal investigations and proceedings concerning Samsung

3757219.3

3

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED CRIMINAL PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS

executives would serve no purpose other than to unfairly inflame the jury.

Netlist may argue that certain criminal investigations and proceedings are relevant because Samsung's tax expert, Mr. Seung-Soon Lim, represented the Samsung executive in certain matters, and that Mr. Lim is somehow biased as a result. However, the fact that Mr. Lim served as counsel for one of Samsung's executives in unrelated proceedings in Korea has little or no probative value. Any attempt by Netlist to establish bias based on Mr. Lim's prior representation of a Samsung executive not involved in this action is too attenuated to render such evidence admissible – and would risk confusing the jury and wasting judicial resources. *See e.g., Salm v. Moses*, 13 N.Y.3d 816, 818, 918 N.E.2d 897, 899 (2009) (the risk of confusion and prejudice outweighed the advantage in receiving evidence of defense expert's co-shareholder status with defendant because the possibility of bias arising from expert's shareholder status and *de minimis* monetary stake for the outcome of suit was illusory and attenuated).

Critically, even if the fact of Mr. Lim's prior representation were somehow probative of bias (it is not), the fact that the prior representation concerned a *criminal* proceeding is irrelevant and unfairly prejudicial. At a minimum, Netlist should be precluded from referencing or introducing evidence concerning its criminal nature. Fed. R. Evid. 401-403; *Michelson*, 335 U.S. at 475; *Wilson*, 56 F.3d at 1231.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3757219.3

4

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED CRIMINAL PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS

## IV. CONCLUSION

For the foregoing reasons, the Court should preclude Netlist from introducing any evidence or argument concerning criminal proceedings or investigations involving Samsung-affiliated individuals who are not witnesses in this action.

DATED: October 25, 2021

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

O'Melveny & Myers LLP

By:  */s/ Jong-min Choi*
Jong-min Choi
Attorneys for Defendant Samsung Electronics Co., Ltd.

3757219.3

5

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED CRIMINAL PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS