EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendant
Samsung Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:      November 15, 2021<br>Time:      2:00 pm<br>Crtrm.:    7C<br><br>Assigned to Hon. Mark C. Scarsi |

3755586.6

# **TABLE OF CONTENTS**

**Page**

I.   CLAIMS AND DEFENSES ................................................................. 1

   A.   Summary of Plaintiff's Claims .................................................. 2

      1.   Claim 1: Breach of Contract, Damages ......................... 2

      2.   Claim 2: Breach of Contract ........................................... 3

   B.   Brief Description of Evidence in Opposition to Each Claim ............... 3

      1.   Claim 1: Breach of Contract ........................................... 3

      2.   Claim 2: Breach of Contract ........................................... 5

   C.   Summary of Affirmative Defenses ........................................... 7

      1.   Laches ............................................................................. 7

      2.   Acquiescence ................................................................. 7

      3.   Estoppel ......................................................................... 7

      4.   Waiver ............................................................................ 8

      5.   Failure to Mitigate ......................................................... 8

   D.   Brief Description of Evidence In Support of Each Affirmative Defense ........ 9

      1.   Laches ............................................................................. 9

      2.   Acquiescence ................................................................. 10

      3.   Estoppel ......................................................................... 11

      4.   Waiver ............................................................................ 12

      5.   Failure to Mitigate ......................................................... 13

   E.   Anticipated Evidentiary Issues ............................................... 14

   F.   Identification of Issues of Law ............................................... 14

II.   BIFURCATION OF ISSUES ........................................................... 14

III.   JURY TRIAL ............................................................................... 15

   A.   Issues Triable to the Jury ...................................................... 15

      1.   Breach, Causation and Materiality ................................ 15

      2.   Damages ......................................................................... 15

B.     Issues Triable to the Court ........................................................ 15

      1.     Korean Law .......................................................... 15

      2.     Equitable Defenses ............................................ 15

IV.     ATTORNEYS' FEES .......................................................... 16

V.     ABANDONMENT OF ISSUES .......................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Dial-A-Mattress v. Mattress Madness,*
    841 F. Supp. 1339 (E.D.N.Y. 1994).................................................................7

*Kuhbier v. McCartney,*
    239 F. Supp. 3d 710 (S.D.N.Y. 2017).............................................................15

*Mazzola v. Roomster Corp.,*
    849 F.Supp.2d 395 (S.D.N.Y. 2012)............................................................2, 3

*PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.,*
    73 F. Supp. 3d 358 (S.D.N.Y. 2014)...............................................................6

*Qube Films Ltd v. Padell,*
    No. 13-CV-8405 (AJN), 2016 WL 881128 (S.D.N.Y. Mar. 1, 2016) ................6

*Schonfeld v. Hilliard,*
    218 F.3d 164 (2d Cir. 2000) ..........................................................................6

*Teachers Ins. And Annuity Ass'n of America v. Coaxial
    Communications of Cent. Ohio, Inc.,*
    807 F. Supp. 1155 (S.D.N.Y. 1992)...............................................................15

*In re Vebeliunas,*
    332 F.3d 85 (2d Cir. 2003) .............................................................................8

**State Cases**

*D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh,*
    168 A.D.3d 505 (2019)...................................................................................6

*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Management,
    L.P.,*
    7 N.Y.3d 96 (2006).........................................................................................8

*Kverel v. Silverman,*
    172 A.D.3d 1345 ............................................................................................7

*LaSalle Bank Nat. Ass'n v Nomura Asset Capital Corp.,*
    47 A.D.3d 103 (2007).....................................................................................8

*Stassa v. Stassa,*
  123 A.D.3d 804 (2014)...........................................................................8

*Wilmot v State,*
  32 N.Y.2d 164 (1973)...........................................................................8

**Other Authorities**

Fed. R. Civ. P. 39(c) ...............................................................................15

Fed. R. Civ. P. 44.1 ...........................................................................14, 15

Fed. R. Civ. P. 16 .....................................................................................1

Federal Rule of Evidence 401 and 403 ...................................................14

Local Rule 16-4 .........................................................................................1

N.Y. C.P.L.R. § 4101 ..............................................................................15

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-4, Defendant Samsung Electronics Co., Ltd. ("Samsung") respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties for the trial scheduled to begin on November 30, 2021.

## I.      CLAIMS AND DEFENSES

This is a breach of contract action concerning the Joint Development and License Agreement ("JDLA") between Plaintiff Netlist Inc. ("Netlist") and Samsung dated November 12, 2015. New York law governs the JDLA. The operative Complaint alleges three claims for relief. On October 14, 2021, the Court granted in part and denied in part the cross-motions for summary judgment as follows:

On Netlist's first claim for breach of the supply obligation in Section 6.2 of the JDLA, the Court granted partial summary judgment in favor of Netlist as to liability, but did not specify any particular breaches and did not find damages.

On Netlist's second claim for breach of contract, the Court granted partial summary judgment in favor of Netlist as to liability only as to the theory that Samsung breached Section 3.2 of the JDLA by withholding $1.32 million of the $8 million in nonrefundable, non-recurring engineering ("NRE") fees, but denied summary judgment, finding material issues of fact as to whether Samsung reasonably cooperated in obtaining a refund of the withholdings, and the Court did not find damages on any theory of breach.

The Court granted partial summary judgment in favor of Netlist as to its third claim for declaratory relief.

The Court granted partial summary judgment in favor of Samsung on Netlist's prayer for consequential damages, ruling that Netlist cannot recover consequential damages as a remedy for its claims for breach of contract.

The Court denied the parties' summary judgment motions in all other respects.

Thus, following the Court's Order, the issues that remain to be tried are

whether there were specific breaches of Section 6.2 by Samsung, whether those breaches caused harm to Netlist, general damages suffered by Netlist on its first breach of contract claim, general damages suffered by Netlist on its second breach of contract claim as to the theory that Samsung breached by withholding taxes and thus failing to pay the full NRE fees, whether Samsung breached its obligation under Section 3.2 to reasonably cooperate with Netlist's efforts to obtain a tax refund and any general damages if Netlist were to prove such breach, and Samsung's affirmative defenses including waiver, estoppel, laches, acquiescence and failure to mitigate.

Finally, on October 25, 2021, Samsung is filing a motion for reconsideration as to the partial summary judgment on Netlist's third claim for declaratory relief and Samsung's affirmative defense of waiver.

**A.     Summary of Plaintiff's Claims**

       1.     <u>Claim 1: Breach of Contract, Damages</u>

*Summary*: Netlist alleges that Samsung is liable for damages for breaching the supply obligation in Section 6.2 of the JDLA.

*Elements*: Netlist bears the burden to prove specific breaches, that the breaches caused damages, and that it suffered damages that are attributable to breach of the supply obligation. *Mazzola v. Roomster Corp.*, 849 F.Supp.2d 395, 402 (S.D.N.Y. 2012); N.Y. Pattern Jury Instr.—Civil 4:1. Thus, to prove it is entitled to damages, Netlist must prove that it requested specific amounts of Samsung NAND and DRAM products from Samsung through formal purchase orders, that Samsung acted in a commercially unreasonable manner to the extent it failed to supply specific amounts that Netlist actually requested through purchase orders, that Netlist was ready, willing and able and would have completed the purchase from Samsung, and the general damages that Netlist suffered as a result, measured by the difference between the contract price and the cover price.

2.      Claim 2: Breach of Contract

*Summary*: Netlist alleges that Samsung is liable for damages for withholding taxes from the payment of NRE fees under Section 3 of the JDLA. Netlist further alleges Samsung breached its obligation to reasonably cooperate with Netlist in its effort to seek a tax refund, in accordance with Section 3 of the JDLA, and that it suffered damages as a result these two alleged breaches.

*Elements*: Netlist has the burden of proving (1) specific breaches, including that Samsung did not reasonably cooperate; (2) causation between the breaches and damages; and (3) general damages that are attributable to Samsung's breach in withholding taxes and/or any breach in failing to reasonably cooperate. *Mazzola*, 849 F.Supp.2d at 402; N.Y. Pattern Jury Instr.—Civil 4:1.

**B.      Brief Description of Evidence in Opposition to Each Claim**

1.      Claim 1: Breach of Contract

Samsung will introduce the following categories of evidence establishing that Netlist's claimed damages are not attributable to Samsung's alleged breaches because (1) Samsung's decisions not to fill certain of the orders at issue were not breaches of the JDLA and (2) there is no causal link between Netlist's claimed damages and any Samsung breach:

- Evidence establishing that Samsung did not supply certain of Netlist's requests because Netlist did not have sufficient cash or credit to pay for the product requested;

- Evidence establishing that Samsung did not supply certain of Netlist's requests on commercially reasonable grounds including, for example, because the products requested had reasonably been allocated to other customers and were not available to sell to Netlist;

- Evidence establishing that Netlist purchased certain Samsung NAND and DRAM products from resellers (1) without first requesting such products from Samsung and/or (2) absent any refusal from Samsung to

supply such products at Netlist's request;

- Evidence establishing that Netlist did not provide Samsung with timely notice of any alleged breach and a reasonable opportunity to cure before covering;

- Evidence establishing that Netlist's orders were not commercially reasonable given lead times and/or the amounts requested;

- Evidence establishing that Samsung at times did not have the specific parts Netlist requested; and

- Evidence establishing that Netlist often did not submit a request/order within the meaning of Section 6.2 of the JDLA.

Samsung will introduce the following categories of evidence establishing the amount of Netlist's damages:

- Evidence establishing that Netlist selectively bought from Samsung or third party resellers;

- Evidence establishing that Samsung fulfilled the vast majority of Netlist's purchase orders;

- Evidence establishing that many of Netlist's requests were not commercially reasonable;

- Evidence establishing that where Samsung did not supply Netlist with requested products, Netlist did not provide Samsung timely notice and a reasonable opportunity to cure;

- Evidence establishing that where Samsung did not supply Netlist with the requested products, Netlist failed to make a commercially reasonable effort to cover, which had they done so, would have mitigated Netlist's damages; and

- Evidence in the form of expert testimony regarding Netlist's claimed damages.

2.     Claim 2: Breach of Contract

Samsung will introduce the following categories of evidence establishing that Netlist did not suffer general damages attributable to Samsung's alleged breach in withholding taxes from the NRE fees:

- Evidence establishing that Netlist obtained a full refund of the withheld taxes plus interest;

- Evidence establishing that Samsung's communications and cooperation with Netlist and the Korean tax authorities did not cause any delay in Netlist obtaining its full refund plus interest; and

- Evidence establishing that Samsung's withholding and any resulting damage was caused at least in part by Netlist's own conduct.

Samsung will introduce the following categories of evidence establishing that Samsung's conduct after the withholding was not a breach of the JDLA regarding Samsung's obligation to reasonably cooperate with Netlist's efforts to obtain a refund from the Korean tax authorities:

- Evidence showing Samsung's cooperation with Netlist and its Korean tax consultant, including without limitation Samsung's communications with the same;

- Evidence establishing that Samsung's communications with the Korean tax authorities were reasonable and consistent with Korean law; and

- Evidence establishing that Samsung's statements to the Korean tax authorities that the $8 million was a royalty payment, and not exclusively NRE, was accurate or, at a minimum, was made reasonably and in good faith.

Samsung will introduce the following categories of evidence establishing that Netlist suffered no damages attributable to Samsung's conduct after the withholding, even if there was a breach of the contractual obligation to reasonably cooperate with Netlist:

- Evidence establishing that Netlist obtained a full refund of the withheld taxes plus interest according to Korean law;

- Evidence establishing any delay in the refund Netlist obtained was not due to Samsung's conduct, including, without limitation, evidence showing that Netlist's own conduct was the primary if not exclusive cause of any delay in the refund; and

- Evidence establishing that Samsung's conduct with respect to Netlist's efforts to obtain a tax refund did not cause any harm to Netlist, which will include evidence of Korean law, and expert testimony on Korean law and tax authority practices.

Netlist has indicated that it will seek to introduce its payment of fees to PwC to assist it in obtaining a tax refund, and also introduce evidence concerning purported losses from its alleged sale of shares.  Pursuant to this Court's Order enforcing section 12.5 of the JDLA, this evidence is inadmissible as the amount of PwC's fees are consequential, not general damages, as they are not a measure of the value of Samsung's promised performance.  *See Schonfeld v. Hilliard*, 218 F.3d 164, 175–76 (2d Cir. 2000) (distinguishing general and consequential damages); *PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 374 (S.D.N.Y. 2014) (ruling as a matter of law that "investigative audit" fees constitute consequential damages under New York law); *D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 168 A.D.3d 505, 506 (2019) (consequential damages include expenses attributable to mitigating property damage that insured suffered when insurer failed to make timely payment of claim); *Qube Films Ltd v. Padell*, No. 13-CV-8405 (AJN), 2016 WL 881128, at *6 (S.D.N.Y. Mar. 1, 2016) (under New York law, "out-of-pocket" expenses paid after party breached were consequential damages).

### C.    Summary of Affirmative Defenses

#### 1.    Laches

*Summary*: The doctrine of laches reduces or eliminates Netlist's claim for breach and damages for its first claim for relief, reduces or eliminates Netlist's claim for damages for its second claim for relief to the extent that claim is based on the tax withholding, and reduces or eliminates Netlist's claim for breach and damages for its second claim for relief to the extent that claim is based on the purported lack of reasonable cooperation.

*Elements*: To establish laches, Samsung must prove: (1) delay by Netlist in asserting its claim for relief despite the opportunity to do so; (2) Samsung did not have knowledge or notice that Netlist would assert its claim for relief; and (3) Samsung suffered prejudice by the delay. *Kverel v. Silverman*, 172 A.D.3d 1345, 1348, *leave to appeal denied*, 34 N.Y.3d 904 (2019).

#### 2.    Acquiescence

*Summary*: The doctrine of acquiescence reduces or eliminates Netlist's claim for breach and damages for its first claim for relief, reduces or eliminates Netlist's claim for damages for its second claim for relief to the extent that claim is based on the tax withholding, and reduces or eliminates Netlist's claim for breach and damages for its second claim for relief to the extent that claim is based on the purported lack of reasonable cooperation.

*Elements*: To establish acquiescence, Samsung must prove (1) Netlist's affirmative conduct that gives rise to actual or apparent consent to some or all of the alleged breaches of contract; and (2) Samsung's reliance on Netlist's consent. *Dial-A-Mattress v. Mattress Madness*, 841 F. Supp. 1339, 1356 (E.D.N.Y. 1994).

#### 3.    Estoppel

*Summary*: This affirmative defense applies to Netlist's first and second claims for relief. The equitable doctrine of estoppel bars Netlist from relief and/or reduces the damages to which it is entitled.

*Elements*: To establish the defense of estoppel, Samsung must prove: (1) Netlist concealed material facts, or made a false or misleading representation of material fact; (2) Netlist intended that Samsung would rely or act on that conduct; (3) Netlist knew the real facts; (4) Samsung did not know the real facts, and could not have found out; (5) Samsung relied on Netlist's conduct; and (6) in reliance, Samsung acted differently than it would have if it knew the true facts. *In re Vebeliunas*, 332 F.3d 85, 94 (2d Cir. 2003).

### 4. Waiver

*Summary*: This affirmative defense applies to Netlist's first and second claims for relief. The equitable doctrine of waiver bars Netlist from relief or reduces the damages to which it is entitled.

*Elements*: To establish waiver, Samsung must prove an intentional relinquishment of a known right by Netlist after knowledge of all relevant facts. Fed. Jury Prac. & Instr. § 126:12; *Stassa v. Stassa*, 123 A.D.3d 804, 805 (2014); *Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Management, L.P.*, 7 N.Y.3d 96, 850 N.E.2d 653, 658 (2006).

### 5. Failure to Mitigate

*Summary*: This affirmative defense applies to Netlist's first and second claims for relief. Even if Samsung were liable for breach, Netlist's recovery should be reduced or denied because of Netlist's failure to mitigate.

*Elements*: To establish the affirmative defense of failure to mitigate, Samsung must prove (1) Netlist failed to make diligent efforts to mitigate its damages, and (2) such efforts would have diminished Netlist's damages. N.Y. Pattern Jury Instr.--Civil 4:20. 1, *Wilmot v State,* 32 N.Y.2d 164, 297 N.E.2d 90, 92 (1973); *LaSalle Bank Nat. Ass'n v Nomura Asset Capital Corp.*, 47 A.D.3d 103, 846 N.Y.S.2d 95, 99 (2007).

**D.      Brief Description of Evidence In Support of Each Affirmative Defense**

For each affirmative defense, Samsung will introduce substantially the same evidence as the evidence in opposition to Netlist's claim for relief to which that affirmative defense is directed, which is incorporated by reference.

1.      <u>Laches</u>

In support of this affirmative defense against Netlist's first claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference:

- Evidence establishing that for at least some purchase orders that Samsung did not fulfill, Samsung's conduct that Netlist complains of took place prior to any notice of breach by Netlist, and prior to this action being brought;

- Evidence establishing that Samsung lacked knowledge or notice that Netlist would later assert that Samsung's failure to fulfill that purchase order was a breach of the JDLA; and

- Evidence establishing that Samsung was injured by this delay.

In support of this affirmative defense against Netlist's second claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference:

- Evidence establishing that Samsung's conduct that Netlist complains of with respect to any cooperation with its effort to obtain a refund took place prior to any notice of breach by Netlist, and prior to this action being brought;

- Evidence establishing that Samsung lacked knowledge or notice that Netlist would later assert that Samsung's withholding was a breach of the JDLA;

- Evidence establishing that Samsung lacked knowledge or notice that

Netlist would later assert that Samsung's conduct with respect to Netlist's efforts to obtain a tax refund was in breach of the JDLA; and

- Evidence establishing that Samsung was injured by this delay.

### 2. Acquiescence

In support of this affirmative defense against Netlist's first claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference:

- Evidence establishing that Netlist affirmatively agreed to modification or cancellation of certain previous requests, including cancellation of purchase orders;
- Evidence establishing that Samsung relied on such modifications or cancellations by shipping products based on the final modified requests and not on the original;
- Evidence establishing that Netlist consented to the amounts stated in purchase orders even if the amounts stated in related forecasts were greater;
- Evidence establishing that Samsung relied on such purchase orders;
- Evidence establishing that Netlist consented to the allocation protocol followed by Samsung; and
- Evidence establishing that Samsung relied on that consent.

In support of this affirmative defense against Netlist's second claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference:

- Evidence establishing Netlist's affirmative conduct that gives rise to apparent consent to the tax withholding of the NRE Fees;
- Evidence establishing Netlist's affirmative conduct that gives rise to apparent consent to Samsung's conduct with respect to Netlist's efforts to obtain a refund from the Korean tax authorities; and

1      • Evidence establishing that Samsung relied on Netlist's apparent

2          consent in all respects.

3          3.     Estoppel

4      In support of this affirmative defense against Netlist's first claim for relief,

5  Samsung will introduce the following categories of evidence in addition to the

6  evidence incorporated by reference and evidence substantially the same as the

7  evidence in support of its affirmative defense of laches:

8      • Evidence establishing that Netlist led Samsung to believe that Netlist

9          did not object to Samsung's practice of allocating NAND and DRAM

10         products among customers including Netlist;

11     • Evidence establishing that Netlist intended that Samsung would rely or

12         act on that conduct;

13     • Evidence establishing that Netlist knew the real facts including its true

14         intentions;

15     • Evidence establishing Samsung did not know the real facts, and could

16         not have found out, including that Netlist would later challenge

17         Samsung's allocation protocol;

18     • Evidence establishing that Netlist deliberately and unjustifiably delayed

19         for as long as three years before giving notice of the alleged breach of

20         Section 6.2;

21     • Evidence establishing that Samsung relied on Netlist's conduct;

22     • Evidence establishing that, in reliance, Samsung acted differently than

23         it would have if it knew the true facts; and

24     • Evidence establishing that by delaying giving notice of the alleged

25         breaches, Netlist deprived Samsung of a reasonable opportunity to cure.

26     In support of this affirmative defense against Netlist's second claim for relief,

27  Samsung will introduce evidence substantially the same as the evidence in support

28  of its affirmative defense of laches:

4.    <u>Waiver</u>

In support of this affirmative defense against Netlist's first claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference and evidence substantially the same as the evidence in support of its affirmative defenses of laches, acquiescence, and estoppel:

- Evidence establishing that Netlist deliberately and unjustifiably failed to give timely notice of the alleged breaches of Section 6.2 despite having full knowledge;
- Evidence establishing that Netlist continued to accept the benefits of the contract while it delayed giving notice of the alleged breaches;
- Evidence establishing that Netlist lulled Samsung into believing that Netlist did not intend to assert breaches of Section 6.2 and did not object to Samsung's practice of allocating NAND and DRAM products among customers including Netlist; and
- Evidence establishing that by delaying giving notice of the alleged breaches, Netlist caused injury to Samsung including depriving it of a reasonable opportunity to cure.

In support of this affirmative defense against Netlist's second claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference and evidence substantially the same as the evidence in support of its affirmative defenses of laches, acquiescence, and estoppel:

- Evidence establishing that Netlist deliberately and unjustifiably delayed before giving notice of the alleged breaches of Section 3.2 despite having full knowledge;
- Evidence establishing that Netlist continued to accept the benefits of the contract while it delayed giving notice of the alleged breaches;
- Evidence establishing that Netlist lulled Samsung into believing that Netlist did not intend to assert breaches of Section 3.2; and

- Evidence establishing that by delaying giving notice of the alleged breaches, Netlist caused injury to Samsung including depriving it of a reasonable opportunity to cure.

5.     <u>Failure to Mitigate</u>

In support of this affirmative defense against Netlist's first claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference:

- Evidence establishing that Netlist could have mitigated any damages by making diligent efforts to obtain the NAND or DRAM products that it contends it was entitled to under the JDLA from another source at a price lower than it did; and

- Evidence establishing that such diligent efforts would have allowed Netlist to obtain those NAND and DRAM products at a price lower than what Netlist paid for them;

In support of this affirmative defense against Netlist's second claim for relief, Samsung will introduce the following categories of evidence in addition to the evidence incorporated by reference:

- Evidence establishing that Netlist failed to make a diligent effort to mitigate any damages from the tax withholding, including by unnecessarily and unjustifiably delaying its effort to seek a tax refund, making unreasonable arguments to the Korean tax authority, failing to make reasonable arguments to the Korean tax authority, and otherwise failing to diligently prosecute its tax case in Korea;

- Evidence establishing that Netlist's damages from the tax withholding would have been diminished had it made such diligent efforts as described above, which will include expert testimony on Korean law and Korean tax authority practices;

- Evidence establishing that Netlist failed to reasonably cooperate with

Samsung, or failed to enable further cooperation from Samsung, in its effort to obtain a tax refund, including Netlist's communications with Samsung; and

- Evidence establishing that had Netlist cooperated with Samsung reasonably or enabled further cooperation from Samsung, its damages would have been diminished, including expert testimony on Korean law and tax practices, Netlist's communications with Samsung, and testimony of percipient witnesses.

### E.   Anticipated Evidentiary Issues

Samsung has filed three motions *in limine* concurrently with this memorandum:

1.    Samsung has moved to exclude the opinion of Dr. Michael Akemann based on improper methodology, including failure to tie cover damages to breaches and failure to control for the variable of time as to pricing;

2.    Samsung has moved to preclude Netlist from offering any evidence of consequential damages, as the Court has already ruled that Netlist is not entitled to such damages. Such evidence is irrelevant and would be unfairly prejudicial and should be precluded under FRE 401 and 403; and

3.    Samsung has moved to exclude references to unrelated proceedings against Samsung-affiliated individuals who are not witnesses in this action.

In addition to these evidentiary issues, questions about Korean law should be decided by the Court. Fed. R. Civ. P. 44.1.

### F.   Identification of Issues of Law

The issues of law in this case are those identified in this memorandum.

## II.   BIFURCATION OF ISSUES

Neither party seeks bifurcation of any issues.

### III.    JURY TRIAL

#### A.    Issues Triable to the Jury

A timely demand for jury trial has been made. The following issues are triable to the jury.

##### 1.    Breach, Causation and Materiality

Whether Samsung breached any obligation in the JDLA, such as failing to fulfill specific requests for product or failing to reasonably cooperate with Netlist's efforts to obtain a tax refund are questions of fact for the jury, and whether any such breaches are material, and whether any such breaches caused any harm to Netlist are questions of fact for the jury. *Kuhbier v. McCartney*, 239 F. Supp. 3d 710, 735 (S.D.N.Y. 2017) (collecting cases); *Teachers Ins. And Annuity Ass'n of America v. Coaxial Communications of Cent. Ohio, Inc.*, 807 F. Supp. 1155, 1160 (S.D.N.Y. 1992) ("It is for the jury to determine materiality with respect to any alleged breach."); N.Y. C.P.L.R. § 4101 (issues of fact triable by jury in any action which would permit a judgment for a sum of money only).

##### 2.    Damages

The amount of damages that Netlist is entitled to, if any, is a question of fact for the jury.

#### B.    Issues Triable to the Court

The following issues are questions of law for the Court.

##### 1.    Korean Law

Determining Korean law is a question of law for the court. Fed. R. Civ. P. 44.1. Accordingly, any question of Samsung's obligations under Korean law is a question of law for the court.

##### 2.    Equitable Defenses

Pursuant to Fed. R. Civ. P. 39(c), in an action not triable of right by a jury, the court, on motion or on its own, may try any issue with an advisory jury, or may, with the parties' consent, try any issue by a jury whose verdict has the same effect

as if a jury trial had been a matter of right. Samsung requests that its affirmative defenses should be submitted to the jury.

## IV.    ATTORNEYS' FEES

Neither side has or makes a claim to attorneys' fees.

## V.    ABANDONMENT OF ISSUES

Samsung has elected to abandon its affirmative defenses of statute of limitations, ripeness, justification, good faith, and conformity with laws. In addition, Samsung has omitted from this Memorandum such issues as appear to be disposed of by the Court's ruling on the cross-motions for summary judgment.

DATED:  October 25, 2021          Bird, Marella, Boxer, Wolpert, Nessim,
                                  Drooks, Lincenberg & Rhow, P.C.

                                  O'Melveny & Myers LLP


                                  By:    _/s/ Ekwan E. Rhow_
                                              Ekwan E. Rhow
                                         Attorneys for Defendant Samsung
                                         Electronics Co., Ltd.