JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JASON SHEASBY, SBN 205455
  jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**NETLIST INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Before Judge Mark C. Scarsi<br><br>**Final Pretrial Conference:**<br>Date:   November 15, 2021<br>Time:   2 p.m. PT<br><br>**Trial:**  November 30, 2021 |

Plaintiff Netlist Inc. ("Netlist") submits the following Memorandum of Contentions of Fact and Law pursuant to this Court's *Order Re: Jury Trial*, Dkt. 41, and Central District of California Local Rule 16-4.

## I. SUMMARY STATEMENT OF NETLIST'S CLAIMS

Claim 1: Samsung Electronics Co., Ltd. ("Samsung") breached its contract with Netlist and caused harm to Netlist by failing to supply NAND and DRAM products to Netlist on Netlist's request at a competitive price.

Claim 2: Samsung breached its contract with, and caused harm to, Netlist by (a) withholding $1.32 million as purported taxes that were not required by applicable law, and (b) failing to reasonably cooperate with Netlist in Netlist's lawful efforts to claim a refund with respect to such funds.

Claim 3: Netlist is entitled to declaratory relief that it terminated its contract with Samsung, and that all licenses and rights previously granted thereunder ceased, on July 15, 2020.

## II. SUMMARY STATEMENT OF PLAINTIFF'S CLAIMS

### A. Claim 1: Breach of Contract

1. Netlist and Samsung entered into the Joint Development and License Agreement ("JDLA");
2. Netlist performed all of its obligations under the JDLA;
3. Samsung breached Section 6.2 of the JDLA by failing to supply NAND and DRAM products to Netlist on Netlist's request at a competitive price; and
4. Netlist suffered damage as a result of Samsung's breach.

Authority: New York Pattern Jury Instruction 4:1; *Aquino v. Alexander Cap., L.P.*, 2021 WL 3185533, at *14 (S.D.N.Y. July 27, 2021).

<u>Key Evidence</u>: The Court has granted partial summary judgment in favor of Netlist on the first three elements of this breach of contract claim. *See* Dkt. 186. Netlist will prove the damages it suffered primarily through the testimony of its fact witnesses, as disclosed in its witness list submitted herewith, as well as through the testimony of its expert witnesses Dr. Michael Akemann.

### B. Claim 2: Breach of Contract

1. Netlist and Samsung entered into the Joint Development and License Agreement ("JDLA");
2. Netlist performed all of its obligations under the JDLA;
3. Samsung breached Section 3.2 of the JDLA by (a) withholding $1.32 million as purported taxes that were not required by applicable law, and (b) failing to reasonably cooperate with Netlist in Netlist's lawful efforts to claim a refund with respect to such funds; and
4. Netlist suffered damage as a result of Samsung's breach.

<u>Authority</u>: New York Pattern Jury Instruction 4:1; *Aquino v. Alexander Cap., L.P.*, 2021 WL 3185533, at *14 (S.D.N.Y. July 27, 2021).

<u>Key Evidence</u>: The Court has granted partial summary judgment in favor of Netlist on the first two elements of this breach of contract claim, as well as on element 3(a), Samsung's breach of Section 3.2 by withholding $1.32 million as purported taxes that were not required by applicable law. *See* Dkt. 186. Netlist will prove that Samsung failed to reasonably cooperate in Netlist's lawful efforts to claim a refund primarily through the testimony of its fact witnesses, as disclosed in its witness list submitted herewith, as well as through the testimony of expert witness Byungwook Kam. Netlist will prove the damages it suffered through the testimony of its fact witnesses, as disclosed in its witness list submitted herewith, as well as through the testimony of expert witnesses Dr. Michael Akemann and witness Byungwook Kam.

**C.     Claim 3: Declaration (decided in whole on summary judgment)**

## III. SUMMARY STATEMENT OF SAMSUNG'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Samsung has not pleaded any counterclaims.  On October 12, 2021, Samsung stated to Netlist that its "defenses in this action" will be as follows.

[1] Failure to satisfy condition precedent

[2] Failure by plaintiff to perform obligations

[3] Failure to state a claim

[4] No breach

[5] Breach by plaintiff

[6] Laches

[7] Failure of consideration

[8] No damages

[9] Speculative damages

[10] No causation

[11] Unclean hands

[12] Estoppel

[13] Waiver

[14] Acquiescence

[15] Failure to mitigate

[16] Good faith

[18] Justification

[19] Conformity with laws

Samsung has not provided any further disclosures concerning the affirmative defenses that it plans to pursue at trial in light of this Court's order on the parties' cross-motions for summary judgment (Dkt. 186).  Accordingly, Netlist lacks

sufficient information from Samsung to fully address Local Rule 16-4(d). That said, the aforementioned affirmative defenses are facially improper.

First, Samsung did not raise the following defenses in its Answer to Netlist's First Amended Complaint, and are therefore waived:

[1] Failure to satisfy condition precedent; and

[2] Failure by plaintiff to perform obligations.

Notably, both these "defenses" appear to be an attempt by Samsung to relitigate an issue the Court already decided when it ruled against Samsung on summary judgment. Dkt. 186 at 12–13 (rejecting Samsung's defense that Netlist had failed to perform its obligations under the JDLA). These new unpleaded defenses just restate Samsung's old defense that Netlist failed to perform under the JDLA, which has been decided against Samsung.

Second, the following are merits defenses or affirmative defenses to breach and therefore have also each been disposed of by the Court's ruling granting in part Netlist's motion for summary judgment, which finds that Samsung materially breached the JDLA, *see* Dkt. 186 at 22:

[3] Failure to state a claim;

[4] No breach;

[5] Breach by plaintiff;

[6] Laches;

[7] Failure of Consideration;

[11] Unclean hands;

[12] Estoppel;

[13] Waiver;

[14] Acquiescence;

[18 Justification; and

[19] Conformity with laws.

Third, the following defenses are equitable in nature (and should not be tried to or mentioned to the jury in any event) but regardless, per above, are now moot:

[6] Laches;

[11] Unclean hands;

[12] Estoppel;

[14] Acquiescence.

## IV. ELEMENTS REQUIRED TO ESTABLISH SAMSUNG'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

The elements required to establish the remaining defenses, which were pleaded in Samsung's Answer and not thereafter disposed of, are:

[8] No damages

- That Netlist fails to prove it suffered harm because of Samsung's breach.

[9] Speculative damages

- That the harm Netlist asserts is highly improbable to exist and thus, at most, speculative.

[10] No causation (to the extent directed to damages)

- That Netlist fails to prove it suffered harm because of Samsung's breach.

[17] Failure to mitigate

- That Netlist failed to make reasonable efforts to limit the resulting harm caused by Samsung's breach.

## V. STATEMENT OF THIRD-PARTY CLAIMS

Not applicable. There are no third-parties involved in this matter.

## VI. ANTICIPATED EVIDENTIARY ISSUES

First, Samsung has stated to Netlist that it intends to continue to litigate at trial its "defenses" above on which the Court has already ruled and/or that are rendered moot by the Court's ruling on summary judgment (Dkt. 186 at 22). For example, Samsung has indicated that it will re-argue waiver, laches, and some form of

justification to the jury, among other defenses *to breach*. This is improper. Breach has been decided and the trial is on the quantum of damages. As to claims where the Court has ruled on breach, the presentation to the jury should be limited solely to the quantum of damages. Netlist expects to object to any effort otherwise. Samsung cannot proceed with the jury as if the Court's ruling on breach did not exist.

Second, Samsung also has indicated that it intends to add two new defenses ([1] "Failure to satisfy condition precedent" and [2] "Failure by plaintiff to perform obligations", *see supra* § III) that it did not identify in its Answer and to which Netlist would also object on that basis. As noted above, both these "defenses" were also decided by the Court when it ruled on against Samsung on summary judgment on Samsung's defense that Netlist had failed to perform its obligations under the JDLA. Dkt. 186 at 12–13. These defenses appear to be solely an improper attempt to relitigate an issue the Court already decided.

Third, the Court will hear the parties' motions *in limine* at the Final Pretrial Conference scheduled on November 15, 2021, decisions on which will resolve the primary anticipated evidentiary issues. As reflected in Netlist's motions *in limine*, these issues include, but are not limited to:

- Netlist's motion *in limine* to exclude any argument or evidence that Netlist terminated or desires to terminate the JDLA so that it can sue Samsung for patent infringement or of collateral resulting litigations;

- Netlist's motion *in limine* to exclude any argument or evidence that damages should be limited because of Netlist's credit worthiness, credit rating, or payment history with Samsung (which was waived by and rendered moot by the Court's ruling on summary judgment);

- Netlist's motion *in limine* to exclude any argument or evidence that damages should be limited because Samsung was prevented from performing because of the impossibility or impracticability of performance

(which defenses Samsung did not plead and which, regardless, are rendered moot by the Court's ruling on summary judgment, Dkt. 186 at 22);

- Netlist's motion *in limine* to exclude any argument or evidence that Samsung's sales practices with Netlist before or after the JDLA should limit damages during the JDLA; and

- Netlist's motion *in limine* to exclude testimony of Defendant's expert witness Joseph McAlexander.

With respect to Samsung's motions *in limine*, Samsung has not yet disclosed to Netlist the final list of motions that it intends to file.

Fourth, Netlist expects to object to any effort by Samsung to introduce evidence of facts beyond those identified in Samsung's responses to Netlist's contention interrogatories—including those responses that were submitted in an untimely manner.

## VII. ISSUES OF LAW

In light of this Court's resolution of the parties' cross-motions for summary judgment, there are no issues of law that remain outstanding. The only issues remaining for trial present questions of fact.

## VIII. BIFURCATION

Netlist does not seek bifurcation of any issues.

## IX. JURY TRIAL

Netlist is entitled to, and timely demanded, a jury trial, as reflected in this Court's *Order Re: Jury Trial*, Dkt. 41.

## X. ATTORNEYS' FEES

Netlist does not seek the recovery of attorneys' fees.

## XI. ABANDONMENT OF ISSUES

Netlist has not abandoned any claims pleaded in its First Amended Complaint.

As addressed above, Netlist is not presently aware of exactly which affirmative defenses Samsung intends to pursue at trial and thus which it has abandoned. *See supra* § III. But the list of defenses that Samsung provided on October 12, 2021, omits the following purported defenses listed in its Answer: "Statute of Limitations," "Ratification," "Unjust Enrichment," and "Ripeness" (Samsung Second, fourteenth, Sixteenth, and Twentieth "Affirmative Defenses," *see* Dkt. 27 at 5–7), which are thus abandoned.

Dated: October 25, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jason C. Lo
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.