UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **8:20-cv-00993-MCS-ADS** | Date | October 27, 2021 |
| Title | ***Netlist Inc. v. Samsung Elecs. Co. Ltd.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION FOR RECONSIDERATION (ECF NO. 210)**

Defendant Samsung Electronics Co., Ltd., moves for reconsideration of part of the Court's order on the parties' motion for summary judgment (MSJ Order, ECF No. 187). (Mot., ECF No. 210.) The Court finds the motion suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The motion is denied as untimely. The last day to hear pretrial motions (other than motions in limine) was September 20, 2021. (Order Re: Jury Trial § I, ECF No. 41.) Both Samsung and Netlist set their motions for summary judgment to be heard on the deadline knowing that no motions, including motions for reconsideration, could be timely heard after the summary judgment hearing date. Samsung presents no good cause or excusable neglect to support considering its late motion. *See* Fed. Rs. Civ. P. 6(b)(1)(B), 16(b)(4); *see also Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011) ("[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.").

As an independent basis for denial, the motion is not a proper vehicle for Samsung's arguments. Local Rule 7-18 authorizes only three grounds upon which reconsideration may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. R. 7-18.

Samsung contends the Court's MSJ Order presents a manifest showing of a failure to consider material facts in its consideration of Netlist's declaratory judgment claim. (Mot. 8.) But Samsung's motion identifies no *facts* the Court failed to consider. Instead, Samsung articulates new legal arguments concerning the facts the Court evaluated in its analysis of the declaratory judgment claim. (*E.g.*, Mot. 16 (claiming the Court failed to consider a legal proposition); *id.* at 18 (charging the Court with failing to make certain findings); *id.* at 25 (asking the Court to reconsider a legal conclusion).) Samsung's disagreement with the Court's analysis of the facts does not present grounds for reconsideration authorized by Local Rule 7-18. The Court declines Samsung's invitation to consider contentions Samsung failed to offer in its summary judgment papers on the eve of trial.

The motion is denied.

**IT IS SO ORDERED.**