JASON LO, SBN 219030
  jlo@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MATTHEW BENJAMIN, SBN 4533246
  mbenjamin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

JASON SHEASBY, SBN 205455
  jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
LOS ANGELES, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**NETLIST'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT OF PURPORTED CONSEQUENTIAL DAMAGES**<br><br>**Final Pretrial Conference:**<br>Date: November 15, 2021<br>Time: 2 p.m. PT<br><br>**Trial**: November 30, 2021<br><br>Judge: Hon. Mark C. Scarsi |

Contrary to Samsung's assertions in its motion, Netlist does not intend to put forth any claim for consequential damages or lost profits. This Court granted judgment removing consequential damages from the case. Dkt. 186 at 22. As such, Netlist has *repeatedly* notified Samsung that it will not seek any such damages.

Nonetheless, Samsung brought this overbroad motion to obfuscate the real issue it wants to address—the $430,000 in damages Netlist incurred when it had to hire PriceWaterhouseCoopers to get the money that Samsung improperly withheld in breach of the JDLA. On this issue, Samsung (now armed with new counsel) asks for a second bite at summary judgment, submitting what is really a "disguised motion[] for summary adjudication" of this issue (*cf*. Dkt. 41 at 8). Samsung asks the Court to summarily rule that the $430,000 payment to PwC is a consequential (not general) damage. But Samsung did not argue this on summary judgment, and Samsung is not entitled to a second summary judgment motion now.

In any event, Samsung is simply incorrect—governing New York law is clear that the $430,000 Netlist had to spend to recover the payment that Samsung shorted it is a **general** damage, and not a consequential one. As Samsung itself concedes, general damages seek recovery of "the value of the very performance promised." Mot. at 6; *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). But that is precisely what Netlist seeks by asking for payment of the $430,000 in PwC fees.

Under the JDLA, Netlist was entitled to $8 million in NRE fees (JDLA § 3.1). Instead, Samsung paid $1.32 million of those fees to Korean tax authorities, which this Court already ruled was a breach. Dkt. 186 at 22. To obtain its $1.32 million (i.e., to recover the value of the performance promised), Netlist incurred direct expenses to petition the Korean government to return the fees to Netlist as the JDLA required. As such, not only was Netlist not paid the $1.32 million it was originally due, but it was also out another $430,000 to retrieve *that very amount*.

Under New York law, "[g]eneral damages are those which are the natural and probable consequence of the breach . . . while special damages are extraordinary in that they do not so directly flow from the breach." *Am. List Corp. v. U.S. News & World Rep., Inc.*, 75 N.Y.2d 38, 42–43 (N.Y. Ct. App. 1989); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 618 F. Supp. 2d 280, 292 (S.D.N.Y. 2009) (general damages are "the natural and probable consequence of the breach").

Here, the fees Netlist incurred were not only the "natural and probable consequence" of Samsung's breach, but they also flowed directly from Samsung's explicit instructions to Netlist that Netlist must act on its own to seek a refund of the withholding. In Samsung's own words, Netlist must "discuss this matter directly with the NTS," which resulted in the fees at issue. *See* Ex. A. Thus, these fees "directly flow from the breach."

Nor does the fact that these are professional fees remove them from general damages as Samsung implies. Professional fees can be treated as general damages and are "recoverable expenditures" if "directly occasioned and made necessary by the breach." *City of Elmira v. Larry Walter, Inc.*, 546 N.Y.S.2d 183, 185 (1989), aff'd, 76 N.Y.2d 912 (1990) (quote omitted). Here, Samsung's breach in paying the money owed to the wrong entity "directly occasioned and made necessary" that Netlist incur professional fees to obtain "the value of the very performance promised" (the $1.32 million payment). *See id.*; *Schonfeld*, 218 F.3d at 175.

As Samsung's own cited authority states in defining "general" damages, a "plaintiff should be awarded the value of the very thing promised so that his balance sheet will reflect capital assets he would have had upon the defendant's full performance." 3 Dan B. Dobbs, *Dobbs Law of Remedies* § 12.2(3), at 40–41 (1993). Here, although Netlist did ultimately obtain a return from the Korean tax authority of money that Samsung owed to Netlist, Netlist's balance sheet was not made

whole—it did not reflect the "capital assets [Netlist] would have had upon the [Samsung's] full performance." Netlist is still short the fees it paid to obtain the return (i.e., the fees it paid to obtain the performance that Samsung promised).

As such, under New York law, Netlist is entitled to "general" damages in an amount to put it back into the position it would have been in had Samsung performed. *Cf. Lucente v. Int'l Bus. Machines Corp.*, 146 F. Supp. 2d 298, 304 (S.DN.Y. 2001) ("Damages for breach of contract are intended to place a party in the same position he would have occupied if the breach had never occurred."). Here, Netlist still needs to be trued-up $430,000—Netlist is still not whole; it is not in the position it would have been in had Samsung performed its obligations.

Although Samsung cites cases to suggest that recovery fees constitute consequential damages (Mot. at 6), these cases bear no resemblance to the facts here. For example, in *PNC Bank, National Association v. Wolters Kluwer Financial Services, Inc.*, 73 F. Supp. 3d 358, 374 (S.D.N.Y. 2014), audit and legal fees incurred to investigate a possible breach were consequential damages because they were *not* a "natural and probable consequence" of the breach. In that case, "no regulator or law compelled" the audit (*i.e.*, the audit was not directly occasioned and made necessary by the breach). *Id*. Here, of course, the PwC fees were both the "natural and probably consequence" of the breach and "compelled" by it (or else Netlist would never have received any part of the payment Samsung withheld in breach). A moment's thought when Samsung decided to act as it did would have yielded the obvious conclusion that Netlist would have to hire specialists on Korean tax law and procedure to recoup the sum paid to the tax authority.

In *D.K. Property, Inc. v. Nat'l Union Fire Insurance Co. of Pittsburgh, Pa.*, 138 A.D.3d 505, 506 (N.Y. Sup. Ct., App. Div. 2019), an insurance company failed to timely pay a claim. In that case, additional "expenses attributable to mitigating ***further*** damage to the property" were deemed consequential. *Id*. (emphasis added).

But here, the fees Netlist incurred to obtain the performance Samsung owed (the full NRE payment) are not an amount to "mitigate[e] *further* damage"—these fees were the direct damage from Samsung's improper withholding. The fees PwC charged are not steps removed from Samsung's breach; they directly tied to it.

Likewise, in *Qube Films Ltd. v. Padell*, 2016 WL 881128, at *6 (S.D.N.Y. Mar. 1, 2016), also cited by Samsung, the plaintiff conceded that its losses were "indirect" due to a failure to obtain alternative financing, noting that the losses were "one step removed from the naked performance promised by the defendant" (quotes omitted). Here, the fees at issue are the *direct* expense Netlist incurred to obtain "the naked performance promised" by Samsung. Under New York Law, the direct fees incurred to obtain the performance Samsung promise are "general" damages and not barred by the JDLA. Samsung's motion should therefore be denied.

Dated: November 1, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jason C. Lo*
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.