JASON LO, SBN 219030
  jlo@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MATTHEW BENJAMIN, SBN 4533246
  mbenjamin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

JASON SHEASBY, SBN 205455
  jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
LOS ANGELES, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS COL, LTD., a Korean corporation,<br><br>    Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**NETLIST INC.'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES AND EVIDENCE CONCERNING UNRELATED PROCEEDINGS AGAINST SAMSUNG-AFFILIATED INDIVIDUALS**<br><br>Before Judge Mark C. Scarsi<br><br>**Final Pretrial Conference:**<br>Date: November 15, 2021<br>Time: 2 p.m. PT<br><br>**Trial:** November 30, 2021 |

Samsung seeks to exclude evidence related to the fact that its leading executives have been (and are currently being) criminally prosecuted for fraud. Samsung's defense to Netlist's remaining tax-related claim is that Samsung's executives opted to withhold the funds from Netlist in a *conservative*, "*prudent*" effort "*to comply with the law*"[1] supposedly warranting Samsung's refraining from further cooperation with Netlist to obtain a refund. As Samsung states in its Contentions of Law and Fact, its defense against Netlist's remaining claim relies on its "good faith" adherence to Korean law.[2] Dkt. 208 at 5:19–24. Obviously, Samsung's "good faith" defense, as well as proffered testimony that it acted prudently and conservatively, puts at issue the law-abiding proclivity (or lack thereof) of Samsung and its decision makers.

And doubling the relevance here, rather than retain an *independent* expert to opine on Samsung's tax defense, Samsung retained and submitted a report from Seung-Soon Lim, head of the tax group at one of *Samsung's* own outside law firms, Yoon & Yang.[3] Ironically, the law firm submitting Samsung's supposed "independent" expert opinion here is also defense counsel for Samsung's leading executives in the above criminal matters.[4] The relevance to bias is thus obvious.

Samsung does not dispute that Mr. Lim and his firm, Yoon & Yang, have been outside counsel to Samsung or its executives in civil and/or criminal matters for years. Dkt. 204 at 4 (Samsung Mot.). Yoon & Yang advertises its work for Samsung for multiple practice groups and identifies Samsung as a key client.[5] Mr. Lim's tax department lists its representation of Jae Yong Lee of Samsung as one of its primary

---

[1] *See* LaMagna Decl., Ex. A (Lim Report excerpt) at 9–10, 14, 17.
[2] *See* LaMagna Decl., Ex. A (Lim Report excerpt) at 14, 17.
[3] *See* LaMagna Decl., Ex. B (Lim Dep. Tr. excerpt) at 25:9–23; 26:22–27:1.
[4] *See* LaMagna Decl., Ex. B (Lim Dep. Tr. excerpt) at 38:21–39:19.
[5] *See* LaMagna Decl., Ex. B (Lim Dep. Tr. excerpt) at 23:15–24:2; 24:5.

*(Cont'd on next page)*

representative matters.[6] The relationship between this firm and Samsung's expert and Samsung itself are hardly "attenuated" or of "little or no probative value" as Samsung postures. Dkt. 204 at 4.

This is not a case where a party raises irrelevant issues to impugn the other side. Here, Samsung's expert Mr. Lim has actually served as counsel to Samsung's leadership that is being prosecuted (specifically as counsel for Jae Yong Lee, Samsung's Vice-Chairman). Moreover, Mr. Lim's firm currently represents Samsung's leadership in those criminal matters, and his opinion is based on his supposed "expert" view that Samsung was operating in good faith and conservatively under the law. As the Court already held, Korean law does not require the withholding that Samsung made in breach of the JDLA. Dkt. 186 at 22. The alleged defense of good faith by Samsung's executives puts squarely at issue the tendency for lawfulness and conservative respect for the law of Samsung and its executives. That Samsung and its leadership are also subject to conviction for bribery and ongoing economic crimes is thus relevant impeachment. And the fact that the firm Samsung hired to provide an expert opinion in this case serves as defense counsel for Samsung's leadership is clearly relevant to challenge the credibility of Samsung's expert and his opinions.

Should *any* of Samsung's witnesses (including those other than Mr. Lim) testify to Samsung's credibility as a corporation or its tendencies to be law-abiding and conservative in legal compliance during trial, Netlist would be entitled to challenge that testimony with evidence of Samsung's evasions of the law. *See, e.g., Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV-11-1657, 2013 WL 12121982, at *4 (C.D. Cal. Sept. 5, 2013) ("[I]f a corporate witness's testimony places the company's credibility at issue, a corporate conviction can be used to impeach the corporation's representations"); *Napolitano v. Synthes, Inc.*, No. 09-CV-828, 2014 WL 12868860, at *4 (D. Conn. Apr. 21, 2014) (evidence of criminal convictions may be admitted to

---

[6] *See* LaMagna Decl., Ex. B (Lim Dep. Tr. excerpt) at 25:9–23; 26:22–27:1.

impeach the corporation's reputation, regardless of whether the corporate representative testifying was involved with the underlying criminal acts).

Samsung may not cherry-pick favorable opinions or assertions to be presented during trial, while blocking questions regarding the very topic it voluntarily put at issue. It is Samsung's decision to open the door and offer testimony on its tendency to comply with the law in a strict manner. Netlist would then be entitled to test Samsung's "good faith" defense as well as the bias of its witnesses. Fed. R. Evid. 607 permits questioning and evidence to show bias to impeach any witness. *McMillan v. Weathersby*, 31 Fed. Appx. 371, 374 (9th Cir. 2002); *United States v. Abel*, 469 U.S. 45, 52 (1984) ("[B]ias is almost always relevant because the jury . . . has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").

For the reasons stated herein, Netlist respectfully requests that Samsung's motion in limine No. 3 be denied.

Dated: November 1, 2021                    GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jason C. Lo*
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.