1  JASON C. LO, SBN 219030
      jlo@gibsondunn.com
2  MATTHEW BENJAMIN (pro hac vice)
      mbenjamin@gibsondunn.com
3  RAYMOND A. LAMAGNA, SBN 244821
      rlamagna@gibsondunn.com
4
   Gibson, Dunn & Crutcher LLP
5  333 South Grand Avenue
   Los Angeles, CA  90071-3197
6  Telephone:  213.229.7000
   Facsimile:   213.229.7520
7
   Attorneys for Plaintiff Netlist Inc.

   EKWAN E. RHOW, SBN 174604
      erhow@birdmarella.com
   MARC E. MASTERS, SBN 208375
      mmasters@birdmarella.com
   DAVID I. HURWITZ, SBN 174632
      dhurwitz@birdmarella.com
   BIRD, MARELLA, BOXER,
      WOLPERT, NESSIM, DROOKS,
      LINCENBERG & RHOW, P.C.
   1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
   Telephone:  310.201.2100
   Facsimile:   310.201.2110

   MICHAEL G. YODER (SB 83059)
      myoder@omm.com
   O'MELVENY & MYERS LLP
   610 Newport Center Drive, Suite 1700
   Newport Beach, California 92660
   Telephone: (949) 823-6900
   Facsimile: (949) 823-6994

   Attorneys for Defendant Samsung
      Electronics Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | **CASE NO. 8:20-cv-993-MCS (ADS)**<br><br>**COMPETING JOINT STATEMENTS OF THE CASE**<br><br>Before Judge Mark C. Scarsi<br><br>**Final Pretrial Conference:**<br>Date:   November 15, 2021<br>Time:   2 p.m. PT<br><br>**Trial:**<br>Date:   November 30, 2021<br>Time:   8:30 a.m. PT |

Netlist Inc. ("Netlist") and Samsung Electronics Co., Ltd. ("Samsung") met and conferred yet were unable to come to an agreement on the Joint Statement of the Case. Attached hereto as Attachment 1 and Attachment 2 are Netlist's and Samsung's respective proposed Joint Statements of the Case. Below is each party's respective position concerning the basis for its proposed Joint Statement of the Cases.

**Plaintiff's Position Supporting Its Proposed Joint Statement of the Case (Attachment 1):**

Samsung's proposed statement appears aimed at misdirecting the jury's attention in at least three ways. First, Samsung's proposal minimizes—and is transparently aimed at minimizing—the effects of this Court's determinations on summary judgment that Samsung already has breached the supply provision of the JDLA, that it already has breached the tax withholding provision, and that both breaches were material. Indeed, Samsung utterly eliminates any statement of what issues have been resolved. But Samsung simultaneously tacitly suggests that the jury will be asked to resolve liability by stating that it denies any liability. This is patently false, and the jury should not be led into thinking otherwise.

Second, with respect to the tax withholding provision, Samsung's proposal fails to distinguish between the tax-related claim of breach already proven (withholding) and that which the jury must resolve (cooperation with efforts to obtain a refund). Samsung thus elides the resolution of one claim against it in a manner that may confuse the jury that this issue has not been resolved.

Third, Samsung inserts discussion of portions of the JDLA that are now irrelevant in view of the Court's previous determinations. There is no need to introduce discussion of the technology collaboration aspects of the agreement, nor of the patent licensing provisions. Samsung previously argued these issues were relevant to interpretation of the contract, but the Court ruled against those arguments. Introducing them in this statement only risks misleading the jury into believing these issues bear any relevance to the remaining triable issues—which they do not.

**Defendant's Position Supporting Its Proposed Joint Statement of the Case (Attachment 2):**

As required by the Court's Order Re: Jury Trial, Samsung's proposed Joint Statement of the Case is a brief neutral statement, no more than one page long. It tells prospective jurors who the parties are and gives them an idea what this case is about. It is accurate and balanced. And it explains to the prospective jurors what they will be asked to decide.

Netlist's Proposed Joint Statement of the Case is not neutral and contains information that is unnecessary, unfairly prejudicial to Samsung, and potentially confusing to prospective jurors. It is also more lengthy and detailed than is appropriate.

*First*, with respect to the statements that "[t]he Court has determined that Netlist established … Samsung's breach of the supply provision of the contract, and that this breach was material," and that "Netlist claims that it suffered damages due to this breach of the agreement," it will be the jury's task to determine whether Netlist has met its burden to prove that specific breaches of Section 6.2 of the JDA caused actual damages to Netlist. In the summary judgment proceedings, Netlist did not ask the Court to make findings, and the Court did not make findings, of specific breaches of the supply obligation—consisting of dates and amounts of unfulfilled orders for NAND and DRAM products. Accordingly, under the Seventh Amendment to the U.S. Constitution, Samsung is entitled to have the jury decide whether Samsung refused specific requests in breach of the contract causing Netlist to sustain actual damages. *See Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931) (Seventh Amendment guarantees that a trial on separate issues may not be resorted to "unless it clearly appears that the issue to be tried is so distinct and separable from others that a trial of it alone may be had without injustice"). Yet, in its Proposed Joint Statement of the Case, Netlist inaccurately suggests that the element of breach of the supply obligation has already been determined for purposes of the trial and that

Netlist's claim for damages is based on the breach already found by the Court. Netlist also needlessly says that this breach was material. While the question of whether the breach of contract was material was pertinent to Netlist's declaratory relief claim, which the Court fully adjudicated, materiality is not an element of, and is not relevant to, Netlist's claim for damages for breach of Section 6.2.

*Second*, referring to the withholding of taxes, Netlist's Proposed Joint Statement of the Case needlessly states that "this breach was material." Materiality is also not an element of, and is not relevant, to Netlist's claim for damages for breach of Section 3.1 of the JDLA by withholding taxes.

*Third*, the statement in the last paragraph that Samsung "denies that Netlist is entitled to any of the claimed damages" is extreme and misleading. Samsung reserves the right to dispute some, but not all, of Netlist's claimed damages. For example, Netlist's claimed damages for breaches of Sections 3.1 (tax withholding) and 3.2 (reasonable cooperation) should be limited to pre-verdict interest given that consequential damages are excluded, and it may be possible to reach agreement on the amount of pre-verdict interest, but Netlist continues to assert that it can recover the fees it incurred to claim a refund and unspecified other damages.

*Fourth*, the rest of the last paragraph is also misleading because, like the first paragraph, it suggests that for purposes of the trial Netlist has already met its burden to prove breach of Section 6.2 and that the only remaining issue is its "entitlement to damages for the supply provision," when in reality Netlist will have to put on evidence of specific breaches of Section 6.2 and prove that it suffered actual damages as a result of those breaches.

# ATTACHMENT 1 – PLAINTIFF NETLIST'S VERSION

## STATEMENT OF THE CASE

Plaintiff Netlist designs, makes, and sells computer memory modules and components. Defendant Samsung manufactures computer memory modules and components. This case involves a dispute over a contract between Netlist and Samsung. In 2015, Netlist and Samsung entered into a contract called the Joint Development and License Agreement, or JDLA for short. Under the JDLA, among other things, Samsung was obligated to supply NAND and DRAM computer memory products to Netlist on Netlist's request. The Court has determined that Samsung breached the supply provision of the contract, and that this breach was material. Netlist claims that it suffered damages due to this breach of the agreement because Netlist had to purchase replacement NAND and DRAM products from other companies at a higher price than it would have paid to Samsung.

The JDLA also obligated Samsung to pay Netlist $8 million as a one-time payment for a "non-recurring engineering" or "NRE" fee, and only permitted Samsung to withhold taxes on this amount that were required under Korean law. The Court has determined that Samsung breached this obligation by withholding $1.3 million, which withholding was not required by law, and this breach was material. Netlist claims that it suffered damages due to this breach. The JDLA also provided that Samsung would reasonably cooperate with Netlist in lawful efforts to claim a credit or refund with respect to any withheld taxes. Netlist claims that Samsung did not reasonably cooperate in efforts to obtain a refund of the withheld taxes and that it suffered damages as a result.

Samsung has asserted various defenses to Netlist's claims for damages and denies that Netlist is entitled to any of the claimed damages. It will be your job to determine whether Netlist has proven its entitlement to actual damages for the supply provision and the tax withholding provision of the JDLA, and if so in what amount. It also will be your job to determine whether Netlist has proven that Samsung breached the cooperation provision of the JDLA, and if so, what damages Netlist suffered.

**ATTACHMENT 2 – DEFENDANT SAMSUNG'S VERSION**

# STATEMENT OF THE CASE

The plaintiff in this case, Netlist, designs, makes, and sells computer memory modules and components. The defendant, Samsung, manufactures computer memory modules and components in addition to engaging in other businesses. You may have heard of computer memory modules and components referred to as memory chips. These products have various applications, including being used in personal computers, servers, and consumer electronics.

This case involves a dispute over a contract between Netlist and Samsung. In that contract the parties made various promises to each other. Among other things Samsung agreed to supply memory chips to Netlist called NAND and DRAM and to make a payment to Netlist. There are other provisions of the contract including an agreement by the parties to collaborate on the development of a new technology for a memory chip and to grant each other patent licenses.

Netlist claims among other things that Samsung breached the contact by not fulfilling requests for product and by not reasonably cooperating with Netlist in seeking a refund after Samsung withheld as taxes a portion of the payment determined by the Court to be due to Netlist under the contract and paid those taxes to the Korea tax authority. Netlist seeks damages. Samsung denies that it is liable for the claimed breaches of the contract and that Netlist suffered the claimed damages.

COMPETING JOINT STATEMENTS OF THE CASE

Dated:  November 1, 2021

                                         GIBSON, DUNN & CRUTCHER LLP

                                         By:  */s/ Jason C. Lo*
                                         Jason C. Lo
                                         333 South Grand Avenue
                                         Los Angeles, CA 90071
                                         213.229.7000
                                         jlo@gibsondunn.com

                                         Attorneys for Plaintiff Netlist Inc.

Dated:  November 1, 2021

                                         BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

                                         By:  */s/ Ekwan E. Rhow*
                                         Ekwan E. Rhow
                                         1875 Century Park East, 23rd Floor
                                         Los Angeles, California 90067-2561
                                         310.201.2100

                                         Attorneys for Defendant Samsung Electronics Co., Ltd.

## **ATTESTATION**

      Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 1, 2021                 By:  */s/ Raymond LaMagna*
                                                   Raymond LaMagna