JASON C. LO, SBN 219030
    jlo@gibsondunn.com
MATTHEW BENJAMIN (pro hac vice)
    mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
    rlamagna@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff Netlist Inc.

EKWAN E. RHOW, SBN 174604
    erhow@birdmarella.com
MARC E. MASTERS, SBN 208375
    mmasters@birdmarella.com
DAVID I. HURWITZ, SBN 174632
    dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: 310.201.2100
Facsimile: 310.201.2110

MICHAEL G. YODER (SB 83059)
    myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung
    Electronics Co., Ltd.

Attorneys for Defendant Samsung
Electronics Co.. Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>        Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Before Judge Mark C. Scarsi<br><br>**Final Pretrial Conference:**<br>Date:     November 15, 2021<br>Time:     2 p.m. PT<br><br>**Trial:**<br>Date:     November 30, 2021<br>Time:     8:30 a.m. PT |

Plaintiff NETLIST, INC, by and through its undersigned counsel, and Defendant SAMSUNG ELECTRONICS CO., LTD., by and through its undersigned counsel, respectfully submit the following Proposed Joint Jury Instructions:

### INDEX OF DISPUTED JURY INSTRUCTIONS

### Joint Proposed Jury Instructions - Preliminary

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | 1.2 Duty of Jury | Ninth Circuit Manual of Model Jury Instructions 1.2 | 2 |
| 2 | 1.5 Claims and Defenses | Ninth Circuit Manual of Model Jury Instructions 1.5 (modified) | 3 |
| 3 | 1.9 What Is Evidence | Ninth Circuit Manual of Model Jury Instructions 1.9 | 4 |
| 4 | 1.10 What Is Not Evidence | Ninth Circuit Manual of Model Jury Instructions 1.10 | 5 |
| 5 | 1.12 Direct and Circumstantial Evidence | Ninth Circuit Manual of Model Jury Instructions 1.12 | 6 |
| 6 | 1.13 Ruling on Objections | Ninth Circuit Manual of Model Jury Instructions 1.13 | 7 |
| 7 | 1.14 Credibility of Witnesses | Ninth Circuit Manual of Model Jury Instructions 1.14 | 8 |
| 8 | 1.15 Conduct of the Jury | Ninth Circuit Manual of Model Jury Instructions 1.15 | 9 |
| 9 | 1.16 Publicity During Trial | Ninth Circuit Manual of Model Jury Instructions 1.16 | 11 |
| 10 | 1.17 No Transcript Available to Jury | Ninth Circuit Manual of Model Jury Instructions 1.17 | 12 |
| 11 | 1.18 Taking Notes | Ninth Circuit Manual of Model Jury Instructions 1.18 | 13 |
| 12 | 1.19 Questions to Witnesses By Jurors During Trial | Ninth Circuit Manual of Model Jury Instructions 1.19 | 14 |
| 13 | 1.20 Bench Conferences and Recesses | Ninth Circuit Manual of Model Jury Instructions 1.20 | 15 |
| 14 | 1.21 Outline of Trial | Ninth Circuit Manual of Model Jury Instructions 1.21 | 16 |

### Joint Proposed Instructions Plaintiff Proposes To Be Provided As Preliminary Instructions And Defendant Proposes To Be Provided During Trial

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 15 | 2.13 Expert Opinion | Ninth Circuit Manual of Model Jury Instructions 2.13 | 18 |

### Joint Proposed Instructions Plaintiff Proposes To Be Provided As Preliminary Instructions And Defendant Proposes To Be Excluded From Preliminary Instructions

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 16 | Breach of Contract – Damages | New York Pattern Jury Instructions § 4:20, Commentary "General Rules" (modified) | 20 |
| 17 | Breach of Contract—Failure to Mitigate | Adapted from N.Y. Pattern Jury Instr.--Civil 4:20. 10 | 21 |

### Joint Proposed Jury Instructions – During Trial

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 18 | 2.0 Cautionary Instructions | Ninth Circuit Manual of Model Jury Instructions 2.0 | 23 |
| 19 | 2.4 Deposition in Lieu of Live Testimony | Ninth Circuit Manual of Model Jury Instructions 2.4 | 24 |
| 20 | 2.8 Foreign Language Testimony | Ninth Circuit Manual of Model Jury Instructions 2.8 | 25 |
| 21 | 2.11 Use of Interrogatories | Ninth Circuit Manual of Model Jury Instructions 2.11 | 26 |
| 22 | 2.12 Use of Requests for Admission | Ninth Circuit Manual of Model Jury Instructions 2.12 | 27 |

### Joint Proposed Jury Instructions - Final

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 23 | 1.4 Duty of Jury | Ninth Circuit Manual of Model Jury Instructions 1.4 | 29 |

JOINT PROPOSED JURY INSTRUCTION

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 24 | 1.6 Burden of Proof— Preponderance of the Evidence | Ninth Circuit Manual of Model Jury Instructions 1.6 | 30 |
| 25 | 1.9 What Is Evidence | Ninth Circuit Manual of Model Jury Instructions 1.9 | 31 |
| 26 | 1.10 What Is Not Evidence | Ninth Circuit Manual of Model Jury Instructions 1.10 | 32 |
| 27 | 1.11 Evidence for a Limited Purpose | Ninth Circuit Manual of Model Jury Instructions, 1.11 | 33 |
| 28 | 1.12 Direct and Circumstantial Evidence | Ninth Circuit Manual of Model Jury Instructions 1.12 | 34 |
| 29 | 1.13 Ruling on Objections | Ninth Circuit Manual of Model Jury Instructions 1.13 | 35 |
| 30 | 1.14 Credibility of Witnesses | Ninth Circuit Manual of Model Jury Instructions 1.14 | 36 |
| 31 | 1.18 Taking Notes | Ninth Circuit Manual of Model Jury Instructions 1.18 | 37 |
| 32 | 2.4 Deposition in Lieu of Live Testimony | Ninth Circuit Manual of Model Jury Instructions 2.4 | 38 |
| 33 | 2.8 Foreign Language Testimony | Ninth Circuit Manual of Model Jury Instructions 2.8 | 39 |
| 34 | 2.13 Expert Opinion | Ninth Circuit Manual of Model Jury Instructions 2.13 | 40 |
| 35 | 2.14 Charts and Summaries Not Received in Evidence | Ninth Circuit Manual of Model Jury Instructions 2.14 | 41 |
| 36 | 2.15 Charts and Summaries Received in Evidence | Ninth Circuit Manual of Model Jury Instructions 2.15 | 42 |
| 37 | 2.16 Evidence in Electronic Format | Ninth Circuit Manual of Model Jury Instructions 2.16 | 43 |
| 38 | 3.1 Duty to Deliberate | Ninth Circuit Manual of Model Jury Instructions 3.1 | 45 |
| 39 | 3.2 Consideration of Evidence— Conduct of the Jury | Ninth Circuit Manual of Model Jury Instructions 3.2 | 47 |
| 40 | 3.3 Communication with Court | Ninth Circuit Manual of Model Jury Instructions 3.3 | 48 |
| 41 | 3.4 Readbacks or Playbacks | Ninth Circuit Manual of Model Jury Instructions 3.4 | 49 |
| 42 | 3.5 Return of Verdict | Ninth Circuit Manual of Model Jury Instructions 3.5 | 50 |

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 43 | 3.9 Post-Discharge Instruction | Ninth Circuit Manual of Model Jury Instructions 3.9 | 51 |
| 44 | Breach of Contract – Damages | New York Pattern Jury Instructions § 4:20, Commentary "General Rules" (modified) | 52 |
| 45 | Breach of Contract—Failure to Mitigate | Adapted from N.Y. Pattern Jury Instr.--Civil 4:20. 10 | 53 |

JOINT PROPOSED JURY INSTRUCTION

Date: November 1, 2021          GIBSON, DUNN & CRUTCHER LLP
                                By: /s/  Jason C. Lo
                                     Jason C. Lo
                                     Attorney for Netlist, Inc.

Date: November 1, 2021          BIRD, MARELLA, BOXER, WOLPERT,
                                NESSIM, DROOKS, LINCENBERG & RHOW,
                                P.C.

                                By: /s/  Ekwan E. Rhow
                                     Ekwan E. Rhow
                                     Attorney for Samsung Electronics Co., Ltd.

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 1, 2021          By: /s/ Raymond LaMagna
                                     Raymond LaMagna

-vi-

JOINT PROPOSED JURY INSTRUCTION

1
2
3
4
5
6
7
8
9
10
11
12
13          **PRELIMINARY INSTRUCTIONS**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 1**

**1.2 DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.2.

JOINT PROPOSED JURY INSTRUCTION

## <u>JOINT INSTRUCTION NO. 2</u>

### 1.9 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.9.

JOINT PROPOSED JURY INSTRUCTION

## JOINT INSTRUCTION NO. 3

### 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.10.

### <u>JOINT INSTRUCTION NO. 4</u>

**1.11 EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony you are about to hear may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.11.

JOINT PROPOSED JURY INSTRUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>JOINT INSTRUCTION NO. 5</u>**

**1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.12.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 6**

**1.13 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.13.

JOINT PROPOSED JURY INSTRUCTION

## JOINT INSTRUCTION NO. 7

### 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.


**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.14.

**JOINT INSTRUCTION NO. 8**

**1.15 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research,

-9-

JOINT PROPOSED JURY INSTRUCTION

such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.15.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 9**

**1.16 PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.16.

JOINT PROPOSED JURY INSTRUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>JOINT INSTRUCTION NO. 10</u>**

**1.17 NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.17.

JOINT PROPOSED JURY INSTRUCTION

### <u>JOINT INSTRUCTION NO. 11</u>

**1.18 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.18.

-13-

## **JOINT INSTRUCTION NO. 12**

### **1.19 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.19.

JOINT PROPOSED JURY INSTRUCTION

## **JOINT INSTRUCTION NO. 13**

### **1.20 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.20.

**<u>JOINT INSTRUCTION NO. 14</u>**

**1.21 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.21.

JOINT PROPOSED JURY INSTRUCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED INSTRUCTIONS**

**PLAINTIFF PROPOSES TO BE PROVIDED AS PRELIMINARY INSTRUCTIONS**

**AND DEFENDANT PROPOSES TO BE PROVIDED DURING TRIAL**

JOINT PROPOSED JURY INSTRUCTION

## **JOINT INSTRUCTION NO. 15**

### **2.13 EXPERT OPINION**

You may hear testimony from witnesses who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinions, and all the other evidence in the case.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.13.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED INSTRUCTIONS**

**PLAINTIFF PROPOSES TO BE PROVIDED AS PRELIMINARY INSTRUCTIONS AND**

**DEFENDANT PROPOSES TO BE EXCLUDED FROM PRELIMINARY INSTRUCTIONS**

JOINT PROPOSED JURY INSTRUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **JOINT INSTRUCTION NO. 16**

### **BREACH OF CONTRACT—DAMAGES**

The basic principle of damages in a contract action is to leave the injured party in as good a position as it would have been if the contract had been fully performed.  It is equally fundamental that the injured party should not recover more from the breach than the party would have gained had the contract been fully performed.

Damages are measured as of the time of the breach.

**Source:** New York Pattern Jury Instructions § 4:20, Commentary "General Rules" (modified).

### JOINT INSTRUCTION NO. 17

**Breach of Contract—Failure to Mitigate**

If you decide to make an award of damages to Netlist, then you must next decide whether the amount of damages you have awarded to Netlist should be reduced, in whole or in part, because Netlist failed to use reasonable efforts to reduce or avoid its losses. Samsung bears the burden of proving, by a preponderance of the evidence, that Netlist failed to use reasonable efforts to reduce or avoid its losses.

The law requires a party injured by a breach of contract to make reasonable efforts to reduce or avoid its losses. If the injured party fails to do so, then it may not recover for any resulting increased loss. The duty to reduce or avoid damages arises when it is no longer reasonable to believe that the other party will perform the contract. If the injured party made reasonable efforts to reduce or avoid its losses, it does not matter if, in hindsight, another, better means of limiting the financial injury was possible.

If you find that Samsung established that Netlist failed to use reasonable efforts to reduce or avoid its losses, after it was no longer reasonable to believe that Samsung would perform the contract, then you shall proceed to calculate the amount that the damages sustained by Netlist should be reduced and make no further calculations. However, if you find that Samsung did not establish that Netlist failed to use reasonable efforts to reduce or avoid its losses, after it was no longer reasonable to believe that Samsung would perform the contract, then you shall not reduce the amount of Netlist's damages.

Authorities

Adapted from N.Y. Pattern Jury Instr.--Civil 4:20. 1.

1
2
3
4
5
6
7
8
9
10
11
12
13          **DURING THE TRIAL**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 18**

**2.0 CAUTIONARY INSTRUCTIONS**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental. If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.0.

JOINT PROPOSED JURY INSTRUCTION

**<u>JOINT INSTRUCTION NO. 19</u>**

**2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.4.

**JOINT INSTRUCTION NO. 20**

**2.8 FOREIGN LANGUAGE TESTIMONY**

You may hear the testimony of one or more witnesses who will be testifying in the Korean language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Korean language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.8.

## **JOINT INSTRUCTION NO. 21**

### **2.11 USE OF INTERROGATORIES**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.11.

JOINT PROPOSED JURY INSTRUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>JOINT INSTRUCTION NO. 22</u>**

**2.12 USE OF REQUESTS FOR ADMISSION**

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.12.

JOINT PROPOSED JURY INSTRUCTION

1
2
3
4
5
6
7
8
9
10
11
12                          **FINAL INSTRUCTIONS**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTION

1

**JOINT INSTRUCTION NO. 23**

2

**1.4 DUTY OF JURY**

3   Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct

4   you on the law that applies to this case.

5   A copy of these instructions will be sent to the jury room for you to consult during your

6   deliberations.

7   It is your duty to find the facts from all the evidence in the case. To those facts you will

8   apply the law as I give it to you. You must follow the law as I give it to you whether you agree

9   with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

10  prejudices, or sympathy. That means that you must decide the case solely on the evidence before

11  you. You will recall that you took an oath to do so.

12  Please do not read into these instructions or anything that I may say or do or have said or

13  done that I have an opinion regarding the evidence or what your verdict should be.

14

15

16  **Source:** Ninth Circuit Manual of Model Jury Instructions, 1.4.

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTION

**<u>JOINT INSTRUCTION NO. 24</u>**

**1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.6.

## **JOINT INSTRUCTION NO. 25**

### **1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.9.

# JOINT INSTRUCTION NO. 26

## 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.10.

JOINT PROPOSED JURY INSTRUCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT INSTRUCTION NO. 27**

**1.11 EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony you have just heard may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.11.

-33-

# JOINT INSTRUCTION NO. 28

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.12.

JOINT PROPOSED JURY INSTRUCTION

**<u>JOINT INSTRUCTION NO. 29</u>**

**1.13 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

I have ordered that certain evidence be stricken from the record and that you disregard or ignore that evidence. You must not consider the stricken evidence for any purpose as you deliberate.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.13.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 30**

**1.14 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.14.

**<u>JOINT INSTRUCTION NO. 31</u>**

**1.18 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.18.

**JOINT INSTRUCTION NO. 32**

**2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.4.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 33**

**2.8 FOREIGN LANGUAGE TESTIMONY**

You heard the testimony of one or more witnesses who testified in the Korean language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Korean language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.8.

JOINT PROPOSED JURY INSTRUCTION

**<u>JOINT INSTRUCTION NO. 34</u>**

**2.13 EXPERT OPINION**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinions, and all the other evidence in the case.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.13.

JOINT PROPOSED JURY INSTRUCTION

## **JOINT INSTRUCTION NO. 35**

### **2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.14.

-41-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JOINT INSTRUCTION NO. 36**

### **2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.15.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 37**

**2.16 EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any

-43-

1  electronic data [disk] from the jury room, and do not copy any such data.

2  **Source:** Ninth Circuit Manual of Model Jury Instructions, 2.16.

**<u>JOINT INSTRUCTION NO. 38</u>**

**3.1 DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 3.1.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 39**

**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and

1    report it to me as soon as possible.

2         These rules protect each party's right to have this case decided only on evidence

3    that has been presented here in court. Witnesses here in court take an oath to tell the truth, and

4    the accuracy of their testimony is tested through the trial process. If you do any research or

5    investigation outside the courtroom, or gain any information through improper communications,

6    then your verdict may be influenced by inaccurate, incomplete or misleading information that

7    has not been tested by the trial process. Each of the parties is entitled to a fair trial by an

8    impartial jury, and if you decide the case based on information not presented in court, you will

9    have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it

10   is very important that you follow these rules.

11        A juror who violates these restrictions jeopardizes the fairness of these proceedings, and

12   a mistrial could result that would require the entire trial process to start over]. If any juror is

13   exposed to any outside information, please notify the court immediately.

14

15

16   **Source:** Ninth Circuit Manual of Model Jury Instructions, 3.2.

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 40**

**3.3 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 3.3.

-48-

**JOINT INSTRUCTION NO. 41**

**3.4 READBACKS OR PLAYBACKS**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 3.4.

## **JOINT INSTRUCTION NO. 42**

### **3.5 RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 3.5.

JOINT PROPOSED JURY INSTRUCTION

**JOINT INSTRUCTION NO. 43**

**3.9 POST-DISCHARGE INSTRUCTION**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

**Source:** Ninth Circuit Manual of Model Jury Instructions, 3.9.

JOINT PROPOSED JURY INSTRUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT INSTRUCTION NO. 44**

**BREACH OF CONTRACT—DAMAGES**

The basic principle of damages in a contract action is to leave the injured party in as good a position as it would have been if the contract had been fully performed.  It is equally fundamental that the injured party should not recover more from the breach than the party would have gained had the contract been fully performed.

Damages are measured as of the time of the breach.

**Source:** New York Pattern Jury Instructions § 4:20, Commentary "General Rules" (modified).

-52-

### <u>JOINT INSTRUCTION NO. 45</u>

**Breach of Contract—Failure to Mitigate**

If you decide to make an award of damages to Netlist, then you must next decide whether the amount of damages you have awarded to Netlist should be reduced, in whole or in part, because Netlist failed to use reasonable efforts to reduce or avoid its losses. Samsung bears the burden of proving, by a preponderance of the evidence, that Netlist failed to use reasonable efforts to reduce or avoid its losses.

The law requires a party injured by a breach of contract to make reasonable efforts to reduce or avoid its losses. If the injured party fails to do so, then it may not recover for any resulting increased loss. The duty to reduce or avoid damages arises when it is no longer reasonable to believe that the other party will perform the contract. If the injured party made reasonable efforts to reduce or avoid its losses, it does not matter if, in hindsight, another, better means of limiting the financial injury was possible.

If you find that Samsung established that Netlist failed to use reasonable efforts to reduce or avoid its losses, after it was no longer reasonable to believe that Samsung would perform the contract, then you shall proceed to calculate the amount that the damages sustained by Netlist should be reduced and make no further calculations. However, if you find that Samsung did not establish that Netlist failed to use reasonable efforts to reduce or avoid its losses, after it was no longer reasonable to believe that Samsung would perform the contract, then you shall not reduce the amount of Netlist's damages.

**Source:** Adapted from N.Y. Pattern Jury Instr.--Civil 4:20. 1.

JOINT PROPOSED JURY INSTRUCTION