JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (pro hac vice)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

EKWAN E. RHOW, SBN 174604
  erhow@birdmarella.com
MARC E. MASTERS, SBN 208375
  mmasters@birdmarella.com
DAVID I. HURWITZ, SBN 174632
  dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone:   310.201.2100
Facsimile:   310.201.2110

MICHAEL G. YODER (SB 83059)
  myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung Electronics Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　　Defendant. | **CASE NO. 8:20-cv-993-MCS (ADS)**<br><br>**COMPETING VERDICT FORMS**<br><br>Before Judge Mark C. Scarsi<br><br>**Final Pretrial Conference:**<br>Date:　November 15, 2021<br>Time:　2 p.m. PT<br><br>**Trial:**<br>Date:　November 30, 2021<br>Time:　8:30 a.m. PT |

Netlist Inc. ("Netlist") and Samsung Electronics Co., Ltd. ("Samsung") met and conferred yet were unable to come to an agreement on the form of a joint proposed verdict form. Attached hereto as **Attachment 1** and **Attachment 2** are Netlist's and Samsung's respective proposed Verdict Forms for the Court's consideration. Below is each party's respective position concerning the basis for its proposed form.

**Plaintiff's Position Supporting Its Proposed Form (Attachment 1):**

The issues remaining to be tried are narrow and, with minor exception, limited to damages. There is no need for a lengthy, multipart verdict form. A complex verdict form for simple issues is likely to cause confusion and/or frustration with the jury. Samsung's proposed form compounds this infirmity by not only turning a straightforward few questions into a labyrinthine effort, but by adding questions on equitable defenses, and ones that are no longer properly in the case or legally cognizable.

**Defendant's Position Supporting Its Proposed Form (Attachment 2):**

Samsung's proposed verdict form provides a structure whereby (1) the jury addresses each of the three remaining claims separately, (2) the jury identifies whether any of the damages awarded are duplicative given that Netlist is seeking the same damages under different claims, (3) any reduction in damages for failure to mitigate is separately stated, and (3) the jury addresses Samsung's affirmative defenses at least in an advisory capacity.

*First*, the verdict form should address each of the three claims for breach separately so that the verdict is clear what damages, if any, are being awarded for which claim and no damages are awarded twice. Samsung's proposed verdict form does so by providing separate questions for the claim for breach of the supply obligation under JDLA Section 6.2 (Samsung Verdict Form Section A), the claim for breach of the payment obligation under JDLA Section 3.1 (Samsung Verdict Form Section B), and the claim for breach of the reasonable cooperation obligation under JDLA Section 3.2 (Samsung Verdict Form Section C). Netlist's proposed verdict form lumps all of these claims and any award of damages together in a single question,

leading to potential confusion and double recovery. The risk of double recovery exists because Netlist's claims under Sections 3.1 and 3.2 seek overlapping damages in that both claims seek to recover fees incurred by Netlist to pursue a refund. In a meet-and-confer call on October 28, 2021, Netlist's counsel acknowledged that Netlist's damages claims under Sections 3.1 and 3.2 are overlapping in whole or in part. To avoid double recovery, Samsung included a question in its verdict form, Question 15 of Section C, asking the jury whether any of the damages awarded for the Section 3.2 claim are the same as the damages awarded for the Section 3.1 claim. Furthermore, due to the failure of Netlist's proposed verdict form to separate out the damages by claim, in the event of a verdict in favor of Netlist but a successful Samsung motion under Rule 50(b) or on appeal of one or more of the claims, the Court would need to hold a new trial because it would be impossible to determine what portion of the single damages amount was attributable to which claim. For all these reasons, the verdict form should have separate questions for each claim, and there should be a question about whether the same damages were awarded more than once.

**Second**, to recover actual damages under Section 6.2, Netlist must prove damages traceable to specific breaches of the supply obligation. Under New York law, it is the plaintiff's burden to demonstrate that its claimed damages were caused by, and directly traceable to, defendant's breach. *Bausch & Lomb Inc. v. Bressler*, 977 F.2d 720, 731 (2d Cir. 1992). Netlist did not attempt to do so in its motion for partial summary judgment motion, but instead expressly relied on the availability of nominal damages to make its case. *See* Netlist's Summary Judgment Motion at 21–22. The Court likewise did not find any actual damages attributable to specific breaches of Section 6.2 in its order granting partial summary judgment to Netlist, but instead relied on nominal damages and reserved the issue of actual damages for trial. *See* Summary Judgment Order at 15. As the Court recognized, Netlist contends in its first claim that "Samsung breached the JDLA by failing to fulfill orders for NAND and DRAM products." *Id.* at 6. Question 1 of Section A of Samsung's proposed verdict form

therefore properly asks whether Netlist suffered damages for Samsung's failure to fulfill Netlist orders for NAND and DRAM products at a competitive price in breach of Section 6.2.

*Third*, Samsung's waiver, acquiescence, and estoppel defenses remain unresolved. The Court's summary judgment order did not decide these affirmative defenses, only elements of Netlist's affirmative claims for relief: existence of contract, Netlist's performance, and Samsung's breach. The Court's summary judgment order, to the extent it addressed affirmative defenses at all, is limited solely to whether Netlist "waived the right to terminate," which defense only concerned the already-adjudicated declaratory relief claim. *See* Summary Judgement Order at 19. Nor is the no-waiver clause a bar to the remaining affirmative defense of waiver, because under New York law the no-waiver clause did not preserve Netlist's right to sue for prior breaches. *See Simon & Son Upholstery, Inc. v. 601 W. Assocs.*, LLC, 268 A.D.2d 359, 360, 702 N.Y.S.2d 256, 257 (2000) (no-waiver clause did not preserve landlord's ability to demand strict compliance with lease's limited use requirements as to prior breaches due to parties' course of performance, but clause would preserve landlord's ability to limit future alterations); *Macarthur Properties I, LLC v. Galbraith*, the court found that while a. 2018 WL 3412830, at *5 (N.Y. Sup. Ct. July 13, 2018) (similar no-waiver provision applied prospectively, but parties' "extended court of conduct" created fact issue over whether condominium board waived right to recover past due fees). Rather, the no-waiver clause merely preserved the right to sue for *future* breaches predicated on the same contract terms. *See Conant v. Alto 53, LLC*, 21 Misc. 3d 1147(A), 880 N.Y.S.2d 223 (Sup. Ct. 2008) (plaintiff may have "retain[ed] the option to terminate the contract for future breaches even where [he] waived the payment provisions as to past breaches"). Accordingly, Samsung has the right to present evidence and argument that Netlist waived claims for breach notwithstanding the no-waiver clause.

*Fourth*, questions 4, 9, and 16—concerning Netlist's reasonable efforts to reduce or avoid damages—should be included. This is consistent with the New York

pattern jury instructions, which contain separate instructions on mitigation. *See* New York Pattern Jury Instruction 4:20 (mitigation). Netlist's proposed verdict form fails to include these questions.

   ***Fifth***, all of Samsung's affirmative defenses should go to the jury given that the facts relevant to those defenses are interwoven with the facts relevant to Netlist's affirmative claims. Samsung's Statement of its Affirmative Defenses in the Final Pretrial Conference Order shows in detail how the events giving rise to its affirmative defenses occurred in close relationship with the events giving rise to Netlist's affirmative claims. Furthermore, under New York law, "[w]hether a party waived a contractual provision is a ***question of fact for the jury*** because the party asserting waiver must show that there was an intent to waive." *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006). The Court should at least exercise its discretion to put the affirmative defenses to the jury in an advisory capacity. Fed. R. Civ. Proc. 39(c) ("In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury ….").

Dated: November 1, 2021

                                         GIBSON, DUNN & CRUTCHER LLP

                                         By: */s/ Jason C. Lo*
                                           Jason C. Lo
                                           333 South Grand Avenue
                                           Los Angeles, CA 90071
                                           213.229.7000
                                           jlo@gibsondunn.com

                                           Attorneys for Plaintiff Netlist Inc.

Dated: November 1, 2021

                                           BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

                                           By: *Ekwan E. Rhow*
                                           Ekwan E. Rhow
                                           1875 Century Park East, 23rd Floor
                                           Los Angeles, California 90067-2561
                                           310.201.2100

                                           Attorneys for Defendant Samsung Electronics Co., Ltd.

## **ATTESTATION**

      Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 1, 2021                By: */s/ Raymond LaMagna*
                                                           Raymond LaMagna

# ATTACHMENT 1 – PLAINTIFF NETLIST'S VERSION

**VERDICT FORM**

1. What amount of damages did Netlist prove by a preponderance of the evidence that it incurred as a result of Samsung's breach?:

    $_____

2. If you award damages to Netlist for breach of the supply provision, what is a reasonable intermediate date within the damages period from which pre-judgment interest should be awarded?:

    _____

3. Did Netlist prove by a preponderance of the evidence that Samsung breached its obligation to reasonably cooperate with Netlist to seek a refund of tax withholdings? (Yes or No). _____

*Sign and date this verdict form.*

Signed: _____       Date: _____
                Presiding Juror

**ATTACHMENT 2 – DEFENDANT SAMSUNG'S VERSION**

# SECTION A - CLAIM I – BREACH OF CONTRACT, SECTION 6.2

1. Did Netlist suffer damages as a result of Samsung's failure to fulfill Netlist's orders for NAND or DRAM products at a competitive price in breach of Section 6.2 of the JDLA?

   \_\_\_\_\_ Yes          \_\_\_\_\_ No

   *If your answer to question 1 is "Yes," continue to question 2. If you answered "No," proceed to section B.*

2. Is Netlist barred from recovering any of its claimed damages for breach of Section 6.2 of the JDLA based on any of the following defenses asserted by Samsung:

   | | | |
   |---|---|---|
   | Waiver: | \_\_\_\_\_ Yes | \_\_\_\_\_ No |
   | Acquiescence: | \_\_\_\_\_ Yes | \_\_\_\_\_ No |
   | Estoppel: | \_\_\_\_\_ Yes | \_\_\_\_\_ No |

   *Continue to question 3.*

**COMPETING [PROPOSED] VERDICT FORMS**

3. What amount of damages did Netlist suffer as a result of Samsung's breach of Section 6.2 of the JDLA that is not barred by any of the defenses you found Samsung has established in your answer to question 2?

$_____

*If your answer to question 3 is $0, proceed to section B.  Otherwise,  continue to question 4.*

4. Did Netlist fail to use reasonable efforts to reduce or avoid any of the damages included in your answer to question 3?

_____ Yes            _____ No

*If your answer to question 4 is "Yes," continue to question 5. If you answered "No," proceed to section B.*

5. State the amount by which the damages you specified in your answer to question 3 should be reduced.

$_____

*Proceed to section B.*

# SECTION B - CLAIM II(a) - BREACH OF CONTRACT, SECTION 3.2 (TAX WITHHOLDING)

6. Did Netlist suffer damages as a result of Samsung's breach of Section 3.1 of the JDLA by withholding an amount from the NRE fee and paying that amount to the Korean tax service?

    \_\_\_\_\_ Yes             \_\_\_\_\_ No

    *If your answer to question 6 is "Yes," continue to question 7.  If you answered "No," proceed to section C.*

7. Based on any of the following defenses asserted by Samsung, is Netlist barred from recovering damages as a result of Samsung's breach of Section 3.1 of the JDLA by withholding an amount from the NRE fee and paying that amount to the Korean tax service:

    | | | |
    |---|---|---|
    | Waiver: | \_\_\_\_\_ Yes | \_\_\_\_\_ No |
    | Acquiescence: | \_\_\_\_\_ Yes | \_\_\_\_\_ No |
    | Estoppel: | \_\_\_\_\_ Yes | \_\_\_\_\_ No |

    *Continue to question 8.*

8. What amount of damages did Netlist suffer as a result of Samsung's breach of Section 3.1 of the JDLA withholding an amount from the NRE fee and paying that amount to the Korean tax service that is not barred based on any of the defenses you found Samsung has established in your answer to question 7?

$_____

*If your answer to question 8 is $0, proceed to section C. Otherwise, continue to question 4.*

9. Did Netlist fail to use reasonable efforts to reduce or avoid any of the damages you included in your answer to question 8?

\_\_\_\_\_ Yes            \_\_\_\_\_ No

*If your answer to question 9 is "Yes," continue to question 10. If you answered "No," proceed to section C.*

10. State the amount by which the damages you specified in your answer to question 8 should be reduced.

$_____

*Proceed to section C.*

# SECTION C - CLAIM II(b) - BREACH OF CONTRACT, SECTION 3.2 (REASONABLE COOPERATION)

11. Did Samsung breach Section 3.2 of the JDLA by failing to reasonably cooperate with Netlist in lawful efforts to claim a refund of the portion of the NRE fee that Samsung withheld as taxes and paid to the Korean tax authority?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

*If your answer to question 11 is "Yes," continue to question 12. If you answered "No" stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.*

12. Did Netlist suffer damages as a result of Samsung's breach of Section 3.1 of the JDLA by not reasonably cooperating with Netlist in lawful efforts to claim a refund of the portion of the NRE fee that Samsung withheld as taxes and paid to the Korean tax authority?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

*If your answer to question 12 is "Yes," continue to question 13. If you answered "No" stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.*

13. Based on any of the following defenses asserted by Samsung, is Netlist barred from recovering damages as a result of Samsung's breach of Section 3.2 of the JDLA by not reasonably cooperating with Netlist in lawful efforts to claim a refund of the portion of the NRE fee that Samsung withheld as taxes and paid to the Korean tax authority:

| | | |
|---|---|---|
| Waiver: | _____ Yes | _____ No |
| Acquiescence: | _____ Yes | _____ No |
| Estoppel: | _____ Yes | _____ No |

*Continue to question 14.*

14. What amount of damages did Netlist suffer as a result of Samsung's breach of Section 3.2 of the JDLA by not reasonably cooperating in lawful efforts to claim a refund of the portion of the NRE fee that Samsung withheld as taxes and paid to the Korean tax authority that is not barred based on any the defenses you found Samsung has established in your answer to question 13?

$_____

*If your answer to question 14 is $0, answer no further questions on this verdict form, and have the presiding juror sign and date this form. Otherwise, continue to question 15.*

15. Are any of the damages you included in your answer to question 14 the same damages you included in your answer to question 8?

\_\_\_\_\_ Yes          _____ No

*If your answer to question 15 is yes, answer no further questions on this verdict form, and have the presiding juror sign and date this form. If you answered "No" continue to question 16.*

16. Did Netlist fail to use reasonable efforts to reduce or avoid any of the damages you included in your answer to question 14?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

*If your answer to question 16 is "Yes," continue to question 17. If you answered "No," answer no further questions on this verdict form, and have the presiding juror sign and date this form.*

17. State the amount by which the damages you specified in your answer to question 14 should be reduced.

$_____

*Sign and date this verdict form.*

Signed: _____        Date: _____
                    Presiding Juror