JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff Netlist Inc.

EKWAN E. RHOW, SBN 174604
  erhow@birdmarella.com
MARC E. MASTERS, SBN 208375
  mmasters@birdmarella.com
DAVID I. HURWITZ, SBN 174632
  dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: 310.201.2100
Facsimile: 310.201.2110

MICHAEL G. YODER (SB 83059)
  myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung
  Electronics Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**JOINT DISPUTED JURY INSTRUCTIONS**<br><br>Before Judge Mark C. Scarsi<br><br>**Final Pretrial Conference:**<br>Date:   November 15, 2021<br>Time:   2 p.m. PT<br><br>**Trial:**<br>Date:   November 30, 2021<br>Time:   8:30 a.m. PT |

Plaintiff NETLIST, INC, by and through its undersigned counsel, and Defendant SAMSUNG ELECTRONICS CO., LTD., by and through its undersigned counsel, respectfully submit the following Joint Disputed Jury Instructions:

## INDEX OF DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Proposing Party | Page |
|---|---|---|---|---|
| 1 | Claims And Defenses | Ninth Circuit Manual Of Model Jury Instructions, 1.5 (Modified) | Plaintiff / Defendant | 1 |
| 2 | Elements of Breach of Contract | New York Pattern Jury Instruction 4:1(I) (modified). | Plaintiff | 8 |
| 3 | Breach of Contract—Damages (Generally) | New York Pattern Jury Instruction 4:2 (modified); *see also Bausch & Lomb Inc. v Bressler*, 977 F2d 720, 731 (2d Cir 1992). | Defendant | 12 |
| 4 | Breach of Contract – Damages for Breach of Section 6.2 | New York Pattern Jury Instructions § 4:20 Commentary "Market Value" (modified); *RES Exhibit Services, LLC v. Genesis Vision, Inc.*, 155 A.D.3d 1515, 1519 (4th Dept. 2017). | Defendant | 17 |
| 5 | Breach of Contract – Damages for Netlist's First Claim for Breach of Section 3.1 | New York Pattern Jury Instruction 4:2 (Modified). | Defendant | 21 |
| 6 | Breach of Contract – Netlist's Second Claim for Breach of Section 3.2 | New York Pattern Jury Instructions 4:1 (modified); New York Pattern Jury Instructions § 4:20, Commentary "General Rules" (modified). | Defendant | 24 |
| 7 | Contract Damages—Market Value | New York Pattern Jury Instructions § 4:20 Commentary "Market Value" (Modified) | Plaintiff | 27 |
| 8 | Pre-Verdict Interest | New York Pattern Jury Instructions § 4:20 Commentary "Interest" (modified); *Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C.*, 91 N.Y.2d 256, 262 (1998); CPLR 5001(b). | Plaintiff, Defendant | 31 |
| 9 | Waiver | Adapted from Fed. Jury Prac. & Instr. § 126:12; *Stassa v. Stassa,* | Defendant | 35 |

JOINT DISPUTED JURY INSTRUCTION

| No. | Title | Source | Proposing Party | Page |
|---|---|---|---|---|
|  |  | 123 A.D. 3d 804, 805 (2014); *Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Management, L.P.*, 7 NY3d 96, 817 NYS2d 606, 850 N.E.2d 653 (2006); *Gen. Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 N.Y.2d 232, 236 (1995); *Kamco Supply Corp. v On the Right Track, LLC*, 149 A.D.3d 275, 280 (2d Dept 2017); *AM Cosmetics, Inc. v Solomon*, 67 F. Supp. 2d 312, 317-18 (S.D.N.Y. 1999); *Laugh Factory, Inc. v Basciano*, 608 F. Supp. 2d 549, 557 (S.D.N.Y. 2009); *Natl. Westminster Bank, U.S.A. v Ross*, 130 B.R. 656, 675 (S.D.N.Y. 1991), *affd sub nom. Yaeger v Natl. Westminster*, 962 F2d 1 (2d Cir 1992); *Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC*, 191 A.D.3d 857 (2d Dept 2021); *Stassa v Stassa*, 123 A.D.3d 804, 806 (2d Dept 2014); *Kenyon & Kenyon v Logany, LLC*, 33 A.D.3d 538, 539 (1st Dept 2006); *Dice v Inwood Hills Condominium*, 237 A.D.2d 403, 404 (2d Dept 1997). |  |  |
| 10 | Acquiescence | *Dial-A-Mattress V. Mattress Madness*, 841 F. Supp 1339, 1356 (E.D.N.Y. 1994). | Defendant | 43 |
| 11 | Estoppel | *In Re Vebeliunas*, 332 F.3d 85, 94 (2d Cir. 2003). | Defendant | 49 |
| 12 | Impeachment Evidence—Witness | Ninth Circuit Manual of Model Jury Instructions, 2.9. | Plaintiff | 53 |

The parties' disputed instructions relate to each other as follows:

| Disputed Instructions | Plaintiff | Defendant |
|---|---|---|
| Claims And Defenses | 1 | 1 |

| Disputed Instructions | Plaintiff | Defendant |
|---|---|---|
| Elements of Breach of Contract | 2 | N/A |
| Breach of Contract—Damages | 7 | 3, 4, 5, 6 |
| Pre-Verdict Interest | 8 | 8 |
| Waiver | N/A | 9 |
| Acquiescence | N/A | 10 |
| Estoppel | N/A | 11 |
| Impeachment Evidence—Witness | 12 | N/A |

Date: November 1, 2021    GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jason C. Lo
    Jason C. Lo
    Attorney for Netlist, Inc.

Date: November 1, 2021    BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: /s/ Ekwan Rhow
    Ekwan Rhow
    Attorney for Samsung Electronics Co., Ltd.

## **ATTESTATION**

    Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 1, 2021    By: /s/ Raymond LaMagna
    Raymond LaMagna

## **DISPUTED INSTRUCTIONS NO. 1**

### **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 1**

### **CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff, Netlist, asserts that the Defendant Samsung breached the JDLA by failing to supply NAND and DRAM products in breach of Section 6.2 of the JDLA and as a result Netlist had to purchase replacement NAND and DRAM products from other companies at a higher price than it would have paid to Samsung.  The Court has determined that Netlist has established that the JDLA constituted a valid contract, that Netlist performed under the contract, and that Samsung materially breached the supply provision of the contract.  Netlist claims that it suffered damages due to Samsung's breach of this provision of the agreement because Netlist had to purchase replacement NAND and DRAM products from other companies at a higher price than it would have paid to Samsung.

The JDLA also obligated Samsung to pay Netlist $8 million as a one-time payment for a "non-recurring engineering" or "NRE" fee, but permitted Samsung to withhold taxes on this amount that were required by applicable Korean law.  The Court has determined that Samsung was not required by applicable law to withhold; therefore, Samsung materially breached by withholding.  Netlist claims that it suffered damages due to this breach.

Samsung disputes the amount of damages that are owed to Netlist in consequence of its breach of the supply obligation of the JDLA.  Samsung also disputes the amount of damages that are owed to Netlist in consequence of its breach due to withholding $1.32 million from the NRE fee paid to Netlist.  Netlist has the burden of proving the amount of damages Samsung owes for these claims.

- 1 -

JOINT DISPUTED JURY INSTRUCTION

Samsung also denies that it breached its obligation to reasonably cooperate with Netlist in seeking a return of that sum it withheld and paid to the Korean tax authority.  Netlist has the burden of proving this claim.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.5 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Netlist, and the defendant, Samsung, are parties to a contract called the Joint Development and License Agreement or JDLA for short. Netlist claims that Samsung failed to supply NAND and DRAM products to Netlist at its request at a competitive price in breach of the JDLA. Netlist further claims that it suffered damages as a result by having to purchase replacement NAND and DRAM products from other companies at a higher price than Samsung had to supply the products to Netlist under the JDLA. Samsung disputes that it breached its obligation to supply products to Netlist, claiming that it fulfilled Netlist's requests for products or provided Netlist with a reasonable allocation of products given, among other things, the parties' past dealings and industry custom and practice. Samsung also disputes the damages that Netlist claims to have suffered as a result of unfulfilled requests for products.

The JDLA also obligated Samsung to pay Netlist $8 million as a one-time payment, but permitted Samsung to withhold taxes on this amount that were required by Korean law. Samsung withheld $1.32 million as taxes and paid those taxes to the Korean tax authority. Netlist subsequently obtained a refund of those taxes from the Korean tax authority. It is not disputed for purposes of this trial that Samsung was not required by Korean law to withhold those taxes. Netlist claims that it suffered damages due to the tax withholding. Samsung disputes the claimed damages.

Netlist claims that Samsung also breached the JDLA by failing to reasonably cooperate in lawful efforts by Netlist to claim a refund of the tax withholding and that Netlist suffered damages as a result. Samsung denies that it failed to reasonably cooperate and that Netlist suffered any damages thereby.

- 3 -

1    In addition, Samsung asserts that Netlist's claims are barred by the defenses

2  of acquiescence, estoppel and waiver and that Netlist did not satisfy its duty to use

3  reasonable efforts to mitigate any damages.  I will instruct you on these defenses

4  later in the trial.  Netlist denies these defenses.

5

6  **Source:** Ninth Circuit Manual of Model Jury Instructions, 1.5 (modified).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DISPUTED JURY INSTRUCTION

1
2

**PLAINTIFF'S POSITION STATEMENT REGARDING**

**COMPETING JURY INSTRUCTIONS NO. 1**

3

4

5

Plaintiff's proposed instruction follows the model instructions from the Ninth Circuit Manual of Model Jury Instructions.  The purpose of this instruction is to lay out the claims and defenses of the case and provide helpful context for the jury.

6

7

8

9

10

11

12

Samsung's proposed instruction seeks to relitigate matter on which the Court already has ruled, including that Samsung breached its supply obligation to Netlist and omits that Samsung breached the JDLA by withholding $1.32 million from the NRE Fees.  Samsung's proposed instruction suggests the burden of proof is higher than it actually is for the Plaintiff and obscures the fact that the focus of the trial is on damages only.  As such, Samsung's proposed instruction is improper, as well as confusing and misleading for the jury.

13

14

15

16

17

This instruction also improperly references Samsung's affirmative defenses. Samsung's affirmative defenses to breach or liability are no longer relevant, and only defenses related to the merits of damages (*e.g.*, whether Netlist has proven damages) remain in the case.  Samsung thus has no basis for presenting any instructions related to affirmative defenses to the jury.

18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S POSITION STATEMENT REGARDING
## COMPETING JURY INSTRUCTIONS NO. 1

Samsung's Proposed Jury Instructions No. 1—Claims and Defenses— is a neutral statement accurately summarizing the parties' claims and defenses and the issues to be tried.

Netlist's Proposed Jury Instruction No. 1 is not neutral and contains information that is unnecessary, unfairly prejudicial to Samsung, and potentially confusing to jurors.

***First***, in the second paragraph, with respect to the statements that "[t]he Court has determined that Netlist has established that the JDLA constituted a valid contract, that Netlist performed under the contract, and that Samsung materially breached the supply provision of the contract" and that "Netlist claims that it suffered damages due to Samsung's breach of this provision of the agreement because Netlist had to purchase replacement NAND and DRAM products from other companies at a higher price than it would have paid to Samsung," it will be the jury's task to determine whether Netlist has met its burden to prove that specific breaches of Section 6.2 of the JDLA occurred and whether those breaches caused actual damages to Netlist.  In the summary judgment proceedings, Netlist did not ask the Court to make findings, and the Court did not make findings, of specific breaches of the supply obligation—consisting of dates and amounts of unfulfilled orders for NAND and DRAM products.  Accordingly, under the Seventh Amendment to the U.S. Constitution, Samsung is entitled to have the jury decide whether Samsung refused specific requests in breach of the contract causing Netlist to sustain actual damages. *See Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931) (Seventh Amendment guarantees that a trial on separate issues may not be resorted to "unless it clearly appears that the issue to be tried is so distinct and separable from others that a trial of it alone may be had without injustice").  Yet, in its Proposed Jury Instructions No. 1, Netlist inaccurately

- 6 -

suggests that the element of breach of the supply obligation has already been determined for purposes of the trial and that Netlist's claim for damages is based on the breach already found by the Court. Netlist also needlessly says that this breach was material. While the question of whether the breach of contract was material was pertinent to Netlist's declaratory relief claim, which the Court fully adjudicated, materiality is not an element of, and is not relevant to, Netlist's claim for damages for breach of Section 6.2.

*Second*, in the third paragraph, referring to the withholding of taxes, Netlist's Proposed Jury Instructions No. 1 needlessly states that Samsung "materially breached by withholding." Materiality is also not an element of, and is not relevant, to Netlist's claim for damages for breach of Section 3.1 of the JDLA by withholding taxes.

*Third*, in the fourth paragraph, Netlist's statement that Samsung "disputes the amount of damages that are owed to Netlist in consequence of its breach of the supply obligation of the JDLA" is misleading in that it assumes that at trial Netlist has proven a specific breach of Section 6.2 resulting in damages to Netlist, when in reality Netlist will have to put on evidence of specific breaches of Section 6.2 and prove that it suffered actual damages as a result of those breaches.

## **DISPUTED INSTRUCTIONS NO. 2**

### **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 2**

### **ELEMENTS OF BREACH OF CONTRACT**

The elements of Netlist's causes of action for breach of contract are (1) formation of a contract between Netlist and Samsung, (2) performance by Netlist, (3) Samsung's failure to perform, (4) resulting damage.  As I mentioned earlier, the Court has already determined that the JDLA comprised a valid contract between Netlist and Samsung, that Netlist performed its obligations under the JDLA and that Samsung failed to perform its product supply and tax withholding obligations under the JDLA.

**Source:** New York Pattern Jury Instruction 4:1(I) (modified).

**PLAINTIFF'S POSITION STATEMENT REGARDING PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 2**

This instruction follows model instruction from the New York Pattern Jury Instruction, modified to reflect the facts of this case.  It is easy to understand and provides helpful context for the jury regarding what the elements of a breach are and which claims have already been decided.  Given that this is a contract dispute, it would be confusing for the jury to not have instructions on the basic elements of a breach of contract.  A basic recitation of the elements of a breach of contract are warranted in any contract dispute.

## DEFENDANT'S POSITION STATEMENT REGARDING
## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 2

Netlist's Proposed Jury Instructions No. 2—Elements of Breach of Contract—is unnecessary to the extent it refers to two elements of a breach of contract claim, formation and performance by Netlist, that the Court has already adjudicated as a matter of law. Those elements will not be at issue in the trial, and the jury should not be instructed on elements that are not at issue.

Moreover, Plaintiff's Proposed Jury Instruction No. 2 is extraneous and misleading to the extent it says that "the Court has already determined … that Samsung failed to perform its product supply … obligations under the JDLA." In the summary judgment proceedings, Netlist did not ask the Court to make findings, and the Court did not make findings, of specific breaches of the supply obligation—consisting of dates and amounts of unfulfilled orders for NAND and DRAM products. Accordingly, under the Seventh Amendment to the U.S. Constitution, Samsung is entitled to have the jury decide whether Samsung refused specific requests in breach of the contract causing Netlist to sustain actual damages. *See Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931) (Seventh Amendment guarantees that a trial on separate issues may not be resorted to "unless it clearly appears that the issue to be tried is so distinct and separable from others that a trial of it alone may be had without injustice"). There is no reason for the jury to be instructed that the Court found a breach of Section 6.2 in the summary judgment proceedings because the jury cannot rely on that finding. That instruction would also unfairly prejudice Samsung and potentially confuse the jurors by supplanting their role to determine whether Netlist has proven at trial that specific breaches of Section 6.2 caused it to sustain actual damages. The statement that the Court has determined that Samsung failed to perform its "tax withholding obligations" is also inaccurate, because what the Court determined is

JOINT DISPUTED JURY INSTRUCTION

that Samsung did not make the full payment due under Section 3.1, and falsely

makes it sound as though Samsung failed to pay its taxes.

JOINT DISPUTED JURY INSTRUCTION

## **DISPUTED INSTRUCTIONS NO. 3**

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 3**

## **BREACH OF CONTRACT – DAMAGES (GENERALLY)**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Netlist. It is for you to decide on the evidence presented and the rules of law I have given you whether Netlist is entitled to recover from Samsung. If you decide that Netlist is not entitled to recover, you need not consider damages. Only if you decide that Netlist is entitled to recover will you consider damages.

If you decide that Samsung's breaches caused harm, you also must decide how much money will reasonably compensate Netlist for the harm caused by any breach. This compensation is called "damages." Netlist must establish a causal relationship between the breach of contract and the damages. The purpose of such damages is to put Netlist in as good a position as it would have been if Samsung had performed as promised. To recover damages for any harm, Netlist must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of the contract. Netlist must prove any damages to a reasonable certainty. You must not speculate or guess in awarding damages.

**Source:** New York Pattern Jury Instruction 4:2 (modified); *see also Bausch & Lomb Inc. v Bressler*, 977 F2d 720, 731 (2d Cir 1992).

JOINT DISPUTED JURY INSTRUCTION

**DEFENDANT'S POSITION STATEMENT REGARDING
DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 3**

Defendant's Proposed Jury Instruction No. 3 on breach of contract damages generally tracks New York Pattern Jury Instructions and Commentary and, where appropriate, supplements those instructions with statements grounded in well-established New York law.  This is necessary because the New York Pattern Jury Instructions do not address all of the requirements to prove breach of contract damages, but instead address these requirements in the commentary.  Samsung also took several statements directly from the Judicial Council of California Civil Jury Instructions ("CACI") on breach of contract, CACI 350 (Introduction to Contract Damages), modified with the parties' names.  Samsung used the CACI to address gaps in the New York instructions to cover issues on which the jury will need instruction.  The familiar CACI instructions are clear, well-understood in this courthouse, and consistent with New York law.

### *New York Pattern Jury Instructions & Commentary*

| New York Pattern Jury Instruction | Samsung Proposed Jury Instruction |
|---|---|
| My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendant. If you decide (he, she, it) is not entitled to recover, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider damages.<br><br>N.Y. Pattern Jury Instr.--Civil 4:20. | My charge to you on the law of damages must not be taken as a suggestion that you should find for Netlist. It is for you to decide on the evidence presented and the rules of law I have given you whether Netlist is entitled to recover from Samsung. If you decide that Netlist is not entitled to recover, you need not consider damages. Only if you decide that Netlist is entitled to recover will you consider damages. |
| The basic principle of damages in a contract action is to leave the injured | The purpose of such damages is to put Netlist in as good a position as it would |

| party in as good a position as he or she would have been if the contract had been fully performed<br><br>Commentary, N.Y. Pattern Jury Instr.--Civil 4:20 (General Rules) | have been if Samsung had performed as promised. |
|---|---|
| Where actual damages have been pleaded and are to be proved, plaintiff must establish a causal relationship between the breach of contract and the damages<br><br>Commentary, N.Y. Pattern Jury Instr.--Civil 4:20 (General Rules) (collecting cases). | Netlist must establish a causal relationship between the breach of contract and the damages. |

### *Judicial Counsel of California Civil Jury Instructions 350*

| **CACI 350** | **Samsung Proposed Jury Instruction** |
|---|---|
| If you decide that [name of plaintiff] has proved [his/her/nonbinary pronoun/its] claim against [name of defendant] for breach of contract, you also must decide how much money will reasonably compensate [name of plaintiff] for the harm caused by the breach. This compensation is called "damages." | If you decide that Samsung's breaches caused harm, you also must decide how much money will reasonably compensate Netlist for the harm caused by any breach. This compensation is called "damages.". |
| To recover damages for any harm, [name of plaintiff] must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract. | To recover damages for any harm, Netlist must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of the contract. |

- 14 -

| You must not speculate or guess in awarding damages. | You must not speculate or guess in awarding damages. |
|---|---|
| Judicial Counsel of California Civil Jury Instruction 350 (Introduction to Contract Damages); *see also Fruition, Inc. v. Rhoda Lee, Inc.,* 1 A.D.3d 124, 766 N.Y.S.2d 437 (1st Dep't 2003) ("[Plaintiff] may recover the damages that ordinarily and naturally flow from the breach, provided they are proximate and certain, not remote, speculative or contingent."). | |

### *Statements of New York Law*

| Statements of New York Law | Samsung Proposed Jury Instruction |
|---|---|
| A plaintiff seeking damages for breach of contract may not recover for loss beyond an amount that the evidence permits to be established with reasonable certainty.<br><br>*See Bausch & Lomb Inc. v Bressler*, 977 F2d 720, 731 (2d Cir 1992) (internal quotation marks omitted). | Netlist must prove any damages to a reasonable certainty. |

JOINT DISPUTED JURY INSTRUCTION

1
2

**PLAINTIFF'S POSITION STATEMENT REGARDING
DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 3**

3     Netlist objects to this instruction in whole.  This instruction does not track the
4   cited pattern instruction.  It is also inappropriate as written as it confusingly suggests
5   that Netlist has to relitigate liability, despite the fact that the Court has already
6   determined all of the predicate elements to damages.  To the extent this instruction
7   seeks to discuss the purpose of damages, that is already covered by the joint
8   proposed instruction on damages.  As such, this instruction is duplicative and likely
9   to cause confusion to the jury, and must be excluded.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT DISPUTED JURY INSTRUCTION

**DISPUTED INSTRUCTIONS NO. 4**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 4**

**BREACH OF CONTRACT – DAMAGES FOR BREACH OF SECTION 6.2**

Netlist seeks to recover damages for breach of Section 6.2 of the JDLA.  You will determine whether Netlist is entitled to damages for one or more breaches of Section 6.2 and, if so, in what amount.

In order for Netlist to recover damages for this claim, Netlist must prove, by a preponderance of the evidence, that it suffered damages due to Samsung's failure to supply NAND or DRAM products to Netlist on Netlist's request at a competitive price in breach of Section 6.2 of the JDLA.  In determining whether Samsung met its supply obligation under this provision, you may consider the parties' dealings and industry custom and practice regarding a manufacturer's allocation of such products among customers.  If you find no breach of Section 6.2, Netlist is not entitled to recover any damages for this claim.  The measure of any damages for breach of Section 6.2 is the difference between the price at which Samsung was required under Section 6.2 to supply the NAND and DRAM products requested by Netlist, and the price that Netlist paid third-party suppliers in order to purchase those products because Samsung did not supply them.  If the price paid to the third-party suppliers was the same or lower than the price at which Samsung was required under Section 6.2 to supply the requested products, Netlist has no damages.  Samsung also has raised a number of defenses to Netlist's claim for damages for breach of Section 6.2.  You will need to determine if any of these defenses preclude or reduce Netlist's damages claim.

**Source:**  New York Pattern Jury Instructions § 4:20 Commentary "Market Value" (modified); *RES Exhibit Services, LLC v. Genesis Vision, Inc.*, 155 A.D.3d 1515, 1519 (4th Dept. 2017).

**DEFENDANT'S POSITION STATEMENT REGARDING**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 4**

Samsung's Proposed Jury Instruction Nos. 4–6 properly instruct the jury on each of Plaintiff's three remaining claims separately, ensuring that the jury can provide clear answers on the verdict form as to what damages are being awarded for which claim and no damages are awarded twice. These instructions track Samsung's proposed verdict form, which includes separate questions for the claim for breach of the supply obligation under JDLA Section 6.2 (Samsung Verdict Form Section A), the claim for breach of the payment obligation under JDLA Section 3.1 (Samsung Verdict Form Section B), and the claim for breach of the reasonable cooperation obligation under JDLA Section 3.2 (Samsung Verdict Form Section C). Netlist's proposed instructions fail to tether the instructions to specific breaches, but instead lump them together, leading to potential juror confusion and an unclear verdict.

Different instructions for the different claims is necessary because the measure of damages for a Section 6.2 breach differs from the measure of damages for Section 3.1 or 3.2 breaches. The measure of damages for a breach of Section 6.2 is cover damages, which will require the jury to calculate the price and quantity Samsung was required to supply for NAND and DRAM products requested by Netlist, and the price that Netlist paid third-party suppliers to cover orders that Samsung failed to fill in breach of its Section 6.2 obligation. In contrast, the measure of damages for Netlist's claims under Sections 3.1 and 3.2 is the accrued pre-verdict interest attributable to Samsung's breach of the payment obligation or its breach, if any, of the cooperation obligation. There is no reason to lump instructions on these damages measures into a single instruction.

Moreover, the Section 6.2 damages inquiry will require the jury to determine, among other things, whether Samsung failed to fill a particular order, and whether such failure deviated from the parties' dealings and industry custom and practice

regarding a manufacturer's allocation of such products among customers.  That is consistent with *RES Exhibit Services, LLC v. Genesis Vision, Inc.*, 155 A.D.3d 1515 (4th Dept. 2017), a decision this Court relied on in its summary judgement order in finding that the supply obligation in Section 6.2 was not so indefinite as to be unenforceable (Order at 11:10–22.)  *In RES Exhibit Services*, the court concluded that a contract to set up exhibit booths for trade shows was not too indefinite, despite unspecified terms for price and scope of services, because the parties' obligations could be measured by "objective criteria[, which] may be found in the agreement itself, commercial practice, or other usage and custom." *RES Exhibit Services, LLC*, 155 A.D. 3d at 1519.  Netlist's proposed jury instructions make no mention of this essential inquiry into industry custom and practice that the jury must conduct.

Defendant's Proposed Jury Instruction Nos. 4–6 also reference Samsung's affirmative defenses.  Plaintiff's proposed jury instructions omit instructions on Samsung's affirmative defenses based on Plaintiff's erroneous contention that the Court already disposed of all of Defendant's affirmative defenses in granting partial summary judgment in Plaintiff's favor.  In moving for partial summary judgment, Plaintiff did not ask the Court to decide, and the Court did not decide, Defendant's affirmative defenses.  Plaintiff's motion sought a determination that there was an enforceable contract, Netlist performed, and Samsung breached, (see Dkt. 186 at 6, 15), not that Defendant's affirmative defenses to Plaintiff's claims were invalid.

JOINT DISPUTED JURY INSTRUCTION

## PLAINTIFF'S POSITION STATEMENT REGARDING DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 4

Netlist objects in whole to this jury instruction on the basis that it is argumentative, duplicative, overly complicated, and likely to cause confusion to the jury. The instruction also does not track the model jury instruction cited.

Netlist additionally objects on the basis that this jury instruction seeks to relitigate the question of breach and liability—the Court has already determined Samsung's liability and the only remaining issue to be tried is damages. Samsung thus has no basis for presenting any instructions regarding whether Samsung met its supply obligation under the JDLA the jury or for suggesting that there may not have been a breach of Section 6.2.

JOINT DISPUTED JURY INSTRUCTION

## DISPUTED INSTRUCTIONS NO. 5

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 5

## BREACH OF CONTRACT – DAMAGES FOR NETLIST'S FIRST CLAIM

## FOR BREACH OF SECTION 3.1

Netlist also seeks to recover damages for Samsung's breach of Section 3.1 of the JDLA by withholding taxes from a payment due to Netlist.  You will determine whether Netlist is entitled to damages on this claim and, if so, in what amount.

In order for Netlist to recover damages on this claim, Netlist must prove, by a preponderance of the evidence, that it suffered damages as a result of Samsung's tax withholding of $1.32 million of the $8 million payment.  Netlist can only recover accrued interest as a result of this breach.  Samsung also has raised a number of defenses to Netlist's claim for damages for breach of Section 3.1. You will need to determine if any of these defenses preclude or reduce Netlist's damages claim.

**Source:** New York Pattern Jury Instruction 4:2 (modified).

JOINT DISPUTED JURY INSTRUCTION

# DEFENDANT'S POSITION STATEMENT REGARDING DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 5

See Defendant's Position Statement Regarding Defendant's Proposed Jury Instructions No. 4, which is fully incorporated herein by reference. In addition, separate instructions on Sections 3.1 and 3.2 are necessary because of the risk of double recovery for Netlist's claims under those provisions. Netlist's claims under those sections seek overlapping damages in that both claims seek to recover fees incurred by Netlist to pursue a refund. In a meet-and-confer call on October 28, 2021, Netlist's counsel acknowledged that Netlist's damages claims under Sections 3.1 and 3.2 are overlapping in whole or in part. Separate instructions are required to ensure that the jury does not erroneously award duplicative relief.

## PLAINTIFF'S POSITION STATEMENT REGARDING

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 5

Netlist objects in whole to this jury instruction on the basis that it is argumentative, duplicative, overly complicated, and likely to cause confusion to the jury.  The instruction also does not track the model jury instruction cited.

This jury instruction is misleading because it omits the fact that the Court has already ruled that Samsung breached the JDLA by withholding $1.32 million from the NRE Fees, and that the only issue to be tried is damages.

Additionally, the statement that Netlist is only entitled to accrued interest is also factually and legally wrong.  To the extent this instruction seeks to provide context for the tax claim, the instruction on Claims and Defenses already cover Netlist's basis and Samsung's defenses for tax withholding-related damages, and as such, this instruction is unnecessary and likely to cause confusion to the jury.

JOINT DISPUTED JURY INSTRUCTION

**<u>DISPUTED INSTRUCTIONS NO. 6</u>**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 6**

**BREACH OF CONTRACT – NETLIST'S SECOND CLAIM FOR BREACH OF SECTION 3.2**

Netlist also seeks to recover damages for Samsung's breach of Section 3.2 of the JDLA.  You will determine whether Netlist is entitled to damages on this claim and, if so, in what amount.  Netlist has the burden of proving, by a preponderance of the evidence, that Samsung breached the contract by failing to reasonably cooperate with Netlist's efforts to seek a refund of the tax withholdings, and that Netlist sustained damages because of Samsung's breach.  If you decide that Samsung breached the contract by failing to reasonably cooperate with Netlist's efforts to seek a refund of the tax withholdings and that Netlist suffered damages as a result of this breach, you will find for Netlist on this breach of contract claim, and you will go on to consider the amount of Netlist's damages resulting from this breach.  The measure of any damages for breach of Section 3.2 is accrued interest.  If you decide that Samsung did not breach the contract by failing to reasonably cooperate with Netlist's efforts to seek a refund of the tax withholdings, you will find for Samsung on this breach of contract claim.  Samsung also has raised a number of defenses to Netlist's claim for damages for breach of Section 3.2.  You will need to determine if any of these defenses preclude or reduce Netlist's damages claim.

**Source:** New York Pattern Jury Instructions 4:1 (modified); New York Pattern Jury Instructions § 4:20, Commentary "General Rules" (modified).

- 24 -

JOINT DISPUTED JURY INSTRUCTION

**DEFENDANT'S POSITION STATEMENT REGARDING**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 6**

See Defendant's Position Statements Regarding Defendant's Proposed Jury Instructions Nos. 4 and 5, which are fully incorporated herein by reference.  In addition, to recover damages under Section 3.2, unlike Section 3.1, Netlist must first prove at trial that there was a breach, specifically, that Samsung failed to reasonably cooperate with Netlist's efforts to seek a tax refund.  The Court has already found a breach of Section 3.1.  Failing to include a separate instruction for these separate claims could lead to the jury skipping the essential  step in which it determines whether there was a breach of Section 3.2 and erroneously awarding damages under that provision without the requisite finding of breach of that obligation.

JOINT DISPUTED JURY INSTRUCTION

1

2

**PLAINTIFF'S POSITION STATEMENT REGARDING**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 6**

3

4

5

Netlist objects in whole to this jury instruction on the basis that it is argumentative, overly complicated, and duplicative.  The instruction also does not track the model jury instruction cited.

6

7

Additionally, the statement that Netlist is only entitled to accrued interest is also factually and legally wrong.

8

9

10

11

To the extent this instruction seeks to provide context for the tax claim, the instructions on Claims and Defenses already cover Netlist's basis and Samsung's defenses for tax withholding-related damages, and as such, this instruction is redundant, unnecessary and likely to cause confusion to the jury.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DISPUTED JURY INSTRUCTION

## DISPUTED INSTRUCTIONS NO. 7

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 7

### CONTRACT DAMAGES—MARKET VALUE

The general rule is that when the subject of the contract has a market value, the measure of damages for breach of contract is the difference between the contract price and the market price.  Here, that amount is made up of two components.  The first component is the difference between the price that Netlist would have paid to Samsung for NAND and DRAM products had Samsung sold them to Netlist according to its obligation under the JDLA, and any higher price that Netlist instead had to pay to third-party suppliers for products that Samsung failed to supply to Netlist.  The second component is the damages Netlist incurred as a result of and the sum of money Netlist had to pay in order to obtain a return of the $1.32 million portion of the NRE fee Samsung withheld in breach of its obligations under the JDLA.

**Source:** New York Pattern Jury Instructions § 4:20 Commentary "Market Value" (modified)

JOINT DISPUTED JURY INSTRUCTION

**PLAINTIFF'S POSITION STATEMENT REGARDING**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 7**

This instruction is a standard instruction on market value for purposes of calculating damages, modified from the New York Pattern Jury Instructions to reflect the facts of this case (*i.e.*, Plaintiff's claim for "cover" damages).  It is not confusing, duplicative, or argumentative, and will be helpful for the jury in calculating what damages are appropriate.

JOINT DISPUTED JURY INSTRUCTION

**DEFENDANT'S POSITION STATEMENT REGARDING**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 7**

Netlist's Proposed Jury Instruction No. 7 purports to lump damages for breaches of three separate contract provisions under a single, inapplicable pattern instruction on market value.  The New York pattern instruction on which Netlist relies is not the instruction applicable to calculating cover damages, so it is not appropriate for Netlist's claim for breach of Section 6.2.  The New York pattern instruction on which Netlist relies also has no bearing on the method for calculating damages for Netlist's claims under Sections 3.1 and 3.2, so it is not appropriate for that purpose either.

Netlist creatively tries to take an inapplicable New York pattern instruction and invent specific, self-serving, and legally incorrect and incomplete instructions on its claims.  With regard to the calculation of damages for breach of Section 6.2, Netlist's proposed instruction does not fully set forth the elements of establishing cover damages, including the requirements that the covering party act in good faith and not unreasonably delay.  *See Dell's Maraschino Cherries Co., Inc. v. Shoreline Fruit Growers, Inc.*, 887 F. Supp. 2d 459, 480 (E.D.N.Y. 2012)..  With regard to the calculation of damages for breaches of Sections 3.1 and 3.2, this instruction relates to consequential damages, which the Court has determined are not available.  Even if the instruction did not relate to consequential damages, it fails to recognize that Netlist's damages for breach of the reasonable cooperation obligation, if such a breach is established, are the damages flowing from that breach, and are not necessarily the same as the damages flowing from the tax withholding.  This instruction erroneously conflates the two and contemplates that, due to a breach of the reasonable cooperation obligation, Netlist would be entitled to all of the money Netlist had to pay to obtain a return of the tax withholding, not just the additional amount it had to pay as a result of a failure to reasonably cooperate.

JOINT DISPUTED JURY INSTRUCTION

1    Samsung also incorporates by reference the reasons why it supports its

2    proposed Proposed Jury Instructions Nos. 4 – 6.

3    For all these reasons, this proposed instruction is improper and must be

4    rejected

JOINT DISPUTED JURY INSTRUCTION

## **DISPUTED INSTRUCTIONS NO. 8**

## **PROPOSED JURY INSTRUCTIONS NO. 8**

## **PRE-VERDICT INTEREST**

Under New York law, pre-verdict interest is awarded as a matter of statutory right where a party is found to have breached its contractual obligation.  Interest is to be computed from the earliest ascertainable date on which the prevailing party's claim existed, and if that date cannot be ascertained with precision, the computation shall be from the earliest time at which it may be said that the claim accrued or from a single reasonable intermediate date.

[PLAINTIFF'S PROPOSAL: With respect to the supply obligation, Netlist has presented damage calculations for cover damages.  Netlist's cover damages calculation does not incorporate pre-judgment interest and spans a damage period from the second quarter of 2017 through July 15, 2020.  If you award cover damages to Netlist, then you are also charged with ascertaining a single reasonable intermediate date within the cover damages period from which pre-judgment interest should be awarded.]

**Source:** New York Pattern Jury Instructions § 4:20 Commentary "Interest" (modified); *Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C.*, 91 N.Y.2d 256, 262 (1998); CPLR 5001(b).

JOINT DISPUTED JURY INSTRUCTION

**PLAINTIFF'S POSITION STATEMENT REGARDING**

**COMPETING JURY INSTRUCTIONS NO. 8**

Plaintiff included this instruction because, under New York law, interest may be computed on all of the damages from a single reasonable intermediate date where damages are incurred at various times. *See Pozament Corp. v AES Westover, LLC*, 51 A.D. 3d 1080 (2008). New York law permits a finder of fact to ascertain such date. *See Utica Mut. Ins. Co. v. Century Indem. Co.*, 419 F. Supp. 3d 449, 455-56 (N.D.N.Y. 2019) (noting that New York law expressly contemplates having a finder of fact fix an intermediate date on which to award prejudgment interest). Where the finder of fact does not determine this date, the trial court may do so. *Id*. Netlist defers to the Court should it determine that it is more appropriate for the Court to ascertain the date from which pre-verdict interest should be calculated.

JOINT DISPUTED JURY INSTRUCTION

**DEFENDANT'S POSITION STATEMENT REGARDING**

**COMPETING PROPOSED JURY INSTRUCTION NO. 8**

The parties agree to include the first paragraph of the instruction on pre-verdict interest.  The instruction in the first paragraph accurately tracks the commentary to the New York Pattern Jury Instruction 4:20.  This law is not in dispute, and it is all the jury needs to hear in an instruction about the methodology for calculating pre-verdict interest.

Plaintiff's proposed additional instruction on pre-verdict interest incorrectly applies the law on pre-verdict interest to Netlist's claim for breach of Section 6.2.  Because Netlist asserts that Samsung failed to fulfill numerous purchase orders, Netlist actually asserts multiple claims for breach of Section 6.2.  For each of those specific claims, the instruction in the first paragraph says what the jury is required to do in calculating pre-verdict interest.  The jury is to use the earliest ascertainable date on which the specific claim accrued or, if that date cannot be determined, then the jury is to use a single reasonable intermediate date, which seems to mean that the jury is to consider reasonable time period in which the specific claim accrued and identify a reasonable date within that period.  But what Netlist is proposing is that for all the claims it is asserting for breach of Section 6.2, the jury will consider the time period in which all those claims may have accrued, a period of more than three years, and identify an intermediate date within that broad span.  That is simply not consistent with New York law.  It lumps all of the claims for breach of Section 6.2 together, skips the step in which the jury must determine whether the earliest date a specific claim accrued is ascertainable, and incorrectly assumes that the period from Q2 2017 through July 15, 2020 is a reasonable time period.

Moreover, Plaintiff's proposed instruction assumes facts that have yet to be proved, such as the period during which the first and last breach of Section 6.2 occurred.  Contrary to Netlist's suggestions, there has been no finding as to any specific breaches of Section 6.2, or when any such breaches occurred.  In the

- 33 -

summary judgment proceedings, Netlist did not ask the Court to make findings, and the Court did not make findings, of specific breaches of the supply obligation—consisting of dates and amounts of unfulfilled orders for NAND and DRAM products.  Accordingly, under the Seventh Amendment to the U.S. Constitution, Samsung is entitled to have the jury decide whether Samsung refused specific requests in breach of the contract causing Netlist to sustain actual damages.  *See Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931) (Seventh Amendment guarantees that a trial on separate issues may not be resorted to "unless it clearly appears that the issue to be tried is so distinct and separable from others that a trial of it alone may be had without injustice").

For all these reasons, Plaintiff's proposed additional instruction on pre-verdict interest must be omitted.

JOINT DISPUTED JURY INSTRUCTION

**<u>DISPUTED INSTRUCTIONS NO. 9</u>**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 9**

**WAIVER**

Samsung claims that Netlist is not entitled to recover some or all of its claimed damages because Netlist gave up its right to have Samsung perform some or all of its obligations under the parties' contract. This is called a "waiver."

Parties to a contract may agree to waive performance requirements. A waiver is the intentional relinquishment of a known right after knowledge of all the relevant facts.

Samsung has the burden of proof on the issue of waiver. In order to find that Samsung is not liable for some or all of the claimed damages, you must find that Netlist intended to give up its rights under the contract and that such a decision was made after Netlist knew all of the relevant facts. If you conclude that Netlist intended to give up or to waive rights without knowing all the relevant facts, that waiver would not be binding on Netlist.

Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned. Such abandonment may be established by affirmative conduct or by failure to act so as to indicate an intent not to assert that right. Waiver is designed to prevent the waiving party from lulling the other party in a belief that strict compliance with a contractual duty will not be required and then suing for noncompliance. A party waives the right to sue the breaching party for damages unless timely notice of the breach was provided to the breaching party. Notice of a breach is not timely if the breaching party is denied a reasonable opportunity to cure the breach. Where a party to an agreement has actual knowledge of another party's breach and continues to perform under and accept the benefits of the contract, such continuing performance constitutes a waiver of the breach.

The existence of a no-waiver clause does not prevent a finding of waiver. A no-waiver clause is evidence that may be considered, along with other evidence, in

1   determining whether there was a waiver.  The no-waiver clause in this case means

2   that a party's failure to enforce its rights for preceding breaches of a term of the

3   contract shall not be a waiver of that party's ability to enforce its rights for

4   subsequent breaches of the same term or another term.

5

6       Authorities

7       Adapted from Fed. Jury Prac. & Instr. § 126:12; *Stassa v. Stassa*, 123 A.D. 3d

8   804, 805 (2014); *Fundamental Portfolio Advisors, Inc. v Tocqueville Asset*

9   *Management, L.P.*, 7 NY3d 96, 817 NYS2d 606, 850 N.E.2d 653 (2006); *Gen.*

10  *Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 N.Y.2d 232, 236

11  (1995); *Kamco Supply Corp. v On the Right Track, LLC*, 149 A.D.3d 275, 280 (2d

12  Dept 2017); *AM Cosmetics, Inc. v Solomon*, 67 F. Supp. 2d 312, 317-18 (S.D.N.Y.

13  1999); *Laugh Factory, Inc. v Basciano*, 608 F. Supp. 2d 549, 557 (S.D.N.Y. 2009);

14  *Natl. Westminster Bank, U.S.A. v Ross*, 130 B.R. 656, 675 (S.D.N.Y. 1991), *affd sub*

15  *nom. Yaeger v Natl. Westminster*, 962 F2d 1 (2d Cir 1992); *Long Is. Med. &*

16  *Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC*, 191 A.D.3d 857 (2d

17  Dept 2021); *Stassa v Stassa*, 123 A.D.3d 804, 806 (2d Dept 2014); *Kenyon &*

18  *Kenyon v Logany, LLC*, 33 A.D.3d 538, 539 (1st Dept 2006); *Dice v Inwood Hills*

19  *Condominium*, 237 A.D.2d 403, 404 (2d Dept 1997).

20

21

22

23

24

25

26

27

28

JOINT DISPUTED JURY INSTRUCTION

## DEFENDANT'S POSITION STATEMENT REGARDING
## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 9

Instructing the jury on waiver is appropriate because Samsung's affirmative defenses to Netlist's first and second claims for relief must still be tried. Netlist's partial summary judgment motion did not ask the Court to decide, and the Court did not decide, any of Samsung's affirmative defenses to Netlist's claims for damages. In particular, it must still be resolved whether Samsung's affirmative defense of waiver bars Netlist's claims for damages as a result of particular breaches of Section 6.2 of the JDLA. With respect to that claim—Count 1 (FAC, Dkt. 23 ¶¶ 25–29)— the Court ruled on summary judgement that Netlist had "established the existence of a contract, its performance of the contract, and Samsung's breach of the supply provision of the contract. Partial summary judgment on these elements is appropriate. Damages must be proven at trial." (Order, Dkt. 186 at 7–12.) The Court did not decide as a matter of law whether Netlist waived its right to seek damages for any breaches of Section 6.2. While the Court ruled on Netlist's claim for declaratory relief—Count 3 (FAC, Dkt. 23 ¶¶ 35–41)—that Netlist "did not waive its right to terminate" the JDLA, (*id.* at 20:26–21:3), that ruling only decided whether Netlist waived its right to terminate the JDLA, not whether Netlist waived its separate claim for damages resulting from Samsung's breaches of Section 6.2.

Similarly, while the Court found that Samsung had breached Section 3.1 of the JDLA by withholding and paying to the Korean tax authority as taxes an amount from the payment due that was not required by Korean law, (Order, Dkt. 15:27– 16:11), the Court only ruled on elements of the affirmative claim for relief except for resulting damages and did not resolve Samsung's affirmative defenses. In addition, the Court on summary judgment did not resolve Netlist's claim that Samsung breached Section 3.2 of the JDLA for failure to "reasonably cooperate" in seeking a tax refund (Order, Dkt. 186 at 16:13–22), and Samsung's waiver defense applies to that claim as well.

JOINT DISPUTED JURY INSTRUCTION

Netlist objects to the inclusion of an instruction on waiver since, according to Netlist, it is an equitable matter for the Court.  Samsung respectfully submits that Samsung's equitable defenses should go to the jury given that the facts relevant to those defenses are interwoven with the facts relevant to Netlist's affirmative claims. The key evidence on which Defendant relies for its equitable defenses shows how the events giving rise to those defenses occurred in close relationship with the events giving rise to Netlist's affirmative claims.  (*See* concurrently filed, Final Pre-Trial Conference Order (Nov. 1, 2021) at 4–6 Samsung's evidence in defense of Netlist's claims), 12–13 (Samsung's evidence in support of Samsung's waiver defense.)  Furthermore, under New York law, "[w]hether a party waived a contractual provision is a question of fact for the jury because the party asserting waiver must show that there was an intent to waive." *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006). The Court should at least exercise its discretion to put the equitable defenses to the jury in an advisory capacity.  See Fed. R. Civ. Proc. 39(c). ("In an action not triable of right by a jury, the court, on motion or on  its own: (may try any issue with an advisory jury ….").

In addition, the fact that Samsung may not have demanded a jury in its answer to Netlist's complaint does not change Samsung's rights to a jury trial.  There's no dispute that Netlist demanded a jury (FAC, Dkt. 23), and "once one party files such a demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands." *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995).

Lastly, these instructions are properly adapted from the *Federal Jury Practice and Instructions* and New York case law.  The Court's guidelines specifically suggest consulting the *Federal Jury Practice and Instructions* if CACI instructions or the *Manual of Model Jury Instructions for the Ninth Circuit* do not apply.  (Dkt. 41 at 10.)  CACI and the *Manual of Model Jury Instructions for the Ninth Circuit* do

not apply here because the parties' contract at issue here is governed by New York substantive law.  In addition, the New York pattern jury instructions, unlike CACI, come in the form of statements of the law that must be adapted, and Samsung's instructions closely follow those statements of the law in the New York pattern instructions, except where adapted to the facts of this case.

A comparison to Samsung's instructions to *Federal Jury Practice and Instruction*, New York's Pattern Jury Instructions, and statements of New York law is as follows:

### *Federal Jury Practice and Instructions*

| *Federal Jury Practice and Instructions* | **Samsung Proposed Jury Instruction** |
|---|---|
| A waiver is the intentional relinquishment of a known right after knowledge of all the relevant facts. ¶<br><br>Defendant has the burden of proof on the issue of waiver. In order to find that defendant is not liable for breach of contract, you must find that plaintiff intended to give up its rights under the contract and that such a decision was made after plaintiff knew all of the relevant facts. If you conclude that plaintiff agreed to give up or to waive rights without knowing all the relevant facts, that waiver would not be binding on plaintiff , but neither could plaintiff claim any benefits that it might have gained through that waiver.<br><br><br>3 Fed. Jury Prac. & Instr. § 126:12 (6th ed.) | A waiver is the intentional relinquishment of a known right after knowledge of all the relevant facts.  ¶<br><br>Samsung has the burden of proof on the issue of waiver.  In order to find that Samsung is not liable for some or all of the claimed damages, you must find that Netlist intended to give up its rights under the contract and that such a decision was made after Netlist knew all of the relevant facts. If you conclude that Netlist intended to give up or to waive rights without knowing all the relevant facts, that waiver would not be binding on Netlist. |

JOINT DISPUTED JURY INSTRUCTION

### _New York Pattern Jury Instruction_

| New York Pattern Jury Instruction | Samsung Proposed Jury Instruction |
| --- | --- |
| A waiver of a contractual provision requires the knowing, voluntary and intentional abandonment of a known right.<br><br>A waiver may be accomplished by affirmative conduct or by failing to act so as to evince an intent not to claim a purported advantage.<br><br><br><br>N.Y. Pattern Jury Instr.--Civil 4:1 at section VI.B. (Waiver) | Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned.  Such abandonment may be established by affirmative conduct or by failure to act so as to indicate an intent not to assert that right. |
| The principles governing waiver are designed to prevent the waiving party from lulling the other party into a belief that strict compliance with a contractual duty will not be required in the future.<br><br><br>N.Y. Pattern Jury Instr.--Civil 4:1 at section VI.B. (Waiver) | Waiver is designed to prevent the waiving party from lulling the other party in a belief that strict compliance with a contractual duty will not be required and then suing for noncompliance. |
| The existence of a nonwaiver clause does not in and of itself preclude waiver of a contract clause.<br><br><br>N.Y. Pattern Jury Instr.--Civil 4:1 at section VI.B. (Waiver) | The existence of a no-waiver clause does not prevent a finding of waiver. A no-waiver clause is evidence that may be considered, along with other evidence, in determining whether there was a waiver.  The no-waiver clause in this case means that a party's failure to enforce its rights for preceding breaches of a term of the contract shall not be a waiver of that party's ability to enforce its rights for subsequent |

- 40 -

JOINT DISPUTED JURY INSTRUCTION

| | breaches of the same term or another term. |
|---|---|

### *Statements of New York Law*

| Statements of New York Law | Samsung Proposed Jury Instruction |
|---|---|
| "Where a party to an agreement has actual knowledge of a breach, but elects to continue performance, that party waives the right to sue the breaching party unless timely notice of the breach was provided to the breaching party."<br><br>*AM Cosmetics, Inc. v. Solomon*, 67 F.Supp.2d 312, 317–318 (S.D.N.Y. 1999). | A party waives the right to sue the breaching party for damages unless timely notice of the breach was provided to the breaching party. Notice of a breach is not timely if the breaching party is denied a reasonable opportunity to cure the breach. Where a party to an agreement has actual knowledge of another party's breach and continues to perform under and accept the benefits of the contract, such continuing performance constitutes a waiver of the breach. |

**PLAINTIFF'S POSITION STATEMENT REGARDING**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

Netlist objects to this instruction in whole because the Court has already ruled on and denied Samsung's waiver defense, and as a result, this instruction is irrelevant to the remaining claims and defenses in this matter.  Samsung thus has no basis for presenting it to the jury.  *See* Dkt. 186 (Summary Judgment Order) at 20 (determining that Samsung failed to meet its burden in establishing that Netlist waived rights in response to Samsung's breaches).

Netlist objects to the inclusion of this instruction as waiver is an equitable matter for the Court.  Defendant did not plead for a jury trial and is not entitled to submit any question of waiver to the jury.

## DISPUTED INSTRUCTIONS NO. 10

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 10

## ACQUIESCENCE

Samsung claims that Netlist consented to some or all of the alleged breaches of contract, and that such consent bars Netlist's claims to some or all of the contract damages it seeks.  This is called "acquiescence."

To prevail in the defense of acquiescence, Samsung must prove:

(1)     Netlist's affirmative conduct that gives rise to actual or apparent consent to some or all of the alleged breaches of contract;

(2)     Samsung's reliance on Netlist's consent.

Samsung has the burden of proof on the issue of acquiescence.

Authorities

*Dial-A-Mattress v. Mattress Madness*, 841 F. Supp 1339, 1356 (E.D.N.Y. 1994).

1
2

**DEFENDANT'S POSITION STATEMENT REGARDING DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 10**

3   The Court should instruct the jury on Samsung's acquiescence defense

4   because Samsung's affirmative defenses to Netlist's first and second claims for

5   relief must still be tried.  Netlist's partial summary judgment motion did not ask the

6   Court to decide, and the Court did not decide, any of Samsung's affirmative

7   defenses to Netlist's claims for damages.  In particular, it must still be resolved

8   whether Samsung's affirmative defense of acquiescence bars Netlist's claims for

9   damages as a result of specific breaches of Section 6.2 of the JDLA.  With respect to

10   that claim—Count 1 (FAC, Dkt. 23 ¶¶ 25–29)—the Court ruled on summary

11   judgement that Netlist had "established the existence of a contract, its performance

12   of the contract, and Samsung's breach of the supply provision of the contract.

13   Partial summary judgment on these elements is appropriate.  Damages must be

14   proven at trial." (Order, Dkt. 186 at 7–12.)  The Court did not decide as a matter of

15   law whether Netlist acquiesced to any specific breaches of Section 6.2.

16   Similarly, while the Court found that Samsung had breached Section 3.1 of

17   the JDLA by withholding as taxes an amount from the payment due that was not

18   required by Korean law, (Order, Dkt. 15:27–16:11), the Court only ruled on

19   elements of the affirmative claim for relief except for resulting damages and did not

20   resolve Samsung's affirmative defenses.  In addition, the Court on summary

21   judgment did not resolve Netlist's claim that Samsung breached Section 3.2 of the

22   JDLA for failure to "reasonably cooperate" in seeking a tax refund (Order, Dkt. 186

23   at 16:13–22), and Samsung's acquiescence defense applies to that claim as well.

24   Netlist contends that because the Court ruled in favor of Netlist on its claim

25   for declaratory relief in part on the ground that Netlist did not waive its right to

26   terminate the JDLA, that ruling somehow decided as a matter of law that Netlist did

27   not as a matter of law acquiesce to Samsung's purported breaches of Section 6.2

28   (supply obligation) and Sections 3.1 and 3.2 (payment obligation and obligation to

reasonably cooperate in seeking a refund). Acquiescence is a separate affirmative defense from waiver, and the Court has not made any factual findings as to the acquiescence defense. Moreover, the Court's decision that Netlist did not waive the right to terminate did not go to whether Netlist waived its claims for relief and the acquiescence defense relates to those claims, and for that additional reason the Court's decision on waiver of the right to terminate is inapposite to Samsung's acquiescence defense.

Netlist also objects to the inclusion of an instruction on acquiescence since, according to Netlist, it is an equitable matter for the Court. Samsung respectfully submits that Samsung's equitable defenses should go to the jury because the facts relevant to those defenses are interwoven with the facts relevant to Netlist's affirmative claims. The key evidence on which Defendant relies for its equitable defenses shows how the events giving rise to those defenses occurred in close relationship with the events giving rise to Netlist's affirmative claims. (*See* concurrently filed, Final Pre-Trial Conference Order (Nov. 1, 2021) at 4–6 Samsung's evidence in defense of Netlist's claims), 9–10 (Samsung's evidence in support of Samsung's acquiescence defense).) The Court should at least exercise its discretion to put the equitable defenses to the jury in an advisory capacity. *See* Fed. R. Civ. Proc. 39(c). ("In an action not triable of right by a jury, the court, on motion or on its own: (may try any issue with an advisory jury ….").

Lastly, these instructions are properly adapted from New York law. The Court's Order Re: Jury Trial states that counsel "may submit alternatives" to the instructions contained in the *Federal Jury Practice and Instructions*, CACI, and the *Manual of Model Jury Instructions for the Ninth Circuit* if they "do not properly state the law or that they are incomplete." (Dkt. 41 at 10.) These models do not have an instruction on New York's acquiescence defense. New York's pattern jury instructions also do not have a model instruction for the acquiescence. *See* New York Pattern Jury Instructions 4:1. Therefore, this instruction is properly adapted

from New York law as stated in *Dial-A-Mattress v. Mattress Madness*, 841 F. Supp. 1339, 1356 (E.D.N.Y. 1994) (acquiescence may be found based on "a party's affirmative conduct that gives rise to actual or apparent consent").

JOINT DISPUTED JURY INSTRUCTION

1   **PLAINTIFF'S POSITION STATEMENT REGARDING**

2   **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

3      Netlist objects in whole to a jury instruction on acquiescence.  Acquiescence

4   is an equitable defense to be tried by the Court.  *See, e.g.*, *Times Mirror Mags., Inc.*

5   *v. Field & Stream Licenses Co.*, 294 F.3d 383, 395 (2d Cir. 2002) (acquiescence is

6   an equitable defense); *Rad v. IAC/InterActiveCorp*, 183 A.D.3d 508, 508 (N.Y. App.

7   Div. 2020) (same); N.Y. C.P.L.R. § 4101 (New York law requires that "equitable

8   defenses and equitable counterclaims shall be tried by the court"); *Mercantile &*

9   *Gen. Reinsurance Co., plc v. Colonial Assur. Co.*, 82 N.Y.2d 248, 252 (N.Y. 1993)

10  ("[E]quitable defenses and equitable counterclaims shall be tried by the court.'");

11  Bench Book for Trial Judges – New York § 4:2(E) ("Equitable defenses and

12  counterclaims [are] tried by [the] court.").

13     Moreover, the Court has already deemed the factual allegations forming the

14  basis of Samsung's acquiescence defense insufficient as a matter of law in denying

15  Samsung's waiver defense.  *See* Dkt. 186 (Summary Judgment Order) at 20

16  (determining that Samsung failed to meet its burden in establishing that Netlist

17  waived rights in response to Samsung's breaches); *Ross v. CCS Int'l Ltd.*, No. 98

18  CV 4090 (RO), 2000 WL 1804103, at *4 (S.D.N.Y. Dec. 8, 2000) (dismissing

19  related defenses of waiver and acquiescence because both "require

20  an *intentional* relinquishment of rights"); *Gould v. Bantam Books, Inc.*, No. 83 CIV

21  5121 (LBS), 1984 WL 684, at *4 (S.D.N.Y. July 31, 1984) (discussing waiver and

22  acquiescence interchangeably).  Samsung thus has no basis for presenting an

23  acquiescence defense to the jury.

24     To the extent that Samsung contends that acquiescence provides a defense

25  independent from waiver, then Samsung should have asserted it in response to

26  Netlist's Motion for Summary Judgment.  Having not done so, such a defense is

27  now waived, as the Court has already found and ruled on liability.

28

Netlist also objects to the inclusion of this instruction as purportedly drawn entirely from caselaw, contrary to the Court's required guidelines.  *See* Dkt. 41 at 10.

JOINT DISPUTED JURY INSTRUCTION

## **DISPUTED INSTRUCTIONS NO. 11**

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 11**

## **ESTOPPEL**

Samsung may establish an estoppel defense by demonstrating that in reasonable reliance upon the words or conduct of Netlist, Samsung changed its position to its detriment.  This is called "estoppel."  To prevail in the defense of estoppel, Samsung must prove:

(1)     Netlist concealed material facts, or made a false or misleading representation of material fact;

(2)     Netlist intended that Samsung would rely or act on that conduct;

(3)     Netlist knew the real facts;

(4)     Samsung did not know the real facts, and could not have found out;

(5)     Samsung relied on Netlist's conduct; and,

(6)     In reliance, Samsung acted differently than it would have if it knew the true facts.

Samsung has the burden of proof on the issue of estoppel.


Authorities

*In re Vebeliunas*, 332 F.3d 85, 94 (2d Cir. 2003).

- 49 -

**DEFENDANT'S POSITION STATEMENT REGARDING**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 11**

The Court should instruct the jury on Samsung's estoppel defense because Samsung's affirmative defenses to Netlist's first and second claims for relief must still be tried.  Netlist contends that the Court already ruled on Samsung's estoppel defense.  Netlist is wrong.  The Court ruled on summary judgment that ***judicial estoppel*** based on Netlist's previous position with the Korean Tax Service did not prevent Netlist from asserting its interpretation of the JDLA.  (Order, Dkt. 186, at 14–15.)  Samsung is not asserting judicial estoppel as a defense at trial.  Samsung is asserting its properly pled estoppel defense, as reflected in the jury instruction, based on evidence that, among other things, Netlist led Samsung to believe that Netlist did not object to Samsung's practice of allocating NAND and DRAM products among customers including Netlist.  Netlist's partial summary judgment motion did not ask the Court to decide, and the Court did not decide, any of Samsung's affirmative defenses to Netlist's claims for damages, and those defenses, including estoppel, must still be tried.

Netlist also objects to the inclusion of an instruction on estoppel since, according to Netlist, it is an equitable matter for the Court.  Samsung respectfully submits that Samsung's equitable defenses should go to the jury because the facts relevant to those defenses are interwoven with the facts relevant to Netlist's affirmative claims.  The key evidence on which Defendant relies for its equitable defenses shows how the events giving rise to those defenses occurred in close relationship with the events giving rise to Netlist's affirmative claims.  The Court should at least exercise its authority to put the equitable defenses to the jury in an advisory capacity.  *See* Fed. R. Civ. Proc. 39(c). ("In an action not triable of right by a jury, the court, on motion or on  its own: (may try any issue with an advisory jury ….").

Samsung's instruction is proper and a helpful statement of New York law on estoppel. *In re Vebeliunas*, 332 F.3d 85, 94 (2d Cir. 2003) ("Under New York law, the elements of equitable estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts"). CACI and the *Manual of Model Jury Instructions for the Ninth Circuit* do not include statements of the law on New York's estoppel defense, and *Federal Jury Practice and Instructions* does not include a statement on estoppel as a defense to breach of contract claims. While New York's Pattern Jury Instructions include statements of the law related to estoppel, they do not include a concise statement of the elements that must be proven. N.Y. Pattern Jury Instr.--Civil 4:1 section VI. C. (equitable estoppel). Samsung's reliance on *In re Vebeliunas*, 332 F.3d 85 (2d Cir. 2003) under these circumstances is appropriate.

1
2

## PLAINTIFF'S POSITION STATEMENT REGARDING
## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

3    Netlist objects to a jury instruction on estoppel in whole because the Court
4 has already ruled on and denied Samsung's estoppel defense and, as a result, this
5 instruction is irrelevant to the remaining claims and defenses in this matter. *See*
6 Dkt. 186 (Summary Judgment Order) at 14–15 (determining that judicial estoppel
7 does not apply).

8    In addition, estoppel is an equitable defense to be tried, if at all, by the Court.
9 *See, e.g.*, *Shondel J. v. Mark D.*, 7 N.Y.3d 320, 326 (2006) (describing the purpose
10 of "equitable estoppel"); *In re Vebeliunas*, 332 F.3d 85, 93 (2d Cir. 2003) (referring
11 to "[e]quitable estoppel" and "[t]he doctrine of equitable estoppel"); N.Y. C.P.L.R.
12 § 4101 (New York law requires that "equitable defenses and equitable
13 counterclaims shall be tried by the court"); *Mercantile & Gen. Reinsurance Co., plc*
14 *v. Colonial Assur. Co.*, 82 N.Y.2d 248, 252 (N.Y. 1993) ("[E]quitable defenses and
15 equitable counterclaims shall be tried by the court.'"); Bench Book for Trial Judges
16 – New York § 4:2(E) ("Equitable defenses and counterclaims [are] tried by [the]
17 court."). For the foregoing reasons, Samsung has no basis to present this instruction
18 to the jury.

19    Netlist also objects to the inclusion of this instruction as purportedly drawn
20 entirely from caselaw, contrary to the Court's required guidelines. *See* Dkt. 41 at
21 10.

22
23
24
25
26
27
28

JOINT DISPUTED JURY INSTRUCTION

## **DISPUTED INSTRUCTION NO. 12**

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 12**

## **IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 2.9.

JOINT DISPUTED JURY INSTRUCTION

1

2

**PLAINTIFF'S POSITION STATEMENT REGARDING**

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 12**

3

4

5

6

7

   This instruction is a standard instruction on impeachment and follows the model jury instruction in the Ninth Circuit Manual of Model Jury Instructions.  The language of this instruction follows the model jury instruction verbatim.  It is not confusing, duplicative, or argumentative, and will be helpful for the jury in determining the credibility of witnesses.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT'S POSITION STATEMENT REGARDING
## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NO. 12

Plaintiffs' Proposed Jury Instructions No. 12 regarding impeachment evidence should be omitted as irrelevant and unduly prejudicial. As Samsung argues in its Motion *in Limine* No. 3 (*see* ECF No. 204), Netlist has sought to create a sideshow and unfairly prejudice Samsung by introducing evidence of separate legal proceedings involving Samsung executives whose testimony is not being offered in this case. Given that none of these witnesses is testifying, introducing this evidence in Netlist's case-in-chief or as impeachment evidence would be unduly prejudicial, is not probative of any issue in the case, and would likely create jury confusion. *See* Fed. R. Evid. 403, 404(a); *Michelson v. United States*, 335 U.S. 469, 475 (1948) (excluding defendant's prior trouble with the law, specific criminal acts, or bad name among his neighbors); *Wilson v. Union Pac. R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (evidence of criminal conviction was excluded from both liability and damages phase of trial because such evidence was not highly relevant to the issue of witness credibility and would raise "needless proliferation of collateral issues"). Proposed Instruction No. 12 should therefore be omitted.