bEKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendant Samsung
Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S RESPONSE TO COURT'S NOVEMBER 6, 2021 ORDER FOR BRIEFING REGARDING SAMSUNG'S AFFIRMATIVE DEFENSES**<br><br>Date:      November 15, 2021<br>Time:     9:00 a.m.<br>Crtrm.:   7C<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     SAMSUNG'S DEFENSES ARE COGNIZABLE AFFIRMATIVE
        DEFENSES TO BREACH OF CONTRACT UNDER NEW YORK
        LAW ......................................................................................................... 1

III.    THE COURT'S SUMMARY JUDGMENT ORDER DID NOT
        ADJUDICATE SAMSUNG'S AFFIRMATIVE DEFENSES ...................... 4

        A.    Netlist Did Not Move for Summary Judgment on Samsung's
              Affirmative Defenses. .................................................................... 4

        B.    Netlist Did Not Meet Its Burden of Production on Samsung's
              Affirmative Defenses. .................................................................... 7

        C.    The Court's Order Adjudicated Only a General Breach of the
              Supply Obligation Without Finding Any Specific Breaches. ............... 8

        D.    The Court Did Not Dispose of the Affirmative Defenses as to the
              Third Claim for Declaratory Relief. .............................................. 10

IV.     THE COURT MAY NOT *SUA SPONTE* GRANT SUMMARY
        JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSES ................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen & Co. v. Occidental Petroleum Corp.*,
   382 F. Supp. 1052 (S.D.N.Y. 1974), *aff'd*, 519 F.2d 788 (2d Cir. 1975) .........3, 13

*Amwest Sur. Ins. Co. v. Szabo*
   (N.D. Ill., Oct. 11, 2001, No. 00 C 2716) 2001 WL 1230643..................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)...................................................................................................4

*Conant v. Alto 53, LLC*,
   21 Misc. 3d 1147(A), 880 N.Y.S.2d 223 (Sup. Ct. 2008) ....................................14

*Dial-A-Mattress v. Mattress Madness*,
   841 F. Supp. 1339 (E.D.N.Y. 1994) .......................................................................3

*El Corte Ingles, S.A. v. City Lights, LLC*,
   No. 119CV00213AWIJLT, 2019 WL 6918276 (E.D. Cal. Dec. 19, 2019)............7

*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Management, L.P.*,
   7 NY3d 96, 817 NYS2d 606, 850 NE2d 653 (2006) .......................................2, 13

*Kamco Supply Corp. v. On the Right Track, LLC*,
   149 A.D.3d 275, 49 N.Y.S.3d 721 (2017).........................................................1, 14

*Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC*,
   191 A.D.3d 857 (2d Dept 2021) ............................................................................14

*Losei Realty Corp. v. City of New York*,
   254 N.Y. 41, 171 N.E. 899 (1930).............................................................................3

*Macarthur Properties I, LLC v. Galbraith*,
   2018 WL 3412830 (N.Y. Sup. Ct. July 13, 2018)............................................2, 14

*Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*,
   426 F. Supp. 2d 1101 (E.D. Cal. 2006) ..........................................................5, 9, 12

*Modesto v. Lehman*,
   245 F. Supp. 2d 340 (D.P.R. 2002) .........................................................................4

*Nassau Tr. Co. v. Montrose Concrete Prod. Corp.*,
   56 N.Y.2d 175, 436 N.E.2d 1265 (1982) .........................................................2, 13

*Navistar Int'l Transp. Corp. v. Freightliner Corp.*,
   1998 WL 786388 (N.D. Ill. 1998) ..................................................................5

*Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*,
   210 F.3d 1099 (9th Cir. 2000) .................................................................5, 7

*Norse v. Santa Cruz*,
   629 F. 3d 966 (9th Cir. 2010) ......................................................................12

*Portsmouth Square Inc. v. Shareholders Protective Committee*,
   770 F. 2d 866 (9th Cir. 1985) ......................................................................12

*Sluimer v. Verity, Inc.*,
   606 F.3d 584 (9th Cir. 2010) .........................................................................8

*Stassa v. Stassa*,
   123 A.D.3d 804 (2d Dept. 2014) ............................................................1, 14

*Stillman v. Travelers Ins. Co.*,
   88 F.3d 911 (11th Cir. 1996) .......................................................................12

*United States v. Innovative BioDefense, Inc.*,
   No. SACV180996DOCJDEX, 2019 WL 7195332 (C.D. Cal. Nov. 15, 2019) ..5, 8

**Other Authorities**

N.Y. Pattern Jury Instr.—Civil 4:1 ...............................................................1, 2

N.Y. Pattern Jury Instr.—Civil 4:20 .............................................................3, 4

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................5, 7

Fed. R. Civ. P. 56(c)(1)....................................................................................7

Fed. R. Civ. P. 56(f)(3) ..................................................................................11

L.R. 7-4 ..............................................................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

Samsung hereby responds to the Court's November 6, 2021 Order requesting that the parties file briefs addressing (1) whether Samsung's defenses are cognizable affirmative defenses to a breach of contract claim under New York law, (2) whether the Court's summary judgment order adjudicated Samsung's defenses, and (3) whether the Court may grant summary judgment on any of Samsung's defenses. (Dkt. 227.)  As discussed below, all of Samsung's defenses are cognizable affirmative defenses to a breach of contract claim under New York law, the Court's summary judgment order did not adjudicate any of Samsung's affirmative defenses, and the Court may not grant summary judgment on any of Samsung's affirmative defenses *sua sponte*.

## II.     SAMSUNG'S DEFENSES ARE COGNIZABLE AFFIRMATIVE DEFENSES TO BREACH OF CONTRACT UNDER NEW YORK LAW

Samsung's affirmative defenses of waiver, equitable estoppel, acquiescence, and failure to mitigate—the affirmative defenses that Samsung intends to assert at trial—are all cognizable affirmative defenses to a breach of contract claim under New York law.

*1.     Waiver.*  As the New York pattern jury instructions make clear, waiver is a valid defense to breach of contract claim under New York law.  N.Y. Pattern Jury Instr.—Civil 4:1 at section VI.B. (Waiver) (noting that waiver is "generally a question of fact").  Waiver "is the voluntary and intentional relinquishment of a *contract right*" and may be "accomplished by affirmative conduct or failure to act so as to evince an intent not to claim the purported advantage."  *Stassa v. Stassa*, 123 A.D.3d 804, 806 (2d Dept. 2014) (emphasis added).  New York law recognizes that the waiver defense applies in situations like here where "the contract provides for repeated occasions for performance over the course of months or years."  N.Y. Pattern Jury Instr.--Civil 4:1.  For example, in *Kamco Supply Corp. v. On the Right Track, LLC*, the court found that a seller waived its right to demand strict

compliance of minimum purchase requirement in a contract for the sale of construction equipment due to buyer's "persistent and repeated failure to meet minimum purchase requirements, coupled with the [seller's] continued acceptance of such conduct without any reservation or protest until a few weeks before the expiration of the agreements (by which time it was of course too late to insist upon strict compliance with the terms of the agreements)."  149 A.D.3d 275, 283, 49 N.Y.S.3d 721 (2017); *see also Macarthur Properties I, LLC v. Galbraith*, 2018 WL 3412830, at *5 (N.Y. Sup. Ct. July 13, 2018) (in breach of contract action, parties' "extended course of conduct" created fact issue as to whether condominium waived right to recover for prior non-conforming payments).

   ***2.     Equitable Estoppel.***  Equitable estoppel is also a valid affirmative defense to breach of contract claims under New York law.  *See* N.Y. Pattern Jury Instr.—Civil 4:1 section VI. C. (equitable estoppel) (noting that equitable estoppel is "imposed by law in the interest of fairness") (quoting *Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Management, L.P.*, 7 N.Y.3d 96, 850 N.E.2d 653 (2006)).  Under New York law, equitable estoppel applies when "the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought." *Fundamental Portfolio Advisors, Inc.*, 7 N.Y.3d at 106.  In *Nassau Tr. Co. v. Montrose Concrete Prod. Corp.*, for example, the New York Court of Appeals held that a defendant mortgagor had raised a valid estoppel defense to a bank's foreclosure action after mortgagor defaulted on loan repayment schedule under the mortgage contract because mortgagee continued to negotiate extensions of the contract's payment schedule.  *See* 56 N.Y.2d 175, 185–86, 436 N.E.2d 1265 (1982) (evidence that mortgagor relied on parties' course of extensions defeated plaintiffs' summary judgment motion and gave defendant right to try to "convince the trier of fact" on estoppel defense); *see also Fundamental Portfolio Advisors, Inc., L.P.,* 7 N.Y.3d at 107 (holding that defendant raised "question of

2

fact" on equitable estoppel defense, including whether defendant "could justifiably rely" on plaintiff's actions to conclude agreement would not be enforced"); *Kamco Supply Corp.*, 149 A.D.3d at 285-286 (party equitably estopped from invoking no-oral-waiver provision).

**3.     Acquiescence.**  Acquiescence is also a cognizable defense in a breach of contract action under New York law.  Under the doctrine of acquiescence, a defendant has a defense to a breach of contract action if the plaintiff acquiesces in conduct that is adverse to its contract interests.  *See Allen & Co. v. Occidental Petroleum Corp.*, 382 F. Supp. 1052, 1061 (S.D.N.Y. 1974), *aff'd*, 519 F.2d 788 (2d Cir. 1975).  In *Allen & Co.*, the plaintiff sued for breach of a joint venture agreement concerning oil concessions.  *Id.* at 1052.  The district court held that the parties' "acts and conduct" evidenced that the plaintiff had "acquiesced in and consented to" the termination of the contractual obligation.  *Id.* at 1063; *see also Dial-A-Mattress v. Mattress Madness*, 841 F. Supp. 1339, 1356 (E.D.N.Y. 1994) (acquiescence may be found based on "a party's affirmative conduct that gives rise to actual or apparent consent").

**4.     Failure to Mitigate.**  Samsung's failure to mitigate defense is also cognizable as a defense in a breach of contract action under New York law.  New York's pattern jury instructions state that in an action for breach of contract, "Plaintiff's failure to mitigate is an affirmative defense to be proven by defendant." N.Y. Pattern Jury Instr.—Civil 4:20 (Mitigation).  In support of that defense, the defendant may prove that "plaintiff failed to make diligent efforts to mitigate its damages" and "the extent to which such efforts would have diminished its damages."  *Id.*  Moreover, New York has a specific verdict form for failure to mitigate as a defense to contract actions, which is grounded in hornbook New York law.  *See id.*; *see also Losei Realty Corp. v. City of New York*, 254 N.Y. 41, 48, 171 N.E. 899 (1930) ("[P]laintiff was bound to use reasonable efforts to mitigate the damages.").  Indeed, Netlist does not dispute that "failure to mitigate" is

3

appropriately tried in this case as an affirmative defense to its breach of contract claim.  (*See* Final Pre-Trial Conference Order, Dkt. 125-1 at 16 (Netlist asserting that, at trial, Samsung must prove that "Netlist failed to make reasonable efforts to limit the resulting harm caused by Samsung's breach"); *see* Joint Proposed Jury Instructions, Dkt. 223 at 21 (Netlist proposing that instruction on failure to mitigate defense be given to the jury).)  Thus, there is no real dispute that at trial Samsung is entitled to pursue its defense that Netlist failed to mitigate its damages.

## III.   THE COURT'S SUMMARY JUDGMENT ORDER DID NOT ADJUDICATE SAMSUNG'S AFFIRMATIVE DEFENSES

The Court's summary judgment order did not adjudicate Samsung's affirmative defenses as to Netlist's claims for relief for at least two reasons:  first, Netlist did not move on affirmative defenses in its partial summary judgment motion; and, second, even had Netlist done so, it did not meet its initial burden of production as to those defenses.[1]

### A.   Netlist Did Not Move for Summary Judgment on Samsung's Affirmative Defenses.

Under Federal Rule of Civil Procedure 56, a motion for summary judgment must "identify[] each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its

---

[1] Netlist's first claim for relief is for breach of Section 6.2 (supply obligation) of the JDLA.  Its second claim for relief is for breach of Sections 3.1 ($8 million payment obligation) and 3.2 (reasonable cooperation obligation).  Its third claim for relief is for a declaration that the JDLA was terminated.  However, Netlist has now abandoned its claim under Section 3.2.  On November 8, 2021 at 9:00 p.m., Netlist's counsel emailed counsel for Samsung stating that "Netlist does not intend to pursue the argument at trial that Samsung breached the JDLA by failing to reasonably cooperate with Netlist's efforts to recover the withheld amount from the Korean tax authority."  (Exhibit A, appended hereto, 11/9/21 Email from T. Best.)

4

motion." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Modesto v. Lehman*, 245 F. Supp. 2d 340, 343 (D.P.R. 2002) (denying summary judgment because defendant's motion "does not specify which causes of action should be dismissed as time-barred"). The movant also bears the initial burden of production—even if the nonmovant has the ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

Thus, when a plaintiff seeks and obtains partial summary judgment on a claim but fails to address the defendant's affirmative defenses, the defenses "remain viable in the litigation." *See Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*, 426 F. Supp. 2d 1101, 1110 (E.D. Cal. 2006). In *Meridian Project Systems*, for example, the plaintiff moved for partial summary judgment on its claim for copyright infringement but did "not seek adjudication of defendant['s] affirmative defenses, such as fair use, to the alleged infringement." *Id.* Because plaintiff did not raise those affirmative defenses in its initial summary judgment motion, "the court [did] not address the issues raised by the affirmative defenses," and the defenses "remain[ed] viable in the litigation" even though the court granted partial summary judgment *Id., see also United States v. Innovative BioDefense, Inc.*, No. SACV180996DOCJDEX, 2019 WL 7195332, at *8 (C.D. Cal. Nov. 15, 2019) (granting summary judgment to government that product was a new drug under FDCA but holding that failure to address "well-pleaded affirmative defenses" would "preclude full summary judgment").[2]

---

[2] *See also Amwest Sur. Ins. Co. v. Szabo* (N.D. Ill., Oct. 11, 2001, No. 00 C 2716) 2001 WL 1230643, at *4 ("[A] moving party cannot simply ignore an affirmative defense; it must initially demonstrate the lack of a genuine issue of material fact as to that defense."); *Navistar Int'l Transp. Corp. v. Freightliner Corp.*, 1998 WL 786388, *1-2 (N.D. Ill. 1998) (a movant at summary judgment has the burden of showing an absence of a genuine issue of material fact on a non-movant's affirmative defense and may not prevail by "simply ignoring [a non-movant's]

1    Here, Netlist, in moving for partial summary judgment, made no mention of

2 Samsung's affirmative defenses, and made no attempt to show that there were no

3 genuine issues of material fact as to Samsung's affirmative defenses.  Although

4 Netlist was required to submit a notice of motion that contained "a concise

5 statement of the relief or Court action the movant seeks," L.R. 7-4, Netlist's Notice

6 of Motion did not request that the Court dispose of Samsung's affirmative defenses;

7 rather, it only vaguely requested that the Court "grant[] Netlist's Motion for Partial

8 Summary Judgement as to the merits of the parties' dispute" (Not. of Mot., Dkt. 145

9 at 2) while failing to  specify what parts of the parties' dispute were the subject of

10 the motion (even though we know from the title of the motion, which was styled as

11 seeking "partial" summary judgment, that it was not directed at all of the parties'

12 dispute).  In its opening Memorandum, Netlist argued that the "JDLA is an

13 enforceable contract," (Dkt. 145 at 12:27–13:25), that Netlist "performed under the

14 JDLA" (*id.* at 13:26–14:4), and that Samsung "breached the JDLA" (*id.* at 14:5–

15 21:22), indicating that Netlist sought summary judgment as to all the elements of its

16 affirmative claim for breach of contract except damages.  Netlist's Proposed Order,

17 which similarly sought summary judgment as to all the elements of Netlist's

18 affirmative claim for breach of contract except damages.  (Netlist's Proposed Order,

19 lodged Aug. 8, 2016 (proposing that the Court grant "summary judgment with

20 respect to Plaintiff's First Cause of Action for Breach of Contract, Second Cause of

21 Action for Breach of Contract, and Third Cause of Action of Declaratory Relief. . . .

22 This matter shall now proceed to trial to ascertain the amount of damages that

23 Plaintiff has suffered").)  But nowhere in the Notice of Motion, the Memorandum,

24 or the Proposed Order did Netlist refer to Samsung's affirmative defenses, let alone

25 state that it was seeking summary judgment as to any of them.

26

27 _____

28 defenses").

SAMSUNG'S RESPONSE TO NOVEMBER 6, 2021 ORDER

1    Hence, Netlist's partial summary judgment motion simply cannot fairly be

2 read as a motion for summary judgment as to Samsung's affirmative defenses.  But

3 even if the Court could reasonably conclude that the motion was ambiguous as to

4 whether it was directed at Samsung's  affirmative defenses, then any such

5 ambiguity would have to be resolved against Netlist because, as the moving party, it

6 had the burden to state whether it was seeking summary judgment as to any

7 affirmative defenses and, if so, which ones.  Fed. R. Civ. P. 56(a).  The non-moving

8 party should not be left to guess as to what claims or defenses are the subject of a

9 summary judgment motion.  Accordingly, the Court's order did not dispose, and

10 could not have disposed, of Samsung's affirmative defenses.

11    **B.    Netlist Did Not Meet Its Burden of Production on Samsung's**

12    **Affirmative Defenses.**

13    Additionally, even if Netlists' partial summary judgment motion could be

14 fairly read as a motion for summary judgment as to Samsung's affirmative defenses,

15 Netlist made no effort to meet its burden of production.  As a general rule, in

16 moving for summary judgment, "[a] party asserting that a fact cannot be …

17 genuinely disputed must support the assertion by: (A) citing to particular parts of

18 materials in the record, including depositions, documents, electronically stored

19 information, affidavits or declarations, stipulations (including those made for

20 purposes of the motion only), admissions, interrogatory responses, or other materials

21 …."  Fed. R. Civ. P. 56(c)(1).  To obtain summary judgment on Samsung's

22 affirmative defenses, Netlist had the burden either (1) to produce "evidence negating

23 an essential element" of those defenses, or (2) to show that Samsung could not make

24 out an "essential element to carry its ultimate burden of persuasion at trial."  *See*

25 *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102–03.  Even though Samsung has the

26 burden of proof on its affirmative defenses, Netlist had the burden of production in

27 moving for summary judgment as to those defenses, and to meet that burden had to

28 cite to materials in the record to support its position that there are no genuine issues

7

of material fact.  *See El Corte Ingles, S.A. v. City Lights, LLC*, No. 119CV00213AWIJLT, 2019 WL 6918276, at *9 (E.D. Cal. Dec. 19, 2019) (denying summary judgment on affirmative defenses and holding that plaintiff cannot shift burden to defendant to produce "evidence" supporting its affirmative defenses, but must "*point to materials on file*" demonstrating affirmative defenses cannot succeed); *Innovative BioDefense, Inc.*, 2019 WL 7195332, at *8 ("[T]o prevail at summary judgment, Plaintiff has the burden of 'point[ing] out to the Court that there is an absence of evidence to support the non-moving party's affirmative defense.") (quoting *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010)).

Here, in its partial summary judgment motion, Netlist did not even refer to Samsung's affirmative defenses, let alone argue that they were invalid, produce evidence negating the defenses, or cite to materials in the file that it claimed demonstrated the defenses were invalid.  Therefore, Netlist failed to meet its burden of production, and for that additional reason the Court did not and could not have summarily adjudicated the affirmative defenses against Samsung.

## C.    The Court's Order Adjudicated Only a General Breach of the Supply Obligation Without Finding Any Specific Breaches.

Further, as to Netlist's motion for partial summary judgment as to the first claim for relief for breach of Section 6.2 of the JDLA, the motion could not properly have disposed of Samsung's affirmative defenses because Samsung asserts them against specific claims for breach of that provision, but at Netlist's request the Court's order only adjudicated a general breach.  While Netlist asserts that Samsung repeatedly breached Section 6.2 over a period of years, from mid-2017 to mid-2020, by not fulfilling written purchase orders, in its partial summary judgment motion Netlist only asked the Court to make a general finding that Samsung breached the provision.  Netlist did not ask the Court to make findings as to specific breaches, including dates and amounts of unfulfilled purchase orders.  When granting Netlist's partial summary judgment motion on its claim that Samsung breached Section 6.2,

the Court only ruled that "Netlist has established the existence of a contract, its performance of a contract, and Samsung's breach of the supply provision of the contract.  Partial summary judgment in Netlist's favor ***on these elements is appropriate***."  (Order, Dkt. 186 at 15:7–12 (emphasis added).)

Samsung's affirmative defenses, though, apply in the context of individual claims for breach of the provision and, more specifically, on a purchase order-by-purchase order basis.  For example, whether Netlist waived, or is estopped from asserting, a particular claim for breach of Section 6.2 depends on the particular claim.  The context surrounding a particular purchase order may vary significantly depending on the order, especially given that the purchase orders at issue cover a two year-plus time frame.

In light of the individual circumstances of each purchase order, it is possible that an affirmative defense may be proven with respect to some claims for breach of Section 6.2 and not others.  The point is that the validity of an affirmative defense must be evaluated on a claim-by-claim basis.  Therefore, because Netlist only sought and obtained a general finding of breach of Section 6.2, the Court did not resolve the validity of Samsung's affirmative defenses as to any specific breach claims, and Samsung must be permitted to assert its affirmative defenses to the extent Netlist seeks to establish damages for specific breaches of Section 6.2.  *See Meridian Project Systems,* 426 F.Supp.2d at 1110 (stating that because defendant's affirmative defenses were not raised in plaintiff's partial summary judgment motion, "those defenses remain viable in the litigation").  At the very least, Samsung must be permitted to assert its defense of failure to mitigate because this defense goes to the amount of damages and, as discussed above, in its pretrial filings Netlist acknowledges that its partial summary judgment motion left the amount of damages to be determined at trial.[3]

---

[3] In further considering the Court's summary judgment order as to the first claim for

## D.     The Court Did Not Dispose of the Affirmative Defenses as to the Third Claim for Declaratory Relief.

As to the Court's grant of summary judgment in favor of Netlist on its claim for declaratory relief, the Court also could not properly have disposed of Samsung's affirmative defenses.  Again, Netlist failed to identify that it was seeking summary judgment as to Samsung's affirmative defenses, and also failed to meet its burden of production as to any of Samsung's affirmative defenses.  Accordingly, the Court's summary judgment ruling in Netlist's favor as to the third claim for relief should be treated as limited to Netlist's affirmative claim, with Samsung able to assert affirmative defenses to this claim at trial.  Based on those defenses, Samsung seeks

---

relief, Samsung would submit that Netlist should ***not*** be permitted at trial to put on evidence of specific breaches of Section 6.2.  By requesting summary judgment as to "Plaintiff's First Cause of Action for Breach of Contract," except "the amount of damages that Plaintiff has suffered," Netlist's Proposed Order, lodged Aug. 8, 2016, at 2, Netlist indicated that it was seeking summary judgment as to any and all claims it intended to pursue for breach of Section 6.2.  Netlist nevertheless did not seek findings of specific breaches of Section 6.2, only asking the Court to make a general finding of breach of Section 6.2.  Therefore, Netlist has waived or abandoned any claims for specific breaches of Section 6.2.  *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F.Supp.2d 949, 977 (S.D. Cal. 2013) (because plaintiffs did not raise claims in their summary judgment motion those "claims should be considered abandoned"); *City of Santa Clarita v. U.S. Dept. of Interior*, 2006 WL 4743970, at *11 (C.D. Cal., Jan. 30, 2006) ("Claims not raised in a summary judgment motion should be considered abandoned and waived").  That means that for Netlist to recover actual damages under the first claim for relief, the horse Netlist must ride to trial is the general finding of breach of Section 6.2.  But that general finding, untethered to any specific unfulfilled purchase orders, dates, amounts, or SKUs, is clearly not a sufficient basis on which to prove actual damages resulting from breach.  *Bausch & Lomb Inc. v. Bressler*, 977 F.2d 720, 731 (2d Cir. 1992) (damages must be "directly traceable to breach"); *Nat'l Market Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) ("causation is an essential element of damages in a breach of contract action").  If necessary, Samsung would respectfully request leave to amend its pretrial filings to reflect this position.

10

to establish at trial that Netlist's purported termination of the JDLA was ineffective and to obtain a declaration from the Court in conformity therewith.

The Court's finding in its summary judgment order that Netlist did not waive the right to terminate should not preclude Samsung from raising the waiver defense at trial, including the defense of waiver of the right to terminate, because Netlist did not move for summary judgment as to the waiver defense. Samsung raised part of its waiver defense in support of its summary judgment motion as to the third claim for relief, arguing that Netlist waived the right to terminate. The Court found that the evidence presented on summary judgment supported the finding that Netlist did not intend to waive the no-waiver provision in the JDLA and did not waive the right to terminate. (Order, Dkt. 186 at 20-21.) Even if those findings were applicable to Samsung's summary judgment motion as to the third claim for relief and were sufficient to preclude summary judgment in its favor as to that claim, those findings should not be treated as applicable to Netlist's summary judgment motion because Netlist failed to seek summary judgment as to Samsung's waiver defense even as to the third claim for relief. Although Samsung raised part of its waiver defense in its opposition to Netlist's summary judgment motion, again arguing that Netlist waived the right to terminate, the defense was actually inapposite to the motion, and, as discussed in the next section of this brief, the Court could not grant summary judgment on that defense *sua sponte* without first giving Samsung notice and a reasonable time to respond, which did not occur. In its summary judgment opposition, Samsung did not raise other parts of its waiver defense, including its arguments that Netlist waived individual claims for breach of Section 6.2 by not giving timely notice of breach and by not demanding strict compliance with the agreement, and the Court did not address those issues in its summary judgment order. Accordingly, Samsung should be permitted to raise at trial its waiver defense and its other equitable defenses as to all three of Netlist's claims for relief. And if permitted to do so, Samsung intends to put on evidence and argument in support of

11

its waiver defense that were not (and were not required to be) presented on summary judgment, and the validity of the defense would have to be determined based on the trial record.[4]

In short, the Court's summary judgement order did not resolve any of Samsung's affirmative defenses as to any of Netlist's claims for relief. *Stillman v. Travelers Ins. Co*., 88 F.3d 911, 913 (11th Cir. 1996) ("Stillman's motion for summary judgment did not address [the affirmative] defenses raised by Charter Oak, nor did it offer any evidence of undisputed facts as to these defenses.... Stillman's argument that a general request for summary judgment on all issues in a case may be granted when no opposing evidentiary matter is presented is unsupported in the law."); *Meridian Project Sys., Inc.* 426 F. Supp. 2d at1110 (affirmative defense of fair use remained viable because movant failed to raise it in summary judgment motion on copyright claim).

## IV.   THE COURT MAY NOT *SUA SPONTE* GRANT SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSES

Courts have "limited authority to grant summary judgment *sua sponte* in the context of a final pretrial conference," and may only do so if the "party against whom judgment was entered had a full and fair opportunity to develop and present facts and legal arguments in support of its position." *Portsmouth Square Inc. v. Shareholders Protective Committee*, 770 F. 2d 866, 869 (9th Cir. 1985); *Norse v. Santa Cruz*, 629 F. 3d 966, 971–72 (9th Cir. 2010) (reversing district court's *sua sponte* grant of summary judgment because it did not provide a "full and fair opportunity to ventilate the issues"). "After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying

---

[4] If necessary, Samsung also would respectfully request leave to amend its pre-trial filings so that its affirmative defenses are raised as to Netlist's third claim for relief, as well as to Netlist's first two claims for relief.

for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).  In considering summary judgment *sua sponte*, the court "must carefully consider its role in construing evidence and the applicable law, abide by the normal procedural requirements associated with that stage of the litigation, and ensure that the parties have had a full and fair opportunity to be heard." *Norse*, 629 F. 3d 975 n. 9.

As a threshold matter, the Court cannot grant summary judgment on Samsung's affirmative defenses *sua sponte* at this time because none of the requirements of Federal Rule of Civil Procedure 56(f)(3) have been met.  In particular, the Court has not identified for Samsung the "material facts that may not be in dispute" and given it notice and a reasonable opportunity to respond.

Moreover, Samsung's affirmative defenses are fact-intensive, as shown by the descriptions of the facts set forth in Samsung's Memorandum of Contentions and the Final Pretrial Conference Order, (Final Pre-Trial Conference Order, Dkt. 225-1, at 7–16; Samsung's Mem. of Contentions of Law and Fact, Dkt. 208, at 7–13), and cannot properly be resolved on summary judgment.

By their very nature, Samsung's affirmative defenses are intensely factual. Waiver turns on an "intent to relinquish a contractual protection," and generally, "the existence of an intent to forgo such a right is a question of fact." *Fundamental Portfolio Advisors, Inc.*, 7 N.Y.3d at 104.  Estoppel depends on the parties course of dealings and justifiable reliance, which typically poses factual issues that cannot be resolved as a matter of law. *Nassau Tr. Co.*, 56 N.Y.2d at 185–86 (evidence that mortgagor relied on parties' course of extensions defeated plaintiffs' summary judgment motion and gave defendant right to try to "convince the trier of fact" on estoppel defense); *see also Fundamental Portfolio Advisors, Inc., L.P.,* 7 N.Y.3d at 107 (holding that "question of fact" existed as to whether defendant "could justifiably rely" on plaintiff's actions to conclude agreement would not be enforced").  Acquiescence similarly may turn on facts  regarding whether a party's

13

"acts and conduct" evidence that the party had "acquiesced in and consented to" the alleged breach.  *See Allen & Co.* 382 F. Supp. at 1063.  In addition, summarily dismissing Samsung's failure to mitigate defense is entirely premature as the record does not even include evidence of Netlist's claimed damages.

Nor does the no-waiver provision in the JDLA render the waiver defense suitable for summary adjudication because the no-waiver clause only applies to ***prospective*** breaches, not retrospective breaches.  The no-waiver provision states that "the failure by either party to enforce any of the terms and conditions of this Agreement shall not constitute a waiver of such Party's right thereafter to enforce that or any other terms and conditions of this Agreement."  (Order Dkt. 186 at 20:8–11, JDLA §16.2.)  Thus, Netlist's failure to enforce Section 6.2 when there was a past breach would not waive Netlist's right to enforce the supply provision in the future.  But this provision does not permit Netlist to resurrect purported breaches from 2017 as a basis for now claiming damages against Samsung.  *See Macarthur Properties I, LLC*, 2018 WL 3412830, at *5 (finding similar no-waiver provision may have applied prospectively but that the parties' "extended course of conduct" created an issue of fact over whether the condominium board waived the right to recover past due fees); *see also Conant v. Alto 53, LLC*, 21 Misc. 3d 1147(A), at *8, 880 N.Y.S.2d 223 (Sup. Ct. 2008) (plaintiff may have "retain[ed] the option to terminate the contract for future breaches even where [he] waived the payment provisions as to past breaches").

In addition, under New York law, the "mere existence of a nonwaiver clause does not preclude waiver of a contract clause."  *Stassa,* 123 A.D.3d at 806 ; *Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC,* 191 A.D.3d 857 (2d Dept 2021) (a nonwaiver clause does not preclude a finding of waiver").  Notwithstanding the no-waiver clause, there may be factual issues as to whether the no-waiver clause should be enforced.  For example, in *Kamco Supply Corp. v. On the Right Track, LLC*, the court found that a seller of construction equipment could

14

1  not rely on a no-waiver clause in a supply contract because of the buyer's "persistent

2  and repeated failure to meet minimum purchase requirements, coupled with the

3  [seller's] continued acceptance of such conduct without any reservation or protest

4  until a few weeks before the expiration of the agreements (by which time it was of

5  course too late to insist upon strict compliance with the terms of the agreements)."

6  149 A.D.3d at 285–86. *See also Lee v. Wright.* 108 A.D.2d 678, 680 (N.Y. App.

7  Div. 1985) ("[I]t has long been the rule that parties may waive a 'no-waiver' clause"

8  and, notwithstanding a no-waiver clause in a lease, the knowing acceptance of

9  payment under a lease created an issue of fact over whether the landlord "waived

10  any violation").   Similarly, as Samsung will prove at trial, Netlist's persistent and

11  repeated acceptance of Samsung's allocation of NAND and DRAM products

12  without protest for years waived its claims for breach.  At minimum, that conduct

13  raises factual issues for trial.

14       Accordingly, the Court should not seek to summarily adjudicate any of

15  Samsung's affirmative defenses *sua sponte*.

16

17

18  DATED:  November 10, 2021          O'MELVENY & MYERS LLP

19

20

21                              By:      /s/ *Michael G. Yoder*
                                     _____

22                                   Michael G. Yoder
                                 Attorneys for Defendant Samsung
23                               Electronics Co., Ltd.

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Best, Timothy P. <TBest@gibsondunn.com> |
| **Sent:** | Monday, November 8, 2021 8:59 PM |
| **To:** | Marc E. Masters; Kate S. Shin; David I. Hurwitz; O'Connor, Joe; Christopher J. Lee; Feinstein, Marc |
| **Cc:** | *** Gibson Dunn Netlist Litigation Team |
| **Subject:** | Netlist v. Samsung |

[EXTERNAL MESSAGE]

Counsel,

We write to provide notice concerning Netlist's second claim for relief.  Netlist does not intend to pursue the argument at trial that Samsung breached the JDLA by failing to reasonably cooperate with Netlist's efforts to recover the withheld amount from the Korean tax authority.  For the avoidance of doubt, Netlist will argue at trial that Netlist suffered general damages based on Samsung's breach of the supply obligation of the JDLA (claim 1) and general damages due to Samsung's failure to pay the full NRE fees in breach of the JDLA (claim 2).

Regards,
Tim

## GIBSON DUNN

**Timothy P. Best**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7659  •  Fax +1 213.229.6659
TBest@gibsondunn.com  •  www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---