# ATTACHMENT 3

Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
    jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES**<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

DEFENDANT:                       DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:                              ONE

3728789.2

Pursuant to Federal Rules of Civil Procedure 33, Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby further objects and supplements responses to Plaintiff Netlist Inc.'s ("Plaintiff") First Set of Interrogatories as follows:

## I.

## **PRELIMINARY STATEMENT**

A.   These responses are made solely for the purposes of this action. Each response is subject to all appropriate objections, including, but not limited to, objections to confidentiality, relevance, propriety and admissibility. All such objections and grounds are reserved and may be interposed at the time of deposition and/or trial.

B.   Nothing contained herein is intended as, or shall in any way be deemed, a waiver of the attorney/client privilege, the attorney work product doctrine, the common interest and/or joint defense privilege, the right of privacy, and/or any other applicable privilege or doctrine.

C.   Defendant has not yet completed its investigation of the facts relating to this action and has not yet reviewed all documents relating to this action. Consequently, Defendant reserves the right, without assuming any obligation, to supplement its response.

D.   Except for matters explicitly admitted, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Interrogatory has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Interrogatory, or that such answer constitutes admissible evidence. The fact that Defendant has responded and/or objected to an Interrogatory shall not be interpreted as an admission of the propriety of the Interrogatory.

E.   Specific objections to each Interrogatory are made on an individual basis in Defendant's responses below. In addition to the specific objections,

3728789.2

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES

Defendant makes certain general objections (the "General Objections") to the Interrogatories, which are included by reference in each individual response. Defendant's response to each individual Interrogatory is submitted without prejudice to and without in any respect waiving any General Objection that is expressly set forth in that response.

## II.
## **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each individual response, whether or not specific reference to them is made.

1. Defendant objects to any "Definitions," "Instructions," or other purported requirements in the Interrogatories that purport to impose any greater or different obligations than those imposed by law.

2. Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they call for the production of information protected by applicable constitutional, statutory or common law privileges and/or protections, including of third parties, and including but not limited to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, and the rights of privacy. Defendant will produce only responsive information not subject to any applicable constitutional, statutory or common law privileges or protections. Moreover, the inadvertent production of information protected by such privileges and protections shall not constitute a waiver of the applicable privilege or protection either as to information inadvertently produced or as to any other information or documents.

3. Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they call for disclosure of information of Defendant or third parties that constitute(s) confidential, proprietary, trade secret or sensitive business information. Defendant will not disclose information that is proprietary, trade secret, or otherwise highly confidential absent the entry of a

Case 8:20-cv-00993-MCS-ADS   Document 236-3   Filed 11/15/21   Page 5 of 12   Page ID
#:12038

mutually agreeable, suitable Protective Order that provides for an "Attorney's Eyes Only" designation of materials. Furthermore, Defendant will not disclose information protected by confidentiality agreements with third parties absent such third parties' consent to disclosure.

4. Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they are overbroad, unduly burdensome, and oppressive.

5. Defendant objects to the Interrogatories, and to each and every Interrogatory contained therein, to the extent that they are vague and/or ambiguous, and require Defendant to speculate as to what information is being requested.

6. Defendant objects to these Interrogatories on the grounds that they seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case (Fed R. Civ. P. 26(b)(1)).

7. Defendant objects to definitions that purport to define terms in an overly broad and vague manner that renders all Interrogatories in which such terms are used overly broad, vague, ambiguous and unduly burdensome and also causes such Interrogatories, as written, to seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case.

8. Defendant objects to the Interrogatories, and to each and every Interrogatory therein, to the extent they seek information or documents that are not within Defendant's immediate possession or control and/or are within Plaintiff's control or equally available to Plaintiff, or available from a public court or agency records, or otherwise in the public domain and accessible to all parties.

9. Defendant reserves all objections to the relevance and admissibility at trial of any information or documents identified herein. The identification of any information or documents does not constitute an admission by Defendant that such information or documents are relevant or admissible at trial.

10. Defendant objects to the Interrogatories, and to each and every

3728789.2
3
DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES

Interrogatory therein, to the extent they seek conclusions of law and/or a conclusions as to ultimate issues in the case.

11. To the extent any of the Interrogatories seek expert materials, information and/or opinion, including but not limited to survey information, Defendant objects to any such Interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such Interrogatories, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

12. Defendant objects to the Interrogatories on the grounds, and to the extent, that they contain express or implied assumptions of fact or law with respect to matters at issue in this case. Defendant's responses to the Interrogatories are not intended to be, and shall not be construed as, an agreement or concurrence by Defendant with Plaintiff's characterization of any facts, circumstances, and/or legal obligations, and Defendant expressly reserves the right to contest any such characterizations.

## III.
## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons involved, directly or indirectly, in negotiating or executing the Agreement, including but not limited to all those involved in conducting, managing, implementing, making decisions about, or receiving information or reports Relating To Your relationship with and obligations to Netlist under the Agreement. For the purposes of this Interrogatory, identify the city and country in which each Person resides, describe in detail each Person's role and responsibilities, and state whether the individual had knowledge of the supply terms under Section 6 of the Agreement or was involved in Samsung's withholding of taxes and/or fees paid under the Agreement.

3728789.2

4

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant is willing to meet and confer regarding the proper scope of this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this interrogatory on the basis that its fact investigation is not yet complete. Defendant reserves the right to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: Seung Min Sung (Principal Engineer), Ho Jung Kim (Senior Professional), Hyun Ki Ji (Senior Vice President), and Kyuhan Han (Vice President). Each of these individuals was involved with the negotiation and execution of the Agreement. Each of these individuals resides in South Korea, except for Mr. Kyuhan Han, who resides in Germany.

**INTERROGATORY NO. 2:**

Describe each instance in which Samsung or any of its affiliates ignored, denied, reduced, limited, restricted, or declined to fulfill Netlist's requests or orders for NAND and DRAM Products since November 12, 2015, ==including the reasons why such requests or orders were not fulfilled.==

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks a legal conclusion. Defendant also

objects to this interrogatory on the basis that the terms "ignored," "denied," "reduced," "limited," "restricted," or "declined" are vague, ambiguous, and nonsensical.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks a legal conclusion. Defendant also objects to this interrogatory on the basis that the terms "ignored," "denied," "reduced," "limited," "restricted," or "declined" are vague, ambiguous, and nonsensical. Defendant also objects to this interrogatory on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: due to the nature of the semiconductor industry, where supply is severely limited and shortages are frequent, Defendant is not always able to support every request and/or order from its customers. When customers make individual requests for NAND and DRAM products, Defendant's salespeople offer what they can based on the limited allocations that are available, which are based on prevailing market conditions. It is more common than not that a customer's request is not supported in full, because requests are generally made without regard for market conditions or for Samsung's available inventory.

==As such, Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time periods – that it is unable to support individual requests for product. The decision on whether Defendant can support each individual request is made based on overall market conditions.==

In addition, through a diligent investigation of the facts available to it at this time, Defendant has identified the following instance within the relevant time

3728789.2

6

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES

periods in which Plaintiff's purchase orders were rejected and/or cancelled: in or around July 2017, Defendant cancelled several purchase orders due to a request from Plaintiff.

**INTERROGATORY NO. 3:**

Identify all Persons, including Persons at any of your affiliates, directly or indirectly responsible for addressing or fulfilling Netlist orders for Samsung NAND and DRAM Products since January 1, 2015, and the time period for which they held such responsibility.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant is willing to meet and confer regarding the proper scope of this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory on the basis that it is overbroad. Defendant also objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this interrogatory on the basis that its fact investigation is not yet complete. Defendant reserves the right to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: Kihoon Kim (Principal Professional), Hyeoksang Yoo (Principal Professional), Kyong Yong Lee (Principal Professional), Tae Jin Jeong (Senior Professional), Ha Ryong Yoon (Vice President), and Neal Knuth (Senior Professional). Each of these individuals was involved in the sale of NAND and DRAM products to Netlist in various capacities for certain time periods from January 1, 2015 to present. In addition, Steve Metz

any patent infringement issue or any research and development project. Defendant also objects to this interrogatory to the extent that it seeks material protected by the attorney-client, work product, or other applicable privileges. Defendant also objects to this interrogatory to the extent that it seeks confidential, proprietary, or trade secret information. Defendant also objects to this interrogatory on the basis that it mischaracterizes Defendant's legal position. Defendant reserves the right to supplement its response.

    Subject to and without waiving its objections, Defendant responds as follows, to the best of their knowledge and to the extent they are able: in 2015, prior to negotiation of the Joint Development and License Agreement, Plaintiff contacted Defendant with allegations of intellectual property infringement.

DATED: July 8, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Jong-min Choi
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Christopher J. Lee
Attorneys for Defendant Samsung
Electronics Co., Ltd.

3728789.2

12

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES

# PROOF OF SERVICE

*Netlist Inc. v. Samsung Electronics Co., Ltd.*
Case No. 8:20-cv-00993-MCS-DFM

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On July 8, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address clee@birdmarella.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 8, 2021, at Los Angeles, California.

Christopher J. Lee

3728789.2

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

Jason C. Lo
Matthew Benjamin
Raymond A. LaMagna
Marissa Moshell
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: rlamagna@gibsondunn.com
Email: mmulligan@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**

3728789.2

DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF INTERROGATORIES