# ATTACHMENT 4

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                   (SOUTHERN DIVISION - SANTA ANA)


NETLIST, INC,                  ) CASE NO: 8:20-CV-00993-MCS-DFMx
                               )
            Plaintiff,         )           CIVIL
                               )
      vs.                      )      Santa Ana, California
                               )
SAMSUNG ELECTRONICS CO, LTD,   )      Tuesday, July 13, 2021
                               )
            Defendant.         )
```

INFORMAL DISCOVERY CONFERENCE

BEFORE THE HONORABLE DOUGLAS F. McCORMICK,
UNITED STATES MAGISTRATE JUDGE


**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | JASON C. LO, ESQ. |
| | RAYMOND A. LaMAGNA, ESQ. |
| | Gibson Dunn & Crutcher, LLP |
| | 333 S. Grand Ave. |
| | Los Angeles, CA 90071 |
| | |
| For Defendant: | JUMIN (CHRIS) LEE, ESQ. |
| | JONG-MIN CHOI, ESQ. |
| | Bird Marella Boxer, et al. |
| | 1875 Century Park East |
| | 23rd Floor |
| | Los Angeles, CA 90067 |
| | |
| Court Reporter: | Recorded; AT&T; digital |
| | |
| Courtroom Deputy: | Nancy Boehme |
| | |
| Transcribed by: | Exceptional Reporting Services, Inc. |
| | P.O. Box 8365 |
| | Corpus Christi, TX 78468 |
| | 361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

1 **Santa Ana, California; Tuesday, July 13, 2021**

2 **(Remote Appearances**

3 **(Call to Order)**

4 **THE CLERK:** We're on the record on case SACV 20-00993

5 MCS(DFM). The case is Net -- I'm sorry -- *Netlist, Inc. versus*

6 *Samsung Electronics*.

7 Counsel, your appearances, please?

8 **MR. LaMAGNA:** Raymond LaMagna of Gibson Dunn on

9 behalf of plaintiff, Netlist, Inc., and I'm joined by my

10 colleague, Jason Lo.

11 **MR. LEE:** Good morning, Your Honor. Christopher Lee

12 of Bird Marella on behalf of defendant, Samsung, and I'm here

13 with my colleague, Jong-Min Choi.

14 **THE COURT:** All right, Counsel. This is Judge

15 McCormick. It's been a couple weeks since we've talked, and

16 I'm having one of my favorite kind of days in this job when

17 there's, like, three or four things coming at me at once, so

18 I've got a boat in the harbor that someone wants me to help

19 them with, we've got 12 defendants being brought to the

20 courthouse -- Ms. Boehme, I just confirmed they're all on their

21 way -- and you guys have got some discovery issues. So, let's

22 talk about them.

23 Let me start with the apex deponents, and let me tell

24 you what I suggest, and then you can tell me what you think.

25 Mr. LaMagna, it sounds like we could get something

1  document counts, you will see a stark order of magnitude
2  difference in what we're going to be producing and what they're
3  going to be producing.
4          **THE COURT:** Okay.
5          **MR. LaMAGNA:** As I described --
6          **THE COURT:** You know, so -- so, I appreciate your
7  comments, and we have been a little bit of talking around and
8  around, and I'm not going to -- I'm not going to file this one
9  off. Mr. Lee, we need to do better from Samsung's end, and we
10 need to do better by the end of the week. Okay? And if there
11 is not, you're going to find yourself on the receiving end of
12 an order that's drafted by Mr. LaMagna. Do you understand?
13         **MR. LEE:** Yes, Your Honor.
14         **THE COURT:** All right. Mr. LaMagna, give me an order
15 by Thursday at 5:00 -- at noon. Mr. Lee, give me a -- new
16 responses, a response to that on Friday, and we'll have a
17 hearing on Monday at 10:00. Like I said, we're going to have a
18 hearing -- we're going to have an order by Monday, next Monday
19 morning.
20         **MR. LaMAGNA:** Yes, Your Honor. No issue with that.
21         **THE COURT:** Okay. Let's turn, then, to Interrogatory
22 Number 2. I recall our previous discussion about it, and I've
23 reviewed carefully Samsung's supplemental answer, and on the
24 one hand, Mr. LaMagna, I understand you're -- you're
25 probably -- it's not the answer you'd hoped for or the details

1   you wished for.  At the same time, it attributes Samsung's

2   inability to fulfill your client's requests to -- to some

3   pretty specific things, and I guess by that, disclaims other

4   issues by not attributing it to those things.

5           So, I guess the way I would describe that is Samsung

6   has put itself in a lane, and that -- that gives you, I guess,

7   the ability, then, to explore whether that lane is accurate or

8   not.  I don't know that additional -- additional response would

9   really serve any interest.  I mean, certainly you can explore

10  with the -- in the documents or with individual deponents

11  individual requests that maybe may appear in the documents, but

12  I guess I'm not -- I'm not inclined to have Samsung do anything

13  additional with this one.

14          MR. LaMAGNA:  Thank you, Your Honor.  Well, just to

15  address that briefly, recall that Samsung objected that it

16  would be hugely burdensome and difficult for them to respond to

17  Interrogatory Number 2 because they'd have to go through and

18  identify all the times that they told us no, basically, to

19  product requests.  And, then, notwithstanding that, because we

20  are undergoing that effort as well, we have to go and sort of

21  articulate what we -- the times that product requests were

22  denied, because that's going to be -- have to be the basis of

23  our damages claim and our claim that the breach was material.

24  You ordered them to do the same.

25          So, what we've responded here is there's basically

1   two operative sentences:  the sentence on page six where they
2   say that they told us, like they told other people, that they
3   were unable to support individual requests; and a sentence at
4   the end of that response that says that in 2017 they told us,
5   you know, that we canceled some orders.
6           Now, this can't be the response that Mr. Lee was
7   objecting to providing, because if it were, well, why are we
8   having the dispute before Your Honor?  Why didn't he just write
9   this the first time?  When he responded and said, hey, we can't
10  do this, this is going to be a lot of burden for us, he must
11  have been thinking about having to go through and articulate,
12  for that first sentence I was talking about, all of the
13  instances when they actually told us no.  And that is, I think,
14  what Your Honor ordered.  So, what they basically did, as a
15  matter of self-help, is they defaulted back to not doing the
16  thing that he said initially that he didn't want to do that the
17  Court then later ordered him to do.
18          The reason I think it's important is we will have
19  to -- like I said, we have our own internal records.  Those
20  may -- because we're going back over a course of years, they
21  may not be complete; they may not match Samsung's records.  We
22  will have to provide a list for damages purposes and for
23  materiality of the specific instances in which, you know, to
24  support our claim and we've said, here, we'd like a certain
25  amount of product, and they told us no.  That's that sentence

1   he said here that we told them, quote -- you know, that Samsung
2   is, quote, "unable to support individual requests for
3   products."
4           Now, when you look at my list, what do I have to
5   compare that to?  All I have is four or five words.  I don't
6   actually have a list from them of the times when they say that
7   that happened.  Now, like I said, I have my records, which
8   maybe are 85, 90 percent complete; I don't know.  You know,
9   there may be stuff from years gone by where we just don't have
10  a record of the communication and Samsung does.  I think we're
11  entitled as a matter of fact discovery to have a more -- you
12  know, a disclosure of the instances of the times when they say
13  that this happened, and that is what Mr. Lee said he did not
14  want to provide, and it is what was initially ordered.  Because
15  now what we're going to have is my list, which is more -- will
16  be more fulsome, and their sentence.  And I guess that's okay,
17  so long as they don't get to challenge my list.  So long as
18  they don't say my list is wrong in some way, or whatever,
19  then -- then, you know, that that will, I suppose limit the
20  damage.  But if they're not going to provide their own list in
21  comparison to our list, then I think that they need to be, at
22  minimum, prevented from challenging the completeness or
23  accuracy of my list.
24           **THE COURT:**  All right.  Mr. Lee?
25           **MR. LEE:**  Yes, Your Honor.  I think Mr. LaMagna's

1  misrepresenting the discussion we had on this previously, but I
2  won't go into much into that.  Your Honor, I think you're
3  very -- you're correct in saying that Samsung has put itself in
4  a lane by making this response, and, you know, obviously, it's
5  a lane that's quite favorable to Mr. LaMagna's client, because
6  ultimately the purpose of this interrogatory was to ask, when
7  did Samsung reject individual product requests from Netlist
8  during that time period from 2015 to the present.  And
9  essentially what Samsung answered -- and this is the result of
10 a diligent investigation on our part of what communications
11 went back and forth between Samsung and Netlist -- is that we
12 rejected requests during that entire period, all the time,
13 routinely, because that is what this relationship is like, and
14 that is what this market is like.  So, I don't really
15 understand why Mr. LaMagna thinks that this is -- this response
16 is inadequate when I think -- I think his client is getting
17 precisely the response they wanted when propounding this
18 interrogatory.
19          **THE COURT:**  All right.  Yeah, my -- I understand your
20 concerns, Mr. LaMagna, and I think they're -- they're
21 understandable.  You know, written discovery often leaves the
22 parties, you know, a little less than a full tank, I guess is
23 the way I would describe it, 75, 80 percent satisfied.  And I
24 understand that that additional 20, 25 percent you're feeling
25 unsatisfied about, and you're concerned that your list is going

1  to get challenged.  It's going to be hard to do that given this
2  response, I think, unless it's amended or supplemented.  But I
3  don't want to get into that, because that's really an issue for
4  a trier of fact, or if there is some sort of dispute about
5  whether it's proper to amend or supplement the response.  So, I
6  think we need to leave number two -- the answer to number two
7  as is, and then jump ahead to the other interrogatories that
8  Samsung has described as contention interrogatories.
9          **MR. LaMAGNA:**  Thank you, Your Honor.  Yeah, I think
10 that those are probably the more urgent issue.  I mean, as you
11 can appreciate, the goal of discovery here is to identify the
12 facts, and part of the purpose of discovery is to know what
13 facts the other side is asserting as the basis for various
14 aspects of the claims or defenses in the case.  So, as is
15 commonly the case, you know, parties will serve
16 interrogatories, and I think -- I'm not sure that this is
17 entirely fair to call these all contention interrogatories, but
18 basically saying, what facts, you know, are you asserting, you
19 know, support this point or that point, which we've done in
20 that string of -- you know, of interrogatories.  These -- I'm
21 sure as Your Honor reads the interrogatories themselves, you'll
22 be familiar with that -- seeing these kinds of questions.  And
23 we have gotten, as you saw, zero response.
24          It's -- they have just clearly, I think, stepped
25 outside of what the rules require.  We are entitled to know --

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

| | |
|---|---|
| _____ | August 5, 2021 |
| Signed | Dated |

*TONI HUDSON, TRANSCRIBER*