EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendant Samsung
Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S NOTICE AND *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE BECAUSE OF ILLNESS OF CO-LEAD TRIAL COUNSEL**<br><br>Trial date: December 1, 2021 |

## NOTICE OF *EX PARTE* APPLICATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Samsung Electronics Co. Ltd. ("Samsung"), by and through its counsel, hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 16 and Central District of California Local Rules 7-19 and 40-1 for an order continuing the currently scheduled December 1, 2021 trial date (Dkt. 247) because co-lead trial counsel Mike Yoder of O'Melveny & Myers LLP has just tested positive for COVID-19 and his symptoms are interfering with his ability to prepare for trial and there is a serious risk that his health condition will prevent him from attending the December 1, 2021 trial. Good cause therefore exists to continue the trial date. Fed. R. Civ. Pro. 16. Samsung proposes that the Court set a conference on December 1, 2021 for the parties to report to the Court regarding Mr. Yoder's condition and schedule a new trial date

This *ex parte* application to continue the trial date is based on this Notice, the attached Application and memorandum of points and authorities, the Declaration of Michael G. Yoder, the Declaration of Ekwan Rhow, all pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court.

Per Local Rule 7-19, counsel for Samsung first contacted counsel for Netlist about a continuance due to Mr. Yoder's condition on November 21, 2021, and advised counsel for Netlist by telephone on November 22, 2021 that Samsung intended to file this *ex parte* application to continue the trial date. Counsel for Netlist has stated that it opposes Samsung's requested relief to continue the trial date. (Decl. of E. Rhow, concurrently filed, Nov. 22, 2021 ¶¶ 2, 3.)

DATED:  November 22, 2021          O'MELVENY & MYERS LLP


                                   By:     /s/ *Marc F. Feinstein*
                                   _____
                                           Marc F. Feinstein
                                   Attorneys for Defendant Samsung
                                   Electronics Co., Ltd.

EX PARTE APPLICATION TO CONTINUE TRIAL DATE

## ***EX PARTE*** **APPLICATION AND MEMORANDUM IN SUPPORT**

## I.   INTRODUCTION

The Court should continue the trial date, currently scheduled for December 1, 2021, because Samsung's co-lead trial counsel Michael Yoder has contracted COVID-19 and is experiencing symptoms including low oxygen levels and is on bedrest at his doctor's direction, his illness is severely interfering with his ability to prepare for trial and to assist the rest of the team, and there is a serious risk he will not be cleared by his doctor to attend the trial.  Samsung specifically retained Mr. Yoder to try this case, he is involved across-the board in the trial preparation, he was planning to be present in court at all times during the trial and to have significant responsibilities in the courtroom, and he is a critical part of Samsung's defense. There is therefore good cause to continue the trial date.  Samsung will suffer irreparable harm if the trial proceeds without Mr. Yoder, and *ex parte* relief is warranted here given that the trial date is only nine days away.  Samsung is committed to promptly proceeding to trial.  In light of the circumstances, Samsung proposes that the Court set a conference for December 1, 2021, so that the parties may report to the Court about Mr. Yoder's condition and set an alternative trial date.

## II.   BACKGROUND

Mr. Yoder was retained by Samsung to represent it as co-lead counsel in the defense of this action and, in particular, the upcoming trial.  He is closely involved across-the board in the preparation for trial including witness examinations, trial exhibits, opening statement, closing argument, pretrial motions, jury instructions, verdict form, objections to evidence, and preserving the record.  He is planning to be in court at all times during the trial and has significant courtroom responsibilities including, but not limited to, the examination of important witnesses.  He has devoted significant time to preparing for trial and was planning to work throughout much of the next week to prepare to try this case.  (Decl. of M. Yoder ("Yoder Decl."), concurrently filed Nov. 22, 2021 ¶ 6.)

4

Mr. Yoder recently contracted COVID-19, his condition is significantly interfering with trial preparation, and there is a serious question whether he will be cleared by his doctor to appear at the trial. (*Id.*)  On November 19, 2021, Mr. Yoder underwent a previously-scheduled medical procedure, which was performed without issue.  (Yoder Decl. ¶ 2.)  On November 20, 2021, he began experiencing a severe sore throat and cough.  These symptoms worsened over the course of the day.  (*Id.* ¶ 4.)  By November 21, 2021, Mr. Yoder had developed a fever and his symptoms worsened.  As a result, he contacted his doctor who advised that Mr. Yoder take a rapid test for COVID-19.  Mr. Yoder took the COVID-19 test at Surfside Urgent Care in Laguna Beach, California.  The test produced a positive result.  Mr. Yoder's doctor has advised him to quarantine to reduce the risk of spreading COVID-19, to maintain bedrest, and monitor his symptoms.  Mr. Yoder has been advised to contact his doctor immediately if there is any change in his physical condition.  (*Id.* ¶ 5.)

Mr. Yoder is currently exhibiting symptoms of COVID-19.  He continues to experience a high fever, severe sore throat, and cough.  He has lost the ability to use his voice.  He is monitoring his oxygen level using a Pulse Oximeter, and his oxygen level is currently on the lower range of normal.  Mr. Yoder's doctor has advised Mr. Yoder to remain quarantined until his symptoms subside and, at that point, to take another COVID-19 test to ensure that he is virus-free.  (*Id.* ¶ 5.)

On November 21, 2021, counsel for Samsung emailed counsel for Netlist to advise of Mr. Yoder's condition and that Samsung intended to seek a continuance of the trial date.  On November 22, 2021, counsel for Netlist spoke with counsel for Samsung and advised that Netlist would oppose the continuance of the trial and this *ex parte* application. (Decl. of E. Rhow, concurrently filed, Nov. 22, 2021 ¶¶ 2, 3.)

## III.    GOOD CAUSE EXISTS TO CONTINUE THE TRIAL DATE

Mr. Yoder's illness has significantly interfered with his ability to prepare this case for trial, and called into question whether he may attend the trial on December 1, 2021, presenting good cause for the Court to continue to the trial date.  In the

Central District, an application for the continuance of a trial may be "served and filed at least five (5) days before the day set for trial," L.R. 40-1, and scheduling orders may be modified "for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). Trial courts have broad discretion to grant trial continuances. In considering trial continuances courts may examine (1) the moving party's diligence in preparing its case for trial, (2) usefulness of the continuance, (3) inconvenience to the court and the opposing party, and (4) prejudice to the moving party. *Am. Manufacturers Mut. Ins. Co. v. Carothers Constr., Inc.*, 2008 WL 11512228, at *2–3 (E.D. Cal. Jan. 15, 2008) (citing *U.S. v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). These factors weigh in favor of a trial continuance here. Indeed, courts routinely grant continuances where trial counsel's health interferes with their ability to try the case for which they are responsible. *Am. Manufacturers Mut. Ins. Co.*, 2008 WL 11512228, at *2–3 (granting continuance of trial because trial counsel suffered from unexpected medical complications).[1]

First, Samsung will be prejudiced if the trial proceeds in the absence of Mr. Yoder. *Am. Manufacturers Mut. Ins. Co.*, 2008 WL 11512228, at *3 (finding prejudice where trial counsel who "became involved in the case for the specific purpose of conducting the jury trial" suffered from unexpected medical condition). Mr. Yoder is responsible for overseeing all aspects of Samsung's trial defense, including witnesses, trial exhibits, opening statement, closing argument, objections to evidence, jury instructions, verdict form, motions, and preserving the record. He is planning to be in court at all times and has significant courtroom responsibilities

---

[1] *See Lossiah v. United States*, No. 1:18-CV-00134-MR-DSC, 2021 WL 495867, at *1 (W.D.N.C. Feb. 10, 2021) (granting trial continuance where "counsel's health issues have essentially precluded him from working on this case"); *Peters v. Cox*, No. 315CV00472RCJCBC, 2018 WL 4705534, at *2 (D. Nev. Oct. 1, 2018) (endorsing request for continuance due to counsel's health).

including, but not limited to, examination of important witnesses.  Mr. Yoder has been critically involved with Samsung's pretrial preparation, including leading Samsung's argument to the Court during the Pretrial Conference on November 15, 2015.  Because Mr. Yoder has contracted COVID-19, there is a serious doubt that he will be cleared by his doctor to attend the in-person trial on December 1, 2021, and in the interim, his health condition has severely interfered with his ability to prepare the case for trial.  Samsung will be significantly  prejudiced because but for his medical condition, Mr. Yoder would be ready to try the case as planned.

Second, a continuance will allow Mr. Yoder to participate in the trial. Samsung is committed to bringing this case to trial and only seeks a brief continuance to allow Mr. Yoder to recover.  Samsung proposes that the Court schedule a conference on December 1, 2021 so that the parties may report on Mr. Yoder's condition and schedule an alternative trial date.  A continuance will be useful in allowing Samsung to present its case with its counsel of choice, and avoiding prejudice to Samsung.

Third, Samsung has diligently prepared for trial and has not previously obtained a continuance of the trial date.  Samsung seeks this continuance for the sole reason of accommodating Mr. Yoder's illness.  Absent this unexpected issue, Samsung would be prepared to proceed to trial on December 1, 2021.

Finally, the potential inconvenience to the Court and to Netlist may be addressed at a conference among the parties and the Court regarding a new trial date.  Samsung understands that Netlist opposes Samsung's request for a continuance because one of its witnesses has a medical procedure planned for mid-December, which will require a long period of recovery.  Samsung is open to discussing with Netlist and the Court how to accommodate this situation, including potentially bringing this case to trial before the procedure depending Mr. Yoder's condition or recording a trial examination of the witness prior to any trial (if necessary).

## IV.   *EX PARTE* RELIEF IS WARRANTED

*Ex parte* relief is warranted in this situation.  As the Court has noted, a party filing an *ex parte* application must support its request for emergency relief with "evidence that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and a showing that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  (Dkt. 117 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).)  Here, Samsung has submitted the declaration of Mr. Yoder showing that he has contracted COVID-19, which has interfered with his and the team's trial preparation and seriously called into question his ability to attend the trial, which is now only nine days away.  As a result, Samsung could not request the relief it seeks through a noticed motion in time for it to be heard prior to the trial.  As explained above, Samsung will be irreparably harmed if the trial proceeds without its co-lead trial counsel because he plays a critical role in Samsung's defense and was retained specifically for the purposes of trying this case.  Samsung is without fault in creating the situation as Mr. Yoder is suffering from an unfortunate medical issue that has impaired his health, requires him to quarantine and remain on bedrest, and prevents him from being able to prepare for and potentially attend the trial.

## V.   NAMES AND ADDRESSES OF OPPOSING COUNSEL

Pursuant to Local Rules 7-19 and 7-19.1, the name, address, telephone number, and email address for Netlist's counsel are as follows:

> RICHARD DOREN, SBN 124666
> rdoren@gibsondunn.com
> JASON C. LO, SBN 219030
> jlo@gibsondunn.com
> MATTHEW BENJAMIN (*pro hac vice*)
> mbenjamin@gibsondunn.com
> TIMOTHY BEST, SBN 254409
> tbest@gibsondunn.com

8

RAYMOND A. LAMAGNA, SBN 244821
rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000


DATED: November 22, 2021        O'MELVENY & MYERS LLP


By: _____
         /s/ *Marc F. Feinstein*
                    Marc F. Feinstein
         Attorneys for Defendant Samsung
         Electronics Co., Ltd.

9