EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung Electronics Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NETLIST INC., a Delaware corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,

Defendant.

CASE NO. 8:20-cv-00993-MCS-ADS

**DECLARATION OF EKWAN E. RHOW IN SUPPORT OF DEFENDANT SAMSUNG'S *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE BECAUSE OF ILLNESS OF CO-LEAD TRIAL COUNSEL**

**DECLARATION OF EKWAN E. RHOW**

I, Ekwan E. Rhow, declare as follows:

1. I am an active member of the Bar of the State of California and a partner with the law firm of Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., attorneys of record for Defendant Samsung Electronics Co. Ltd. ("Samsung"). I am co-lead trial counsel for Samsung in this action. I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2. On Sunday, November 21, 2021, I contacted counsel for Netlist via email to inform them that co-lead trial counsel Michael G. Yoder had just tested positive for COVID-19 after starting to experience symptoms on Saturday and would not be able to participate in trial preparation and may not be able to participate in the trial. I explained that, as a result, Samsung intended to seek a continuance of the trial date.

3. On the morning of November 22, 2022, I had a telephone conversation with Jason Lo of Gibson, Dunn & Crutcher LLP, counsel for Netlist. Mr. Lo informed me that Netlist would not agree to a continuance of the trial date. I informed Mr. Lo that Samsung intended to file an *ex parte* application for an order to continue the trial date based on Mr. Yoder's condition. Mr. Lo informed me that Netlist would oppose Samsung's application.

4. The Parties have not previously requested a continuance of the trial date. The parties previously jointly requested an extension of the discovery and motion cutoffs, which was denied by the Court. (Dkt. 66.) Samsung had previously applied to extend the fact discovery cutoff and summary judgment deadline, which the Court denied. (Dkt. 70.) Netlist previously requested that the Court permit it to take depositions

beyond the discovery cutoff and to continue the expert discovery deadlines, which the Court denied. (Dkt. 117.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on November 22, 2021 at Los Angeles, California.

Ekwan E. Rhow