UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00993-MCS-ADS | Date | November 23, 2021 |
| Title | *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION TO CONTINUE TRIAL (ECF NO. 248)**

Defendant Samsung Electronics Co., Ltd., applies ex parte for an order continuing trial. Samsung avers that one of its attorneys of record, Michael Yoder, contracted a symptomatic case of COVID-19 and may be unable to participate at trial on December 1. (Appl., ECF No. 248.) Plaintiff Netlist Inc. opposes the application on the basis that one of its witnesses will become unavailable if trial is continued due to a significant medical procedure that will require several months of recovery. (Opp'n, ECF No. 249.)

The Court declines to continue trial. District courts have broad discretion to manage the course of litigation. *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the

opposing party, though not the focus of the inquiry, also may support denying a continuance. *Johnson*, 975 F.2d at 609.

In the context of applications to continue trial, courts consider four factors: (1) the moving party's diligence in preparing its case for trial, (2) the usefulness of the continuance, (3) the inconvenience to the court and the opposing party, and (4) prejudice to the moving party. *United States v. Gross*, 424 F. Supp. 3d 800, 802–03 (C.D. Cal. 2019) (citing *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985)); *see Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (applying *Flynt* test to review denial of trial continuance in civil case).

Samsung argues it will suffer prejudice absent a continuance because Mr. Yoder is responsible for overseeing Samsung's defense, his illness is interfering with his preparation for trial, and he remains uncertain whether he will recover and be cleared to participate by December 1. (Appl. 6–7; *see* Yoder Decl. ¶ 6, ECF No. 248-1.) Nonetheless, Samsung associated Mr. Yoder as counsel only a month ago. (Notice of Association of Counsel, ECF No. 195 (filed Oct. 22, 2021).) Samsung is represented by ten other capable attorneys of record—including two attorneys who have represented Samsung throughout this case and whom Samsung previously identified as trial counsel. (*See* Joint Rule 26(f) Report § P, ECF No. 40.) Samsung acknowledges that it would be prepared for trial on December 1 but for Mr. Yoder's illness. (Appl. 7.) The Court infers that Samsung's trial team, by exercising reasonable diligence, can cover for Mr. Yoder's absence should he be unavailable to participate at trial. *See Zivkovic*, 302 F.3d at 1087.

Considerations of prejudice to Netlist and the orderly course of justice substantially outweigh any prejudice Samsung would suffer in Mr. Yoder's absence. If trial is continued, Netlist's witness will become unavailable for several months as the witness recovers from a medical procedure. (Opp'n 2.) If the December 1 date is vacated, the Court could not reset the trial for a date certain given the uncertainty concerning Mr. Yoder and the witness's recovery timetables and the limitations on scheduling jury trials in this district due to the pandemic. Granting the application would substantially delay trial, prejudicing Netlist. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). The Court determines that retaining the December 1 trial date would best "secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.

       The application is denied. The Court wishes Mr. Yoder a complete and speedy recovery.

**IT IS SO ORDERED.**