1   RICHARD DOREN, SBN 124666
      rdoren@gibsondunn.com
2   JASON C. LO, SBN 219030
      jlo@gibsondunn.com
3   MATTHEW BENJAMIN (*pro hac vice*)
      mbenjamin@gibsondunn.com
4   TIMOTHY BEST, SBN 254409
      tbest@gibsondunn.com
5   RAYMOND A. LAMAGNA, SBN 244821
      rlamagna@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
7   Los Angeles, CA  90071-3197
    Telephone:  213.229.7000
8   Facsimile:   213.229.7520

9   JASON SHEASBY, SBN 205455
      jsheasby@irell.com
10  IRELL & MANELLA LLP
    1800 Ave. of the Stars
11  Los Angeles, CA 90067
    Telephone: 310.203.7096
12  Facsimile: 310.203.7199

13  Attorneys for Plaintiff Netlist Inc.

    EKWAN E. RHOW, SBN 174604
      erhow@birdmarella.com
    MARC E. MASTERS, SBN 208375
      mmasters@birdmarella.com
    DAVID I. HURWITZ, SBN 174632
      dhurwitz@birdmarella.com
    BIRD, MARELLA, BOXER,
    WOLPERT, NESSIM, DROOKS,
    LINCENBERG & RHOW, P.C.
    1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
    Telephone:  310.201.2100
    Facsimile:   310.201.2110

    MICHAEL G. YODER (SB 83059)
      myoder@omm.com
    O'MELVENY & MYERS LLP
    610 Newport Center Drive, Suite 1700
    Newport Beach, California 92660
    Telephone: (949) 823-6900
    Facsimile: (949) 823-6994

    Attorneys for Defendant Samsung
    Electronics Co., Ltd.

14

15                  UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  NETLIST INC., a Delaware corporation, | **CASE NO. 8:20-cv-993-MCS (ADS)** |
| 19                          Plaintiff, | **REVISED JOINT DISPUTED AND UNDISPUTED JURY INSTRUCTIONS** |
| 20 | |
| 21        v. | Before Judge Mark C. Scarsi |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, | |
| 23                          Defendant. | **Trial:** |
| 24 | Date:      December 1, 2021<br>Time:      8:30 a.m. PT |

25

26

27

28

Pursuant to the Court's Order on Motions in Limine and Pretrial Conference dated November 17, 2021, Plaintiff Netlist Inc. ("Netlist") and Defendant Samsung Electronics Co., Ltd. ("Samsung") hereby submit one revised joint disputed jury instruction (Instruction No. 1 below regarding "Claims and Defenses") and one joint agreed-upon instruction (Instruction No. 2 below regarding Breach of Contract – Damages).  The parties have not included the instruction on impeachment of witnesses as the Court has taken the instruction under advisement and will read it only if an applicable impeachment issue arises at trial.

The Court also stated in its November 17, 2021 Order [D.I. 243] that it will read New York Pattern Jury Instruction No. 4:1 without modification instead of Disputed Instruction No. 2 as submitted on November 1, 2021.  Netlist's understanding is that, given the Court's ruling that it will read the above Pattern Instruction, a copy of the instruction need not be duplicated or submitted here. Samsung respectfully submits that the jury charge in New York Pattern Jury Instruction No. 4:1 would be duplicative of the jury instruction addressing Claims and Defenses as stated herein.

Dated:  November 23, 2021

GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Jason C. Lo
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

1    Dated: November 23, 2021

2
                                        BIRD, MARELLA, BOXER, WOLPERT,
3                                       NESSIM, DROOKS, LINCENBERG &
                                        RHOW, P.C.
4

5
                                        By: *Ekwan E. Rhow*
6                                       Ekwan E. Rhow
                                        1875 Century Park East, 23rd Floor
7                                       Los Angeles, California 90067-2561
                                        310.201.2100
8
                                        Attorneys for Defendant Samsung
9                                       Electronics Co., Ltd.

10

11

12                              **ATTESTATION**

13         Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed,

14   and on whose behalf the filing is submitted, concur in the filing's content and have

15   authorized the filing.

16

17   Dated: November 23, 2021          By: */s/ Raymond LaMagna*
18                                      Raymond LaMagna

19

20

21

22

23

24

25

26

27

28

## **PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

### **CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Netlist, and the defendant, Samsung, were parties to a contract called the Joint Development and License Agreement (or "JDLA"). Section 6.2 of the JDLA required Samsung to supply NAND and DRAM computer memory products to Netlist on Netlist's request. The Court has determined that the JDLA constituted a valid contract and that Netlist performed under the contract. The Court has also determined that Samsung materially breached its obligations to Netlist under this supply provision by failing to supply NAND and DRAM products to Netlist.

Netlist claims that it suffered damages due to Samsung's breach of this provision because Netlist had to purchase replacement NAND and DRAM products from other companies at higher prices than it would have paid to Samsung. Samsung disputes that Netlist suffered any damages as a result of its breach of its contractual obligation to supply products to Netlist and also asserts that Netlist failed to make reasonable efforts to reduce or avoid some or all of the damages Netlist claims it suffered.

Additionally, Section 3.1 of the JDLA obligated Samsung to pay Netlist $8 million as a one-time payment for a "non-recurring engineering" fee. Rather than pay the entire amount to Netlist, Samsung withheld $1.32 million of that fee for purported taxes, paying that amount to Korean tax authorities rather than Netlist. The Court has determined that by doing so Samsung materially breached the JDLA because Section 3.2 of the agreement did not authorize Samsung to withhold this money from Netlist. Samsung thus breached the JDLA by not paying the full $8 million fee to Netlist.

REVISED JOINT DISPUTED AND UNDISPUTED JURY INSTRUCTIONS

Netlist claims that it suffered damages due to Samsung's breach because Netlist had to spend money and pay fees to get a refund from the Korean tax authorities.  Samsung disputes that Netlist suffered any damages as a result of Samsung's tax withholding, and also asserts that Netlist failed to make reasonable efforts to reduce or avoid any of the damages Netlist claims it suffered.

Netlist has the burden of proving the damages Samsung owes.  The issue for you to decide in this trial is what, if any, damages Netlist suffered as a result of Samsung's breaches of the JDLA.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.5 (modified).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Netlist, and the defendant, Samsung, were parties to a contract called the Joint Development and License Agreement (or "JDLA"). Section 6.2 of the JDLA required Samsung to supply NAND and DRAM computer memory products to Netlist on Netlist's request at a competitive price. The Court determined that Samsung did not fulfill some of Netlist's requests for NAND or DRAM products in breach of Section 6.2. Netlist claims that it suffered damages as a result of Samsung not supplying it products because it had to purchase replacement NAND and DRAM products from other companies at higher prices than it would have paid to Samsung. Samsung disputes that Netlist suffered any damages as a result of any failure of Samsung to supply products in breach of Section 6.2 of the JDLA, and also asserts that Netlist failed to make reasonable efforts to reduce or avoid any of the damages Netlist claims it suffered.

Section 3.1 of the JDLA obligated Samsung to pay Netlist $8 million, and Section 3.2 permitted Samsung to withhold taxes on this amount that were required by applicable Korean law. In making the $8 million payment to Netlist, Samsung withheld $1.32 million as taxes and paid that amount to the Korean tax authority. Netlist subsequently obtained a refund of that amount. The Court determined that Samsung breached the JDLA because the tax withholding was not required under Korean law. Netlist claims that it suffered damages due to Samsung's withholding of the $1.32 million. Samsung disputes that Netlist suffered any damages as a result of Samsung's tax withholding, and also asserts that Netlist failed to make reasonable efforts to reduce or avoid any of the damages Netlist claims it suffered.

**Source:** Ninth Circuit Manual of Model Jury Instructions, 1.5 (modified).

## **PLAINTIFF'S POSITION STATEMENT REGARDING PROPOSED INSTRUCTION NO. 1**

Netlist's Proposed Jury Instruction on the Claims and Defenses of the case is a neutral statement that accurately presents the parties' claims and defenses, as well as the issues to be tried, in the context of the contract claims at issue in this action. Samsung's Proposed Jury Instruction on Claims and Defenses is argumentative, misleading, and is likely to cause confusion to the jury.

In accordance with the Court's November 17, 2021 Order [D.I. 243], Netlist has provided the "additional clarifying information" concerning the JDLA and Samsung's breaches of it in this Claims and Defenses Instruction. Samsung seeks to evade responsibility for its actions by denuding this instruction of that context. With respect to the breach of the supply provision, Samsung seeks to circumvent the Court's clear ruling that "there is no genuine dispute that Samsung breached JDLA § 6.2, Order regarding Motions for Summary Judgment and Related Applications, at 10, by stating that it "did not fulfill some of Netlist's requests."

Samsung's proposal also adds confusion by inserting "at a competitive price" into its description of section 6.2. But this aspect of section 6.2 is not at issue in this case. Netlist is not claiming that the sales Samsung did make to Netlist were not "at a competitive price"—the only claim being tried concerns Samsung's failure to supply product to Netlist at *any* price. Adding irrelevant facts threatens to confuse the jury into thinking that Samsung's breach was charging higher prices than others.

Samsung's instruction regarding the tax-related claim is also argumentative, misleading, and likely confusing to the jury. Samsung seeks to tell the jury that "Section 3.2 permitted Samsung to withhold taxes on this amount that were required by applicable Korean law," improperly suggesting Samsung's withholding was justified contrary to the Court's ruling. Samsung's Proposed Instructions obscure Netlist's claim on damages by deleting language related to the costs Netlist incurred to seek the refund, and noting only that "Netlist obtained a refund."

## DEFENDANT'S POSITION STATEMENT REGARDING PROPOSED INSTRUCTION NO. 1

Netlist's proposed jury instruction runs afoul of the Court's direction to the parties to agree on a "***neutral*** statement of the ***remaining*** claims and defenses." (Dkt. 243 at 12:22–24 (emphasis added).)  Netlist's proposed instruction that the Court determined that Samsung "materially" breached Section 6.2 is irrelevant to the claim the jury must decide because materiality is not an element of a damages claim under Section 6.2.  To say that Samsung "materially" breached is also unfairly prejudicial because it will tend to bias the jury against Samsung.  It is also unnecessary to instruct the jury on what the Court determined regarding the existence of a contract and Netlist's performance because those are issues already decided in this case and the Court properly told the parties that the this jury instruction should address the remaining claims.

Netlist's proposed instruction is also highly prejudicial because it asserts as facts issues the jury must determine for themselves.  Netlist's instruction states that "Netlist had to purchase replacement NAND and DRAM products from other companies at higher prices" and that Netlist "had to spend money and pay fees to get a refund from the Korean tax authorities."  Those are allegations, and at minimum should be prefaced by saying that they are allegations, but Netlist has worded the instruction to suggest they are facts.

For the reasons discussed above, Netlist's proposed instruction is irrelevant and prejudicial where it says that the Court determined that Samsung "materially" breached Section 3.1.  Because it is disputed whether the $8 million payment was actually all for a "non-recurring engineering" fee, the instruction should omit that statement.  The reference to "purported" taxes inaccurately suggests that the amount wasn't paid as taxes, when it was paid as taxes, although ultimately it was determined that no taxes were required.  Netlist's instruction also omits to mention

Netlist obtained a refund of the $1.32 million withholding, even though the instruction refers to its efforts to obtain the refund.

The last paragraph of Netlist's instruction misstates the jury's task by failing to mention the duty-to-mitigate defense.

Samsung's proposed instruction includes a neutral statement of the claims and defenses to help the juror's deliberations, rather than skew their opinion in favor of one party. It appropriately informs the jury of what the Court has previously found to give context to the issues they will be deciding. The Court should adopt Samsung's instruction and reject Netlist's attempt to gain a competitive edge through a one-sided instruction about the claims and defenses.

REVISED JOINT DISPUTED AND UNDISPUTED JURY INSTRUCTIONS

## JOINT PROPOSED INSTRUCTION NO. 2

### BREACH OF CONTRACT – DAMAGES

The basic principle of damages in a contract action is to leave the injured party in as good a position as it would have been if the contract had been fully performed.  It is equally fundamental that the injured party should not recover more from the breach than the party would have gained had the contract been fully performed.

Where actual damages have been pleaded and are to be proved, plaintiff must establish a causal relationship between the breach of contract and damages.

The burden of proof is on plaintiff to establish damages.  Where actual damages are claimed, the plaintiff must show actual damages and must lay a basis for a reasonable estimate of the extent of the harm.

After a breach of a contract for the sale of goods, plaintiff may recover the difference between the price that plaintiff would have paid to defendant for the goods had defendant sold them to plaintiff according to the contract, and any higher price that plaintiff instead had to pay to a third-party for the goods that defendant failed to supply to plaintiff.

**Source**: New York Pattern Jury Instructions § 4:20 Commentary "General Rules" (modified)

REVISED JOINT DISPUTED AND UNDISPUTED JURY INSTRUCTIONS