EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
MARC E. MASTERS (SB 208375)
mmasters@birdmarella.com
DAVID I. HURWITZ (SB 174632)
dhurwitz@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S REQUEST FOR (A) CLARIFICATION OF COURT'S DECEMBER 7, 2021 MINUTE ORDER AND (B) MODIFICATION OF SCHEDULE THEREUNDER (Dkt. 281)** |

On the first day of trial, the Court heard argument on whether the determination of Netlist's claim for damages for breach of Section 3.1 of the JDLA should be tried to the jury given that the only issue left to be resolved is legal—*i.e.*, whether the PwC fees claimed as damages by Netlist, which Netlist conceded were the only damages it sought based upon its second claim for relief, were consequential damages and therefore not recoverable. (See Trial Tr. Day 1, a.m. 7:16–13:4.) The Court ruled that "this is going to be an issue for the Court, we will hear it outside the presence of the jury." (*Id.* at 13:5–11.) The Court's December 7, 2021 Minute Order (Dkt. 281) sets forth a schedule for filing post-trial motions and a joint proposed judgment, commencing on January 10, 2022. In accordance with that schedule, Samsung intends to file an opening brief on January 10, 2022 in support of its position that the PwC fees claimed by Netlist for breach of Section 3.1 are consequential damages and therefore barred under Section 12.5 of the JDLA and this Court's October 14, 2021 summary judgment ruling.

Out of an abundance of caution, Samsung files this request to ensure that the post-trial briefs referenced in the Court's December 7, 2021 Minute Order do not include post-trial motions under Rules 50(b) and 59 of the Federal Rules of Civil Procedure. As the Court knows, a motion for judgment as a matter of law under Rule 50(b) and a motion for new trial or to alter or amend a judgment under Rule 59, must be filed no later than 28 days *after* the entry of judgment. See Fed. R. Civ. Proc. 50(b); 59(b), (e). Because no judgment has yet been entered, such motions would seem to be premature. But because the Minute Order does not specify the subject-matter of the post-trial briefs due January 10, Samsung respectfully requests that the Court clarify that those briefs are limited to whether the PwC fees were consequential damages and therefore unrecoverable under the JDLA.

Samsung also would respectfully ask the Court to consider modifying the schedule established by the Court's December 7, 2021 Minute Order so that the parties may meet and confer on a proposed form of judgment, and submit either a

joint proposed form of judgment or, if the parties are unable to agree, each parties' proposed form of judgment, after the Court first determines whether or not the PwC fees are non-recoverable consequential damages.  The form of judgment to be entered by the Court on Netlist's second claim for relief, for breach of section 3.1 of the JDLA, will clearly depend upon how this issue is decided by the Court, and Samsung therefore would propose that the deadline to file a joint proposed judgment (or competing forms of judgment if the parties are unable to agree) be continued to a date after the Court has ruled on the PwC fees issue.

DATED: December 29, 2021         O'MELVENY & MYERS LLP

By:   /s/ Michael G. Yoder
           Michael G. Yoder
      Attorneys for Defendant Samsung
      Electronics Co., Ltd.