UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00993-MCS-ADS | Date December 30, 2021 |
| Title *Netlist Inc. v. Samsung Elecs. Co. Ltd.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s): None Present

Attorney(s) Present for Defendant(s): None Present

**Proceedings:** (IN CHAMBERS) ORDER RE: REQUEST FOR CLARIFICATION (ECF NO. 286)

Defendant Samsung Electronics Co., Ltd., requests clarification of the Court's December 7, 2021 Order setting post-trial deadlines. (Req., ECF No. 286.) The request fails to comply with the Court's motion and ex parte procedures. *E.g.*, C.D. Cal. Rs. 6-1, 7-3, 7-4, 7-20, 7-19.1. Nonetheless, the Court grants the request for clarification.

In order to streamline post-trial proceedings, the Court intended the parties to brief any Rule 50(b) and 59 motions according to the schedule set in the December 7, 2021 Order. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 2:17-cv-07639-SJO-KS, 2020 U.S. Dist. LEXIS 82972, at *8 (C.D. Cal. Jan. 7, 2020) ("While authority clearly states that a district court may not *extend* the statutory deadlines contained in Rules 50(b) and 59, Defendant has not presented any authority stating that a district court may not set a briefing schedule *within* the statutory deadlines."). Such motions may be adjudicated notwithstanding the lack of a final judgment and the unresolved legal issue presented by the JDLA § 3.1 breach of contract theory.

The Court denies Samsung's request to modify the post-trial schedule for failure to present good cause. The Court gave the parties over a month to confer on a proposed judgment. The parties' capable counsel surely can agree on the substance of the judgment except as to the unresolved breach theory.

**IT IS SO ORDERED.**