RICHARD DOREN, SBN 124666
  rdoren@gibsondunn.com
JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
TIMOTHY BEST, SBN 254409
  tbest@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JASON SHEASBY, SBN 205455
  jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>           Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**DECLARATION OF MATTHEW J. BENJAMIN IN SUPPORT OF PLAINTIFF NETLIST INC.'S MOTION FOR FEES UNDER RULE 37(C)(2)** |

## DECLARATION OF MATTHEW J. BENJAMIN

I, Matthew J. Benjamin declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, and I am admitted pro hac vice to this Court to represent Plaintiff Netlist Inc. as part of the above-captioned matter. I submit this declaration in support of Netlist's Motion for Fees under Rule 37(c)(2). I have personal knowledge of the matters set forth herein, except where stated otherwise, and if called to testify, I could and would competently testify thereto.

2. I am a member of the New York State Bar, have over 15 years of experience in complex litigation, and have particular expertise in the questions of New York contract law at issue in the above-captioned case.

3. I have reviewed the Requests for Admission that I understand are the basis for Netlist's above-noted motion. I understand that, in summary, these requests seek admissions concerning (i) the fact, scope, and timing of caps or limits on product allocation that Samsung placed on sales to Netlist starting in 2017, (ii) whether Samsung had withheld $1.32 million from NRE fees owed to Netlist under the parties' Joint Development and License Agreement (JDLA) and whether Korean tax authorities later determined that those fees to be taxable, and (iii) whether and when Samsung received a pre-termination notice from Netlist and whether and when Samsung responded. I have also reviewed the list of exhibits and evidence that Netlist submitted to the Court on summary judgment on these points, as well as the underlying submissions on summary judgment.

4. In the above matter, I directed strategy and supervised drafting for summary judgment efforts, including with respect to proving the facts discussed above. I reviewed written work product and directed associate team members in preparing and finalizing Netlist's summary judgment filings necessary to prove the above facts, including with respect to related exhibits, Rule 56 statements of genuine undisputed material facts, and responsive filings.

5. I have reviewed my billing records from these time periods to identify work specifically related to efforts undertaken to prove the above facts. I have endeavored to be conservative in this analysis. I have not, for example, included any general supervision or strategy guidance I performed

concerning discovery analysis or disputes, or other issues not specifically related to and required for proving the above facts in the summary judgment stage of the case. As such, in making my determination below, I have considered the relative portion of factual exhibits and support provided to the Court directed to the above factual issues versus efforts directed to other facts or issues of law.

6. Based on my review and analysis, I believe that the work I undertook in an effort to prove the above issues can be summarized as follows:

| Task | Total Time in Hours | Percentage Applicable | Applicable Time |
|---|---|---|---|
| Review and preparation of Summary Judgment filings | 22.25 | 20% | **4.45** |

7. In light of the above, I conclude that 4.45 hours of my billed time on this matter were directed to proving the facts concerning the above summarized issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2022, in New York, New York.

Matthew J. Benjamin