RICHARD DOREN, SBN 124666
    rdoren@gibsondunn.com
JASON C. LO, SBN 219030
    jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
    mbenjamin@gibsondunn.com
TIMOTHY BEST, SBN 254409
    tbest@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
    rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JASON SHEASBY, SBN 205455
    jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**DECLARATION OF SOOLEAN CHOY IN SUPPORT OF PLAINTIFF NETLIST INC.'S MOTION FOR FEES UNDER RULE 37(C)(2)** |

# DECLARATION OF SOOLEAN CHOY

I, Soolean Choy, declare as follows:

1. I am a lawyer duly admitted to practice before all of the Courts of the State of California and this Court. I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP, and I have represented Plaintiff Netlist Inc. as part of the above-captioned matter. I submit this declaration in support of Netlist's Motion for Fees under Rule 37(c)(2). I have personal knowledge of the matters set forth herein, except where stated otherwise, and if called to testify, I would competently testify thereto.

2. I have reviewed the Requests for Admission that I understand are the basis for Netlist's above-noted motion. I understand that, in summary, these requests seek admissions concerning (i) the fact, scope, and timing of caps or limits on product allocation that Samsung placed on sales to Netlist starting in 2017, (ii) whether Samsung had withheld $1.32 million from NRE fees owed to Netlist under the parties' Joint Development and License Agreement (JDLA) and whether Korean tax authorities later determined that those fees to be taxable, and (iii) whether and when Samsung received a pre-termination notice from Netlist and whether and when Samsung responded. I have also reviewed the list of exhibits and evidence that Netlist submitted to the Court on summary judgment on these points, as well as the underlying submissions on summary judgment.

3. I was one of the attorneys involved in Netlist's discovery and summary judgment efforts to prepare and prove the facts concerning the above issues. Specifically, I worked to prepare for fact depositions of Samsung's witnesses directed in part to confirming the above facts and related exhibit evidence. My work included conducting the review and identification of documents, preparing question outlines, and attending and taking depositions. I also worked to prepare Netlist's summary judgment filings to prove the above facts, including assisting with preparing related exhibits, Rule 56 statements of genuine undisputed material facts, associated declarations and sealing papers, and responsive filings.

4. I have reviewed my billing records from these time periods to identify work specifically related to efforts undertaken to prove the above facts, along with related deposition transcripts, exhibits and evidence. The work I undertook on depositions and summary judgment was, of course, not limited to proving the above facts. For this reason, as stated below, I have also estimated what portion of my

work was related to proving the above issues versus supporting other tasks or issues.

5. I have endeavored to be conservative in this analysis. I have not, for example, included any general work I performed in the matter on document analysis, discovery disputes, or other issues not specifically related to and required for proving the above facts. Rather, I have considered for depositions the relative portion of the deposition and deposition preparation directed to questioning on the above topics or related exhibits. For summary judgment tasks, I have considered the relative portion of factual exhibits and support I provided that was directed to the above issues versus my efforts that were directed to other facts or issues of law.

6. Based on my review and analysis, I believe that the work I undertook in an effort to prove the above issues can be summarized as follows:

| Task | Total Time in Hours | Percentage Applicable | Applicable Time |
|---|---|---|---|
| Prepare deposition exhibits and question outline (work common to all witnesses below) | 44.7 | 20% | 8.94 |
| Prepare for and attend deposition of Steve Metz (former Samsung employee) | 13 | 25% | 3.25 |
| Prepare for and attend deposition of Neal Knuth (Samsung employee) | 7.4 | 30% | 2.22 |
| Prepare for and attend deposition of Harrison Yoo (Samsung employee, 30(b)(6) designee, deposed 2 days)) | 28.8 | 35% | 10.08 |
| Prepare for and attend deposition of B. Jeon (Samsung employee, 30(b)(6) designee, deposed 2 days) | 12 | 10% | 1.20 |
| Prepare for and attend deposition of Lane Kim (Samsung employee) | 15.5 | 25% | 3.87 |
| Preparation of Summary Judgment filings | 71.4 | 20% | 14.28 |
| *Total*: | | | 43.84 |

7. In light of the above, I conclude that 43.84 hours of my billed time on this matter was directed to proving the facts concerning the above summarized issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 5, 2022, in Palo Alto, California.

*[signature]*
SOOLEAN CHOY