RICHARD DOREN, SBN 124666
   rdoren@gibsondunn.com
JASON C. LO, SBN 219030
   jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
   mbenjamin@gibsondunn.com
TIMOTHY BEST, SBN 254409
   tbest@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
   rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JASON SHEASBY, SBN 205455
   jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>          Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**DECLARATION OF RAYMOND LAMAGNA IN SUPPORT OF PLAINTIFF NETLIST INC.'S MOTION FOR FEES UNDER RULE 37(C)(2)** |

**DECLARATION OF RAYMOND LAMAGNA**

I, Raymond LaMagna declare as follows:

1. I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP, a member of the California State Bar, and admitted to this Court. I represent Plaintiff Netlist Inc. in the above-captioned matter. I submit this declaration in support of Netlist's Motion for Fees Under Rule 37(c)(2). I have personal knowledge of the matters set forth herein, except where stated otherwise, and if called to testify, I could and would competently testify thereto.

*Submission of Exhibits in Support of Netlist's Motion:*

2. I have been the attorney principally involved in the above-captioned matter in managing discovery, including with respect to Netlist's Requests for Admission. Attached hereto are copies of the following exhibits in support of Netlist's motion:

**Exhibit A**   Netlist's First Set of Requests for Admission to Samsung, dated March 4, 2021 (Nos. 1–15).

**Exhibit B**   Netlist's Second Set of Requests for Admission to Samsung, dated June 8, 2021 (Nos. 16–61).

**Exhibit C**   Samsung's Responses Netlist's First Set of Requests for Admission, dated April 18, 2021 (Nos. 1–15).

**Exhibit D**   Samsung's First Supplemental Responses to Netlist's First Set of Requests for Admission, dated July 8, 2021 (Nos. 4–5 only).

**Exhibit E**   Samsung's Responses to Netlist's Second Set of Requests for Admission, July 8, 2021 (Nos. 16–61).

**Exhibit F**   Samsung's Supplemental Responses to Netlist's Second Set of Requests for Admission, dated July 27, 2021.

**Exhibit G**   Samsung's Amended Responses to Netlist's Second Set of Requests for Admission, dated August 9, 2021 (Nos. 14–41 only).

**Exhibit H**   Netlist's Notice of Deposition of Samsung Pursuant to Fed R. Civ. P. 30(b)(6), dated June 8, 2021.

3.      For the convenience of the Court, attached is an **Appendix** that copies the text of the Requests for Admission cited in Netlist's motion and the text of Samsung's responses side-by-side.

### *My Own Role and Time Spent in Furtherance of Proof:*

4.      I have over 15 years of experience in litigating and managing complex cases involving intellectual property, licensing, and contract disputes, including having litigated multiple actions involving breaches of patent cross-licenses. Although I am not a member of the New York bar, I have litigated multiple licensing disputes under New York law, and have substantial experience in that area. I also have substantial experience litigating against large Korean companies, including managing discovery challenges implicated in matters involving substantial bilingual electronic discovery review.

5.      I have reviewed the Requests for Admission that are the basis for Netlist's above-noted motion. In sum, these requests seek admissions concerning (i) the fact, scope, and timing of caps or limits on product allocation that Samsung placed on sales to Netlist starting in 2017, (ii) whether Samsung had withheld $1.32 million from NRE fees owed to Netlist under the parties' Joint Development and License Agreement (JDLA) and whether Korean tax authorities later determined that those fees to be taxable, and (iii) whether and when Samsung received a pre-termination notice from Netlist and whether and when Samsung responded. I am closely familiar with Samsung's responses.

6.      During the discovery phase of this case, I was the attorney primarily responsible for overseeing discovery and related motion practice on a daily basis (along with other case matters). Faced with Samsung's initial responses to Netlist's Requests for Admission, Netlist pursued evidence to make its proof of the facts Samsung did not admit under those requests. I was the primary attorney engaged in those efforts, which involved pushing for documentary and testimonial evidence from Samsung. This resulted in multiple conferences before Magistrate Judge McCormick and Magistrate Judge Spaeth, motions to compel, and ultimately rulings in Netlist's favor to compel discovery. *See* Dkts. 47, 51, 68, 69, 73, 76, 90, 91, 93, 95, 103, 130, 133. In addition, prior to Samsung beginning to comply with those orders (*see* Dkts. 93 and 133), I also oversaw Netlist's efforts to search its own files for proof of the facts that Samsung did not admit.

7. While these discovery efforts were not solely focused on proving the facts that Samsung refused to admit, that was a primary, if not main, goal of these efforts (e.g., to prove that Samsung had unilaterally capped sales to Netlist starting in 2017, often at zero). As summarized below, I have reviewed my records and the billing records of the Firm to identify time directed to the above efforts. The time I have identified is not all of the time I spent on discovery efforts (far from it), but only time spent directing efforts to review evidence as described above or to obtain such evidence from Samsung. I estimate that at least a third of the time I have identified (if not more) was apportionable to proving facts that Samsung refused to admit as summarized above (which were the most central questions in the case). But to be conservative, I allocate only 30% of that time to the issue of proving those facts.

8. I also took a leading role coordinating and overseeing depositions of Samsung's fact witnesses, including on the factual issues below. Among other tasks, I supervised and advised our associate team in selecting exhibits and in preparing questioning for the depositions of Samsung's witnesses in order to, among other goals, elicit and confirm the evidence needed to prove the facts that Samsung refused to admit. These efforts, of course, were not limited to proving the above facts, although that was the main goal for these depositions. But to be conservative, I have allocated only 20% of my work concerning these depositions to the task of proving the above facts versus supporting other tasks or issues (although I believe the actual number is higher).

9. As part of summary judgment, I likewise oversaw the team's preparation of filings, including by reviewing and revising briefing, factual supporting submissions, declarations, and exhibits. I was the primary attorney tasked with managing all filings, including factual proof (i.e., Rule 56 statements and exhibits) and responses thereto, preparing supporting declarations, and other related tasks. I have reviewed the exhibits and evidence Netlist submitted to the Court on summary judgment, as well as the underlying submissions on summary judgment. I have also reviewed my billing records from these time periods to identify work specifically related to these tasks. The work performed was, of course, not limited to proving the above facts that Samsung refused to admit. As such, based on my review of our records and the respective filings, I have estimated the portion of this work attributable

to proving the above issues versus supporting other tasks or issues.  To be conservative, I have again applied a 20% allocation (although the actual number is likely higher).

10.   I have endeavored to be conservative in my analysis here.  I have not, for example, included any general work I performed in the matter not specifically related to and required for proving the above facts.  Based on my review and analysis, I believe that the work I undertook in an effort to prove the above issues can be summarized as follows:

| Task | Total Time in Hours | Percentage Applicable | Applicable Time (hrs) |
|---|---|---|---|
| Direct and undertake discovery efforts to obtain evidence to prove facts not admitted by Samsung. | 99.2 | 30% | 29.76 |
| Direct and undertake selection and preparation of exhibits and questioning for depositions of Samsung employees. | 27.3 | 20% | 5.46 |
| Oversee, prepare, and file Summary Judgment filings. | 116.5 | 20% | 23.3 |
| *Total*: | | | **58.52** |

11.   In light of the above, I conclude that **58.52** hours of my billed time on this matter were directed to proving the facts concerning the above summarized issues.

***Efforts Incurred to Bring the Present Motion Under Rule 37(c)(2):***

12.   In addition to my work above, I am also the primary attorney that prepared Netlist's motion under Rule 37(c)(2), including analyzing the discovery responses, evidence, and summary judgment record; researching legal authority; drafting, reviewing, and revising the motion; and preparing support material such as exhibits.  I have evaluated my billing records and notes and confirm that **97.3** hours of my time billed in this matter were directed to preparing the present motion for fees.

13.   I have not included in this allocation any of the billed time for the paralegal who assisted me, or for any of the junior attorneys who assisted my legal research, or any related costs.  As such, I believe that the above hours under-estimates the work that went into this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2022, in Los Angeles, California

_____
RAYMOND LAMAGNA