# EXHIBIT A

JASON C. LO, SBN 219030
    jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
    mbenjamin@gibsondunn.com
CAROLINE MONROY, SBN 329018
    cmonroy@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>        Defendant. | CASE NO. 8:20-cv-993-MSC (DFMx)<br><br>**PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.** |

PROPOUNDING PARTY:     PLAINTIFF NETLIST INC.

RESPONDING PARTY:       DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:                            ONE (1)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Netlist Inc. ("Netlist") hereby requests that Defendant Samsung Electronics Co., Ltd., serve a written response to this Request for Admissions ("Request") to the offices of Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071-3197, within 30 days of service.

1

PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

## DEFINITIONS

In addition to the terms defined above, the following definitions apply to these Requests.

1. "Agreement" shall mean the Joint Development and License Agreement dated November 12, 2015, and signed by Netlist Inc. and Samsung Electronics Co., Ltd.

2. "NAND and DRAM Products" shall mean NAND, DRAM, and/or any products containing NAND and/or DRAM. By way of example, the term NAND and DRAM Products includes but is not limited to solid-state drives (SSDs) that contain NAND or memory modules that contain DRAM.

3. "You" and "Samsung" shall mean Samsung Electronics Co., Ltd., including any affiliates thereof, and/or any former or current employees, officers, or directors acting in that capacity on behalf of Samsung Electronics Co., Ltd., including any of its affiliates.

## INSTRUCTIONS

1. This Request is to be answered separately and completely. Do not incorporate by reference the facts contained or reflected in other documents or independent sources. The fact that an investigation is continuing or discovery is not yet complete shall not be an excuse for failure to answer the Request for Admission as fully as possible as of the time of the response. The omission of any name, fact, or other item of information from your answers shall be deemed a representation that such name, fact, or item is not known to You or your counsel at the time of service of your response.

2. If any information requested herein is withheld under a claim of privilege, work product privilege, or any other immunity, furnish the reason for which the information is withheld, the identity of each person known to You with knowledge of the basis on which the information is withheld, the identity of each person with

Gibson, Dunn & Crutcher LLP

2

PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

1  knowledge of when the information was stated or discussed, and the dates on which
2  such information was stated or discussed.
3     3.   The singular shall be construed to include the plural, and the plural shall
4  be construed to include the singular.  The words "and" and "or" shall be construed
5  either disjunctively or conjunctively as necessary to bring information within the scope
6  of the specific request.
7     4.   This Request is deemed to be continuing in nature so that with respect to
8  the Request herein, or part hereof, as to which Samsung, after responding, discovers
9  additional information, Netlist requests that Samsung provide such information or
10 Documents to Netlist within thirty (30) days after acquiring knowledge of its existence
11 or advise Netlist in writing as to why such additional information cannot be provided
12 within the specified period.

## REQUEST FOR ADMISSION

**REQUEST NO. 1:** Admit that Samsung entered the Agreement to work together with Netlist to jointly develop an interface and associated technologies for certain memory modules and promote such interface to standards-setting organizations.

**REQUEST NO. 2:** Admit that Section 6.2 of the Agreement requires Samsung to supply NAND and DRAM products to Netlist on Netlist's request at a competitive price.

**REQUEST NO. 3:** Admit that, between November 12, 2015 and when Samsung received notice that Netlist was terminating the Agreement, Netlist's requests for Samsung NAND and DRAM Products were not always fulfilled.

**REQUEST NO. 4:** Admit that, in or around June 2017, a ceiling of $3 million worth of products per quarter was imposed on Netlist's purchases of Samsung NAND and DRAM Products.

**REQUEST NO. 5:** Admit that Netlist's allocation of Samsung NAND or DRAM Products was restricted to $0 worth of products at times.

Gibson, Dunn & Crutcher LLP

3

PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

**REQUEST NO. 6:** Admit that Samsung supplied NAND and DRAM Products to other companies in the same fiscal quarters that Netlist's requests for products were unfulfilled, denied, restricted, limited, or reduced.

**REQUEST NO. 7:** Admit that Samsung withheld $1,320,000 from the $8 million NRE fee to be paid to Netlist under the Agreement.

**REQUEST NO. 8:** Admit that Samsung argued to the Korean Tax Authority that the withholding of $1,320,000 as a tax on the $8 million NRE fee to be paid to Netlist was necessary.

**REQUEST NO. 9:** Admit that Samsung stated to the Korean Tax Authority that the primary reason for entering into the Agreement was to eliminate risks associated with potential patent infringement.

**REQUEST NO. 10:** Admit that Samsung stated to the Korean Tax Authority that Samsung was able to use patents belonging to Netlist without paying royalties as a result of entering into the Agreement.

**REQUEST NO. 11:** Admit that Samsung stated to the Korean Tax Authority that the research and development efforts between Samsung and Netlist ended in the latter half of 2017.

**REQUEST NO. 12:** Admit that the Korean Tax Authority disagreed with Samsung's position that a withholding of $1,320,000 as a tax on the $8 million NRE fee was necessary under Korean law.

**REQUEST NO. 13:** Admit that Samsung received Netlist's letter dated May 27, 2020, notifying Samsung that Samsung had breached the Agreement.

**REQUEST NO. 14:** Admit that Samsung received Netlist's email on or around June 12, 2020 or June 13, 2020,[1] notifying Samsung that Samsung had breached the Agreement.

---

[1] Netlist lists both June 12 and June 13 to account for the time difference between Pacific Standard Time and Korean Standard Time, which may result in an email being sent in California on June 12 and received in Korea on June 13.

4

PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

Gibson, Dunn & Crutcher LLP

**REQUEST NO. 15:** Admit that Samsung did not take action to cure the breach or to otherwise respond to Netlist's letter dated May 27, 2020, notifying Samsung that Samsung had breached the Agreement, within thirty days of receiving the notification.

Dated: March 4, 2021

                                            GIBSON, DUNN & CRUTCHER LLP

                                            By: */s/ Jason C. Lo*
                                            Jason C. Lo
                                            333 South Grand Avenue
                                            Los Angeles, CA 90071
                                            213.229.7153
                                            jlo@gibsondunn.com

                                            Attorneys for Plaintiff Netlist Inc.

5
PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

I, Jason C. Lo, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.,** was emailed and mailed to counsel for Samsung Electronics Inc., Ltd., on March 4, 2021.

By: ____*/s/ Jason C. Lo*____
Jason C. Lo

Attorney for Plaintiff Netlist Inc.