# EXHIBIT D

Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
  jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br> Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br> **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S REQUESTS FOR ADMISSIONS, SET ONE** <br><br> Assigned to Hon. Mark C. Scarsi <br> Courtroom 7C |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:             ONE (1)

3728466.3

1

Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby supplements its responses Plaintiff Netlist Inc.'s ("Plaintiff") First Set of Requests for Admissions ("Requests") as follows:

## I.
## GENERAL OBJECTIONS

1. Defendant objects to each Request to the extent that it seeks to impose burdens on Defendant that are inconsistent with, or in addition to, Defendant's discovery obligations pursuant to the Federal Rules of Civil Procedure. Defendant will respond consistent with its discovery obligations pursuant to the Federal Rules of Civil Procedure.

2. Defendant objects to each Request as vague and ambiguous in that it calls for a legal analysis to determine the scope of the Request. Defendant objects to each Request to the extent that it is otherwise vague and ambiguous.

3. Defendant objects to each Request to the extent it is overbroad, unduly burdensome and/or oppressive. Defendant objects to the Requests to the extent they are not properly limited as to time or scope and, therefore, are overbroad, unduly burdensome and oppressive.

4. Defendant objects to the Requests to the extent that they call for information that is not admissible evidence.

5. Defendant objects to the Requests on the grounds, and to the extent, that they call for a legal conclusion.

6. Defendant objects to the Request on the grounds, and to the extent, that they lack foundation and/or call for speculation.

7. Defendant objects to the Requests to the extent they seek information or materials that are already within the putative propounding party's possession, custody, or control.

8. The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts or documents, or to

modify or enlarge Defendant's responses herein based on additional information hereinafter obtained or evaluated as a result of continuing investigation or discovery.

9. No incidental or implied admissions are intended by the responses herein.

10. Defendant objects to the Requests to the extent that they call for information or other materials protected by applicable statutory or common law privileges and/or protections, including but not limited to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, rights of privacy, taxpayer's privilege and the protection of settlement and mediation materials.

11. Defendant objects to the Requests to the extent that they call for information that constitutes confidential, proprietary, trade secret or sensitive business information of the Defendant or third-parties.

12. Defendant incorporates all these General Objections into each of the Responses as if fully set forth in each Response. Without waiving any of the foregoing objections, all of which are incorporated by reference in the Responses below, Defendant specifically responds to the Requests as follows:

## II.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 4:**

Admit that, in or around June 2017, a ceiling of $3 million worth of products per quarter was imposed on Netlist's purchases of Samsung NAND and DRAM Products.

**RESPONSE TO REQUEST NO. 4:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it

seeks confidential, proprietary, or trade secret information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST NO. 5:**

Admit that Netlist's allocation of Samsung NAND or DRAM Products was restricted to $0 worth of products at times.

**RESPONSE TO REQUEST NO. 5:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the terms "allocation" and "restricted" are vague, ambiguous, and nonsensical" Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the terms "allocation" and "restricted" are vague, ambiguous, and nonsensical" Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret

information.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

DATED: July 8, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Jong-Min Choi
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Christopher J. Lee
Attorneys for Defendant Samsung Electronics Co., Ltd.

# PROOF OF SERVICE

*Netlist Inc. v. Samsung Electronics Co., Ltd.*
Case No. 8:20-cv-00993-MCS-DFM

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On July 8, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF NETLIST INC.'S REQUESTS FOR ADMISSIONS, SET ONE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address jkinsey@birdmarella.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 8, 2021, at Los Angeles, California.

_____
Christopher J. Lee

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

Jason C. Lo
Matthew Benjamin
Raymond A. LaMagna
Marissa Moshell
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: rlamagna@gibsondunn.com
Email: mmulligan@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**