# EXHIBIT E

Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
  jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br> Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br> **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO PLAINTIFF NETLIST INC.'S REQUESTS FOR ADMISSIONS, SET TWO** <br><br> Assigned to Hon. Mark C. Scarsi Courtroom 7C |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

RESPONDING PARTY:   DEFENDANT SAMSUNG ELECTRONICS CO.,

                                        LTD.

SET NO.:                   TWO

Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby responds and objects to Plaintiff Netlist Inc.'s ("Plaintiff") Second Set of Requests for Admissions

("Requests") as follows:

## I.

## GENERAL OBJECTIONS

1.     Defendant objects to each Request to the extent that it seeks to impose burdens on Defendant that are inconsistent with, or in addition to, Defendant's discovery obligations pursuant to the Federal Rules of Civil Procedure.  Defendant will respond consistent with its discovery obligations pursuant to the Federal Rules of Civil Procedure.

2.     Defendant objects to each Request as vague and ambiguous in that it calls for a legal analysis to determine the scope of the Request.  Defendant objects to each Request to the extent that it is otherwise vague and ambiguous.

3.     Defendant objects to each Request to the extent it is overbroad, unduly burdensome and/or oppressive.  Defendant objects to the Requests to the extent they are not properly limited as to time or scope and, therefore, are overbroad, unduly burdensome and oppressive.

4.     Defendant objects to the Requests to the extent that they call for information that is not admissible evidence.

5.     Defendant objects to the Requests on the grounds, and to the extent, that they call for a legal conclusion.

6.     Defendant objects to the Request on the grounds, and to the extent, that they lack foundation and/or call for speculation.

7.     Defendant objects to the Requests to the extent they seek information or materials that are already within the putative propounding party's possession, custody, or control.

8.     The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts or documents, or to modify or enlarge Defendant's responses herein based on additional information hereinafter obtained or evaluated as a result of continuing investigation or discovery.

9.     No incidental or implied admissions are intended by the responses herein.

10.    Defendant objects to the Requests to the extent that they call for information or other materials protected by applicable statutory or common law privileges and/or protections, including but not limited to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, rights of privacy, taxpayer's privilege and the protection of settlement and mediation materials.

11.    Defendant objects to the Requests to the extent that they call for information that constitutes confidential, proprietary, trade secret or sensitive business information of the Defendant or third-parties.

12.    Defendant incorporates all these General Objections into each of the Responses as if fully set forth in each Response. Without waiving any of the foregoing objections, all of which are incorporated by reference in the Responses below, Defendant specifically responds to the Requests as follows:

## II.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 16:**

Admit that between December 1, 2015 and July 15, 2020, Samsung cancelled some orders for NAND or DRAM Products that Netlist placed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 17:**

Admit that between December 1, 2015 and July 15, 2020, Samsung failed to fulfill in whole some orders for NAND or DRAM Products that Netlist placed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 18:**

Admit that between December 1, 2015 and July 15, 2020, Samsung failed to fulfill in part some orders for NAND or DRAM Products that Netlist placed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within

1   Defendant's knowledge. Defendant also objects to this request to the extent that it

2   seeks confidential, proprietary, or trade secret information. Defendant's fact

3   investigation is not yet complete, and Defendant reserves the right, without

4   assuming any obligation, to supplement its response.

5         Subject to and without waiving its objections, Defendant responds as follows:

6   admit only that Defendant has indicated routinely to Plaintiff throughout the time

7   period from November 12, 2015 to present – as it would with any other similarly

8   situated customer during the same time period – that it is unable to support every

9   request for products.

10  **REQUEST FOR ADMISSION NO. 19:**

11        Admit that on multiple occasions between December 1, 2015 and June 14,

12  2020, Samsung declined to support requests for NAND or DRAM Products that

13  Netlist made.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

15        Defendant incorporates by reference its general objections. Defendant objects

16  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

17  further objects to this request to the extent that it calls for facts not within

18  Defendant's knowledge. Defendant also objects to this request to the extent that it

19  seeks confidential, proprietary, or trade secret information. Defendant's fact

20  investigation is not yet complete, and Defendant reserves the right, without

21  assuming any obligation, to supplement its response.

22        Subject to and without waiving its objections, Defendant responds as follows:

23  admit only that Defendant has indicated routinely to Plaintiff throughout the time

24  period from November 12, 2015 to present – as it would with any other similarly

25  situated customer during the same time period – that it is unable to support every

26  request for products.

27  **REQUEST FOR ADMISSION NO. 20:**

28        Admit that between June 15, 2020 and July 15, 2020, Samsung declined to

1  support some requests for NAND or DRAM Products that Netlist made.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

3      Defendant incorporates by reference its general objections. Defendant objects

4  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

5  further objects to this request to the extent that it calls for facts not within

6  Defendant's knowledge. Defendant also objects to this request to the extent that it

7  seeks confidential, proprietary, or trade secret information. Defendant's fact

8  investigation is not yet complete, and Defendant reserves the right, without

9  assuming any obligation, to supplement its response.

10      Subject to and without waiving its objections, Defendant responds as follows:

11  admit only that Defendant has indicated routinely to Plaintiff throughout the time

12  period from November 12, 2015 to present – as it would with any other similarly

13  situated customer during the same time period – that it is unable to support every

14  request for products.

15  **REQUEST FOR ADMISSION NO. 21:**

16      Admit that on multiple occasions between December 1, 2015 and June 14,

17  2020, Netlist requested to purchase more NAND or DRAM Products from Samsung

18  than Samsung agreed to support or sell to Netlist.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

20      Defendant incorporates by reference its general objections. Defendant objects

21  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

22  further objects to this request to the extent that it calls for facts not within

23  Defendant's knowledge. Defendant also objects to this request to the extent that it

24  seeks confidential, proprietary, or trade secret information. Defendant's fact

25  investigation is not yet complete, and Defendant reserves the right, without

26  assuming any obligation, to supplement its response.

27      Subject to and without waiving its objections, Defendant responds as follows:

28  admit only that Defendant has indicated routinely to Plaintiff throughout the time

1  period from November 12, 2015 to present – as it would with any other similarly

2  situated customer during the same time period – that it is unable to support every

3  request for products.

4  **REQUEST FOR ADMISSION NO. 22:**

5    Admit that between June 15, 2020 and July 15, 2020, Netlist requested to

6  purchase more NAND or DRAM Products from Samsung than Samsung agreed to

7  support or sell to Netlist.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

9    Defendant incorporates by reference its general objections. Defendant objects

10  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

11  further objects to this request to the extent that it calls for facts not within

12  Defendant's knowledge. Defendant also objects to this request to the extent that it

13  seeks confidential, proprietary, or trade secret information. Defendant's fact

14  investigation is not yet complete, and Defendant reserves the right, without

15  assuming any obligation, to supplement its response.

16    Subject to and without waiving its objections, Defendant responds as follows:

17  admit only that Defendant has indicated routinely to Plaintiff throughout the time

18  period from November 12, 2015 to present – as it would with any other similarly

19  situated customer during the same time period – that it is unable to support every

20  request for products.

21  **REQUEST FOR ADMISSION NO. 23:**

22    Admit that on multiple occasions between December 1, 2015 and June 14,

23  2020, Samsung refused to sell Netlist any NAND or DRAM products in response to

24  a request from Netlist.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

26    Defendant incorporates by reference its general objections. Defendant objects

27  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

28  further objects to this request to the extent that it calls for facts not within

1  Defendant's knowledge. Defendant also objects to this request to the extent that it
2  seeks confidential, proprietary, or trade secret information. Defendant's fact
3  investigation is not yet complete, and Defendant reserves the right, without
4  assuming any obligation, to supplement its response.

5       Subject to and without waiving its objections, Defendant responds as follows:
6  admit only that Defendant has indicated routinely to Plaintiff throughout the time
7  period from November 12, 2015 to present – as it would with any other similarly
8  situated customer during the same time period – that it is unable to support every
9  request for products.

10 **REQUEST FOR ADMISSION NO. 24:**

11      Admit that between June 15, 2020 and July 15, 2020, Samsung refused to sell
12 Netlist any NAND or DRAM products in response to a request or requests from
13 Netlist.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

15      Defendant incorporates by reference its general objections. Defendant objects
16 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant
17 further objects to this request to the extent that it calls for facts not within
18 Defendant's knowledge. Defendant also objects to this request to the extent that it
19 seeks confidential, proprietary, or trade secret information. Defendant's fact
20 investigation is not yet complete, and Defendant reserves the right, without
21 assuming any obligation, to supplement its response.

22      Subject to and without waiving its objections, Defendant responds as follows:
23 admit only that Defendant has indicated routinely to Plaintiff throughout the time
24 period from November 12, 2015 to present – as it would with any other similarly
25 situated customer during the same time period – that it is unable to support every
26 request for products.

27 **REQUEST FOR ADMISSION NO. 25:**

28      Admit that between June 15, 2020 and July 15, 2020, Samsung did not

1 support all of Netlist's requests for NAND or DRAM products.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

3 Defendant incorporates by reference its general objections. Defendant objects

4 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

5 further objects to this request to the extent that it calls for facts not within

6 Defendant's knowledge. Defendant also objects to this request to the extent that it

7 seeks confidential, proprietary, or trade secret information. Defendant's fact

8 investigation is not yet complete, and Defendant reserves the right, without

9 assuming any obligation, to supplement its response.

10 Subject to and without waiving its objections, Defendant responds as follows:

11 admit only that Defendant has indicated routinely to Plaintiff throughout the time

12 period from November 12, 2015 to present – as it would with any other similarly

13 situated customer during the same time period – that it is unable to support every

14 request for products.

15 **REQUEST FOR ADMISSION NO. 26:**

16 Admit that between June 15, 2020 and July 15, 2020, Samsung did not supply

17 Netlist with all the NAND and DRAM products Netlist requested.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

19 Defendant incorporates by reference its general objections. Defendant objects

20 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

21 further objects to this request to the extent that it calls for facts not within

22 Defendant's knowledge. Defendant also objects to this request to the extent that it

23 seeks confidential, proprietary, or trade secret information. Defendant's fact

24 investigation is not yet complete, and Defendant reserves the right, without

25 assuming any obligation, to supplement its response.

26 Subject to and without waiving its objections, Defendant responds as follows:

27 admit only that Defendant has indicated routinely to Plaintiff throughout the time

28 period from November 12, 2015 to present – as it would with any other similarly

1  situated customer during the same time period – that it is unable to support every

2  request for products.

3  **REQUEST FOR ADMISSION NO. 27:**

4      Admit that at some point between February 1, 2017 and May 18 2017,

5  Samsung set a cap or limit on the amount of NAND and DRAM Products that

6  Netlist could purchase from Samsung.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

8      Defendant incorporates by reference its general objections. Defendant objects

9  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

10  further objects to this request to the extent that it calls for facts not within

11  Defendant's knowledge. Defendant also objects to this request to the extent that it

12  seeks confidential, proprietary, or trade secret information. Defendant's fact

13  investigation is not yet complete, and Defendant reserves the right, without

14  assuming any obligation, to supplement its response.

15      Subject to and without waiving its objections, Defendant responds as follows:

16  admit only that Defendant has indicated routinely to Plaintiff throughout the time

17  period from November 12, 2015 to present – as it would with any other similarly

18  situated customer during the same time period – that it is unable to support every

19  request for products.

20  **REQUEST FOR ADMISSION NO. 28:**

21      Admit that at some point between February 1, 2017 and May 18, 2017,

22  Samsung set a cap or limit on the amount of NAND and DRAM Products that

23  Samsung would support for Netlist.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

25      Defendant incorporates by reference its general objections. Defendant objects

26  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

27  further objects to this request to the extent that it calls for facts not within

28  Defendant's knowledge. Defendant also objects to this request to the extent that it

seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 29:**

Admit that at some point between February 1, 2017 and May 18, 2017, Samsung set an allocation limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 30:**

Admit that as of May 18, 2017, the allocation of NAND and DRAM Products that Netlist could purchase from Samsung was set by Samsung at zero.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 31:**

Admit that as of May 18, 2017, Samsung set the amount of NAND and DRAM Products that Netlist could purchase from Samsung at zero.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every

1 request for products.

2 **REQUEST FOR ADMISSION NO. 32:**

3      Admit that in May 2017, Samsung informed Netlist that it would not allocate

4 any NAND or DRAM Products for sale to Netlist.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6      Defendant incorporates by reference its general objections. Defendant objects

7 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

8 further objects to this request to the extent that it calls for facts not within

9 Defendant's knowledge. Defendant also objects to this request to the extent that it

10 seeks confidential, proprietary, or trade secret information. Defendant's fact

11 investigation is not yet complete, and Defendant reserves the right, without

12 assuming any obligation, to supplement its response.

13      Subject to and without waiving its objections, Defendant responds as follows:

14 admit only that Defendant has indicated routinely to Plaintiff throughout the time

15 period from November 12, 2015 to present – as it would with any other similarly

16 situated customer during the same time period – that it is unable to support every

17 request for products.

18 **REQUEST FOR ADMISSION NO. 33:**

19      Admit that in May 2017, Samsung informed Netlist that it would not support

20 any orders for NAND or DRAM Products from Netlist.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

22      Defendant incorporates by reference its general objections. Defendant objects

23 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

24 further objects to this request to the extent that it calls for facts not within

25 Defendant's knowledge. Defendant also objects to this request to the extent that it

26 seeks confidential, proprietary, or trade secret information. Defendant's fact

27 investigation is not yet complete, and Defendant reserves the right, without

28 assuming any obligation, to supplement its response.

1        Subject to and without waiving its objections, Defendant responds as follows:

2   admit only that Defendant has indicated routinely to Plaintiff throughout the time

3   period from November 12, 2015 to present – as it would with any other similarly

4   situated customer during the same time period – that it is unable to support every

5   request for products.

6   **REQUEST FOR ADMISSION NO. 34:**

7        Admit that in May 2017, Samsung stopped supporting any orders for NAND

8   or DRAM Products from Netlist.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

10        Defendant incorporates by reference its general objections. Defendant objects

11   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

12   further objects to this request to the extent that it calls for facts not within

13   Defendant's knowledge. Defendant also objects to this request to the extent that it

14   seeks confidential, proprietary, or trade secret information. Defendant's fact

15   investigation is not yet complete, and Defendant reserves the right, without

16   assuming any obligation, to supplement its response.

17        Subject to and without waiving its objections, Defendant responds as follows:

18   admit only that Defendant has indicated routinely to Plaintiff throughout the time

19   period from November 12, 2015 to present – as it would with any other similarly

20   situated customer during the same time period – that it is unable to support every

21   request for products.

22   **REQUEST FOR ADMISSION NO. 35:**

23        Admit that in May 2017, Samsung stopped accepting any orders for NAND or

24   DRAM Products from Netlist.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

26        Defendant incorporates by reference its general objections. Defendant objects

27   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

28   further objects to this request to the extent that it calls for facts not within

1  Defendant's knowledge. Defendant also objects to this request to the extent that it

2  seeks confidential, proprietary, or trade secret information. Defendant's fact

3  investigation is not yet complete, and Defendant reserves the right, without

4  assuming any obligation, to supplement its response.

5  Subject to and without waiving its objections, Defendant responds as follows:

6  admit only that Defendant has indicated routinely to Plaintiff throughout the time

7  period from November 12, 2015 to present – as it would with any other similarly

8  situated customer during the same time period – that it is unable to support every

9  request for products.

10  **REQUEST FOR ADMISSION NO. 36:**

11  Admit that from May 19, 2017 to June 14, 2020, Samsung maintained a cap

12  or limit on the amount of NAND and DRAM Products that Netlist could purchase

13  from Samsung.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

15  Defendant incorporates by reference its general objections. Defendant objects

16  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

17  further objects to this request to the extent that it calls for facts not within

18  Defendant's knowledge. Defendant also objects to this request to the extent that it

19  seeks confidential, proprietary, or trade secret information. Defendant's fact

20  investigation is not yet complete, and Defendant reserves the right, without

21  assuming any obligation, to supplement its response.

22  Subject to and without waiving its objections, Defendant responds as follows:

23  admit only that Defendant has indicated routinely to Plaintiff throughout the time

24  period from November 12, 2015 to present – as it would with any other similarly

25  situated customer during the same time period – that it is unable to support every

26  request for products.

27  **REQUEST FOR ADMISSION NO. 37:**

28  Admit that from May 19, 2017 to June 14, 2020, Samsung maintained a cap

1  or limit on the amount of NAND and DRAM Products that Samsung would support

2  for Netlist.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

4       Defendant incorporates by reference its general objections. Defendant objects

5  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

6  further objects to this request to the extent that it calls for facts not within

7  Defendant's knowledge. Defendant also objects to this request to the extent that it

8  seeks confidential, proprietary, or trade secret information. Defendant's fact

9  investigation is not yet complete, and Defendant reserves the right, without

10  assuming any obligation, to supplement its response.

11       Subject to and without waiving its objections, Defendant responds as follows:

12  admit only that Defendant has indicated routinely to Plaintiff throughout the time

13  period from November 12, 2015 to present – as it would with any other similarly

14  situated customer during the same time period – that it is unable to support every

15  request for products.

16  **REQUEST FOR ADMISSION NO. 38:**

17       Admit that from May 19, 2017 to June 14, 2020, Samsung maintained an

18  allocation limit on the amount of NAND and DRAM Products that Netlist could

19  purchase from Samsung.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

21       Defendant incorporates by reference its general objections. Defendant objects

22  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

23  further objects to this request to the extent that it calls for facts not within

24  Defendant's knowledge. Defendant also objects to this request to the extent that it

25  seeks confidential, proprietary, or trade secret information. Defendant's fact

26  investigation is not yet complete, and Defendant reserves the right, without

27  assuming any obligation, to supplement its response.

28       Subject to and without waiving its objections, Defendant responds as follows:

admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 39:**

Admit that from June 15, 2020 to July 15, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**REQUEST FOR ADMISSION NO. 40:**

Admit that from June 15, 2020 to July 15, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Samsung would support for Netlist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

1  further objects to this request to the extent that it calls for facts not within

2  Defendant's knowledge. Defendant also objects to this request to the extent that it

3  seeks confidential, proprietary, or trade secret information. Defendant's fact

4  investigation is not yet complete, and Defendant reserves the right, without

5  assuming any obligation, to supplement its response.

6      Subject to and without waiving its objections, Defendant responds as follows:

7  admit only that Defendant has indicated routinely to Plaintiff throughout the time

8  period from November 12, 2015 to present – as it would with any other similarly

9  situated customer during the same time period – that it is unable to support every

10  request for products.

11  **REQUEST FOR ADMISSION NO. 41:**

12      Admit that from June 15, 2020 to July 15, 2020, Samsung maintained an

13  allocation limit on the amount of NAND and DRAM Products that Netlist could

14  purchase from Samsung.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

16      Defendant incorporates by reference its general objections. Defendant objects

17  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

18  further objects to this request to the extent that it calls for facts not within

19  Defendant's knowledge. Defendant also objects to this request to the extent that it

20  seeks confidential, proprietary, or trade secret information. Defendant's fact

21  investigation is not yet complete, and Defendant reserves the right, without

22  assuming any obligation, to supplement its response.

23      Subject to and without waiving its objections, Defendant responds as follows:

24  admit only that Defendant has indicated routinely to Plaintiff throughout the time

25  period from November 12, 2015 to present – as it would with any other similarly

26  situated customer during the same time period – that it is unable to support every

27  request for products.

28

**REQUEST FOR ADMISSION NO. 42:**

Admit that Samsung represented to the Korean Tax Tribunal that it was necessary for Samsung to withhold $1.32 million for taxes on the $8 million NRE fee to be paid to Netlist under the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine.

Subject to and without waiving its objections, Defendant responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Samsung represented to the Korean National Tax Service that it was necessary for Samsung to withhold $1.32 million for taxes on the $8 million NRE fee to be paid to Netlist under the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine.

Subject to and without waiving its objections, Defendant responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Samsung represented to the Korean Tax Tribunal that the primary reason that Samsung entered into the Agreement was to eliminate risks associated with potential infringement of Netlist's patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine.

1  Subject to and without waiving its objections, Defendant responds as follows:
2  Deny.

3  **REQUEST FOR ADMISSION NO. 45:**

4  Admit that Samsung represented to the Korean National Tax Service that the
5  primary reason that Samsung entered into the Agreement was to eliminate risks
6  associated with potential infringement of Netlist's patents.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

8  Defendant incorporates by reference its general objections. Samsung further
9  objects to the extent that it seeks information protected by the attorney-client or tax
10 practitioner privilege or attorney work product doctrine.  Defendant objects to this
11 request to the extent that it seeks a legal conclusion.

12 Subject to and without waiving its objections, Defendant responds as follows:
13 Admit that Samsung represented that patent infringement risk was a reason it
14 entered into the Agreement..

15 **REQUEST FOR ADMISSION NO. 46:**

16 Admit that the Korean Tax Tribunal determined that it was not necessary
17 under Korean law to withhold $1.32 million for taxes on the $8 million fee owed to
18 Netlist under the Agreement.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

20 Defendant incorporates by reference its general objections. Samsung further
21 objects to the extent that it seeks information protected by the attorney-client or tax
22 practitioner privilege or attorney work product doctrine. Defendant objects to this
23 request to the extent that it seeks a legal conclusion.

24 Subject to and without waiving its objections, Defendant responds as follows:
25 deny.

26 **REQUEST FOR ADMISSION NO. 47:**

27 Admit that the Korean National Tax Service determined that it was not
28 necessary under Korean law to withhold $1.32 million for taxes on the $8 million

fee owed to Netlist under the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine. Defendant objects to this request to the extent that it seeks a legal conclusion.

Subject to and without waiving its objections, Defendant responds as follows: deny.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Samsung did not cooperate with Netlist in its effort to claim a credit or refund or exemption for the withholding for taxes on the $8 million fee owed to Netlist under the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the phrase "did not cooperate" is vague, ambiguous, and nonsensical. Defendant objects to this request to the extent that it seeks a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Samsung received the letter from Netlist dated May 27, 2020, in which Netlist asserted Samsung had breached the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day.

**REQUEST FOR ADMISSION NO. 50:**

Admit that, by June 14, 2020, Samsung had received Netlist's letter dated May 27, 2020, in which Netlist asserted that Samsung had breached the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day..

**REQUEST FOR ADMISSION NO. 51:**

Admit that Samsung received an email from Marc Frechette dated June 12, 2020 (U.S. Pacific Time), which attached the letter from Netlist dated May 27, 2020, in which Netlist asserted Samsung had breached the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit that an email from Marc Frechette dated June 12, 2020 (U.S. Pacific Time), which attached a letter from Netlist dated May 27, 2020, was transmitted to the

1   email address jeff.sung@samsung.com.

2   **REQUEST FOR ADMISSION NO. 52:**

3       Admit that Samsung did not respond to Netlist's letter dated May 27, 2020,

4   within 30 days of Samsung having received the letter.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

6       Defendant incorporates by reference its general objections. Defendant objects

7   to this request to the extent that it seeks or implies a legal conclusion. Defendant

8   also objects to this request on the basis that it has not yet completed its investigation

9   of the facts relating to this action, and reserves the right, without assuming any

10  obligation, to supplement its response. Defendant objects to this request on the basis

11  that the phrase "Samsung having received the letter" is vague and ambiguous.

12  **REQUEST FOR ADMISSION NO. 53:**

13      Admit that Samsung never responded to Netlist's letter dated May 27, 2020,

14  in which Netlist asserted Samsung had breached the Agreement.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

16      Defendant incorporates by reference its general objections. Defendant objects

17  to this request to the extent that it seeks or implies a legal conclusion. Defendant

18  also objects to this request on the basis that it has not yet completed its investigation

19  of the facts relating to this action, and reserves the right, without assuming any

20  obligation, to supplement its response.

21      Subject to and without waiving its objections, Defendant responds as follows:

22  deny.

23  **REQUEST FOR ADMISSION NO. 54:**

24      Admit that Samsung did not respond to Netlist's letter dated May 27, 2020

25  prior to June 15, 2020.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

27      Defendant incorporates by reference its general objections. Defendant objects

28  to this interrogatory to the extent that it seeks or implies a legal conclusion.

1 Defendant also objects to this request on the basis that it has not yet completed its
2 investigation of the facts relating to this action, and reserves the right, without
3 assuming any obligation, to supplement its response. Defendant objects to this
4 interrogatory on the basis that it seeks information not relevant to any party's claim
5 or defense nor proportional to the needs of the case. Defendant objects to this
6 request on the basis that it is duplicative.

7 **REQUEST FOR ADMISSION NO. 55:**

8     Admit that, as of May 27, 2021, Samsung had not asked to meet with Netlist
9 to discuss its letter dated May 27, 2020, in which it asserted Samsung had breached
10 the Agreement.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

12     Defendant incorporates by reference its general objections. Subject to and
13 without waiving those objections, Defendant responds as follows: deny.

14 **REQUEST FOR ADMISSION NO. 56:**

15     Admit that the only address that Samsung provided to Netlist for notices to be
16 sent to under the Agreement is the address listed in Section 15 of the Agreement.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

18     Defendant incorporates by reference its general objections. Subject to and
19 without waiving those objections, Defendant responds as follows: admit.

20 **REQUEST FOR ADMISSION NO. 57:**

21     Admit that Samsung never served any notice to Netlist to amend, change, or
22 update Section 15 of the Agreement with a different address for Samsung.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

24     Defendant incorporates by reference its general objections. Subject to and
25 without waiving those objections, Defendant responds as follows: admit.

26 **REQUEST FOR ADMISSION NO. 58:**

27     Admit that Section 15 of the Agreement requires Netlist to send all notices
28 required under the agreement in writing and by registered or certified mail or

facsimile to Samsung at: Name: Seung Min Sung Title: Director Address: San #16 Banwol-Dong, Hwasung City, Gyeongi-Do 445-701, Korea Phone: +82-31-208-1732

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it calls for a legal conclusion. Defendants objects to this request to the extent that it purports to interpret any contract term in isolation and without context.

Subject to and without waiving those objections, Defendant responds as follows: admit that this is what the text of the agreement says.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Samsung Semiconductor, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Defendant incorporates by reference its general objections. Defendant objects to the request to the extent to the extent that it seeks a legal conclusion.

Subject to and without waiving those objections, Defendant responds as follows: admit that Samsung Semiconductor, Inc. is a wholly-owned subsidiary of Samsung Electronics America, Inc., which is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Netlist's orders for NAND or DRAM Products are placed through Samsung Semiconductor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that Netlist has placed orders for NAND and DRAM products through Samsung Semiconductor, Inc.

**REQUEST FOR ADMISSION NO. 61:**

Admit that Samsung has directed Netlist to place orders for NAND or DRAM Products through Samsung Semiconductor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendant incorporates by reference its general objections. Defendant objects to the request to the extent to the extent that it seeks a legal conclusion. Defendant objects to this request on the basis that the term "directed" is vague, ambiguous, and nonsensical.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that Netlist has placed orders for NAND and DRAM products through Samsung Semiconductor, Inc.

DATED:  July 8, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Jong-min Choi
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____
Christopher J. Lee
Attorneys for Defendant Samsung
Electronics Co., Ltd.

# PROOF OF SERVICE

### *Netlist Inc. v. Samsung Electronics Co., Ltd.*
### Case No. 8:20-cv-00993-MCS-DFM

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On July 8, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO PLAINTIFF NETLIST INC.'S REQUESTS FOR ADMISSIONS, SET TWO** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address clee@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 8, 2021, at Los Angeles, California.

Christopher J. Lee

1
2

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

3
4
5
6
7
8
9

Jason C. Lo
Matthew Benjamin
Raymond A. LaMagna
Marissa Moshell
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: rlamagna@gibsondunn.com
Email: mmulligan@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28