# EXHIBIT F

Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
Jong-min Choi - State Bar No. 329474
  jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,, <br><br> Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM <br><br> **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST INC.'S REQUESTS FOR ADMISSIONS, SET TWO** <br><br> Assigned to Hon. Mark C. Scarsi <br> Courtroom 7C |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO.,

                     LTD.

SET NO.:             TWO

      Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby responds and

objects to Plaintiff Netlist Inc.'s ("Plaintiff") Second Set of Requests for Admissions

("Requests") as follows:

## I.

## GENERAL OBJECTIONS

1.      Defendant objects to each Request to the extent that it seeks to impose burdens on Defendant that are inconsistent with, or in addition to, Defendant's discovery obligations pursuant to the Federal Rules of Civil Procedure.  Defendant will respond consistent with its discovery obligations pursuant to the Federal Rules of Civil Procedure.

2.      Defendant objects to each Request as vague and ambiguous in that it calls for a legal analysis to determine the scope of the Request.  Defendant objects to each Request to the extent that it is otherwise vague and ambiguous.

3.      Defendant objects to each Request to the extent it is overbroad, unduly burdensome and/or oppressive.  Defendant objects to the Requests to the extent they are not properly limited as to time or scope and, therefore, are overbroad, unduly burdensome and oppressive.

4.      Defendant objects to the Requests to the extent that they call for information that is not admissible evidence.

5.      Defendant objects to the Requests on the grounds, and to the extent, that they call for a legal conclusion.

6.      Defendant objects to the Request on the grounds, and to the extent, that they lack foundation and/or call for speculation.

7.      Defendant objects to the Requests to the extent they seek information or materials that are already within the putative propounding party's possession, custody, or control.

8.      The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts or documents, or to modify or enlarge Defendant's responses herein based on additional information hereinafter obtained or evaluated as a result of continuing investigation or discovery.

9.      No incidental or implied admissions are intended by the responses herein.

10.      Defendant objects to the Requests to the extent that they call for information or other materials protected by applicable statutory or common law privileges and/or protections, including but not limited to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, rights of privacy, taxpayer's privilege and the protection of settlement and mediation materials.

11.      Defendant objects to the Requests to the extent that they call for information that constitutes confidential, proprietary, trade secret or sensitive business information of the Defendant or third-parties.

12.      Defendant incorporates all these General Objections into each of the Responses as if fully set forth in each Response. Without waiving any of the foregoing objections, all of which are incorporated by reference in the Responses below, Defendant specifically responds to the Requests as follows:

**II.**

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 16:**

Admit that between December 1, 2015 and July 15, 2020, Samsung cancelled some orders for NAND or DRAM Products that Netlist placed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that between December 1, 2015 and July 15, 2020, Samsung failed to fulfill in whole some orders for NAND or DRAM Products that Netlist placed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without

1   assuming any obligation, to supplement its response.

2        Subject to and without waiving its objections, Defendant responds as follows:

3   admit only that Defendant has indicated routinely to Plaintiff throughout the time

4   period from November 12, 2015 to present – as it would with any other similarly

5   situated customer during the same time period – that it is unable to support every

6   request for products.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

8        Defendant incorporates by reference its general objections. Defendant objects

9   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

10  further objects to this request to the extent that it calls for facts not within

11  Defendant's knowledge. Defendant also objects to this request to the extent that it

12  seeks confidential, proprietary, or trade secret information. Defendant's fact

13  investigation is not yet complete, and Defendant reserves the right, without

14  assuming any obligation, to supplement its response.

15       Subject to and without waiving its objections, Defendant responds as follows:

16  admit only that Defendant has indicated routinely to Plaintiff throughout the time

17  period from November 12, 2015 to present – as it would with any other similarly

18  situated customer during the same time period – that it is unable to support every

19  request for products. Otherwise, deny.

20  **REQUEST FOR ADMISSION NO. 18:**

21       Admit that between December 1, 2015 and July 15, 2020, Samsung failed to

22  fulfill in part some orders for NAND or DRAM Products that Netlist placed.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

24       Defendant incorporates by reference its general objections. Defendant objects

25  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

26  further objects to this request to the extent that it calls for facts not within

27  Defendant's knowledge. Defendant also objects to this request to the extent that it

28  seeks confidential, proprietary, or trade secret information. Defendant's fact

investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that on multiple occasions between December 1, 2015 and June 14, 2020, Samsung declined to support requests for NAND or DRAM Products that Netlist made.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within

Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that between June 15, 2020 and July 15, 2020, Samsung declined to support some requests for NAND or DRAM Products that Netlist made.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

1 further objects to this request to the extent that it calls for facts not within

2 Defendant's knowledge. Defendant also objects to this request to the extent that it

3 seeks confidential, proprietary, or trade secret information. Defendant's fact

4 investigation is not yet complete, and Defendant reserves the right, without

5 assuming any obligation, to supplement its response.

6       Subject to and without waiving its objections, Defendant responds as follows:

7 admit only that Defendant has indicated routinely to Plaintiff throughout the time

8 period from November 12, 2015 to present – as it would with any other similarly

9 situated customer during the same time period – that it is unable to support every

10 request for products.

11 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

12       Defendant incorporates by reference its general objections. Defendant objects

13 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

14 further objects to this request to the extent that it calls for facts not within

15 Defendant's knowledge. Defendant also objects to this request to the extent that it

16 seeks confidential, proprietary, or trade secret information. Defendant's fact

17 investigation is not yet complete, and Defendant reserves the right, without

18 assuming any obligation, to supplement its response.

19       Subject to and without waiving its objections, Defendant responds as follows:

20 admit only that Defendant has indicated routinely to Plaintiff throughout the time

21 period from November 12, 2015 to present – as it would with any other similarly

22 situated customer during the same time period – that it is unable to support every

23 request for products. Otherwise, deny.

24 **REQUEST FOR ADMISSION NO. 21:**

25       Admit that on multiple occasions between December 1, 2015 and June 14,

26 2020, Netlist requested to purchase more NAND or DRAM Products from Samsung

27 than Samsung agreed to support or sell to Netlist.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that between June 15, 2020 and July 15, 2020, Netlist requested to

1  purchase more NAND or DRAM Products from Samsung than Samsung agreed to
2  support or sell to Netlist.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

4        Defendant incorporates by reference its general objections. Defendant objects
5  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant
6  further objects to this request to the extent that it calls for facts not within
7  Defendant's knowledge. Defendant also objects to this request to the extent that it
8  seeks confidential, proprietary, or trade secret information. Defendant's fact
9  investigation is not yet complete, and Defendant reserves the right, without
10 assuming any obligation, to supplement its response.

11       Subject to and without waiving its objections, Defendant responds as follows:
12 admit only that Defendant has indicated routinely to Plaintiff throughout the time
13 period from November 12, 2015 to present – as it would with any other similarly
14 situated customer during the same time period – that it is unable to support every
15 request for products.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

17       Defendant incorporates by reference its general objections. Defendant objects
18 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant
19 further objects to this request to the extent that it calls for facts not within
20 Defendant's knowledge. Defendant also objects to this request to the extent that it
21 seeks confidential, proprietary, or trade secret information. Defendant's fact
22 investigation is not yet complete, and Defendant reserves the right, without
23 assuming any obligation, to supplement its response.

24       Subject to and without waiving its objections, Defendant responds as follows:
25 admit only that Defendant has indicated routinely to Plaintiff throughout the time
26 period from November 12, 2015 to present – as it would with any other similarly
27 situated customer during the same time period – that it is unable to support every
28 request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 23:**

Admit that on multiple occasions between December 1, 2015 and June 14, 2020, Samsung refused to sell Netlist any NAND or DRAM products in response to a request from Netlist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly

11

situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 24:**

Admit that between June 15, 2020 and July 15, 2020, Samsung refused to sell Netlist any NAND or DRAM products in response to a request or requests from Netlist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows:

1  admit only that Defendant has indicated routinely to Plaintiff throughout the time
2  period from November 12, 2015 to present – as it would with any other similarly
3  situated customer during the same time period – that it is unable to support every
4  request for products. Otherwise, deny.

5  **REQUEST FOR ADMISSION NO. 25:**

6      Admit that between June 15, 2020 and July 15, 2020, Samsung did not
7  support all of Netlist's requests for NAND or DRAM products.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

9      Defendant incorporates by reference its general objections. Defendant objects
10  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant
11  further objects to this request to the extent that it calls for facts not within
12  Defendant's knowledge. Defendant also objects to this request to the extent that it
13  seeks confidential, proprietary, or trade secret information. Defendant's fact
14  investigation is not yet complete, and Defendant reserves the right, without
15  assuming any obligation, to supplement its response.

16      Subject to and without waiving its objections, Defendant responds as follows:
17  admit only that Defendant has indicated routinely to Plaintiff throughout the time
18  period from November 12, 2015 to present – as it would with any other similarly
19  situated customer during the same time period – that it is unable to support every
20  request for products.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

22      Defendant incorporates by reference its general objections. Defendant objects
23  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant
24  further objects to this request to the extent that it calls for facts not within
25  Defendant's knowledge. Defendant also objects to this request to the extent that it
26  seeks confidential, proprietary, or trade secret information. Defendant's fact
27  investigation is not yet complete, and Defendant reserves the right, without
28  assuming any obligation, to supplement its response.

1      Subject to and without waiving its objections, Defendant responds as follows:

2  admit only that Defendant has indicated routinely to Plaintiff throughout the time

3  period from November 12, 2015 to present – as it would with any other similarly

4  situated customer during the same time period – that it is unable to support every

5  request for products. Otherwise, deny.

6  **REQUEST FOR ADMISSION NO. 26:**

7      Admit that between June 15, 2020 and July 15, 2020, Samsung did not supply

8  Netlist with all the NAND and DRAM products Netlist requested.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

10      Defendant incorporates by reference its general objections. Defendant objects

11  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

12  further objects to this request to the extent that it calls for facts not within

13  Defendant's knowledge. Defendant also objects to this request to the extent that it

14  seeks confidential, proprietary, or trade secret information. Defendant's fact

15  investigation is not yet complete, and Defendant reserves the right, without

16  assuming any obligation, to supplement its response.

17      Subject to and without waiving its objections, Defendant responds as follows:

18  admit only that Defendant has indicated routinely to Plaintiff throughout the time

19  period from November 12, 2015 to present – as it would with any other similarly

20  situated customer during the same time period – that it is unable to support every

21  request for products.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

23      Defendant incorporates by reference its general objections. Defendant objects

24  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

25  further objects to this request to the extent that it calls for facts not within

26  Defendant's knowledge. Defendant also objects to this request to the extent that it

27  seeks confidential, proprietary, or trade secret information. Defendant's fact

28  investigation is not yet complete, and Defendant reserves the right, without

1  assuming any obligation, to supplement its response.

2      Subject to and without waiving its objections, Defendant responds as follows:

3  admit only that Defendant has indicated routinely to Plaintiff throughout the time

4  period from November 12, 2015 to present – as it would with any other similarly

5  situated customer during the same time period – that it is unable to support every

6  request for products. Otherwise, deny.

7  **REQUEST FOR ADMISSION NO. 27:**

8      Admit that at some point between February 1, 2017 and May 18 2017,

9  Samsung set a cap or limit on the amount of NAND and DRAM Products that

10  Netlist could purchase from Samsung.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

12      Defendant incorporates by reference its general objections. Defendant objects

13  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

14  further objects to this request to the extent that it calls for facts not within

15  Defendant's knowledge. Defendant also objects to this request to the extent that it

16  seeks confidential, proprietary, or trade secret information. Defendant's fact

17  investigation is not yet complete, and Defendant reserves the right, without

18  assuming any obligation, to supplement its response.

19      Subject to and without waiving its objections, Defendant responds as follows:

20  admit only that Defendant has indicated routinely to Plaintiff throughout the time

21  period from November 12, 2015 to present – as it would with any other similarly

22  situated customer during the same time period – that it is unable to support every

23  request for products.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

25      Defendant incorporates by reference its general objections. Defendant objects

26  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

27  further objects to this request to the extent that it calls for facts not within

28  Defendant's knowledge. Defendant also objects to this request to the extent that it

1  seeks confidential, proprietary, or trade secret information. Defendant's fact

2  investigation is not yet complete, and Defendant reserves the right, without

3  assuming any obligation, to supplement its response.

4       Subject to and without waiving its objections, Defendant responds as follows:

5  admit only that Defendant has indicated routinely to Plaintiff throughout the time

6  period from November 12, 2015 to present – as it would with any other similarly

7  situated customer during the same time period – that it is unable to support every

8  request for products. Otherwise, deny.

9  **REQUEST FOR ADMISSION NO. 28:**

10      Admit that at some point between February 1, 2017 and May 18, 2017,

11  Samsung set a cap or limit on the amount of NAND and DRAM Products that

12  Samsung would support for Netlist.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

14      Defendant incorporates by reference its general objections. Defendant objects

15  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

16  further objects to this request to the extent that it calls for facts not within

17  Defendant's knowledge. Defendant also objects to this request to the extent that it

18  seeks confidential, proprietary, or trade secret information. Defendant's fact

19  investigation is not yet complete, and Defendant reserves the right, without

20  assuming any obligation, to supplement its response.

21      Subject to and without waiving its objections, Defendant responds as follows:

22  admit only that Defendant has indicated routinely to Plaintiff throughout the time

23  period from November 12, 2015 to present – as it would with any other similarly

24  situated customer during the same time period – that it is unable to support every

25  request for products.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

27      Defendant incorporates by reference its general objections. Defendant objects

28  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

1  further objects to this request to the extent that it calls for facts not within

2  Defendant's knowledge. Defendant also objects to this request to the extent that it

3  seeks confidential, proprietary, or trade secret information. Defendant's fact

4  investigation is not yet complete, and Defendant reserves the right, without

5  assuming any obligation, to supplement its response.

6  Subject to and without waiving its objections, Defendant responds as follows:

7  admit only that Defendant has indicated routinely to Plaintiff throughout the time

8  period from November 12, 2015 to present – as it would with any other similarly

9  situated customer during the same time period – that it is unable to support every

10  request for products. Otherwise, deny.

11  **REQUEST FOR ADMISSION NO. 29:**

12  Admit that at some point between February 1, 2017 and May 18, 2017,

13  Samsung set an allocation limit on the amount of NAND and DRAM Products that

14  Netlist could purchase from Samsung.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

16  Defendant incorporates by reference its general objections. Defendant objects

17  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

18  further objects to this request to the extent that it calls for facts not within

19  Defendant's knowledge. Defendant also objects to this request to the extent that it

20  seeks confidential, proprietary, or trade secret information. Defendant's fact

21  investigation is not yet complete, and Defendant reserves the right, without

22  assuming any obligation, to supplement its response.

23  Subject to and without waiving its objections, Defendant responds as follows:

24  admit only that Defendant has indicated routinely to Plaintiff throughout the time

25  period from November 12, 2015 to present – as it would with any other similarly

26  situated customer during the same time period – that it is unable to support every

27  request for products.

28

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 30:**

Admit that as of May 18, 2017, the allocation of NAND and DRAM Products that Netlist could purchase from Samsung was set by Samsung at zero.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every

1   request for products.

2   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

3       Defendant incorporates by reference its general objections. Defendant objects

4   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

5   further objects to this request to the extent that it calls for facts not within

6   Defendant's knowledge. Defendant also objects to this request to the extent that it

7   seeks confidential, proprietary, or trade secret information. Defendant's fact

8   investigation is not yet complete, and Defendant reserves the right, without

9   assuming any obligation, to supplement its response.

10      Subject to and without waiving its objections, Defendant responds as follows:

11  admit only that Defendant has indicated routinely to Plaintiff throughout the time

12  period from November 12, 2015 to present – as it would with any other similarly

13  situated customer during the same time period – that it is unable to support every

14  request for products. Otherwise, deny.

15  **REQUEST FOR ADMISSION NO. 31:**

16      Admit that as of May 18, 2017, Samsung set the amount of NAND and

17  DRAM Products that Netlist could purchase from Samsung at zero.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

19      Defendant incorporates by reference its general objections. Defendant objects

20  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

21  further objects to this request to the extent that it calls for facts not within

22  Defendant's knowledge. Defendant also objects to this request to the extent that it

23  seeks confidential, proprietary, or trade secret information. Defendant's fact

24  investigation is not yet complete, and Defendant reserves the right, without

25  assuming any obligation, to supplement its response.

26      Subject to and without waiving its objections, Defendant responds as follows:

27  admit only that Defendant has indicated routinely to Plaintiff throughout the time

28  period from November 12, 2015 to present – as it would with any other similarly

1   situated customer during the same time period – that it is unable to support every

2   request for products.

3   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

4        Defendant incorporates by reference its general objections. Defendant objects

5   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

6   further objects to this request to the extent that it calls for facts not within

7   Defendant's knowledge. Defendant also objects to this request to the extent that it

8   seeks confidential, proprietary, or trade secret information. Defendant's fact

9   investigation is not yet complete, and Defendant reserves the right, without

10  assuming any obligation, to supplement its response.

11       Subject to and without waiving its objections, Defendant responds as follows:

12  admit only that Defendant has indicated routinely to Plaintiff throughout the time

13  period from November 12, 2015 to present – as it would with any other similarly

14  situated customer during the same time period – that it is unable to support every

15  request for products. Otherwise, deny.

16  **REQUEST FOR ADMISSION NO. 32:**

17       Admit that in May 2017, Samsung informed Netlist that it would not allocate

18  any NAND or DRAM Products for sale to Netlist.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

20       Defendant incorporates by reference its general objections. Defendant objects

21  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

22  further objects to this request to the extent that it calls for facts not within

23  Defendant's knowledge. Defendant also objects to this request to the extent that it

24  seeks confidential, proprietary, or trade secret information. Defendant's fact

25  investigation is not yet complete, and Defendant reserves the right, without

26  assuming any obligation, to supplement its response.

27       Subject to and without waiving its objections, Defendant responds as follows:

28  admit only that Defendant has indicated routinely to Plaintiff throughout the time

1  period from November 12, 2015 to present – as it would with any other similarly

2  situated customer during the same time period – that it is unable to support every

3  request for products.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

5        Defendant incorporates by reference its general objections. Defendant objects

6  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

7  further objects to this request to the extent that it calls for facts not within

8  Defendant's knowledge. Defendant also objects to this request to the extent that it

9  seeks confidential, proprietary, or trade secret information. Defendant's fact

10  investigation is not yet complete, and Defendant reserves the right, without

11  assuming any obligation, to supplement its response.

12        Subject to and without waiving its objections, Defendant responds as follows:

13  admit only that Defendant has indicated routinely to Plaintiff throughout the time

14  period from November 12, 2015 to present – as it would with any other similarly

15  situated customer during the same time period – that it is unable to support every

16  request for products. Otherwise, deny.

17  **REQUEST FOR ADMISSION NO. 33:**

18        Admit that in May 2017, Samsung informed Netlist that it would not support

19  any orders for NAND or DRAM Products from Netlist.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

21        Defendant incorporates by reference its general objections. Defendant objects

22  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

23  further objects to this request to the extent that it calls for facts not within

24  Defendant's knowledge. Defendant also objects to this request to the extent that it

25  seeks confidential, proprietary, or trade secret information. Defendant's fact

26  investigation is not yet complete, and Defendant reserves the right, without

27  assuming any obligation, to supplement its response.

28        Subject to and without waiving its objections, Defendant responds as follows:

admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 34:**

Admit that in May 2017, Samsung stopped supporting any orders for NAND or DRAM Products from Netlist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

1   Subject to and without waiving its objections, Defendant responds as follows:

2   admit only that Defendant has indicated routinely to Plaintiff throughout the time

3   period from November 12, 2015 to present – as it would with any other similarly

4   situated customer during the same time period – that it is unable to support every

5   request for products.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

7   Defendant incorporates by reference its general objections. Defendant objects

8   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

9   further objects to this request to the extent that it calls for facts not within

10  Defendant's knowledge. Defendant also objects to this request to the extent that it

11  seeks confidential, proprietary, or trade secret information. Defendant's fact

12  investigation is not yet complete, and Defendant reserves the right, without

13  assuming any obligation, to supplement its response.

14  Subject to and without waiving its objections, Defendant responds as follows:

15  admit only that Defendant has indicated routinely to Plaintiff throughout the time

16  period from November 12, 2015 to present – as it would with any other similarly

17  situated customer during the same time period – that it is unable to support every

18  request for products. Otherwise, deny.

19  **REQUEST FOR ADMISSION NO. 35:**

20  Admit that in May 2017, Samsung stopped accepting any orders for NAND or

21  DRAM Products from Netlist.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

23  Defendant incorporates by reference its general objections. Defendant objects

24  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

25  further objects to this request to the extent that it calls for facts not within

26  Defendant's knowledge. Defendant also objects to this request to the extent that it

27  seeks confidential, proprietary, or trade secret information. Defendant's fact

28  investigation is not yet complete, and Defendant reserves the right, without

1   assuming any obligation, to supplement its response.

2       Subject to and without waiving its objections, Defendant responds as follows:

3   admit only that Defendant has indicated routinely to Plaintiff throughout the time

4   period from November 12, 2015 to present – as it would with any other similarly

5   situated customer during the same time period – that it is unable to support every

6   request for products.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

8       Defendant incorporates by reference its general objections. Defendant objects

9   to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

10  further objects to this request to the extent that it calls for facts not within

11  Defendant's knowledge. Defendant also objects to this request to the extent that it

12  seeks confidential, proprietary, or trade secret information. Defendant's fact

13  investigation is not yet complete, and Defendant reserves the right, without

14  assuming any obligation, to supplement its response.

15      Subject to and without waiving its objections, Defendant responds as follows:

16  admit only that Defendant has indicated routinely to Plaintiff throughout the time

17  period from November 12, 2015 to present – as it would with any other similarly

18  situated customer during the same time period – that it is unable to support every

19  request for products. Otherwise, deny.

20  **REQUEST FOR ADMISSION NO. 36:**

21      Admit that from May 19, 2017 to June 14, 2020, Samsung maintained a cap

22  or limit on the amount of NAND and DRAM Products that Netlist could purchase

23  from Samsung.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

25      Defendant incorporates by reference its general objections. Defendant objects

26  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

27  further objects to this request to the extent that it calls for facts not within

28  Defendant's knowledge. Defendant also objects to this request to the extent that it

1  seeks confidential, proprietary, or trade secret information. Defendant's fact

2  investigation is not yet complete, and Defendant reserves the right, without

3  assuming any obligation, to supplement its response.

4          Subject to and without waiving its objections, Defendant responds as follows:

5  admit only that Defendant has indicated routinely to Plaintiff throughout the time

6  period from November 12, 2015 to present – as it would with any other similarly

7  situated customer during the same time period – that it is unable to support every

8  request for products.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

10          Defendant incorporates by reference its general objections. Defendant objects

11  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

12  further objects to this request to the extent that it calls for facts not within

13  Defendant's knowledge. Defendant also objects to this request to the extent that it

14  seeks confidential, proprietary, or trade secret information. Defendant's fact

15  investigation is not yet complete, and Defendant reserves the right, without

16  assuming any obligation, to supplement its response.

17          Subject to and without waiving its objections, Defendant responds as follows:

18  admit only that Defendant has indicated routinely to Plaintiff throughout the time

19  period from November 12, 2015 to present – as it would with any other similarly

20  situated customer during the same time period – that it is unable to support every

21  request for products. Otherwise, deny.

22  **REQUEST FOR ADMISSION NO. 37:**

23          Admit that from May 19, 2017 to June 14, 2020, Samsung maintained a cap

24  or limit on the amount of NAND and DRAM Products that Samsung would support

25  for Netlist.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

27          Defendant incorporates by reference its general objections. Defendant objects

28  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

1 further objects to this request to the extent that it calls for facts not within

2 Defendant's knowledge. Defendant also objects to this request to the extent that it

3 seeks confidential, proprietary, or trade secret information. Defendant's fact

4 investigation is not yet complete, and Defendant reserves the right, without

5 assuming any obligation, to supplement its response.

6      Subject to and without waiving its objections, Defendant responds as follows:

7 admit only that Defendant has indicated routinely to Plaintiff throughout the time

8 period from November 12, 2015 to present – as it would with any other similarly

9 situated customer during the same time period – that it is unable to support every

10 request for products.

11 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

12      Defendant incorporates by reference its general objections. Defendant objects

13 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

14 further objects to this request to the extent that it calls for facts not within

15 Defendant's knowledge. Defendant also objects to this request to the extent that it

16 seeks confidential, proprietary, or trade secret information. Defendant's fact

17 investigation is not yet complete, and Defendant reserves the right, without

18 assuming any obligation, to supplement its response.

19      Subject to and without waiving its objections, Defendant responds as follows:

20 admit only that Defendant has indicated routinely to Plaintiff throughout the time

21 period from November 12, 2015 to present – as it would with any other similarly

22 situated customer during the same time period – that it is unable to support every

23 request for products. Otherwise, deny.

24 **REQUEST FOR ADMISSION NO. 38:**

25      Admit that from May 19, 2017 to June 14, 2020, Samsung maintained an

26 allocation limit on the amount of NAND and DRAM Products that Netlist could

27 purchase from Samsung.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 39:**

Admit that from June 15, 2020 to July 15, 2020, Samsung maintained a cap or

1 limit on the amount of NAND and DRAM Products that Netlist could purchase from

2 Samsung.

3 **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

4       Defendant incorporates by reference its general objections. Defendant objects

5 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

6 further objects to this request to the extent that it calls for facts not within

7 Defendant's knowledge. Defendant also objects to this request to the extent that it

8 seeks confidential, proprietary, or trade secret information. Defendant's fact

9 investigation is not yet complete, and Defendant reserves the right, without

10 assuming any obligation, to supplement its response.

11       Subject to and without waiving its objections, Defendant responds as follows:

12 admit only that Defendant has indicated routinely to Plaintiff throughout the time

13 period from November 12, 2015 to present – as it would with any other similarly

14 situated customer during the same time period – that it is unable to support every

15 request for products.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

17       Defendant incorporates by reference its general objections. Defendant objects

18 to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

19 further objects to this request to the extent that it calls for facts not within

20 Defendant's knowledge. Defendant also objects to this request to the extent that it

21 seeks confidential, proprietary, or trade secret information. Defendant's fact

22 investigation is not yet complete, and Defendant reserves the right, without

23 assuming any obligation, to supplement its response.

24       Subject to and without waiving its objections, Defendant responds as follows:

25 admit only that Defendant has indicated routinely to Plaintiff throughout the time

26 period from November 12, 2015 to present – as it would with any other similarly

27 situated customer during the same time period – that it is unable to support every

28 request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 40:**

Admit that from June 15, 2020 to July 15, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Samsung would support for Netlist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly

1  situated customer during the same time period – that it is unable to support every

2  request for products. Otherwise, deny.

3  **REQUEST FOR ADMISSION NO. 41:**

4      Admit that from June 15, 2020 to July 15, 2020, Samsung maintained an

5  allocation limit on the amount of NAND and DRAM Products that Netlist could

6  purchase from Samsung.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

8      Defendant incorporates by reference its general objections. Defendant objects

9  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

10  further objects to this request to the extent that it calls for facts not within

11  Defendant's knowledge. Defendant also objects to this request to the extent that it

12  seeks confidential, proprietary, or trade secret information. Defendant's fact

13  investigation is not yet complete, and Defendant reserves the right, without

14  assuming any obligation, to supplement its response.

15      Subject to and without waiving its objections, Defendant responds as follows:

16  admit only that Defendant has indicated routinely to Plaintiff throughout the time

17  period from November 12, 2015 to present – as it would with any other similarly

18  situated customer during the same time period – that it is unable to support every

19  request for products.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

21      Defendant incorporates by reference its general objections. Defendant objects

22  to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant

23  further objects to this request to the extent that it calls for facts not within

24  Defendant's knowledge. Defendant also objects to this request to the extent that it

25  seeks confidential, proprietary, or trade secret information. Defendant's fact

26  investigation is not yet complete, and Defendant reserves the right, without

27  assuming any obligation, to supplement its response.

28      Subject to and without waiving its objections, Defendant responds as follows:

admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Samsung represented to the Korean National Tax Service that the primary reason that Samsung entered into the Agreement was to eliminate risks associated with potential infringement of Netlist's patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine.  Defendant objects to this request to the extent that it seeks a legal conclusion.

Subject to and without waiving its objections, Defendant responds as follows: Admit that Samsung represented that patent infringement risk was a reason it entered into the Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine.  Defendant objects to this request to the extent that it seeks a legal conclusion.

Subject to and without waiving its objections, Defendant responds as follows: Admit that Samsung represented that patent infringement risk was a reason it entered into the Agreement. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Samsung did not cooperate with Netlist in its effort to claim a credit or refund or exemption for the withholding for taxes on the $8 million fee owed to Netlist under the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the phrase "did not cooperate" is vague, ambiguous, and nonsensical. Defendant objects to this request to the extent that it seeks a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the phrase "did not cooperate" is vague, ambiguous, and nonsensical. Defendant objects to this request to the extent that it seeks a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: deny.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Samsung received the letter from Netlist dated May 27, 2020, in which Netlist asserted Samsung had breached the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 45:**

Admit that, by June 14, 2020, Samsung had received Netlist's letter dated May 27, 2020, in which Netlist asserted that Samsung had breached the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows:

admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Samsung received an email from Marc Frechette dated June 12, 2020 (U.S. Pacific Time), which attached the letter from Netlist dated May 27, 2020, in which Netlist asserted Samsung had breached the Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit that an email from Marc Frechette dated June 12, 2020 (U.S. Pacific Time), which attached a letter from Netlist dated May 27, 2020, was transmitted to the email address jeff.sung@samsung.com.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.

Subject to and without waiving its objections, Defendant responds as follows: admit that an email from Marc Frechette dated June 12, 2020 (U.S. Pacific Time), which attached a letter from Netlist dated May 27, 2020, was transmitted to the email address jeff.sung@samsung.com. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Samsung did not respond to Netlist's letter dated May 27, 2020,

within 30 days of Samsung having received the letter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. Defendant objects to this request on the basis that the phrase "Samsung having received the letter" is vague and ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. Defendant objects to this request on the basis that the phrase "Samsung having received the letter" is vague and ambiguous.

Subject to and without waiving its objections, Defendant responds as follows: as the date on which Defendant received the letter (or whether it was received at all) cannot be determined, Defendant refers Plaintiff to its response to Request for Admission No. 53.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Samsung did not respond to Netlist's letter dated May 27, 2020 prior to June 15, 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. Defendant objects to this

interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this request on the basis that it is duplicative.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendant incorporates by reference its general objections. Defendant objects to this interrogatory to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. Defendant objects to this interrogatory on the basis that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this request on the basis that it is duplicative.

Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant did not respond by the listed date, with no admission that notice was proper or that Defendant had the opportunity to respond.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Netlist's orders for NAND or DRAM Products are placed through Samsung Semiconductor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that Netlist has placed orders for NAND and DRAM products through Samsung Semiconductor, Inc.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendant incorporates by reference its general objections. Defendant objects

to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that Netlist has placed orders for NAND and DRAM products through Samsung Semiconductor, Inc. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Samsung has directed Netlist to place orders for NAND or DRAM Products through Samsung Semiconductor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendant incorporates by reference its general objections. Defendant objects to the request to the extent to the extent that it seeks a legal conclusion. Defendant objects to this request on the basis that the term "directed" is vague, ambiguous, and nonsensical.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that Netlist has placed orders for NAND and DRAM products through Samsung Semiconductor, Inc.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendant incorporates by reference its general objections. Defendant objects to the request to the extent to the extent that it seeks a legal conclusion. Defendant objects to this request on the basis that the term "directed" is vague, ambiguous, and nonsensical.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that Netlist has placed orders for NAND and DRAM products through Samsung Semiconductor, Inc. Otherwise, denied.

1 | DATED:  July 27, 2021

Ekwan E. Rhow
Marc E. Masters
Kate S. Shin
Christopher J. Lee
Jong-min Choi
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
            Christopher J. Lee
        Attorneys for Defendant Samsung
        Electronics Co., Ltd.

### **VERIFICATION**

I, Byungyup Jeon, am an employee of Samsung Electronics Co. Ltd., a party to this action. I have read the following and am familiar with the contents thereof:

DEFENDANT SAMSUNG ELECTRONICS CO. LTD.'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO PLAINTIFF NETLIST, INC.'S REQUESTS FOR ADMISSION (SET 2)

DEFENDANT SAMSUNG ELECTRONICS CO. LTD.'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO PLAINTIFF NETLIST, INC.'S REQUESTS FOR PRODUCTION (SET 2)

To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as these matters are a composite of the information of many individuals, and for which I lack personal knowledge, I am informed and believe that the information set forth therein is true and correct. I reserve the right to change the foregoing responses if it appears at any time that they include omissions or errors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2021, at Hwaseong, Republic of Korea.

Byungyup Jeon
Print Name of Signatory

Signature

1

## PROOF OF SERVICE

2

*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5
At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

6

7
On July 27, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST INC.'S REQUESTS FOR ADMISSIONS, SET TWO and VERIFICATION** on the interested parties in this action as follows:

8

9

### SEE ATTACHED SERVICE LIST

10
**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address mwilson@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

13
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15
Executed on July 27, 2021, at Los Angeles, California.

16

17

18
_____
Maria L. Wilson

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
**Case No. 8:20-cv-00993-MCS-DFM**

Jason C. Lo
Matthew Benjamin
Raymond A. LaMagna
Marissa Moshell
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: rlamagna@gibsondunn.com
Email: mmulligan@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**

Soolean Choy
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 849-5300
Email: schoy@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**

Jason Sheasby
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone: (310) 203-7096
Email: jsheasby@irell.com
**Counsel for Plaintiff Netlist Inc.**