NETLIST'S MOTION FOR FEES UNDER RULE 37(C)(2)
CASE NO. 8:20-CV-993-MCS (ADS)

# APPENDIX A

| RFA | Text of RFA | Samsung Response |
|---|---|---|
| 5 | Admit that Netlist's allocation of Samsung NAND or DRAM Products was restricted to $0 worth of products at times. | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the terms "allocation" and "restricted" are vague, ambiguous, and nonsensical" Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.<br><br>**Supplemental Response [Exhibit D, 7/8/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the terms "allocation" and "restricted" are vague, ambiguous, and nonsensical" Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products. |
| 6 | Admit that Samsung supplied NAND and DRAM Products to other companies in the same fiscal quarters that Netlist's requests for products were unfulfilled, denied, restricted, limited, or reduced. | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the to the extent that it calls for a legal conclusion. Defendant also objects to this request on the basis that the terms "unfulfilled," "denied," "restricted," "limited," or "reduced" are vague, ambiguous, and nonsensical. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.<br><br>Subject to and without waiving those objections, Defendant responds as follows: Admit that Defendant, directly and through its subsidiary, supplies NAND and DRAM products to companies other than Netlist. |

| RFA | Text of RFA | Samsung Response |
|---|---|---|
| 7 | Admit that Samsung withheld $1,320,000 from the $8 million NRE fee to be paid to Netlist under the Agreement. | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections.<br><br>Subject to and without waiving those objections, Defendant responds as follows: Deny. Defendant reported and paid tax withholding of $1,320,000 to the Korean National Tax Service (NTS). Defendant did not withhold the funds. |
| 10 | Admit that Samsung stated to the Korean Tax Authority that Samsung was able to use patents belonging to Netlist without paying royalties as a result of entering into the Agreement. | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the grounds that the terms "Korean Tax Authority" and "patents belonging to Netlist" are vague, ambiguous, and nonsensical. |
| 13 | Admit that Samsung received Netlist's letter dated May 27, 2020, notifying Samsung that Samsung had breached the Agreement. | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it characterizes any communication by Netlist as a valid notification of breach. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. |
| 14 | Admit that Samsung received Netlist's email on or around June 12, 2020 or June 13, 2020, notifying Samsung that Samsung had breached the Agreement. | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it characterizes any communication by Netlist as a valid notification of breach. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. |
| 15 | Admit that Samsung did not take action to cure the breach or to otherwise respond to Netlist's letter dated May 27, 2020, notifying Samsung that Samsung had breached | **Response [Exhibit C, 4/19/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it characterizes any communication by Netlist as a valid notification of breach. Defendant objects to this request on the basis that it calls for a legal conclusion. |

| RFA | Text of RFA | Samsung Response |
|---|---|---|
|  | the Agreement, within thirty days of receiving the notification. |  |
| 27 | Admit that at some point between February 1, 2017 and May 18 2017, Samsung set a cap or limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung. | **Amended Response [Exhibit G; 8/9/2021]:**[1]  Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 28 | Admit that at some point between February 1, 2017 and May 18, 2017, Samsung set a cap or limit on the amount of NAND and DRAM Products that Samsung would support for Netlist. | **Amended Response [Exhibit G; 8/9/2021]:**  Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it |

---

[1]  Exhibit G states that it is an "amended" response and thus restates in full Samsung's original objections to these RFAs.  For comparison, the original response can be found in Ex. E.

| RFA | Text of RFA | Samsung Response |
|---|---|---|
|  |  | is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 29 | Admit that at some point between February 1, 2017 and May 18, 2017, Samsung set an allocation limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 30 | Admit that as of May 18, 2017, the allocation of NAND and DRAM Products that Netlist could purchase from Samsung was set by Samsung at zero. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |

| RFA | Text of RFA | Samsung Response |
|---|---|---|
| 31 | Admit that as of May 18, 2017, Samsung set the amount of NAND and DRAM Products that Netlist could purchase from Samsung at zero. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 32 | Admit that in May 2017, Samsung informed Netlist that it would not allocate any NAND or DRAM Products for sale to Netlist. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |

| 34 | Admit that in May 2017, Samsung stopped supporting any orders for NAND or DRAM Products from Netlist. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 35 | Admit that in May 2017, Samsung stopped accepting any orders for NAND or DRAM Products from Netlist. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |

| 36 | Admit that from May 19, 2017 to June 14, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 37 | Admit that from May 19, 2017 to June 14, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Samsung would support for Netlist. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |

| | | |
|---|---|---|
| 38 | Admit that from May 19, 2017 to June 14, 2020, Samsung maintained an allocation limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
| 39 | Admit that from June 15, 2020 to July 15, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |

| 40 | Admit that from June 15, 2020 to July 15, 2020, Samsung maintained a cap or limit on the amount of NAND and DRAM Products that Samsung would support for Netlist. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |
|---|---|---|
| 41 | Admit that from June 15, 2020 to July 15, 2020, Samsung maintained an allocation limit on the amount of NAND and DRAM Products that Netlist could purchase from Samsung. | **Amended Response [Exhibit G; 8/9/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information. Defendant's fact investigation is not yet complete, and Defendant reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that Defendant has indicated routinely to Plaintiff throughout the time period from November 12, 2015 to present – as it would with any other similarly situated customer during the same time period – that it is unable to support every request for products, and that Samsung ultimately did not support requests that it indicated it is unable to support. |

| 46 | Admit that the Korean Tax Tribunal determined that it was not necessary under Korean law to withhold $1.32 million for taxes on the $8 million fee owed to Netlist under the Agreement. | **Response [Exhibit E, 7/8/2021]:** Defendant incorporates by reference its general objections. Samsung further objects to the extent that it seeks information protected by the attorney-client or tax practitioner privilege or attorney work product doctrine. Defendant objects to this request to the extent that it seeks a legal conclusion.<br><br>Subject to and without waiving its objections, Defendant responds as follows: deny. |
|---|---|---|
| 50 | Admit that, by June 14, 2020, Samsung had received Netlist's letter dated May 27, 2020, in which Netlist asserted that Samsung had breached the Agreement. | **Response [Exhibit E, 7/8/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day.<br><br>**Supplemental Response (mislabeled in 7/26/21 Supp. as RFA 45) [Exhibit F, 7/27/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: admit only that a letter dated May 27, 2020 was received by Defendant's mail room and returned to sender the next day. Otherwise, denied. |

| | | |
|---|---|---|
| **52** | Admit that Samsung did not respond to Netlist's letter dated May 27, 2020, within 30 days of Samsung having received the letter. | **Response [Exhibit E, 7/8/2021]:**<br>Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. Defendant objects to this request on the basis that the phrase "Samsung having received the letter" is vague and ambiguous.<br><br>**Supplemental Response (mislabeled in 7/26/21 Supp. as RFA 47) [Exhibit F, 7/27/2021]:**<br>Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response. Defendant objects to this request on the basis that the phrase "Samsung having received the letter" is vague and ambiguous.<br><br>Subject to and without waiving its objections, Defendant responds as follows: as the date on which Defendant received the letter (or whether it was received at all) cannot be determined, Defendant refers Plaintiff to its response to Request for Admission No. 53. |
| **53** | Admit that Samsung never responded to Netlist's letter dated May 27, 2020, in which Netlist asserted Samsung had breached the Agreement. | **Response [Exhibit E, 7/8/2021]:** Defendant incorporates by reference its general objections. Defendant objects to this request to the extent that it seeks or implies a legal conclusion. Defendant also objects to this request on the basis that it has not yet completed its investigation of the facts relating to this action, and reserves the right, without assuming any obligation, to supplement its response.<br><br>Subject to and without waiving its objections, Defendant responds as follows: deny. |

| | | |
|---|---|---|
| **55** | Admit that, as of May 27, 2021, Samsung had not asked to meet with Netlist to discuss its letter dated May 27, 2020, in which it asserted Samsung had breached the Agreement. | **Response [Exhibit E, 7/8/2021]**: Defendant incorporates by reference its general objections. Subject to and without waiving those objections, Defendant responds as follows: deny. |