MICHAEL G. YODER (SB 83059)
myoder@omm.com
MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:    February 14, 2022<br>Time:   9:00 a.m. |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Samsung Electronics Co., Ltd. ("Samsung") files this request that the Court judicially notice the Complaint filed in the United States District Court for the Eastern District of Texas, styled *Netlist Inc. v. Samsung Electronics Co. Ltd.*, Civil Action No. 2:21-cv-463, dated December 20, 2021 (the "Complaint"), a true and correct copy of which is attached as **Exhibit C** to the concurrently filed Declaration of Marc F. Feinstein in Support of Samsung's Motion (A) for Entry of Judgment as to Netlist's First and Second Claims for Relief, and (B) as to Netlist's Third Claim for Relief, for Entry of Judgment or, in the Alternative, Trial on the Third Claim for Relief.

The Complaint is the proper subject of judicial notice. Pursuant to Federal Rule of Evidence 201, the Court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonable questioned." Fed. R. Evid. 201(b). The Court may judicially notice the Complaint because "court filings are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." *See McVey v. McVey*, 26 F. Supp. 3d. 980, 984 (C.D. Cal. 2014) (citing *Asdar Group v. Pillsbury, Madison & Sutro,* 99 F.3d 289, 290 n. 1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders in earlier related proceedings)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

In addition, under Rule of Evidence 201, the Court may "take judicial notice at any stage of the proceeding," Fed. R. Evid. 201(d), including during post-trial proceedings. *Pentair Thermal Mgmt., LLC v. Rowe Indus., Inc*., No. 06-CV-07164 NC, 2013 WL 1320422, at *4 (N.D. Cal. Mar. 31, 2013) (taking judicial notice of EPA document submitted for first time in post-trial brief); *In re Woman's Club of Hollywood, California*, No. 2:12-BK-50767 BR, 2018 WL 11271122, at *3 (C.D. Cal. Feb. 1, 2018) ) ("Judicial notice can be taken of any documents not subject to

1  reasonable dispute and at any time, including after trial."), *reversed on other grounds,*
2  *Woman's Club of Hollywood, California v. Morgan*, 851 Fed. App'x 2 (9th Cir.
3  2021); *Colonial Leasing Co. of New England v. Logistics Control Grp. Int'l*, 762 F.2d
4  454, 461 (5th Cir.) (holding that post-trial judicial notice may be proper where
5  opposing party is given due process and an opportunity to rebut).

6       Because the filing of the Complaint cannot be reasonably disputed and the
7  Court may take judicial notice at any point in these proceedings including after trial,
8  the Court should take judicial notice of the Complaint.

10  DATED: January 10, 2022        O'MELVENY & MYERS LLP

12                                       By:     /s/ *Michael G. Yoder*
13                                                Michael G. Yoder
                                          Attorney for Defendant Samsung