# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD,, a Korean corporation,<br><br>  Defendant | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**[PROPOSED] JUDGMENT**<br><br>Judge:  Hon. Mark C. Scarsi |

On August 31, 2020, Plaintiff Netlist Inc. ("Netlist") filed the First Amended Complaint against Defendant Samsung Electronics Co., Ltd. ("Samsung") alleging three claims for relief: (1) for damages for breach of Section 6.2 of the Joint Development and License Agreement ("JDLA") between Netlist and Samsung, (2) for damages for breach of Sections 3.1 and 3.2 of the JDLA, and (3) for a declaration that Netlist terminated the JDLA under Section 13.2 of the JDLA, and that all license and other rights granted to Samsung under the JDLA have ceased. (Dkt. 23.)

On October 14, 2021, the Court granted Samsung's motion for summary judgment in part, finding that Netlist is barred from recovering consequential

damages. The Court granted Netlist's motion for partial summary judgment in part, finding that Netlist had established Samsung's liability on (a) the first claim for relief and (b) the second claim for relief as it relates to breach of Section 3.1 of the JDLA, leaving only the element of damages as to both claims to be determined at trial. The Court granted Netlist's motion for summary judgment on Netlist's third claim for relief, and denied Netlist's motion for partial summary judgment on the second claim for relief as it relates to breach of Section 3.2 of the JDLA. (Dkt. 186.)

On November 19, 2021, Netlist abandoned its claim for breach of Section 3.2 of the JDLA. (Dkt. 247.)

On December 1, 2, and 3, 2021, the Court held a jury trial on damages as to Netlist's first claim for relief. The jury returned a verdict finding that Netlist did not prove that it suffered damages as result of Samsung's breach of Section 6.2 of the JDLA. (Dkt. 276.)

On December 1, 2021, prior to commencement of trial, the Court ruled that Netlist's claim for damages for breach of Section 3.1 of the JDLA was an issue for the Court to be heard outside the presence of the jury. On _____, the Court determined as a matter of law that Netlist did not prove that it suffered recoverable damages as a result of Samsung's breach of Section 3.1 of the JDLA, as the only damages that Netlist claimed for this breach were consequential damages.

Netlist having failed to prove that it suffered damages on its claims for breach of the JDLA, on _____, the Court found that Samsung is entitled to judgment on the third claim for relief and vacated its grant of partial summary judgment to Netlist on its third claim for relief.

Based on the foregoing proceedings, the Court orders as follows:

1. Judgment is entered in favor of Samsung and against Netlist as to the first claim for relief in the First Amended Complaint.

2. Judgment is entered in favor of Samsung and against Netlist as to the

second claim for relief in the First Amended Complaint.

3. Judgment is entered in favor of Samsung and against Netlist as to the third claim for relief in the First Amended Complaint.

Samsung shall recover its costs in an amount to be determined.

Dated: _____          _____
                               Hon. Mark C. Scarsi
                               United States District Judge