# EXHIBIT A

```
           UNITED STATES DISTRICT COURT

    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

      HONORABLE MARK C. SCARSI, U.S. DISTRICT JUDGE


NETLIST, INC., a Delaware           )
corporation,                        )
                                    ) CASE NO.
              Plaintiff,            ) 20-CV-993-MCS
                                    )
      vs.                           )
                                    )
SAMSUNG ELECTRONICS CO., LTD., a    )
Korean corporation,                 )
                                    )
              Defendant.            )
_____)
```

REPORTER'S TRANSCRIPT OF JURY TRIAL

**DAY 1 - VOLUME I**

(PAGES 1 TO 135)

WEDNESDAY, DECEMBER 1, 2021

8:35 A.M.

LOS ANGELES, CALIFORNIA

_____

MAREA WOOLRICH, CSR 12698, CCRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, SUITE 4311
LOS ANGELES, CALIFORNIA 90012
mareawoolrich@aol.com

**UNITED STATES DISTRICT COURT**

```
 1          LOS ANGELES, CALIFORNIA; WEDNESDAY, DECEMBER 1, 2021

 2                              8:35 A.M.

 3                               -oOo-

 4

 5          THE COURTROOM DEPUTY:  Calling Item Number 1,

 6  SA CV 20-993, Netlist, Inc. vs. Samsung Electronics Co., Ltd.

 7          Counsel, state your appearances, please.

 8          MR. DOREN:  Richard Doren on behalf of Netlist.

 9          THE COURT:  Good morning.

10          MR. LO:  Good morning, Your Honor.  Jason Lo on

11  behalf of Netlist.

12          THE COURT:  Good morning.

13          MS. LEE:  Good morning, Your Honor.  JungEun Lee on

14  behalf of Netlist.

15          THE COURT:  Good morning.

16          MR. HONG:  Good morning, Your Honor.  Chuck Hong on

17  behalf of Netlist.

18          THE COURT:  Good morning.

19          MR. RHOW:  Good morning, Your Honor.  Ekwan Rhow on

20  behalf of Samsung Electronics.

21          THE COURT:  Good morning.

22          MR. YODER:  Michael Yoder also on behalf of Samsung.

23          And, Your Honor, just real quickly.  I know there

24  may be questions about my health.  I'm glad to report I have no

25  symptoms, and since my symptoms disappeared, I've had two PCR
```

1   with opposing counsel.  It was very cooperative and helpful.
2               But I think the issues that remain go to this issue
3   of the length of the trial and what we are trying here.  And if
4   I could, I do think it needs to get resolved before opening,
5   and it affects today's trial.
6               If I may, Your Honor, I wanted to hand to you the
7   opening slides.
8               THE COURT:  Okay.
9               MR. RHOW:  For -- any problem with me doing this?
10  This is your slides.
11              MR. DOREN:  Sure.
12              MR. RHOW:  So I just to, as a point of reference --
13              And the reason I'm handing that slide to Your Honor
14  is because during the MIL hearings, we did file an MIL to
15  exclude PWC fees on the basis it was consequential damages, and
16  Your Honor denied it, indicating it was not a proper vehicle
17  for an MSJ, and we understood that.
18              Nevertheless, the problem we face is, under New York
19  law, the issue of whether or not the PWC fees which are
20  undisputed in terms of amount are consequential or not is an
21  issue for Your Honor.  And so there's no jury instruction on
22  Section 12.5 which precludes consequential damages under the
23  JDLA, nor should there be, because you'd be asking the jury to
24  apply 12.5 and the law to that particular slide in fact.
25              And so by introducing this during the course of the

1  trial, first of all, we are going to spend time on this on what
2  should be an issue that ultimately Your Honor takes and rules
3  on in terms of either a motion or some sort of briefing.
4        And so the objection we had to the slide is really
5  getting guidance here.  Because in opening, am I supposed to
6  argue that it's not consequential damages or point to 12.5 and
7  explain to the jury what the evidence will show on that?
8        It seems to be using time that is unnecessary since
9  no one disputes that amount and the only issue is, under the
10 law, based on briefing, is this a consequential damage or not.
11       And recall, Your Honor, on the MSJ, you already
12 ruled that 12.5 does apply.  And, in fact, during the course of
13 this trial, consequential damages are not allowed.  And so at
14 this point, it's really applying the MSJ to that particular
15 document and coming up with a ruling, which we could do in
16 post-trial briefing.  We could do in briefing today.  But it
17 just seems to be taking up time with the jury that's
18 unnecessary.
19       THE COURT:  Okay.
20       Counsel?
21       MR. DOREN:  Your Honor, I would just cite the Court
22 to its order on the motions in limine, Docket 243 at page 11,
23 where the Court said, "To resolve Samsung's motion would
24 require the Court to decide whether the PWC expenses are
25 properly categorized as consequential damages.  The Court

1   declines to summarily adjudicate this issue.  Accordingly, the
2   Court will not preclude Netlist from putting forth evidence of
3   its expenses in hiring PWC."
4           The amount of time to be spent on this particular
5   issue is small.  The evidence is very straightforward.  The
6   Court will then have a chance to evaluate it.  We believe that
7   it fits squarely within the framework of direct or general
8   damages under New York law.  And we will make an efficient,
9   concise offering.  As Your Honor sees with the slide in front
10  of it, that is the evidence.  That is the document, along with
11  some limited testimony.  And we would ask to be permitted to
12  proceed consistent with the Court's MIL ruling.
13          THE COURT:  Okay.
14          Do you have a response, Counsel?
15          MR. RHOW:  Yes, Your Honor.
16          If it is true that both sides stipulate that that
17  fact is, in fact, the amount, then what is the jury to decide?
18  There's no instruction that you are going to be giving to them.
19  You are going to resolve this issue.  And so if the only issue
20  is the admission of two minutes of evidence on that, we would
21  stipulate that that is the amount, and we would stipulate that
22  the only remaining issue is, as a matter of law under New York
23  law -- which New York is clear.  The judge decides this.  You
24  decide this.
25          Let's take this from the jury.  It will add

```
 1  confusion.  They will hear it.  They will wonder what do we do
 2  with this?  They may even add that to the amount of damages at
 3  the end of the trial based on the confusion when they shouldn't
 4  be considering it because you first have to decide.  You will
 5  be the only person who decides is it consequential or not.
 6            So the admission of the evidence we have no issue
 7  with to Your Honor.  It's stipulated.  That's the amount.  And
 8  Your Honor then can decide, and that part of the case can be
 9  resolved without wasting time in front of the jury.
10            THE COURT:  And so the stipulation would be to the
11  427051.6?
12            MR. RHOW:  Correct.
13            MR. DOREN:  Your Honor, if I may.
14            THE COURT:  Yeah, sure.
15            MR. DOREN:  I spoke a bit too quickly about that
16  being the only evidence.  It is the evidence in the amount, and
17  we are happy to accept a stipulation to the amount by which
18  Netlist is out of pocket.
19            There is also evidence that Samsung told Netlist to
20  go deal with the tax authority, thereby leading to the chain of
21  events that required Netlist to hire PWC and incur this
22  expense.
23            And to the extent that is part of the analysis as to
24  whether these are general direct damages, we'll be putting that
25  in evidence too.  Again, very quickly.
```

1       THE COURT: And so are there any other damages
2  Netlist seeks for breach of 3.1 other than the PWC fees?
3       MR. DOREN: No, Your Honor.
4       THE COURT: And, Counsel, before you sit down, so
5  the -- is this an issue -- so we have these damages. Are you
6  saying that they are direct damages and not consequential
7  damages?
8       MR. DOREN: We are, Your Honor.
9       THE COURT: So if the parties stipulate that these
10 are the damages and there's no other damages under 3.1, why
11 can't the Court just decide whether they are appropriate
12 consequential damages or not?
13      MR. DOREN: Your Honor, so long as we can put in our
14 evidence as to how Netlist came to go to PWC and why it was
15 required to go there, we think the Court can make that ruling.
16 What we would suggest, Your Honor, though, is that, as the
17 Court suggested in its MIL ruling, that we be permitted to
18 present our evidence. And if at the conclusion of that
19 evidence the Court concludes that it is an issue for the Court,
20 then obviously we would submit that issue to the Court.
21      THE COURT: How can it not be an issue for the Court
22 though?
23      MR. DOREN: Only in that Your Honor gave Netlist the
24 ability to present its evidence on those damages. And,
25 Your Honor, it may well be an issue for the Court, but we would

1 want the Court to decide it on the full evidentiary record
2 which is, on the one hand, the testimony of the chief financial
3 officer from Netlist being told by Samsung that it should, in
4 order to -- rather than being sent the $1.32 million upon
5 request by Samsung, they were instructed to go deal with the
6 Korean tax service, which they then hired PWC to do and which
7 PWC then, upon it successfully recovering the wrongfully
8 withheld funds, took $427,051 as its fee.
9       Now, if those facts are all stipulated or that
10 evidence is all before the Court, then we would agree that the
11 Court can then decide whether that fits within the definition
12 of general damages or not.
13       THE COURT: Counsel?
14       MR. RHOW: Yes. I'd have to think about, you know,
15 exactly how it's characterized. But as an offer of proof, we
16 are not going to dispute that. But more importantly, when you
17 say the evidence presented, the easy solution to avoid
18 prejudice and confusion to the jury is just to do this outside
19 the presence of the jury.
20       We are not here to present evidence to you
21 indirectly through a jury trial to you. You can just take the
22 evidence directly. The jury doesn't need to hear it. They are
23 not going to adjudicate this issue based on what counsel just
24 said. It's an issue for the judge.
25       So to me there's two solutions. We can consider a

|   |   |
|---|---|
| 1 | stipulation, which we certainly will.  I've already told you |
| 2 | the amount is not in dispute.  But, second, even assuming we |
| 3 | can't, we can just hear this outside the presence of the jury. |
| 4 | You can hear it directly. |
| 5 |       THE COURT:  Yeah, I'm convinced that since this is |
| 6 | going to be an issue for the Court, we will hear it outside the |
| 7 | presence of the jury.  So you can either come up with a |
| 8 | stipulation, or we can figure out some sort of proceeding by |
| 9 | way of declarations and -- or something to resolve it.  But I |
| 10 | think we can resolve it fairly quickly.  I think it's an |
| 11 | encapsulated issue. |
| 12 |       MR. DOREN:  Thank you, Your Honor. |
| 13 |       THE COURT:  Anything else we need to do before the |
| 14 | jury comes? |
| 15 |       MR. RHOW:  Yes.  Sorry, Your Honor.  One more very |
| 16 | quickly.  And obviously that was why I raised it, to create an |
| 17 | efficiency here.  This issue goes to that as well. |
| 18 |       During the MIL rulings on Netlist -- actually, |
| 19 | Netlist filed this motion -- MILs, it was kind of grouped |
| 20 | together in your Rulings 1 through 4 or 2 through 4. |
| 21 | Your Honor made the statement that allocations and the |
| 22 | existence of allocations are not admissible, are not relevant |
| 23 | to the case.  The commercial reasonableness of an order is not |
| 24 | relevant.  And we took that to heart in preparing the trial in |
| 25 | the 5.5 hours we have. |

**CERTIFICATE OF OFFICIAL REPORTER**

I, MAREA WOOLRICH, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATION OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS  1ST  DAY OF DECEMBER, 2021.


/S/ MAREA WOOLRICH
_____
MAREA WOOLRICH, CSR NO. 12698, CCRR
FEDERAL OFFICIAL COURT REPORTER