MICHAEL G. YODER (SB 83059)
myoder@omm.com
MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>       Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DECLARATION OF CHRISTOPHER J. LEE IN SUPPORT OF DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S OPPOSITION TO PLAINTIFF NETLIST INC.'S MOTION FOR FEES AND EXPENSES FOR FAILURE TO ADMIT REQUESTS FOR ADMISSION**<br><br>Date:   February 14, 2022<br>Time:   9:00 a.m. PT<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3770775.2

## DECLARATION OF CHRISTOPHER J. LEE

I, Christopher J. Lee, declare as follows:

1. I am an active member of the Bar of the State of California and an associate with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Defendant Samsung Electronics Co. Ltd. ("Samsung") in this action. I make this declaration in support of Samsung's Opposition to Plaintiff Netlist, Inc.'s ("Netlist's") Motion for Fees and Expenses For Failure to Admit Requests for Admission.

2. Attached herein as **Exhibit 1** is a true and accurate copy of Netlist's notice of deposition dated June 8, 2021. This was the first time Samsung had received a deposition notice from Netlist.

3. Attached herein as **Exhibit 2** is a true and accurate copy of Netlist's informal discovery conference request to Judge Spaeth, dated September 1, 2021.

4. During the course of fact discovery, Netlist propounded a total of sixty-nine RFAs on Samsung. In comparison, Samsung propounded nineteen RFAs on Netlist.

5. Attached herein as **Exhibit 3** is a true and accurate copy of Samsung's Responses and Objections to Netlist's Requests for Admission, Set Two, dated July 8, 2021.

6. Attached herein as **Exhibit 4** is a true and accurate copy of Samsung's Supplemental Responses and Objections to Netlist's Requests for Admission, Set Two, dated July 27, 2021.

7. Attached herein as **Exhibit 5** is a true and accurate copy of Samsung's Amended Responses and Objections to Netlist's Requests for Admission, Set Two, dated August 9, 2021.

8. Attached herein as **Exhibit 6** is a true and accurate copy of Netlist's letter to Judge McCormick in advance of the July 19, 2021 informal discovery conference. Netlist's motion to compel further responses to RFA Nos. 16-41 was not

resolved at the July 19 informal discovery conference due to Judge McCormick's recusal. At the August 2, 2021 informal discovery conference, Judge Spaeth ruled that Samsung's response was adequate so long as Samsung supplemented to clarify that it did ultimately did not support the orders it indicated it was unable to support.

9. Attached herein as **Exhibit 7** is a true and accurate copy of Samsung's Responses and Objections to Netlist's Requests for Admission, Set One, dated April 19, 2021.

10. Attached herein as **Exhibit 8** is a true and accurate copy of Samsung's letter to Judge McCormick in advance of the June 17, 2021 informal discovery conference.

11. Attached herein as **Exhibit 9** is a true and accurate copy of Netlist's letter to Judge McCormick in advance of the June 17, 2021 informal discovery conference.

12. Attached herein as **Exhibit 10** are true and accurate excerpts from the transcript of the June 17, 2021 informal discovery conference.

13. Attached herein as **Exhibit 11** is a true and accurate translation of the Korean Tax Tribunal's November 17, 2020 decision, previously submitted to the Court as Trial Exhibit 192.

14. During a telephonic meet and confer with opposing counsel, Raymond LaMagna, on April 27, 2021, I indicated that Samsung would respond to the substance of RFA Nos. 13-15 should Netlist provide superseding RFAs which changed the wording so that it no longer requested that Samsung admit the legal conclusion that Netlist's May 27, 2020 letter was a valid notification of breach.

15. Netlist first informed Samsung of its intention to file this motion during a conference regarding post-trial motions on January 3, 2022.

16. Samsung's denial of Request for Admission No. 46 was based on the fact that it was not a party to the Korean Tax Tribunal proceeding, and that the Tribunal's decision only stated that Netlist was entitled to a refund – not that

Samsung's initial withholding was unlawful. This understanding was based on a diligent investigation of the facts, including reviewing Samsung's internal records, as well as the published decision of the Korean Tax Tribunal.

17. Samsung's responses to Request for Admission 50 was made based on a diligent investigation of the facts, including reviewing Samsung's internal records, in particular records existing in Samsung's mail room. Samsung's responses to Requests for Admission 52-55 was based on its understanding that because Netlist commenced this litigation on May 28, 2020, a day after its letter, subsequent communications between Samsung, Netlist, and their counsel regarding the conduct of the litigation and a potential resolution constituted a response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on January 24, 2022 at Los Angeles, California.

Christopher J. Lee