# EXHIBIT 2

## REQUEST FOR INFORMAL DISCOVERY CONFERENCE

Email to: ADS_Chambers@cacd.uscourts.gov

Case Caption and Number: Netlist Inc. v. Samsung Electronics Co., Ltd., 8:20-cv-000993-MCS-ADSx

Dates of the two L.R. 37-1 conferences of counsel: 8/12/21    telephonic in person    Def. declined    telephonic in person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):    Jason Lo, Matthew Benjamin, or Raymond LaMagna

For Defendant(s):   T.B.D. from Ekwan Rhow, Marc Masters, Chris Lee, Jong-min Choi

Proposed, stipulated dates and times for telephonic conference: 8/13/21        8/16/21        8/1721

### Brief, Neutral Statement Of Dispute:

The Court ordered Samsung to produce emails, attachments, and other documents from specific custodians, dating from January 2015, to be served no later than August 6, 2021.  Some productions were made on August 7.  No documents are indicated as having been produced from twelve of the 22 custodians to whom the Court's order pertains.  Many email chains lack recipient information for earlier emails in the chain, and those earlier emails have not been separately produced.  Samsung has not provided a substantive response to these issues, but has asserted a company-wide two-week email retention policy.

### Specific Relief Requested By Moving Party:

Within two days, (1) Samsung shall produce any constituent emails within the scope of this Court's prior Order (Dkt. 133), not just the last-in-time email chain; (2) Samsung's counsel shall verify for each custodian identified in the Court's prior Order (Dkt. 133 at n.1) that Samsung collected that custodian's email, applied the ordered search terms, and produced the non-privileged results; (3) Samsung shall identify any custodians for whom Samsung did not collect their email and/or produce all non-privileged results and explain in detail why.

### Brief Summary Of Parties' Respective Positions:

The Court previously ordered Samsung to produce emails, attachments, and other documents containing certain search terms belonging to 22 specific custodians by August 6, 2021.  (Dkt. 133 at 2, n.1).  Samsung continued to produce documents totaling more than 390,000 pages after that deadline (totaling more than half of Samsung's entire production to date).  More importantly, no documents are identified as having been produced from the custodial records of 12 of the 22 specified custodians.  Netlist immediately raised this deficiency with Samsung (on Sunday, August 8).  Soon thereafter, additional discrepancies in Samsung's production of emails became apparent.  Samsung produced many email chains that omit who received earlier emails in the chains.  Nor were many of those constituent earlier emails produced separately, notwithstanding indications that many--and perhaps most--of them were sent or received by custodians whose records Samsung was ordered to search.  And while Samsung was also to produce supply agreements it has signed with other purchasers of computer memory products, it has produced only four contracts--all of which redact any identifying information concerning Samsung's counterparties.  Samsung offered no explanation for these redactions, late productions, nor why email chains omit recipient information.  Samsung's only explanation is a "company-wide" two-week email preservation policy, after which time emails are only available if a custodian manually saved them.  This explanation both is implausible and fails to address why non-email documents from the absent custodians have not been produced.  Samsung has not met its obligations under the Court's Order or the Federal Rules.  Netlist respectfully requests the relief above.

Samsung was informed of these disputes as soon as they came to light several days ago.  To date Samsung has provided no substantive response.