# EXHIBIT 6

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Raymond A. LaMagna
Direct: +1 213.229.7101
Fax: +1 213.229.6101
RLaMagna@gibsondunn.com

July 16, 2021

VIA ELECTRONIC MAIL

Hon. Douglas F. McCormick
United States District Court for the Central District of California
Ronald Reagan Federal Building
411 W. Fourth St., Courtroom 6B, 6th Floor
Santa Ana, CA  92701

Re:     *Netlist Inc. v. Samsung Electronics Co., Ltd.*, 8:20-cv-000993-MCS-DFMx

Dear Magistrate Judge McCormick:

To update the Court, the parties have have conferred on all remaining discovery issues.  We
note below disputes concerning depositions that require immediate attention on Monday if
possible and summarize the remaining disputes to assist in planning our upcoming IDCs.

## *Depositions Timing and Procedures*

As Netlist promised at the last IDC, we have provided dates for every deposition Samsung
has noticed.  These start July 23 and run through August 6.  Netlist is also producing its
primary document production today (12 days *before* due under Rule 34).  Yet Samsung has
rejected all but one of Netlist's dates, demanding to push most all depos on both sides to the
last two weeks or so of discovery.  This is not practical.  Nor is yet further delay justified.

The witnesses Netlist has offered include its CEO, CFO, and VP of Worldwide Operations.
These are busy people with impacted schedules.  Samsung has not said that it *cannot* take
these depositions, just that it wants more time now.  Ironically, Netlist's dates are all *later
than* when Samsung originally noticed and requested these depositions (see attached).  There
is no basis now to push dates further and create an August train wreck.

Samsung has also not confirmed agreement on the logistics for depositions.  Multiple
Samsung witnesses are in either Korea or Germany, and Samsung has requested that such
depositions occur by video and with sequential translation.  This is acceptable, provided the
translation time be accounted for in the schedule (i.e., time on translated depos be calculated
at 50%).  This likely does not impact most depositions, which will likely be shorter.  But
Samsung has indicated that all of Netlist's 30(b)(6) topics will be assigned to one witness,
who will require translation.  Netlist will require the full time under the rules for English
Q&A for at least that deposition (and may for others if witnesses are obstructive).

## *30(b)(6) Deposition Topics*

Samsung has refused to provide a witness for almost all Netlist's topics (**3, 5, 8, 10, 12–25**),
including on topics as basic as whether it received Netlist's termination letter (**17**) or placed

**GIBSON DUNN**

Hon. Douglas F. McCormick – Page 2

limits on Netlist's orders (**8**).  Where Samsung has agreed (**1, 2, 4, 6, 7, 9, 11**), it will agree to provide testimony only to the extent it unilaterally deems the questions asked to be relevant.

## *Interrogatories*

Samsung still has not supplemented the responses that it represented it would supplement. As noted earlier, Samsung agreed to amend its responses to **Rogs 1, 3, and 9** to include the respective substantive roles and involvement of individuals listed. Samsung also agreed to amend its responses to **Rogs 5 and 19**, which ask for facts regarding Samsung's receipt of Netlist's notice to cure and notice of termination.

Samsung's responses to **Rogs 4 and 6**, which concern the parties' joint development efforts, also lack in substance, but Samsung refuses to offer a complete factual response here (or to supplement these in any way).  Samsung also refuses any response to **Rogs 12 or 13**, which concern Samsung's knowledge of Netlist's customers and efforts to sell to them directly.

Lastly, **Rog 21** seeks the factual basis for Samsung's business understanding of the parties' supply provision.  But Samsung so far refuses to identify any documents or communications that it contends support its view of the provision, or alternatively, to confirm there are none. For example, Samsung will not say whether *or not* any negotiating history supports its view.

## *Requests for Admission*

Netlist's **RFAs 16–41** asks discrete questions whether Samsung variously refused or capped orders in specified periods.  Samsung's does not offer an admission or denial as required, but "admits" to a *nonresponsive* sentence (that Samsung "has indicated routinely to Plaintiff throughout the time period … that it is unable to support every request for products").  This does not admit or deny the specific request as required by Rule 36.

Similarly, **RFAs 49–51** ask variously about Samsung's receipt of Netlist's notice to cure. And again, Samsung offers only equivocal responses, making it unclear whether or not it is denying some part of the RFA.  Rule 36 requires a good faith admission or denial.

Lastly, Samsung has just refused to respond to **RFAs 48** (whether Samsung cooperated with Netlist to get a tax refund), **52** (whether Samsung responded to Netlist's cure notice within 30 days of receipt), and **62–63** (regarding Samsung's view the JDLA is unenforceable).

## *Requests for Production*

Samsung also largely refuses to respond to Netlist's Second Set of Requests for Production, including **RFPs 16–23, 26, 29–32**.  Netlist will address this further after the Court has ruled on the present production dispute, as some items may be rendered moot that ruling.[1]

---

[1]    Netlist will address on Monday any questions the Court has regarding the appearance of further counsel.

**GIBSON DUNN**

Hon. Douglas F. McCormick – Page 3

Sincerely,

Raymond A. LaMagna

Counsel for Plaintiff, Netlist Inc.