# EXHIBIT 7

Ekwan E. Rhow - State Bar No. 174604
 erhow@birdmarella.com
Kate S. Shin - State Bar No. 279867
 kshin@birdmarella.com
Christopher J. Lee - State Bar No. 322140
 clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>        Defendant. | CASE NO. 8:20-cv-00993-MCS-DFM<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

PROPOUNDING PARTY:   PLAINTIFF NETLIST INC.

RESPONDING PARTY:    DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:             ONE

3708601.2

1

Defendant Samsung Electronics Co., Ltd. ("Defendant") hereby responds and objects to Plaintiff Netlist Inc.'s ("Plaintiff") First Set of Requests for Admissions ("Requests") as follows:

## I.

## GENERAL OBJECTIONS

1. Defendant objects to each Request to the extent that it seeks to impose burdens on Defendant that are inconsistent with, or in addition to, Defendant's discovery obligations pursuant to the Federal Rules of Civil Procedure. Defendant will respond consistent with its discovery obligations pursuant to the Federal Rules of Civil Procedure.

2. Defendant objects to each Request as vague and ambiguous in that it calls for a legal analysis to determine the scope of the Request. Defendant objects to each Request to the extent that it is otherwise vague and ambiguous.

3. Defendant objects to each Request to the extent it is overbroad, unduly burdensome and/or oppressive. Defendant objects to the Requests to the extent they are not properly limited as to time or scope and, therefore, are overbroad, unduly burdensome and oppressive.

4. Defendant objects to the Requests to the extent that they call for information that is not admissible evidence.

5. Defendant objects to the Requests on the grounds, and to the extent, that they call for a legal conclusion.

6. Defendant objects to the Request on the grounds, and to the extent, that they lack foundation and/or call for speculation.

7. Defendant objects to the Requests to the extent they seek information or materials that are already within the putative propounding party's possession, custody, or control.

8. The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts or documents, or to

modify or enlarge Defendant's responses herein based on additional information hereinafter obtained or evaluated as a result of continuing investigation or discovery.

9.   No incidental or implied admissions are intended by the responses herein.

10.   Defendant objects to the Requests to the extent that they call for information or other materials protected by applicable statutory or common law privileges and/or protections, including but not limited to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, rights of privacy, taxpayer's privilege and the protection of settlement and mediation materials.

11.   Defendant objects to the Requests to the extent that they call for information that constitutes confidential, proprietary, trade secret or sensitive business information of the Defendant or third-parties.

12.   Defendant incorporates all these General Objections into each of the Responses as if fully set forth in each Response. Without waiving any of the foregoing objections, all of which are incorporated by reference in the Responses below, Defendant specifically responds to the Requests as follows:

## II.
## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that Samsung entered the Agreement to work together with Netlist to jointly develop an interface and associated technologies for certain memory modules and promote such interface to standards-setting organizations.

**RESPONSE TO REQUEST NO. 1:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it calls for a legal conclusion. Defendants objects to this request to the extent that it purports to interpret any contract term in isolation and without context.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that the text of the Agreement provides that "the Parties intend to work together to jointly develop an interface and associated technologies for certain memory modules and promote such interface to standards-setting organizations."

**REQUEST NO. 2:**

Admit that Section 6.2 of the Agreement requires Samsung to supply NAND and DRAM products to Netlist on Netlist's request at a competitive price.

**RESPONSE TO REQUEST NO. 2:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it calls for a legal conclusion. Defendants objects to this request to the extent that it purports to interpret any contract term in isolation and without context.

Subject to and without waiving those objections, Defendant responds as follows: Admit only that the text of the Agreement provides that "Samsung will supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (*i.e.*, among customers purchasing similar volumes of similar products)."

**REQUEST NO. 3:**

Admit that, between November 12, 2015 and when Samsung received notice that Netlist was terminating the Agreement, Netlist's requests for Samsung NAND and DRAM Products were not always fulfilled.

**RESPONSE TO REQUEST NO. 3:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it characterizes any communication by Netlist as a valid notice of termination. Defendant also objects to this request on the grounds that it implies that Defendant had a legal obligation to fulfill Netlist's requests for NAND and DRAM Products. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

**REQUEST NO. 4:**

Admit that, in or around June 2017, a ceiling of $3 million worth of products per quarter was imposed on Netlist's purchases of Samsung NAND and DRAM Products.

**RESPONSE TO REQUEST NO. 4:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that it is vague, ambiguous, and nonsensical. Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

**REQUEST NO. 5:**

Admit that Netlist's allocation of Samsung NAND or DRAM Products was restricted to $0 worth of products at times.

**RESPONSE TO REQUEST NO. 5:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the basis that the terms "allocation" and "restricted" are vague, ambiguous, and nonsensical" Defendant further objects to this request to the extent that it calls for facts not within Defendant's knowledge. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

**REQUEST NO. 6:**

Admit that Samsung supplied NAND and DRAM Products to other companies in the same fiscal quarters that Netlist's requests for products were unfulfilled, denied, restricted, limited, or reduced.

**RESPONSE TO REQUEST NO. 6:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the to the extent that it calls for a legal conclusion. Defendant also objects to this request on the basis that the terms "unfulfilled," "denied,"

"restricted," "limited," or "reduced" are vague, ambiguous, and nonsensical. Defendant also objects to this request to the extent that it seeks confidential, proprietary, or trade secret information.

Subject to and without waiving those objections, Defendant responds as follows: Admit that Defendant, directly and through its subsidiary, supplies NAND and DRAM products to companies other than Netlist.

**REQUEST NO. 7:**

Admit that Samsung withheld $1,320,000 from the $8 million NRE fee to be paid to Netlist under the Agreement.

**RESPONSE TO REQUEST NO. 7:**

Defendant incorporates by reference its general objections.

Subject to and without waiving those objections, Defendant responds as follows: Deny. Defendant reported and paid tax withholding of $1,320,000 to the Korean National Tax Service (NTS). Defendant did not withhold the funds.

**REQUEST NO. 8:**

Admit that Samsung argued to the Korean Tax Authority that the withholding of $1,320,000 as a tax on the $8 million NRE fee to be paid to Netlist was necessary.

**RESPONSE TO REQUEST NO. 8:**

Defendant incorporates by reference its general objections. Defendant objects to this request on the grounds that the term "Korean Tax Authority" is vague, ambiguous, and nonsensical.

**REQUEST NO. 9:**

Admit that Samsung stated to the Korean Tax Authority that the primary reason for entering into the Agreement was to eliminate risks associated with potential patent infringement.

**RESPONSE TO REQUEST NO. 9:**

Defendant incorporates by reference its general objections. Defendant objects

1  to this request on the grounds that the terms "primary", "Korean Tax Authority",
2  and "risks associated with potential patent infringement" are vague, ambiguous, and
3  nonsensical.

4  **REQUEST NO. 10:**

5  Admit that Samsung stated to the Korean Tax Authority that Samsung was
6  able to use patents belonging to Netlist without paying royalties as a result of
7  entering into the Agreement.

8  **RESPONSE TO REQUEST NO. 10:**

9  Defendant incorporates by reference its general objections. Defendant objects
10 to this request on the grounds that the terms "Korean Tax Authority" and "patents
11 belonging to Netlist" are vague, ambiguous, and nonsensical.

12 **REQUEST NO. 11:**

13 Admit that Samsung stated to the Korean Tax Authority that the research and
14 development efforts between Samsung and Netlist ended in the latter half of 2017.

15 **RESPONSE TO REQUEST NO. 11:**

16 Defendant incorporates by reference its general objections. Defendant objects
17 to this request on the grounds that the term "Korean Tax Authority" is vague,
18 ambiguous, and nonsensical.

19 **REQUEST NO. 12:**

20 Admit that the Korean Tax Authority disagreed with Samsung's position that
21 a withholding of $1,320,000 as a tax on the $8 million NRE fee was necessary under
22 Korean law.

23 **RESPONSE TO REQUEST NO. 12:**

24 Defendant incorporates by reference its general objections. Defendant objects
25 to this request on the grounds that the term "Korean Tax Authority" is vague,
26 ambiguous, and nonsensical.

27 **REQUEST NO. 13:**

28 Admit that Samsung received Netlist's letter dated May 27, 2020, notifying

1  Samsung that Samsung had breached the Agreement.

2  **RESPONSE TO REQUEST NO. 13:**

3      Defendant incorporates by reference its general objections. Defendant objects
4  to this request to the extent that it characterizes any communication by Netlist as a
5  valid notification of breach. Defendant also objects to this request on the basis that it
6  has not yet completed its investigation of the facts relating to this action, and
7  reserves the right, without assuming any obligation, to supplement its response.

8  **REQUEST NO. 14:**

9      Admit that Samsung received Netlist's email on or around June 12, 2020 or
10 June 13, 2020, notifying Samsung that Samsung had breached the Agreement.

11 **RESPONSE TO REQUEST NO. 14:**

12     Defendant incorporates by reference its general objections. Defendant objects
13 to this request to the extent that it characterizes any communication by Netlist as a
14 valid notification of breach. Defendant also objects to this request on the basis that it
15 has not yet completed its investigation of the facts relating to this action, and
16 reserves the right, without assuming any obligation, to supplement its response.

17 **REQUEST NO. 15:**

18     Admit that Samsung did not take action to cure the breach or to otherwise
19 respond to Netlist's letter dated May 27, 2020, notifying Samsung that Samsung had
20 breached the Agreement, within thirty days of receiving the notification.

21 **RESPONSE TO REQUEST NO. 15:**

22     Defendant incorporates by reference its general objections. Defendant objects
23 to this request to the extent that it characterizes any communication by Netlist as a
24 valid notification of breach. Defendant objects to this request on the basis that it
25 calls for a legal conclusion.

26

27

28

| | | |
|---|---|---|
| 1 | DATED: April 19, 2021 | Ekwan E. Rhow |
| 2 | | Kate S. Shin |
| 3 | | Christopher J. Lee |
| | | Bird, Marella, Boxer, Wolpert, Nessim, |
| 4 | | Drooks, Lincenberg & Rhow, P.C. |

By: _____
Christopher J. Lee
Attorneys for Defendant Samsung
Electronics Co., Ltd.

## PROOF OF SERVICE

*Netlist Inc. v. Samsung Electronics Co., Ltd.*
Case No. 8:20-cv-00993-MCS-DFM

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On April 19, 2021, I served the following document(s) described as **DEFENDANT SAMSUNG ELECTRONICS CO., LTD'S RESPONSES TO PLAINTIFF NETLIST INC.'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address mwilson@birdmarella.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 19, 2021, at Los Angeles, California.

Maria L. Wilson

**SERVICE LIST**
*Netlist Inc. v. Samsung Electronics Co., Ltd.*
Case No. 8:20-cv-00993-MCS-DFM

Jason C. Lo
Matthew Benjamin
Caroline Monroy
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Email: jlo@gibsondunn.com
Email: mbenjamin@gibsondunn.com
Email: cmonroy@gibsondunn.com
**Counsel for Plaintiff Netlist Inc.**