# EXHIBIT 1

# CORBIN ON CONTRACTS

A Comprehensive Treatise
on the
Rules of Contract Law

By

ARTHUR LINTON CORBIN

Professor of Law Emeritus
Yale University Law School

*Author of Corbin's Cases on Contracts*

Volume 5
Sections 990–1251

ST. PAUL, MINN.
WEST PUBLISHING CO.

LOS ANGELES COUNTY
LAW LIBRARY.

KB130
C66
V.5

COPYRIGHT, 1951
BY
WEST PUBLISHING CO.

5 Corbin Contracts

MAR 5 '51

# TABLE OF CONTENTS

## VOLUME 1

INTRODUCTORY — Page 1

| Chapter | | Sections |
|---|---|---|
| 1. | Preliminary Definitions | 1–21 |

### PART 1. FORMATION OF CONTRACT

#### TOPIC A. OFFER AND ACCEPTANCE

| | | |
|---|---|---|
| 2. | Offers; Creation and Duration of Power of Acceptance | 22–54 |
| 3. | Acceptance and Rejection of Offer | 55–94 |
| 4. | Indefiniteness and Mistake in Expression | 95–108 |

#### TOPIC B. CONSIDERATION

| | | |
|---|---|---|
| 5. | Reasons for Enforcement of Promises; Acts, Forbearances and Promises Given in Exchange | 109–151 |
| 6. | Consideration—Mutuality of Obligation—Requirement Bargains—Effect of Option | 152–170 |
| 7. | Consideration—Effect of Pre-Existing Duty | 171–192 |

#### TOPIC C. INFORMAL CONTRACTS WITHOUT MUTUAL ASSENT OR CONSIDERATION

| | | |
|---|---|---|
| 8. | Reliance on a Promise as Ground for Enforcement | 193–209 |
| 9. | Past Consideration | 210–239 |

#### TOPIC D. FORMAL CONTRACTS

| | | |
|---|---|---|
| 10. | Contracts Under Seal—Recognizances | 240–258 |

#### TOPIC E. OPTION CONTRACTS

| | | |
|---|---|---|
| 11. | Varieties of Options—The Legal Relations of the Parties | 259–274 |

## VOLUME 2

### PART 2. STATUTE OF FRAUDS

| | | |
|---|---|---|
| 12. | History and Legal Operation of the Statute | 275–300 |
| 13. | Statute of Frauds—Oral Variation on Rescission; Contracts Partly Within | 301–316 |

§§ 1000–1001    DAMAGES    Part 6

to borrow money secured by a mortgage on the land involved in the abstract and to use the money in the purchase of other land. The defendant so delayed making the abstract that the loan was not obtained in time to make the purchase. Later the land that was to be purchased greatly increased in value. The non-realization of this profit by the plaintiff was regarded as too remote from the defendant's delay in delivering the abstract to be used as a basis for determining the damages to be recovered.[30] In this case it may well be that the defendant had no sufficient reason to foresee that a lender would refuse to lend, that other lenders could not be found, and that gains in other deals would be prevented.

In another case the plaintiff telegraphed for four gallons of corn whiskey to stimulate his lumberjacks. The delay of the message prevented the arrival of the whiskey. The lumberjacks refused to go into the water to construct a raft; and the raft was made too late for a freshet that would have taken it to market in time for profitable sale. The court held that the injury was too remote from the delay of the telegram and the expected gains too speculative for recovery under the rule of Hadley v. Baxendale.[31]

## § 1001. Nominal Damages

A plaintiff who has proved the breach of a contractual duty by the defendant is always entitled to a judgment for damages therefor, except in cases where the contract is made unenforceable in this fashion by some statutory provision. For this purpose it is not necessary for the plaintiff to prove the amount of harm that he has suffered by reason of the defendant's breach of duty. If he makes no such proof, however, the judgment in

---

30. Cal.—Pendleton v. Cline, 24 P. 659, 85 Cal. 142 (1890).

31. "The fact that the whiskey was not sent may have caused the hands not to go into the water, but it is a far cry between constructing the raft at Thomas and marketing the product at Wilmington. The whiskey may have arrived and still the raft remain unconstructed. The raft may have been constructed and loaded and still never have reached Wilmington.

"It requires quite a stretch of the imagination to conceive that had the four gallons of corn whiskey arrived at Thomas, the raft would have been properly constructed, loaded and safely conducted over a heavy freshet to Wilmington and the merchandise duly and profitably marketed. Whiskey is very potential at times, but it cannot be relied upon to produce such beneficent results as is claimed for it in this case." Newsome v. Western Union Tel. Co., 69 S.E. 10, 153 N.C. 153 (1910).

26

Ch. 55    PROXIMATE CAUSATION—REMOTENESS    § 1001

his favor will be for nominal damages only.[32] Such damages are a small sum of money fixed, without regard to the extent of the harm done, by the custom of the jurisdiction in which the action is brought.[33] Of course, in any case where the plaintiff

---

32. **Ala.**—Treadwell v. Tillis, 18 So. 886, 108 Ala. 262 (1895).

**Idaho**—Olin Co. v. Lambach, 209 P. 277, 35 Idaho 767 (1922).

**Ill.**—Radloff v. Haase, 63 N.E. 729, 196 Ill. 365 (1902).

**Ind.**—Coffin v. State, 43 N.E. 654, 144 Ind. 578 (1895).

**Mass.**—Todd v. Keene, 45 N.E. 81, 167 Mass. 157 (1896), profits too uncertain for recovery, nominal damages allowed; Noble v. Hand, 39 N.E. 1020, 163 Mass. 289 (1895), same; Tufts v. Bennett, 40 N.E. 172, 163 Mass. 398 (1895), no evidence offered that contract price differed from market price; Pond v. Merrifield, 66 Mass. 181 (1853), nominal damages even though breach resulted in benefit.

**Mich.**—Wyatt v. Herring, 51 N.W. 684, 90 Mich. 581 (1892).

**Minn.**—Sloggy v. Crescent Creamery Co., 75 N.W. 225, 72 Minn. 316 (1898), injury alleged not foreseeable, but nominal damages recoverable.

**Neb.**—Backes v. Schlick, 117 N.W. 707, 82 Neb. 289 (1908), no evidence offered that contract price differed from market price.

**N.J.**—Car & General Ins. Corp. v. Davimos, 173 A. 150 (N.J.Sup. 1934); Van Schoick v. Van Schoick, 69 A. 1080, 76 N.J.L. 242 (1908).

**N.Y.**—Manhattan Sav. Inst. v. Gottfried Baking Co., 36 N.E.2d 637, 286 N.Y. 398 (1941); Baldwin v. Munn, 2 Wend. 399 (N.Y.1829); Coppola v. Kraushaar, 92 N.Y.S. 436, 102 App.Div. 306 (1905), nominal damages, even if injury proved is too remote.

**N.C.**—Cooper v. Clute, 93 S.E. 915, 174 N.C. 366 (1917).

**Pa.**—Freedom Oil Works Co. v. Williams, 152 A. 741, 302 Pa. 51 (1930).

**S.D.**—Roberts v. Minneapolis T. M. Co., 67 N.W. 607, 8 S.D. 579 (1896).

**Tenn.**—Jones v. Telegraph Co., 47 S. W. 699, 101 Tenn. 442 (1898).

**Eng.**—Brace v. Calder, [1895] 2 Q.B. 253; Valpy v. Oakeley, 16 Q.B. 941 (1851), failure to deliver goods, market price remaining identical with contract price; Marzetti v. Williams, 1 B. & Ald. 415 (1830), wrongful refusal to honor a check.

"The general rule is that the plaintiffs must prove the amount of damages sustained by them or they will only be entitled to nominal damages and that failure to deny the amount of damages alleged to have been sustained does not admit them." Bigham v. Wabash-Pittsburg Terminal Railway Co., 72 A. 318, 223 Pa. 106 (1909).

The plaintiff has a right to nominal damages for the defendant's breach, even though so far from suffering injury thereby the plaintiff was actually benefited by the breach. Excelsior Needle Co. v. Smith, 23 A. 693, 61 Conn. 56 (1891); Beattie v. New York, N. H. & H. R. Co., 80 A. 709, 84 Conn. 555 (1911), a new trial will not be granted merely to enable a party to recover nominal damages; Kelly v. Fahrney, 97 F. 176 (C.C.A.8th, 1899), same.

33. **Conn.**—Mahoney v. Beatman, 147 A. 762, 110 Conn. 185 (1929),

can and does get judgment for compensatory damages, his right to nominal damages as a sum separate from the compensatory damages does not exist. A plaintiff who gets judgment for nominal damages is frequently given judgment for costs of the action also; but this is not necessarily the case. Costs are largely in the discretion of the court; and, in some jurisdictions, costs will not be adjudged to the plaintiff unless he proves some substantial harm done.[34]

### § 1002. Compensatory Damages

In every case in which a plaintiff can get a judgment for nominal damages, as is stated in the preceding section, he can get a judgment for substantial damages instead, provided that he proves an amount of actual harm done by the defendant's breach that is measurable in terms of money. This proof must be made in accordance with a number of more or less definite rules that are stated in this chapter. The purpose of awarding damages is always said to be compensation for harm done.[35] The effort is made to put the injured party in as good a position as he would have been put by full performance of the contract, at the least cost to the defendant and without charging him with harms that he had no sufficient reason to foresee when he made the con-

---

a judgment for $200 is not a judgment for nominal damages.

"Nominal damages mean no damages at all. They exist only in name, and not in amount. In the quaint language of an old writer, they are 'a mere peg to hang costs on.' They are such as are to be awarded in a case where there has been a breach of a contract and no actual damages whatever have been or can be shown." Stanton v. New York & E. R. Co., 22 A. 300, 59 Conn. 272 (1890).

See Restatement, Contracts, § 328, Nominal Damages.

34. In Manhattan Sav. Inst. v. Gottfried Baking Co., 36 N.E.2d 637, 286 N.Y. 398 (1941), the Court of Appeals reversed a judgment for the defendant and directed a judgment for the plaintiff for six cents, without costs.

35. "It is often said that in actions founded upon contracts, the rule is compensation. But this practically amounts to very little. What is compensation. . . . In many cases, the contract furnishes no standard, and it is impossible to prescribe any general rule, which shall in all cases give to the plaintiff a precise equivalent for what he would have enjoyed if the contract had not been violated." Hoy v. Grenoble, 34 Pa. 9 (1859). This indicates a method of approach to "compensation." Here the plaintiff was employed to cultivate a farm on shares. For a breach by the employer, the plaintiff was held entitled to the value of "what it would have yielded, deducting, of course, the value of the labor necessary to be bestowed." It was error to award additional damages "for violation of faith."

tract.[36] The various difficulties involved in this effort frequently make it impracticable to attain its purpose with any near approach to exactness.[37]

---

36. U.S.—Miller v. Robertson, 45 S. Ct. 73, 266 U.S. 243, 69 L.Ed. 265 (1924), the injured "party is entitled to be put in as good a position pecuniarily as he would have been by performance of the contract"; Atlas Trading Corp. v. Grossman, 169 F.2d 240 (C.A.N.J.1948); Barrett Co. v. Panther Rubber Mfg. Co., 24 F.2d 329 (C.C.A.Mass.1928); Occidental Cons. Min. Co. v. Comstock Tunnel Co., 125 F. 244 (C.C.Nev.1903).

Conn.—Belisle v. Berkshire Ice Co., 120 A. 599, 98 Conn. 689 (1923);

Md.—Kahn v. Carl Schoen Silk Corp., 128 A. 359, 147 Md. 516 (1925).

Mass.—F. A. Bartlett Tree Expert Co. v. Hartney, 32 N.E.2d 237, 308 Mass. 407 (1941); Cragin v. Jones, 186 N.E. 578, 283 Mass. 474 (1933); Barry v. Cavanagh, 127 Mass. 394 (1870).

Mich.—Hammond v. Hannin, 21 Mich. 374 (1870).

Minn.—Silberstein v. Duluth News-Tribune Co., 71 N.W. 622, 68 Minn. 430 (1897).

N.H.—Hawkins v. McGee, 146 A. 642, 84 N.H. 114 (1929).

N.Y.—Pumpelly v. Phelps, 40 N.Y. 59 (1869).

Eng.—Wertheim v. Chicoutimi Pulp Co., (1911) L.J.P.C. 91, [1911] A.C. 301; Robinson v. Harman, 1 Exch. 855 (1848).

"In the case of a breach of contract, the damages awarded should be such as will, as nearly as may be, place the injured party in the situation he would have occupied if the breach had not occurred." Wicker v. Hoppock, 6 Wall. 94, 18 L.Ed. 752 (U.S.1867).

The following are the words of the court in Jordan, Marsh & Co. v. Patterson, 35 A. 521, 67 Conn. 473, (1896): "The general intention of the law in giving damages for the breach of a contract is to put the injured party, so far as it can be done by money, in the same position that he would have been in if the contract had been performed."

37. "The theory of damages is that they are to be a compensation and satisfaction for the injury sustained, that is, that the sum of money to be given for reparation of the damage suffered should, as nearly as possible, be the sum which will put the injured party in the same position as he would have been if he had not sustained the wrong for which he is getting damages." Mayne on Damages, 10th ed., p. 9.

"It is true that in a claim for unliquidated damages the application of this rule, or, in fact, of any rule, may not always do exact justice to both parties; all the Courts can do is to approach this result as near as possible. In all such cases the rule of right is that the party who has suffered is entitled to be placed as near as possible in the same plight he would have been if the contract had been performed by the other party, this, however, to be accomplished within legal limitations." Livermore Foundry & Machine Co. v. Union Storage & Compress Co., 58 S.W. 270, 105 Tenn. 187 (1900).

In Grand Trunk W. R. Co. v. H. W. Nelson Co., 116 F.2d 823 (C.C.A.6th, 1941), the court said:

"Determination of damages for breach of a contract is an inexact science and the sum reached by

29