MICHAEL G. YODER (SB 83059)
myoder@omm.com
MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

EKWAN E. RHOW (SB 174604)
erhow@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S REPLY IN SUPPORT OF MOTION (A) FOR ENTRY OF JUDGMENT AS TO NETLIST'S FIRST AND SECOND CLAIMS FOR RELIEF, AND (B) AS TO NETLIST'S THIRD CLAIM FOR RELIEF, FOR ENTRY OF JUDGMENT OR, IN THE ALTERNATIVE, TRIAL ON THE THIRD CLAIM FOR RELIEF**<br><br>Date: February 14, 2022<br>Time: 9:00 a.m. |

For the reasons in Samsung's motion and further below, Samsung is entitled to judgment on Netlist's first two claims for relief because Netlist failed to prove the essential element of damages (actual or nominal) resulting from Samsung's claimed breaches of JDLA Sections 6.2 and 3.1.  That result compels judgment for Samsung on Netlist's third claim, too, since there is no "material breach" of the JDLA without a breach in the first place.  But even if the Court disagrees as to those claims, judgment for Samsung (or at least a trial) is required on Netlist's third claim because ***Netlist's inability to demonstrate any harm recognized by the JDLA shows that any breach was immaterial (or at least that a jury could so conclude)***.

## I. JUDGMENT FOR SAMSUNG ON NETLIST'S FIRST CLAIM

Netlist does not dispute that the jury found it suffered no damages "as a result of" Samsung's alleged failure to comply with JDLA Section 6.2. (Dkt. 276.)  But Netlist contends it is entitled to judgment (and nominal damages) on its first claim because it "need not have proven damages to prevail on its claim of breach." (Dkt. 296, Netlist's Opp. to Def.'s Mot. for Entry of J. ("Opp."), at 8:22–23.)  Netlist's contention is irreconcilable with New York law; the essential elements of a contract-breach claim include "damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II*, 631 F.3d 42, 52 (2d Cir. 2011); *JP Morgan Chase v. J.H. Elec. of New York*, 69 A.D.3d 802, 803 (2d Dep't 2010) ("essential elements" include "resulting damages").  That is why New York appellate courts hold that "[f]ailure to prove the essential element of damages is fatal to a cause of action for breach of contract." *Proper v. State Farm Mut. Auto Ins.*, 63 A.D.3d 1486, 1487 (3d Dep't 2009); (*see also* Dkt. 295, Samsung's Opp. to Netlist's Mot. for J. ("Samsung's Opp."), at 11–12).  Netlist cites New York cases saying that a plaintiff is entitled to nominal damages when it has "proved that the defendant breached its contract," (Opp., at 12), but that is because a plaintiff can only show a breach when the plaintiff has proven resulting damages—when he does but cannot quantify them, he is entitled to nominal damages, which is what occurred

in Netlist's principal cited cases.[1]  But there is no breach in the first place when a plaintiff fails to prove the "essential element" of resulting damages.

Netlist's efforts to distinguish Samsung's cases fail.  The reason that the plaintiff in *Proper* "has no evidence of breach," (Opp., at 9), is that the plaintiff "bear[s] the burden of proving damages," and plaintiff's failure to meet that burden meant the trial court "correctly granted defendant's motion for summary judgment dismissing the complaint."  63 A.D.3d at 1487.  In *Lexington 360 v. First Union*, the "plaintiff had not even pled a viable claim for breach" (Opp., at 9) because it failed to present "evidence sufficient to demonstrate damages flowing from the breach alleged."  234 A.D.2d 187, 190 (1st Dep't 1996).  These courts did not award nominal damages or enter a plaintiff's judgment—they entered a judgment for defendant because of plaintiff's failure to demonstrate an essential element.

Netlist's other principal cases are not to the contrary.  *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90 (1993), does state that unlike in tort claims, "nominal damages are always available in breach of contract actions."  *Id.* at 95.  But that means the plaintiff can get at least nominal damages when it satisfies all the claim's elements, not that the plaintiff need not prove the resulting-damages element at all.  And *Perry v. McMahan*, 164 A.D.3d 1488 (2d Dep't 2018) which Netlist also cites (Mot., at 8), contradicts its position.  *Perry* incorporated by reference *McMahan v. McMahan*,

---

[1] *See Freund v. Wash. Square Press*, 34 N.Y.2d 379, 384 (1974) (nominal damages available as a "formal vindication of plaintiff's legal right to compensation which has not been given a sufficiently certain monetary valuation"); *Perry v. McMahan*, 164 A.D.3d 1488, 1489 (2d Dep't 2018) (plaintiff entitled to nominal damages when "defendant admitted that she materially breached" the agreement, but plaintiff could not prove quantifiable damages); *Ross v. Sherman*, 95 A.D.3d 1100, 1100 (2d Dep't 2012) (plaintiff entitled to nominal damages where actual damages were speculative).  Netlist also cites *Ineos Americas v. Dow Chemical*, 378 F. App'x 74 (2d Cir. 2010), an unpublished, non-binding federal opinion that affirmed a nominal damages award without explaining why the plaintiff was entitled to them or even citing any relevant New York law.

164 A.D.3d 1486 (2d Dep't 2018), *Perry*'s companion case, *see Perry*, 164 A.D.3d at 1489. And *McMahan* holds that one of the essential elements of a contract claim is "resulting damages." *McMahan*, 164 A.D.3d at 1487. What's more, *McMahan* holds that resulting "damages may be actual or nominal in nature," *id.*, meaning that when the plaintiff fails to prove resulting damages, it fails to establish that it is entitled to actual or nominal damages. Thus, when *Perry* says "actual damages are not an essential element," (Opp., at 6 (quoting 164 A.D.3d at 1489)), it means that the plaintiff need not prove **quantifiable** damages. But the plaintiff must still prove *some* resulting unquantifiable damage to receive nominal damages and a judgment.[2]

      Netlist's fallback argument is that it actually ***did*** suffer harm. Netlist admits that any harm it may have suffered is precluded under the contract's consequential-damages limitation, but says it is nevertheless entitled to a judgment and nominal damages. (Opp., at 10-12). But under New York law, when a contract excludes a form of damages (like consequential damages), the claim fails when the plaintiff alleges or attempts to prove only the excluded form of damages. *See ERE LLP v. Spanierman Gallery*, 94 A.D.3d 492, 493–94 (1st Dep't 2012) (a claim is "deficient if it does not demonstrate how the . . . breach of the agreement caused . . . any injury," and that element cannot be satisfied with consequential damages where the

---

[2] Netlist cites one federal district court case suggesting that resulting damages is not a contract claim element. (Opp., at 9 (citing *McCoy v. Nulux*, 218 F. Supp. 2d 286 (E.D.N.Y. 2002).) But that issue was not presented in *McCoy* because there was no finding that the plaintiff suffered no damage—the plaintiff's damages were "uncertain," so the court granted summary judgment as to the remaining elements, leaving damages for the magistrate. 218 F. Supp. at 293–94. To the extent *McCoy* stated in dicta that proof of resulting damages is not required, it misconstrues the New York cases on which it relies. For example, the first case *McCoy* cites is *Hirsch Elec. v. Cmty. Servs,* 145 A.D.2d 603 (2d Dep't 1988), which Netlist also cites (Mot., at 9). But there was no dispute in *Hirsch* that the plaintiff had evidence of significant damages. 145 A.D.2d at 604. If anything, *Hirsch* contradicts Netlist because it implies that if the plaintiff had ***not*** shown damages (as the trial court concluded) it would have affirmed the trial court's dismissal of the complaint. *Id.*

contract "***specifically disclaimed consequential damages***") (emphasis added). *ERE* does ***not*** "merely state[] that a limitation on consequential damages 'will be upheld,'" (Opp., at 11 n.7), but ***dismisses the complaint entirely*** when the only damages alleged were excluded consequential damages. *ERE*, 94 A.D.3d at 493–94. That the court granted the defendant judgment means that there is no claim at all when the only damages are contractually excluded, as numerous cases have held. (*See* Samsung Opp., at 17 n.4 (citing and describing cases).)

Even if Netlist ***could have*** sought nominal damages on its first claim, Netlist forfeited its right by failing to raise the issue. (*See* Samsung Mot., at 17–18; Samsung Opp., at 18–21.) Netlist's two arguments to the contrary are wrong.

First, Netlist argues that it is entitled to nominal damages as a matter of law. (Opp., at 12.) But even if that were so, plaintiffs must ***ask for*** nominal damages, and the procedure for asserting that claim is governed by federal law. *See Cuprite Mine Partners v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015) ("federal court sitting in diversity is required to follow federal, not state, procedural rules").[3] Here, Netlist failed to request nominal damages in the Final Pretrial Order, and "theories of damages not included in the pretrial order are waived even if they appeared in the complaint." *Duhn Oil Tool v. Cooper Cameron*, 818 F. Supp. 2d 1193, 1207 (E.D. Cal. 2011); (*see also* Samsung Opp. 18–19). Netlist failed to request a jury charge on nominal damages, despite an available Ninth Circuit pattern jury instruction. *Ninth Circuit Manuel of Model Civil Jury Instructions*, No. 5.6 ("If you find for

---

[3] Netlist attempts to distinguish Samsung's cases finding that plaintiffs waived their right to nominal damages on the ground that the substantive claims at issue were brought under other states' laws. (*See* Opp., at 14 (discussing *Hamilton v. Water Whole Int'l*, 302 F. App'x 789 (10th Cir. 2008) and *Soltero v. Swire Dev. Sales*, 485 F. App'x 377 (11th Cir. 2012)).) That does not matter—they are ***federal*** cases applying ***federal procedure*** to find that the plaintiffs waived their right to nominal damages by omitting them from the final pretrial order and the requested jury charge or verdict form. The same law applies here and requires the same result.

plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages"); (Samsung Opp., at 19–20). And if Netlist believed it was entitled to nominal damages as a matter of law, the mechanism to ask for such a judgment in federal court is Rule 50, which requires a motion before a jury verdict, which Netlist failed to make. Fed. R. Civ. P. 50(a); (Samsung Opp. at 20–21.) Netlist therefore forfeited its claim to nominal damages.[4]

Second, Netlist attempts to distinguish Samsung's waiver cases on the ground that the Court held at summary judgment that Netlist was entitled to judgment on its first claim and thus to nominal damages.[5] (Opp., at 14–15.) But that is not what the Court held: the Court granted Netlist "partial summary judgment" as to the first three "elements" of contract-breach, and held that the fourth element of "[d]amages must be proven at trial." (Dkt. 186, at 15:9–12.) If Netlist were right that all the Court intended to be tried was the *amount* of damages, the verdict form would have been limited to that question. In fact, that is the verdict form Netlist proposed. (Dkt. 224, Competing Verdict Forms, at 8.) But this Court *rejected* that approach. Instead, the Court first asked the jury a *causation* question—did Netlist "suffer[] damages *as a result of* Samsung's failure to fulfill Netlist's orders." (Dkt. 276, Jury Verdict, Question No. 1.) That verdict form reflects the Court's summary judgment decision—*i.e.*, that the fourth element of resulting-damages remained to be tried.

Netlist was free at trial to try to prove resulting damages under any theory, including nominal damages. Netlist chose not to do so—perhaps to avoid giving the

---

[4] Even if New York procedural law governed, Netlist offers no reason why New York courts would allow such a belated request for nominal damages. The only case Netlist cites in which a court entered a nominal damages judgment after a jury trial is *Perry*, yet there is no indication in that opinion that the plaintiff failed to seek nominal damages as an alternative to actual damages at trial or in a post-trial motion for judgment. *Perry v. McMahan,* 164 A.D.3d at 1489.

[5] The Court's only mention of nominal damages on summary judgment was as to the second claim for relief, Dkt. 186, at 16–17, and even there, the Court only noted that Netlist *could* obtain nominal damages, not that it *must* (Samsung Opp., at 18.)

jury that option—and now it must live with the consequences. Samsung is entitled to judgment on the first claim.

## II. JUDGMENT FOR SAMSUNG ON NETLIST'S SECOND CLAIM

Netlist does not dispute the key points fatal to its claim to PwC fees as general damages. ***First***, general damages are for the "very performance promised." *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). ***Second***, consequential damages are "additional losses (other than the value of the promised performance) that are incurred as a result of the defendant's breach." *Id.* at 176. ***Third***, the $8 million fee under Section 3.1 of the JDLA was the promised performance, and the PwC fees are (Netlist admits) "professional fees incurred to obtain the value of the promise that was not performed." (Opp., at 17.) The PwC fees are accordingly consequential damages barred under JDLA Section 12.5.

Netlist seeks to avoid this result by making up a rule under which general damages include additional "expenses" that "are incurred to obtain" the value of the promised performance. (Opp., at 16 (citing *Schoenfeld*, 218 F.3d at 175).) But that "rule" would eviscerate the contractual prohibition on consequential damages. It is also contradicted by the one case Netlist cites: *Schoenfeld* held that "additional losses (other than the value of the promised performance) incurred as a result of the defendant's breach" are consequential damages. *Schoenfeld*, 218 F. 3d at 175.

Netlist does not cite any contrary case, as Samsung explained in its opposition to Netlist's post-trial motion for judgment. (*See* Samsung Opp., at 22–25.) While it is true that in some of Netlist's cases, the plaintiff recovered legal fees and other expenses caused by a breach, those cases do not address whether the additional expenses were recoverable as general or consequential damages. Nor do they discuss a contractual prohibition on consequential damages. (*See id.*, at 23.) But the cases that do address that question resolve it definitively against Netlist: where the damages sought are "one step removed from the naked performance promised," they are consequential damages. *Schonfeld*, 218 F.3d at 177. The "naked performance"

7

here was delivering $8 million, so the PwC fees were at least one step removed.

Netlist's effort to distinguish Samsung's cases fails. Netlist contends that Samsung's cases did not involve "professional fees incurred to obtain the value of the promise that was not performed." (Opp., at 17.) Netlist misses the point—Samsung's cases show that ***anything other than the promised performance*** is consequential damages. Netlist also mischaracterizes Samsung's cases on the facts. In *American Railcar*, for example, expenses to correct defendant's delayed software delivery ***were found*** to be consequential damages—even though they were incurred to correct the defendant's delayed software delivery. *Am. Railcar Indus., v. GyanSys,* No. 14-CV-8533 (JSR), 2017 WL 11501888, at *16 (S.D.N.Y. Nov. 14, 2017).[6] So too here—Netlist may have incurred additional losses to mitigate Samsung's alleged breach, but those losses are not the promised performance. They are thus consequential damages barred under the JDLA.

Netlist also cannot claim nominal damages under its second claim for relief. Any such claim fails for the reasons discussed as to Netlist's first claim—*i.e.,* it has shown no cognizable harm and its claim is waived in any event. *See supra* Part I.

### III. JUDGMENT FOR SAMSUNG ON NETLIST'S THIRD CLAIM OR, IN THE ALTERNATIVE, A TRIAL ON THAT CLAIM

Netlist's opposition hardly attempts to answer Samsung's merits argument that Samsung is entitled to judgment or trial as to Netlist's third claim for relief. That makes sense. Netlist could only terminate the JDLA upon a "material breach," whereas the sections above demonstrate there wasn't any breach at all. But even if that were wrong, then changed circumstances since summary judgment—the jury's verdict on the first claim and Netlist's failure to show compensable damages on the second claim—show that any breach by Samsung was either immaterial, or that it's at least a jury issue. (Samsung Mot., at 22–32; Samsung Opp., at 27–33.)

---

[6] *See also PNC Bank v. Wolters Kluwer*, 73 F. Supp. 3d 358, 374 (S.D.N.Y. 2014) (expenses to remediate breach were consequential damages).

After all, the only possible harm was consequential damages excluded by the JDLA. That is fatal to Netlist's claim that Samsung was "in material breach" of the JDLA, since the "mere violation of a contractual provision, standing alone, does not constitute a 'breach' under New York law," *Zamora v. Morphix Co.*, No. 15-cv-6532 (KBF), 2018 WL 1033228, at *7 (S.D.N.Y. Feb. 21, 2018), let alone a "material breach" under the JDLA's termination provision. *Reuter v. Jax Ltd.,* 711 F.3d 918, 920–21 (8th Cir. 2013) (plaintiff could not satisfy contract's termination provision where plaintiff could not prove damages as a result of the purported breach). At the very least, a jury should apply New York's "multifactor" test to determine **whether a breach that caused no cognizable harm could still count as material.** The fact that Netlist suffered no resulting damages dramatically alters the analysis under New York's materiality factors, three of which are: (1) the "absolute and relative magnitude of the default," *Process Amer.*, 839 F.3d at 136; (2) the extent to which Netlist was "deprived of the benefit which [it] reasonably expected;" and (3) the extent to which Netlist can be "adequately compensated, " *Bear, Stearns Funding v Interface Grp.-Nev.*, 361 F. Supp. 2d 283, 296 (S.D.N.Y. 2005).

Netlist's arguments to the contrary fail. Netlist again contends that it suffered harm in the form of consequential damages, and that it "does not matter whether limitations on damages impair Netlist's pecuniary recovery." (Opp., at 21.) Again, such damages do not count under the contract. And materiality—and in particular the factors of magnitude of default, deprivation of reasonably-expected benefit, and adequate compensation—must be measured in the context of the parties' agreement. The harm as recognized by the parties' agreement is zero. Netlist could not have reasonably expected that Samsung would bear the risk of harm that the parties excluded from the contract. And Netlist knew that it would not be compensated for such harm. *See Planète Bleue Telev., v. A&E Telev. Networks*, No. 16 CIV. 9317 (PGG), 2018 WL 10579873, at *14 n.12 (S.D.N.Y. Sept. 19, 2018) (refusing to

consider for purposes of materiality allegations of consequential damages because they were expressly excluded under the contract).

Netlist also again contends that it is entitled to nominal damages, and that this somehow saves its materiality argument. As explained, Netlist is not entitled to nominal damages, but even if it were, the symbolic recovery of $1 would not eliminate the no-resulting-damages verdict, nor would it transform Samsung's technical violations of the JDLA into material breaches. *Process Am.*, 839 F.3d at 136 (materiality turns on "the absolute and relative magnitude of the default"). At the very least, a jury should get to consider that question.

Without any real argument on the merits, Netlist asserts incorrect procedural arguments. Netlist argues that Samsung has not satisfied Local Rule 7-18 for reconsideration motions, and amending the Court's prior summary judgment order is otherwise "not available" relief within the Court's authority. (Opp., at 20 & n.15.) First, Samsung meets the requirements of Local Rule 7-18 because the jury verdict on Netlist's first claim and Netlist's inability to establish cognizable harm under its second claim are "new material facts" that occurred "after the Order was entered." L.R. 7-18(b). (Samsung Mot., at 23 n.4.) Second, and in any event, the Court has inherent authority to amend its interlocutory rulings based on developments in the case. *See* Fed. R. Civ. P. 54(b).[7] Especially in light of the changed circumstances described above, it is appropriate and warranted for the Court to revisit its prior order. *See Huss v. King,* 338 F.3d 647, 650–651 (6th Cir. 2003) (amending summary judgment liability determination because trial evidence revealed that plaintiff was not entitled to any damages).[8]

---

[7] *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 13 (1983) (under Rule 54(b), "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"); (Samsung Opp. at 22–23).

[8] Netlist argues that Samsung's argument for a trial on its third claim does not satisfy Rule 59 because, according to Netlist, Samsung failed to show the "verdict

Netlist urges the Court not to revisit its summary judgment ruling because, according to Netlist, Samsung either did not raise on summary judgment the fact that Netlist could not show that it suffered any injury, or that the Court has already addressed Samsung's arguments on Samsung's motion for reconsideration. (Opp., at 22 as to claim 1; *id.*, at 23–24 as to claim 2.) But at the time of summary judgment and the reconsideration motion, the circumstances that now warrant amending the summary judgment order—*i.e.,* the no-resulting-damages jury verdict, and Netlist's stipulation that it only seeks unrecoverable PwC fees—***did not exist***. The Court also could not evaluate Netlist's damages since Netlist did not move for summary judgment on damages—an issue left for trial. Indeed, Netlist contended that "[f]ollowing expert discovery and on a complete record, Netlist will demonstrate that it suffered multimillion-dollar damages in an amount to be proven at trial." (Dkt. 145, Netlist MSJ at 22:4–6.) That prediction was wrong, and there is no plausible procedural principle to prevent the Court from taking these changed circumstances into account in considering whether any contract breach was material.

## IV. CONCLUSION

For at least the foregoing reasons, the Court should enter judgment for Samsung on Netlist's first and second claims for relief. It should also alter its interlocutory summary judgment ruling on the third claim for relief and enter judgment in Samsung's favor or else order a trial on that claim.

DATED: January 31, 2022     O'MELVENY & MYERS LLP

By:   /s/ Michael G. Yoder
           Michael G. Yoder
       Attorneys for Defendant Samsung

---

was contrary to the clear weight of the evidence much less perjurious or a miscarriage of justice." (Opp., at 24.) But there was no verdict on the third claim because there was no trial on that claim, and Samsung is not asking for a ***new*** trial. Samsung is asking the Court to use its inherent authority to amend its summary judgment order and (i) grant Samsung judgment on the third claim or, in the alternative, (ii) order a trial on that claim in the first instance.