RICHARD DOREN, SBN 124666
   rdoren@gibsondunn.com
JASON C. LO, SBN 219030
   jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
   mbenjamin@gibsondunn.com
TIMOTHY BEST, SBN 254409
   tbest@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
   rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

JASON SHEASBY, SBN 205455
   jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>          Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT**<br><br>Before Judge Mark C. Scarsi<br><br>**Posttrial Hearing on Motions:**<br>Date:   February 14, 2022<br>Time:   9 a.m. PT |

**TABLE OF CONTENTS**

Page

ARGUMENT ............................................................................................................. 1

    A.    Netlist Is Entitled to Judgment on Claim 1 (Breach of Supply Obligation) ............................................................................................ 1

        1.    Netlist Is Entitled to Nominal Damages as a Matter of Law ........... 1

        2.    Netlist Did Not Forfeit or Waive Nominal Damages ...................... 5

    B.    Netlist Is Entitled to Judgment on Claim 2 (Breach of NRE Payment) ................................................................................................ 6

    C.    Netlist Is Entitled to Judgment on Claim 3 (Declaration of Termination) ........................................................................................ 8

CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*,
  769 F.3d 135 (2d Cir. 2014) ............................................................................. 4, 5

*Aero Garage Corp. v. Hirschfeld*,
  586 N.Y.S.2d 611 (App. Div. 1992) ..................................................................... 7

*Am. List Corp. v. U.S. News & World Rep., Inc.*,
  75 N.Y.2d 38 (App. Div.1989) ........................................................................... 6, 7

*Base Vill. Owner LLC v. Hypo Real Estate Capital Corp.*,
  938 N.Y.S.2d 541 (App. Div. 2012) ..................................................................... 3

*City of Elmira v. Larry Walter, Inc.*,
  546 N.Y.S.2d 183 (App. Div. 1989) ..................................................................... 7

*City of New York v. Tavern on the Green Int'l LLC*,
  2021 WL 1316956 (S.D.N.Y. Apr. 7, 2021) ......................................................... 8

*Clarke v. Max Advisors, LLC*,
  235 F. Supp. 2d 130 (N.D.N.Y. 2002) .................................................................. 3

*Congel v. Malfitano*,
  31 N.Y.3d 272 (2018) ........................................................................................... 7

*Daily News, L.P. v. Rockwell Int'l*,
  680 N.Y.S.2d 510 (App. Div. 1998) ..................................................................... 3

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
  818 F. Supp. 2d 1193 (E.D. Cal. 2011) ................................................................. 6

*ESPN, Inc. v. Off. of Comm'r of Baseball*,
  76 F. Supp. 2d 416 (S.D.N.Y. 1999) ..................................................................... 8

*Flynn v. AK Peters, Ltd.*,
  377 F.3d 13 (1st Cir. 2004) ................................................................................... 6

*Freund v. Wash. Square Press, Inc.*,
  34 N.Y.2d 379 (1974) ........................................................................................ 3, 4

## TABLE OF AUTHORITIES (continued)

Page(s)

*Gelco Builders & Burjay Const. Corp. v. Simpson Factors Corp.*,
   301 N.Y.S.2d 728 (Sup. Ct. 1969) ................................................................. 8

*Hirsch Elec. Co., Inc. v. Cmty. Servs., Inc.*,
   536 N.Y.S.2d 141 (App. Div. 1988) .............................................................. 4, 6

*Ineos Americas LLC v. Dow Chem. Co.*,
   378 Fed. Appx. 74 (2d Cir. 2010) ................................................................. 2

*J & J Structures, Inc. v. Callanan Industries*,
   626 N.Y.S.2d 891 (App. Div. 1995) .............................................................. 7

*Kinney v. Mass. Bonding Ins.*,
   206 N.Y.S. 163 (App. Div. 1924) ................................................................. 7

*Kronos, Inc. v. AVX Corp.*,
   81 N.Y.2d 90 (1993) ................................................................................... 1, 2

*Lavigny Holdings Ltd. v. Coller Int'l Partners V-A, LP*,
   978 N.Y.S.2d 164 (App. Div. 2014) .............................................................. 3

*Lewin v. Levine*,
   44 N.Y.S.3d 540 (App. Div. 2017) ................................................................ 3

*Manhattan Sav. Inst. v. Gottfried Baking Co.*,
   286 N.Y. 398 (1941) ................................................................................... 4, 5

*McCoy Assocs. v. Nulux, Inc.*,
   218 F. Supp. 2d 286 (E.D.N.Y. 2002) .......................................................... 2, 3

*Milan Music, Inc. v. Emmel Comm. Booking, Inc.*,
   829 N.Y.S.2d 485 (App. Div. 2007) .............................................................. 3

*Mom's Bagels. v. Sig Greenebaum, Inc.*,
   559 N.Y.S.2d 883 (App. Div. 1990) .............................................................. 3

*Mount Sinai Hosp. v. Borg-Warner Corp.*,
   527 F. Supp. 922 (S.D.N.Y. 1981) ................................................................ 8

*Ortiz v. Jordan*,
   562 U.S. 180 (2011) ................................................................................... 5

## TABLE OF AUTHORITIES (*continued*)

Page(s)

*Perry v. McMahan*,
  84 N.Y.S.3d 508 (App. Div. 2018) ......................................................................... 2

*Perry v. McMahan*,
  84 N.Y.S.3d 510 (App. Div. 2018) ................................................................ 2, 4, 5

*Reuter v. Jax Ltd.*,
  711 F.3d. 918 (8th Cir. 2013) ................................................................................ 8

*Ross v. Sherman*,
  944 N.Y.S.2d 620 (App. Div. 2012) ..................................................................... 4

*Schonfeld v. Hilliard*,
  218 F.3d 164 (2d Cir. 2000) .................................................................................. 6

*Tradex Eur. SPRL v. Conair Corp.*,
  2008 WL 1990464 (S.D.N.Y. May 7, 2008) ......................................................... 3

*Walker v. Anderson Elec. Connectors*,
  944 F.3d 841 (11th Cir. 1991) ............................................................................... 6

*Watchorn v. Town of Davie*,
  795 F. Supp. 1112 (S.D. Fla. 1992) ....................................................................... 6

**RULES**

Fed. R. Civ. P. 16(e) ..................................................................................................... 5

Fed. R. Civ. P. 50 ......................................................................................................... 6

**TREATISES**

8A Glen Banks, N.Y. Prac. Series – N.Y. Contract L., § 22:46 .................................. 2

Black's Law Dictionary (11th ed. 2019) ...................................................................... 5

11 *Corbin on Contracts* § 55.10 (Lexis/Matthew Bender 2021) ................................. 3

Samsung again refuses to accept either this Court's summary judgment ruling or its denial of Samsung's prior attempts to overturn that ruling. In the process, Samsung ignores—or proffers meaningless purported distinctions of—controlling New York Court of Appeals authority that flat contradicts its position. That authority mandates an award of nominal damages on Claim 1, and, if for some reason this Court declines to award direct damages on Claim 2, then it mandates nominal damages on Claim 2 as well. Samsung also misstates the law in its attempt to mischaracterize Netlist's damages on Claim 2 as consequential damages when they in fact are the direct result of Samsung's failure to pay what it owed under the contract, and thus constitute general damages. Finally, no new trial is warranted. Samsung has had opportunities to argue (and re-argue) the same points, and the Court's prior rulings should stand.

## ARGUMENT

### A. Netlist Is Entitled to Judgment on Claim 1 (Breach of Supply Obligation)

Under New York law, where liability is established (as it is here), a plaintiff is entitled to nominal damages as a matter of law, which satisfies the damage element of a breach of contract claim. This renders irrelevant Samsung's repeated invocation that "damage is an element" of a breach of contract claim, which no one disputes.

#### 1. Netlist Is Entitled to Nominal Damages as a Matter of Law

As this Court held, relying on New York's highest court in *Kronos*, "New York law infer[s] at least nominal damages at the moment of breach." Dkt. 186 at 17:5-7 (quoting *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993)). *Kronos* further held that "[n]ominal damages are ***always*** available in breach of contract actions." *Kronos* 81 N.Y.2d at 95 (emphasis added). "Always" means always. And the point of this settled rule is not, as Samsung contends, to provide relief solely in the situation where a plaintiff has proven "resulting damages, but has difficulty quantifying those damages." Dkt. 295 at 15:16–18. Rather, nominal damages are "imposed by the law for the protection of a single, limited interest, that of having the promises of others performed . . . In other words, *a party's rights in contract arise from the parties'*

*promises and . . . [n]ominal damages allow vindication of those rights.*" *Kronos*, 81 N.Y.2d at 96 (emphasis added). In sum, under New York law, to satisfy the "damages" prong of a contract claim, "[t]he damages may be actual or nominal in nature." *Perry v. McMahan [II]*, 84 N.Y.S.3d 510, 513 (App. Div. 2018).

This is why, when faced with a case just like this one (namely, a proven breach of a supply agreement but a failure of the plaintiff to prove the cost of cover damages), the Second Circuit affirmed a finding of liability for breach *and* an award of nominal damages. *Ineos Americas LLC v. Dow Chem. Co.*, 378 Fed. Appx. 74, 79–80 (2d Cir. 2010); *see also Perry v. McMahan*, 84 N.Y.S.3d 508, 509 (App. Div. 2018) (affirming trial court's "determination to award nominal damages to plaintiff" of $1 after "the jury found that the *plaintiff suffered no damages* from the breach" of a contract's confidentiality provision) (emphasis added); 8A Glen Banks, N.Y. Prac. Series – N.Y. Contract L., § 22:46 ("An award of nominal damages is appropriate where: the defendant's breach of contract did not proximately cause any damage to the plaintiff; the existence of damage is uncertain or speculative; the amount of the loss caused by the breach cannot [be] proved with sufficient certainty; plaintiff failed to submit sufficient evidence . . . [listing additional circumstances].").

Indeed, this Court cited authority in its summary judgment order that expressly held that "even the complete absence of damages resulting from the breach does not defeat a breach of contract claim." *McCoy Assocs. v. Nulux, Inc.*, 218 F. Supp. 2d 286, 294 (E.D.N.Y. 2002) (collecting cases). Samsung's only retort to *McCoy* is to assert that "[t]he Court primarily relied on authority denying summary judgment motions because nominal damages may be available at trial. Those cases do not hold that nominal damages are still available when the plaintiff fails to prove any harm at trial." Dkt. 295 at 18 n.5. Actually, *McCoy* granted summary judgment to the plaintiff expressly because nominal damages (and thus liability for a breach of contract *claim*)

are proper even in "the complete absence of damages" and "without regard to the amount of the loss, *if any*." *McCoy*, 218 F. Supp. 2d at 294.[1]

Samsung rehashes cases it cited in its cross-motion, but those are inapposite for the reasons Netlist already discussed. Dkt. 296 at, *e.g.*, 9–10. None of Samsung's cases address nominal damages, but instead involve circumstances where breach was not established and/or where allegations were mere conjecture. *E.g.*, Dkt. 296 at 9:6–10:8; *Milan Music, Inc. v. Emmel Comm. Booking, Inc.*, 829 N.Y.S.2d 485, 486 (App. Div. 2007) (claims could not be "based on the cancelled agreement" and alleged damages were "conjecture"); *Clarke v. Max Advisors, LLC*, 235 F. Supp. 2d 130, 141 (N.D.N.Y. 2002) (record reflected "a question as to whether [defendant's] actions . . . represent a breach" and case was "devoid of any evidence of damages"); *Lavigny Holdings Ltd. v. Coller Int'l Partners V-A, LP*, 978 N.Y.S.2d 164 (App. Div. 2014) ("defendants did not breach the agreements"); *Lewin v. Levine*, 44 N.Y.S.3d 540, 543 (App. Div. 2017) (no request for nominal damages when recoverable, actual damages not shown); *Base Vill. Owner LLC v. Hypo Real Estate Capital Corp.*, 938 N.Y.S.2d 541, 541 (App. Div. 2012) (same); *Daily News, L.P. v. Rockwell Int'l*, 680 N.Y.S.2d 510, 510 (App. Div. 1998) (same); *Mom's Bagels. v. Sig Greenebaum, Inc.*, 559 N.Y.S.2d 883, 885 (App. Div. 1990) (same).

And while certain of these cases involve contractual limits on damages, none hold as Samsung argues (Dkt. 295 at 16:24–17:13) that nominal damages are not available when damages are subject to a contractual limit. The law is to the contrary. *E.g.*, *Tradex Eur. SPRL v. Conair Corp.*, 2008 WL 1990464, at *6 (S.D.N.Y. May 7, 2008) (permitting nominal damages when "direct damages and consequential damages" were barred); 11 *Corbin on Contracts* § 55.10 ("If the aggrieved party has

---

[1] In reaching this holding, *McCoy* relied upon, among other cases, *Freund v. Wash. Square Press, Inc.*, 34 N.Y.2d 379, 383–84 (1974) (reversing damages award on appeal and awarding nominal damages for breach as "a formal vindication of plaintiff's legal right"). Samsung calls *Freund* one of "Netlist's cases" (Dkt. 295 at 13:23–25) but apparently forgets that Samsung itself cited and relied on *Freund* in its moving brief in support of its cross-motion (Dkt. 289 at 18:13–16).

suffered no compensable damages, a judgment for nominal damages will be entered.").

Samsung's purported differentiation of *Kronos* flips the holding entirely. Although Samsung acknowledges that, under *Kronos*, "nominal damages are *always* available in breach of contract actions," it immediately says in the next sentence that "that does *not* mean that nominal damages are available to plaintiffs who have not satisfied all the elements of their claim." Dkt. 295 at 13–14 (emphasis added). And Samsung's attempt to evade *Perry* is also wrong on the facts. Samsung distinguishes the case by saying, with no citation, that "[n]o one in Perry disputed . . . *that the plaintiff was harmed*." *Id*. at 14 (emphasis added). But the defendant in *Perry* did *not* concede "harm" in its stipulation, only breach. 84 N.Y.S.3d 508, 510. There was no separate proof of "harm" in *Perry* that gave rise to the court awarding nominal damages. Instead, the court in *Perry* described the circumstances as follows: "[t]he action proceeded to trial on the issue of damages, and the jury found that the plaintiff suffered no damages from the breach of the confidentiality provision." *Id.* at 510. Those facts are indistinguishable from the facts here.

Nor was there a separate finding of harm in the other cases on which Netlist relies. Dkt. 290 at 6–7 citing, *e.g.*, *Freund*, 34 N.Y.2d 379; *Hirsch Elec. Co., Inc. v. Cmty. Servs., Inc.*, 536 N.Y.S.2d 141, 143 (N.Y. App. Div. 1988) ("[I]t is a well-settled tenet of contract law that even if the breach of contract caused no loss or if the amount of loss cannot be proven with sufficient certainty, the injured party is entitled to recover [] nominal damages."); *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 138–39 (2d Cir. 2014); *Ross v. Sherman*, 944 N.Y.S.2d 620 (App. Div. 2012); *Manhattan Sav. Inst. v. Gottfried Baking Co.*, 286 N.Y. 398, 399–400 (1941). Indeed, in *Acumen*, the district court found that plaintiff *failed* "to go beyond its conclusory, speculative assertions to set forth with reasonable certainty evidence of some demonstrable harm." 769 F.3d at 138. Not only was there no required distinct proof of harm to support a nominal damages award—as Samsung would have it—there

was a conclusive finding against the need for such proof. Nevertheless, the court there confirmed that nominal damages were available to vindicate breach. *Id.* at 139.

In any event, even if Samsung's view—i.e., that nominal damages hinge on "harm"—was supported by the controlling law (and it is not), it *still* would not help Samsung. The jury verdict of no "damages" (e.g., "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury . . ." (Black's Law Dictionary (11th ed. 2019))) does *not* mean that the jury found Netlist suffered no *harm* from Samsung's flagrant violations of its contractual obligations. To the contrary, there already has been a finding that Samsung's material breaches indisputably went "to the root of the agreement between the parties" and deprived Netlist of "an integral part of the parties' agreement, one that Netlist valued highly, as demonstrated by its negotiation and post-execution conduct." Dkt. 186 at 19:4–5; 19:17–19.[2]

### 2. Netlist Did Not Forfeit or Waive Nominal Damages

Netlist did not "waive" or "forfeit" nominal damages. *See* Dkt. 296 at § III.A.3. Controlling precedent provides that, once Netlist "proved that [Samsung] breached its contract," Netlist was "entitled as matter of law to an award of nominal damages." *Manhattan*, 286 N.Y at 400; *see also Perry*, 84 N.Y.S.3d at 509–10 (affirming court's "award of nominal damages" after the jury found "the plaintiff suffered no damages from the breach"). Netlist's award of nominal damages was therefore never a question to be tried, much less to be tried before the jury. That is why it was not included in the Final Pretrial Conference Order as an issue "remaining to be tried" (Dkt. 244 at 18:2–5). *See* Fed. R. Civ. P. 16(e) (purpose of the "Final Pretrial Conference and Order" is "to formulate a trial plan"); Dkt. 296 at 14 (distinguishing Samsung's cited cases).[3]

---

[2] Samsung cites *Ortiz v. Jordan*, 562 U.S. 180 (2011), but in that case the trial court *denied* summary judgment, so under that procedural posture, the trial record was pivotal to the result. Here, the Court *granted* summary judgment to Netlist on "clear and substantially uncontradicted" evidence of material breach, and where Samsung did "not seriously contest materiality." Dkt. 186 at 19:5, 15.

[3] The other cases Samsung cites (Dkt. 295 at 18 & n.6) are inapplicable for the same reasons—none involve entitlement to nominal damages for breach of contract,

Moreover, contrary to Samsung's representation, there are no "available jury instructions on nominal damages in the New York Pattern Jury Instructions"—what Samsung quotes (Dkt. 295 at 19:17–19) is *commentary* about the law. And that commentary *confirms* Netlist's point: "*Where there is no loss* or the amount of loss cannot be proven with sufficient certainty, *the injured party is entitled to recover a small sum as nominal damages. . . .*" *N.Y. Pattern Jury Instr.*, Civil, 4:20 at *Comment* (citing *Hirsch*, 536 N.Y.S.2d 141) (emphasis added).[4]

Nor is Samsung correct that Netlist's motion constitutes a Rule 50(b) motion, or that a Rule 50(a) motion was required. Rule 50 motions involve issues tried to a jury. *See* Fed. R. Civ. P. 50. Nominal damages need not be tried to the jury, because they follow as a matter of law upon a determination of breach.

**B.    Netlist Is Entitled to Judgment on Claim 2 (Breach of NRE Payment)**

The PwC fees at issue are general damages because they were incurred as "the natural and probable consequences of the breach," *Am. List Corp. v. U.S. News & World Rep., Inc.*, 75 N.Y.2d 38, 42–43 (App. Div. 1989), and were expenses incurred to obtain "the value of the very performance promised," *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). It is undisputed that Samsung breached the JDLA by failing to pay the full $8M NRE fee owed (Dkt. 186 at 16:5–11, 18:22–25), and it is undisputed that Netlist spent five years and $427K in expenses to obtain that missing payment (Dkt. 290-6; Dkt. 290-3 at 7:19–20, 8:9–10, 10:7). *See* Dkt. 296 at § III.B.

---

much less where entitlement was established as a matter of law *before* the pretrial order. Each of the cited cases merely confirms that a pretrial order "controls the subsequent course and scope of the action," not what came before. *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1207 (E.D. Cal. 2011).

[4] Nor do the out-of-Circuit cases cited by Samsung (Dkt. 295 at 19:22–20:12) support a contrary result. In *Flynn v. AK Peters, Ltd.*, the plaintiff "did not make the nominal damages argument" to the district court at all. 377 F.3d 13, 23 (1st Cir. 2004). Likewise, in *Walker v. Anderson Elec. Connectors*, on non-contract, federal Title VII claims, the plaintiff did not seek nominal damages as required. 944 F.3d 841, 845 (11th Cir. 1991). *Watchorn v. Town of Davie* also involved non-contract civil rights claims, this time with the plaintiff requesting nominal damages, but doing so citing a legally erroneous permissive standard (and thus waiving the right to *obligatory* nominal damages). 795 F. Supp. 1112, 1114–15 (S.D. Fla. 1992). *Soltero v. Swire Development Sales* is distinguished at Dkt. 296 at 14.

And Netlist's position is well supported. In *City of Elmira v. Larry Walter, Inc.*, the court found that professional fees were "'directly occasioned and made necessary by'" the breach. 546 N.Y.S.2d 183, 185 (App. Div. 1989) (quoting *Kinney v. Mass. Bonding Ins.*, 206 N.Y.S. 163, 170 (App. Div. 1924)). In *Kinney*, architect and legal fees were "directly occasioned and made necessary" to "finish the job" defendant failed to perform. 206 N.Y.S. at 170. In *Aero Garage Corp. v. Hirschfeld*, legal fees again were "directly occasioned and made necessary" by the breach. 586 N.Y.S.2d 611, 612–13 (App. Div. 1992). In *J & J Structures, Inc. v. Callanan Industries*, the claimant "was entitled to recover expenditures occasioned and made necessary by the breach" including (like the PwC fees here) "the value of the work it was required to perform due to plaintiff's unsatisfactory performance." 626 N.Y.S.2d 891, 893 (App. Div. 1995). And in *Congel v. Malfitano*, the Court of Appeals quoted *Elmira* and *Aero Garage* to confirm a party could recover "attorneys' fees, not related to their lawsuit, [] incurred as a direct result of defendant's breach" (i.e., as "directly occasioned and made necessary by defendants' breach"). 31 N.Y.3d 272, 291–92 (2018).

Samsung cites no case treating such damage as consequential. Rather, Samsung tilts at Netlist's cited cases (Dkt. 295 at 21–25), arguing that, in awarding damages for professional fees, Netlist's cases were all *implicitly* finding "consequential" damages. Samsung's mischaracterization uniformly ignores that the cases clearly track the standard for *general* damages cited above, not the standard for consequential damages (which do not "so directly flow from the breach," *Am. List*, 75 N.Y.2d at 42–43).

Regardless, even if the only damages Netlist suffered were consequential (which is not the case), Netlist would still be entitled to nominal damages and judgment on Claim 2 in its favor, since the Court found Samsung breached as a matter of law.

As for Netlist's request for statutory interest, Samsung ignores that its breach occurred in December 2015, when Samsung failed to pay the full NRE fee. Netlist recovered part of the withheld funds in December 2020, but it still remains out the $427K it seeks now—funds owed it *since 2015* for which it has not yet been made

whole.[5]  Netlist's interest calculation is conservative as Netlist does not assign any interest cost to the $893K Netlist was out for five years from 2015–2020.

### C. Netlist Is Entitled to Judgment on Claim 3 (Declaration of Termination)

Samsung all but concedes that, at a minimum, the Court must reverse itself twice over and enter judgment for Samsung on both Claims 1 and 2, before the declaratory judgment ruling itself can be reversed.

But even this is not sufficient.  Section 13.2 of the JDLA permits termination upon notice and failure to cure a "material breach."  The provision requires neither harm nor damages; Samsung's repeated failure to perform is itself sufficient.  Thus, the Court's prior findings on material breach independently support judgment for Netlist on Claim 3, regardless of the outcome of Claims 1 and 2 under Samsung's current arguments.  Dkt. 186 at 17:22–21:3; Dkt. 290 at 15–16.  And as the Court recognized when finding material breach (Dkt. 186 at 19), "[m]ateriality does not depend upon the amount of provable money damages, it depends upon whether the nonbreaching party lost the benefit of its bargain," *ESPN, Inc. v. Off. of Comm'r of Baseball*, 76 F. Supp. 2d 416, 421 (S.D.N.Y. 1999); *see also City of New York v. Tavern on the Green Int'l LLC*, 2021 WL 1316956, at *2–3 (S.D.N.Y. Apr. 7, 2021) (finding material breach on summary judgment despite no claim to actual damages; awarding nominal damages).[6]

---

[5]  Nor are Samsung's cited cases (Dkt. 295 at 26) to the contrary—each stands for the uncontested premise that CPLR § 5001(b) "'provides for the start of interest from the date plaintiff[] actually suffered damage.'"  Dkt. 295 at 26 n. 11 (quoting *Mount Sinai Hosp. v. Borg-Warner Corp.*, 527 F. Supp. 922, 925 (S.D.N.Y. 1981) and *Gelco Builders & Burjay Const. Corp. v. Simpson Factors Corp.*, 301 N.Y.S.2d 728, 731 (Sup. Ct. 1969) ("the date the loss or damage was actually incurred")).  Here, Netlist "actually suffered damage" in December 2015; "the date the loss" occurred when Samsung failed to pay its full NRE fee, with the $427K claimed now being the remainder that Netlist has not yet recovered to be made whole.

[6]  For the same reason that Samsung's other cases in its opposition and cross-motion do not support a contrary view, *see* Dkt. 296 at 23 & n.17, Samsung's reliance on *Reuter v. Jax Ltd.*, 711 F.3d. 918 (8th Cir. 2013) is misplaced.  *Reuter* applied Minnesota law, which does not follow the rule in *Kronos*, and involved the *exact opposite* of the situation here:  the court found that the plaintiff had failed to establish materiality because the breach did not defeat one of the primary purposes of the contract.  *Reuter*, 711 F.3d at 921.  Nor are Samsung's cases relevant when decided under New Hampshire or Hawaii law or when the breach at issue was truly

Indeed, Samsung conceded at summary judgment that a breach was material if it went to the "root of the agreement between the parties." Dkt. 150 at 32:18–20; Dkt. 168 at 30:7–9. That is precisely what this Court held.

Samsung's purported basis for this Court to reverse its summary judgment rulings and its prior denial of reconsideration (Dkt. 215) is Samsung's spin that the jury verdict shows "*there was no breach at all.*" Dkt. 295 at 27:15–20 (emphasis in original); *id*. at 29:10–12 ("*no breach in the first place*"). Setting aside that Samsung is wrong for the reasons discussed above, the point is moot. As the Court already ruled, "Samsung's disagreement with the Court's analysis of the facts does not present grounds for reconsideration authorized by Local Rule 7-18." Dkt. 215 at 2.

## CONCLUSION

For the foregoing reasons, Netlist's Motion for Entry of Judgment on Claims 1-3 should be granted in accordance with its proposed Judgment, submitted at Dkt. 290-1.

Dated: January 31, 2022                          GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jason C. Lo*
Jason C. Lo
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000
jlo@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

---

*de minimis* (*see* Dkt. 295 at 29:22–24 & n. 14). And Samsung's repeated reliance on cases that do not apply New York law speaks volumes.