RICHARD DOREN, SBN 124666
  rdoren@gibsondunn.com
JASON C. LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
  mbenjamin@gibsondunn.com
TIMOTHY BEST, SBN 254409
  tbest@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JASON SHEASBY, SBN 205455
  jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　　Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**DECLARATION OF RAYMOND LAMAGNA IN SUPPORT OF PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR FEES UNDER RULE 37(C)(2)** |

# DECLARATION OF RAYMOND LAMAGNA

I, Raymond LaMagna declare as follows:

1.  I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP, a member of the California State Bar, and admitted to this Court. I represent Plaintiff Netlist Inc. in the above-captioned matter. I submit this declaration in support of Netlist's Reply for its Motion for Fees for Samsung's failure to admit requests for admission.

2.  I have reviewed Samsung's opposition to Netlist's motion and the supporting declaration of Samsung's counsel, Mr. Lee. As noted in my prior declaration, I have served as the attorney for Netlist in all discover disputes is this matter, including in all conferences with counsel for Samsung and at all discovery conferences with Magistrate Judge McCormick and Magistrate Judge Spaeth. I have personal knowledge of all such conferences and of the subject matter stated here, and testify here to my recollection. I disagree with Samsung's characterization as explained below.

3.  To start, Mr. Lee states that "Netlist first informed Samsung of its intention to file this motion during a conference regarding post-trial motions on January 3, 2022." Lee Decl. ¶ 15. This is not accurate. I informed Samsung of the motion and the basis for the motion, including identifying the specific RFAs involved, in writing prior to that conference. The conference itself was scheduled on January 3, 2022, a week before filing the motion, because Samsung repeatedly refused to confer with Netlist regarding pretrial motions on any earlier day, refusing multiple prior requests I made to confer.

4.  Samsung also asserts in its briefing without citation that "[f]or half the requests [at issue in Netlist's motion], Netlist moved to overrule Samsung's objections and compel further responses but [was] rebuffed by Magistrate Judges McCormick and Spaeth." Dkt. 294 at 7:5–7, *see also* 15:21–21–16:9. I do not recall any instance in which Magistrate Judge McCormick or Magistrate Judge Spaeth ever sustained any Samsung objection to any RFA raised in Netlist's motion, and Samsung cites to none.

5.  Samsung also asserts specifically that "Magistrate Judge Spaeth confirmed that Samsung's responses to the Supply RFAs were adequate." Dkt. 294 at 11:28–12:5 (citing Lee Decl. ¶ 8). I attended and argued on behalf of Netlist at all discovery conferences with Magistrate Judge

Spaeth. I have no recollection of Judge Spaeth ever ruling as Samsung describes. And Samsung cites to no evidence from the record.

6. Samsung also asserts that Netlist "agreed" to serve "superseding requests" for certain RFAs as part of "agreed" "compromises," but failed to do so in part and/or that enforcing Netlist's first set of requests now violates the parties' "compromises." Dkt. 294 at 12:25–26; 13:22–24; 21:17–23; 22:17–23. None of this is true. Netlist repeatedly addressed in both writing and on multiple meet and confers with Samsung's counsel (including Mr. Lee) that Samsung's responses to Netlist's First Set of RFAs (including Nos. 5–7, 10, 13–15 addressed in Netlist's motion) violated Rule 36. Samsung refused, however, to revise its responses to these RFAs (except for an insufficient supplement to RFA No. 5, *see* Dkt. 288-11). Instead, Samsung stated that it would stand on its responses and objections and only respond further to new RFAs. While Netlist did issue additional RFAs in an effort to pin Samsung down on basic factual admissions avoided by Samsung's initial responses, Netlist never agreed that subsequent RFAs superseded or replaced earlier ones, and Netlist never waived or withdrew its earlier RFAs. To the contrary, I expressly told Samsung and Mr. Lee that Netlist contended that Samsung's refusal to respond to Netlist's First Set of RFAs violated the Rules and that Netlist reserved all rights and remedies accordingly. There was no agreement or "compromise" here as Samsung states.

7. For example, Samsung refused to respond to RFA No. 10 because it referred to the "Korean Tax Authority," which Samsung asserted was "vague, ambiguous, and nonsensical" (Dkt. 288-10 at 6). Setting aside my disagreement with the merit of this objection, after receiving it, I repeatedly confirmed for Samsung, including *in writing* to Mr. Lee and in conferences with Mr. Lee, that "Korean Tax Authority" in RFA No. 10 indicated the Korean National Tax Service ("NTS"), and, with other RFAs using that term, the Korean Tax Tribunal as applicable. Despite this unneeded additional clarification, Mr. Lee informed me that Samsung still would not respond to RFA No. 10 and was standing on its objection. Nor is it accurate as Samsung suggests that Magistrate Judge McCormick "would not order Samsung to supplement its responses." Dkt. 294 at 13:1–3. As the record reflects, I noted the above dispute with Judge McCormick in a conference identifying the parties' various open disputes. Judge McCormick indicated that the parties should confer further and that he did not want to "micromanage that process." Dkt. 294-11 at 8:3–5. Yet, Samsung still maintained its refusal to respond

substantively to the RFA, confirmed that it was standing on its objections, and Netlist reserved rights as noted above. Judge McCormick never engaged in the substance of this RFA as Samsung suggests.

8. In sum, I do not think that Samsung's above discussed characterizations of the facts are accurate for the reasons stated above. If called to testify, I could and would competently testify thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 31, 2022, in Los Angeles, California

RAYMOND LAMAGNA