UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>  Defendant. | Case No. 8:20-cv-00993-MCS-ADS<br><br>**ORDER RE: MOTIONS FOR ENTRY OF JUDGMENT (ECF NOS. 289–90)** |

Plaintiff Netlist Inc. and Samsung Electronics Co., Ltd., separately move for entry of judgment. The motions are fully briefed. (Netlist Mot., ECF No. 290; Netlist Mot. Opp'n, ECF No. 295; Netlist Mot. Reply, ECF No. 299; Samsung Mot., ECF No. 289; Samsung Mot. Opp'n, ECF No. 296; Samsung Mot. Reply, ECF No. 298.) The Court heard oral argument on February 14, 2022.

I.   **BACKGROUND**

This is a contract dispute. On November 12, 2015, the parties entered the Joint Development and License Agreement ("JDLA"), which obliges Samsung to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price," to pay Netlist $8 million in nonrefundable, non-recurring engineering ("NRE") fees less

any withholding taxes due or payable under the laws of Korea, and to "reasonably cooperate with Netlist in any lawful efforts to claim a credit or refund or exemption with respect to any such withholding taxes."

After entering the JDLA, Samsung deducted $1.32 million (16.5%) of the NRE fees to pay to the Korean tax authority. The tax authority ultimately determined that the NRE fees were not subject to tax withholding. Beginning in 2017, Samsung declined to fulfill all of Netlist's forecasts, requests, and orders for NAND and DRAM products, putting some on backlog and rejecting others. On May 27, 2020, Netlist sent a letter to Samsung claiming Samsung materially breached the JDLA. On July 15, 2020, Netlist sent another letter to Samsung terminating the JDLA.

Netlist pleaded three claims: (1) breach of Samsung's NAND and DRAM supply obligation; (2) breach of Samsung's obligations to (a) pay the NRE fees without withholding taxes and (b) reasonably cooperate with Netlist's efforts to recover the withheld amount from the Korean tax authority; and (3) declaratory relief confirming Netlist terminated the JDLA. (FAC, ECF No. 23.) The Court granted summary judgment in Netlist's favor on Claim 3, and partial summary judgment as to liability on Claims 1 and 2(a). (XMSJ Order, ECF No. 186.) Netlist declined to pursue its Claim 2(b) theory of breach at trial. (Notice Limiting Asserted Count Two, ECF No. 246.) Before trial, the parties agreed that contract damages for the breach theory in Claim 2(a) hinged on a legal question and could be determined by the Court. (LaMagna Decl. Ex. A, at 7–13, ECF No. 290-3.) The case proceeded to a jury trial on damages for Claim 1. The jury found that Netlist failed to prove it suffered damages. (Verdict, ECF No. 276.)

**II. DISCUSSION**

    **A.    Claim 1**

The Court entered partial summary judgment as to liability on the first breach of contract claim in favor of Netlist, determining "that Netlist has established the existence of a contract, its performance of the contract, and Samsung's breach of the supply

provision of the contract." (XMSJ Order 15.) Netlist argues that this conclusion, coupled with the jury verdict, means judgment on this claim should be entered in its favor with an award of nominal damages. (Netlist Mot. 5–8.) Samsung argues that the Court should enter judgment in its favor on this claim because the jury found Netlist failed to prove damages. (*See* Samsung Mot. 15–18.)

The Court applies New York law. (*See* JDLA § 14, ECF No. 144-1.) New York Pattern Jury Instruction No. 4:20 recognizes a tension between the principle that nominal damages are always available, even where there is no loss or loss is not proven with sufficient certainty, and the principle that damages is an element of the claim without which a plaintiff cannot maintain an action. Nonetheless, the New York Court of Appeals has repeatedly made clear that "[n]ominal damages are *always* available in breach of contract actions." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 95 (1993) (emphasis added); *accord Manhattan Sav. Inst. v. Gottfried Baking Co.*, 286 N.Y. 398, 400 (1941) (reversing judgment for defendant and directing an award of nominal damages where plaintiff proved breach but failed to prove damages). "[W]hen interpreting state law, a federal court is bound by the decision of the *highest* state court." *Sharp v. County of Orange*, 871 F.3d 901, 921 (9th Cir. 2017) (internal quotation marks omitted). Samsung does not cite, and the Court is not aware of, any decision of the New York Court of Appeals that supports its position that judgment should be entered against a plaintiff who proves liability for a breach of contract claim but fails to prove damages at trial. The single Court of Appeals decision Samsung cites in its motion confirms the availability of nominal damages in the absence of proof of actual damages. *Freund v. Wash. Square Press, Inc.*, 34 N.Y.2d 379, 384–85 (1974) ("[T]he amount of royalties plaintiff would have realized was not ascertained with adequate certainty and, as a consequence, plaintiff may recover nominal damages only."). The Court respectfully declines to follow the decisions Samsung cites in which lower state courts and federal courts have rejected breach claims in the absence of pleading or proof of damages.

The Court will enter judgment in Netlist's favor on Claim 1.

3

### B. Claim 2

The Court entered summary judgment as to liability on Netlist's claim that Samsung breached the JDLA by withholding $1.32 million from the NRE fees due to Netlist. (XMSJ Order 15–16.)[1] The Court also concluded that Netlist could not recover consequential damages for any of its breach claims pursuant to a limitation of liability term in the JDLA. (*Id.* at 21 (citing JDLA § 12.5).)

The parties stipulate that Netlist paid PricewaterhouseCoopers ("PwC") $427,051.60 to assist Netlist to obtain a refund from the Korean tax authority, but they dispute whether Netlist may recover these fees as general damages. (Netlist Mot. 8–15; Samsung Mot. 18–22.) The parties submit that the Court may resolve this dispute. (*See* Netlist Mot. 9 n.7; Samsung Mot. 18–19.)

"General damages are the natural and probable consequence of the breach of a contract. They include money that the breaching party agreed to pay under the contract. By contrast, consequential, or special, damages do not directly flow from the breach." *Biotronik v. Conor Medsystems*, 22 N.Y.3d 799, 805 (2014) (cleaned up). The distinction between general and special damages is "usually . . . elusive," and the question must be evaluated using a "case-specific approach." *Id.* at 806, 808 (internal quotation marks omitted).

Applying a case-specific approach, the Court concludes that Netlist did not incur the PwC fees as a direct result of Samsung's breach of its payment obligation. Samsung promised a payment of $8 million, less any withholding taxes required by law. (JDLA §§ 3.1–.2.) Professional fees are not within the ambit of Samsung's payment obligation, as "the value of the very performance promised" here has a straightforward monetary sum. *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000) (internal quotation marks

---

[1] Netlist declined to pursue an alternative theory of breach it pleaded—that Samsung failed to reasonably cooperate with Netlist in its efforts to recover the withheld amount. (Notice Limiting Asserted Count Two.) The Court deems the theory abandoned. (*See* Netlist Mot. 8 n.6.)

omitted). Samsung's promise to pay a certain amount less applicable taxes does not encompass a promise to pay an additional amount of professional fees Netlist might sustain if Samsung miscalculated the applicable taxes.

Netlist argues that the PwC fees are recoverable because, after Samsung withheld payment, Samsung explicitly instructed Netlist to "discuss the matter directly with" the Korean tax authority. (Netlist Mot. 11 (citing LaMagna Decl. Ex. C, ECF No. 290-5).) Netlist's argument undermines its position. Netlist's decision to pursue the issue with the Korean tax authority at Samsung's suggestion was not a direct result of the initial breach, but rather a result of a communication between the parties after the breach. In other words, Netlist wants to recover expenses "that flowed from Samsung's explicit instructions . . . to seek a refund," not expenses incurred as a direct result of Samsung's decision to withhold $1.32 million. (*Id.*) The PwC fees, though arguably a foreseeable consequence of the breach, are collateral to the breach, so they are not recoverable as general damages. *Cf. Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 618 F. Supp. 2d 280, 302 n.21 (S.D.N.Y. 2009) ("Here, the Bondholders incurred costs because of their collateral arrangements to short sell the shares underlying their convertible bonds. While the Court finds that those damages are foreseeable and directly caused by Aristocrat's breach, they are collateral to the direct breach of the Indenture. As such, they are properly considered consequential damages.").

Netlist cites cases where professional fees were recoverable as general damages. (Netlist Mot. 11.) However, Netlist cites no case in which professional fees were recoverable as general damages for a breach of a payment obligation. *See Aero Garage Corp. v. Hirschfeld*, 185 A.D.2d 775, 776 (1992) (permitting recovery of counsel fees tenant-plaintiff incurred to obtain certificate of occupancy for breach of landlord-defendant's obligation to obtain the certificate "under the unusual circumstances of this case"); *City of Elmira v. Larry Walter, Inc.*, 150 A.D.2d 129, 133 (1989) (permitting recovery of "legal expenses . . . incurred to rebid the contract" defendants breached by discontinuing work on a construction project).

1  Thus, for the reasons discussed here and in the previous section, the Court will
2  enter judgment in favor of Netlist on its second breach claim but will award nominal
3  damages only.

4  **C.  Claim 3**

5  The Court entered summary judgment in Netlist's favor on its claim for a
6  declaratory judgment that Netlist terminated the JDLA. (XMSJ Order 17–21.) The
7  Court denied Samsung's motion for reconsideration of this component of the summary
8  judgment order. (Mot. for Recons. Order, ECF No. 215.) Samsung now renews its
9  challenge under Local Rule 7-18, Rule 54(b), and Rule 59(a). (Samsung Mot. 22–32.)

10  Local Rule 7-18 is not a proper vehicle for Samsung's motion. A motion for
11  reconsideration would be untimely both under the Court's scheduling order, (Order Re:
12  Jury Trial § I, ECF No. 41), and under the rule itself, C.D. Cal. R. 7-18. Moreover, the
13  jury's verdict does not present "new material facts . . . occurring after the Order was
14  entered," as Samsung argues. C.D. Cal. R. 7-18. (*See* Samsung Mot. 23 n.4.) The facts
15  have not changed since the summary judgment ruling. The Court entered summary
16  judgment on the declaratory judgment claim with the understanding that the reasoning
17  would hold even if Netlist failed to establish compensable damages.

18  Rule 54(b) is not a proper vehicle for Samsung's motion. Rule 54(b) provides
19  *courts* with the authority to revise any order that is not entirely dispositive of the case
20  "at any time before the entry of a judgment adjudicating all the claims and all the parties'
21  rights and liabilities." The rule "does not provide *any mechanism* for a party to seek
22  revision of an interlocutory order." *Yonemoto v. McDonald*, No. 11-00533 JMS/RLP,
23  2015 U.S. Dist. LEXIS 53072, at *17 (D. Haw. Apr. 22, 2015). Rule 54(b) does not
24  allow parties to circumvent the limitations on motions for reconsideration under Local
25  Rule 7-18. *See Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, No. 14-00520 DKW-KSC, 2015
26  U.S. Dist. LEXIS 118320, at *5 (D. Haw. Sept. 4, 2015) ("[W]hile this Court does not,
27  and has no reason to, quarrel with the general proposition that district courts have
28  discretion to reconsider their interlocutory rulings before entry of final judgment, L.R.

60.1 [the District of Hawaii's analog to C.D. Cal. R. 7-18] exists for a reason, and that reason is not so that counsel may flout it whenever they choose.").

Rule 59(a) is not a proper vehicle for Samsung's motion. "The court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Rule 59 does not specify the grounds upon which a new trial may be granted, but the Ninth Circuit recognizes that courts are bound by historically recognized grounds. For example, a new trial may be granted "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). Samsung offers no historically recognized ground for ordering a new trial on this claim. (*See* Samsung Mot. 28–32.) For reasons discussed below, ordering a trial on this claim would not prevent a miscarriage of justice.

Despite these procedural infirmities, the Court addresses the merits of Samsung's arguments.[2] Although no final judgment has been entered, the Court applies the Rule 59(e) standard. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks and emphasis omitted)). Samsung presents no manifest error of law or fact or any manifest injustice that would result if the Court entered judgment on the third claim consistent with its

---

[2] Some arguments are new to this motion or restate arguments presented for the first time in Samsung's motion for reconsideration of the summary judgment order. The Court addresses these arguments on their merits even though Samsung largely waived them by failing to raise them at summary judgment.

summary judgment ruling.

First, Samsung argues there was no cognizable breach of the JDLA because Netlist's breach claims fail for lack of damages. (Samsung Mot. 24–25.) As discussed, entry of judgment for Netlist on its breach claims is warranted, irrespective of whether Netlist proved damages.

Second, Samsung asserts that the jury's verdict establishes the JDLA § 6.1 breach was not material. (*Id.* at 25–26.) Not so. "Materiality does not depend upon the amount of provable money damages, it depends upon whether the nonbreaching party lost the benefit of its bargain." *Doner-Hedrick v. N.Y. Inst. of Tech.*, 874 F. Supp. 2d 227, 242 (S.D.N.Y. 2012) (quoting *ESPN, Inc. v. Off. of Comm'r of Baseball*, 76 F. Supp. 2d 416, 421 (S.D.N.Y. 1999)). As the Court concluded at summary judgment, the supply term was "an integral part of the parties' agreement, one that Netlist valued highly." (XMSJ Order 19.) Samsung's breach deprived Netlist of the benefit it justifiably expected, even if Netlist could not convince a jury that it suffered cover damages.

Third, Samsung contends the breach of JDLA § 3.1 was not material given the lack of damages awardable to Netlist. (*Id.* at 26–27.) As discussed in the Court's summary judgment order, "Samsung's failure to pay a significant chunk of the NRE fees was material." (XMSJ Order 19.) *See Taub v. Marchesi Di Barolo, S.p.A.*, 480 F. App'x 643, 645 (2d Cir. 2012) ("It is axiomatic that failure to pay is a material breach of a contract." (citing *Arp Films, Inc. v. Marvel Ent. Grp., Inc.*, 952 F.2d 643, 649 (2d Cir. 1991)). Materiality is measured at the time the breach occurred. *See KLS Diversified Master Fund, L.P. v. McDevitt*, 507 F. Supp. 3d 508, 545 (S.D.N.Y. 2020). Accordingly, the Court's conclusion as to the materiality of Samsung's breach of the payment obligation did not, and need not, rest on Netlist proving recoverable general damages. The evidence concerning materiality is and was "clear and substantially uncontradicted," so the Court's ruling at summary judgment on the issue stands. *WILJEFF, LLC v. United Realty Mgmt. Corp.*, 82 A.D.3d 1616, 1617 (2011).

///

The Court will enter judgment for Netlist on the third claim consistent with its order at summary judgment.

### D. Other Issues

Samsung "reiterates for preservation purposes" its argument that it did not abandon its affirmative defenses of acquiescence, estoppel, and waiver by failing to raise them at summary judgment. Samsung also argues that the Court should have granted its motion for summary judgment and denied Netlist's. (Samsung Mot. 32–33.) The motion does not clearly state the authority under which the Court may examine these issues at this juncture. Samsung cites Rule 50 even though it made no Rule 50(a) motion on these issues at trial. (*See id.* at 32.) Samsung presents no reason to revisit the Court's prior orders under Local Rule 7-18 or Rules 54(b), 58(d), or 59(a).

## III. CONCLUSION

The grants the motions in part and denies the motions in part. The Court directs the Clerk to enter judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: February 15, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE