# EXHIBIT B

Case 8:20-cv-00993-MCS-ADS Document 1309 Filed 08/05/21 Page 1 of 8 Page ID #:14168

Notice has been delivered by First Class U.S. Mail to all counsel (or parties) at their last known address of record in this action on this date
Date: Aug 05 2021, 12:55 pm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00993-MCS-ADS | Date August 5, 2021 |
| Title *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings: (IN CHAMBERS) ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NOS. 60, 85, 87) – FILED UNDER SEAL

Defendant Samsung Electronics Co., Ltd., moves for judgment on the pleadings as to Plaintiff Netlist Inc.'s First Amended Complaint (FAC, ECF No. 23).[1] (Mot., ECF No. 60.) Netlist filed an opposition brief, and Samsung filed a reply brief. (Opp'n, ECF No. 89; Reply, ECF No. 107.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for August 16, 2021.

I. PRELIMINARY ISSUES

The Court grants Netlist's application to seal documents it deems confidential. (2d Appl., ECF No. 87.) As set forth in the application, compelling reasons appear to seal the documents and information Netlist designated confidential. In the interest of judicial economy, the Court has considered the provisionally sealed documents already on file in evaluating the motion. Netlist shall file the documents under seal pursuant to Local Rule 79-5.2.2(c) within seven days.

---

[1] The Court cites redacted versions of documents filed on the public docket where appropriate.

The Court denies Netlist's application to seal documents Samsung deemed confidential. (1st Appl., ECF No. 85.) Samsung did not timely "file a declaration establishing that all or part of the designated material is sealable," which is "sufficient grounds for denying the [a]pplication." C.D. Cal. R. 79-5.2.2(b)(i). Netlist may file the documents in the public case file. C.D. Cal. R. 79-5.2.2(b)(ii).

Both parties submitted documents extrinsic to the FAC for the Court's consideration of the motion. Samsung submitted a request for judicial notice of three documents outside the four corners of the FAC. (RJN, ECF No. 60-3.) The Court may consider the parties' Joint Development and License Agreement (JDLA, RJN Ex. A, ECF No. 61-1), which is incorporated by reference into the FAC. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). For reasons discussed below, the Court need not take judicial notice of Samsung's other documents to adjudicate the motion, so the Court denies the balance of the request for judicial notice as unnecessary.

Netlist submitted a declaration from Netlist's CEO and numerous documents outside the FAC. Netlist presents no basis upon which the Court may evaluate these documents on a motion for judgment on the pleadings, so the Court declines to consider them. The Court sustains Samsung's objection to this evidence. (Reply 2–3.)

## II. BACKGROUND

This is a contract dispute between two sophisticated business entities. According to the FAC, Netlist provides high-performance modular memory subsystems to original equipment manufacturers, and Samsung develops, manufacturers, and sells memory components and memory modules. (FAC ¶¶ 7–8.) On November 12, 2015, the parties entered the JDLA, in which Samsung agreed to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price." (JDLA § 6.2; FAC ¶ 10.) The JDLA also obliges Samsung to pay Netlist $8 million in nonrefundable, non-recurring engineering ("NRE") fees. (JDLA § 3.1; FAC ¶ 15.) The agreement permits Samsung to "deduct any applicable withholding taxes due or payable under the laws of Korea" "[t]o the extent that any withholding taxes are required by applicable law." (JDLA § 3.2.) Samsung agreed to "reasonably

cooperate with Netlist in any lawful efforts to claim a credit or refund or exemption with respect to any such withholding taxes." (*Id.*)

Shortly after entering the JDLA, Samsung withheld $1.32 million (16.5%) of the NRE fees, claiming it paid this amount to the Korean tax authority. Samsung delayed or declined Netlist's requests for assistance in seeking a refund from the Korean tax authorities. (FAC ¶¶ 16–18.) In 2018, Samsung began to restrict the supply of NAND and DRAM products to Netlist and declined to fulfill Netlist's requests and orders, causing Netlist to purchase the products in the secondary market at higher prices. (*Id.* ¶¶ 11–14.) On May 27, 2020, Netlist exercised its right to terminate the JDLA due to Samsung's breach of the supply provision. (*Id.* ¶¶ 19–24.)

Netlist asserts three claims: (1) breach of the supply obligation of the JDLA; (2) breach of the NRE fee obligations of the JDLA; and (3) declaratory relief that Netlist terminated the JDLA. (*Id.* ¶¶ 25–41.)

### III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the

plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

The JDLA is governed by New York law. (JDLA § 14.) To state a breach of contract claim under New York law, a plaintiff must allege: (1) the existence of a contract, (2) performance by one party, (3) breach by another party, and (4) damages. *Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000).

### A. Breach of Supply Obligation

In its first claim, Netlist contends Samsung breached the JDLA by failing to supply NAND and DRAM products on request. (FAC ¶¶ 12–14, 26–29.) Samsung presents three arguments for dismissal. First, Samsung contends Netlist has not adequately pleaded breach because the JDLA's purported product supply obligation is, in fact, a price obligation. Samsung effectively asks the Court to interpret the provision as an unambiguous term consistent with this understanding. (*See* Mot. 15–17.) "Under New York law, . . . the question of whether a written contract is ambiguous is a question of law for the court." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009).

The Court concludes that the provision is "sufficiently ambiguous on its face to survive judgment on the pleadings." *CenturyLink, Inc. v. DISH Network, L.L.C.*, 554 F. App'x 51, 53 (2d Cir. 2014) (reversing grant of motion for judgment on the pleadings). The title of the provision at issue is "Supply by Samsung," the title of the encompassing section is "SUPPLY OF COMPONENTS," and the surrounding terms pertain to supply and purchase obligations. (JDLA §§ 6, 6.2; *see, e.g.*, *id.* § 6.3 (preserving parties' rights to sell components to nonparties); §6.4 (disclaiming any requirement to purchase products, but not disclaiming any requirement to supply products).) The text of the subsection at issue describes both a price ("competitive") and a supply obligation ("Samsung will supply . . . on Netlist's request"). (*Id.* § 6.2.) The Court must resolve any contractual ambiguities in Netlist's favor on this motion. *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). The Court declines to conclude that the only reasonable interpretation of the provision is that it governs price only. *See JA Apparel Corp.*, 568 F.3d at 396 (observing that

"[c]ontract language is not ambiguous if . . . there is no reasonable basis for a difference in opinion" (internal quotation marks omitted)).

Second, Samsung argues the provision may not support a breach claim because the JDLA lacks exclusivity provisions and, therefore, is not a valid requirements contract. (Mot. 17–18.) The FAC does not state that the JDLA is a requirements contract, and Samsung does not explain why the Court must infer such an allegation from the FAC. Netlist's brief proposes several theories under which the provision may validly bind Samsung. (*See* Opp'n 10–17.) One of the theories does not require the JDLA to be a requirements contract at all: Netlist contends the JDLA may be interpreted as an options contract giving Netlist the right to purchase products from Samsung "on . . . request" at a "competitive" price. (Opp'n 13–14 (citing, *inter alia*, *Miller v. McLean Cnty. Unit Dist. No. 5 (In re Modern Dairy of Champaign, Inc.)*, 171 F.3d 1106, 1109–10 (7th Cir. 1999), and *Jarecki v. Louie*, 95 N.Y.2d 665, 668 (2001).) The Court declines Samsung's invitation to read allegations of a requirements contract into the FAC.[2] The claim survives irrespective of the merits of Samsung's straw man argument, so the Court declines to decide, on this motion, whether any of the theories of contract Netlist proposes is valid.

Finally, Samsung argues that the JDLA bars Netlist from recovering consequential damages. (Mot. 18–19; *see* JDLA § 12.5 (barring liability for consequential damages).) Even if Samsung's argument has merit, this motion is not the proper vehicle for seeking adjudication of this issue. *See Saroya v. Univ. of Pac.*, 503 F. Supp. 3d 986, 1000 (N.D. Cal. 2020) ("[A] complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law."); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 130 (1983) ("The question whether a plaintiff has stated a claim turns not on whether he has asked for the proper remedy but whether he is

---

[2] The Court also declines to consider Samsung's responses to Netlist's theories in its reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Netlist's contract theories should have been raised and thoroughly discussed at the parties' prefiling conference. *See Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the prefiling conference "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).

entitled to *any* remedy." (alterations incorporated) (internal quotation marks omitted)).[3]

The first claim survives Samsung's motion.

### B. Breach of NRE Fee Obligations

Netlist's second claim presents two related subclaims. First, Netlist pleads that the NRE fee was not taxable in Korea, so withholding 16.5% of the fee violated Samsung's payment obligation under JDLA § 3.1, as qualified by § 3.2. (FAC ¶¶ 15–16, 32.) Samsung challenges the subclaim on the basis that Netlist has not alleged how withholding part of the NRE fee "violated Korean law." (Mot. 20.) Again, Samsung's argument reads unpleaded facts into Netlist's pleading. Netlist claims breach of contract, not a violation of Korean tax law. The JDLA permits Samsung to withhold payment "[t]o the extent that any withholding taxes are *required*." (JDLA § 3.2 (emphasis added).) Netlist asserts that the NRE fee was "not properly taxable," so withholding the fee was not "required," and Netlist was entitled to payment of the full NRE fee. (FAC ¶¶ 16, 18.) Netlist adequately pleads its theory of breach, and the parties can explore (or, at this late stage of litigation, should have explored) in discovery the basis for Netlist's allegation that the NRE fee was not properly taxable.

Samsung also contends its 16.5% withholding was lawful. (Mot. 20–21.) For the reasons discussed, crediting this argument would not foreclose Netlist's theory of breach. In any event, adjudicating this issue would test Netlist's allegation that the NRE fee was not properly taxable, presenting a question of fact inappropriate for decision on this motion.

In the other subclaim, Netlist asserts Samsung breached its obligation to cooperate with Netlist's efforts to claim a credit, refund, or exemption from withholding taxes. (FAC ¶¶ 17, 32.) Samsung challenges the subclaim as overly conclusory. (Mot. 21–22.) Netlist pleads that Samsung delayed or declined Netlist's requests for assistance from Samsung in seeking a refund. (FAC ¶¶ 17–18, 32, 34.) The Court may reasonably infer from these facts that Samsung's failure to cooperate damaged Netlist by delaying its recovery from the Korean tax authorities. (*See id.*

---

[3] Samsung alternatively moves to strike allegations of consequential damages. (Mot. 19 n.7.) "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

¶ 17 (indicating Netlist continues to seek a refund).) This is sufficient to allege breach and damages.

The second claim may not be dismissed on this motion.

### C. Declaratory Judgment

Netlist invoked JDLA § 13.2 to terminate the parties' contract, and it now seeks a judicial determination that the termination was effective. (FAC ¶¶ 19–24, 36–41.) Samsung contends the claim should be dismissed because Netlist did not promptly seek termination after Samsung's alleged material breach and elected to continue with the JDLA instead. (Mot. 22–23.)

Netlist responds that Samsung waived this argument by failing to plead an election of remedies defense in its Answer. (Opp'n 22.) "Under New York law, election of remedies is an affirmative defense. The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver." *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 842 F. Supp. 2d 682, 709 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Samsung concedes this defense is unpleaded, but it asks the Court to consider it given the lack of prejudice to Netlist. (Reply 10 n.2.) The sole unpublished case Samsung cites endorses treating a motion asserting an unpleaded election of remedies defense as a "motion to amend defendant[']s answer." *Lockheed Martin Transp. Sec. Sols. v. MTA Cap. Constr. Co.*, No. 09 Civ. 4077 (PGG), 2014 U.S. Dist. LEXIS 131395, at *64 (S.D.N.Y. Sept. 16, 2014) (alteration in original) (internal quotation marks omitted). Treating this motion as such, Samsung does not present good cause to grant relief from the Court's deadline to move to amend the pleadings. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607–08 (9th Cir. 1992) (applying Rule 16(b) good cause standard to motion for leave to amend filed after deadline to amend set by scheduling order). In any event, Samsung has not diligently prosecuted this defense, resulting in prejudice to Netlist. Samsung raised this issue by motion over seven months after filing its Answer, and it set the hearing on the motion for the day discovery closes. The parties doubtlessly have expended resources litigating the case without factoring in this defense and its possible impact on the viability of the claim for declaratory relief.

The Court deems the election of remedies defense waived and rejects Samsung's challenge to the claim.

## V. CONCLUSION

The motion is denied.

The Court provisionally seals this Order. Within seven days of the issuance of this Order, the parties shall file a joint statement as to whether any matter stated in this Order is information that should remain under seal. Thereafter, the Court will determine whether any portions of this Order should be redacted in the version filed on the public docket.

**IT IS SO ORDERED.**