1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                    ---

4      HONORABLE **MARK C. SCARSI,** JUDGE PRESIDING

5                    ---

6

7

8   **NETLIST, INC.,**                     )
    a Delaware Corporation,            )
9                                      )
                                       )
10                                     )
                                       )
          Plaintiff,                   )
11                                     ) CV NO. 20-993
          VS                           )
12                                     )
                                       )
13  **SAMSUNG ELECTRONICS CO., LTD.**   **)**
    *a Korean Corporation*,            )
14                                     )
                                       )
15          Defendant.                 )
    _____)
16

17

18          Reporter's Transcript of Proceedings
                    **Motion Hearing**
19             Los Angeles, California
             **MONDAY, FEBRUARY 14, 2022**
                    9:00 A.M.
20

21

22

23

24          ANNE KIELWASSER, CRR, RPR, CSR
          Federal Official Court Reporter
25        **UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA**
            anne.kielwasser@yahoo.com

```
 1                    A P P E A R A N C E S

 2
      ON BEHALF OF THE PLAINTIFF:
 3

 4    Jason C Lo
      Raymond Angelo LaMagna
 5    Timothy P Best
      Gibson Dunn and Crutcher LLP
 6    333 South Grand Avenue
      Los Angeles, CA 90071-
 7    213-229-7520
      Email: Jlo@gibsondunn.com
 8    Email: Rlamagna@gibsondunn.com

 9

10    ON BEHALF OF THE DEFENDANTS:

11
      Michael G. Yoder
12    Joseph R O'Connor
      O'Melveny and Myers LLP
13    610 Newport Center Drive,
      Suite 1700
14    Newport Beach, CA 92660
      Fax: 949-760-9600
15    Tel: 949-823-6994
      Email: Myoder@omm.com
16

17    Marc F Feinstein
      OMelveny and Myers LLP
18    400 South Hope Street 18th Floor
      Los Angeles, CA 90071-2899
19    213-430-6000
      Fax: 213-430-6407
20    e-mail: Mfeinstein@omm.com

21
      Ekwan E. Rhow
22    Bird Marella Boxer Wolpert Nessim Drooks Lincenberg
      Rhow probable cause
23    1875 Century Park East, Suite 2300
      Los Angeles, CA 90067
24    310-201-2100
      Fax: 310-201-2110
25    e-mail: Erhow@birdmarella.com
```

UNITED STATES DISTRICT COURT

| | |
|---|---|
| 1 | **MONDAY, FEBRUARY 14, 2022**                    **9:20 P.M.** |
| 2 | ~ ~ ~ |
| 3 | P R O C E E D I N G S |
| 08:49:24   4 | ~ ~ ~ |
| 09:20:13   5 | **COURT CLERK:**  Calling Item No. 2.  SACV 20-993. |
| 09:20:13   6 | Netlist, Inc., versus Samsung Electronics Co., Ltd. |
| 09:20:28   7 | Counsel, state your appearances please. |
| 09:20:35   8 | **MR. LO:**  Good morning, Your Honor.  Jason Lo on |
| 09:20:37   9 | behalf of Netlist.  And with me at counsel's table today is |
| 09:20:40  10 | Timothy Best and Raymond Lamania.  And also in the courtroom |
| 09:20:43  11 | is the CEO, C.K. "Chuck" Hong, our CFO, Gail Sasaki, and our |
| 09:20:50  12 | Director IP Strategy Jason Sohi. |
| 09:20:54  13 | **THE COURT:**  Good morning. |
| 09:20:55  14 | **MR. YODER:**  Good morning, Your Honor.  Michael |
| 09:20:57  15 | Yoder for Samsung.  I'll let my colleagues introduce |
| 09:21:01  16 | themselves. |
| 09:21:03  17 | **THE COURT:**  Good morning, Mr. Yoder. |
| 09:21:03  18 | **MR. O'CONNOR:**  Joe O'Connor. |
| 09:21:05  19 | **THE COURT:**  Good morning. |
| 09:21:05  20 | **MR. FEINSTEIN:**  Good morning.  Marc Feinstein. |
| 09:21:05  21 | **THE COURT:**  Good morning. |
| 09:21:08  22 | **MR. RHOW:**  Good morning, Your Honor.  Ekwan Rhow |
| 09:21:09  23 | on behalf of Samsung. |
| 09:21:12  24 | **THE COURT:**  Good morning. |
| 09:21:12  25 | Okay, the Court has been through the papers, |

09:21:14   1    and I think I have a sense as to what the issues are.

09:21:16   2                    Just a few questions for the parties.  On the

09:21:21   3    first claim, the breach of contract claim, I understand

09:21:25   4    Samsung is arguing that because the jury awarded no damages

09:21:30   5    then, essentially, with no damages, there is no breach of

09:21:36   6    contract, and what I'm wondering about is that why nominal

09:21:41   7    damages are not available.

09:21:42   8                    It seems that the New York Court of Appeals

09:21:46   9    has indicated that nominal damages are always available for a

09:21:52   10   breach of contract.  So I'm wondering about whether there is

09:21:55   11   any authority that you can point me to that sort of trumps

09:21:59   12   that New York Court of Appeals case which is *Kronos* versus

09:22:08   13   AVX AV1 N.Y.2d 90 from 1983.

09:22:10   14        MR. YODER:  Yes, Your Honor.  It sounds like a

09:22:11   15   question for me.

09:22:11   16        THE COURT:  Okay.

09:22:12   17        MR. YODER:  And may I take the mask off?

09:22:15   18        THE COURT:  Sure.

09:22:16   19        MR. YODER:  And two handouts I'd like to refer

09:22:19   20   Your Honor to.  One is something that's cited which is the

09:22:22   21   New York Pattern Jury Instruction, commentary on 420.

09:22:26   22        THE COURT:  So, you can actually --

09:22:28   23                    Do you want to hand those up?

09:22:29   24                    Do you have copies for --

09:22:33   25        MR. YODER:  Yes, we do.

| | | |
|---|---|---|
| 09:22:34 | 1 | And then another is a case that wasn't cited, |
| 09:22:37 | 2 | but as we've been drilling down on this issue, because I |
| 09:22:40 | 3 | think Your Honor has put your finger right on the question, |
| 09:22:43 | 4 | here.  It's a *Clifford V Clifford* case, a Supreme Court |
| 09:22:46 | 5 | Appellate Division, Fourth Department, New York, 1993 case, |
| 09:22:51 | 6 | which we notified counsel of yesterday so they would be aware |
| 09:22:56 | 7 | of our intention to be bring this to the Court's attention. |
| 09:23:01 | 8 | And, Your Honor, before answering the |
| 09:23:03 | 9 | question, I first want to say that the proceedings in this |
| 09:23:07 | 10 | case from summary judgment through trial are critical in that |
| 09:23:11 | 11 | there is no question that this Court did not rule on the |
| 09:23:14 | 12 | issue of damages on the first claim.  Netlist didn't move on |
| 09:23:19 | 13 | damages.  This Court didn't rule on damages.  This Court made |
| 09:23:24 | 14 | no findings on damages.  This Court made no award of nominal |
| 09:23:28 | 15 | damage.  This Court didn't even mention nominal damages with |
| 09:23:32 | 16 | respect to its discussion on the first claim. |
| 09:23:35 | 17 | The purpose of trial was to determine |
| 09:23:37 | 18 | damages.  And it wasn't simply the amount, it was whether |
| 09:23:40 | 19 | there were resulting damages, whether damages were caused by |
| 09:23:43 | 20 | any breach, the fourth element, undisputed under New York law |
| 09:23:47 | 21 | for a breach of contract.  This Court only granted summary |
| 09:23:52 | 22 | judgment on the first three, not the four. |
| 09:23:53 | 23 | So, going to trial, Netlist had to prove |
| 09:23:57 | 24 | resulting damages.  It wasn't just fill-in-the-bank with the |
| 09:24:01 | 25 | number.  That's why there was the first question to the jury: |

| | |
|---|---|
| 09:24:03 1 | Did Netlist prove it suffered damages as a result of the |
| 09:24:08 2 | breach?  And of course the jury answered that No.  Didn't get |
| 09:24:11 3 | to the question of amount. |
| 09:24:13 4 | Why that's critical, Your Honor, is that the |
| 09:24:17 5 | fourth element has to be established to get judgment as a |
| 09:24:20 6 | plaintiff in a breach of contract case, including an award of |
| 09:24:23 7 | nominal damages. |
| 09:24:25 8 | And here you have -- you can't infer damage |
| 09:24:28 9 | where you have a jury finding that there is no damage.  And |
| 09:24:33 10 | when we looked at the cases under New York law, Your Honor, |
| 09:24:36 11 | and granted, they're a little hard to reconcile. |
| 09:24:41 12 | **THE COURT:**  Uh-huh. |
| 09:24:42 13 | **MR. YODER:**  In fact, the language I've given you |
| 09:24:45 14 | from the commentary to Pattern Jury Instruction 420 even |
| 09:24:51 15 | acknowledges this. |
| 09:24:52 16 | When they're discussing nominal damages, they |
| 09:24:55 17 | make the statement citing some of the cases that Netlist has |
| 09:25:01 18 | cited:  "Where there is no loss or the amount of loss cannot |
| 09:25:05 19 | be proven with sufficient certainty, the injured party is |
| 09:25:08 20 | entitled to recover a small sum as nominal damages without |
| 09:25:12 21 | regard to the amount of the loss."  Citing *Hirsch, C.K.S. Ice* |
| 09:25:17 22 | *Cream.*  Some of the cases that Netlist had cited. |
| 09:25:21 23 | What the commentary recognizes is, though: |
| 09:25:23 24 | "This principle, however, appears difficult to reconcile with |
| 09:25:26 25 | the line of cases holding that in the absence of any |

09:25:29  1   allegation of fact showing damage, the mere fact that

09:25:32  2   defendant breached the contract is insufficient to sustain a

09:25:37  3   complainant."

09:25:37  4            The *Kronos* case is a tort case.  It's a

09:25:41  5   tortious inducement of breach of contract.  It wasn't a

09:25:44  6   contract case.  And all the Court said there was:  Hey,

09:25:48  7   although contract -- in contract, nominal damages are always

09:25:52  8   available, that's not true in tort.

09:25:54  9            The Court didn't address when in contract

09:25:58  10  nominal damages award would be available, didn't address it

09:26:01  11  because it wasn't a contract case, so it didn't go to that

09:26:04  12  issue at all.

09:26:05  13            They also rely on the Perry case.  And in the

09:26:11  14  Perry case, it was a breach of a confidentiality agreement,

09:26:15  15  and there was discussion about whether or not there should be

09:26:21  16  an award of nominal damages in that case where, in that case,

09:26:28  17  it seemed fairly clear from the discussion that there was

09:26:31  18  clearly harm, it was an issue of whether it could be

09:26:35  19  quantified.  Granted, though, the discussion of that case is

09:26:41  20  hard to follow.  Certainly concede that.

09:26:43  21            Perry had a companion case, though.  Cited in

09:26:46  22  *Perry* is the *McMahan* case, which we've cited, *McMahan* versus

09:26:51  23  *McMahan*; and that companion case makes clear what the Court

09:26:55  24  was actually doing in the *Perry* case, because in *McMahan*, the

09:27:00  25  Court acknowledged that for a breach of contract to recover,

09:27:05  1    you have to show the existence of the contract, performance

09:27:08  2    of the contract, the other party's breach, and resulting

09:27:13  3    damages, the fourth element.

09:27:16  4              And the Court went on to say:  The damages

09:27:19  5    may be actual or nominal in nature.  There still has to be

09:27:25  6    resulting damages under New York law, or all of the cases

09:27:29  7    we've cited that dismiss claims, when they don't establish

09:27:32  8    the fourth element, would make no sense.  And, indeed, there

09:27:36  9    would be no fourth element under New York law.  If any time

09:27:40  10   you prove the first three, you're entitled to judgment in an

09:27:44  11   award of nominal damages.

09:27:46  12             And most of the cases that Netlist cites are

09:27:53  13   summary judgment chases where the Court basically says:  I

09:27:57  14   can't grant defendant summary judgment because a plaintiff

09:27:58  15   may be able to show, even if they can't quantify damages,

09:28:04  16   nominal damages, resulting damages.  But they don't say you

09:28:07  17   don't have to prove the fourth element.  They don't say that

09:28:11  18   at all.

09:28:11  19        **THE COURT:**  And you would say that's the first

09:28:13  20   jury question, right?  That's the first question of the jury.

09:28:15  21        **MR. YODER:**  Absolutely.  I mean, there's a

09:28:15  22   reason --

09:28:17  23             You didn't just give the verdict form that

09:28:20  24   Netlist requested initially, which was just a dollar sign and

09:28:26  25   a blank.  The first question was the fourth element which did

| | |
|---|---|
| 09:28:31 | 1 |
| 09:28:33 | 2 |
| 09:28:36 | 3 |
| 09:28:39 | 4 |
| 09:28:43 | 5 |
| 09:28:47 | 6 |
| 09:28:48 | 7 |
| 09:28:53 | 8 |
| 09:28:56 | 9 |
| 09:29:00 | 10 |
| 09:29:07 | 11 |
| 09:29:08 | 12 |
| 09:29:12 | 13 |
| 09:29:17 | 14 |
| 09:29:21 | 15 |
| 09:29:26 | 16 |
| 09:29:35 | 17 |
| 09:29:38 | 18 |
| 09:29:42 | 19 |
| 09:29:49 | 20 |
| 09:29:49 | 21 |
| 09:29:53 | 22 |
| 09:29:56 | 23 |
| 09:29:58 | 24 |
| 09:29:58 | 25 |

1  not get decided on summary judgment, and which we submit,

2  Your Honor, when you really look at the New York cases, and I

3  have two more points on that real quickly, the only way to

4  properly reconcile these cases under New York law is, that

5  you can't get nominal damages unless you prove resulting

6  damage.

7          If you can't quantify them with reasonable

8  certainty, then you can get nominal damages, but you still

9  have to satisfy the fourth element.  You can't ignore it.

10  And here we've got a verdict saying they didn't establish

11  that element of a breach of contract claim.

12          So, I would cite you, too, to one of the

13  cases that Netlist relies upon, the *Freund* case, and there

14  when the Court is talking about the vindication of rights,

15  which has been a subject of the briefing, the *Freund* case

16  really explains what that means:  "Nominal damages are

17  available as a form of vindication of a plaintiff's legal

18  right to compensation which has not been given a sufficiently

19  certain monetary valuation."  That's when nominal damages are

20  available.

21          I would cite the Court to the *Clifford* case

22  that I handed up there because I think this case demonstrates

23  what I'm saying in terms of how New York law should be

24  interpreted.

25          **THE COURT:**  And just for the record, *Clifford*

UNITED STATES DISTRICT COURT

| | |
|---|---|
| 09:30:01 | 1 |
| 09:30:06 | 2 |
| 09:30:18 | 3 |
| 09:30:18 | 4 |
| 09:30:23 | 5 |
| 09:30:24 | 6 |
| 09:30:25 | 7 |
| 09:30:28 | 8 |
| 09:30:32 | 9 |
| 09:30:37 | 10 |
| 09:30:41 | 11 |
| 09:30:45 | 12 |
| 09:30:50 | 13 |
| 09:30:51 | 14 |
| 09:30:56 | 15 |
| 09:31:01 | 16 |
| 09:31:04 | 17 |
| 09:31:08 | 18 |
| 09:31:13 | 19 |
| 09:31:14 | 20 |
| 09:31:14 | 21 |
| 09:31:17 | 22 |
| 09:31:22 | 23 |
| 09:31:24 | 24 |
| 09:31:27 | 25 |

versus *Clifford Retail* [sic] *Management at 604 New, York, N.Y.S.2d 380.* This is from the Fourth Department, Supreme Court Appellate Division.

So, how does this case square with the *Kronos* case?

**MR. YODER:** Well, this is a breach of contract case where both the plaintiff and the defendant were suing each other for a breach of contract, where the Court found that each party had established that the other had breached. But the Court concluded: "Neither party established, however, that it had been damaged by the other's breach; and under the circumstances, nominal damages were properly denied."

There was not an inference that there is damage from a breach, and therefore you're entitled to nominal damages. You still have to show that there is resulting damages. And in *Clifford* neither side could show damages, and therefore the Court did not award nominal damages.

**THE COURT:** Right, and then you're pointing to -- just preceding the language you read -- "The Supreme Court properly concluded that defendant had failed to replace a 1981 Escort," which was a -- which was, I guess, a breach of the agreement, "and the plaintiff had breached the agreement not to compete."

| 09:31:28 | 1 | So, that's the basis for your indicating the |

So, that's the basis for your indicating the

Court found the breach of contract but not the fourth

element.

MR. YODER: Correct, Your Honor. And then the

following paragraph, another alleged breach in that case

where the Court found that there was again a breach and

concluded at the end: "Because plaintiff established no

damages as a result of a breach of the agreement, the breach

of contract cause of action was properly dismissed."

I would point the Court to two federal cases

which are really on point with the situation before Your

Honor right now. Both of these cases were cited, and I think

they're important. One is the *Shred-It USA* case, and in

*Shred-It*, just as was done here, the Court granted summary

judgment on the first three elements of a breach of contract

claim leading damages for trial. Same as what happened here.

THE COURT: Remind me, what was the law that was

applied in the *Shred-It* case?

MR. YODER: New York law, Your Honor. Both of

these were New York law.

And they went to a bench trial on damages.

And the Court found against the plaintiff, found that the

plaintiff had failed to prove actual damages resulting from

defendant's breach of contract cannot prevail on its first

cause of action notwithstanding its success in proving the

| | |
|---|---|
| 09:32:56 | 1 |
| 09:33:00 | 2 |
| 09:33:05 | 3 |
| 09:33:10 | 4 |
| 09:33:16 | 5 |
| 09:33:21 | 6 |
| 09:33:26 | 7 |
| 09:33:27 | 8 |
| 09:33:31 | 9 |
| 09:33:36 | 10 |
| 09:33:38 | 11 |
| 09:33:43 | 12 |
| 09:33:45 | 13 |
| 09:33:49 | 14 |
| 09:33:53 | 15 |
| 09:33:57 | 16 |
| 09:34:10 | 17 |
| 09:34:21 | 18 |
| 09:34:26 | 19 |
| 09:34:28 | 20 |
| 09:34:33 | 21 |
| 09:34:38 | 22 |
| 09:34:42 | 23 |
| 09:34:47 | 24 |
| 09:34:50 | 25 |

1   breach itself and granted judgment for the defendant.

2          In the *Holland* Loader case, which we've

3   cited, which, again, this was a Second Circuit opinion, which

4   was reviewing a district court determination, the district

5   court there found, as in this case, and as in the *Shred-It*

6   USA case, that defendant had breached the contract.  No issue

7   as to that.

8          But, nonetheless, the district court found

9   and the Second Circuit affirmed that:  "Since plaintiff

10   failed to prove by a preponderance of the evidence that it

11   suffered damages as a result of defendant's breach, the

12   defendant was entitled to judgment."

13          And, significantly, in the *Holland* Loader

14   case, Your Honor, and I think this gets to the real key as to

15   why this is and why this is really the only way to reconcile

16   the New York law, is that the Court there had a discussion of

17   the -- had a discussion of what the plaintiff failed to show.

18          And what the plaintiff failed to show in

19   *Holland* Loader is, that it failed to prove it suffered

20   damages.  And it went to a discussion and noted that

21   plaintiff was arguing:  Hey, the district court erred in

22   ignoring the long-standing New York rule that a person

23   violating his contract should not be permitted entirely to

24   escape liability because the amount of damage which he has

25   caused is uncertain.

09:34:52  1      Your Honor has seen that in the briefing.

09:34:54  2  It's one of the arguments that Netlist makes here.

09:34:58  3      Here is what the Court says:  "This rule

09:35:00  4  applies only after the existence or a fact as opposed to the

09:35:04  5  amount of damages is determined to be reasonably certain.

09:35:09  6  Because the district court held *Holland* failed to prove fact

09:35:12  7  of damage with reasonable certainty, it never reached the

09:35:17  8  question of the amount of damages, and it did not err in

09:35:24  9  invoking the wrongdoer rule."

09:35:24  10      It's exactly what happened here, Your Honor,

09:35:26  11  but with a jury verdict.

09:35:26  12      **THE COURT:**  I just want to move on to --

09:35:28  13      So, the Court --

09:35:30  14      If the Court agrees with you on this damages

09:35:32  15  point, you're asking, essentially, to unwind the Court's

09:35:37  16  ruling on Count Three.

09:35:39  17      **MR. YODER:**  A little different issue; but, yes,

09:35:41  18  our position certainly is, initially, that if the Court

09:35:46  19  agrees with our view of damages for the first claim and the

09:35:49  20  second claim and Samsung prevails on those claims, which we

09:35:56  21  believe it has, the second claim is a little different

09:35:58  22  because there they stipulated the only damage was the PWC

09:36:04  23  fees.  We believe the law is clear in New York, those are

09:36:08  24  consequential damages.  They can't be considered for purposes

09:36:12  25  of determining materiality.

09:36:12  1          But on the third claim, it's both that they

09:36:16  2  didn't prevail on the first two claims, but it's also, Your

09:36:19  3  Honor, the jury verdict and Netlist stipulation and failure

09:36:24  4  to show any recoverable damages on the second claim are

09:36:28  5  clearly new facts and changed circumstances that go to three

09:36:32  6  of the five factors for materiality under New York law, and

09:36:37  7  you can't really look to see whether a benefit was reasonably

09:36:41  8  expected or whether you can have adequate compensation

09:36:45  9  without considering whether there is any harm.

09:36:46  10          And so our position on the third claim,

09:36:49  11  simply put, is at a minimum, there should be a trial.  It's

09:36:53  12  not a new trial.  It's not a Rule 59 because we didn't have a

09:36:58  13  trial on it.  But Rule 54(b) makes clear Your Honor has

09:37:02  14  authority to revise interlocutory orders, which a summary

09:37:07  15  judgment order is.  No one anticipated at summary judgment

09:37:09  16  what the jury would find or that Netlist would walk away from

09:37:14  17  any other damages on the second claim; and based on the

09:37:16  18  jury's finding and what happened at trial, those factors

09:37:20  19  should now be considered, and we submit should be considered

09:37:23  20  by a jury.

09:37:23  21          We also believe that, based on New York law,

09:37:27  22  given the failure to show any harm, that definitively shows

09:37:33  23  that these breaches weren't material.  And we've cited cases

09:37:37  24  to Your Honor in our papers to demonstrate that, that if

09:37:40  25  there is no harm, there can be no material breach.  But at a

| | | |
|---|---|---|
| 09:37:44 | 1 | minimum, these new facts and changed circumstances warrant a |
| 09:37:49 | 2 | trial on that issue. |
| 09:37:51 | 3 | THE COURT:  Okay.  Let me hear from Mr. Lo on |
| 09:37:53 | 4 | these points. |
| 09:37:55 | 5 | MR. LO:  Good morning, Your Honor. |
| 09:38:02 | 6 | THE COURT:  Good morning. |
| 09:38:03 | 7 | MR. LO:  The cases here are not hard to reconcile |
| 09:38:05 | 8 | at all.  And I've looked at all of the cases cited by both |
| 09:38:09 | 9 | sides, and we can make two definitive statements.  Number |
| 09:38:12 | 10 | one, New York's highest court is the court of appeals.  There |
| 09:38:17 | 11 | is not a single court of appeals case in New York that goes |
| 09:38:21 | 12 | in Samsung's favor.  Period.  None exist. |
| 09:38:24 | 13 | Second, all of the cases that find that one |
| 09:38:28 | 14 | party breached and there were no damages but then discussed |
| 09:38:33 | 15 | nominal damages.  Every single one of those cases goes in our |
| 09:38:39 | 16 | favor and none go for Samsung.  Period.  No exception to |
| 09:38:39 | 17 | that. |
| 09:38:44 | 18 | So, if those two statements are true, then |
| 09:38:46 | 19 | what do we make of the cases that Samsung is citing?  And I |
| 09:38:51 | 20 | think they fall into one big bucket and one minor exception. |
| 09:38:54 | 21 | The one big bucket is, they are citing to |
| 09:38:57 | 22 | either lower court decisions or non-state court decisions in |
| 09:39:02 | 23 | which the subject of nominal damages doesn't come up at all. |
| 09:39:07 | 24 | So the courts and the parties, for whatever reason, don't |
| 09:39:10 | 25 | bring up the concept of nominal damages. |

| | | |
|---|---|---|
| 09:39:12 | 1 | And what Samsung is urging the Court to do is |
| 09:39:15 | 2 | to take these cases that don't discuss nominal damages at all |
| 09:39:17 | 3 | and somehow use that to overrule the New York Court of |
| 09:39:21 | 4 | Appeals cases that's not just *Kronos* -- and *Kronos* is a tort |
| 09:39:26 | 5 | case, but it very specifically discusses contract law -- but |
| 09:39:29 | 6 | it's also Manhattan Savings, going back to 1941, it's also |
| 09:39:31 | 7 | the *Freund* case going back to 1974.  Those are all court of |
| 09:39:36 | 8 | appeals cases that specifically discuss nominal damages. |
| 09:39:39 | 9 | And you heard Mr. Yoder say:  Well, *Kronos* |
| 09:39:44 | 10 | doesn't say when nominal damages are available. |
| 09:39:45 | 11 | Of course it does.  And the Court cited to it |
| 09:39:48 | 12 | in its summary judgment order.  It says:  It is always |
| 09:39:49 | 13 | available.  "Always" means "always." |
| 09:39:51 | 14 | So, what Samsung is suggesting is, you want |
| 09:39:54 | 15 | to look at these out-of-state court cases or these lower |
| 09:39:59 | 16 | court decisions that don't even bring up the subject of |
| 09:40:03 | 17 | nominal damages and somehow decide I'm just going to ignore |
| 09:40:06 | 18 | the New York Court of Appeals cases that specifically say you |
| 09:40:10 | 19 | always get nominal damages. |
| 09:40:12 | 20 | That's now how precedents work, and that's |
| 09:40:15 | 21 | also just not a plausible explanation on how these cases fit |
| 09:40:18 | 22 | together.  The more obvious explanation for all these cases |
| 09:40:21 | 23 | fit together is that there are cases in which the plaintiffs |
| 09:40:23 | 24 | probably saw nominal damages as a pyrrhic victory and didn't |
| 09:40:30 | 25 | pursue that.  They wanted, you know, tens of millions of |

09:40:32   1   dollars or hundreds of thousands of dollars; and if they

09:40:34   2   weren't going to get that, they weren't going to spend the

09:40:37   3   money and the effort to litigate the issue of nominal

09:40:37   4   damages.

09:40:40   5          And so that's why you've got theses cases

09:40:43   6   where the issue of nominal damages doesn't come up, nobody

09:40:46   7   appeals that, because in those cases, it might have been a

09:40:50   8   pyrrhic victory from the perspective of the plaintiff.  It

09:40:52   9   wouldn't be a pyrrhic victory here, as the Court knows,

09:40:55   10  because we have the termination that is at stake.

09:40:55   11         So, bottom line is, if you look at the New

09:40:58   12  York Court of Appeals cases, they're all in our favor.  If

09:41:01   13  you look at any case that discusses nominal damages where one

09:41:06   14  party has breached, they're entirely in our favor.

09:41:09   15         So, the one footnote I will add to that is

09:41:11   16  the case that I first got notice of -- right as the Bengals

09:41:15   17  were kicking off yesterday -- and that's the *Clifford* case,

09:41:17   18  which is a 1993 case.  So, I don't know why it was not cited

09:41:21   19  in the papers.

09:41:22   20         That case is an unusual one in this respect.

09:41:26   21  The *Kronos* decision and the *Freund* decision explain why New

09:41:30   22  York courts give nominal damages, because they want to

09:41:33   23  vindicate the right of the innocent party, and they want to

09:41:36   24  have a record that one party has breached the agreement.

09:41:40   25  That's why --

09:41:40  1          The purpose of nominal damages is to preclude

09:41:44  2     precisely the result that Samsung wants here, which is that

09:41:47  3     we breached, we breached all the time; but because damages

09:41:51  4     are not certain, no harm no foul, and we get off scot free,

09:41:56  5     and there's no record of a breach at all.  And that's

09:41:57  6     precisely what the New York Court of Appeals is trying to

09:42:00  7     prevent.

09:42:01  8          In the *Clifford* case, as the of Court just

09:42:03  9     read, it's an unusual situation because what the Court found

09:42:07 10     is both sides breached.  The plaintiff breached, and the

09:42:09 11     defendant breached.  And in that case the court made a

09:42:12 12     decision not to award nominal damages, because when you've

09:42:15 13     got both sides breaching, I think the idea is, it's not clear

09:42:19 14     what right you would be vindicating, given that both sides

09:42:22 15     are essentially wrongdoers.  But in any event, that is,

09:42:26 16     again, not a court of appeals case, and it is not something

09:42:28 17     by the highest court in New York.

09:42:30 18          And I'll make one other factual statement.

09:42:34 19     Not only is there no case overruling any of this New York

09:42:39 20     Court of Appeals cases that we're talking about, the *Kronos*,

09:42:42 21     *Manhattan Savings* and *Freund*, there is not even a case

09:42:45 22     discussing those cases and suggesting that they were wrongly

09:42:49 23     decided.

09:42:50 24          You don't even see a SDNY, an Eastern

09:42:54 25     District of New York case or a court of appeals case saying,

| | | |
|---|---|---|
| 09:42:56 | 1 | you know, we are aware of *Kronos*, we are aware of *Freund*, we |
| 09:42:59 | 2 | think it's wrongly decided, but we are reluctantly following |
| 09:43:01 | 3 | that.  That type of criticism doesn't even exist in the case |
| 09:43:06 | 4 | law.  So the only thing that they are able to cite to are |
| 09:43:09 | 5 | cases that simply don't bring up nominal damages at all. |
| 09:43:13 | 6 | The other point that Mr. Yoder made is, he |
| 09:43:18 | 7 | attempts to draw a distinction saying:  Well, you only get |
| 09:43:22 | 8 | nominal damages if you can show harm in the first place. |
| 09:43:25 | 9 | That's not what *Kronos* says.  *Kronos* says:  Nominal damage is |
| 09:43:30 | 10 | always available. |
| 09:43:31 | 11 | And we cited to multiple cases since *Kronos* |
| 09:43:35 | 12 | that specifically rebuffed the concept that nominal damages |
| 09:43:38 | 13 | come up only if you can show some element of harm; and among |
| 09:43:41 | 14 | others, you've got the McCoy Associates case in 2002, and |
| 09:43:46 | 15 | that case, citing to *Freund* says:  "Even the complete absence |
| 09:43:51 | 16 | of damages resulting from the breach does not defeat a breach |
| 09:43:55 | 17 | of a contract claim."  So, the complete absence of harm, it |
| 09:43:59 | 18 | contemplates that in citing to *Freund* says we still can |
| 09:44:02 | 19 | prevail. |
| 09:44:03 | 20 | **THE COURT:**  So, you're arguing under New York law, |
| 09:44:06 | 21 | there doesn't need to be any damages. |
| 09:44:08 | 22 | **MR. LO:**  Correct. |
| 09:44:09 | 23 | **THE COURT:**  So, Mr. Yoder is talking about the |
| 09:44:12 | 24 | fourth element of the breach of contract claim. |
| 09:44:14 | 25 | **MR. LO:**  Correct. |

09:44:15   1          **THE COURT:**  Your argument is, that fourth element

09:44:17   2   doesn't exist.

09:44:18   3          **MR. LO:**  That's correct.  The New York law says,

09:44:22   4   if there is a right to be vindicated, we will give you

09:44:23   5   nominal damages to vindicate it.  And McCoy, following the

09:44:29   6   court of appeals says:  Even when there's no harm, the *Hirsch*

09:44:31   7   *Electric* case, which is a Supreme Court case in 1988 says:

09:44:34   8   Even if the breach of contract caused no loss -- and it goes

09:44:39   9   on -- the injured party is entitled to recover his nominal

09:44:39   10  damages.

09:44:43   11         So, the cases directly refute the distinction

09:44:45   12  that somehow you need to have some level of harm before you

09:44:49   13  are entitled nominal damages.  *Kronos* says and means exactly

09:44:52   14  what it says:  Nominal damages are always available.

09:44:57   15         The other thing that I will say is the

09:45:01   16  suggestion that the jury actually found that there is no

09:45:05   17  harm.  The first question to pose the jury was about damages,

09:45:10   18  and it was monetary damages.  There was no question, and --

09:45:14   19  to the jury about whether harm existed.

09:45:17   20         But in any event, going through what the

09:45:19   21  Court is saying, our position is that Samsung's legal

09:45:22   22  argument is just incorrect as a matter of New York law.

09:45:25   23  *Kronos* and the other New York Court of Appeals cases say you

09:45:30   24  always get nominal damages when there is a breach, and the

09:45:32   25  reason for that is because we want to vindicate the breach

09:45:36  1    precisely as is the situation here.

09:45:37  2         **THE COURT:**  Let me ask you this.  On the second

09:45:42  3    claim, what's the best law for --

09:45:50  4         Well, what's the best authority for finding

09:45:52  5    professional fees are recoverable as general damages?

09:45:57  6         **MR. LO:**  It would be two cases.  It would be *Aero*

09:46:00  7    *Garage* and the *City of Elmira*.  And the way I would

09:46:04  8    characterize the issue of the professional fees is -- it

09:46:07  9    really comes down to two questions, and they're distinct

09:46:11  10   questions.

09:46:12  11        Number one, the cases are looking to see

09:46:14  12   whether this is the type of thing that was foreseeable by the

09:46:17  13   parties when they entered into the contract; and then the

09:46:19  14   other thing that the cases are looking for is:  We don't want

09:46:23  15   to violate the so-called American rule, that the winners

09:46:27  16   don't have -- the loser doesn't have to pay the winner's

09:46:29  17   attorney's fees.

09:46:30  18        So, here, both of those questions come out in

09:46:32  19   our favor, and this is why.  On the foreseeability, Samsung

09:46:39  20   simply ignores Section 3.2.  We have a section that

09:46:45  21   specifically says:  You do not get to withhold taxes unless

09:46:49  22   it is required by law.

09:46:50  23        So the parties specifically negotiated a

09:46:53  24   provision that says there would be no withholding, and that

09:46:56  25   shows that they contemplated that if there was going to be a

09:46:58 1 withholding, that there might be consequences from trying to

09:47:01 2 fix that withholding.  So that's why it's foreseeable here.

09:47:04 3 And if I could just give one quick analogy.

09:47:07 4 I enter into a contract to buy a truck; seller reneges; I've

09:47:10 5 got to get another truck, and the truck is more expensive.

09:47:13 6 Everybody I think would agree that the higher price is direct

09:47:16 7 damages.

09:47:16 8 Now, let's say that truck is in San

09:47:20 9 Francisco, and I say:  Well, I've got to get a tow truck and

09:47:22 10 go to San Francisco to get it.  There might be some

09:47:25 11 reasonable debate as to whether that tow truck expense is

09:47:25 12 direct damages.

09:47:26 13 Now, let me change up the contract a little

09:47:29 14 bit.  Seller says:  I'm going to sell you a truck, and I'm

09:47:33 15 going to deliver it to your driveway in Los Angeles.  Now,

09:47:36 16 the cost of getting the tow truck to go to San Francisco

09:47:40 17 absolutely is direct damage, because we've got a contract

09:47:43 18 provision saying not just that you're going to deliver the

09:47:45 19 truck but the circumstances under which you are going to

09:47:48 20 deliver the truck.

09:47:48 21 And that's precisely what we have in 3.2.

09:47:52 22 It's not just that they agreed to pay us $8 million.  They

09:47:55 23 agreed to pay $8 million and not do a withholding unless that

09:48:00 24 withholding is required by law, and they breached that

09:48:03 25 portion, 3.2, and forced us to spend fees directly related to

| | |
|---|---|
| 09:48:08 | 1 |
| 09:48:11 | 2 |
| 09:48:11 | 3 |
| 09:48:12 | 4 |
| 09:48:15 | 5 |
| 09:48:22 | 6 |
| 09:48:25 | 7 |
| 09:48:29 | 8 |
| 09:48:33 | 9 |
| 09:48:38 | 10 |
| 09:48:40 | 11 |
| 09:48:43 | 12 |
| 09:48:46 | 13 |
| 09:48:49 | 14 |
| 09:48:51 | 15 |
| 09:48:54 | 16 |
| 09:48:57 | 17 |
| 09:49:00 | 18 |
| 09:49:04 | 19 |
| 09:49:05 | 20 |
| 09:49:08 | 21 |
| 09:49:11 | 22 |
| 09:49:16 | 23 |
| 09:49:20 | 24 |
| 09:49:22 | 25 |

the withholding, and that's what makes it foreseeable here.

**THE COURT:**  Tie that together for me.

**MR. LO:**  Sure.

**THE COURT:**  So, why is the fact that that provision says, you know, unless there is a legal issue, they can't withhold?  Why does that trigger the professional fees?

**MR. LO:**  Because as the Court found in its summary judgment motion, what they breached was a combination of 3.1 and 3.2, and what we're looking for in terms of direct damages, is there any indicia in the contract that the parties thought that a consequence of the breach or, you know, whatever it is that they did, was we might have to spend money to go to the Korean tax authorities.

**THE COURT:**  Right.  What I'm wondering about is, what's the language that makes it foreseeable that you would have to spend money to go to the Korean tax authorities?

**MR. LO:**  Because they specifically said you're not going to withhold it unless it's required by law.  And so the parties attempted to contract -- not attempted -- the parties in fact contracted out of an improper withholding.

And so having that provision in there and then performing an improper withholding and forcing us to go to fix that improper withholding makes it direct damages.

So, in other words, it would be a closer argument if the only thing that existed here was 3.81.  There

09:49:28  1   is $8 million.  We can argue whether the withholding expenses

09:49:32  2   or the expenses incurred as a result of the withholding are

09:49:35  3   direct damages; but when the parties actually contract to

09:49:38  4   deliver the truck to the driveway, to not do an improper

09:49:41  5   withholding, and then they breached that, then me fixing the

09:49:45  6   truck not being on my driveway, me fixing the fact that now

09:49:49  7   the money is being withheld with the Korean tax authorities

09:49:53  8   is directly contemplated by Section 3.2. of the JDLA.

09:49:58  9           THE COURT:  Okay.  You pointed to the verdict

09:50:00  10  form, and you said that --

09:50:02  11           Well, the jury did hold that Samsung was

09:50:05  12  unable to prove it was damaged, correct?  That it suffered

09:50:10  13  damages.

09:50:10  14           MR. LO:  It proved that we did not prove up our --

09:50:13  15  Netlist did not prove up its damages.

09:50:16  16           THE COURT:  Netlist did not prove it suffered

09:50:19  17  damages.  Period.  Right?

09:50:20  18           MR. LO:  Correct.  But the damages is a reference

09:50:22  19  to monetary damages, not harm.  In other words, they weren't

09:50:26  20  asked any questions about harm.

09:50:28  21           THE COURT:  Right.  So, what you're indicating, if

09:50:30  22  I was to read the verdict form question in a light more

09:50:37  23  favorable to your argument, did Netlist prove that it

09:50:41  24  suffered monetary damages as a result of Samsung's breach?

09:50:45  25           MR. LO:  Correct.

09:50:46   1      **THE COURT:**  And you're looking at the word

09:50:48   2   "damages," meaning it's not damage in the contract sense but

09:50:53   3   damage in the how much money.

09:50:55   4      **MR. LO:**  That's correct.  And no evidence was

09:50:57   5   really put on in terms of whether any harm occurred, and in

09:51:02   6   fact, we were precluded from putting on evidence in terms of

09:51:06   7   consequential and other types of harm.  So, the jury didn't

09:51:08   8   even have a full picture in order to determine whether we've

09:51:11   9   been harmed, period, as opposed to whether we've proved up

09:51:15  10   the monetary damages that we were seeking at that particular

09:51:18  11   trial.

09:51:19  12      **THE COURT:**  Okay, thank you very much.

09:51:19  13          I'll give you an opportunity to respond.

09:51:22  14      **MR. YODER:**  Thank you so much, Your Honor.

09:51:24  15          Let me go through first, second and third

09:51:27  16   claims real quickly and just make a few points.

09:51:31  17      **THE COURT:**  Sure.

09:51:32  18      **MR. YODER:**  First of all, when Counsel says there

09:51:34  19   is no court of appeal cases for Samsung -- for Netlist -- for

09:51:39  20   Samsung.  There aren't any for Netlist either.  There is no

09:51:44  21   case where there is a finding of no result in damages and

09:51:47  22   nominal damages were still awarded.

09:51:49  23          *Kronos* is a tort case.  The comment they made

09:51:52  24   about contract law is dicta.  There is no holding on it.  The

09:51:55  25   facts weren't before it.  And the *Freund* case, which Mr. Lo

| | |
|---|---|
| 09:52:00 | 1 |

also relies on, makes clear that nominal damages are where

there is not sufficient certainty as to the monetary value.

So that's point No. 1. And I would submit, Your Honor, it's

the only way to reconcile the New York case law as indicated

by the commentary to the pattern jury instruction.

        The *Clifford* case, there is no discussion

that even though ordinarily they'd be entitled to nominal

damages, we're not going to do it here because each side had

claims against the other.  There is no discussion about that.

        In the second paragraph, they were separately

considering different breaches.  It was because they proved

no damages that they weren't entitled to nominal damages.

That's what the Court said, not what Mr. Lo is speculating as

to what might have been in the Court's mind.

        And I would say, Your Honor, I looked back at

the verdict form, and it is pretty clear that the first

question was asking about whether they were resulting

damages.  "Did Netlist prove it suffered damages as a

result?"  That's causation.  That's the fourth element which

Your Honor did not address in summary judgment because they

didn't ask you to.  It was never before Your Honor.  Somebody

had to make that decision, and it was the jury.

        I would also say that even if it may be

appropriate to infer damages for breach of contract under

certain circumstances, it's very different than other

09:53:24  1    situations where there is nominal damages:  Trespass, where

09:53:28  2    you can pretty safely assume harm; 1983 civil rights actions,

09:53:34  3    again, where you can assume harm; defamation as well.  But

09:53:40  4    with a contract, there may or may not be harm.  And even if

09:53:43  5    you might be able to infer for purposes of getting past

09:53:48  6    summary judgment --

09:53:49  7                    Which is what happened in *McCoy*.  *McCoy*,

09:53:52  8    damages were left for trial, they weren't decided.  It was a

09:53:52  9    denial of a summary judgment on the whole because you still

09:54:02  10   had to decide damages.  And when you have a finding that

09:54:04  11   there's no harm, then New York law simply doesn't allow

09:54:07  12   judgment for the plaintiff, otherwise, all the cases saying

09:54:10  13   otherwise are just nonsensical.

09:54:13  14                   And the notion that:  Well, it's only because

09:54:15  15   nobody asked for them.  Netlist didn't ask for them here.

09:54:21  16   They didn't ask the jury, they didn't reserve on that in any

09:54:26  17   way, shape or form.  So they clearly made a decision, because

09:54:29  18   Your Honor didn't award them, that they didn't want to go to

09:54:31  19   the jury on nominal damages, and it's too late now to come

09:54:36  20   back to Court and say we should get them.

09:54:39  21                   In terms of the second claim, foreseeability

09:54:44  22   is a concept for any contract damage, even consequential.

09:54:51  23   *Hadley v. Baxendale*.  It doesn't matter whether they're

09:54:53  24   general or consequential; they have to be foreseeable.

09:54:57  25                   The argument that:  Well, if we don't get

09:54:59  1    these PWC fees, we're not made whole.  That's always true for

09:55:04  2    consequential damages.  But there is a bar here that Your

09:55:08  3    Honor found applied and was enforceable on summary judgment,

09:55:11  4    that there can be no liability based on consequential

09:55:15  5    damages.

09:55:15  6            The PWC fees are consequential damages.  The

09:55:21  7    *Schonfeld* case is clear, consistent with New York law, that

09:55:23  8    general damages are the value of the promised performance.

09:55:26  9    Promised performance here was the $8 million.  They

09:55:30  10   stipulated going into trial --

09:55:31  11           **THE COURT:**  Let me stop you there just one second.

09:55:34  12           On the second claim, right, why couldn't

09:55:37  13   there be nominal damages there?  I mean, clearly there's some

09:55:42  14   harm.

09:55:42  15           **MR. YODER:**  I would say this, Your Honor.  They

09:55:44  16   didn't prove it.  They didn't ask the jury to decide it.

09:55:48  17   They didn't ask Your Honor to decide it.  They didn't

09:55:51  18   preserve the issue in the pretrial conference order.

09:55:51  19           And what happened, if you think about how we

09:55:59  20   got here, right?  When Your Honor granted summary judgment on

09:56:00  21   the first three elements for 6.2 and 3.1, and on 3.2 Mr. Lo

09:56:07  22   was talking about, they abandoned that claim.  That claim was

09:56:11  23   abandoned before we went to trial.  It wasn't at issue in

09:56:15  24   this case any longer.

09:56:16  25           So, Your Honor leaves damages for trial,

| | |
|---|---|
| 09:56:19 | 1 |
| 09:56:23 | 2 |
| 09:56:26 | 3 |
| 09:56:32 | 4 |
| 09:56:35 | 5 |
| 09:56:40 | 6 |
| 09:56:44 | 7 |
| 09:56:46 | 8 |
| 09:56:49 | 9 |
| 09:56:54 | 10 |
| 09:56:57 | 11 |
| 09:56:59 | 12 |
| 09:57:00 | 13 |
| 09:57:05 | 14 |
| 09:57:06 | 15 |
| 09:57:06 | 16 |
| 09:57:06 | 17 |
| 09:57:06 | 18 |
| 09:57:06 | 19 |
| 09:57:08 | 20 |
| 09:57:09 | 21 |
| 09:57:10 | 22 |
| 09:57:13 | 23 |
| 09:57:17 | 24 |
| 09:57:20 | 25 |

which would be the fourth element on a breach of contract case on both the first claim and the second claim, but on the second claim only as to 3.1.  Then when we get to trial, they stipulate that the only damage they're claiming for 3.1 are the PWC fees.  There is no other damage.  And Your Honor didn't find damage on summary judgment, because they didn't move on damage.  It wasn't an issue before Your Honor.

So, at that point the only thing that they have to hang their hat on for damage are these PWC fees, which, one, we submit are consequential.  The *American List* case --

THE COURT:  And so, essentially, what you're saying is that the PWC fees are consequential damages.  We're in the same boat we are --

MR. YODER:  Absolutely --

THE COURT:  -- as --

MR. YODER:  Absolutely.

THE COURT:  -- in claim one --

MR. YODER:  Absolutely.  We just get there a little differently because we don't have a jury verdict, but we get there the same way.

So, then the last thing I would say is on the third claim, Your Honor.  To be clear, we believe that we're entitled to judgment because they did fail on the first and second claim; but even if the Court were to disagree for some

09:57:24  1    reason and enter judgment for Netlist on those two claims for

09:57:30  2    nominal damages, we still believe that the fact that there is

09:57:33  3    a jury finding on the first claim of no damage, no resulting

09:57:38  4    damage, and there are no recoverable damages on the second

09:57:42  5    claim, anything would be, you know, consequential, those are

09:57:48  6    new facts and changed circumstances that are clearly relevant

09:57:52  7    to three of the five factors on materiality; and under Rule

09:57:59  8    54(b), we believe the Court has the authority, and we think

09:58:01  9    the changed circumstances compel at a minimum there should be

09:58:05  10   a trial on the issue of materiality.

09:58:06  11            But beyond that, we also think we've cited

09:58:10  12   cases showing without harm there cannot be materiality, and

09:58:14  13   hence we should be given judgment on that as well.

09:58:17  14            **THE COURT:**  Okay, thank you.

09:58:19  15            **MR. YODER:**  Thank you, Your Honor.

09:58:20  16            **THE COURT:**  I'll give Mr. Lo another opportunity,

09:58:23  17   since I gave you two opportunities.

09:58:26  18            **MR. LO:**  Thank you, Your Honor.

09:58:29  19            **THE COURT:**  And I guess the point --

09:58:31  20            So that, I mean, this does seem to be hinging

09:58:34  21   on this point of, if you don't show you've been damaged, are

09:58:39  22   you still entitled to nominal damages?  And your argument

09:58:43  23   would be:  Definitely.

09:58:44  24            **MR. LO:**  Definitely.  Number one, *Kronos* says

09:58:48  25   always; Number two, the *Freund* case, that's the 1974 Court of

| | | |
|---|---|---|
| 09:58:53 | 1 | Appeals case, they pursued a completely wrong model of |
| 09:58:56 | 2 | damages at trial.  It was the book publishing case, and |
| 09:59:01 | 3 | rather than the plaintiff saying here are the damages from |
| 09:59:03 | 4 | your failure to publish, I want damages based on how much it |
| 09:59:08 | 5 | would have cost me to publish.  So, it was just a completely |
| 09:59:10 | 6 | off-the-wall damages theory, didn't go through, so they |
| 09:59:13 | 7 | proved they did nothing to show harm, and that's the case |
| 09:59:16 | 8 | where the Court gave them nominal damages. |
| 09:59:18 | 9 | And the same thing with the Manhattan Saving. |
| 09:59:21 | 10 | The Court said -- it was a loan case, and it was about the |
| 09:59:25 | 11 | interest rate.  The Court said I see no difference between |
| 09:59:28 | 12 | the interest rate in the contract versus the interest rate |
| 09:59:30 | 13 | that was in the markets.  So, again, no damages, and nominal |
| 09:59:32 | 14 | damages were granted.  So there is no court of appeals case |
| 09:59:34 | 15 | that draws the distinction that Samsung is attempting to draw |
| 09:59:38 | 16 | now. |
| 09:59:39 | 17 | If I could speak just briefly on the |
| 09:59:41 | 18 | materiality point. |
| 09:59:43 | 19 | **THE COURT:**  Sure. |
| 09:59:43 | 20 | **MR. LO:**  First, the facts on materiality were |
| 09:59:48 | 21 | undisputed at summary judgment, and with respect to the |
| 09:59:50 | 22 | supply provision, Samsung didn't even argue as a conclusion |
| 09:59:54 | 23 | of law that materiality was not shown as to 6.1. |
| 09:59:59 | 24 | The first time any of the arguments that |
| 10:00:02 | 25 | Samsung is advancing today was advanced, as the Court will |

10:00:05  1    recall, was on the motion for reconsideration.  So, all of

10:00:07  2    these legal arguments and the lack of dispute as to the

10:00:11  3    factual underpinnings of the Court's legal conclusion were

10:00:17  4    unchallenged at summary judgment.

10:00:17  5              Second, what the Court said on the

10:00:19  6    materiality was, it looked to the essence of the contract,

10:00:22  7    and it looked at how much it meant, the 6.1 meant to the

10:00:26  8    parties.  None of that was challenged at the December trial.

10:00:29  9    No evidence was given to that.  There's no suggestion even

10:00:33  10   today that 6.1 was not an important provision to Netlist, and

10:00:41  11   so all of those -- all of those underpinnings remain true

10:00:45  12   today.

10:00:46  13             Finally, let me just briefly address the

10:00:48  14   point about Section 3.2.  You heard Samsung suggest, and this

10:00:53  15   is what they say in their papers, that we've abandoned

10:00:56  16   Section 3.2, and so therefore the Court should ignore that

10:01:01  17   for the purposes of looking at whether it is direct or

10:01:03  18   consequential damages.

10:01:05  19             First, there is no abandonment of that when

10:01:07  20   you're looking for *direct* versus *consequential*.  It's a

10:01:10  21   fact-intensive -- not fact-intensive, but it's a

10:01:15  22   fact-dependent inquiry, depending on what the parties

10:01:16  23   contracted for, and the fact that 3.2 specifically calls out

10:01:18  24   the circumstances under which you can make a withholding is

10:01:24  25   direct evidence that these are direct damages; and second, I

would simply point to the Court's summary judgment order on

page 18, that's on Docket 186, where the Court says that

Netlist contends that the NRE fees were not taxable in Korea

because of Section 3.1 as qualified by Section 3.2.

So, the Court already ruled on that

particular claim relying on both Section 3.1 and Section 3.2,

and that was not the claim that we chose not to pursue at

trial.  That was the Court's statement independent of the

cooperation claim.

So that 3.2 and our reliance upon it to show

direct damages has never been abandoned by Netlist, and it's

in fact, it's already locked into the Court's Summary

Judgment Order.

**THE COURT:**  Thank you, Counsel.

Thank you, counsel.  I think I've got all

that I need.  I appreciate it.

COURT CLERK:  All rise.

Court is in recess.

~ ~ ~

(Recess taken.)

~ ~ ~

```
 1                   C E R T I F I C A T E

 2   I hereby certify that the foregoing is a true and correct

 3   transcript of the stenographically recorded proceedings in

 4   the above matter.

 5   Fees charged for this transcript, less any circuit fee

 6   reduction and/or deposit, are in conformance with the

 7   regulations of the judicial conference of the united states.

 8

 9

10   /S/Anne Kielwasser
     _____      _3/3/2022__
11   Anne Kielwasser, CSR, RPR         Date
     Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**/**

/S/Anne [1] - 34:10

**1**

**1** [1] - 26:3
**14** [2] - 1:19, 3:1
**1700** [1] - 2:13
**18** [1] - 33:2
**186** [1] - 33:2
**1875** [1] - 2:23
**18th** [1] - 2:18
**1941** [1] - 16:6
**1974** [2] - 16:7, 30:25
**1981** [1] - 10:23
**1983** [2] - 4:13, 27:2
**1988** [1] - 20:7
**1993** [2] - 5:5, 17:18

**2**

**2** [1] - 3:5
**20-993** [2] - 1:11, 3:5
**2002** [1] - 19:14
**2022** [2] - 1:19, 3:1
**213-229-7520** [1] - 2:7
**213-430-6000** [1] - 2:19
**213-430-6407** [1] - 2:19
**2300** [1] - 2:23

**3**

**3.1** [6] - 23:8, 28:21, 29:3, 29:4, 33:4, 33:6
**3.2** [12] - 21:20, 22:21, 22:25, 23:9, 24:8, 28:21, 32:14, 32:16, 32:23, 33:4, 33:6, 33:10
**3.81** [1] - 23:25
**3/3/2022** [1] - 34:10
**310-201-2100** [1] - 2:24
**310-201-2110** [1] - 2:24
**333** [1] - 2:6
**380** [1] - 10:2

**4**

**400** [1] - 2:18
**420** [1] - 4:21, 6:14

**5**

**54(b** [2] - 14:13, 30:8
**59** [1] - 14:12

**6**

**6.1** [3] - 31:23, 32:7, 32:10
**6.2** [1] - 28:21
**604** [1] - 10:1
**610** [1] - 2:13

**8**

**8** [4] - 22:22, 22:23, 24:1, 28:9

**9**

**90** [1] - 4:13
**90067** [1] - 2:23
**90071** [1] - 2:6
**90071-2899** [1] - 2:18
**92660** [1] - 2:14
**949-760-9600** [1] - 2:14
**949-823-6994** [1] - 2:15
**9:00** [1] - 1:19
**9:20** [1] - 3:1

**A**

**A.M** [1] - 1:19
**abandoned** [4] - 28:22, 28:23, 32:15, 33:11
**abandonment** [1] - 32:19
**able** [3] - 8:15, 19:4, 27:5
**absence** [3] - 6:25, 19:15, 19:17
**absolutely** [5] - 8:21, 22:17, 29:15, 29:17, 29:19
**acknowledged** [1] - 7:25
**acknowledges** [1] - 6:15
**action** [2] - 11:9, 11:25
**actions** [1] - 27:2
**actual** [2] - 8:5, 11:23
**add** [1] - 17:15
**address** [4] - 7:9, 7:10, 26:20, 32:13
**adequate** [1] - 14:8
**advanced** [1] - 31:25
**advancing** [1] - 31:25
**Aero** [1] - 21:6
**affirmed** [1] - 12:9
**agree** [1] - 22:6
**agreed** [2] - 22:22, 22:23
**agreement** [5] - 7:14, 10:24, 11:8, 17:24
**agrees** [2] - 13:14, 13:19
**allegation** [1] - 7:1
**alleged** [1] - 11:5
**allow** [1] - 27:11
**American** [2] - 21:15, 29:10
**amount** [7] - 5:18, 6:3, 6:18, 6:21, 12:24, 13:5, 13:8
**analogy** [1] - 22:3
**Angeles** [5] - 1:18, 2:6, 2:18, 2:23, 2:25
**Angelo** [1] - 2:4
**Anne** [1] - 34:11
**ANNE** [1] - 1:23
**anne.kielwasser@ gmail.com** [1] - 1:25
**answered** [1] - 6:2
**answering** [1] - 5:8
**anticipated** [1] - 14:15
**appeal** [1] - 25:19
**appeals** [8] - 15:10, 15:11, 16:8, 17:7, 18:16, 18:25, 20:6, 31:14
**Appeals** [9] - 4:8, 4:12, 16:4, 16:18, 17:12, 18:6, 18:20, 20:23, 31:1
**appearances** [1] - 3:7
**Appellate** [2] - 5:5, 10:3
**applied** [2] - 11:18, 28:3
**applies** [1] - 13:4
**appreciate** [1] - 33:16
**appropriate** [1] - 26:24
**argue** [2] - 24:1, 31:22
**arguing** [4] - 4:4, 12:21, 19:20
**argument** [9] - 20:1, 20:22, 23:25, 24:23, 27:25, 30:22
**arguments** [3] - 13:2, 31:24, 32:2

**Associates** [1] - 19:14
**assume** [2] - 27:2, 27:3
**attempted** [2] - 23:19
**attempting** [1] - 31:15
**attempts** [1] - 19:7
**attention** [1] - 5:7
**attorney's** [1] - 21:17
**authorities** [3] - 23:13, 23:16, 24:7
**authority** [4] - 4:11, 14:14, 21:4, 30:8
**AV1** [1] - 4:13
**available** [10] - 4:7, 4:9, 7:8, 7:10, 9:17, 9:20, 16:10, 16:13, 19:10, 20:14
**Avenue** [1] - 2:6
**AVX** [1] - 4:13
**award** [8] - 5:14, 6:6, 7:10, 7:16, 8:11, 10:18, 18:12, 27:18
**awarded** [2] - 4:4, 25:22
**aware** [3] - 5:6, 19:1

**B**

**bank** [1] - 5:24
**bar** [1] - 28:2
**based** [4] - 14:17, 14:21, 28:4, 31:4
**basis** [1] - 11:1
**Baxendale** [1] - 27:23
**Beach** [1] - 2:14
**behalf** [2] - 3:9, 3:23
**BEHALF** [2] - 2:2, 2:10
**bench** [1] - 11:21
**benefit** [1] - 14:7
**Bengals** [1] - 17:16
**best** [2] - 21:3, 21:4
**Best** [2] - 2:5, 3:10
**between** [1] - 31:11
**beyond** [1] - 30:11
**big** [2] - 15:20, 15:21
**Bird** [1] - 2:22
**bit** [1] - 22:14
**blank** [1] - 8:25
**boat** [1] - 29:14
**book** [1] - 31:2
**bottom** [1] - 17:11
**Boxer** [1] - 2:22
**breach** [38] - 4:3, 4:5, 4:10, 5:20, 5:21, 6:2, 6:6, 7:5, 7:14, 7:25, 8:2, 9:11, 10:6, 10:8, 10:11, 10:15, 10:23, 11:2, 11:5, 11:6, 11:8, 11:15, 11:24,

12:1, 12:11, 14:25, 18:5, 19:16, 19:24, 20:8, 20:24, 20:25, 23:11, 24:24, 26:24, 29:1
**breached** [15] - 7:2, 10:9, 10:24, 12:6, 15:14, 17:14, 17:24, 18:3, 18:10, 18:11, 22:24, 23:8, 24:5
**breaches** [2] - 14:23, 26:11
**breaching** [1] - 18:13
**briefing** [2] - 9:15, 13:1
**briefly** [2] - 31:17, 32:13
**bring** [4] - 5:7, 15:25, 16:16, 19:5
**bucket** [2] - 15:20, 15:21
**buy** [1] - 22:4

**C**

**C.K** [1] - 3:11
**C.K.S** [1] - 6:21
**CA** [4] - 2:6, 2:14, 2:18, 2:23
**CALIFORNIA** [2] - 1:2, 1:25
**California** [1] - 1:18
**cannot** [3] - 6:18, 11:24, 30:12
**case** [68] - 4:12, 5:1, 5:4, 5:5, 5:10, 6:6, 7:4, 7:6, 7:11, 7:13, 7:14, 7:16, 7:19, 7:21, 7:22, 7:23, 7:24, 9:13, 9:15, 9:21, 9:22, 10:4, 10:5, 10:7, 11:5, 11:13, 11:18, 12:2, 12:5, 12:6, 12:14, 15:11, 16:5, 16:7, 17:13, 17:16, 17:17, 17:18, 17:20, 18:8, 18:11, 18:16, 18:19, 18:21, 18:25, 19:3, 19:14, 19:15, 20:7, 25:21, 25:23, 25:25, 26:4, 26:6, 28:7, 28:24, 29:2, 29:11, 30:25, 31:1, 31:2, 31:7, 31:10, 31:14
**cases** [40] - 6:10, 6:17, 6:22, 6:25, 8:6, 8:12, 9:2, 9:4, 9:13, 11:10, 11:12, 14:23, 15:7, 15:8, 15:13, 15:15,

15:19, 16:2, 16:4, 16:8, 16:15, 16:18, 16:21, 16:22, 16:23, 17:5, 17:7, 17:12, 18:20, 18:22, 19:5, 19:11, 20:11, 20:23, 21:6, 21:11, 21:14, 25:19, 27:12, 30:12
**causation** [1] - 26:19
**caused** [3] - 5:19, 12:25, 20:8
**Center** - 2:13
**CENTRAL** [2] - 1:2, 1:25
**Century** [1] - 2:23
**CEO** [1] - 3:11
**certain** [4] - 9:19, 13:5, 18:4, 26:25
**certainly** [2] - 7:20, 13:18
**certainty** [4] - 6:19, 9:8, 13:7, 26:2
**certify** [1] - 34:2
**CFO** [1] - 3:11
**challenged** [1] - 32:8
**change** [1] - 22:13
**changed** [4] - 14:5, 15:1, 30:6, 30:9
**characterize** [1] - 21:8
**charged** [1] - 34:5
**chases** [1] - 8:13
**chose** [1] - 33:7
**Circuit** [2] - 12:3, 12:9
**circuit** [1] - 34:5
**circumstances** [8] - 10:12, 14:5, 15:1, 22:19, 26:25, 30:6, 30:9, 32:24
**cite** [3] - 9:12, 9:21, 19:4
**cited** [15] - 4:20, 5:1, 6:18, 6:22, 7:21, 7:22, 8:7, 11:12, 12:3, 14:23, 15:8, 16:11, 17:18, 19:11, 30:11
**cites** [1] - 8:12
**citing** [6] - 6:17, 6:21, 15:19, 15:21, 19:15, 19:18
**City** [1] - 21:7
**civil** [1] - 27:2
**claim** [31] - 4:3, 5:12, 5:16, 9:11, 11:16, 13:19, 13:20, 13:21, 14:1, 14:4, 14:10, 14:17, 19:17, 19:24, 21:3, 27:21, 28:12, 28:22, 29:2, 29:3, 29:18, 29:23, 29:25,

30:3, 30:5, 33:6, 33:7, 33:9
**claiming** [1] - 29:4
**claims** [6] - 8:7, 13:20, 14:2, 25:16, 26:9, 30:1
**clear** [9] - 7:17, 7:23, 13:23, 14:13, 18:13, 26:1, 26:16, 28:7, 29:23
**clearly** [5] - 7:18, 14:5, 27:17, 28:13, 30:6
**CLERK** [2] - 3:5, 33:17
**Clifford** [9] - 5:4, 9:21, 9:25, 10:1, 10:17, 17:17, 18:8, 26:6
**closer** [1] - 23:24
**Co** [1] - 3:6
**CO** [1] - 1:13
**colleagues** [1] - 3:15
**combination** [1] - 23:8
**comment** [1] - 25:23
**commentary** [4] - 4:21, 6:14, 6:23, 26:5
**companion** [2] - 7:21, 7:23
**compel** [1] - 30:9
**compensation** [2] - 9:18, 14:8
**compete** [1] - 10:25
**complainant** [1] - 7:3
**complete** [2] - 19:15, 19:17
**completely** [2] - 31:1, 31:5
**concede** [1] - 7:20
**concept** [3] - 15:25, 19:12, 27:22
**concluded** [3] - 10:10, 10:22, 11:7
**conclusion** [2] - 31:22, 32:3
**conference** [2] - 28:18, 34:7
**confidentiality** [1] - 7:14
**conformance** [1] - 34:6
**consequence** [1] - 23:11
**consequences** [1] - 22:1
**consequential** [12] - 13:24, 25:7, 27:22, 27:24, 28:2, 28:4, 28:6, 29:10, 29:13, 30:5, 32:18, 32:20
**considered** [3] - 13:24, 14:19

**considering** [2] - 14:9, 26:11
**consistent** [1] - 28:7
**contemplated** [2] - 21:25, 24:8
**contemplates** [1] - 19:18
**contends** [1] - 33:3
**contract** [43] - 4:3, 4:6, 4:10, 5:21, 6:6, 7:2, 7:5, 7:6, 7:7, 7:9, 7:11, 7:25, 8:1, 8:2, 9:11, 10:6, 10:8, 11:2, 11:9, 11:15, 11:24, 12:6, 12:23, 16:5, 19:17, 19:24, 20:8, 21:13, 22:4, 22:13, 22:17, 23:10, 23:19, 24:3, 25:2, 25:24, 26:24, 27:4, 27:22, 29:1, 31:12, 32:6
**contracted** [2] - 23:20, 32:23
**cooperation** [1] - 33:9
**copies** [1] - 4:24
**Corporation** [2] - 1:8, 1:13
**correct** [9] - 11:4, 19:22, 19:25, 20:3, 24:12, 24:18, 24:25, 25:4, 34:2
**cost** [2] - 22:16, 31:5
**Counsel** [3] - 3:7, 25:18, 33:14
**counsel** [2] - 5:6, 33:15
**counsel's** [1] - 3:9
**Count** [1] - 13:16
**course** [2] - 6:2, 16:11
**COURT** [42] - 1:1, 1:24, 3:5, 3:13, 3:17, 3:19, 3:21, 3:24, 4:16, 4:18, 4:22, 6:12, 8:19, 9:25, 10:20, 11:17, 13:12, 15:3, 15:6, 19:20, 19:23, 20:1, 21:2, 23:2, 23:4, 23:14, 24:9, 24:16, 24:21, 25:1, 25:12, 25:17, 28:11, 29:12, 29:16, 29:18, 30:14, 30:16, 30:19, 31:19, 33:14, 33:17
**court** [21] - 12:4, 12:5, 12:8, 12:21, 13:6, 15:10, 15:11, 15:22, 16:7, 16:15, 16:16, 18:11, 18:16, 18:17,

18:25, 20:6, 25:19, 31:14, 33:18
**Court** [62] - 1:24, 3:25, 4:8, 4:12, 5:4, 5:11, 5:13, 5:14, 5:15, 5:21, 7:6, 7:9, 7:23, 7:25, 8:4, 8:13, 9:14, 9:21, 10:3, 10:8, 10:10, 10:18, 10:21, 11:2, 11:6, 11:10, 11:14, 11:22, 12:16, 13:3, 13:13, 13:14, 13:18, 16:1, 16:3, 16:11, 16:18, 17:9, 17:12, 18:6, 18:8, 18:9, 18:20, 20:7, 20:21, 20:23, 23:7, 26:13, 27:20, 29:25, 30:8, 30:25, 31:8, 31:10, 31:11, 31:25, 32:5, 32:16, 33:2, 33:5, 34:11
**Court's** [7] - 5:7, 13:15, 26:14, 32:3, 33:1, 33:8, 33:12
**courtroom** [1] - 3:10
**courts** [2] - 15:24, 17:22
**Cream** [1] - 6:22
**critical** [2] - 5:10, 6:4
**criticism** [1] - 19:3
**CRR** [1] - 1:23
**Crutcher** [1] - 2:5
**CSR** [1] - 1:23, 34:11
**CV** [1] - 1:11

**D**

**damage** [21] - 5:15, 6:8, 6:9, 7:1, 9:6, 10:15, 12:24, 13:7, 13:22, 19:9, 22:17, 25:2, 25:3, 27:22, 29:4, 29:5, 29:6, 29:7, 29:9, 30:3, 30:4
**damaged** [3] - 10:11, 24:12, 30:21
**damages** [125] - 4:4, 4:5, 4:7, 4:9, 5:12, 5:13, 5:14, 5:15, 5:18, 5:19, 5:24, 6:1, 6:7, 6:16, 6:20, 7:7, 7:10, 7:16, 8:3, 8:4, 8:6, 8:11, 8:15, 8:16, 9:5, 9:8, 9:16, 9:19, 10:12, 10:16, 10:17, 10:18, 10:19, 11:8, 11:16, 11:21, 11:23, 12:11, 12:20, 13:5,

13:8, 13:14, 13:19, 13:24, 14:4, 14:17, 15:14, 15:15, 15:23, 15:25, 16:2, 16:8, 16:10, 16:17, 16:19, 16:24, 17:4, 17:6, 17:13, 17:22, 18:1, 18:3, 18:12, 19:5, 19:8, 19:12, 19:16, 19:21, 20:5, 20:10, 20:13, 20:14, 20:17, 20:18, 20:24, 21:5, 22:7, 22:12, 23:10, 23:23, 24:3, 24:13, 24:15, 24:17, 24:18, 24:19, 24:24, 25:2, 25:10, 25:21, 25:22, 26:1, 26:8, 26:12, 26:18, 26:24, 27:1, 27:8, 27:10, 27:19, 28:2, 28:5, 28:6, 28:8, 28:13, 28:25, 29:13, 30:2, 30:4, 30:22, 31:2, 31:3, 31:4, 31:6, 31:8, 31:13, 31:14, 32:18, 32:25, 33:11
**Date** [1] - 34:11
**debate** [1] - 22:11
**December** [1] - 32:8
**decide** [4] - 16:17, 27:10, 28:16, 28:17
**decided** [4] - 9:1, 18:23, 19:2, 27:8
**decision** [5] - 17:21, 18:12, 26:22, 27:17
**decisions** [3] - 15:22, 16:16
**defamation** [1] - 27:3
**defeat** [1] - 19:16
**defendant** [9] - 1:15, 7:2, 8:14, 10:7, 10:22, 12:1, 12:6, 12:12, 18:11
**defendant's** [2] - 11:24, 12:11
**DEFENDANTS** [1] - 2:10
**definitely** [2] - 30:23, 30:24
**definitive** [1] - 15:9
**definitively** [1] - 14:22
**Delaware** [1] - 1:8
**deliver** [4] - 22:15, 22:18, 22:20, 24:4
**demonstrate** [1] - 14:24
**demonstrates** [1] - 9:22
**denial** [1] - 27:9

**denied** [1] - 10:13
**Department** [2] - 5:5, 10:2
**dependent** [1] - 32:22
**deposit** [1] - 34:6
**determination** [1] - 12:4
**determine** [2] - 5:17, 25:8
**determined** [1] - 13:5
**determining** [1] - 13:25
**dicta** [1] - 25:24
**difference** [1] - 31:11
**different** [4] - 13:17, 13:21, 26:11, 26:25
**differently** [1] - 29:20
**difficult** [1] - 6:24
**direct** [11] - 22:6, 22:12, 22:17, 23:9, 23:23, 24:3, 32:17, 32:20, 32:25, 33:11
**directly** [3] - 20:11, 22:25, 24:8
**Director** [1] - 3:12
**disagree** [1] - 29:25
**discuss** [2] - 16:2, 16:8
**discussed** [1] - 15:14
**discusses** [2] - 16:5, 17:13
**discussing** [2] - 6:16, 18:22
**discussion** [9] - 5:16, 7:15, 7:17, 7:19, 12:16, 12:17, 12:20, 26:6, 26:9
**dismiss** [1] - 8:7
**dismissed** [1] - 11:9
**dispute** [1] - 32:2
**distinct** [1] - 21:9
**distinction** [3] - 19:7, 20:11, 31:15
**District** [1] - 18:25
**district** [5] - 12:4, 12:8, 12:21, 13:6
**DISTRICT** [4] - 1:1, 1:2, 1:24, 1:25
**Division** [2] - 5:5, 10:3
**Docket** [1] - 33:2
**dollar** [1] - 8:24
**dollars** [2] - 17:1
**done** [1] - 11:14
**down** [2] - 5:2, 21:9
**draw** [2] - 19:7, 31:15
**draws** [1] - 31:15
**drilling** [1] - 5:2
**Drive** [1] - 2:13
**driveway** [3] - 22:15,

24:4, 24:6
**Drooks** [1] - 2:22
**Dunn** [1] - 2:5

### E

**e-mail** [2] - 2:20, 2:25
**East** [1] - 2:23
**Eastern** [1] - 18:24
**effort** [1] - 17:3
**either** [2] - 15:22, 25:20
**Ekwan** [2] - 2:21, 3:22
**Electric** [1] - 20:7
**Electronics** [1] - 3:6
**ELECTRONICS** [1] - 1:13
**element** [15] - 5:20, 6:5, 8:3, 8:8, 8:9, 8:17, 8:25, 9:9, 9:11, 11:3, 19:13, 19:24, 20:1, 26:19, 29:1
**elements** [2] - 11:15, 28:21
**Elmira** [1] - 21:7
**Email** [3] - 2:7, 2:8, 2:15
**end** [1] - 11:7
**enforceable** [1] - 28:3
**enter** [2] - 22:4, 30:1
**entered** [1] - 21:13
**entirely** [2] - 12:23, 17:14
**entitled** [10] - 6:20, 8:10, 10:15, 12:12, 20:9, 20:13, 26:7, 26:12, 29:24, 30:22
**erhow@birdmarella. com** [1] - 2:25
**err** [1] - 13:8
**erred** [1] - 12:21
**escape** [1] - 12:24
**Escort** [1] - 10:23
**essence** [1] - 32:6
**essentially** [4] - 4:5, 13:15, 18:15, 29:12
**establish** [2] - 8:7, 9:10
**established** [4] - 6:5, 10:9, 10:10, 11:7
**event** [2] - 18:15, 20:20
**evidence** [5] - 12:10, 25:4, 25:6, 32:9, 32:25
**exactly** [2] - 13:10, 20:13
**exception** [2] - 15:16, 15:20

**exist** [3] - 15:12, 19:3, 20:2
**existed** [2] - 20:19, 23:25
**existence** [2] - 8:1, 13:4
**expected** [1] - 14:8
**expense** [1] - 22:11
**expenses** [2] - 24:1, 24:2
**expensive** [1] - 22:5
**explain** [1] - 17:21
**explains** [1] - 9:16
**explanation** [2] - 16:21, 16:22

### F

**fact** [15] - 6:13, 7:1, 13:4, 13:6, 23:4, 23:20, 24:6, 25:6, 30:2, 32:21, 32:22, 32:23, 33:12
**fact-dependent** [1] - 32:22
**fact-intensive** [2] - 32:21
**factors** [3] - 14:6, 14:18, 30:7
**facts** [5] - 14:5, 15:1, 25:25, 30:6, 31:20
**factual** [2] - 18:18, 32:3
**fail** [1] - 29:24
**failed** [7] - 10:22, 11:23, 12:10, 12:17, 12:18, 12:19, 13:6
**failure** [3] - 14:3, 14:22, 31:4
**fairly** [1] - 7:17
**fall** [1] - 15:20
**favor** [5] - 15:12, 15:16, 17:12, 17:14, 21:19
**favorable** [1] - 24:23
**fax** [1] - 2:14
**Fax** [2] - 2:19, 2:24
**FEBRUARY** [2] - 1:19, 3:1
**federal** [1] - 11:10
**Federal** [1] - 1:24
**fee** [1] - 34:5
**fees** [13] - 13:23, 21:5, 21:8, 21:17, 22:25, 23:6, 28:1, 28:6, 29:5, 29:9, 29:13, 33:3, 34:5
**FEINSTEIN** [1] - 3:20
**Feinstein** [2] - 2:17,

3:20
**few** [2] - 4:2, 25:16
**fill** [1] - 5:24
**fill-in-the-bank** [1] - 5:24
**finally** [1] - 32:13
**findings** [1] - 5:14
**finger** [1] - 5:3
**first** [27] - 4:3, 5:9, 5:12, 5:16, 5:22, 5:25, 8:10, 8:19, 8:20, 8:25, 11:15, 11:24, 13:19, 14:2, 17:16, 19:8, 20:17, 25:15, 25:18, 26:16, 28:21, 29:2, 29:24, 30:3, 31:20, 31:24, 32:19
**fit** [2] - 16:21, 16:23
**five** [2] - 14:6, 30:7
**fix** [2] - 22:2, 23:23
**fixing** [2] - 24:5, 24:6
**Floor** [1] - 2:18
**follow** [1] - 7:20
**following** [3] - 11:5, 19:2, 20:5
**footnote** [1] - 17:15
**forced** [1] - 22:25
**forcing** [1] - 23:22
**foregoing** [1] - 34:2
**foreseeability** [2] - 21:19, 27:21
**foreseeable** [5] - 21:12, 22:2, 23:1, 23:15, 27:24
**form** [6] - 8:23, 9:17, 24:10, 24:22, 26:16, 27:17
**foul** [1] - 18:4
**four** [1] - 5:22
**Fourth** [2] - 5:5, 10:2
**fourth** [13] - 5:20, 6:5, 8:3, 8:8, 8:9, 8:17, 8:25, 9:9, 11:2, 19:24, 20:1, 26:19, 29:1
**Francisco** [3] - 22:9, 22:10, 22:16
**free** [1] - 18:4
**Freund** [10] - 9:13, 9:15, 16:7, 17:21, 18:21, 19:1, 19:15, 19:18, 25:25, 30:25
**full** [1] - 25:8

### G

**Gail** [1] - 3:11
**Garage** [1] - 21:7

**general** [3] - 21:5, 27:24, 28:8
**Gibson** [1] - 2:5
**given** [6] - 6:13, 9:18, 14:22, 18:14, 30:13, 32:9
**Grand** [1] - 2:6
**grant** [1] - 8:14
**granted** [7] - 5:21, 6:11, 7:19, 11:14, 12:1, 28:20, 31:14
**guess** [2] - 10:23, 30:19

### H

**Hadley** [1] - 27:23
**hand** [1] - 4:23
**handed** [1] - 9:22
**handouts** [1] - 4:19
**hang** [1] - 29:9
**hard** [3] - 6:11, 7:20, 15:7
**harm** [23] - 7:18, 14:9, 14:22, 14:25, 18:4, 19:8, 19:13, 19:17, 20:6, 20:12, 20:17, 20:19, 24:19, 24:20, 25:5, 25:7, 27:2, 27:3, 27:4, 27:11, 28:14, 30:12, 31:7
**harmed** [1] - 25:9
**hat** [1] - 29:9
**hear** [1] - 15:3
**heard** [2] - 16:9, 32:14
**Hearing** [1] - 1:18
**held** [1] - 13:6
**hence** [1] - 30:13
**hereby** [1] - 34:2
**higher** [1] - 22:6
**highest** [2] - 15:10, 18:17
**hinging** [1] - 30:20
**Hirsch** [2] - 6:21, 20:6
**hold** [1] - 24:11
**holding** [2] - 6:25, 25:24
**Holland** [4] - 12:2, 12:13, 12:19, 13:6
**Hong** [1] - 3:11
**Honor** [36] - 3:8, 3:14, 3:22, 4:14, 4:20, 5:3, 5:8, 6:4, 6:10, 9:2, 11:4, 11:12, 11:19, 12:14, 13:1, 13:10, 14:3, 14:13, 14:24, 15:5, 25:14, 26:3, 26:15, 26:20, 26:21, 27:18, 28:3, 28:15,

28:17, 28:20, 28:25, 29:5, 29:7, 29:23, 30:15, 30:18
**HONORABLE** [1] - 1:4
**Hope** [1] - 2:18
**hundreds** [1] - 17:1

**I**

**Ice** [1] - 6:21
**idea** [1] - 18:13
**ignore** [3] - 9:9, 16:17, 32:16
**ignores** [1] - 21:20
**ignoring** [1] - 12:22
**important** [2] - 11:13, 32:10
**improper** [4] - 23:20, 23:22, 23:23, 24:4
**INC** [1] - 1:8
**Inc** [1] - 3:6
**including** [1] - 6:6
**incorrect** [1] - 20:22
**incurred** [1] - 24:2
**indeed** [1] - 8:8
**independent** [1] - 33:8
**indicated** [2] - 4:9, 26:4
**indicating** [2] - 11:1, 24:21
**indicia** [1] - 23:10
**inducement** [1] - 7:5
**infer** [3] - 6:8, 26:24, 27:5
**inference** [1] - 10:14
**injured** [2] - 6:19, 20:9
**innocent** [1] - 17:23
**inquiry** [1] - 32:22
**instruction** [1] - 26:5
**Instruction** [2] - 4:21, 6:14
**insufficient** [1] - 7:2
**intensive** [2] - 32:21
**intention** [1] - 5:7
**interest** [3] - 31:11, 31:12
**interlocutory** [1] - 14:14
**interpreted** [1] - 9:24
**introduce** [1] - 3:15
**invoking** [1] - 13:9
**IP** [1] - 3:12
**issue** [15] - 5:2, 5:12, 7:12, 7:18, 12:6, 13:17, 15:2, 17:3, 17:6, 21:8, 23:5, 28:18, 28:23, 29:7, 30:10
**issues** [1] - 4:1

**Item** [1] - 3:5
**itself** [1] - 12:1

**J**

**Jason** [3] - 2:4, 3:8, 3:12
**JDLA** [1] - 24:8
**jlo@gibsondunn. com** [1] - 2:7
**Joe** [1] - 3:18
**Joseph** [1] - 2:12
**JUDGE** [1] - 1:4
**Judgment** [1] - 33:13
**judgment** [27] - 5:10, 5:22, 6:5, 8:10, 8:13, 8:14, 9:1, 11:15, 12:1, 12:12, 14:15, 16:12, 23:8, 26:20, 27:6, 27:9, 27:12, 28:3, 28:20, 29:6, 29:24, 30:1, 30:13, 31:21, 32:4, 33:1
**judicial** [1] - 34:7
**jury** [22] - 4:4, 5:25, 6:2, 6:9, 8:20, 13:11, 14:3, 14:16, 14:20, 20:16, 20:17, 20:19, 24:11, 25:7, 26:5, 26:22, 27:16, 27:19, 28:16, 29:20, 30:3
**Jury** [2] - 4:21, 6:14
**jury's** [1] - 14:18

**K**

**key** [1] - 12:14
**kicking** [1] - 17:17
**KIELWASSER** [1] - 1:23
**Kielwasser** [2] - 34:10, 34:11
**knows** [1] - 17:9
**Korea** [1] - 33:3
**Korean** [4] - 1:13, 23:13, 23:16, 24:7
**Kronos** [16] - 4:12, 7:4, 10:4, 16:4, 16:9, 17:21, 18:20, 19:1, 19:9, 19:11, 20:13, 20:23, 25:23, 30:24

**L**

**lack** [1] - 32:2
**LaMagna** [1] - 2:4
**Lamania** [1] - 3:10
**language** [3] - 6:13,

10:21, 23:15
**last** [1] - 29:22
**late** [1] - 27:19
**law** [27] - 5:20, 6:10, 8:6, 8:9, 9:4, 9:23, 11:17, 11:19, 11:20, 12:16, 13:23, 14:6, 14:21, 16:5, 19:4, 19:20, 20:3, 20:22, 21:3, 21:22, 22:24, 23:18, 25:24, 26:4, 27:11, 28:7, 31:23
**leading** [1] - 11:16
**leaves** [1] - 28:25
**left** [1] - 27:8
**legal** [5] - 9:17, 20:21, 23:5, 32:2, 32:3
**less** [1] - 34:5
**level** [1] - 20:12
**liability** [2] - 12:24, 28:4
**light** [1] - 24:22
**Lincenberg** [1] - 2:22
**line** [2] - 6:25, 17:11
**List** [1] - 29:10
**litigate** [1] - 17:3
**LLP** [3] - 2:5, 2:12, 2:17
**LO** [17] - 3:8, 15:5, 15:7, 19:22, 19:25, 20:3, 21:6, 23:3, 23:7, 23:17, 24:14, 24:18, 24:25, 25:4, 30:18, 30:24, 31:20
**Lo** [7] - 2:4, 3:8, 15:3, 25:25, 26:13, 28:21, 30:16
**Loader** [3] - 12:2, 12:13, 12:19
**loan** [1] - 31:10
**locked** [1] - 33:12
**long-standing** [1] - 12:22
**look** [5] - 9:2, 14:7, 16:15, 17:11, 17:13
**looked** [5] - 6:10, 15:8, 26:15, 32:6, 32:7
**looking** [6] - 21:11, 21:14, 23:9, 25:1, 32:17, 32:20
**Los** [5] - 1:18, 2:6, 2:18, 2:23, 22:15
**loser** [1] - 21:16
**loss** [4] - 6:18, 6:21, 20:8
**lower** [2] - 15:22, 16:15
**Ltd** [1] - 3:6
**LTD** [1] - 1:13

**M**

**mail** [2] - 2:20, 2:25
**Management** [1] - 10:1
**Manhattan** [3] - 16:6, 18:21, 31:9
**Marc** [2] - 2:17, 3:20
**Marella** [1] - 2:22
**MARK** [1] - 1:4
**markets** [1] - 31:13
**mask** [1] - 4:17
**material** [2] - 14:23, 14:25
**materiality** [9] - 13:25, 14:6, 30:7, 30:10, 30:12, 31:18, 31:20, 31:23, 32:6
**matter** [3] - 20:22, 27:23, 34:4
**McCoy** [4] - 19:14, 20:5, 27:7
**McMahan** [4] - 7:22, 7:23, 7:24
**mean** [3] - 8:21, 28:13, 30:20
**meaning** [1] - 25:2
**means** [3] - 9:16, 16:13, 20:13
**meant** [1] - 32:7
**mention** [1] - 5:15
**mere** [1] - 7:1
**mfeinstein@omm. com** [1] - 2:20
**Michael** [2] - 2:11, 3:14
**might** [6] - 17:7, 22:1, 22:10, 23:12, 26:14, 27:5
**million** [4] - 22:22, 22:23, 24:1, 28:9
**millions** [1] - 16:25
**mind** [1] - 26:14
**minimum** [3] - 14:11, 15:1, 30:9
**minor** [1] - 15:20
**model** [1] - 31:1
**MONDAY** [1] - 1:19, 3:1
**monetary** [6] - 9:19, 20:18, 24:19, 24:24, 25:10, 26:2
**money** [5] - 17:3, 23:13, 23:16, 24:7, 25:3
**morning** [11] - 3:8, 3:13, 3:14, 3:17, 3:19, 3:20, 3:21, 3:22, 3:24, 15:5,

15:6
**most** [1] - 8:12
**Motion** [1] - 1:18
**motion** [2] - 23:8, 32:1
**move** [3] - 5:12, 13:12, 29:7
**MR** [38] - 3:8, 3:14, 3:18, 3:20, 3:22, 4:14, 4:17, 4:19, 4:25, 6:13, 8:21, 10:6, 11:4, 11:19, 13:17, 15:5, 15:7, 19:22, 19:25, 20:3, 21:6, 23:3, 23:7, 23:17, 24:14, 24:18, 24:25, 25:4, 25:14, 25:18, 28:15, 29:15, 29:17, 29:19, 30:15, 30:18, 30:24, 31:20
**multiple** [1] - 19:11
**Myers** [2] - 2:12, 2:17
**myoder@omm.com** [1] - 2:15

**N**

**N.Y.2d** [1] - 4:13
**N.Y.S.2d** [1] - 10:2
**nature** [1] - 8:5
**need** [3] - 19:21, 20:12, 33:16
**negotiated** [1] - 21:23
**Nessim** [1] - 2:22
**NETLIST** [1] - 1:8
**Netlist** [24] - 3:6, 3:9, 5:12, 5:23, 6:1, 6:17, 6:22, 8:12, 8:24, 9:13, 13:2, 14:3, 14:16, 24:15, 24:16, 24:23, 25:19, 25:20, 26:18, 27:15, 30:1, 32:10, 33:3, 33:11
**never** [3] - 13:7, 26:21, 33:11
**New** [36] - 4:8, 4:12, 4:21, 5:5, 5:20, 6:10, 8:6, 8:9, 9:2, 9:4, 9:23, 10:1, 11:19, 11:20, 12:16, 12:22, 13:23, 14:6, 14:21, 15:10, 15:11, 16:3, 16:18, 17:11, 17:21, 18:6, 18:17, 18:19, 18:25, 19:20, 20:3, 20:22, 20:23, 26:4, 27:11, 28:7
**new** [4] - 14:5, 14:12, 15:1, 30:6
**Newport** [2] - 2:13,

2:14
NO [1] - 1:11
nobody [2] - 17:6, 27:15
nominal [55] - 4:6, 4:9, 5:14, 5:15, 6:7, 6:16, 6:20, 7:7, 7:10, 7:16, 8:5, 8:11, 8:16, 9:5, 9:8, 9:16, 9:19, 10:12, 10:16, 10:18, 15:15, 15:23, 15:25, 16:2, 16:8, 16:10, 16:17, 16:19, 16:24, 17:3, 17:6, 17:13, 17:22, 18:1, 18:12, 19:5, 19:8, 19:9, 19:12, 20:5, 20:9, 20:13, 20:14, 20:24, 25:22, 26:1, 26:7, 26:12, 27:1, 27:19, 28:13, 30:2, 30:22, 31:8, 31:13
non [1] - 15:22
non-state [1] - 15:22
none [3] - 15:12, 15:16, 32:8
nonetheless [1] - 12:8
nonsensical [1] - 27:13
noted [1] - 12:20
nothing [1] - 31:7
notice [1] - 17:16
notified [1] - 5:6
notion [1] - 27:14
notwithstanding [1] - 11:25
NRE [1] - 33:3
number [2] - 5:25, 15:9
Number [3] - 21:11, 30:24, 30:25

**O**

O'Connor [2] - 2:12, 3:18
O'CONNOR [1] - 3:18
O'Melveny [1] - 2:12
obvious [1] - 16:22
occurred [1] - 25:5
OF [4] - 1:2, 1:25, 2:2, 2:10
off-the-wall [1] - 31:6
official [1] - 34:11
Official [1] - 1:24
OMelveny [1] - 2:17
ON [2] - 2:2, 2:10
one [22] - 4:20, 9:12, 11:13, 13:2, 14:15,

15:10, 15:13, 15:15, 15:20, 15:21, 17:13, 17:15, 17:20, 17:24, 18:18, 21:11, 22:3, 28:11, 29:10, 29:18, 30:24
opinion [1] - 12:3
opportunities [1] - 30:17
opportunity [2] - 25:13, 30:16
opposed [2] - 13:4, 25:9
order [5] - 14:15, 16:12, 25:8, 28:18, 33:1
Order [1] - 33:13
orders [1] - 14:14
ordinarily [1] - 26:7
otherwise [2] - 27:12, 27:13
out-of-state [1] - 16:15
overrule [1] - 16:3
overruling [1] - 18:19

**P**

P.M [1] - 3:1
page [1] - 33:2
papers [4] - 3:25, 14:24, 17:19, 32:15
paragraph [2] - 11:5, 26:10
Park [1] - 2:23
particular [2] - 25:10, 33:6
parties [10] - 4:2, 15:24, 21:13, 21:23, 23:11, 23:19, 24:3, 32:8, 32:22
party [8] - 6:19, 10:9, 10:10, 15:14, 17:14, 17:23, 17:24, 20:9
party's [1] - 8:2
past [1] - 27:5
Pattern [2] - 4:21, 6:14
pattern [1] - 26:5
pay [3] - 21:16, 22:22, 22:23
performance [3] - 8:1, 28:8, 28:9
performing [1] - 23:22
period [4] - 15:12, 15:16, 24:17, 25:9
permitted [1] - 12:23
Perry [5] - 7:13, 7:14, 7:21, 7:22, 7:24
person [1] - 12:22

perspective [1] - 17:8
picture [1] - 25:8
place [1] - 19:8
plaintiff [16] - 1:10, 6:6, 8:14, 10:7, 10:24, 11:7, 11:22, 11:23, 12:9, 12:17, 12:18, 12:21, 17:8, 18:10, 27:12, 31:3
PLAINTIFF [1] - 2:2
plaintiff's [1] - 9:17
plaintiffs [1] - 16:23
plausible [1] - 16:21
point [12] - 4:11, 11:10, 11:11, 13:15, 19:6, 26:3, 29:8, 30:19, 30:21, 31:18, 32:14, 33:1
pointed [1] - 24:9
pointing [1] - 10:20
points [3] - 9:3, 15:4, 25:16
portion [1] - 22:25
pose [1] - 20:17
position [3] - 13:18, 14:10, 20:21
precedents [1] - 16:20
preceding [1] - 10:21
precisely [4] - 18:2, 18:6, 21:1, 22:21
preclude [1] - 18:1
precluded [1] - 25:6
preponderance [1] - 12:10
preserve [1] - 28:18
PRESIDING [1] - 1:4
pretrial [1] - 28:18
pretty [2] - 26:16, 27:2
prevail [3] - 11:24, 14:2, 19:19
prevails [1] - 13:20
prevent [1] - 18:7
price [1] - 22:6
principle [1] - 6:24
probable [1] - 2:22
Proceedings [1] - 1:17
proceedings [2] - 5:9, 34:3
professional [3] - 21:5, 21:8, 23:6
promised [2] - 28:8, 28:9
properly [4] - 9:4, 10:12, 10:22, 11:9
prove [16] - 5:23, 6:1, 8:10, 8:17, 9:5, 11:23, 12:10, 12:19, 13:6, 24:12, 24:14, 24:15, 24:16, 24:23,

26:18, 28:16
proved [4] - 24:14, 25:9, 26:11, 31:7
proven [1] - 6:19
proving [1] - 11:25
provision [6] - 21:24, 22:18, 23:5, 23:21, 31:22, 32:10
publish [2] - 31:4, 31:5
publishing [1] - 31:2
purpose [2] - 5:17, 18:1
purposes [3] - 13:24, 27:5, 32:17
pursue [2] - 16:25, 33:7
pursued [1] - 31:1
put [3] - 5:3, 14:11, 25:5
putting [1] - 25:6
PWC [6] - 13:22, 28:1, 28:6, 29:5, 29:9, 29:13
pyrrhic [3] - 16:24, 17:8, 17:9

**Q**

qualified [1] - 33:4
quantified [1] - 7:19
quantify [2] - 8:15, 9:7
questions [5] - 4:2, 21:9, 21:10, 21:18, 24:20
quick [1] - 22:3
quickly [2] - 9:3, 25:16

**R**

rate [3] - 31:11, 31:12
rather [1] - 31:3
Raymond [2] - 2:4, 3:10
reached [1] - 13:7
read [3] - 10:21, 18:9, 24:22
real [3] - 9:3, 12:14, 25:16
really [7] - 9:2, 9:16, 11:11, 12:15, 14:7, 21:9, 25:5
reason [4] - 8:22, 15:24, 20:25, 30:1
reasonable [3] - 9:7, 13:7, 22:11
reasonably [2] - 13:5, 14:7

rebuffed [1] - 19:12
recess [1] - 33:18
Recess [1] - 33:20
recognizes [1] - 6:23
reconcile [6] - 6:11, 6:24, 9:4, 12:15, 15:7, 26:4
reconsideration [1] - 32:1
record [3] - 9:25, 17:24, 18:5
recorded [1] - 34:3
recover [2] - 6:20, 7:25, 20:9
recoverable [3] - 14:4, 21:5, 30:4
reduction [1] - 34:6
refer [1] - 4:19
reference [1] - 24:18
refute [1] - 20:11
regard [1] - 6:21
regulations [1] - 34:7
related [1] - 22:25
relevant [1] - 30:6
reliance [1] - 33:10
relies [2] - 9:13, 26:1
reluctantly [1] - 19:2
rely [1] - 7:13
relying [1] - 33:6
remain [1] - 32:11
remind [1] - 11:17
reneges [1] - 22:4
replace [1] - 10:22
Reporter [2] - 1:24, 34:11
Reporter's [1] - 1:17
requested [1] - 8:24
required [3] - 21:22, 22:24, 23:18
reserve [1] - 27:16
respect [3] - 5:16, 17:20, 31:21
respond [1] - 25:13
result [8] - 6:1, 11:8, 12:11, 18:2, 24:2, 24:24, 25:21, 26:19
resulting [11] - 5:19, 5:24, 8:2, 8:6, 8:16, 9:5, 10:17, 11:23, 19:16, 26:17, 30:3
Retail [1] - 10:1
reviewing [1] - 12:4
revise [1] - 14:14
RHOW [1] - 3:22
Rhow [3] - 2:21, 2:22, 3:22
rights [2] - 9:14, 27:2
rise [1] - 33:17
rlamagna@

**gibsondunn.com** [1] - 2:8
**RPR** [2] - 1:23, 34:11
**rule** [6] - 5:11, 5:13, 12:22, 13:3, 13:9, 21:15
**Rule** [3] - 14:12, 14:13, 30:7
**ruled** [1] - 33:5
**ruling** [1] - 13:16

**S**

**SACV** [1] - 3:5
**safely** [1] - 27:2
**SAMSUNG** [1] - 1:13
**Samsung** [18] - 3:6, 3:15, 3:23, 4:4, 13:20, 15:16, 15:19, 16:1, 16:14, 18:2, 21:19, 24:11, 25:19, 25:20, 31:15, 31:22, 31:25, 32:14
**Samsung's** [3] - 15:12, 20:21, 24:24
**San** [3] - 22:8, 22:10, 22:16
**Sasaki** [1] - 3:11
**satisfy** [1] - 9:9
**Saving** [1] - 31:9
**Savings** [2] - 16:6, 18:21
**saw** [1] - 16:24
**SCARSI** [1] - 1:4
**Schonfeld** [1] - 28:7
**scot** [1] - 18:4
**SDNY** [1] - 18:24
**Second** [2] - 12:3, 12:9
**second** [17] - 13:20, 13:21, 14:4, 14:17, 15:13, 21:2, 25:15, 26:10, 27:21, 28:11, 28:12, 29:2, 29:3, 29:25, 30:4, 32:5, 32:25
**Section** [8] - 21:20, 24:8, 32:14, 32:16, 33:4, 33:6
**section** [1] - 21:20
**see** [4] - 14:7, 18:24, 21:11, 31:11
**seeking** [1] - 25:10
**seem** [1] - 30:20
**sell** [1] - 22:14
**seller** [2] - 22:4, 22:14
**sense** [3] - 4:1, 8:8, 25:2
**separately** [1] - 26:10

**shape** [1] - 27:17
**show** [13] - 8:1, 8:15, 10:16, 10:17, 12:17, 12:18, 14:4, 14:22, 19:8, 19:13, 30:21, 31:7, 33:10
**showing** [2] - 7:1, 30:12
**shown** [1] - 31:23
**shows** [2] - 14:22, 21:25
**Shred** [4] - 11:13, 11:14, 11:18, 12:5
**Shred-It** [4] - 11:13, 11:14, 11:18, 12:5
**sic** [1] - 10:1
**side** [2] - 10:17, 26:8
**sides** [4] - 15:9, 18:10, 18:13, 18:14
**sign** [1] - 8:24
**significantly** [1] - 12:13
**simply** [6] - 5:18, 14:11, 19:5, 21:20, 27:11, 33:1
**single** [2] - 15:11, 15:15
**situation** [3] - 11:11, 18:9, 21:1
**situations** [1] - 27:1
**small** [1] - 6:20
**so-called** [1] - 21:15
**Sohi** [1] - 3:12
**sort** [1] - 4:11
**sounds** [1] - 4:14
**South** [2] - 2:6, 2:18
**specifically** [8] - 16:5, 16:8, 16:18, 19:12, 21:21, 21:23, 23:17, 32:23
**speculating** [1] - 26:13
**spend** [4] - 17:2, 22:25, 23:13, 23:16
**square** [1] - 10:4
**stake** [1] - 17:10
**standing** [1] - 12:22
**state** [3] - 3:7, 15:22, 16:15
**statement** [3] - 6:17, 18:18, 33:8
**statements** [2] - 15:9, 15:18
**STATES** [2] - 1:1, 1:24
**states** [1] - 34:7
**stenographically** [1] - 34:3
**still** [8] - 8:5, 9:8, 10:16, 19:18, 25:22, 27:9, 30:2, 30:22

**stipulate** [1] - 29:4
**stipulated** [2] - 13:22, 28:10
**stipulation** [1] - 14:3
**stop** [1] - 28:11
**Strategy** [1] - 3:12
**Street** [1] - 2:18
**subject** [3] - 9:15, 15:23, 16:16
**submit** [4] - 9:1, 14:19, 26:3, 29:10
**success** [1] - 11:25
**suffered** [7] - 6:1, 12:11, 12:19, 24:12, 24:16, 24:24, 26:18
**sufficient** [2] - 6:19, 26:2
**sufficiently** [1] - 32:14
**suggest** [1] - 32:14
**suggesting** [2] - 16:14, 18:22
**suggestion** [2] - 20:16, 32:9
**suing** [1] - 10:7
**Suite** [2] - 2:13, 2:23
**sum** [1] - 6:20
**Summary** [1] - 33:12
**summary** [19] - 5:10, 5:21, 8:13, 8:14, 9:1, 11:14, 14:14, 14:15, 16:12, 23:7, 26:20, 27:6, 27:9, 28:3, 28:20, 29:6, 31:21, 32:4, 33:1
**supply** [1] - 31:22
**Supreme** [4] - 5:4, 10:2, 10:21, 20:7
**sustain** [1] - 7:2

**T**

**table** [1] - 3:9
**tax** [3] - 23:13, 23:16, 24:7
**taxable** [1] - 33:3
**taxes** [1] - 21:21
**tel** [1] - 2:15
**tens** [1] - 16:25
**termination** [1] - 17:10
**terms** [5] - 9:23, 23:9, 25:5, 25:6, 27:21
**THE** [40] - 2:2, 2:10, 3:13, 3:17, 3:19, 3:21, 3:24, 4:16, 4:18, 4:22, 6:12, 8:19, 9:25, 10:20, 11:17, 13:12, 15:3, 15:6, 19:20, 19:23,

20:1, 21:2, 23:2, 23:4, 23:14, 24:9, 24:16, 24:21, 25:1, 25:12, 25:17, 28:11, 29:12, 29:16, 29:18, 30:14, 30:16, 30:19, 31:19, 33:14
**themselves** [1] - 3:16
**theory** [1] - 31:6
**therefore** [3] - 10:15, 10:18, 32:16
**theses** [1] - 17:5
**third** [4] - 14:1, 14:10, 25:15, 29:23
**thousands** [1] - 17:1
**three** [6] - 5:22, 8:10, 11:15, 14:5, 28:21, 30:7
**Three** [1] - 13:16
**tie** [1] - 23:2
**Timothy** [2] - 2:5, 3:10
**today** [4] - 3:9, 31:25, 32:10, 32:12
**together** [3] - 16:22, 16:23, 23:2
**tort** [4] - 7:4, 7:8, 16:4, 25:23
**tortious** [1] - 7:5
**tow** [3] - 22:9, 22:11, 22:16
**transcript** [2] - 34:3, 34:5
**Transcript** [1] - 1:17
**trespass** [1] - 27:1
**trial** [20] - 5:10, 5:17, 5:23, 11:16, 11:21, 14:11, 14:12, 14:13, 14:18, 15:2, 25:11, 27:8, 28:10, 28:23, 28:25, 29:3, 30:10, 31:2, 32:8, 33:8
**trigger** [1] - 23:6
**truck** [12] - 22:4, 22:5, 22:8, 22:9, 22:11, 22:14, 22:16, 22:19, 22:20, 24:4, 24:6
**true** [5] - 7:8, 15:18, 28:1, 32:11, 34:2
**trumps** [1] - 4:11
**trying** [2] - 18:6, 22:1
**two** [11] - 4:19, 9:3, 11:10, 14:2, 15:9, 15:18, 21:6, 21:9, 30:1, 30:17, 30:25
**type** [2] - 19:3, 21:12
**types** [1] - 25:7

**U**

**unable** [1] - 24:12
**uncertain** [1] - 12:25
**unchallenged** [1] - 32:4
**under** [12] - 5:20, 6:10, 8:6, 8:9, 9:4, 10:12, 14:6, 19:20, 22:19, 26:24, 30:7, 32:24
**underpinnings** [2] - 32:3, 32:11
**undisputed** [2] - 5:20, 31:21
**united** [1] - 34:7
**UNITED** [2] - 1:1, 1:24
**unless** [5] - 9:5, 21:21, 22:23, 23:5, 23:18
**unusual** [2] - 17:20, 18:9
**unwind** [1] - 13:15
**up** [12] - 4:23, 9:22, 15:23, 15:25, 16:16, 17:6, 19:5, 19:13, 22:13, 24:14, 24:15, 25:9
**urging** [1] - 16:1
**USA** [2] - 11:13, 12:6

**V**

**valuation** [1] - 9:19
**value** [2] - 26:2, 28:8
**verdict** [8] - 8:23, 9:10, 13:11, 14:3, 24:9, 24:22, 26:16, 29:20
**versus** [6] - 3:6, 4:12, 7:22, 10:1, 31:12, 32:20
**victory** [3] - 16:24, 17:8, 17:9
**view** [1] - 13:19
**vindicate** [3] - 17:23, 20:5, 20:25
**vindicated** [1] - 20:4
**vindicating** [1] - 18:14
**vindication** [2] - 9:14, 9:17
**violate** [1] - 21:15
**violating** [1] - 12:23
**vS** [1] - 1:11

**W**

**walk** [1] - 14:16
**wall** [1] - 31:6
**wants** [1] - 18:2

**warrant** [1] - 15:1
**whole** [2] - 27:9, 28:1
**winner's** [1] - 21:16
**winners** [1] - 21:15
**withheld** [1] - 24:7
**withhold** [3] - 21:21, 23:6, 23:18
**withholding** [13] - 21:24, 22:1, 22:2, 22:23, 22:24, 23:1, 23:20, 23:22, 23:23, 24:1, 24:2, 24:5, 32:24
**Wolpert** [1] - 2:22
**wondering** [3] - 4:6, 4:10, 23:14
**word** [1] - 25:1
**words** [2] - 23:24, 24:19
**wrongdoer** [1] - 13:9
**wrongdoers** [1] - 18:15
**wrongly** [2] - 18:22, 19:2

## Y

**yesterday** [2] - 5:6, 17:17
**YODER** [18] - 3:14, 4:14, 4:17, 4:19, 4:25, 6:13, 8:21, 10:6, 11:4, 11:19, 13:17, 25:14, 25:18, 28:15, 29:15, 29:17, 29:19, 30:15
**Yoder** [6] - 2:11, 3:15, 3:17, 16:9, 19:6, 19:23
**York** [35] - 4:8, 4:12, 4:21, 5:5, 5:20, 6:10, 8:6, 8:9, 9:2, 9:4, 9:23, 10:1, 11:19, 11:20, 12:16, 12:22, 13:23, 14:6, 14:21, 15:11, 16:3, 16:18, 17:12, 17:22, 18:6, 18:17, 18:19, 18:25, 19:20, 20:3, 20:22, 20:23, 26:4, 27:11, 28:7
**York's** [1] - 15:10

## "

**"Chuck"** [1] - 3:11