MICHAEL G. YODER (SB 83059)
myoder@omm.com
MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
JOSEPH R. O'CONNOR (SB 274421)
joconnor@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

EKWAN E. RHOW (SBN174604)
erhow@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Samsung
Electronics Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG ELECTRONICS CO., LTD.'S OBJECTION TO NETLIST'S APPLICATION TO THE CLERK TO TAX COSTS**<br><br>Hon. Mark C. Scarsi |

# OBJECTION TO APPLICATION TO TAX COSTS

Defendant Samsung Electronics Co., Inc. ("Samsung") hereby objects to Plaintiff Netlist Inc. ("Netlist")'s Application to Tax Costs (Dkt. 310, Application to Clerk to Tax Costs (Dkt. 310) ("Application")), on the grounds that Netlist seeks costs that are not properly taxable. Specifically, Netlist is not entitled to the following claimed costs:

- **$4,427.40 in deposition transcript costs** (Dkt. 310-4, at ECF page 2) for witnesses whose depositions were not "used for any purpose in connection with the case." LR 54-3.5(a).
- **$3,798.00 for rough transcript costs** (Dkt. 310 at ECF page 2; Dkt. 310-4, at ECF pages 2, 8, 10, 11, 13, 14, 16, 18 19, 22–25) because those rough drafts were in addition to the number of copies that are properly taxable. LR 54-3.5(a).
- **$10,938.05 for copying trial exhibits** (Dkt. 310 at ECF page 2; Dkt. 310-9) because trial exhibits are neither "documents necessarily filed and served" nor "Mandatory Chambers Copies" of filings "required by the Court." LR 54-3.10(a).
- **$965.90 for service of the complaint on foreign defendant** (Dkt. 310 at ECF page 2; Dkt. 310-3 at ECF page 3) because Samsung waived service of process under the Hague Convention (Dkt. 21), and Netlist's assertion that this cost was necessary because "service was required in Korea via procedures outlined and required by the Hague Convention" (Dkt. 310-1 at ECF page 5) is not supported.

### A.   Netlist's Costs for Deposition Transcripts Are Not Taxable

Netlist claims **$4,427.40** in costs for deposition transcripts that were not used in connection with the case, and are therefore not taxable. The "reasonable costs of preparing the original transcription of the oral portion of a deposition . . . is taxable if the transcript is used for any purpose in connection with the case," including the

2

cost of copies and shipping and handling fees. LR 54-3.5(a). For example, "[d]isallowance for expenses of depositions not used at trial is within the district court's discretion." *Wash. State Dept. of Transp. v. Wash. Natural Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995); *see Firemen's Fund Ins. Co. v. Standard Oil Co. of Cal.*, 339 F.2d 148, 157-58 (9th Cir. 1964) (permitting costs for depositions used at trial to refresh witness recollection and in cross examination).

Here, Netlist claims deposition transcript costs for fact witnesses Byung Yoep Jeon (Dkt. 310-1 at ECF page 2 (Netlist claiming a total of $1,527.25 for volumes 1 and 2 for the deposition transcript of Byung Yoep Jeon) and Hyunki Ji (*id.* (Netlist claiming $885.50 for the deposition transcript of Hyunki Ji)). But Netlist has not provided documentation, nor could they, that those depositions were used in any motion or at trial because they were not. Similarly, the deposition transcripts for expert witnesses Joseph McAlexander (*id.* (Netlist claiming $1,182.50 for the deposition transcript of Joseph McAlexander) and Byungwook Kam (*id.* (Netlist claiming $832.15 for the deposition transcript of Byungwook Kam)) were not used in any motion or at trial. Those transcripts, totaling **$4,427.40**, were not used "in connection with the case," LR 54-3.5(a), and the costs for those transcripts are therefore not taxable.

### B. Netlist's Costs for Extra, Rough Draft Copies of Deposition Transcripts Are Not Taxable

Under the Local Rules, deposition transcripts are taxable under the following circumstances: (1) where a party takes the deposition and is responsible for purchasing the original, that party may tax the cost of the original and one copy; (2) where a party is not the one taking the deposition, and therefore not responsible for purchasing the original, that party may tax the cost of only one copy. *See* LR 54-3.5(a). Netlist's Application improperly seeks **$3,798.00** in costs for extra, rough draft copies of deposition transcripts in contravention of this rule. (*See* Dkt. 310-4

at ECF page 2 (claiming $3,798.00 for rough deposition transcripts).) Every rough draft copy that Netlist ordered was an extra copy that is not taxable.

### 1. Where Netlist Netlist Took the Deposition

For the depositions that Netlist took and was responsible for ordering the original transcript, Netlist improperly claims the cost of rough drafts, in addition to the cost of the original and one certified copy. Under Local Rule 54-3.5(a), where Netlist, as the party taking the deposition, was responsible for purchasing the original transcript, it may only claim the cost of one additional copy. "The reasonable cost of preparing the original of the oral portion of a deposition for ordinary, non-expedited delivery after the deposition is taxable" and the "reasonable cost of **one additional copy of the transcript**, in any form (including a rough draft), [are] taxable. . . ." L.R. 54-3.5(a) (emphasis added). "Courts in this Circuit have regularly disallowed rough draft deposition costs over and above the original and one copy allowed by these rules . . . ." *Hardwick v. County of Orange*, 2007 WL 5664992, at *2 (C.D. Cal. 2017). Here, for every instance where Netlist, as the party taking the deposition, ordered the original deposition transcript, it also was provided a certified copy; yet Netlist also seeks improperly to tax the cost of a rough draft:

| Witness: Steven Christopher Metz | Quantity | Price | Amount |
|---|---|---|---|
| Original with 1 Certified Transcript | 181.00 | $5.25 | $950.25 |
| Transcript - Expedited | 181.00 | $5.25 | $950.25 |
| Exhibits | 73.00 | $0.65 | $47.45 |
| Realtime Services | 181.00 | $1.85 | $334.85 |
| Rough Draft | 181.00 | $1.50 | $271.50 |
| Surcharge - Video Proceeding | 181.00 | $0.50 | $90.50 |
| Litigation Package-Secure File Suite | 1.00 | $55.00 | $55.00 |
| Production & Processing | 1.00 | $50.00 | $50.00 |
| Concierge Tech Support | 6.00 | $150.00 | $900.00 |
| Attendance (Full Day) | 1.00 | $250.00 | $250.00 |
| Electronic Delivery and Handling | 1.00 | $35.00 | $35.00 |

(Dkt. 310-4, at ECF page 5; *see also id.*, at ECF page 7 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $945.00 and the cost of a "Rough Draft" in the amount of $270), *id.*, at ECF page 8 (Netlist claiming cost for

"Original with 1 Certified Transcript" in the amount of $950.25 and the cost of a "Rough Draft" in the amount of $271.50; *id.,* at ECF page 10 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $787.50 and the cost of a "Rough Draft" in the amount of $225.00, *id.,* at ECF page 13 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $887.25 and the cost of a "Rough Draft" in the amount of $253.50); *id.,* at ECF page 14 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $719.25 and the cost of a "Rough Draft" in the amount of $205.50); *id.,* at ECF page 16 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $483.00 and the cost of a "Rough Draft" in the amount of $138.00); *id.,* at ECF page 18 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $1,281.00 and the cost of a "Rough Draft" in the amount of $366.00); *id.,* at ECF page 19 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $525.00 and the cost of a "Rough Draft" in the amount of $150.00), *id.,* at ECF page 22 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $1,785.00 and the cost of a "Rough Draft" in the amount of $255.00), *id.,* at ECF page 25 (Netlist claiming cost for "Original with 1 Certified Transcript" in the amount of $2,803.50 and the cost of a "Rough Draft" in the amount of $400.50).)

Netlist is in effect seeking to recover the cost of two copies of the transcript in addition to the original. Therefore, those rough draft copies, which are in the total amount of **$2,806.50**, are "over and above the original and one copy allowed," *Hardwick*, 2007 WL 5665992, at *2, and are not taxable.[1]

### 2. Where Samsung Took the Deposition

For the depositions that Netlist did not take and was not responsible for ordering the original transcript, Netlist improperly claims the cost of an extra rough

---

[1] Samsung notes that certain of these costs are also included within the costs challenged by Samsung in Section A above.

draft, in addition to the cost the one properly taxable copy. As shown here, Netlist claims extra, rough draft copies where it ordered a certified copy but not the original:

| Witness: Steven Yu | Quantity | Price | Amount |
|---|---|---|---|
| Certified Transcript | 268.00 | $7.70 | $2,063.60 |
| Exhibits | 61.00 | $0.65 | $39.65 |
| Realtime Services - Remote | 268.00 | $1.85 | $495.80 |
| Realtime Services - Remote | 268.00 | $1.85 | $495.80 |
| Rough Draft | 268.00 | $1.50 | $402.00 |
| Litigation Package-Secure File Suite | 1.00 | $55.00 | $55.00 |
| Production & Processing | 1.00 | $50.00 | $50.00 |
| Veritext Exhibit Package (ACE) | 1.00 | $45.00 | $45.00 |
| Exhibit Share | 1.00 | $395.00 | $395.00 |
| Electronic Delivery and Handling | 1.00 | $35.00 | $35.00 |

(Dkt. 310-4, at ECF page 11; *see also id.* at ECF pages 23 (Netlist claiming costs for "Certified Transcript" in the amount of $939.40 and a "Rough Draft" in the amount of $366.00); *id.* at ECF pages 24 (Netlist claiming costs for "Certified Transcript" in the amount of $573.65 and a "Rough Draft" in the amount of $223.50).) Under Local Rule 54-3.5(a), with regard to "a party that did not purchase the original," only "[t]he reasonable cost of one copy of the transcript is … taxable." The cost of "one additional copy of the transcript (including a rough draft)" is not taxable unless the party also ordered the original. *Id.* Therefore, where Netlist did not order the original transcript, but only a certified copy, it is not entitled to recover the cost of a rough draft copy; such e rough draft copy costs claimed by Netlist, which are in the total amount of **$991.50**, are not taxable.

\* \* \*

In sum, none of Netlist's claimed costs for rough transcripts are taxable because in each instance, it was an extra copy not taxable under the rules. Therefore, Netlist's total claim for **$3,798.00** in rough transcript costs (*see* Dkt. 310-4, Tab 5A, at ECF page 2) should not be taxed even if Netlist had made a sufficient showing with respect to the subject depositions.

### C. Netlist's Costs for the Reproduction of Trial Exhibits Are Not Taxable

Netlist improperly seeks **$10,938.05** in costs it incurred to re-produce exhibits for trial. (Dkt. 310 at ECF page 3; Dkt. 310-9 at ECF page 3.) Netlist contends that the costs of preparing trial exhibits, which the Court ordered the parties to prepare, are properly taxable because they are costs for "copies of documents necessarily filed and served, including the cost of copying and delivering Mandatory Chambers Copies required by the Court" LR 54-3.10(a). These costs are not properly taxable because trial exhibits are not "documents necessarily filed and served," nor are they "Mandatory Chambers Copies" of documents filed with the Court. Trial exhibits are lodged with the Court prior to trial. In any event, Netlist has not provided any meaningful documentation to establish that these costs are reasonable and properly taxable. LR 54-2.1. Therefore, Netlist's costs of **$10,938.05** for printing trial exhibits are not taxable.

### D. Netlist's Cost for Service of the Complaint Is Not Taxable

Netlist seeks **$965.90** in costs for purportedly serving the complaint on Samsung via the Hague Convention in Korea. (Dkt. 310 at ECF page 2; Dkt. 310-3 at ECF page 3.) According to Netlist, this cost was for "service of the Complaint on Defendant Samsung, a Korean corporation, which service was required in Korea via procedures outlines and required by the Hague Convention." (Dkt. 310-1 at 5.) But Samsung and Netlist stipulated to waive service under the Hague Convention (Dkt. 21), and there is no indication that the cost Netlist is claiming is for service through the Hague Convention. In addition, service through the Hague Convention is accomplished through the Korean Central Authority, and the invoice submitted by Netlist (Dkt. 310-3 at ECF page 3) does not explain how the claimed cost is for a taxable cost for the service through the Korean Central Authority. Thus, Netlist's claim for **$965.90** for service of the complaint is not taxable.

7
SAMSUNG'S OBJECTION TO NETLIST'S APPLICATION TO TAX COSTS

## II. CONCLUSION

For all the foregoing reasons, the following costs should not be taxed:

- **$4,427.40** in deposition transcript costs (Dkt. 310 at ECF page 2; Dkt. 310-4, at ECF page 2).
- **$3,798.00** for rough transcript costs (Dkt. 310 at ECF page 2; Dkt. 310-4, at ECF pages 2, 8, 10, 11, 13, 14, 16, 18 19, 22–25), except to the extent that these costs are included in the **$4,427.40** stated above that is not taxed.
- **$10,938.05** for copying trial exhibits (Dkt. 310 at ECF page 2; Dkt. 310-9).
- **$965.90** for service of the complaint on foreign defendant (Dkt. 310 at ECF page 2; Dkt. 310-3 at ECF page 3).

Pursuant to LR 54-2.2, the undersigned counsel conferred with counsel for Netlist in an effort to resolve disagreement about the taxable costs claimed in Netlist's Application and made good faith efforts to arrange such conference. The parties were unable to come to an agreement.

DATED: March 14, 2022

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:    /s/ Ekwan E. Rhow
           Ekwan E. Rhow
           Attorneys for Defendant Samsung Electronics Co., Ltd.