RICHARD DOREN, SBN 124666
   rdoren@gibsondunn.com
JASON C. LO, SBN 219030
   jlo@gibsondunn.com
MATTHEW BENJAMIN (*pro hac vice*)
   mbenjamin@gibsondunn.com
TIMOTHY BEST, SBN 254409
   tbest@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
   rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JASON SHEASBY, SBN 205455
   jsheasby@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>    Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**PLAINTIFF NETLIST INC.'S RESPONSE TO DEFENDANT'S OBJECTION TO NETLIST'S APPLICATION TO TAX COSTS**<br><br>Hon. Mark C. Scarsi |

# RESPONSE TO DEFENDANT'S APPLICATION TO TAX COSTS

Plaintiff and prevailing party Netlist, Inc. hereby responds to the objections to its Application to Tax Costs (Dkt. 310) filed by Defendant Samsung Electronics Co., Ltd. (Dkt. 316). Samsung's objections omit and misstate material facts and ignore controlling authority, as discussed below. Each of the categories that Netlist has requested to be taxed are taxable under 28 U.S.C. § 1920 and this District's Local Rule 54 in the full amount sought. Netlist respectfully requests that the Office of the Clerk tax all costs as requested by Netlist in its Form CV-59 (Dkt. 310).

## A. Netlist's Costs for Deposition Transcripts Are Taxable

Samsung asserts that the deposition transcripts for Messrs. Byung Yeop Jeon (vol. 1 and 2), Hyunki Ji, and Joseph McAlexander were not "used in any motion or at trial" and thus objects that these items are not taxable. ***Samsung is wrong***—excerpts from each of these depositions were filed as exhibits to motions as shown below:[1]

| Deponent | Use | Docket Entry |
|---|---|---|
| Byung Yeop Jeon (v.1) | Samsung Opposition to Netlist Motion for Summary Judgment, Ex. 54 | Dkt. 168-7 |
| Byung Yeop Jeon (v.2) | Samsung Opposition to Netlist Motion for Summary Judgment, Ex. 55 | Dkt. 168-8 |
| Hyunki Ji | Samsung Opposition to Netlist Motion for Summary Judgment, Ex. 58 | Dkt. 168-11 |
| Joseph McAlexander | Netlist Motion *in Limine*, Ex. B | Dkt. 211-3 |

With respect to the transcript for Mr. Byungwook Kam, Samsung ignores that Local Rule 54-3.5(a) states that "the deposition is taxable if the transcript is used ***for any purpose*** in connection with the case" (emphasis added). While Mr. Kam's deposition was not excerpted as an exhibit to a motion or read at trial, Samsung is

---

[1] Excerpts from the depositions of Messrs. Byung Yeop Jeon and Hyunki Ji were *also* used in the parties' deposition designations (including again by Samsung).

1 wrong to imply that this kind of use is required. As stated in Netlist's supporting declaration (Dkt. 310-1 at ¶ 5(a)), this deposition was among those used by Netlist to prepare for trial. The fact that the issues related to Mr. Kam's testimony dropped away from the case before trial is irrelevant—Local Rule 54-3.5(a) does not say depositions "used at trial;" it says "used for any purpose *in connection with the case*" (emphasis added). Netlist's use of Mr. Kam's testimony falls under this purpose.

Nor do the legal cases cited by Samsung support any deduction from Netlist's application. As Samsung's authority states, it is "within the district court's discretion" to decide what costs are taxable. *Wash. State Dept. of Transp. v. Wash. Natural Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995); *see also Firemen's Fund Ins. Co. v. Standard Oil Co. of Cal.*, 339 F.2d 148, 157–58 (9th Cir. 1964). Here, Netlist's application was drawn based on the rules set forth **by this District**—the Central District of California. The Western District of Washington (as in *Pacificorp*) and Southern District of California (as in *Standard Oil*) used different taxing criteria than this District in 1995 and 1964 respectively. Samsung's arguments on this point are thus irrelevant. Under **this District's rules**, the costs in Netlist's application are taxable.

**B. Netlist's Costs for "Rough" Deposition Transcripts Are Taxable**

Samsung objects that Netlist requested to tax the cost of "rough" deposition transcripts. As stated in Netlist's application and supporting declaration (Dkt. 310-1 at ¶ 5(a) and Tab 5 thereto), Netlist included the cost of *one rough transcript* (where purchased) for the depositions it took or defended ($3,798 total). As Local Rule 54-3.5(a) states: "The reasonable cost of *one additional copy of the transcript*, in any form (including a rough draft), is taxable." (Emphasis added).

Local Rule 54-3.5(a) does not say that the cost of one additional copy of the transcript (including a rough draft) is "not taxable unless the party also ordered the original." *Compare* Def.'s Obj. [Dkt. 316] at 6, *with* L.R. 54-3.5(a). That is, Local Rule 54-3.5(a) does not say that an "additional" copy of the transcript is only taxable if the party is taking a deposition (versus defending it). With respect to depositions that

Netlist took, the fee paid to the reporter to prepare the transcript includes delivery of that transcript in "Certified" form (as reflected in the *single* line item on the invoices submitted). This is not a divisible charge where Netlist purchases an "original" transcript and then purchases a second "Certified Transcript." Thus, Netlist has requested to tax the cost of the "additional" rough transcripts it purchased (to the extent that expense was incurred) in compliance with Local Rule 54-3.5(a).

### C. Netlist's Costs for Trial Exhibits Ordered by the Court Are Taxable

Under Local Rule 54-3.10, Netlist requested to tax the cost of the mandatory copies for three sets of trial exhibits and binders, as ordered by the Court (Order Re: Jury Trial, Dkt. 41 at 13, provided in Netlist's Application at Tab 10 [Dkt. 310-9]). Samsung objects that these are not taxable. **Again, Samsung is wrong**. In fact, the case Samsung relies on—*Hardwick v. County of Orange*, No. 13-1390-JLS, 2017 WL 5664992 (C.D. Cal. Oct. 2, 2017)—expressly holds that the cost for three sets of court-ordered trial exhibits is taxable. *Id*. *3.

In *Hardwick*, the prevailing party sought to tax "the costs of providing three sets of trial exhibits and binders as ordered by the Court." *Id*. This is the same request Netlist made in its own application here. In *Hardwick*, ***Judge Stanton expressly held that the cost to prepare three sets of trial exhibits for the Court was taxable under Local Rule 54-3.10***. Notably, Judge Stanton held that, "under this District's Local Rules[,] the list of document preparation costs that may be taxed is not exhaustive." *Id*. (noting that the list in Local Rule 54-3.10 is preceded by the word "including").[2] Moreover, Judge Stanton found that such copying could fall under other express categories listed in Local Rule 54-3.10, such as those covering "exemplification" of documents. *Id*.

---

[2] Judge Stanton also cited *In re Katz Call Processing Patent Litigation*, No. 07-ML-01816-RGK, 2009 WL 8635997, at *1 (C.D. Cal. Sept. 8, 2009) (listing other decisions in this District finding the list in L.R. 54-3.10 to be non-exhaustive).

Here, the cost of providing court-ordered trial exhibits falls in at least categories (a), (f), (g) of Local Rule 54-3.10, as well as residually under the rule as Judge Stanton held. Netlist listed this expense on its Form CV-59 under the first of these categories because the "fillable" version of the form required by the Clerk does not permit multiple categories to be selected without erroneously duplicating the cost amount.[3]

The cost at issue here qualifies under subcategory (a) because the exhibit list *is* filed (*see* Dkt. 252), but due to volume considerations, the exhibits themselves are lodged with the Court with required mandatory chambers copies as listed in Local Rule 54-3.10(a) and by Court Order (Dkt. 41 at 13, provided at Tab 10 [Dkt. 310-9]). The cost *also* qualifies under subcategory (f) because it is also an "exemplification of [] document[s] or record[s] necessarily obtained for use in the case" as Judge Stanton ruled in *Hardwick*. 2017 WL 5664992, *3. The cost *also* qualifies under subcategory (g) as "reproducing material necessarily obtained for use in the case (including copies obtained to be produced in discovery) in any format in which such material is required to be produced" (and the required "order imposing the relevant requirements" was provided to the Clerk in Tab 10 [Dkt. 310-9]). And the cost *also* qualifies under the residual application of Local Rule 54-3.10 as Judge Stanton held in *Hardwick*.

Samsung's objection fails to address any of the above or the express holding in *Hardwick* (despite Samsung repeatedly citing *Hardwick* in its objections). The prevailing party in *Hardwick* "paid for three sets of binders in compliance with this Court's Civil Trial Order and the Local Rules," 2017 WL 5664992, *3, just as Netlist has here. The cost Netlist incurred is thus taxable just as it was in *Hardwick*.[4]

---

[3] While Form CV-59 only allows for one subcategory to be checked for any given expense, Netlist's supporting declaration is not so limited and supports taxing this expense under *any* basis under Local Rule 54-3.10. *See* Dkt. 310-1 at ¶ 9.

[4] In *Hardwick*, Judge Stanton reduced the taxable cost after the non-prevailing party objected that the volume of exhibits and cost of copying were excessive. Here, however, Samsung has made no such objection. Nor could it, as the parties jointly retained the reproduction vendor used, and the cost at issue includes Netlist's cost to copy Samsung's own exhibits as required by the Court's order. As such, Netlist is entitled to recover for the full cost as listed in its application without adjustment.

### D. Netlist's Cost for Service of the Complaint in Korea Is Taxable

Samsung first objects to the cost that Netlist incurred to serve Samsung in Korea because "Samsung and Netlist stipulated to waive service under the Hague Convention (Dkt. 21)." Def.'s Obj. at 7 [Dkt. 316]. But Samsung ignores that, initially, Samsung *did not* agree to waive service. Netlist was thus required to initiate service in Korea, with its receipt for doing so dated **July 6, 2020** (billed July 31, 2020). *See* Application Tab 2 (Dkt. 310-3 at 3). It was only *after* Netlist paid to arrange service in Korea that Samsung stipulated to waive service. *See* Dkt. 21 (stipulation dated August 28, 2020).

Samsung secondly objects that the invoice itself comes from a vendor for service of process and not directly from the Korean Central Authority (which facilitates service in Korea), and does not contain the words "Hague Convention." Def.'s Obj. at 7 [Dkt. 316]. This is because Netlist hired a vendor as an intermediary to effectuate service (i.e., that vendor is the entity that deals with the Korean Central Authority). Netlist paid the service vendor (First Legal), *not the Korean government*, and so Netlist seeks to tax the expense it incurred (not whatever charges its vendor incurred in Korea). The invoice lists "International Service" for "Formal" service in "S. Korea" and expressly lists "Samsung Electronics Co, Ltd." and the internal matter code for this litigation (66889-00003). Dkt. 310-3 at 3. Netlist also provided a declaration that this expense was for service under the "Hague Convention." Dkt. 310-1 at ¶ 5. Nowhere does Samsung's objection state that Samsung was *not* served in Korea, or that this service did *not* go through the Korean Central Authority, or that it was *not* according to the Hague Convention. Nor could it.

### CONCLUSION

For the foregoing reasons, the costs listed in Netlist's Application to Tax Costs are all recoverable under 28 U.S.C. § 1920 and Local Rule 54 and should be taxed in favor of Netlist without deduction or modification.

| | | |
|---|---|---|
| 1 | Dated: March 17, 2022 | GIBSON, DUNN & CRUTCHER LLP |

By: /s/ *Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

6

NETLIST RESPONSE TO
DEFENDANT'S OBJECTION TO TAX COSTS
CASE NO. 8:20-CV-993-MCS (ADS)