MICHAEL G. YODER (S.B. #83059)
myoder@omm.com
MARC F. FEINSTEIN (S.B. #158901)
mfeinstein@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone:   (949) 823 6900
Facsimile:   (949) 823 6994

EKWAN E. RHOW (S.B. #174604)
erhow@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendant Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S *EX PARTE* APPLICATION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY OF EXECUTION OF AWARD OF COSTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(B); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed Concurrently with Declaration of Marc F. Feinstein and [Proposed] Order]*<br><br>Judge: Mark C. Scarsi |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to L.R. 7-19, as well as Rule 62(b) of the Federal Rules of Civil Procedure, Defendant Samsung Electronics Co., Ltd. ("Samsung") hereby applies to this Court *ex parte* (the "Application") for an order:

(1) approving a supersedeas bond in the form and amount as attached to the concurrently filed Declaration of Marc F. Feinstein ("Feinstein Decl.") as **Exhibit 1**, and

(2) staying execution of the award of costs in this matter, dated April 1, 2022, pending disposition of the pending appeal in this action.

This Application is made on an *ex parte* basis because urgent relief is necessary to give effect to Samsung's right to stay the execution of the award of costs, upon approval of the supersedeas bond, while this matter is on appeal.

Counsel for the parties met and conferred regarding this proposed Application on April 7 and 25, 2022, and Samsung's counsel provided Netlist's counsel with a copy of the proposed supersedeas bond. Samsung's counsel informed Netlist's counsel that any opposition papers must be filed no later than 24 hours (or one court day) following service of the Application. Netlist Inc.'s counsel informed Samsung's counsel on April 25, 2022 that Netlist would not oppose approval of the proposed bond or a stay of execution of the April 1, 2022 cost award. Opposing counsel's contact information is Jason Lo, Gibson, Dunn & Crutcher, 333 South Grand Avenue, Los Angeles, CA 90071-3197, (213) 229-7153, jlo@gibsondunn.com, and Rex Heinke, California Appellate Law Group, 811 Wilshire Blvd. 17th Floor, Los Angeles, CA 90017, (213) 878-0404, rex.heinke@calapplaw.com.

This Application is based upon this notice, the accompanying memorandum of points and authorities, the concurrently-filed Declaration of Marc F. Feinstein, attached exhibits, and all records before the Court in this case and any hearing on this Application.

Dated: April 26, 2022                                O'MELVENY & MYERS LLP

By: /s/ Michael G. Yoder
    Michael G. Yoder

Attorneys for Defendant Samsung Electronics Co., Ltd.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court entered final judgment in this action on February 15, 2022, and Samsung timely filed its notice of appeal on February 25, 2022. (*See* Dkt. Nos. 306, 309.) The Court then entered a bill of costs in favor of Netlist on April 1, 2022 in the amount of $55,385.04 (the "Cost Award"). (*See* Dkt. No. 321.) On April 7, 2022, Samsung's counsel called Netlist's counsel asking him to agree to stay execution of the Cost Award pending appeal without need for Samsung to post a bond or, at minimum, to agree not to execute on the Cost Award until the pending fee sanction motion is decided, so that if there is also a fee award Samsung would only have to file a single motion for approval of bond and stay of execution. (Feinstein Decl., at ¶ 4.) Netlist refused, responding that it wanted a bond and was unwilling to wait for a decision on the fee sanctions motion. (*Id.*, at ¶ 4, Ex. 3) Although no supersedeas bond should be necessary given Samsung's size (*id.*, at ¶ 3, Ex. 2), in an attempt to avoid a dispute over the bond, Samsung obtained a bond 1.50 times the amount of the Cost Award—a bond amount at the high end of the acceptable range. (*Id.*, at ¶ 5, Ex. 1.) On April 25, 2022, Samsung's counsel further met and conferred with Netlist's counsel in connection with Samsung's intention to file an ex parte application for approval of supersedeas bond and a stay of execution of the Cost Award, providing a copy of the proposed bond to Netlist's counsel, who responded that Netlist would not oppose approval of the bond or a stay of execution of the Cost Award. (*Id.*, at ¶¶ 5, 6, Ex. 4.) In addition to the fact that the relief is unopposed, the order sought herein approving supersedeas bond and staying execution of the Cost Award is proper because the bond adequately secures the Cost Award while the appeal of this matter is pending before the United States Court of Appeals for the Ninth Circuit.

### II. ARGUMENT

    a. <u>Execution of the Cost Award Should be Stayed in Light of the Filing of a Supersedeas Bond in an Amount Over 1.50 Times the Cost Award</u>

Execution of the Cost Award should be stayed because Samsung submits for approval a supersedeas bond, a copy of which is attached to the concurrently-filed Declaration of Marc Feinstein as **Exhibit 1**, in the amount of $83,078.00, 1.50 times the amount of the Cost Award. This bond will adequately secure the Cost Award until the appeal is resolved.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Thus, if an appeal is taken, as is the case here, the appellant may obtain a stay as a matter of right by filing a supersedeas bond, and the stay takes effect when the court approves the bond. *Id.* Although Rule 62(b) does not specify a bond amount, district courts have inherent discretion in setting the amount recognizing that the purpose of the bond is to secure the appellee from loss resulting from the stay of execution. *Celador Int'l Ltd. v. Walt Disney Co.*, No. CV 04-03541 VAP(RNBx), 2011 WL 13187262, at *1 (C. D. Cal. Aug. 5, 2011); *Acacia Rsch. Corp. v. Nat'l Union Fire Ins. Co.*, No. SA CV 05-501 PSG (MLGx), 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008).

The Cost Award is a judgment under Federal Rule of Civil Procedure 62(b). Fed. R. Civ. P. 54(a) ("Judgment as used in these rules includes any decree and any order from which an appeal lies."); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989). An award of costs is an appealable order. *See Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (reviewing appeal of trial court's order denying costs); *see also LSO, Ltd. v. Sroh*, 205 F.3d 1146, 1160 (9th Cir. 2000) (reviewing cost award on appeal).

      b. <u>The Bond Amount Is Sufficient to Secure the Cost Award and Reasonable Under the Circumstances</u>

The Court should approve the submitted bond as security for the stay of execution of the Cost Award to "ensure that the judgment creditor's position is secured" while Samsung's appeal is pending. *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). Here, Samsung seeks court approval of the supersedeas bond to secure the amount of the Cost Award. Approval of the bond in the

amount of 1.50 times the amount of the Cost Award will adequately secure the Cost Award and is appropriate for the following reasons.

First, the bond amount is 1.50 times the amount of the Cost Award. (Dkt. No. 321.) A bond of 1.25 to 1.50 times the amount of a judgment is typically sufficient to pay the judgment plus interest, costs, and any other relief awarded by the appellate court. *See KST Data, Inc. v. DXC Tech. Co.*, No. 2:17-cv-07927-SJO-SK, 2020 WL 2841402, at *1 (C.D. Cal. Mar. 20, 2020) ("Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required [for purposes of Rule 62]."). The bond obtained by Samsung is in an amount at the high end of the acceptable range.

Second, in approving the bond amount, this Court should consider that Samsung is a large, publicly-traded company with $266 billion in equity as of December 31, 2021, and total revenue of $244 billion and profit of $34 billion for the year ended December 31, 2021. (*See* Feinstein Decl., at ¶ 3, Ex. 2.) Therefore, Samsung has more than sufficient resources, even without a bond, to satisfy the Cost Award in the event its appeal is not successful.

Accordingly, Samsung submits that Netlist's insistence on a bond is unwarranted and unreasonable. Nevertheless, in an attempt to avoid dispute, Samsung has obtained a bond equal to 1.50 times the Cost Award. Therefore, the Court should find that the bond obtained by Samsung is sufficient to secure the Cost Award pending the outcome of Samsung's appeal, and stay any effort to collect on the Cost Award until the appeal is resolved.

### III. CONCLUSION

For all the foregoing reasons, Samsung respectfully requests that the Court approve its posting of a supersedeas bond in the amount of $83,078.00, and stay the writ of execution of the Cost Award.

Dated: April 26, 2022

O'MELVENY & MYERS LLP

By: */s/* Michael G. Yoder
     Michael G. Yoder

Attorneys for Defendant Samsung Electronics Co., Ltd.