Case 2:20-cv-00993-RGS-DCS Document 350-1 Filed 12/20/23 Page 1 of 7 PageID #:15027

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | (Lead Case) |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., LTD, Samsung Electronics America, Inc., and Samsung Semiconductor Inc.'s (collectively, "Samsung") Motion to Stay Pending Resolution of the C.D. Cal. Case Reversed and Remanded by the Ninth Circuit Regarding Samsung's License (the "Motion to Stay"). (Dkt. No. 187.) In the Motion to Stay, Samsung requests that this case be stayed pending the resolution of a case between Samsung and Plaintiff Netlist, Inc. ("Netlist") in the Central District of California, *Netlist, Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) (the "California Action"). Having considered the

Motion to Stay, the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion to Stay should be and hereby is **DENIED WITHOUT PREJUDICE**.

I.     BACKGROUND

   A.     The JDLA

In 2015, Netlist and Samsung entered into a Joint Development and License Agreement (the "JDLA"). The JDLA has two stated purposes: (1) developing a new NVDIMM-P product, and (2) patent cross-licensing between Netlist and Samsung. (Dkt. No. 187-2.) The JDLA authorizes either party to terminate the agreement upon written notice to the other party.[1]

   B.     The California Action

In 2020, Netlist sued Samsung in the Central District of California, alleging that Samsung breached a payment provision (§ 3) and a supply provision (§ 6.2) of the JDLA. (*See* the California Action, No. 8:20-cv-993-MCS). Netlist undertook to terminate the JDLA on July 15, 2020, and it sought declaratory judgment from the Central District of California that its termination was proper due to Samsung's alleged breach. Ultimately, the Central District of California granted summary judgment in favor of Netlist, finding (1) that § 6.2 was unambiguous and that Samsung materially breached; (2) that § 3 was unambiguous and that Samsung materially breached; and (3) that Netlist effectively terminated the license agreement on July 15, 2020. After a jury trial, the court entered judgment for Netlist awarding nominal damages and declaring that Netlist properly terminated the JDLA. Samsung appealed the California Action to the Ninth Circuit. (*See Netlist, Inc. v. Samsung Elecs. Co., Inc.*, No. 22-55247 (9th Cir.) (the "Ninth Circuit Appeal")).

---

[1] The termination is effective only if one party is in material breach of the JDLA and the breach is not cured within thirty (30) days.

2

### C. The EDTX Cases (*Netlist I* and *Netlist II*)

On December 20, 2020, Netlist sued Samsung for patent infringement in this Court. (*See Netlist, Inc. v. Samsung Elecs. Co., Inc.*, No. 2:21-cv-463 (E.D. Tex.) ("*Netlist I*")). In that case, Samsung asserted a license defense under the JDLA. Samsung also moved to stay the case pending the Ninth Circuit Appeal. This Court denied that motion to stay, finding that Samsung had not shown a likelihood of success on appeal. (No. 2:21-cv-463-JRG Dkt. No. 195.)

On August 1, 2022, Netlist filed the above-captioned suit against Samsung, 2:22-cv-293 ("*Netlist II*"). Like in *Netlist I*, Samsung raised a license defense under the JDLA and filed a motion to stay pending the Ninth Circuit Appeal. (*See* Dkt. No. 20). This Court denied that motion based on the same reasoning as in *Netlist I*. (*See* Dkt. No. 121).

### D. The Ninth Circuit Appeal

On October 17, 2023, the Court of Appeals for the Ninth Circuit reversed and remanded the grant of summary judgment in the California Action. (*See* No. 22-55247). Specifically, the Ninth Circuit found (1) § 6.2 of the JDLA is ambiguous as a matter of law; (2) § 3 of the JDLA is unambiguous and Samsung ***did not*** breach § 3 as a matter of law; and (3) the Central District of California erred in finding that Netlist properly terminated the JDLA given the fact issues concerning Samsung's alleged breach of § 6.2. (*See* Dkt. No. 187-1 at 2-8.) The case was remanded to the Central District of California to determine in the first instance whether extrinsic parol evidence created a genuine issue of material fact that Samsung breached § 6.2. (*Id.* at 5.)

## II. DISCUSSION

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

3

Samsung argues that the Court should stay this case pending resolution of the California Action because such resolution will likely simplify, if not completely dispose of, this case. According to Samsung, the Ninth Circuit reversing and remanding the Central District of California means that Netlist did not effectively terminate the JDLA on July 15, 2020, and "**Samsung's license to the asserted patents is in full force and effect**." (Dkt. No. 187 at 2) (emphasis in original). Samsung argues that it is likely to prevail in the California Action, and if it does, "then the license would render Netlist's infringement suit [in this Court] moot." (*Id.* at 8.)

Netlist argues that a stay would not simplify this case. Specifically, Netlist argues that "[t]his Court is the *only* forum that can decide the entire dispute between the parties, i.e. whether (1) the Accused Products infringe; (2) the Accused Products are covered by [the JDLA]; and (3) Netlist properly terminated the JDLA." (Dkt. No. 196 at 1.) Netlist contends that only the third issue can be decided by the California Action. Netlist further argues that even if the Central District of California determines that the JDLA was terminated, this Court must still determine whether the Accused Products are covered by the license in the JDLA and whether the Accused Products infringe the Asserted Patents. (*Id.*)

This Court is persuaded that Samsung's Motion to Stay is premature. The Court denied Samsung's motions to stay in both *Netlist I* and *Netlist II* while the Ninth Circuit Appeal was pending. (*See* Dkt. No. 121); (No. 2:21-cv-463-JRG Dkt. No. 195.) The reasoning from those decisions is still applicable. Although the Ninth Circuit reversed the Central District of California, their remand makes it clear that the underlying issues have not been fully and finally resolved.

This Court specifically disagrees that the Ninth Circuit's ruling means that the JDLA is currently "in full force and effect," as Samsung contends. That issue is currently pending before

4

the Central District of California. However, this Court will not make comment further while that issue is squarely before another court. *See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985).

Samsung argues that Fifth Circuit Law, specifically *West Gulf Maritime*, compels this Court to stay this case. (Dkt. No. 187 at 10) (citing 751 F.2d 721). The Court disagrees. In *West Gulf Maritime*, a plaintiff filed a suit for enforcement of a contract in the Southern District of New York. 751 F.2d at 724. After the defendants in that case had unsuccessfully attempted to transfer the case to the Southern District of Texas, and while issues of contract interpretation were pending before the Southern District of New York, defendants filed suit in the Southern District of Texas seeking a preliminary injunction based on their own interpretation of the same contract provision at issue in the Southern District of New York. *Id.* The Texas court granted the preliminary injunction. *Id.* The Fifth Circuit found that the Texas court in doing so "intruded upon the New York court's decisional authority." *Id.* at 731. The same facts are not present in this case. The California Action is a breach of contract case. This is a suit for patent infringement. The effectiveness of Netlist's termination of the JDLA is not an issue that must be decided at this time, and there are other significant issues in this case that are not before the Central District of California, including Netlist's claims for patent infringement. The court in *West Gulf Maritime* erred by affirmatively deciding an issue which was before another court; this Court need not affirmatively decide any issue that is before the Central District of California in order to proceed with this case.[2] The Court reasonably may defer issues of Netlist's alleged termination of the JDLA to the Central District of California and simultaneously proceed on the other issues in this case, including Netlist's claims for patent infringement.

---

[2] In fact, it is Samsung that would have this Court risk intruding on the decisional authority the Central District of California by deciding that the JDLA is "in full force and effect," when such a determination has not yet been made by the Central District of California.

5

Whether or not the California Action will simplify this case is obviously speculative. That will depends on whether or not Samsung prevails. If not, then there are issues before this Court that are not before the Central District of California that will still need to be litigated.

Granting this motion would cause substantial delay at a late stage in the case. This case is currently set to go to trial on April 15, 2024. (Dkt. No. 205.) The Central District of California has not yet set a date for trial in the California Action. Samsung has not shown why this Court should halt its work on all contested issues, including Netlist's claims for patent infringement, solely to await the adjudication of an issue that may or may not simplify this case. Given the speculative nature of such arguments, the Motion is premature.

### III. CONCLUSION

For the reasons stated herein, the Court finds that the Motion to Stay (Dkt. No. 187) should be and hereby is **DENIED WITHOUT PREJUDICE**.

The parties are directed to jointly prepare a redacted version of this Order for public viewing and to file the same on the Court's docket as an attachment to a Notice of Redaction within five (5) business days of this Order.

**So ORDERED and SIGNED this 14th day of December, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE