JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile: 949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S MOTION TO SUPPLEMENT THE RECORD**<br><br>Date: February 5, 2024<br>Time: 9 a.m. PT<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on February 5, 2024, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Netlist Inc. will and hereby does move the Court to consider supplemental evidence in connection with its concurrently filed Motion for Summary Judgment.

This Motion is based on this Notice; the concurrently filed Memorandum of Points and Authorities; the Declaration of Michael Harbour and accompanying exhibits; the Proposed Supplement to Statement of Uncontroverted Facts; the concurrently lodged Proposed Order; such matters of which this Court may take judicial notice; the other records, pleadings, and papers filed in this action; and any other documentary evidence or arguments that may be presented to this Court at hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 22, 2023.

Dated: January 8, 2024            Respectfully submitted,

IRELL & MANELLA LLP
A. Matthew Ashley
Jason Sheasby
Michael Harbour

By: */s/ A. Matthew Ashley*
     A. Matthew Ashley

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Netlist Inc. ("Netlist") respectfully requests that the Court consider limited supplemental evidence, filed concurrently as exhibits 1-5 attached to the Declaration of Michael Harbour ("Harbour Declaration") and in Netlist's [Proposed] Supplement to the Statement of Uncontroverted Facts, in connection with its concurrently filed Motion for Summary Judgment ("MSJ"). Specifically, Netlist seeks to add the following evidence to the summary judgment record:

- Communications between the parties both before and after the Joint Development and License Agreement ("JDLA") was signed, MSJ at 4, 6, 8, 18;
- Samsung's appellate briefing in the Ninth Circuit and the Ninth Circuit oral argument, MSJ at 10-12;
- The deposition testimony of Samsung's Principal Engineer for Memory Product Planning & Application Engineering, Indong Kim. MSJ at 9, 17. This testimony was given on December 8, 2022, after the Court issued final judgment in this case. Dkt. 306.

A district court may allow parties to supplement the summary judgment record. *See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015) (district court's refusal to allow party to supplement the record was an abuse of discretion). "In determining whether to grant a motion to supplement the record, district courts consider: (1) whether the evidence the party is seeking to admit is relevant; (2) whether the motion is made in good faith; and (3) whether supplementation would unfairly prejudice the non-moving party." *Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, No. 5:21-CV-00972, 2023 WL 6370924, at *2 (C.D. Cal. Aug. 14, 2023). Here, each factor weighs in favor of granting Netlist's request to supplement.

The evidence Netlist seeks to admit is indisputably relevant as demonstrated in Netlist's MSJ. First, the parties' communications demonstrate that they intended that Samsung's supply obligation under the JDLA would not be limited to joint

development. MSJ at 4, 6, 8, 18. Second, Samsung's arguments to the Ninth Circuit demonstrate that it has offered inconsistent and untenable interpretations of the JDLA's key provisions. MSJ at 10-12. Finally, the testimony of Indong Kim demonstrates that Samsung understood that its failure to supply Netlist with NAND and DRAM products was in breach of the JDLA. MSJ at 9, 17.

Moreover, Netlist is undeniably seeking to admit this evidence in good faith. All of the evidence attached to the Harbour Declaration and contained in the [Proposed] Supplement to Statement of Uncontroverted Facts either: (a) directly responds to arguments Samsung made at the Ninth Circuit; (b) is based on evidence adduced after the prior summary judgment record was complete (such as depositions that took place after it); and/or (c) helps demonstrate that, regardless of ambiguity, summary judgment should be awarded in favor of Netlist. When Netlist originally moved for summary judgment, its main position (and Samsung's) was that the supply obligation was unambiguous, which affected the arguments it made and the evidence it cited. Now, Netlist is again moving for summary judgment, but the circumstances have changed in light of the Ninth Circuit's finding that the supply obligation is "ambiguous." *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683, at *1 (9th Cir. Oct. 17, 2023). Samsung also took positions before the Ninth Circuit and in other cases, including those before the Eastern District of Texas, after the summary judgment briefing in this case was filed over two years ago. Those positions are relevant to the now-pending Motions for Summary Judgment and implicate evidence that was not and, in many cases could not, have been previously cited before this Court.

Finally, Samsung would not be unfairly prejudiced by the consideration of this additional evidence. Netlist's request is narrow and limited to just five additional exhibits. All of the evidence Netlist now seeks to admit was and has been available to Samsung, either in this proceeding or in others, and Samsung already has a court-ordered opportunity to respond to Netlist's Motion for Summary Judgment and the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

arguments it has made regarding such evidence. Samsung will also have the opportunity to address this evidence in its opposition.

For the foregoing reasons, the Court should grant Netlist's Motion to Supplement the Record and should consider the additional evidence submitted in connection with the pending Motions for Summary Judgment.

Dated: January 8, 2024

Respectfully submitted,

IRELL & MANELLA LLP
Jason Sheasby
A. Matthew Ashley
Michael Harbour

By: */s/ A. Matthew Ashley.*
A. Matthew Ashley

Attorneys for Plaintiff Netlist Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netlist, Inc., certifies that this brief contains 704 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 8, 2024

By: */s/ A. Matthew Ashley*
A. Matthew Ashley