MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6400

*Attorneys for Defendant*
Samsung Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF NETLIST INC.'S MOTION TO SUPPLEMENT THE RECORD REDACTED/NOT SEALED**<br><br>**[Declaration of Marc F. Feinstein and Exhibits A-E filed concurrently herewith]**<br><br>Date:  February 5, 2024<br>Time:  9:00 a.m. PT<br>Location:  Courtroom 7C<br>Judge:   Hon. Mark C. Scarsi |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................... 4

II.     BACKGROUND ..................................................................................... 5

        A.      Events Leading to Court's November 30, 2023 Order to File
                Supplemental Summary Judgment Briefs Based Only on the
                Existing Summary Judgment Record ......................................... 5

        B.      Events Immediately Preceding January 8 Summary Judgment
                Deadline .................................................................................... 8

III.    ARGUMENT ........................................................................................ 11

        A.      The Court Should Deny the Motion Because Netlist Violated the
                Court's Meet-and-Confer Requirements .................................. 11

        B.      Netlist's Request to Supplement the Record Should Be Denied
                on the Merits. .......................................................................... 15

                1.      Netlist's Motion Is Not Made In Good Faith. ............... 15

                2.      Netlist's Motion Has Unfairly Prejudiced Samsung, and
                        Granting It Would Further Unfairly Prejudice Samsung .......... 16

                3.      Netlist's Proffered Evidence Is Not Relevant. ............ 18

IV.     CONCLUSION ..................................................................................... 23

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

# TABLE OF AUTHORITIES

**Cases**

*Caldera v. J.M. Smucker Co.,*
  2013 WL 6987905 (C.D. Cal. June 3, 2013)..........................................13

*Faulkner v. Nat'l Geographic Soc.,*
  452 F. Supp. 2d 369 (S.D.N.Y. 2006) ...........................................20, 21

*In re Toyota Motor Corp. Hybrid Brake Mktg.,*
  2011 WL 13130898 (C.D. Cal. Dec. 2, 2011)....................................12

*Netlist Inc. v. Samsung et al.,*
  No. 2:21-cv-00463 (E.D. Tex.)..........................................................21

*Newin Corp. v. Hartford Accident & Indem. Co.,*
  467 N.E.2d 887 (N.Y. 1984)..............................................................18

*Resilient Floor Covering Pension Trust Fund Board of Trustees v.*
  *Michael's Floor Covering, Inc.,*
  801 F.3d 1079 (9th Cir. 2015) ..........................................................15

*Shijiazhuang Hongray Group v. World Trading 23 Inc.,*
  2023 WL 6370924 (C.D. Cal. Aug. 14, 2023) ..................15, 16, 17, 18

**Rules**

Fed. R. Civ. P. 6(a)(1)C...........................................................................17

Fed. R. Civ. P. 6(a)(5)..............................................................................17

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

# I.      INTRODUCTION

In the parties' November 27, 2023 joint submission to this Court after the Ninth Circuit's remand, Samsung proposed that renewed summary judgment briefing be based only on the existing summary judgment record.  On November 30, 2023, the Court ordered the parties to re-brief summary judgment based only on the existing summary judgment record, as Samsung had proposed.  Dkt. 345 at 1. Samsung obeyed the Court's order; Netlist did not.

Netlist now moves the Court belatedly for permission to supplement the summary judgment record.  Not only is Netlist's motion in conflict with the Court's order, but Netlist never met and conferred with Samsung about this motion in advance of filing it.  This Court should accordingly deny this motion for two basic reasons.

First, Netlist failed to comply with Local Rule 7-3 and this Court's standing order requiring parties to engage in a prefiling conference to ***discuss the substance of a contemplated motion thoroughly by telephone or videoconference.***  As explained in detail below, Netlist's representation to the Court that it met and conferred with Samsung about this motion pursuant to L.R. 7-3 on November 22, 2023 is simply false.  No such thing ever happened on November 22, 2023 or at any other time.  Samsung learned of Netlist's Motion to Supplement the Record for the first time when Netlist filed it in tandem with Netlist's supplemental summary judgment brief, which is itself improper because it relies on evidence outside the original summary judgment record even though Netlist has not yet obtained permission to use such evidence.  The Court should not countenance Netlist's bad-faith tactics, misrepresentations, and willful disobedience of the Court's orders.

Second, even if the Court entertains the merits of this motion (which it should not), the motion is meritless and should be denied.  As explained in detail below, the two factors of Netlist's good faith and prejudice to Samsung indisputably go against

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

Netlist.  Netlist acted in bad faith in filing this motion without disclosing it beforehand and misrepresenting to the Court that it had met and conferred with Samsung, while simultaneously improperly relying in its merits brief on the very evidence outside the original summary judgment record that it does not have permission to rely on.  And most of the evidence on which Netlist seeks to rely is discovery produced in this case *years ago* that Netlist chose *not* to rely on in its prior summary judgment motion or in opposition to Samsung's prior motion.

To jam up Samsung, Netlist also inexcusably waited until January 8 to file this motion, when Netlist could have filed it weeks earlier.  As a result of Netlist's deliberate delay, Samsung has been forced to divert time from preparing its responsive supplemental summary judgment brief to responding to this motion. And, since the November 30 order, Samsung has spent its time and resources complying with the Court's order and preparing its brief based on the existing record, while Netlist spent its time doing the opposite in order to gain an unfair advantage.  Granting Netlist's motion would reward Netlist's gamesmanship and be highly prejudicial to Samsung.

Finally, none of the new and improperly submitted evidence is even relevant to the question that the Ninth Circuit required this Court to decide and that this Court required the parties to brief—namely, whether the extrinsic evidence resolves the meaning of Section 6.2 as a matter of law.  This motion should be denied, and the Court should disregard any evidence offered by Netlist not previously in the summary judgment record and any arguments by Netlist based thereon.

## II.   BACKGROUND

### A.   Events Leading to Court's November 30, 2023 Order to File Supplemental Summary Judgment Briefs Based Only on the Existing Summary Judgment Record

On November 13, 2023, this Court issued a minute order reopening the case

on remand and directing the parties to file a Joint Status Report proposing a schedule for further proceedings.  *See* Dkt. 341.  The Court made clear in that order that the case "will proceed consistent with the memorandum decision and mandate" of the Ninth Circuit.  *Id.*

Netlist represents to this Court that "[t]his Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 22, 2023."  Dkt. 358 at 1.  Counsel for the parties met and conferred on November 22, 2023, but not about this Motion.  That conference was to discuss the substance of the ***Joint Status Report*** the Court had ordered the parties to file "proposing a schedule for further proceedings."  Decl. of M. Feinstein ¶ 2; *see also* Dkt. 341. During that conference, among other things, Netlist's counsel stated they did not believe the parties should file new summary judgment motions on Netlist's first claim for relief for breach of Section 6.2.  Feinstein Decl. ¶ 5.  Netlist's counsel asked whether Samsung would agree that the discovery and record in the Texas cases could be used in the California case.  *Id.* ¶ 4.  In response, Samsung's counsel stated that Netlist would need to identify the evidence and why it should be allowed in this case when discovery was closed.  *Id*.  Netlist's counsel did not do so.  *Id.*

During the call, Netlist's counsel never stated that Netlist contemplated filing a motion to supplement the summary judgment record, and did not identify any evidence they wished to use from this case, the Texas cases, or otherwise, to supplement the existing summary judgment record.  *Id.* ¶ 7.  They did not discuss any factual or legal basis, including any legal authorities, that would support a motion to supplement the summary judgment record.  *Id*.  Nor did they ask Samsung's counsel whether Samsung would object to such a motion.  *Id*.  At the time, this Court had not yet even authorized the parties to file supplemental summary judgment briefs.

Netlist's counsel agreed to send Samsung's counsel a first draft of the Joint

Status Report on November 25.  *Id.* ¶ 6.  When Netlist sent its draft, it noted that if the Court denied its forthcoming motion to stay and the case were to proceed, it would seek "leave to cross-use of fact depositions from the Eastern District of Texas litigation."  *Id.* ¶ 8, Ex. A.  It also included descriptions of testimony that is under seal in the Texas actions.  *Id.*  Because the material was under seal, Samsung's counsel informed them that their use of the testimony was a violation of the Texas court's protective order and sanctionable conduct.  *Id.*  Netlist grudgingly agreed to remove the improper reference to that testimony.  *Id.*

The parties filed their Joint Status Report on November 27, 2023.  *See* Dkt. 343.  In that report, consistent with the Ninth's Circuit decision and mandate, Samsung requested that the Court enter a schedule for supplemental summary judgment briefing on whether the extrinsic evidence creates a genuine issue of material fact as to the meaning of Section 6.2.  *See id.* at 12.  Samsung also proposed that the Court limit the parties' supplemental summary judgment briefing to the original summary judgment record.  *See id.*

In addition to asking the Court to stay this case until after the April 2024 trial in the much later-filed *EDTX II* patent litigation, Netlist's portion of the Joint Status Report included a section titled "Netlist's Proposed Schedule If There Is No Stay," *id.* at 3, 6, which mentioned filing motions to amend pleadings, to use discovery from the Eastern District of Texas litigation, and to file supplemental expert reports, *see id.* at 7-8.  Netlist argued that ***"[t]here is no need for additional fact discovery in this case***; ***however, if this case proceeds***, Netlist will file a motion seeking leave to cross-use of fact depositions and documents from the Eastern District of Texas litigations."  *Id.* at 7 (emphasis added).  Netlist did not ask to supplement the existing summary judgment record, nor disclose that it intended to move to supplement the summary judgment record.  *Id.* at 7-8.

Samsung stated in the report that it opposed the relief Netlist stated that it

7

intended to request, all of which was an improper attempt to circumvent case management deadlines in this case that are long past. *See id.* at 20.  In response to Netlist's proposal to introduce discovery from the Eastern District of Texas cases, Samsung stated:

> Netlist's attempt to expand the discovery record would—in addition to end running the discovery orders in this case—create unfair prejudice and cause unnecessary delay, as there was no reason to anticipate that discovery in Texas would be used in this case given that discovery in this case was closed, and the parties would have to be able to engage in further discovery here to respond to the discovery in Texas.  Moreover, Netlist has failed to show that it did not have an adequate opportunity to conduct discovery in this case.  Thus, any request by Netlist to reopen fact discovery should be denied.  *See id.* at 22.

On November 30, the Court issued the Order Re: Further Proceedings, stating that it "largely adopts Samsung's proposal to re-brief the remaining issues in the summary judgment proceedings ***based only on the existing record***," and ordering that simultaneous opening briefing be filed January 8, 2024, and simultaneous responsive briefs be filed on January 22, 2024, and setting the hearing for February 5, 2024.  Dkt. 345 at 1 (emphasis added).

## B.   Events Immediately Preceding January 8 Summary Judgment Deadline

On January 5, 2024, the Friday evening before the parties' deadline to file their supplemental summary judgment briefs, counsel for Netlist emailed counsel for Samsung stating that Netlist would be filing a "motion for summary judgment" on Monday and, in connection with that motion, intended to seek sealing of unidentified materials that he said the parties previously designated as Confidential under the protective order in this case.  Feinstein Decl. ¶ 10, Ex. C.

Unclear as to what exactly Netlist intended to file, Samsung's counsel responded on Sunday, January 7 by asking Netlist's counsel to identify the summary

judgment motion(s) Netlist intended to file, whether Netlist intended to file evidence outside the original summary judgment record in this case, and to identify the specific materials Netlist intended to seek to seal.  *Id.* ¶ 11, Ex. C.  Netlist's counsel responded the following day, January 8, that it intended to file a motion on whether the extrinsic evidence creates a genuine issue of material fact as to the meaning of JDLA § 6.2.  *Id.* ¶ 12, Ex. D.  He also said that Netlist would seek sealing of references to materials that the parties previously filed under seal, and provided a list of seven docket entries in this case.  *Id.* ¶ 12.  In addition, Netlist's counsel said that Netlist would also seek to seal two emails that had been designated as confidential under the protective order, which documents he attached without saying whether they were in the existing summary judgment record or not:  NL044944 (a November 2016 email string between Samsung and Netlist produced in this action) and NL049026 (an October 2015 email string between Samsung and Netlist produced in this action).[1]  *Id.* ¶ 12, Ex. D.  That was the first time that Netlist's counsel indicated that Netlist intended to submit evidence not in the original summary judgment record in connection with the summary judgment proceedings.  *Id.* ¶ 12.

In light of counsel for Netlist's January 8 email, it was still unclear whether Netlist intended to file a new motion for summary judgment or, as the Court had ordered, a supplemental brief "to rebrief the remaining issues in the summary judgment proceedings based only on the existing record."  Dkt. 345; Decl. of M. Feinstein ¶ 13.  It was also unclear whether Netlist intended to submit a new or supplemental Statement of Undisputed Facts, as Samsung had not intended to do so

---

[1] We subsequently determined that different versions of the documents that make up NL049026 are in the summary judgment record.  *See* Dkts. 188-10 & 187-32 (Choi Decl. Exs. 29 & 30).  We could not locate NL044944 in the summary judgment record.

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

in light of the Court's Order, and instead intended to cite to the existing SUFs in the record and redact from Samsung's brief only material that the Court had previously ordered sealed. Feinstein Decl. ¶ 13. Samsung's counsel therefore asked Netlist's counsel if they were available for a call that afternoon to discuss, and Netlist's counsel agreed. *Id.* ¶ 13, Ex. E.

The call occurred later that afternoon. In that call, Samsung's counsel asked Netlist's counsel whether they intended to file a new *motion* for summary judgment and a new or supplemental SUF, or a supplemental summary judgment *brief* citing to the existing SUFs. *Id.* ¶ 15. Netlist's counsel stated that they planned to file a supplemental summary judgment brief and cite to the existing SUFs, which is what counsel for Samsung had intended to do on behalf of Samsung. *Id.* The parties' counsel also discussed the procedures for citing previously sealed materials. *Id.* Samsung's counsel informed Netlist's counsel that Samsung objected to the filing of the two documents they had sent earlier that day as outside the existing summary judgment record and contrary to the Court's Order, but if Netlist proceeded anyway with filing them with the Court, subject to that objection and reservation of rights, Samsung did not object to their being filed under seal as opposed to publicly. *Id.* ¶ 15, Ex. C at 1.

On the night of January 8, 2024, the parties filed their respective papers: Samsung filed its supplemental summary judgment brief relying on its prior SUFs and exhibits already in the record, consistent with the Court's order. Dkts. 359-361. In contrast and in direct violation of the Court's Order, Netlist filed its Motion to Supplement the Record to which Samsung now responds, and a motion for summary judgment and a supplemental SUF relying on the supplemental evidence it now belatedly seeks permission to use. Dkts. 354-358.

At no time during the January 8 call or before the filing of Netlist's supplemental summary judgment brief did Netlist's counsel disclose that Netlist

intended to file a Motion to Supplement the Record or a Proposed Supplement to Netlist's Statement of Uncontroverted Facts, *see* Dkt. 354-3, or explain the basis for presenting evidence outside the summary judgment record in its supplemental summary judgment brief, especially in light of this Court's Order forbidding the parties from doing so.  Samsung first learned of those materials when Netlist filed them.  Feinstein Decl. ¶ 18.

Other than the two documents Netlist's counsel had disclosed earlier in the day on January 8 (one of which is already in the summary judgment record elsewhere), *see* Harbour Decl. Exs. 1-2, at no time during the January 8 call or before the filing of Netlist's supplemental summary judgment brief did Netlist disclose to Samsung or identify any evidence outside the summary judgment record, much less any evidence from the Texas actions, that Netlist intended to submit to the Court in connection with its supplemental brief.  The first time Samsung learned of Netlist's intent to submit to the Court and rely on Harbour Declaration Exhibits 3-5, *see* Dkts. 356-4, -5, -6, was when they were filed, Feinstein Decl. ¶ 17.  Similarly, the first time Samsung learned of Netlist's intent to submit to the Court and rely on Netlist's characterization of testimony from a Samsung witness in EDTX II, *see* Dkt. 356-5, was when Netlist's supplemental summary judgment brief was filed, Feinstein Decl. ¶ 17.

## III.   ARGUMENT

### A.   The Court Should Deny the Motion Because Netlist Violated the Court's Meet-and-Confer Requirements.

Local Rule 7-3 states that in all cases, absent exemptions not applicable here, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference must take place at least 7 days prior to the filing of the motion."  The Court's standing orders emphasize mandatory

---

11

adherence to Local Rule 7-3 and add:  "Counsel **must** meet and confer in person or by telephone or videoconference; ***an exchange of written correspondence is insufficient.  Counsel should discuss the issues to a sufficient degree*** that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.  Counsel should resolve minor procedural or other non-substantive matters during the conference, including the prospective hearing date."  Dkt. 26 (Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi) at 7-8, ¶ 9.c (emphasis added).

Failure to abide by the requirements of Local Rule 7-3 "is, alone, sufficient basis to deny [a] motion."  *See In re Toyota Motor Corp. Hybrid Brake Mktg.*, 2011 WL 13130898, at *2 (C.D. Cal. Dec. 2, 2011) (further holding that "Local Rule 7-3 applies to all motions, except those in connection with a discovery motion or listed as exempt under Local Rule 16-12.").  Indeed, the Court has twice denied Samsung relief in this case for not adequately complying with the prefiling conference requirements.  *See* Dkt. 186 at 12-13 (explaining in order denying in part Samsung's motion for summary judgment that Local Rule 7-3 "is designed to prevent nonmoving parties from suffering" "unfair surprise"); Dkt. 116 at 2 (denying Samsung's *ex parte* application to advance hearing because attorney declaration indicated that counsel provided notice of application but not information about whether counsel conferred on the underlying motion).  Netlist's outright failure to disclose to Samsung its intention to file the present Motion to Supplement the Record, much less the substance of that motion, during a prefiling conference warrants denying the motion.

Attempting to avoid that result, Netlist falsely claims its motion "is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 22, 2023."  Dkt. 358 at 1.  But under even the most generous interpretation of the events preceding the filing of its motion, *supra* 6, Netlist failed

1   to come close to meeting the meet-and-confer requirement.

2       *First*, the purpose of the November 22, 2023 call was to discuss (a) the Joint

3   Status Report the Court had ordered the parties to file proposing a schedule for

4   further proceedings and (b) the option raised by the Court in its minute order

5   regrading alternative dispute resolution.  Feinstein Decl. ¶ 2.  Although Netlist's

6   counsel asked whether Samsung would agree that the discovery and record

7   developed in the Texas cases could be used in this case, to which Samsung's

8   counsel responded that Netlist would have to identify the evidence it wanted to use

9   and why it should be allowed to use it despite discovery being closed, Netlist's

10  counsel never stated that Netlist was contemplating moving to supplement the

11  summary judgment record.  Nor did Netlist's counsel discuss the substantive legal

12  and factual issues raised by the motion.  *See id.* ¶ 7; *Caldera v. J.M. Smucker Co.*,

13  2013 WL 6987905, at *1-*2 (C.D. Cal. June 3, 2013) (striking plaintiff's motion for

14  failure to comply with L.R. 7-3).

15      *Second*, and in any event, this Court's Order Regarding Further Proceedings,

16  issued on November 30, 2023, Dkt. 345, ordered that the summary judgment

17  supplemental briefing proceed on the existing record.  In that Order, the Court

18  "largely adopt[ed] Samsung's proposal to re brief the remaining issues in the

19  summary judgment proceedings ***based only on the existing record***."  *Id.* at 1

20  (emphasis added) (citing Dkt. 343 (Joint Status Report) at 23 ("As this issue was

21  already briefed once, ***there is adequate evidence in the summary judgment record***

22  ***for the Court to make this determination.***")  (emphasis added)).[2]  Netlist was

23

24  _____

    [2] Netlist may argue that its Motion is proper because the Court ruled that "Netlist

25  may file a duly noticed motion seeking" the relief it sought in its Joint Status Report.

    Dkt. 345 at 2.  That argument is specious because nowhere in the Joint Status Report

26  did Netlist indicate that it would seek to file a motion to supplement the summary

    judgment record—indeed, that would make no sense, as the Court had not yet ruled

27

28

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

required to meet and confer again if it wanted to file a motion addressing why the Court should modify its November 30 Order.

*Finally*, Netlist does not claim to have engaged in any pre-filing conference after November 22, 2023 that could put it in compliance with L.R. 7-3—nor could it.  In a January 8 conference of counsel that preceded the filing of the parties' supplemental summary judgment briefs, Netlist's counsel again failed to notify Samsung's counsel of Netlist's intent to file the present motion.  Instead, Netlist's counsel requested only Samsung's position on Netlist's Application for Leave to File Under Seal, *see* Dkts. 354-355, and, in connection with that sealing application, only disclosed its intent to file two of the five exhibits, Dkts. 355-3, -4 (Harbour Decl. Exs. 1 & 2), that Netlist now seeks to add to the record.  And this disclosure came only after Samsung demanded to know "whether Netlist will file evidence outside the original CDCA summary judgment record," and "the specific materials that 'Netlist intends to seek sealing of . . . that the parties previously designated as confidential under the protective order in this case.'"  Feinstein Decl. ¶ 10, Ex. C.  Indeed, Netlist did not disclose that it intended to move to supplement the record until Netlist filed this motion on January 8, 2024 at 10:52 p.m.  *Id.* ¶ 18.

Thus, Netlist's claim that it filed this motion after a conference pursuant to Local Rule 7-3 is simply untrue.  For this reason alone, the Court should deny Netlist's motion.

---

that the parties' supplemental summary judgment briefs were limited to the existing summary judgment record.  And in any event, the Court's Order Re: Further Proceedings does not relieve Netlist of its meet-and-confer obligations under Local Rule 7-3, particularly where Netlist is seeking relief—to supplement the existing summary judgment record—that it never said in the Joint Status Report it intended to seek.

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

### B.   Netlist's Request to Supplement the Record Should Be Denied on the Merits.

Even if the Court chooses to look past Netlist's gamesmanship, false representations, and deliberate violations of the Court's orders and the Local Rules, it should nonetheless deny the Motion to Supplement the Record because Netlist acted in bad faith, supplementation would unfairly prejudice Samsung, and Netlist has not demonstrated that the evidence it seeks to rely on now is relevant to the issues before the Court pursuant to the Ninth Circuit's mandate.

Netlist cites to only two cases in its motion—*Shijiazhuang Hongray Group v. World Trading 23 Inc.*, 2023 WL 6370924 (C.D. Cal. Aug. 14, 2023) and *Resilient Floor Covering Pension Trust Fund Board of Trustees v. Michael's Floor Covering, Inc.*, 801 F.3d 1079 (9th Cir. 2015).  Mot. at 2.  *Shijiazhuang Hongray* sets out three factors that courts consider in determining whether to grant a motion to supplement the record:  (1) "whether the evidence the party is seeking to admit is relevant"; (2) "whether the motion is made in good faith"; and (3) "whether supplementation would unfairly prejudice the non-moving party."  2023 WL 6370924, at *2.  Neither case supports Netlist's motion.[3]

### 1.   Netlist's Motion Is Not Made In Good Faith.

There is no set of facts on this record that possibly establishes that Netlist acted in good faith.  Netlist was grossly delinquent in its presentation of the

---

[3] Netlist cites *Resilient Floor* to suggest that denying this motion would be an abuse of discretion.  *See* Mot. at 2 ("district court's refusal to allow party to supplement the record was an abuse of discretion").  This is a blatant misstatement.  In that case the parties orally agreed to convert cross-summary judgment motions into a bench trial, and thereafter one of the parties sought to supplement that record with invoices that the court declined to consider as irrelevant.  801 F.3d at 1087.  The Ninth Circuit reversed because the receipts were actually highly relevant under the proper test, an error of law which is always an abuse of discretion.  *Id.* at 1098.  No such circumstances come close to existing here.

proffered evidence to the Court:  Despite knowing of its existence for months and in some cases even years, and despite knowing of its own intention to rely on that evidence in contradiction of the Court's November 30 Order, Netlist waited until January 8 to ask the Court to modify its November 30 Order.  Even worse, Netlist never disclosed to Samsung that it intended to file the Motion to Supplement the Record or the Supplemental SUF, and intentionally misled Samsung during the parties' January 8 call as to what Netlist intended to file.  Feinstein Decl. ¶¶ 16, 18.  Netlist told Samsung it was filing a supplemental brief that cited only to the existing SUFs, omitting mention of its intention to file a supplemental or new SUF.  *Id.* ¶ 15.  And Netlist omitted mention of the majority of the new evidence it included in its Motion.  *Id.* ¶ 17.

Netlist argues that it is somehow acting in good faith because **some** of the evidence was "adduced after the prior summary judgment record was complete (such as depositions that took place after it)."  Mot. at 3.  That evidence was produced in a separate litigation, months after the discovery cutoff here.  *Shijiazhuang Hongray*, cited by Netlist, is therefore easily distinguishable, as the court found the motion had been made in good faith because the movant "ha[d] been diligent both in obtaining additional evidence and in promptly presenting this evidence to the court."  2023 WL 6370924, at *3.

### 2.   Netlist's Motion Has Unfairly Prejudiced Samsung, and Granting It Would Further Unfairly Prejudice Samsung

There is no reasonable basis to conclude that Netlist has not unfairly prejudiced Samsung, or that granting Netlist's motion would somehow not result in further severe prejudice.  Netlist's decision to file the present previously-undisclosed motion on January 8 means that, in light of the January 15 Court holiday, Samsung's opposition is accelerated from Monday, January 15, to Friday, January 12.  *See* L.R. 7-9; Dkt. 26 (Scarsi Initial Standing Order) at 7, ¶ 9.b; Fed. R.

Civ. P. 6(a)(1)(C) & 6(a)(5).  It also means that, instead of Samsung being able to focus on drafting its responsive supplemental summary judgment brief, Netlist has forced Samsung to divert its attention to researching, drafting, and filing Samsung's opposition to an entirely new motion—in under four days.  *See* Feinstein Decl. ¶ 19.

Granting the Motion would only add insult to injury.  Samsung played by the rules that the Court ordered, and spent time and resources since November 30, 2023 drafting its supplemental briefing based on the existing record.  Netlist, however, decided to ignore the Court's Order and scour the record in this case, both Texas cases, and even the Ninth Circuit record for evidence it could surprise Samsung with.  And even worse, Netlist has unilaterally granted its own motion by substantively incorporating all of the new evidence into its opening merits brief before the Motion to Supplement the Record has even been decided.  *See* Dkt. 356 at 4, 6, 8, 9, 10-12, 17, 18.  Netlist is hoping the Court will endorse its "ask forgiveness not permission" approach, but that is the very approach that, if allowed, would severely prejudice Samsung and penalize it for playing by the rules.

For similar reasons, Netlist's citation to *Shijiazhuang Hongray* is deeply misplaced.  There the court found supplementation would not unfairly prejudice the non-moving parties because they had failed to previously produce the evidence in violation of their discovery obligations and a court order (leading the court to characterize it as "newly discovered evidence").  2023 WL 6370924, at *3.  There are no such facts here.  And this evidence is not "newly discovered."  As Netlist plainly states in its motion, the evidence has been available in this proceeding or others, and much of it was available for Netlist's use in connection with the original summary judgment proceedings in this case.  Netlist chose not to rely on it then and has not even attempted to demonstrate why it should be excused from that decision, particularly where, as here, Samsung followed the rules by limiting its supplemental summary judgment brief to the existing summary judgment record.

17

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

3.   <u>Netlist's Proffered Evidence Is Not Relevant.</u>

Finally, even if Netlist had informed Samsung of its intent to file this motion and properly met and conferred before filing its surprise motion (it did not), even if it had acted in good faith (it acted the opposite), and even if Samsung would not be severely prejudiced (it would), Netlist's motion still fails for a simple reason:  None of the evidence Netlist breathlessly paints as a smoking gun is remotely relevant to the interpretation of section 6.2 of the JDLA.[4]

Except for the documents in Exhibit 1 to the Declaration of Michael Harbour, which are **already in the summary judgment record**,[5] none of Netlist's new evidence is relevant to the issue before the Court—namely, what the parties intended at the time of the contract regarding the scope of Samsung's supply obligation under Section 6.2 of the JDLA.  *See* Dkt. 361-1 at 12; s*ee also Newin Corp. v. Hartford Accident & Indem. Co.*, 467 N.E.2d 887, 919 (N.Y. 1984) ("[I]f the language of the [contract] is susceptible of two reasonable meanings, the parties may submit extrinsic evidence of their intent *at the time of contracting*." (emphasis added)).

***November 2016 email thread (Harbour Ex. 2)***.  Netlist seeks to introduce a November 2016 email thread in which Samsung provided Netlist with a letter

[4] Here, too, Netlist's reliance on *Shijiazhuang* is misplaced, as the non-moving parties did not oppose the motion to supplement, and all parties agreed that the supplemental evidence was relevant to their claims.  2023 WL 6370924, at *3. Samsung opposes Netlist's motion, and as discussed in detail below, the proffered evidence is wholly irrelevant.

[5] The documents that make up Exhibit 1 are already part of the summary judgment record, and it is confusing why Netlist sought to include them in this motion at all. *See* Dkt. 188-10 (Choi Decl. Ex. 29) (Noel Whitley email); Dkt. 187-32 (Choi Decl. Ex. 30) (Samsung markup of JDLA).  Samsung does not dispute that these documents are relevant but does dispute the inferences Netlist draws from them, as Samsung will explain in its responsive supplemental summary judgment brief.

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD

1  stating that Netlist is ███████████████████████████████████████

2  ██████████████████████████████████████████████

3  ████████      Dkt. 355-4 (Harbour Decl. Ex. 2 at NL044947).  There is, of course, no

4  dispute that ████████████████████████████████████—it had

5  been doing so since 2001, and continued to do so after the parties signed the JDLA.

6  *See* Dkt. 361-1 at 6, 9.  But the letter said nothing about ██████████████

7  ████████████████████████████████████████████

8  ███████████████████████████████████ *See* Dkt.

9  355-4 (Harbour Decl. Ex. 2 at NL044947).  Nor did the letter ████████████

10 ████████████████████████████████

11 ████████████████████████████████████████

12 ████████████████████████████████████ *See*

13 *id.*[6]  Simply put, there is no basis for Netlist's insinuation that ████████████

14 █████████████████████████

15      ***Samsung 2021 C.D. Cal. Interrogatory Response (Harbour Ex. 3)***.  Netlist

16 next offers a 2021 interrogatory response from Samsung in this case indicating that

17 Ho-Jung Kim was involved in JDLA negotiations.  *Id.* (Harbour Decl. Ex. 3 at 5).

18 Netlist appears to argue that this is somehow relevant because Ho-Jung Kim sent an

19 email in January 2018—that ***is*** in the summary judgment record—stating that

20 _____

21 [6] The fact that the email thread to which the letter was attached ██████████████

22      is of no moment. ████████████████████████████████

23 ████████████████████████████████████████████

24 ████—ever the aggressive patent litigant—████████

25 ██. Dkt. 355-4 (Harbour Decl. Ex. 2 at NL044945. ████

26 ████████ *Id.* at NL044944. ████████████████

27 ████████████████████

28

"[p]ursuant to the [Section 6.2], supply for NAND or DRAM products is necessary if there is a request from Netlist." Dkt. 355-1 at 16. But the interrogatory response is irrelevant for several reasons.

First, under New York law, "unilateral expression[s] of one party's postcontractual subjective understanding of the terms of [an] agreement . . . [are] not probative as an aid to the interpretation of the contract." *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d 369, 379 (S.D.N.Y. 2006). Testimony that is "nothing more than [a] *post hoc* interpretation[]" of the contract and says "nothing about [the parties'] views at the time the [contract was] entered" is irrelevant—***even testimony from the alleged drafter of the language at issue***. *Id.* (declining to consider testimony of alleged drafter of disputed provisions). Thus, the underlying January 2018 email from Ho-Jung Kim is irrelevant regardless of his involvement in JDLA negotiations, and the interrogatory response is also irrelevant.[7]

Second, Netlist implies that Ho-Jung Kim's email must have been referring to an unlimited supply obligation because the JDP was over by the time the email was sent. Dkt. 355-1 at 16-17. Samsung will respond in full in its responsive supplemental summary judgment brief, but for present purposes what matters is that Netlist provides no basis to infer that Ho-Jung Kim was aware of the status of the JDP when he sent the email in January 2018. The interrogatory response does not change that, as whether he was involved in JDLA ***negotiations*** in 2015 in no way shows that he would know anything about the status of the parties' ***technology collaboration*** in 2018.

***Indong Kim Testimony from EDTX I (Harbour Ex. 4)***. Netlist seeks to introduce testimony from the December 8, 2022 deposition of Indong Kim in *Netlist*

---

[7] In addition, the email is irrelevant for many other reasons that Samsung will explain in its responsive supplemental summary judgment brief.

*Inc. v. Samsung et al.*, No. 2:21-cv-00463 (E.D. Tex.), Dkt. 356-5 (Harbour Decl. Ex. 4), which Netlist argues "demonstrates that Samsung understood that its failure to supply Netlist with NAND and DRAM products was in breach of the JDLA," Mot. at 3; *see* Dkt. 355-1 at 8-9, 17.  In attempting to establish its relevance, Netlist mischaracterizes the testimony.

In his Eastern District of Texas deposition, Indong Kim was presented with a 2018 internal Samsung email, the content of which is redacted, and asked whether "you think ***that's*** consistent with giving Netlist, quote: 'Zero allocation and no support,' which is what Samsung announced in January of 2018?"  Dkt. 356-5 (Harbour Decl. Ex. 4 at 47:12-25).  In response to the question about "that," Kim responded:  "No.  I think that there's inconsistency or the contract terms stating that there should be supply contradicts the situation in which supply was not being made."  *Id.* (Harbour Decl. Ex. 4 at 47:22-48:6).  But Netlist does not explain why one employee's subjective interpretation of a redacted internal email written three years after the JDLA was executed has any bearing on what the parties intended in 2015.  *See Faulkner*, 452 F. Supp. 2d at 379 ("unilateral expression[s] of one party's postcontractual subjective understanding of the terms of the agreement . . . [are] not probative").  Nor does his personal opinion on what is ethical, Dkt. 356-5 (Harbour Decl. Ex. 4 at 70:5-15), which Netlist also points to, Dkt. 355-1 at 17, have anything to do with whether Samsung's nonfulfillment of orders was a breach of Section 6.2's supply obligation, the actual issue before this Court.[8]

***Ninth Circuit Oral Argument Transcript Excerpt (Harbour Ex. 5)***.  Finally, Netlist seeks to introduce portions of the oral argument transcript from the Ninth Circuit appeal in this case so it can repeat its specious argument that Samsung has

---

[8] Such testimony is also impermissible lay witness opinion testimony under FRE 701, and should not be considered for that additional reason.

advanced inconsistent positions regarding the JDLA.  Dkt. 356-6 (Harbour Decl. Ex. 5).  It is not clear what any of this has to do with what the extrinsic evidence shows about the parties' intent at the time they entered into the JDLA.  But Netlist doggedly argues yet again that Samsung relied on the JDLA's fourth recital in the oral argument to somehow argue before the Ninth Circuit that the JDLA's patent license grant was limited to the JDP, which Netlist insists contradicts Samsung's argument that the license was broad.  Dkt. 355-1 at 10.  Of course, the transcript says no such thing, because Samsung has never argued any such thing.  It is clear from the transcript that Samsung's counsel was saying that the license grant was given *in exchange* for the JDP, not that it was *limited to* the JDP—just as Samsung explained in the parties' November 27, 2023 Joint Status Report, Dkt. 343 at 19-20, and its opposition to Netlist's motion to stay, Dkt. 351 at 6-7.  Indeed, recently the District of Delaware issued an order staying another patent litigation between Netlist and Samsung, and expressly recognized that Samsung has been consistent with its arguments regarding the scope of Section 6.2 and the scope of the JDLA patent licenses.  *See* Dkt. 351-3 (Lucas Decl. Ex. 2) ("Having considered the totality of the circumstances—including in particular . . . that the Court is unpersuaded that Samsung advanced an inconsistent position before the Ninth Circuit Court of Appeals—the Court concludes that the most appropriate course of action is to stay this case.").

Similarly, there is no contradiction between Samsung's counsel's statement at oral argument that the $8 million non-recurring engineering fee was "clearly for the joint development project," Dkt. 356-6 (Harbour Decl. Ex. 5 at 8:16-24), and the statement that Samsung considered the $8 million as consideration for Netlist's patent license, Dkt. 168-2 at 18, SUF 62.  The former statement came in the context of a discussion of the meaning of the JDLA based on its text, structure, and purpose; the latter statement came in the context of a discussion of Samsung's belief that it

was required to withhold taxes because the $8 million fee was considered a patent royalty under Korean law.  There is no question that, on the face of the JDLA, the $8 million non-recurring *engineering* fee was for the JDP, just as Samsung said at the Ninth Circuit oral argument.  At the same time, Samsung believed in 2015 that, for Korean tax law purposes, its payment would be deemed consideration for the patent license and therefore a patent royalty subject to tax withholding.  Both statements are true, and there is no inconsistency.

In sum, except for Exhibit 1, which is already part of the summary judgment record, none of the evidence with which Netlist seeks to supplement the summary judgment record is relevant to the actual issues before the Court, and Netlist's Motion should be denied for that reason.[9]

## IV.   CONCLUSION

For all the foregoing reasons, Samsung respectfully requests that Netlist's Motion to Supplement the Record be denied.

DATED: January 12, 2024             O'MELVENY & MYERS LLP

By:   *Michael G. Yoder*
                              Michael G. Yoder
                       Attorneys for Defendant Samsung

---

[9] Although Netlist does not include it in its Motion to Supplement the Record, Netlist in its supplemental summary judgment brief refers to testimony from a Samsung witness in the Eastern District of Texas that supposedly contradicts Samsung's arguments in this case.  In addition to mischaracterizing that testimony, Netlist by its use of the testimony in this case is violating the protective order in the Eastern District of Texas.  Netlist also had ample time to seek an order from the Eastern District of Texas permitting it to use the testimony here.  Accordingly, the Court should disregard this testimony.

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Samsung Electronics Co., Ltd., certifies that this brief contains 6,612 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  January 12, 2024          By: _____*/s/ Michael Yoder*_____

Michael G. Yoder

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO SUPPLEMENT THE RECORD