MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6400

*Attorneys for Defendant*
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>             Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG'S OBJECTIONS TO EVIDENCE RELIED ON BY NETLIST IN ITS SUPPLEMENTAL SUMMARY JUDGMENT BRIEF**<br><br>Date:  February 5, 2024<br>Time:  9:00 a.m. PT<br>Location:  Courtroom 7C<br>Judge:   Hon. Mark C. Scarsi |

Defendant Samsung Electronics Co., LTD. ("Samsung") hereby submits the following objections to evidence relied on by Plaintiff Netlist, Inc. ("Netlist") in its supplemental summary judgment brief (Dkt. 355-1, "Netlist Opening Br.").[1]

## I. OBJECTIONS TO THE DECLARATION OF C.K. HONG (DKT. 145-3)

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **1. C.K. Hong Decl. ¶ 4 at 1:22-24 (cited by Netlist in its Opening Br. in support of its version of the JDLA negotiation history)**<br><br>"The commitment from Samsung Electronics Co., Ltd. ("Samsung") to supply NAND and DRAM to Netlist as consideration for the agreement we entered into was of crucial value to Netlist." | Not probative of parties' mutual intent as unilateral expression of one party's subjective post-contractual understanding of term. Fed. R. Evid. 402, *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d 369, 379 (S.D.N.Y. 2006).<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: _____<br><br>Overruled: _____ |
| **2. C.K. Hong Decl. ¶ 4 at 1:24-27 (cited by Netlist in its Opening Br. in support of its version of the JDLA negotiation history)**<br><br>"First, the semiconductor industry has historically | Not probative of parties' mutual intent as uncommunicated subjective intent of one party. Fed. R. Evid. 402, *Faulkner*, 452 F. Supp. 2d at 379.<br><br>Improper lay opinion | Sustained: _____<br><br>Overruled: _____ |

---

[1] Samsung limits its objections to evidence cited by Netlist in its supplemental summary judgment brief (Dkt. 355-1), and therefore does not reassert all prior objections submitted in connection with the parties' 2021 cross-motions for summary judgment. *See* Dkt. 168-3. In doing so, Samsung does not waive any relevant prior evidentiary objections and reserves the right to object to evidence on which Netlist relies in its responsive supplemental brief.

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| experienced cyclical shortages of NAND and DRAM, so Netlist aimed to reduce business risk stemming from the possibility that these shortages would disrupt the flow of products to our customers." | concerning the technical and specialized field of memory module technologies and industry trend. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | |
| **3. C.K. Hong Decl. ¶ 4 at 1:27-2:1 (cited by Netlist in its Opening Br. in support of its version of the JDLA negotiation history)**<br><br>"Second, even as the largest memory producer in the world, Samsung supplies NAND and DRAM directly to a surprisingly small number of select companies." | Improper lay opinion regarding technical and specialized memory chip industry. Fed. R. Evid. 702.<br><br>Lacks foundation, no basis to assert personal knowledge, speculation about Samsung's customer base. Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |
| **4. C.K. Hong Decl. ¶ 4 at 2:1-6 (cited by Netlist in its Opening Br. in support of its version of the JDLA negotiation history)**<br><br>"As a result, an agreement with Samsung for direct product supply elevated Netlist into an elite group of industry players and provided assurances to | Not probative of parties' mutual intent as unilateral expression of one party's subjective post-contractual understanding of term. Fed. R. Evid. 402, *Faulkner*, 452 F. Supp. 2d at 379.<br><br>Lacks foundation, no basis to assert personal knowledge, speculation about subjective market perceptions. Fed. R. | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| Netlist's customers that if they engaged Netlist, they would have good access to supply. In an industry where the inability to secure NAND and DRAM forces businesses to shut down, a direct supply relationship with the world's largest memory semiconductor manufacturer is a significant strategic advantage." | Evid. 602.<br><br>Improper lay opinion concerning the technical and specialized field of memory module technologies and industry trend. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc*., 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | |
| 5. **C.K. Hong Decl. ¶ 5 at 2:7-13 (cited by Netlist in its Opening Br. in support of its version of the JDLA negotiation history)**<br><br>"Because securing direct supply of NAND and DRAM was so critical to Netlist, Netlist was willing to make a number of important concessions to Samsung in exchange for Samsung's contractual commitment to provide supply. Chief among these, Samsung sought and Netlist agreed to provide Samsung with a license to its patents. Netlist also agreed to a lower upfront payment to support the overall structure of the deal. In particular, Netlist | Not probative of parties' mutual intent as uncommunicated subjective intent of one party. Fed. R. Evid. 402, *Faulkner*, 452 F. Supp. 2d at 379.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc*., 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| initially sought an $85 million payment and a running royalty." | | |
| **6. C.K. Hong Decl. ¶ 6 at 2:17-25 (cited by Netlist in its Opening Br. in support of its version of the JDLA negotiation history)**<br><br>"The market for NAND and DRAM is effectively an oligopoly with Micron Technology, Inc., SK Hynix Inc., and Samsung controlling approximately 95% of the world's supply. Although all three manufacturers offer NAND and DRAM, the products from the three suppliers are not interchangeable. This is because each company implements different design and fabrication processes which result in varying speed, power, and endurance characteristics in customers' server and storage systems. Therefore, a server or storage manufacturer cannot simply replace a Hynix or Micron server memory for a Samsung server memory without re-qualification or, in some cases, a redesign of their server systems." | Improper lay opinion concerning the technical and specialized field of memory module technologies and industry structure. Fed. R. Evid. 702.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **7. C.K. Hong Decl. ¶ 8 at 3:13-20 (cited by Netlist in its Opening Br. in support of its contentions regarding the parties' course of conduct before and after execution of the JDLA)**<br><br>"Before the JDLA was signed, Samsung supplied effectively no product to Netlist and the relationship was ad hoc. After the execution of the JDLA, Netlist and Samsung engaged in a course of dealing in which Netlist would make regular requests for NAND and DRAM and Samsung would reasonably comply. For nearly two years following the execution of the JDLA, Samsung sold Netlist millions of dollars worth of products each quarter. In 2016, Netlist purchased approximately $9 million worth of NAND and DRAM from Samsung. In the first half of 2017 alone, Samsung's supply to Netlist was approximately $16 million." | Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Improper legal conclusion and/or lay opinion as to whether Samsung reasonably complied. Fed. R. Evid. 701, 702.<br><br>Lacks foundation to establish sales estimates. Fed. R. Evid. 602. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

## II. OBJECTIONS TO THE DECLARATION OF P.K. HONG (DKT. 145-2)

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **8. Paik Ki Hong Decl. ¶ 3 at 1:11-15 (cited in Netlist Opening Br. to prove the contents of the JDLA and in support of Netlist's version of the parties' course of conduct post-JDLA execution)**<br><br>"Netlist and Samsung entered into a Joint Development and License Agreement ("JDLA") in November 2015 in which Samsung agreed to supply NAND and DRAM to Netlist at Netlist's request and at a competitive price. After signing the JDLA, Samsung routinely supplied Netlist's needs for Samsung NAND and DRAM products per Netlist's requests." | Lacks foundation, no basis to assert personal knowledge. Fed. R. Evid. 602.<br><br>Improper legal conclusion by lay witness. Fed. R. Evid. 701.<br><br>The JDLA itself is the best evidence of its contents. Fed. R. Evid. 1002, *et seq*.<br><br>Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171. | Sustained: _____<br><br>Overruled: _____ |
| **9. Paik Ki Hong Decl. ¶ 3 at 1:15-18 (cited in Netlist Opening Br. in support of its version of the parties' post-JDLA execution course of conduct)**<br><br>"Overall, our orders and fulfillment by Samsung went smoothly, and continued to increase rapidly throughout 2016 and 2017. During this period, Samsung reasonably | Conclusory, self-serving, and lacking in specific facts and supporting evidence. *VBS Distribution, Inc.*, 811 F. App'x at 1007; *F.T.C.*, 104 F.3d at 1171.<br><br>Improper legal conclusion and/or lay opinion as to whether Samsung reasonably complied. Fed. R. Evid. 701, 702. | Sustained: _____<br><br>Overruled: _____ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| complied with our requests and delivered supply consistent with our forecasts and purchase orders, despite periods of chip shortages." | | |

### III. OBJECTIONS TO EXHIBITS TO DECLARATION OF RAY LAMAGNA (DKT. 171-2)

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **10. LaMagna Decl. Ex. 75 (Dkt. 171-3), NL117869 (cited by Netlist in its Opening Br. in support of its contentions regarding its purchases of memory chips from Samsung)**<br><br>Described in LaMagna Decl. ¶ 2 as "an excerpt of data from an Excel file Bates labeled NL117869 reporting Netlist's purchase orders of Samsung Products in 2015." | Lack of authentication—insufficient foundation to establish whether this document is what Netlist proposes. Fed. R. Evid. 901.<br><br>Hearsay to the extent Netlist relies on a document produced by Netlist for the truth of the matter asserted therein without establishing the applicability of any exception to the rule against hearsay. Fed. R. Evid. 802. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

### IV. OBJECTIONS TO EXHIBITS TO DECLARATION OF MICHAEL HARBOUR (DKT. 356-1) PROFFERED BY NETLIST IN ITS PENDING MOTION TO SUPPLEMENT THE RECORD (DKT. 358)

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| **11. Harbour Decl. Ex. 2 (Dkt. 355-3), Letter attached to email from Ho-Jung Kim to JB Kim at NL044947** | Supplemental evidence violates Order Re: Further Proceedings directing parties to "rebrief the remaining issues . . . ***based only on the existing record***." Dkt. 345 at 1 (emphasis added); *see* Dkt. 366-1, Samsung Opposition to Netlist Motion to Supplement the Record.<br><br>Lacks foundation and no authentication—Netlist does not establish who wrote the letter, for what purpose, or whether letter is related to the JDLA. Fed. R. Evid. 602, 901.<br><br>Irrelevant—not probative of parties' mutual intent at time of contracting, where no connection is established between letter and JDLA. Fed. R. Evid. 402. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |
| **12. Harbour Decl. Ex. 3 (Dkt. 356-4), Excerpt from Samsung's First Supplemental Responses to Netlist's First Set of Interrogatories** | Supplemental evidence violates Order Re: Further Proceedings. Dkt. 345 at 1.<br><br>Irrelevant because offered to prove alleged admission by Samsung employee in January 2018 email (LaMagna Decl. Ex. 7), and that alleged admission is irrelevant on grounds as unilateral expression of one party's subjective post-contractual understanding. Fed. R. Evid. 402, *Faulkner v. Nat'l Geographic Soc*., 452 F. Supp. 2d 369, 379 (S.D.N.Y. 2006). | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| 13. Harbour Decl. Ex. 4 (Dkt. 356-5), Deposition of Indong Kim in EDTX at 47:22-48:6<br><br>"Q. And do you think that's consistent with giving Netlist quote 'Zero allocation and no support,' which is what Samsung announced in January of 2018?<br><br>A. No. I think that there's inconsistency or the contract terms stating that there should be supply contradicts the situation in which is supply was not being made." | Supplemental evidence violates Order Re: Further Proceedings. Dkt. 345 at 1.<br><br>Not probative of parties' mutual intent as unilateral expression of one party's subjective post-contractual understanding of term. Fed. R. Evid. 402, *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d 369, 379 (S.D.N.Y. 2006).<br><br>Improper legal conclusion by lay witness and/or improper lay witness opinion. Fed. R. Evid. 701, 702. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |
| 14. Harbour Decl. Ex. 4 (Dkt. 356-5), Deposition of Indong Kim in EDTX at 70:7-15<br><br>"Q. Was it ethical for Samsung to cut off a hundred percent of Netlist's product supply knowing that it would destroy Netlist's business?<br><br>A. If a yardstick based on whether something is | Supplemental evidence violates Order Re: Further Proceedings. Dkt. 345 at 1.<br><br>I. Kim's personal opinion on what is ethical is not probative of parties' mutual intent at time of contracting. Fed. R. Evid. 402.<br><br>Improper lay witness opinion. Fed. R. Evid. 702. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| ethical or not is forced on me and I think I'm being forced to determine this, then I would consider it to be unethical. So the answer is yes." | | |

DATED: January 22, 2024

O'MELVENY & MYERS LLP

By:    */s/ Michael G. Yoder*
         Michael G. Yoder
    Attorneys for Defendant Samsung