JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>    Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF NETLIST'S MOTION IN LIMINE TO ADMIT TESTIMONY (#3)**<br><br>**[REDACTED PUBLIC VERSION]**<br><br>Date:      March 18, 2024<br>Time:      2 p.m. PT<br>Location:  Courtroom 7C<br>Judge:     Hon. Mark C. Scarsi |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

# NOTICE OF SUPPLEMENTAL AUTHORIITY

Netlist, Inc. ("Netlist") respectfully submits this Notice in support of Netlist's Motion in Limine to Admit Testimony (Dkt. 417), to inform the Court that Judge Gilstrap has granted Netlist's Motion for Relief from the Protective Order to allow Netlist to present the deposition testimony of Mr. Joseph Calandra for this Court's review for admission in this Action. *Netlist Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-293, Dkt. 679 (E.D. Tex. Feb. 28, 2024). Judge Gilstrap held:

> Netlist is not seeking to obtain extra discovery in this case to be used in the CDCA Action, but rather Netlist is simply asking that it be allowed to show Judge Scarsi deposition testimony that has already taken place so that Judge Scarsi can determine whether or not such testimony is relevant and admissible in the CDCA.

Exhibit A at 3. A true and correct copy of the testimony Netlist seeks to admit is attached as Exhibit B (the exhibit includes full pages with the proposed testimony to designate for playing before the jury highlighted).

As discussed in the Motion (Dkt. 417 at 5), Mr. Calandra was Samsung's 30(b)(6) witness on various topics relating to Samsung policies regarding product sales of NAND and DRAM, which cover the application of sales to customers with a supply agreement such as the JDLA, including topic 55 ("facts and circumstances of all sales or offers for sale of the Samsung Accused Products"), topic 51 ("Samsung's actual, proposed, contemplated, planned or prospective pricing policies, strategies, plans, practices, or decisions for the Samsung Accused Products"), topic 50 ("distribution channels for the Samsung Accused Products"), and topic 59 ("expected, planned, and forecasted profitability, revenues, and sales of the Samsung Accused Products"). Dkt 417-14 (Ex. 13 (Netlist 30(b)(6) notice), 474-17 (Ex. 16 Samsung email designating Mr. Calandra).

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[lines 1–9 redacted]

Samsung stated to the Ninth Circuit: "No ordinary businessperson in Samsung's position would agree to supply an unquantified amount of DRAM and NAND to a single customer 'on request at a competitive price.'" *Netlist Inc. v. Samsung Elecs. Co., LTD.*, 2022 WL 21243 72, at *34-35 (9th Cir. Jun. 6, 2022) (Samsung's Brief on Cross-Appeal). Samsung's recently filed Memorandum of Contentions of Fact and Law (Dkt. 402) has made clear it intends to attempt to present the same argument to the jury. Under "Key Evidence in Opposition" Samsung lists "Evidence of true supply agreements the parties have entered, which are materially different in structure, language and substance from the JDLA."[1] *Id.* at 6.

Dated: February 28, 2024

Respectfully submitted,

IRELL & MANELLA LLP
A. Matthew Ashley
Jason Sheasby
Michael Harbour

By: */s/ Jason Sheasby*
Jason Sheasby

---

[1] Samsung appears to be using this "evidence" as way of re-urging its position that the supply clause is indefinite. The Court has already rejected this argument, and Samsung did not appeal this ruling. Dkt. 186 at 10-12 ("Samsung argues that, if consistent with Netlist's interpretation, the supply provision would render the JDLA insufficiently definite to be enforceable … There is no triable issue as to whether the JDLA is an enforceable contract.").