IRELL & MANELLA LLP  
Jason G. Sheasby (205455)  
jsheasby@irell.com  
Michael D. Harbour (298185)  
MHarbour@irell.com  
1800 Avenue of the Stars, Suite 900  
Los Angeles, California 90067  
Telephone:   (310) 277-1010  
Facsimile:   (310) 203-7199  

IRELL & MANELLA LLP  
A. Matthew Ashley (198235)  
mashley@irell.com  
840 Newport Center Drive, Suite 400  
Newport Beach, CA 92660  
Telephone:   (949) 760-0991  
Facsimile:   (949).760-5200  

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>Defendant. | Case No. 8:20-CV-0993-MCS (ADS)<br><br>**PROPOSED FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>Judge Mark C. Scarsi<br><br>Final Pretrial Conference:<br>Date:   March 18, 2024<br>Time:   2:00 p.m.<br><br>Trial: March 26, 2024 |

11307784.2 05

# **TABLE OF CONTENTS**

**Page**

1. THE PARTIES AND PLEADINGS ................................................................. 1
2. JURISDICTION .............................................................................................. 1
3. TRIAL DURATION ........................................................................................ 1
4. JURY TRIAL ................................................................................................... 1
5. ADMITTED FACTS ....................................................................................... 2
6. STIPULATED FACTS .................................................................................... 2
7. PARTIES' CLAIMS AND DEFENSES .......................................................... 2
   Plaintiff's Claims: ............................................................................................ 2
   Defendant's Counterclaims And Affirmative Defenses: ............................... 10
8. REMAINING TRIABLE ISSUES ................................................................. 10
9. DISCOVERY ................................................................................................. 11
10. DISCLOSURES AND EXHIBIT LIST ......................................................... 11
11. WITNESS LISTS ........................................................................................... 11
12. MOTIONS IN LIMINE ................................................................................. 11
13. BIFURCATION ............................................................................................. 13
14. ADMISSIONS ............................................................................................... 13

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## 1. THE PARTIES AND PLEADINGS

The parties are Plaintiff Netlist Inc. ("Netlist") and Defendant Samsung Electronics Co., Ltd. ("Samsung"). Netlist's First Amended Complaint, filed on August 31, 2020, alleged claims for (1) breach of contract as to the supply obligation in the Joint Development and License Agreement ("JDLA"); (2) breach of contract as to Samsung's failure to pay the full Non-Recurring Engineering ("NRE") fees; and (3) declaratory relief that Netlist effectively terminated the JDLA under Section 13.2 by July 20, 2020. Dkt. 22. The Ninth Circuit instructed the district court to enter judgment for Samsung on Plaintiff's second claim for relief. Dkt. 334.

Samsung's filed its Answer to Netlist's First Amended Complaint on November 6, 2020. Dkt. 27. The Ninth Circuit concluded that the district court correctly precluded Samsung from asserting at trial the affirmative defenses of waiver, estoppel, and acquiescence. Dkt. 334. No other affirmative defenses are at issue for trial.

## 2. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1332(a) and 28 U.S.C. §§2201, 2202, and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and (c).

## 3. TRIAL DURATION

The trial is estimated to take four (4) days.

## 4. JURY TRIAL

The trial is to be a jury trial. Netlist and Samsung shall concurrently serve and file (1) joint proposed jury instructions; (2) disputed proposed jury instructions; (3) competing proposed verdict forms; (4) proposed statements of the case; and (5) proposed additional voir dire questions, if any, not later than March 4, 2024.

## 5. ADMITTED FACTS

With respect to the remaining issues for trial, the parties have not agreed on any facts that are currently admitted and require no proof, and will present any such facts to the Court as permitted by the applicable rules.

## 6. STIPULATED FACTS

With respect to the remaining issues for trial, there are no facts that are currently stipulated.

## 7. PARTIES' CLAIMS AND DEFENSES

**Plaintiff's Claims:**

*Plaintiff's Statement Concerning Its Claims*:

a) Plaintiff plans to pursue the following claims against Defendant:

**Claim 1:** The only claim to be tried to the jury is Netlist's claim that Samsung materially breached its contract with Netlist by failing to supply NAND and DRAM products to Netlist as required by § 6.2 of the parties' Joint Development and License Agreement ("JDLA").

**Claim 2:** Netlist has also pled and maintains its claim for declaratory relief that it terminated its contract with Samsung, and that all licenses and rights previously granted thereunder ceased, on July 15, 2020. Upon a jury verdict in Netlist's favor regarding material breach, this claim will also be established, as the Court has already concluded that Netlist properly followed the termination procedures of the JDLA, and Samsung did not appeal that ruling. Dkt. 186 at 18:11-27 ("Netlist Complied with the Termination Term.").

Contrary to Samsung's assertion, the jury should be presented with just one question—"Did Samsung materially breach section 6.2 of the Joint Development and License Agreement?"—as set forth in Netlist's proposed verdict form. The only remedy that Netlist is seeking for its breach of contract claim is a declaration that it properly terminated the agreement, and this in turn hinges on whether Samsung materially breached the section 6.2 of the JDLA. That is the only question that the

jury will be asked to decide. Moreover, posing a single question to the jury is consistent with both parties' proposed jury instructions, which contain a one instruction for material breach as opposed to separate instructions for breach and materiality. Splitting these questions in two on the verdict form will thus only confuse the jury. Samsung seeks to split out the issue into two questions because the jury may mistakenly believe that a remedy is available to Netlist if there is a breach even if it is not material. But there is no non-material breach claim present in the case, because the jury found no cover damages for the specific purchase orders that were canceled and this Court held that consequential damages were not available as a remedy. Thus, the only issue for disposition in the case is material breach.

(b) The elements required to establish Plaintiff's claims are as:

**Claim 1:** Under New York law,[1] a breach is material if it goes to the root of the agreement between the parties. Materiality does not depend upon the amount of provable money damages, if any. The following are the non-exhaustive factors for materiality: "the extent to which the injured party will be deprived of the benefit which he reasonably expected, the likelihood that the party failing to perform or to offer to perform will cure his failure, the quantitative character of the default, and the breaching party's good faith or willfulness." *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683, at *3 (9th Cir. Oct. 17, 2023).

Materiality does not depend upon the amount of provable money damages. *See, e.g., ESPN v. Office of Com'r*, 76 F. Supp. 2d 416, 421 (S.D.N.Y. 1999) ("Baseball's ability to recover only nominal damages does not impede its ability to present testimony and evidence regarding the materiality of ESPN's breach"); *Doner-Hedrick v. New York Inst. of Tech.*, 874 F. Supp. 2d 227, 242 (S.D.N.Y. 2012) ("Materiality does not depend upon the amount of provable money damages, it depends upon whether the nonbreaching party lost the benefit of its bargain."); *Netlist*

---

[1] New York law governs the contract. *See* Dkt. 390 at 8.

*Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683, at *2 (9th Cir. Oct. 17, 2023) ("To the extent Samsung contends that the district court independently erred by awarding nominal damages following the jury's finding that Netlist had not suffered actual damages from the breach of § 6.2, we disagree.") (citing *Kronos, Inc. v. AVX Corp.*, 612 N.E.2d 289, 292 (N.Y. 1993)).

**Claim 2:** As noted above, a jury verdict in Netlist's favor regarding material breach will establish that Netlist is entitled to a declaration that it terminated its contract with Samsung, and that all licenses and rights previously granted thereunder ceased, on July 15, 2020.

(c) The Key Evidence Plaintiff Relies on for Each Claims is as follows:

**Claim 1:** Netlist's interpretation that the section 6.2 of the JDLA required Samsung to supply Netlist with NAND and DRAM products at Netlist request without limitation to the parties' joint development project or product is supported by the plain language of the agreement, the parties' negotiations, Samsung's own admissions, and the parties' consistent course of dealing. *See* N.Y. Pattern Jury Instr.--Civil 4:1 ("[T]he best evidence of the parties' intent is what they express in their written contract.") (citing *Tomhannock, LLC v Roustabout Resources, LLC*, 33 NY3d 1080, 104 NYS3d 596, 128 NE3d 674 (2019)). *GE Funding Cap. Mkt. Servs., Inc. v. Nebraska Inv. Fin. Auth.*, No. 15 CIV. 1069 (LGS), 2017 WL 2880555, at *4 (S.D.N.Y. July 6, 2017), *aff'd*, 767 F. App'x 110 (2d Cir. 2019) ("Extrinsic evidence may include 'the acts and circumstances surrounding execution of the ambiguous term,' . . . 'conversations, negotiations and agreements made prior to or contemporaneous with the execution of a written [agreement],' . . . and 'the parties' course of conduct throughout the life of the contract.'").

Samsung has changed its interpretation of the JDLA overtime in its interrogatory responses. Its original interrogatory response stated that Section 6.2 was just a pricing clause:

> Subject to and without waiving its objections, Defendant responds as follows: ***Defendant's business understanding*** is that Section 6.2 of the Agreement is a price-setting term that creates only the obligation to sell products at a competitive price, without the obligation to sell any particular quantity of products. This ***understanding has not changed over time***.

Samsung Response to Interrogatory No. 21. Samsung than changed to a new position, which it ironically against stated has never changed, which is that Section 6.2 only obligated supply "if and when the NVDIMM-P standard underwent successful productization and commercialization":

> Subject to and without waiving its objections, ***Defendant responds as follows: Defendant's*** business understanding is that Section 6.2 of the Agreement is a price setting term that creates only the obligation to sell products at a competitive price, without the obligation to sell any particular quantity of products, where such products relate to and are required for the joint development of a new NVDIMM-P standard contemplated by the Agreement, and a supply of NAND and DRAM products as raw materials if and when the NVDIMM-P standard underwent successful productization and commercialization as Chuck Hong confirmed in his deposition testimony. This ***understanding has not changed over time.***

Samsung Supplemental Response to Interrogatory No. 21. Now Samsung intends to pursue yet a third interpretation at trial, i.e., that "Section 6.2 is limited to the needs of the joint development project—from the development and standardization through commercialization of the NVDIMM-P product the parties agreed to attempt to develop together," as stated below. Samsung is attempting to change positions yet again, because the exact same phrasing appears in Samsung's proposed jury instructions: "Samsung contends that Section 6.2 required it to supply Netlist with NAND and DRAM products only as raw materials or components for the parties' collaboration to develop a product called NVDIMM-P and for the manufacture and sale of the NVDIMM-P product if it was ever commercialized." Samsung is now saying that the supply clause was for the purpose of making sample products during

development as well as for use in collaboration." This new interpretation is not present in any interrogatory response presented during discovery. An interrogatory response as to "understanding" of the company is not a nose of wax that lawyers can manipulate over time; it is a statement under oath by the company. Samsung cannot present a new theory to the jury that it did not disclose during discovery. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.).

Netlist will demonstrate that Samsung materially breached the JDLA's supply clause through (1) witness testimony, which may include but is not limited to testimony from the witnesses named on Netlist's Witness List filed on February 26, 2024. Dkt. 404; and (2) documentary evidence, which may include, but is not limited to, the exhibits numbered between 0 and 1000 on the Joint Exhibit List filed on February 26, 2024. Dkt. 407-1.

**Claim 2:** *See above*.

***Defendant's Statement Concerning Plaintiff's Claims and Defenses***:

Contrary to Netlist's framing of its claims in recent pre-trial filings, there are two claims to be tried to the jury: Netlist's first claim for relief for breach of Section 6.2 of the parties' Joint Development and License Agreement ("JDLA") and Netlist's third claim for declaratory relief.[2] Each of Netlist's remaining claims rests on a unique issue for the jury.

Netlist's first claim for relief requires the jury to determine the parties' intent with respect to Section 6.2 of the JDLA, namely, whether, as Netlist contends, the parties intended that Section 6.2 imposed on Samsung an obligation to supply Netlist with NAND and DRAM at Netlist's request with no limitation; or, as Samsung

---

[2] The Ninth Circuit ordered judgment for Samsung on Netlist's second claim for relief for breach of Section 3.1 of the JDLA. Dkt. 334.

contends, the parties intended that the supply obligation under Section 6.2 is limited to the needs of the joint development project—from the development and standardization through commercialization of the NVDIMM-P product the parties agreed to attempt to develop together. Netlist's second claim for relief requires the jury to determine, should the jury find for Netlist on its first claim for relief, whether Samsung's failure to supply Netlist with all the NAND and DRAM that Netlist requested was a material breach of the JDLA.

As Netlist has repeatedly acknowledged throughout this case, both before this Court and the Ninth Circuit, materiality is not an element of Netlist's claim for breach of contract; rather, it is an element of Netlist's claim for a declaration that it properly terminated the JDLA under Section 13.2. *See* Netlist's Opposition to Motion for Judgment on the Pleadings, Dkt. 131 at 7 (reciting elements of breach of contract claim with no mention of materiality: "To prevail on its breach claims under New York law, Netlist must show "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."); Netlist's Motion for Summary Judgment, Dkt. 145 at 12 ("To prevail on a breach of contract claim under New York law, a plaintiff must prove [i] a contract; [ii] performance of the contract by one party; [iii] breach by the other party; and [iv] damages.") (citation and quotations omitted); Netlist Combined Answering Brief, 22-55209 Dkt. 22 at 42 (arguing materiality only with respect to its declaratory relief claim). Accordingly, the issue of whether any breach by Samsung of Section 6.2 of the JDLA was material needs to be separately presented to the jury, as proposed by Samsung in its [PROPOSED] VERDICT submitted concurrently herewith.

(a) Plaintiff's claims:

**Claim 1**[3]**:** Netlist alleges that Samsung breached the supply obligation in Section 6.2 of the JDLA. Specifically, Netlist claims that Section 6.2 required

---

[3] For purposes of this Final Pretrial Conference Order, to avoid confusion, Samsung is using Claim 1 to refer to Netlist's first claim for relief for breach of

Samsung to supply unlimited amounts of NAND and DRAM for any purpose at Netlist's request, and that Samsung breached section 6.2 by failing to fulfill all of Netlist's requests.[4]

**Claim 2:** Netlist alleges that Samsung's breach of Section 6.2 was a material breach of the JDLA. Netlist seeks a declaration that it properly terminated the JDLA under Section 13.2 as a result of Samsung's alleged material breach of Section 6.2.

(b) The elements required to establish Plaintiff's claims are:

**Claim 1:** The only question at issue on Claim 1 is the interpretation of Section 6.2 of the JDLA—the parties agree that if the jury determines that, as Samsung contends, the parties intended that Section 6.2 required Samsung to supply Netlist with NAND and DRAM only as raw materials or components for the parties' collaboration to develop the NVDIMM-P product and for the manufacture and sale of the NVDIMM-P product if it were ever commercialized, then Samsung did not breach Section 6.2 and is entitled to judgment on Netlist's first and third claims for relief; and if the jury determines, as Netlist contends, that Section 6.2 required Samsung to supply Netlist with NAND and DRAM at Netlist's request with no limitation, then Samsung breached Section 6.2 and Netlist is entitled a judgment on its first claim for relief for $1 in nominal damages.

Where, as here, a contract term is ambiguous, extrinsic evidence is necessary to determine the parties' intent "at the time they entered into the contract." *Evans v. Famous Music Corp.*, 1 N.Y.3d 452, 458 (2004); *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009); N.Y. Pattern Jury Instr.—Civil 4:1 ("Where a contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent."). Such extrinsic evidence includes "evidence of conversations, negotiations and

---

Section 6.2, and Samsung is using Claim 2 to refer to Netlist's third claim for declaratory relief.

[4] At the damages trial, the jury found Netlist suffered no damages, a finding Netlist did not appeal. If Netlist prevails, it is entitled only to nominal damages in the amount of $1. Dkt. 334.

agreements made prior to or contemporaneous with the execution" of the contract to ascertain the "intent of the parties" at the time of contracting, *67 Wall St. Co. v. Franklin Nat'l Bank*, 37 N.Y.2d 245, 248-49 (N.Y. 1975); industry custom and practice, *Evans v. Famous Music Corp.*, 1 N.Y.3d 452, 458, 460 (2004); the parties' "course of conduct throughout the life of the contract," *Hoyt v. Andreucci*, 433 F.3d 320, 332 (2d Cir. 2006); and what would be commercially reasonable, *In re MPM Silicones, LLC*, 874 F.3d 787, 796 (2d Cir. 2017).

What matters for purposes of determining the parties' intent is their expressed words or actions. *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 126 (2d Cir. 2006). A parties' intent or understanding that was not communicated to the other party is not relevant extrinsic evidence of the parties' intent. *Id.* Nor is a party's claim of a right under the contract unless the other party knew of and acquiesced to that claim. *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 651 (1993).

**Claim 2:** If the jury finds for Netlist with respect to Netlist's first claim for relief, the jury also must determine if Samsung's breach of Section 6.2 of the JDLA was material. Under the JDLA, Netlist is entitled to terminate the JDLA if Samsung "is in material breach of [the JDLA] and it is not cured within thirty (30) days period from the other Party's written demand, or as a consequence of the breach the purpose of [the JDLA] cannot be achieved." Section 13.2 of the JDLA. For a breach to be material, it must go to the root of the agreement between the parties. *Process Am., Inc. v. Cynergy Holdings, Inc.*, 839 F.3d 125, 136 (2d Cir. 2016). Factors considered in determining whether a breach is material include the extent to which the injured party will be deprived of the benefit which he reasonably expected, the likelihood that the party failing to perform or to offer to perform will cure his failure, the quantitative character of the default, and the breaching party's good faith or willfulness. 9th Circuit Memorandum Opinion, Dkt. 334, at 7 (citing *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997); *Hadden v. Consol. Edison Co.*

*of N.Y., Inc.*, 312 N.E.2d 445, 449 (N.Y. 1974); Restatement (Second) of Contracts § 241 (Am. L. Inst. 1981)).

(c) Key evidence in opposition to Plaintiff's claims.

**Claim 1:** Samsung will introduce evidence demonstrating that the parties intended to limit Samsung's supply obligation under Section 6.2 of the JDLA to the parties' collaboration to develop the NVDIMM-P product; therefore, Samsung's failure to fulfill all of Netlist's requests for DRAM and NAND outside of the NVDIMM-P project or product did not constitute a breach of the JDLA. This evidence, described in further detail in Samsung's Memorandum of Contentions of Fact and Law, Dkt. 402, will include witness testimony, including the witnesses identified on Samsung's witness list, and documentary evidence, including the exhibits identified on the parties' joint exhibit list.

**Claim 2:** If Samsung prevails on the interpretation of Section 6.2, then it also prevails on Netlist's third claim for declaratory relief—if there is no breach, there can be no material breach. But even assuming that the jury agrees with Netlist's interpretation of Section 6.2, Samsung will introduce evidence that any breach of Section 6.2 was not material. This evidence, described in further detail in Samsung's Memorandum of Contentions of Fact and Law, Dkt. 402, will include witness testimony, including the witnesses identified on Samsung's witness list, and documentary evidence, including the exhibits identified on the parties' joint exhibit list.

**Defendant's Counterclaims And Affirmative Defenses:**

Samsung has not pleaded any counterclaims and does not intend to raise any affirmative defenses at trial.

**8.  REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

Plaintiff's position:

1. Whether Samsung materially breached Section 6.2 of the JDLA by failing to supply NAND and DRAM products to Netlist on Netlist's request at a competitive price

Defendant's position:

1. Whether Netlist has proved that the parties intended at the time they entered into the JDLA that Section 6.2 of the JDLA required Samsung to supply Netlist with NAND and DRAM at Netlist's request with no limitation.

2. If Netlist prevails on the first issue, whether Netlist has proved that Samsung's failure to supply Netlist with all the NAND and DRAM that Netlist requested was a material breach of the JDLA.

**9. DISCOVERY**

All discovery is complete.

**10. DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List"). In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor.

**11. WITNESS LISTS**

Witness lists of the parties were filed with the Court on February 26, 2024. Only the witnesses identified on the lists (or any amended lists) will be permitted to testify (other than solely for impeachment or rebuttal).

**12. MOTIONS IN LIMINE**

Motions *in Limine* and motion matters were filed with the Court on February 26, 2024. The parties met and conferred on the motions *in limine*. The Court will hear the parties' motions *in limine* at the Final Pretrial Conference scheduled on March 18, 2024, decisions on which will resolve the primary anticipated evidentiary issues. The

following motions *in limine*, and no others, are pending or contemplated:

**From Plaintiff:**

- Motion *in limine* to exclude any argument or evidence that the JDLA's non-recurring engineering ("NRE") fee constitutes payment for a patent license. Dkt. 413.
- Motion *in limine* to exclude any argument or evidence on Samsung's rejected or abandoned defenses. Dkt. 414.
- Motion *in limine* to permit Netlist to introduce testimony given by Samsung's witnesses during the patent litigation between the parties in the Eastern District of Texas. Dkt. 417.
- Motion *in limine* to exclude any evidence or argument relating to the prior jury's finding that Netlist suffered no direct (i.e. cover) damages. Dkt. 418.
- Motion *in limine* to exclude any argument relating to post-termination sales or purchase orders of NAND and DRAM products. Dkt. 419.

**From Defendant:**

- Motion *in limine* to exclude Netlist witnesses Scott Milton, Devon Park, and Noel Whitley from testifying at trial. Dkt. 403.
- Motion *in limine* to exclude opinion of Netlist Expert Larry Tedesco. Dkt. 416.
- Motion *in limine* to preclude Netlist from presenting evidence of "uncommunicated subjective intent" as to the JDLA's meaning. Dkt. 408.
- Motion *in limine* to preclude Netlist from presenting evidence regarding "consequential damages." Dkt. 409.
- Motion *in limine* to preclude Netlist from presenting evidence of the value of Netlist's patents licensed to Samsung or the value of the license itself. Dkt. 410.

**13. BIFURCATION**

No bifurcation has been ordered or is requested.

**14. ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2024

                                      Hon. Mark C. Scarsi
                                      United States District Judge

Approved as to form and content:

Dated: March 4, 2024                 Counsel for Plaintiff

                                    */s/ Jason Sheasby*

                                    Jason Sheasby
                                    A. Matthew Ashley
                                    Michael Harbour
                                    **IRELL & MANELLA LLP**
                                    840 Newport Center Drive, Suite 400
                                    Newport Beach, CA 92660

                                    ***Attorneys for Plaintiff Netlist, Inc.***

| | |
|---|---|
| Dated: March 4, 2024 | Counsel for Defendant |
| | By: */s/ Michael G. Yoder* |
| | Michael G. Yoder<br>O'Melveny & Myers, LLP<br>Attorneys for Defendant<br>Samsung Electronics Co., Ltd. |

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filings is submitted, concur in the filing's content and have authorized the filing.

| | |
|---|---|
| Dated: March 4, 2024 | Respectfully submitted, |
| | */s/ Jason Sheasby* |

11307784.2 05

- 14 -