UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00993-MCS-ADS | Date March 8, 2024 |
| Title *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER REQUIRING PARTIES TO REVISE TRIAL FILINGS

The parties submitted a full complement of required trial filings before the pretrial conference set for March 18, 2024. Having reviewed the parties' submissions, the Court finds that disputes memorialized in the parties' filings demand further discussion between counsel about the issues to be tried.

The parties disagree about the fundamental questions to be presented to and resolved by the jury. On one hand, Netlist submits the remaining issues may be reduced to a single question: "Whether Samsung materially breached Section 6.2 of the JDLA by failing to supply NAND and DRAM products to Netlist on Netlist's request at a competitive price." (Proposed FPTCO 11, ECF No. 449-1.) Netlist argues that questions of breach and materiality may be answered together because "there is no non-material breach claim present in the case." (Competing Proposed Verdict Forms 4, ECF No. 437.) It counsels against separating these issues because "the jury may mistakenly believe that a remedy is available to Netlist if there is a breach even if it is not material." (Proposed FPTCO 3.)

The Court disagrees with Netlist that "there is no non-material breach claim present in the case." (Competing Proposed Verdict Forms 4.) Netlist's claim for

breach of contract does not require a breach to be material. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000) (reciting elements of claim). In other words, Netlist may prevail on the claim for breach of contract but not on the claim for declaratory relief if the jury finds a nonmaterial breach. Netlist is wrong that there is no remedy available to it in that situation; indeed, Netlist received an appropriate remedy—nominal damages—after the original trial in this action. (*See* Order Re: Mots. for Entry of J. 2–3, ECF No. 305 (discussing availability of nominal damages under New York law).) Thus, presenting the jury a single question aggregating issues of materiality and breach in the manner Netlist advocates could undermine the utility of trial: should the jury answer Netlist's proposed verdict question in the negative, there will be no way to determine whether judgment should be entered for Netlist or for Samsung on the claim for breach of contract.

On the other hand, Samsung articulates two remaining issues: first, whether Netlist has proven JDLA § 6.2 is consistent with Netlist's position that Samsung was obliged to supply NAND and DRAM products at Netlist's request without limitation to the NVDIMM-P joint development project; and second, whether Netlist has proven that Samsung's failure to supply NAND and DRAM products was a material breach. (Proposed FPTCO 11.) Samsung submits that "[t]he only question at issue on Claim 1 is the interpretation of Section 6.2 of the JDLA," as the parties agree that if the jury adopts the interpretation Samsung will proffer at trial, there is no breach, and that if the jury adopts the interpretation Netlist will proffer at trial, there is a breach. (*Id.* at 8.)

Samsung's framing of the issues does not address the Court's concern about aggregating issues of breach and materiality. Further, the Court questions whether the interpretation question necessarily governs the breach inquiry. The law of the case likely requires a finding for Netlist on the issue of breach if the jury adopts Netlist's interpretation of JDLA § 6.2. (*See* MSJ Order 9–10, ECF No. 186 ("Samsung does not dispute that it declined to fulfill all of Netlist's orders for NAND and DRAM products.").) But the Court is aware of no agreement between the parties that the breach issue must be resolved in Samsung's favor if the jury refuses Netlist's proffered interpretation. As Samsung's first proposed verdict question is framed, Samsung submits that it must win the case if the jury answers the question in the negative. But answering the question in the negative does not mean that the jury accepted Samsung's proffered interpretation. Samsung's framework leaves uncertain what should result if the jury rejects both parties' interpretations and divines its own (for example, one of the interpretations of § 6.2 Samsung previously advanced, (*see* Proposed FPTCO 4–5)). In other words, the jury's resolution of the interpretation

issue does not necessarily dispose of the breach issue. Netlist should be given an opportunity to prove breach under the jury's interpretation even if that interpretation does not align with its own.

For these reasons, the Court disapproves both parties' frameworks. Based on the trial filings and the rest of the case record, the Court perceives *three* issues to be resolved by the jury:
(1)  What is the appropriate interpretation of JDLA § 6.2?
(2)  Based on that interpretation, did Samsung breach JDLA § 6.2?
(3)  If Samsung breached, was the breach material?

The Court's proposed framework leaves unanswered several questions about how the parties intend to present the case to the jury. Given Netlist's apparent disinterest in relief available for its claim for breach of contract, should the claim be dismissed, and if so, on what terms? If the breach of contract claim is not submitted to the jury, can and should issues of materiality and breach be answered together? Do the parties intend to present the jury with a choice between their proffered interpretations of § 6.2, or a choice between accepting or rejecting Netlist's interpretation? Or will the jury be free to make its own interpretation? If limiting the jury to the parties' proffered interpretations is appropriate, do the parties agree that the interpretation issue controls the breach issue? Should trial be bifurcated so the parties may try the issue of breach after the jury interprets the contract given that the universe of evidence probative of breach might materially shift depending on the interpretation?

The Court orders the parties to meet and confer about these concerns and file by March 12, 2024, revised proposed jury instructions, verdict forms, statement of the case, and final pretrial conference order. The parties also may revise their other trial filings by this date.

**IT IS SO ORDERED.**