MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone:  (949) 823-6900
Facsimile:  (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6400

Attorneys for Defendant Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>          Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**APPLICATION FOR LEAVE TO FILE JOINT STATEMENT RE: SAMSUNG'S REQUEST FOR TRIAL CONTINUANCE AND SUPPORTING MATERIALS UNDER SEAL**<br><br>Judge:      Hon. Mark C. Scarsi<br>Location:   Courtroom 7C |

1

APPLICATION FOR LEAVE TO FILE JOINT STATEMENT RE: SAMSUNG'S REQUEST FOR TRIAL CONTINUANCE AND SUPPORTING MATERIALS UNDER SEAL

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Civil Rule 79-5.2.2(a), Defendant Samsung Electronics Co., Ltd. ("Samsung") hereby requests leave to file the parties' Joint Statement Regarding Samsung's Request for Trial Continuance Due to Medical Emergency ("Joint Statement"), the Declaration of Marc F. Feinstein ("Feinstein Declaration"), and the Declaration of Michael G. Yoder and attached exhibit ("Yoder Declaration") under seal.

The Joint Statement, Feinstein Declaration, and Yoder Declaration and its attachment all contain personal medical information pertaining to counsel that is unrelated to the merits of the claims in this action. Pursuant to Local Rule 79-5.2.2(a), Samsung files this Application to seal these materials.

A party seeking to seal a record generally bears the burden of demonstrating "compelling reasons" to rebut the "strong presumption in favor of access" to judicial records by the public. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). "Courts throughout the Ninth Circuit have recognized that the need to protect medical privacy generally qualifies as a compelling reason to seal records." *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018) (sealing records containing medical information "not put at issue by [the] action").

The Ninth Circuit, however, applies the lower "good cause" standard to determine whether to seal materials attached to nondispositive motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Nondispotitive motions are narrowly defined as those "often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1098, *quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The good cause standard is drawn from Rule 26(c)(1), under which a court may "protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

For the purposes of sealing, the Joint Statement is nondispositive, given that Samsung's reasons for seeking a continuance are no more than tangentially related to the underlying cause of action. *See* Joint Statement. Samsung thus needs to establish only good cause to file the materials under seal. Samsung can meet even the higher standard of compelling reasons, where protecting medical privacy is as a compelling reason to seal records in the Ninth Circuit. *Weisberg*, 2018 WL 6252458 at *2. Thus, good cause certainly exists here, as filing private medical information unrelated to the merits of the action on the public record would subject counsel to a gross invasion of privacy, annoyance, and/or embarrassment.

The parties, through their counsel, met and conferred on March 11, 2024. Following the conference, to expedite consideration of this issue, the parties agreed to file Samsung's request in the form of a Joint Statement, rather than an *Ex Parte* application. Netlist's counsel further does not object to the filing of the Joint Statement and materials in support thereof under seal.

This Application is supported by the concurrently filed unredacted version of the parties' Joint Statement and supporting materials; and all other records in the file of this action.

DATED: March 12, 2024

O'MELVENY & MYERS LLP

By: /s/ *Marc F. Feinstein*
Marc F. Feinstein
Attorneys for Defendant Samsung Electronics Co., Ltd.