JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**REVISED COMPETING PROPOSED VERDICT FORMS**<br><br>Judge Mark C. Scarsi<br><br>Final Pretrial Conference:<br>Date:   March 18, 2024<br>Time:   2:00 p.m.<br><br>Trial:  March 26, 2024 |

IRELL & MANELLA LLP

Pursuant to this Court's order on March 8, 2024, Plaintiff Netlist, Inc. and Defendant Samsung Electronics Co., LTD met and conferred regarding a revised proposed verdict form, but were unable to reach an agreement. Below are each party's proposed verdict forms followed by the parties' respective positions.

**IRELL & MANELLA LLP**

# **NETLIST'S PROPOSED VERDICT FORM**

**Please answer the following questions by checking "Yes" or "No." After you have done so, please sign and date this verdict form.**

**Question 1:**

    Did Samsung breach any of its obligations under Section 6.2 of the Joint Development and License Agreement?

Yes _____ (for Netlist)          No _____ (for Samsung)

**Question 2:**

    Was Samsung's breach of any of its obligations under Section 6.2 material?

Yes _____ (for Netlist)          No _____ (for Samsung)

Signed:_____          Date:_____
    Presiding Juror

IRELL & MANELLA LLP

# SAMSUNG'S PROPOSED VERDICT FORM

# VERDICT

We answer the questions submitted to us as follows:

**QUESTION NO. 1:**

Did Netlist prove that the parties intended at the time they entered into the JDLA that Section 6.2 of the JDLA required Samsung to supply NAND and DRAM products at Netlist's request for any purpose and not limited to components for the parties' Joint Development Project and the NVDIMM-P product?

_____Yes _____ No

*If your answer to Question No. 1 is "Yes," then proceed to Question No. 2. If you answered "No," stop here, answer no further questions, and have the presiding juror sign and date this form.*

**QUESTION NO. 2:**

Did Netlist prove that Samsung's failure to supply Netlist with NAND and DRAM products that Netlist requested was a material breach of the JDLA?

_____Yes _____ No

*Sign and date this verdict form.*

Dated: _____     Signed:_____
                                             Presiding Juror

IRELL & MANELLA LLP

- 3 -

## Plaintiff's Position on Competing Verdict Forms

In its March 8, 2024 Minute Order, the Court identified three issues that are left to be decided in this case: "(1) what is the appropriate interpretation of JDLA § 6.2?"; (2) based on that interpretation, did Samsung breach JDLA § 6.2?; (3) If Samsung breached, was the breach material." Dkt. 453 at 3. Netlist's proposed verdict form accounts for each issue. Netlist's first question asks the jury whether Samsung breached Section 6.2 of the JDLA while leaving it up to the jury to decide how to interpret that provision. The second question then asks whether Samsung's breach was material. Contrary to Samsung's assertion, Netlist proposed verdict form does not ignore the Court's first question. Netlist's proposed jury instructions instruct the jury that it first must interpret section 6.2. The verdict form then asks the jury (1) whether Samsung breached based on that interpretation and (2) whether that breach was material.

In contrast, Samsung's proposed verdict form contains two fundamental flaws. First, it improperly limits the interpretations of Section 6.2 that the jury may adopt. As explained in Netlist's statement on the parties' disputed jury instructions, this is improper. The jury has the inherent authority to adopt any interpretation of the JDLA that is consistent with the record evidence and to find that Samsung breached the JDLA under that interpretation.

Second, Samsung's proposed verdict form ignores the question of breach, contrary to this Court's order. As the Court explained:

> Samsung's framing of the issues does not address the Court's concern about aggregating issues of breach and materiality. Further, the Court questions whether the interpretation question necessarily governs the breach inquiry. The law of the case likely requires a finding for Netlist on the issue of breach if the jury adopts Netlist's interpretation of JDLA § 6.2. (See MSJ Order 9–10, ECF No. 186 ("Samsung does not dispute that it declined to fulfill all of Netlist's orders for NAND and DRAM products.").) But the Court is aware of no agreement between the parties that the breach issue must be resolved in Samsung's favor if the jury refuses Netlist's proffered interpretation.

Dkt. 453 at 2. Samsung's new proposed verdict form simply ignores this and again presumes that a decision in favor of Samsung on contract interpretation would necessarily mean that Samsung prevails on breach. As explained in Netlist's statement in the disputed jury instructions, Netlist has never conceded that Samsung performed under its current interpretation of the JDLA. Moreover, given that Samsung's interpretation has changed numerous times over the course of this litigation (including after discovery), Netlist could not have anticipated these interpretations in its complaint or its interrogatory responses. It would be highly prejudicial to permit Samsung to change its interpretation of the JDLA, but bar Netlist from claiming that Samsung is still liable under that interpretation.

In sum, Netlist's proposed verdict form preserves the jury's inherent authority, properly disaggregates the questions of breach and materiality, and is far simpler and easier for the jury to understand.

IRELL & MANELLA LLP

**Defendant's Position on Competing Verdict Forms**

Samsung objects to Netlist's proposed verdict form. First, it continues to conflate the two separate questions that the jury is required to answer: (i) whether Section 6.2 of the JDLA imposes an unlimited supply obligation on Samsung and, if so, (ii) whether any breach of that obligation was material. But Netlist also now introduces yet even more errors to its proposed verdict form by inviting the jury to make up any interpretation of Section 6.2 rather than resolve the dispute that is actually before this Court, and by asserting new theories of breach Netlist never disclosed or pursued.

Netlist's proposed verdict form entirely ignores the first issue identified by the Court in its March 8, 2024 Minute Order: "(1) what is the appropriate interpretation of JDLA § 6.2?" Dkt. 453 at 3. Samsung's proposed verdict form properly directs the jury to resolve that question. As explained in Samsung's concurrently-filed Position Statement Regarding Threshold Issues, whether a contract is ambiguous, and whether a contract is reasonably susceptible to a proffered interpretation, are issues of law for the Court, not a jury. And the Ninth Circuit has already considered the language of Section 6.2 and the two competing interpretations proffered by the parties, holding that Section 6.2 is reasonably susceptible to each on its face and that consideration of extrinsic evidence is required to determine which meaning the parties intended at the time of the contract.

Those were issues of law, and now the factual question to be decided at trial is, in light of the disputed extrinsic evidence to be presented at trial, whether the parties intended Section 6.2 to mean "Samsung's supply obligation is limited to the now-failed joint development project (the 'JDP')," as Samsung contends, or whether it "applies more broadly to the parties' overall business relationship" and "Samsung must fulfill all NAND and DRAM orders by Netlist for whatever purpose," as Netlist contends. Dkt. 334 at 2, 3 (Ninth Circuit Mem.). It is Netlist's burden to prove that its alleged interpretation of Section 6.2 is what the parties intended and, if

IRELL & MANELLA LLP

so, that Samsung materially breached that specific obligation, all of which is properly reflected in Samsung's proposed verdict form.

Samsung's proposed verdict form properly directs the jury to decide whether Netlist has met its burden of proving the parties intended Section 6.2 to mean what Netlist told the Court and the Ninth Circuit it means. It is not appropriate to invite the jury to make up its own interpretation of an ambiguous contract. Yet that is exactly what Netlist proposes inviting the jury to do by proposing a verdict form that improperly asks the jury whether Samsung breached "any of its obligations under Section 6.2." This vague question reflects Netlist's efforts to leave it free to pursue new unpleaded theories of breach that Netlist has never asserted. For the reasons explained above and in Samsung's concurrently filed Position Statement Regarding Threshold Issues, Netlist should not be permitted to pursue any unpleaded theory of breach.

For similar reasons, if the jury answers "No" to Samsung's Question 1, that ends the case. Netlist should not be permitted to argue that Samsung somehow breached under Samsung's proffered interpretation—that is, that Section 6.2 required Samsung to supply Netlist with NAND and DRAM products only as raw materials or components for the parties' collaboration to develop a product called NVDIMM-P and for the manufacture and sale of the NVDIMM-P product if it was ever commercialized. Netlist has never raised this theory of breach at any stage in this litigation, has never pointed to any evidence supporting such a theory of breach, and failed to raise this theory of breach in opposition to Samsung's motion for summary judgment on the grounds that the Section 6.2 supply obligation was limited to the joint-development project. Netlist may not now claim breach under a theory it has never advanced and, even if it had, it abandoned at summary judgment by failing to raise it in opposition.

Netlist has only ever asserted a single theory of breach of Section 6.2: that Samsung breached by failing to fulfill all of Netlist's requests for NAND and

IRELL & MANELLA LLP

DRAM outside the context of the parties' joint-development project.[1] That is how Netlist pled its case, how it responded to discovery requests, how it opposed Samsung's motion for summary judgment both before and after remand, how it tried its damages claims, and how it argued its case to the Ninth Circuit. And the Ninth Circuit held as a matter of law that Section 6.2 of the JDLA is reasonably susceptible to only *two* competing interpretations. Contrary to Netlist's contention, the law does not permit the jury to divine its own interpretation. Netlist's attempt to conduct a "trial by ambush" contravenes fundamental fairness principles, would be highly prejudicial to Samsung, and should be rejected.

---

[1] Netlist's suggestion that it "could not have anticipated" Samsung's interpretation in its complaint or its interrogatory responses due to Samsung's supposedly differing interpretations is meritless. As the Ninth Circuit correctly observed, Netlist proffered the interpretation of Section 6.2 that "Samsung must fulfill all NAND and DRAM orders by Netlist for whatever purpose," Dkt. 334 at 2, 3 (Ninth Circuit Mem.). Netlist's interpretation by definition would have encompassed any failure to provide NAND and DRAM, but Netlist's theory of breach, although mysteriously shifting from 2018 as alleged in the Amended Complaint, Dkt. 18-2 at ¶ 12, to now supposedly beginning in the second quarter of 2017, see Am. Rog. Resp. No. 8, has always centered on Samsung's alleged failure to fulfill all of Netlist's requests for NAND and DRAM outside the context of the parties' joint-development project. If Netlist believed Samsung had also failed to supply NAND and DRAM for the joint development project, it could have and should have pleaded that theory of breach. It did not.

IRELL & MANELLA LLP

Samsung's original proposed verdict form, in contrast, directs the jury to answer the two distinct questions before it, does not invite the jury to improperly decide issues of law by making up interpretations of the contract, does not relieve Netlist of its burden of proof, and does not permit Netlist to pursue unpleaded theories of breach. Samsung's verdict form is the only one that is legally sound and that will avoid any confusion. Moreover, unlike Netlist's proposed verdict form, it will result in a clear verdict on the two questions to be decided by the jury, which is necessary for any post-trial or appellate review of the jury's verdict.

If, and only if, the Court permits Netlist to argue that Samsung breached Section 6.2 of the JDLA under Samsung's proffered interpretation, Samsung would submit the alternative proposed verdict form below containing four questions. However, Samsung objects to this verdict form being given for the reasons above and in the concurrently filed Position Statement Regarding Threshold Issues.

**IRELL & MANELLA LLP**

# SAMSUNG'S CONDITIONAL PROPOSED VERDICT FORM[2]

# VERDICT

We answer the questions submitted to us as follows:

**QUESTION NO. 1:**

Did Netlist prove that the parties intended at the time they entered into the JDLA that Section 6.2 of the JDLA required Samsung to supply NAND and DRAM products at Netlist's request for any purpose and not limited to components for the parties' Joint Development Project and the NVDIMM-P product?

_____Yes _____ No

*If your* answer *to Question No. 1 is "Yes," then proceed to Question No. 2. If you answered "No," then proceed to Question No. 3.*

**QUESTION NO. 2:**

Did Netlist prove that Samsung's failure to supply Netlist with NAND and DRAM products that Netlist requested was a material breach of the JDLA?

_____Yes _____ No

*After you* answer *Question No. 2, answer no further questions, and have the presiding juror sign and date this form*

**QUESTION NO. 3:**

Did Netlist prove Samsung breached Section 6.2 of the JDLA by failing to supply NAND and DRAM products at Netlist's request for the parties' Joint Development Project or the NVDIMM-P product?

_____Yes _____ No

*If your* answer *to Question No. 3 is "Yes," then proceed to Question No.4. If*

---

[2] Samsung conditionally proposes this verdict form only if the Court determines that Netlist can litigate a breach of Samsung's proffered interpretation. As explained below and in Samsung's statement on jury instructions, Netlist has never alleged that Samsung breached this obligation.

IRELL & MANELLA LLP

*you answered "No," stop here, answer no further questions, and have the presiding juror sign and date this form.*

**QUESTION NO. 4:**

    Did Netlist prove that Samsung's failure to supply Netlist with NAND and DRAM products that Netlist requested for the parties' Joint Development Project or the NVDIMM-P product was a material breach of the JDLA?

    _____Yes _____ No

*Sign and date this verdict form.*

Dated: _____  Signed:_____
                                                    Presiding Juror

Dated: March 12, 2024              Counsel for Plaintiff

                                      */s/ Michael D. Harbour*
                                      Michael D. Harbour

                                      Jason Sheasby
                                      A. Matthew Ashley
                                      Michael Harbour
                                      **IRELL & MANELLA LLP**
                                      840 Newport Center Drive, Suite 400

IRELL & MANELLA LLP

Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

Dated: March 12, 2024

Counsel for Defendant

By: */s/ Marc Feinstein*

Marc Feinstein
O'MELVENY & MYERS LLP
Attorneys for Defendant
Samsung Electronics Co., Ltd.

IRELL & MANELLA LLP