UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00993-MCS-ADS | Date | March 14, 2024 |
| Title | *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: APPLICATION TO SEAL AND JOINT STATEMENT RE: SAMSUNG'S REQUEST FOR TRIAL CONTINUANCE (ECF NO. 454)

Defendant Samsung Electronics Co., Ltd., filed an application to seal the parties' joint statement regarding Defendant Samsung Electronics Co., Ltd.'s request for a trial continuance. (Appl., ECF No. 454; Joint Statement, ECF No. 455-1.)

The Court grants in part and denies in part the application to seal. The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted). Consequently, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To seal documents supporting nondispositive motions, the applicant must provide a particularized showing of good cause to maintain the secrecy of the documents. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The joint statement and related documents contain private medical information no more than tangential to the case. (Lucas Decl. ¶¶ 3–4, ECF No. 455.) That information need not be part of the public record, and good cause appears to maintain it under seal. But there is no good cause to keep the entire joint statement and accompanying documents under

seal when targeted redactions of the documents could protect the privacy interests at issue without compromising the public's interest in transparency of court proceedings.

The Court grants Samsung leave to seal paragraphs 3–5 of the declaration of Michael G. Yoder and the entire exhibit thereto. The Court grants Samsung leave to seal only portions of the joint statement that refer to the sealed parts of the declaration: page 2, lines 2–3; page 3, lines 11–22; and page 8, lines 16–17.[1] The Court denies leave to seal the proposed order and declaration of Marc F. Feinstein. Samsung shall file the documents under seal and publicly consistent with this Order and Local Rule 79-5.2.2.

In the interest of judicial economy, the Court has considered the joint statement filed provisionally under seal. The Court finds good cause under Rule 16(b)(4) to continue trial. The Court converts the pretrial conference set for March 18, 2024, to a status conference at which the parties should be prepared to: (1) provide a complete menu of dates the parties are mutually *available* for a pretrial conference and trial (even if those dates are not mutually *agreeable*) through June 2024, and (2) discuss the concerns and framework the Court set forth in its order requiring revision of pretrial documents (ECF No. 453).

**IT IS SO ORDERED.**

---

[1] Page numbers refer to the pagination assigned by CM/ECF.