MICHAEL G. YODER (SB 83059)
myoder@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6400

*Attorneys for Defendant*
Samsung Electronics Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**JOINT STATEMENT RE: SAMSUNG'S REQUEST FOR TRIAL CONTINUANCE DUE TO MEDICAL EMERGENCY**<br><br>Judge:     Hon. Mark C. Scarsi<br>Location:  Courtroom 7C<br><br>Final Pretrial Conference: March 18, 2014, 2:00 pm<br><br>Trial Begins: March 26, 2024<br><br>[Public Redacted Version] |

Samsung's outside counsel reported to Netlist's outside counsel that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Samsung requested a 1-2 week continuance for new lead trial counsel to get up to speed. Netlist agreed to a week's continuance but because two of the three members of its trial team have trials scheduled on April 15, April 29, and May 6, a longer continuance was not feasible.

Given the circumstances and the need for immediate resolution, rather than file a disputed *ex parte* application that would prolong briefing and resolution, the parties agreed to submit a joint statement notifying the Court of this development, setting out their positions, and requesting a conference at the Court's earliest convenience.

## I. SAMSUNG'S STATEMENT

Mr. Yoder has served as lead counsel for Samsung since the 2021 damages trial, through the appeal to the Ninth Circuit, and in all in post-remand proceedings in this case. He has led Samsung's outside counsel team in every aspect of Samsung's trial preparation, pre-trial filings, and strategy. As lead trial counsel, he was planning to attend the March 18 final pretrial conference, argue motions *in limine*, and address the other substantive issues to be heard. He was likewise planning to be in court at all times during the March 26 trial, give Samsung's opening statement and closing argument, and examine key witnesses. *See* Declaration of Michael G. Yoder ¶ 2, submitted herewith.

[text redacted] Samsung is in the process of getting its substitute lead trial counsel up to speed.

On Monday, March 11, 2024, at noon, counsel for Samsung notified Netlist's counsel of Mr. Yoder's condition and the need for substitute lead counsel to get up to speed, and asked whether Netlist would be willing to agree to a continuance of the trial date. Netlist's counsel asked what Samsung had in mind, and counsel explained it was not yet clear but at minimum one or two weeks. Netlist's counsel

stated that it was only willing to agree to a one-week continuance, but not any longer in view of conflicts presented by other trials of Netlist's lead counsel, and in all events opposed May or beyond.

Samsung requests a conference with the Court to discuss a continuance of the trial in view of the sudden unavailability of its lead trial counsel due to a medical emergency only 2½ weeks before trial, the schedule of Netlist's counsel, and the Court's availability.

A trial continuance is warranted here. The Court may modify a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether to continue trial, courts consider: (1) the moving party's diligence in preparing its case for trial, (2) usefulness of the continuance, (3) inconvenience to the court and the opposing party, and (4) prejudice to the moving party. *Am. Mfrs. Mut. Ins. Co. v. Carothers Constr., Inc.*, 2008 WL 11512228, at *2-3 (E.D. Cal. Jan. 15, 2008); *accord Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). These factors weigh in favor of a trial continuance here.

*First*, Samsung has diligently prepared for trial and has not previously sought a continuance of the March 26 trial date. Samsung has completed all pretrial filings to date. It would have been fully prepared to try this case on the current schedule but for Mr. Yoder's medical emergency, and it is making its request for a continuance as soon as reasonably practicable after determining that Mr. Yoder will be unavailable. The sole reason for Samsung's request is to allow Samsung to substitute lead trial counsel and to give that counsel a reasonable amount of time to become sufficiently familiar with the case to go to trial. *See United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) ("no question" that party seeking continuance was diligent where request came "at the first opportunity" after extenuating circumstance and request was clearly not "made for the purpose of delay"); *Am. Mfrs.*, 2008 WL 11512228, at *2 (party seeking continuance

"diligently prosecuted" case).

*Second*, the continuance will be useful, because a continuance will permit Samsung's designated substitute trial counsel a reasonable amount of time to gain the requisite level of familiarity with the case.

*Third*, the potential inconvenience to the Court and Netlist is minimal. Samsung appreciates that a new trial date would be selected based on the Court's availability and Netlist's lead counsel's trial schedule in other cases. Samsung has discussed scheduling with all of the third-party witnesses who have been served with trial subpoenas. Steven Metz (who is not available for the present trial until March 29) is available through the summer except for May 8-12 and June 25. Neal Knuth is unavailable April 3. Indong Kim has no conflicts.

We also note that since the February 5 hearing in this case, the EDTX II trial, previously set for April, was taken off calendar, with the pretrial conference and trial dates to be reset at a later date. *See* Dkt. 429-1 at 2.

*Finally*, the prejudice to Samsung if the schedule were not modified would be substantial. As the Court knows, this is an important case for both sides. Although the trial will be only four days, there is an extensive factual record. It is important for Samsung that its substitute lead counsel have a reasonable amount of time to prepare for trial.

"Except for compelling reasons, … clients should be permitted to have the counsel of their choice." *Cole v. U.S. Dist. Ct. for the Dist. of Idaho*, 366 F.3d 813, 820 (9th Cir. 2004). For that reason, "[u]navailability of trial counsel typically constitutes good cause for continuance of trial." *Tierney*, 2021 WL 4267821, at *1. Courts routinely grant continuances where trial counsel's health interferes with their ability to try the case for which they are responsible.[1]

---

[1] *See, e.g.*, *Am. Mfrs.*, 2008 WL 11512228, at *2-3 (granting continuance of trial because trial counsel suffered from unexpected medical complications); *Smith-Weik Mach. Corp. v. Mudock Mach. & Eng. Co.*, 423 F.2d 842, 845 (5th Cir. 1970) (denial of continuance to accommodate "illness of defendant's principal attorney"

Samsung thus respectfully requests that the Court continue the trial date and hold a conference as soon as the Court's schedule permits to discuss a new date.

A declaration from Marc Feinstein setting forth prior continuance requests is being submitted herewith.

## II. NETLIST'S STATEMENT

At noon on Monday, March 11, Samsung reported on Mr. Yoder's health emergency, stated that he will not be able to continue on the case at all, and informed Netlist of its desire for a "1-2 week" continuance while an additional trial member is added to its team. Netlist readily agreed, but explained that any extension longer than a week was not possible because of three other back-to-back trial commitments in April and May.

Netlist also flagged the fact that the case involves a number of crucial third-party witnesses who are subject to trial subpoenas. Three of these witnesses are represented by Samsung. Samsung indicated that it would check if the witnesses would accept a continuance. All of those witnesses are available the first week in April. As to the essential third-party witness represented by Netlist, he is also available the first week of April. .

Netlist's trial team will consist of Jason Sheasby, Lisa Glasser, and Matt Ashley. Glasser and Sheasby are Netlist's long time trial counsel and the most knowledgeable Netlist attorneys on the JDLA issues, having litigated it for years in E.D. Tex. Glasser and Sheasby have the following trials scheduled in April and May:

---

was abuse of discretion); Order at 3, *Peters v. Cox*, No. 3:15-cv-00472 (D. Nev. Oct. 1, 2018) (granting trial continuance due to medical issues of lead trial counsel); *Sutton v. Fla. Dep't of Corr.*, 2007 WL 2316609, at *1 (S.D. Fla. Aug. 9, 2007) (granting continuance due to "medical unavailability" of counsel); *Lossiah v. United States*, 2021 WL 495867, at *1 (W.D.N.C. Feb. 10, 2021) (continuing trial due to health issues of counsel); *Cole-Hoover v. N.Y. Dep't of Corr. Servs.*, 2011 WL 13213547, at *2-3 (W.D.N.Y. Sept. 7, 2021) (vacating trial date due to health problems of defendants trial counsel).

- *G+ v. Samsung* (E.D. Tex.). Judge Gilstrap set this case specially for trial on April 15.
- *Netlist v. Micron* (E.D. Tex.). Judge Gilstrap set this case specially for trial on April 29.
- *Kytch v. Taylor* (Alameda Sup. Ct.). This is a trade secret and trade libel case. Because of the complexity of the case and the nature of the court, as of now the length of the trial is indeterminate, but it is anticipated to be substantial.

A continuance until after these trials would create an extraordinary prejudice for Netlist. The prompt resolution of this contract dispute is critical to the future of Netlist as a Company. To put this in context, when the Ninth Circuit decision was handed down Netlist stock price dropped by roughly 70%.

Samsung has moved to vacate the judgment of patent infringement entered in *Netlist v. Samsung*, 2:21-cv-00463 (E.D. Tex.) ("E.D. Tex. 1") based on the Ninth Circuit's reversal, and Judge Gilstrap is holding the decision of post-trial motions while awaiting the impending verdict in this case. Samsung has repeatedly attempted to delay Judge Gilstrap's decision, which will start the time for appeal, because Samsung is challenging the patents at issue in the PTO.

A second case pending between Netlist and Samsung, 2:22-cv-293 (E.D. Tex.) ("E.D. Tex. 2") is ready for trial. All pre-trial motion practice has been completed, and the final pre-trial order is to be submitted this Friday. Judge Gilstrap has expressly asked about the status of the contract trial in this Court and is awaiting setting the trial date pending the result of the trial in this case. Samsung has sought to stay E.D. Tex. 2 as well, and Judge Gilstrap has refused. The suggestion that Judge Gilstrap's decision not to assign a trial date means that an indefinite continuance before this Court is harmless is the exact opposite of the reality.

|   |   |
|---|---|
| 1 | The three third party witnesses that Samsung represents are Steve Metz (who no longer works at any Samsung entity but was the Vice President who repeatedly interacted with Netlist regarding supply), Neil Knuth (who also no longer works for any Samsung entity but interacted with Netlist on what he described as a "daily" basis as to supply and delivered the message that Samsung would no longer honor Netlist's requests for supply), and Indong Kim (who works for a subsidiary of the Defendant, who managed the technical interactions with Netlist during the JDLA and who travels frequently between Korea and the US and therefore may not be in the subpoena power of the Court at a later date). The third-party witnesses that Netlist represents include Noel Whitley (who negotiated the JDLA for Netlist and now works at a different company in a different industry). Mr. Whitley has agreed to be available for trial March 26, as well as the week thereafter. Samsung has not inquired about the availability of any other third-party witnesses. |

The fact that Samsung's request for a continuance of "1-2 weeks" has become indeterminate gives Netlist some pause. This is not a complex patent or securities or anti-trust case. It is a four-day trial on one clause in a contract. ▮

▮ A longer continuance than what Samsung originally requested works concrete harm on Netlist. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.")

Dated: March 12, 2024

O'MELVENY & MYERS LLP

By: /s/ Marc F. Feinstein
Marc F. Feinstein
Attorneys for Defendant Samsung
Electronics Co., Ltd.

IRELL & MANELLA LLP

By: */s/ Jason Sheasby*
Jason Sheasby
Attorneys for Plaintiff Netlist, Inc.