DARIN SNYDER (SB 136003)
dsnyder@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6400

*Attorneys for Defendant*
Samsung Electronics Co. Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S OPPOSITION TO NETLIST'S *EX PARTE* APPLICATION TO RESET FINAL PRE-TRIAL CONFERENCE DUE TO CONFLICT WITH PREVIOUSLY SET TRIAL** |

## I. INTRODUCTION

As Samsung reiterated to Netlist's counsel multiple times in an attempt to avoid unnecessary *ex parte* motion practice, Samsung has no objection to moving the final pretrial conference from April 15 to another date to accommodate the scheduling conflict of Netlist's counsel.[1] Samsung's only objection is to moving the final pretrial conference to May 6, when both parties are available on April 8 (which Netlist's counsel requested as the trial date just last week) and April 22. There is good reason that May 6 is unworkable: Given the volume of outstanding motions and issues to be resolved at the final pretrial conference that will materially shape the scope of the May 14 trial—including whether Netlist can pursue previously unpleaded and undisclosed new theories of breach—delaying the conference until May 6 will not afford adequate time for the parties to incorporate the Court's pretrial rulings into their trial preparation efforts. Nor will it allow the parties sufficient time to meet and confer to resolve objections over the exhibits and deposition designations in light of those rulings, and present them to the Court in an orderly manner. The Court's decision to set the pretrial conference on April 15 made good sense. Samsung is willing to accommodate Netlist's counsel's conflict, but it is undisputed that counsel for both parties are available on April 8 and April 22. The Court should reset the pretrial conference for April 8, 2024, or April 22, 2024.

## II. ARGUMENT

The Court should reset the final pretrial conference for April 8 or April 22, which will accommodate the April 15 scheduling conflict of Netlist's trial counsel, Jason Sheasby and Lisa Glasser, while still affording all parties enough time to prepare for trial in light of the Court's rulings at the conference. A May 6 final pretrial conference date, on the other hand, is not manageable in light of the number

---

[1] Samsung repeatedly offered to coordinate with Netlist to jointly submit this issue to the Court in a stipulation or joint statement. But Netlist insisted on making an *ex parte* filing seeking a May 6 pre-trial conference. Lucas Decl. ¶¶ 6-13.

of issues that must be decided before trial that will materially impact the witnesses, evidence, and arguments that the parties will present.

***First***, the Court must resolve Netlist's attempt to materially expand the scope of its claims. In just the last two weeks, Netlist has made its intention clear to present entirely new and undisclosed theories of breach that it never previously alleged in its pleadings, disclosed in discovery, or argued on summary judgment, appeal, or remand, and the parties have filed competing position statements on these issues. *See* Dkts. 462, 463; *see also* Dkts. 458, 459. The Court's decision on whether Netlist can pursue these undisclosed theories will impact the entire scope of trial—from opening statements, to witnesses and exhibit lists, to jury instructions and the verdict form—and the parties need more than one week to incorporate the Court's decision into their trial preparations.

***Second***, there are ten motions in limine pending, the outcome of which will materially impact the parties' preparation for trial. For example, the motions cover which witnesses will be permitted to testify live, *see* Dkt. 403, 416, the deposition designations that will be permitted, *see* Dkt. 417, 438, and the substantive evidence and arguments that will be permitted on core issues, *see* Dkt. 408, 409, 410, 413, 434, 414, 435, 418, 430, 419, 432. Incorporating the Court's rulings on these motions will take more than a few days.

***Third***, the parties need time between the pretrial conference and trial to confer on any remaining matters after the Court's resolution of the issues above so that any disputes—and trial itself—can be presented in an orderly manner. For example, the parties must confer by May 4 to stipulate as far as possible to foundation and admissibility of exhibits. *See* Standing Order for Civil Cases § II.B.[2] It would be impossible for the parties to meaningfully do so by May 4 if

---

[2] Indeed, given the importance of these matters to an orderly, efficient trial, Samsung has proposed a stipulation regarding pretrial exchanges and procedures, and, if the parties are unable to reach agreement, Samsung intends to ask the Court to enter an order establishing a protocol for such exchanges that is consistent with what the parties have already agreed to in the EDTX cases.

the pretrial conference does not occur—and the above disputes on the scope of the witnesses, evidence, and arguments that will be presented are not resolved—until May 6.

Netlist argues that there can be no prejudice to Samsung from the May 6 date because at the February 5, 2024 hearing, Samsung requested that the original final pretrial conference be scheduled for just one week before trial. *See* Dkt. 483 at 2. But Samsung requested that schedule so that the parties would have sufficient time to prepare their pretrial filings before the then-scheduled March 26 trial date. *See* Ex. 3 at 8:4-19, 12:1-4, 17:16-18:4.[3] At that time, neither side knew the large number of issues that would need to be decided at that conference. None of the ten pending motions in limine or other now-extant pretrial filings existed yet. And, of course at that time, no one knew the Court would also have to resolve Netlist's eleventh-hour effort to expand the scope of trial and pursue a new theory of breach.

Subject to the Court's availability, it is undisputed that April 8 or April 22 are workable for the pre-trial conference. In response to Netlist's initial request that Samsung stipulate to continue the final pretrial conference to May 6, Samsung proposed April 8—a date that Netlist's counsel repeatedly requested as a trial date at the March 18 status conference. Ex. 4 at 23 (Mr. Sheasby: "April 9th is close to being doable. Is it possible to shift that one or two days earlier?"); *id.* at 24 (Mr. Sheasby: "[W]e would ask the Court respectfully to schedule some time around April 9th if at all possible."). Netlist's counsel refused since they had subsequently scheduled "witness preparation in the G+" case for that date. Lucas Decl. ¶ 5. But "witness preparation" is usually flexible, and Netlist has not shown why it cannot either reschedule preparation sessions or have other attorneys prepare those witnesses.[4] Given that counsel for Netlist offered to conduct a four-day trial at the same time it would have needed to prepare those witnesses, it is only logical that it

---

[3] All exhibit citations refer to exhibits attached to the Declaration of Amy Lucas.
[4] G+ Communications has least 13 additional attorneys of record other than Mr. Sheasby and Ms. Glasser in the case in that case. Ex. 6.

3

would instead be able to have a half-day pretrial conference.

Even so, in a further effort to accommodate Netlist's counsel, Samsung also proposed April 22. Lucas Decl. ¶ 6. Netlist's counsel likewise rejected this date, only because they would be "in Texas" on that date—not because they would be in trial or actually had any conflict. Lucas Decl. ¶¶ 7-9. Even if Netlist's counsel would find it more convenient to remain in Texas during the week between their trials, that does not render them unavailable to attend a conference on April 22.

Finally, counsel for Samsung suggested no fewer than three times that the parties submit a joint statement requesting that the Court reschedule the April 15 date, with a brief statement of each party's position on what the new date should be. Lucas Decl. ¶¶ 6-12.[5] That procedure, which the parties employed in connection with Samsung's recent request for a continuance in light of a medical emergency, would have efficiently resolved this and avoided unnecessary *ex parte* motion practice.

### III. CONCLUSION

For all the foregoing reasons, the Court should reset the pretrial conference for April 8, 2024 or April 22, 2024.

Dated:  March 27, 2024        O'MELVENY & MYERS LLP

By: */s/ Darin Snyder*
Darin Snyder
Attorneys for Defendant Samsung
Electronics Co., Ltd.

---

[5] A party seeking the extraordinary remedy of *ex parte* relief must support its application with "evidence that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and a showing that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Dkt. 117 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Netlist does not even mention that standard or attempt to explain why *ex parte* relief is appropriate, particularly when a stipulation or joint submission would have sufficed.