JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S NOTICE OF MOTION AND MOTION TO QUASH TRIAL SUBPOENA ON GAIL SASAKI**<br><br>Date:      May 6, 2024<br>Time:      2 p.m. PT<br>Location:  Courtroom 7C<br>Judge:     Hon. Mark C. Scarsi |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on May 6, 2024, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Netlist Inc. will and hereby does move to quash the trial subpoena served on Gail Sasaki.

This Motion is based on this Notice; the concurrently filed Memorandum of Points and Authorities; the Declaration of Michael Harbour and accompanying exhibits; the concurrently lodged Proposed Order; such matters of which this Court may take judicial notice; the other records, pleadings, and papers filed in this action; and any other documentary evidence or arguments that may be presented to this Court. This Notice is motioned for May 6 in accordance with L.R. 7-4, however, Netlist intends to seek expedited resolution of this motion without a hearing. Netlist has met and conferred with Samsung regarding this request, and Samsung has indicated it needs additional time to consider whether it will oppose Netlist's motion for expedited resolution. Accordingly, Netlist will file this request tomorrow, April 9, 2024, after it has received confirmation of Samsung's position.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 5, 2024.

Dated: April 8, 2024

Respectfully submitted,

IRELL & MANELLA LLP
Jason Sheasby
A. Matthew Ashley
Michael Harbour

By: */s/ Michael Harbour*
     Michael Harbour

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 4, 2024, Samsung served Ms. Gail Sasaki with a subpoena commanding her appearance at trial on May 14, 2024. Samsung had previously subpoenaed Ms. Sasaki to appear on the original trial date of March 26, 2024, which Ms. Sasaki had prepared to do. Samsung sought to move the trial date to its current date even though Netlist had expressly informed Samsung that Ms. Sasaki was not available for that date. Specifically, Ms. Sasaki is not available from May 8 to May 22, 2024. Since 2022, Ms. Sasaki has had plans to take a prepaid vacation with her husband during which she will be out of the country. The trip was planned with Ms. Sasaki's close friends and cannot be rescheduled. Sasaki Decl. at ¶¶ 4-7.

Requiring Ms. Sasaki to cancel her preplanned vacation—her first in five years—and forfeit the amount she has already spent constitutes an undue hardship. Ms. Sasaki was fully prepared to attend the original trial date of March 26, 2024. The trial, however, was rescheduled at Samsung's request. Netlist informed Samsung of Ms. Sasaki's conflicts when the parties' discussed potential new trial dates, Harbour Decl. ¶ 2, and offered to move the trial to April 1 when both Netlist's counsel and Ms. Sasaki would be available to appear. Dkt. 468. Samsung did not accept this proposal. Samsung also claimed that it could not be prepared for trial during the second week in April (even though it had previously asked Netlist for just a one or two week extension), when Ms. Sasaki was also available. Dkt. 476 (Hearing Tr.) at 23:13-17. Instead, at Samsung's request, the trial date was scheduled for mid-May "sole[ly]… to give [Samsung's substitute lead] counsel a reasonable amount of time to become sufficiently familiar with the case to go to trial." Dkt. 470 at 2. In sum, Samsung advocated for a trial date during which it knew Ms. Sasaki was not available. Ms. Sasaki should not be penalized for Samsung's choice.

Moreover, any prejudice that Samsung might suffer as a result of Ms. Sasaki's

absence is minimal at best given that Samsung can, if it chooses, simply play her prior deposition testimony and read her prior trial testimony to the jury. Samsung's witness list indicates that it plans to examine Ms. Sasaki on "JDLA negotiations" and "Netlist financial documents and public disclosures." Dkt. 401. Samsung deposed Ms. Sasaki in this action on August 5, 2021, on a number of topics including both JDLA negotiations and Netlist's financial information and public disclosures. Samsung then called Ms. Sasaki to testify at the previous trial beginning on December 1, 2021, where it examined her again on Netlist's financial documents and public disclosures. Pursuant to Fed. R. Civ. P. 32(a)(4), this testimony (to the extent it is otherwise admissible) can be played to the jury in lieu of having Ms. Sasaki testify in person.

Accordingly, Netlist's motion to quash should be granted.

## II. ARGUMENT

### A. Legal Standard

Rule 45 requires a party "responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). If a subpoenaing party does impose an "undue burden" on a person subject to the subpoena, the Court "must quash or modify" the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iv). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Morning Star, LLC v. Canter*, 2023 U.S. Dist. LEXIS 69559 (C.D. Cal. April 20, 2023).

### B. Samsung's Trial Subpoena on Ms. Sasaki Should Be Quashed

Requiring Ms. Sasaki to attend trial would impose an undue burden and unnecessary expenses on her. Ms. Sasaki is Netlist's current CFO. In 2022, she and her husband booked a vacation to Japan from May 8 to May 23, 2024. Sasaki Decl. ¶¶ 4-5. This is Ms. Sasaki's first vacation in four years. *Id.* at ¶ 4. She has already paid $20,000, which she will forfeit if she has to cancel. *Id.* at ¶ 6. Planning the trip

required close coordination with close family friends, and it is unlikely that they would be able to coordinate a similar trip again for several years, if ever. *Id.* at ¶¶ 5-6. The trip involves a two-week long tour of rural areas of Japan that are difficult to access without a guide, and involves seasonal sights and festivals that only occur once every year during mid-May. *Id.* at ¶ 4. Planning this trip also required Ms. Sasaki's brother to make arrangements over a year ago to take this time off of work in order to care for their mother, who will be 94 years old this year, in Ms. Sasaki's absence. *Id.* at ¶ 5.

Ms. Sasaki was prepared to attend the original trial date of March 26, 2024. *Id.* at ¶ 2. On March 13, 2024, "Samsung requested a 1-2 week continuance" because their lead counsel had a medical issue. Dkt. 469 at 2. This would have put the trial on April 2, 2024 or April 9, 2024. Ms. Sasaki would have been available during this window as well. At the March 18, 2024 status conference, however, Samsung's counsel informed the Court that a 1-2 weeks continuance was no longer sufficient as it "would simply be not enough time for our new[] trial counsel to get prepared." Dkt. 476 at 23:16-17. Because Netlist's lead counsel has two trials in Texas scheduled for April 15 and April 29, this meant that the trial could not be scheduled until the second week in May at the earliest. Samsung was fully aware that Ms. Sasaki would not be available at this time. Harbour Decl. ¶ 2; Ex. 2 (March 18, 2024 email informing Samsung that "Gail Sasaki is not available May 8-22.").

Netlist is sympathetic to Samsung's situation, and has worked with Samsung to accommodate its request to reset the trial date. It would, however, be unfair to force Ms. Sasaki to cancel a vacation that she may not be able to reschedule and that would also require her to forfeit considerable expenses based on Samsung's own choices. This is particularly true given that Samsung has not demonstrated any need for Ms. Sasaki's live testimony at all, much less a need outweighing the burden this would impose on her. One of the topics that Samsung seeks to question Ms. Sasaki about are the "JDLA negotiations." Dkt. 401 (Samsung's Witness Disclosures). But Ms. Sasaki

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

has already testified she was only "[v]ery peripherally" involved in these negotiations. Ex. 1 (Sasaki Depo.) at 71:12-72:15; *See Mount Hope Church v. Bash Back*, 705 F.3d 418, 427-28 (9th Cir. 2012) ("'[I]t might be an undue burden to compel an adversary to attend trial as a witness if [they] are known to have no personal knowledge of matters in dispute, especially if [they] would be required to incur substantial travel burdens'") (quoting Fed. R. Civ. P. 45(c)(3)(A)(iv) advisory committee's note)).

The other topic that Samsung seeks to question Ms. Sasaki about is "Netlist financial documents and public disclosures." Dkt. 401. But there is no need to compel Ms. Sasaki to testify live about this topic. Pursuant to Fed. R. Civ. P. 32(a)(4), Samsung can simply designate Ms. Sasaki's prior deposition and trial testimony from this action. Fed. R. Civ. P. 32(a)(4)(B) (permitting use of deposition testimony for any witness who is "more than 100 miles from the place of . . . trial or is outside the United States"); *see also MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 293 F.R.D. 58, 67 (D.N.H. 2013) (concluding Rule 32(a)(4)(B)'s distance "criterion has been satisfied by [party's] admission that [witness] will be away on vacation during the trial, so the defendants are entitled to use his deposition at trial under Rule 32(a)(4)(B)"); *Banta Properties, Inc. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV, 2011 WL 13096150, at *1 (S.D. Fla. Dec. 30, 2011) (concluding that because witness's vacation "out of the state would either be 100 miles from the place of trial or outside the United States, [his] deposition testimony could properly be used in this case").[1]

Samsung has not explained why this testimony is insufficient or what additional benefit it seeks from Ms. Sasaki's live appearance. Ms. Sasaki was designated as 30(b)(6) witness to testify on Netlist's financial documents and public disclosures, and Samsung questioned Ms. Sasaki at length on these topics. *See, e.g.,* Ex. 1 (Sasaki

---

[1] Even if Rule 32(a)(4)(B) did not apply, Netlist would be willing to stipulate that Samsung may introduce Ms. Sasaki's prior deposition and trial testimony to the extent that this testimony was otherwise admissible and unobjectionable.

Depo.) at 289:8-290:23; 302:4-25; 318:14-22 (questioning Ms. Sasaki at length about Netlist's published 10-Qs).

Samsung also had an opportunity to examine Ms. Sasaki on Netlist's financial documents and public disclosures during the previous trial. Dkt. 251; Ex. 3 (Day 3 Trial Tr.) at 115:8-119:25 (testimony on Netlist's financial reports). Notably, Samsung's witness list for the previous trial similarly stated that Ms. Sasaki would provide testimony related to "Netlist's…financials." Dkt. 251. At trial, however, Samsung's counsel only asked Ms. Sasaki to read two exhibits aloud and verify their accuracy. Ex. 3 at 115:8-119:25. Ms. Sasaki's live testimony is not required for this purpose, nor has Samsung explained what further testimony on Netlist's financial documents it needs from Ms. Sasaki beyond what she already provided in her deposition or the previous trial.

Courts in this Circuit have quashed trial subpoenas in similar circumstances. *See, e.g., Lister v. Hyatt Corp.*, 2020 U.S. Dist. LEXIS 14802, *10 (W.D. Wash. Jan. 24, 2020) (finding trial subpoena would "subject [witness] to 'undue burden'" where witness had previously been deposed as a 30(b)(6) representative and "[o]ther than attempting a second bite at the Rule 30(b)(6) apple, [defendant] has not explained what relevant, percipient testimony [witness] can provide… [where] he has no additional testimony based on personal knowledge to offer."); *Leader Techs., Inc. v. Facebook, Inc.*, No. C10-80028 MISC, 2010 WL 76 296, at *1 (N.D. Cal. Mar. 2, 2010) (granting motion to quash and for protective order in light of less burdensome alternatives to testimony); *see also United States v. 62.64 Acres of Land, More or Less*, 2013 U.S. Dist. LEXIS 194819, *6 (C.D. Cal. Jan. 4, 2013) (denying to compel deposition where testimony would "yield the same information that has already been provided to Defendants").

Similarly, Samsung has asked Ms. Sasaki about the JDLA negotiations during her deposition as well. *See, e.g.,* Ex. 1 (Sasaki Depo.) at 71:12-73:11 ("you were involved in the negotiations of the [JDLA], correct?... A. Very peripherally…"). Thus,

while Ms. Sasaki has already informed Samsung that her involvement in this negotiation was "very peripheral," Samsung can designate her prior deposition testimony on this topic as well assuming it is otherwise admissible.

Additionally, Mr. Chuck Hong, Netlist's CEO, who is also on Samsung's witness list, will be at trial and is fully capable of testifying on the topics that Samsung claims it intends to question Ms. Sasaki about. Indeed, Samsung's witness list indicates that it plans to examine Mr. Hong on JDLA negotiations. Dkt. 483. Moreover, as Netlist's CEO, Mr. Hong can also testify as to Netlist's financial documents and public disclosures. Indeed, he is a co-signatory on Netlist's SEC filings, just as Ms. Sasaki. *See, e.g.*, Ex. 3 (Trial Tr.) at 117:22-118:16 ("Q. Exhibit 1020 is what's called a form 10-Q; correct? A. Yes… Q. Also signed by Mr. Chun K. Hong. The CEO of the company; correct? A. Yes.").

During the parties' meet and confer, Samsung asked whether Ms. Sasaki could testify remotely from Japan. Harbour Decl. ¶ 6. This is not a viable option. While Japanese law permits remote depositions for foreign court proceedings under very narrow circumstances, there is no similar provision for remote court testimony, and it is thus not clear it would be legally permissible for Ms. Sasaki to remotely testify from Japan at all. *See* Article 17(1) (e) of the U.S. - Japan Consular Convention. In fact, Japanese law prohibits U.S. Courts from presiding over testimony given by witnesses in Japan. *See* U.S. Department of State, Bureau of Counselor Affairs, Japan ("Taking Voluntary Depositions of Willing Witnesses") (https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-CountryInformation/Japan.html) ("Japan has advised the United States that it will not permit the participation of foreign judges in the deposition of a witness located in Japan.") Moreover, even for depositions, Japan places strict limitations on the circumstances in which a witness may testify from Japan. *Id*. This would require, among other things, that Ms. Sasaki testify at a designated US Consular office, that a US Consular officer preside over the testimony, and prior approval from the Japanese

government if the testimony is to be videotaped. The U.S. Consulate and Embassy are not available during the week of May 14, 2024.[2] Further, given that Ms. Sasaki will be traveling to rural Japan and the time differences, it will not be possible for Ms. Sasaki to provide testimony at one of the required locations.

In sum, Samsung's subpoena seeks to compel Ms. Sasaki to incur significant burden and financial cost to appear for thirty minutes at trial on topics she has already testified on multiple times, and that other Netlist witnesses are equally, if not more, capable of testifying to at trial. Dkt. 401. Samsung has not explained what benefit there is to compelling Ms. Sasaki's appearance, and cannot explain how such minimal benefit would outweigh the undue burden and unnecessary costs that Ms. Sasaki would incur.

## II. **CONCLUSION**

For the foregoing reasons, the Court should quash the subpoena served on Ms. Sasaki.

---

[2] According to the U.S. Embassy website, the deposition rooms in the Tokyo embassy are only available from May 20 to May 23, and after May 28, 2024, whereas the Osaka consulate is only available after May 28, 2024. https://jp.usembassy.gov/services/depositions-in-japan/

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Dated: April 8, 2024

Respectfully submitted,

IRELL & MANELLA LLP
Jason Sheasby
A. Matthew Ashley
Michael Harbour

By: */s/ Michael Harbour*
    Michael Harbour

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 8 -