UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00993-MCS-ADS | Date | April 12, 2024 |
| Title | *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION (ECF NO. 487)**

Plaintiff Netlist Inc. filed a motion to quash a trial subpoena directed to Gail Sasaki, which is set for hearing on May 6, 2024, the same date as the final pretrial conference in this case. (Mot., ECF No. 486.) Plaintiff applies ex parte for an order shortening time on its reply deadline and committing the Court to resolve the motion without a hearing. (Appl., ECF No. 487.) Defendant Samsung Electronics Co., Ltd., opposes the application. (Opp'n to Appl., ECF No. 488.)

Assuming there is cause for ex parte consideration because Plaintiff could not obtain the requested relief by a properly noticed motion set for hearing before the underlying motion to quash, *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); C.D. Cal. R. 6-1, the Court denies the application. Plaintiff proposes an order shortening time on its own reply deadline, (Proposed Order, ECF No. 487-3), but no order to that end is necessary—Plaintiff may file its reply earlier than the deadline at its convenience, *see* C.D. Cal. R. 7-10. Plaintiff asks the Court to agree to resolve the motion without a hearing, (Proposed Order), but the Court hesitates to confirm the motion can or should be decided without oral argument until Defendant files its brief responding to the underlying motion, if not until the Court has full briefing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. And

Plaintiff encourages the Court to resolve the motion to quash before the hearing date, (Appl. 1), but the Court, sitting in one of the busiest district courts in the country, is unwilling and unable to commit to that.

The Court will consider Ms. Sasaki's travel situation in determining how and when to adjudicate the motion to quash. *See* Fed. R. Civ. P. 1. But the application is denied.

**IT IS SO ORDERED.**