UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00993-MCS-ADS | Date April 16, 2024 |
| Title *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO QUASH (ECF NOS. 486, 491)

Plaintiff Netlist Inc. moves to quash a trial subpoena directed to its chief financial officer, Gail Sasaki, based on her unavailability due to international travel. (Mot., ECF No. 486.) Defendant Samsung Electronics Co., Ltd., opposes the motion. (Opp'n, ECF No. 490.)[1] The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to

---

[1] Samsung applied to seal documents supporting its opposition brief that contain personally identifiable information of witnesses and material designated confidential under a protective order. (Appl., ECF No. 491.) The Court finds good cause to seal the information and grants the application. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

the subpoena." *ATS Prods. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) (alteration in original) (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)). The inquiry depends on the facts of the case, and the movant bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

The potential hardship to Ms. Sasaki is high. Ms. Sasaki and her friends and family have been planning her May 2024 trip since 2022. The trip will be her first vacation in five years. Ms. Sasaki arranged for her brother to care for her elderly mother while she is on vacation, an endeavor that itself took over a year of planning. If Ms. Sasaki cancels her trip, she will forfeit about $20,000 in prepaid, nonrefundable expenses. (Sasaki Decl. ¶¶ 4–6, ECF No. 486-1.) This factor strongly weighs in favor of quashing the subpoena.

Ms. Sasaki's testimony would be relevant to the issues to be tried. According to the parties' witness lists, Ms. Sasaki would testify about negotiations of the contract at the heart of the case, Netlist's financial documents and public disclosures, and Netlist's harm. (Samsung's Witness List 3, ECF No. 401; Netlist's Witness List 2, ECF No. 404.) These topics are probative of the breach and remedies issues to be tried. This factor weighs against quashing the subpoena.

The need for Ms. Sasaki's live trial testimony is low. Notwithstanding Samsung's arguments to the contrary, (Opp'n 10–13), Samsung's conduct undermines the necessity of Ms. Sasaki's live testimony. After the parties requested a trial continuance due to the illness of Samsung's lead counsel, the Court ordered the parties to be prepared to provide the Court with "a complete menu" of dates they were available for trial at the March 18 status conference. (Order 2, ECF No. 468.) Netlist disclosed Ms. Sasaki's unavailability for trial between May 8 and 22 hours before the status conference. (Harbour Decl. Ex. 2, ECF No. 486-4.) At the status conference, Samsung represented that it was available to proceed to trial on May 14 notwithstanding that counsel knew (or had constructive notice) that Ms. Sasaki would be unavailable to testify then. (Tr. 24, ECF No. 476.) If she were truly vital to Samsung's case, its counsel should not have agreed to a May 14 trial date. In any event, Samsung took Ms. Sasaki's deposition during the discovery phase of the case. The parties already have much, if not all, of the testimony Ms. Sasaki might provide at trial, (see generally Harbour Decl. Ex. 1, ECF No. 486-3 (deposition transcript)), and Netlist stipulates that Samsung may use her deposition testimony at trial because she is unavailable, (Mot. 4); *see* Fed. R. Civ. P. 32(a)(4). Further, according to the witness lists, the parties anticipated Ms. Sasaki's testimony would take no more than an hour. Netlist listed her as a witness it may not call, and Samsung did not forecast

calling her in its case in chief. (Samsung's Witness List 3; Netlist's Witness List 2, 7.) Compared with other witnesses, Ms. Sasaki's testimony would not be voluminous or integral to trial proceedings. This factor weighs weakly against quashing the subpoena.

On balance, the Court determines that the high potential prejudice to Ms. Sasaki outweighs the other factors. The trial subpoena directed to Ms. Sasaki imposes an undue burden and must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iv). The motion is granted.[2]

**IT IS SO ORDERED.**

---

[2] The Court does not reach Samsung's demand for an order compelling Netlist to produce Steven Yu as a trial witness, (Opp'n 16), a request that has not been presented by motion, *see* C.D. Cal. R. 6-1 ("[E]very motion shall be presented by written notice of motion."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition").