DARIN SNYDER (SB 136003)
dsnyder@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6400

Attorneys for Defendant
Samsung Electronics Co. Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S OPPOSITION TO NETLIST'S EX PARTE MOTION TO PRECLUDE LIVE TESTIMONY OF MR. HYUN-KI JI** |

## I. INTRODUCTION

Netlist now concedes that Mr. Hyun-Ki Ji is not within the subpoena power of the Court under Rule 45. It nevertheless seeks an order precluding Samsung from calling Mr. Ji—who has always been a May Call witness for Netlist—in its case-in-chief if Samsung does not make Mr. Ji available for Netlist's case-in-chief. Netlist waited *months* to seek this relief, and does so now in a blatant attempt to disrupt Samsung's case. Netlist has already said it will call every single other witness on Samsung's Will Call list, despite conceding they are not necessary to prove its own case. The Court enjoys broad discretion over matters of trial management, including witness order, and it is well within the Court's discretion to reject Netlist's blatant attempt at disruption. The Court should deny Netlist's ex parte motion.

## II. EX PARTE RELIEF IS NOT WARRANTED

Once again, Netlist seeks ex parte relief for a "crisis" entirely of its making. Netlist's *own* application concedes that it has waited until the first day of trial to seek relief for a position that it has "always maintained." Dkt. 537 at 1.

Samsung consistently made its position clear for months that Mr. Ji was beyond the subpoena power of the Court, that its counsel were not authorized to accept service of a trial subpoena for Mr. Ji, and that it intended to call Mr. Ji in its case-in-chief. *See* Dkt. 521-1 ¶¶ 2-12; Dkt. 401 at 2 (witness list, filed on February 26).

Yet Netlist did nothing for months, waiting until just five days before trial to bring an ex parte application to have its improper attempts at serving subpoenas on Samsung's counsel deemed effective. Dkt. 517. Now that the Court has correctly declined to issue that relief, Netlist has brought another ex parte application in the middle of trial itself to request relief that it could have sought *months ago* under a normal motion schedule. Netlist's application offers no explanation for this delay. Netlist is therefore not "without fault in creating" the supposed "crisis that requires

1

ex parte relief," and its application should be denied. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

And critically, Netlist does not make any effort to show *why* it *needs* to call Mr. Ji live before Samsung, what it cannot get from his deposition, which it has designated, or how it could possibly be prejudiced when it would still be able to cross-examine him live. Netlist has no absolute *right* to gut Samsung's case. If the Court grants Netlist's motion, it will deprive Samsung of putting on a *single* Samsung witness before being preempted by Netlist first, which is of course the precise outcome Netlist desires. The motion should be denied.

### III. THE COURT SHOULD DENY NETLIST'S EFFORT TO PREEMPT SAMSUNG'S CASE

Netlist cites to no case—and Samsung is aware of none—that requires that a defense witness be precluded unless made available for examination in the Plaintiff's case-in-chief. On the contrary, it is well-established that courts have ample discretion to "exercise reasonable control over the mode and order of examining witnesses." Fed. R. Evid. 611(a). Rule 611(a) vests in the trial judge "broad discretion over the mechanics of a trial," including matters of witness management. *United States v. Claiborne*, 765 F.2d 784, 804 (9th Cir. 1985); *see also Thompson v. Afamasaga*, 2019 WL 1290856, at *3 (D. Haw. Mar. 20, 2019) ("Embedded in Rule 611(a) is authorization for a trial court to exercise broad discretion over trial-management decisions.").

Here, the Court should exercise its discretion over witness management to deny Netlist's blatant effort to prejudice Samsung's ability to present its case. Mr. Ji is the only Samsung-affiliated witness who will testify in Samsung's case-in-chief about "JDLA negotiations" and "communications with Netlist post-execution of [the] JDLA." Dkt. 500 at 2. He is a key witness to Samsung's defense and has always been a Will Call on Samsung's list and always been a May Call on Netlist's list. Yet Netlist waited until *after the beginning of trial* to request that the Court

force Samsung to choose between allowing Netlist to preempt Samsung's case-in-chief entirely or losing key live testimony entirely. Netlist's request is especially prejudicial given that Netlist was able to call *its* key witness on "the negotiation of the JDLA," Chuck Hong, live in its case-in-chief, Dkt. 522 at 2, and that Netlist is already preempting all of Samsung's other witnesses.

Courts recognize the prejudice of permitting the plaintiff to preempt the defendant's case by calling key defense witnesses adversely in the plaintiff's case-in-chief. In *Elgabri v. Lekas*, for instance, the trial court "limit[ed] plaintiff's examination of defendants in his case-in-chief to subject matter that could not be obtained in any other fashion" because it recognized that "'it's unfair sometimes for a Plaintiff to prove his case through the mouth of the Defendant.'" 964 F.2d 1255, 1259-60 (1st Cir. 1992). The First Circuit affirmed, noting that "plaintiff did not have an 'unfettered right' to call defendants during his case-in-chief."

For that reason, courts regularly permit defense witnesses beyond the subpoena power to voluntarily appear live in the defense, even where the opposing party is limited to using the witness's deposition in its own case-in-chief—otherwise "the limitations of Rule 45 and the discovery process central to modern litigation could be significantly undermined." *Au New Haven, LLC v. YKK Corp.*, 2023 WL 3200102, at *3 (S.D.N.Y. May 2, 2023) (denying motion to "preclude Defendants from presenting live testimony of any witness that Defendants will not make available to Plaintiffs for direct examination during Plaintiffs' case"); *see also O'Bannon v. NCAA*, 2014 WL 12795479, at *1 (N.D. Cal. May 30, 2014) (denying motion to preclude defense witnesses from testifying unless the defendant made them available in for the plaintiff's case-in-chief; plaintiffs would "have an opportunity to question these witnesses fully when the [defendant] presents its defense case"); *Granados-Coreas v. Nassau Cnty.*, 2023 WL 2020970, at *2 (E.D.N.Y. Feb. 15, 2023) ("[T]he Court exercises its discretion to determine the order of introduction of evidence at trial in the following manner. … Defendants

will be allowed to call their named witnesses as part of the defense in this case, and will not be put in the position of cross-examining their own witnesses as part of the Plaintiff's case.").

There is nothing unfair about such a result. Netlist may "present deposition testimony of defendants' witnesses during their case-in-chief," and, if Samsung then calls those witnesses, it "may cross-examine them live at trial." *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 2822535, at *5 (D. Kan. July 7, 2021). Similarly, in *Air Turbine Technology, Inc. v. Atlas Copco AB*, the court rejected the argument—which Netlist repeats here—that "Defendants will gain some tactical advantage if Plaintiffs are left to read a deposition of a witness who Defendants th[e]n call in their own case" because "[t]his circumstance occurs all the time, and … Plaintiff will have the opportunity to read a deposition, and the ability to cross-examine the witness if Defendants present the witness live." 217 F.R.D. 545, 546 (S.D. Fla. 2003); *see also Lea v. Wyeth LLC*, 2011 WL 13195950, at *2 (E.D. Tex. Nov. 22, 2011) (similar); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Am.*, 262 F.R.D. 293, 302-03 (S.D.N.Y. 2009) (similar); *Seiter v. Yokohama Tire Corp.*, 2009 WL 3663399, at *2 (W.D. Wash Nov. 3, 2009) (similar). There is nothing inequitable about even-handed application of the geographic limits of Rule 45. *See In re EpiPen*, 2021 WL 2822535 at *6 ("[T]he Federal Rules apply equally to both parties. Just as the Rules may prevent plaintiffs from calling defendants' witnesses during their case-in-chief, the Rules also may restrict defendants from calling any of plaintiff's witnesses who are beyond the court's Rule 45 subpoena power.").

Netlist's primary case, *R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269 (9th Cir. 1991), only confirms that the Court would be well within its discretion to **deny** Netlist's motion. *R.B. Matthews* held only that the district court **did not abuse its discretion** by precluding the defendant from calling live two witnesses who were not made available for the plaintiff's case-in-chief.

But far from wholeheartedly endorsing the district court's decision to preclude, the Ninth Circuit expressed serious misgivings about the district court's actions:

> As a general matter, ***the actions of the trial court are troubling because, if made a practice***, they could skew discovery … [as] both plaintiffs and defendants would be forced to elicit the planned testimony of their witnesses during depositions, thus disclosing at that time their entire trial strategy.

*Id.* (emphasis added).

Unlike the defendant in *R.B. Matthews*, Samsung would be severely prejudiced by not being permitted to call Mr. Ji live. In *R.B. Matthews*, the defendant failed to "show[] how the precluded testimony would have contributed to its case" given that there was testimony from other key employees "whose testimony covered the areas to be addressed in [the precluded] live testimony." *Id.* at 273. The court in *R.B. Matthews* explained that the defendant "failed to indicate any prejudice it suffered as a result" of the preclusion. Here, by contrast, precluding Samsung from calling Mr. Ji live would deprive it of its key witness on one of the issues central to this case: the negotiation of the JDLA.

Samsung would similarly be prejudiced if Netlist is allowed to disrupt the heart of Samsung's case-in-chief by calling Mr. Ji in its own case, particularly in a jury trial where there is greater risk of juror confusion about which witnesses are affiliated with which parties. That, too, distinguishes this case from *R.B. Matthews*: While Netlist makes much of the fact that this case "is proceeding before a jury, which presents fundamentally different concerns than a bench trial," Dkt. 537 at 3-4, Netlist ignores that *R.B. Matthews* was ***itself*** a bench trial. 945 F.2d at 271. Allowing Netlist to preempt Samsung's case-in-chief by calling a key Samsung witness adversely before the jury ever hears that witness's affirmative testimony is especially prejudicial in the jury-trial context. The appropriate exercise of the Court's discretion here is not to preclude Mr. Ji from testifying in Samsung's case-in-chief.

## IV. CONCLUSION

For all the foregoing reasons, the Court should deny Netlist's motion.

Dated: May 15, 2024

O'MELVENY & MYERS LLP

By: */s/ Darin Snyder*
Darin Snyder
Attorneys for Defendant Samsung Electronics Co., Ltd.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Samsung, certifies that this brief contains 1,715 words, which complies with the word limit of Local Rule 11-6.1.

DATED: May 15, 2024     By:   */s/ Darin Snyder*
                                                    Darin Snyder