DARIN SNYDER (SB 136003)
dsnyder@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6400

Attorneys for Defendant
Samsung Electronics Co. Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S NOTICE AND *EX PARTE* APPLICATION FOR SANCTIONS**<br><br>[Filed Concurrently with Declaration of Marc Feinstein and [Proposed] Order] |

**NOTICE OF *EX PARTE* APPLICATION**

**TO THE PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that Defendant Samsung Electronics Co., Ltd. ("Samsung"), by and through its counsel, hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 16 and Central District of California Local Rule 7-19 for an order for sanctions against Plaintiff Netlist Inc. ("Netlist"), based on Netlist's failure to comply with its discovery obligations and attempt to stealthily use at trial a document its counsel knew was never disclosed in discovery.

This *ex parte* application is based on this Notice, the attached Application and memorandum of points and authorities, the Declaration of Marc Feinstein filed concurrently herewith, all pleadings and records on file in this action, matters of which this Court may take judicial notice, and such other evidence and argument as may be presented to the Court.

Per Local Rule 7-19, counsel for Samsung advised counsel for Netlist by email on May 16, 2024, of its intent to file an *ex parte* application for sanctions based on the above-described conduct and requested to meet and confer.  As of the filing of this application, counsel for Netlist has not yet stated whether it opposes Samsung's requested relief.

Pursuant to Local Rules 7-19 and 7-19.1, the name, address, telephone number, and email address for Netlist's counsel are as follows:

| A Matthew Ashley<br>Irell and Manella LLP<br>840 Newport Center Drive Suite 400<br>Newport Beach, CA 92660-6324<br>949-760-0991<br>949-760-5200 (fax)<br>mashley@irell.com<br><br>**Nora Isabella Chestney**<br>Irell and Manella LLP | Lisa Sharrock Glasser<br>Irell and Manella LLP<br>840 Newport Center Drive Suite 400<br>Newport Beach, CA 92660<br>949-760-0991<br>949-760-5200 (fax)<br>lglasser@irell.com<br><br>**Ericka DiMeglio**<br>Irell and Manella, LLP |

| | |
|---|---|
| 1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>310-277-1010<br>ichestney@irell.com<br><br>**Michael D Harbour**<br>Irell and Manella LLP<br>1800 Avenue of the Stars Suite 900<br>Los Angeles, CA 90067<br>310-203-7527<br>mharbour@irell.com<br><br>**Jason G. Sheasby**<br>Irell and Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>310-277-1010<br>310-203-7199 (fax)<br>jsheasby@irell.com | 840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>949-760-0991<br>949-760-5200 (fax)<br>EDiMeglio@irell.com<br><br>**Benjamin Eisert Manzin-Monnin**<br>Irell and Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>310-277-1010<br>310-203-7199 (fax)<br>bmonnin@irell.com<br><br>**Yanan Zhao**<br>Irell and Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>310-277-1010<br>310-203-7199 (fax)<br>yzhao@irell.com |

Dated:  May 16, 2024             O'MELVENY & MYERS LLP


By: */s/ Marc Feinstein*
Marc Feinstein
Attorneys for Defendant Samsung
Electronics Co., Ltd.

# *EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

The Court should sanction Netlist for its discovery violations and improper and dishonest attempt to use unproduced evidence at trial. During the redirect examination of Devon Park, Netlist's counsel attempted to admit into evidence an email thread it claimed to be "reintroducing … for purposes of rehabilitating the witness." Ex. A at 502:17-19. Despite the fact that the exhibit is stamped with the case number for this case and the purported exhibit number "IX0013," making it look like an official trial exhibit, *see* Ex. B, Netlist admitted after being caught that it had not included the document on the trial exhibit list. Only after Samsung's counsel indicated that the document may not have been produced in this litigation did Netlist disclose that the document was never produced, despite the fact that it is highly relevant on its face to the issues in this litigation.

A party that has responded to a request for production has an ongoing obligation to supplement or correct a response that it learns was incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Failure to provide information required under Rule 26(e) bars the use of that information at trial and may also subject the offending party to sanctions. Fed. R. Civ. P. 37(c)(1). District courts enjoy "considerable discretion" to impose sanctions for "bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990). The Ninth Circuit gives "particularly wide latitude to the district court's discretion" under Rule 37(c)(1). *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012). Additionally, courts enjoy an "inherent power[]" to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Here, Netlist has committed multiple sanctionable acts. Netlist's initial failure to produce the document in question was blameworthy, as the document was plainly responsive to Samsung's request for production in this case for "all

1  documents and communications relating to purchase orders sent by" Netlist to
2  Samsung, Ex. 2 (RFP No. 3).
3       First, even if Netlist has a legitimate excuse for its initial failure to produce
4  this document, there is no question that Netlist was obligated to produce the
5  document as soon as it learned of it.  Fed. R. Civ. P. 26(e)(1)(A).  Netlist
6  undoubtedly knew that IX0013 had not been produced in discovery—after
7  Samsung's counsel stated, "I'm not even aware it was produced in this litigation,"
8  Netlist's counsel immediately conceded that it wasn't, demonstrating that Netlist
9  was under no illusion about whether it had been produced.
10      Third, knowing that the document was never produced in this litigation,
11 Netlist attempted to use it at trial, in blatant violation of Rule 37(c)(1).  Indeed, it
12 prepared a seemingly trial-stamped version bearing the case number for this case,
13 showing that it both intended to use IX0013 at trial and hoped to pass it off as a
14 properly disclosed exhibit.
15      Netlist's violations are highly prejudicial to Samsung.  Had Samsung known
16 about the document, it would have conducted further investigation into this issue
17 and would have adjusted its line of questioning at trial as needed.  The point is that
18 Samsung was entitled to prepare for trial with notice of the relevant documents on
19 which Netlist would rely; instead, Netlist withheld this document, knowing from
20 the documents on Samsung's exhibit list, including Trial Exhibit 1400, the email
21 chain Samsung put in front of Mr. Park during his trial examination, that Samsung
22 was likely to question Mr. Park about the made-up customer and hoping to ambush
23 Samsung with a prejudicial counter-narrative that Samsung could not have prepared
24 for.
25      Moreover, Netlist's violation raises the specter of additional improperly
26 withheld documents.  If Netlist failed to produce this relevant document, Netlist
27 could have failed to produce numerous other relevant documents.  There is no
28 telling how many documents Netlist willfully withheld and the materiality of those

documents to the remaining issues in this case.

Sanctions are necessary to redress the prejudicial consequences of Netlist's actions.

First, Netlist should be precluded from offering any evidence or argument that Neal Knuth or anyone at Samsung told Devon Park or anyone at Netlist to make up the name of the end customer that was the subject of Trial Exhibit 1400 and Samsung's related questioning of Devon Park. *See* Ex. A at 479:6-488:12. Second, the jury should be instructed to disregard any testimony by Mr. Park that Mr. Knuth told Netlist to make up the name of the end customer. And third, said testimony should be stricken from the trial record, as follows:

| **Testimony to Be Disregarded and Stricken** ||
| **Start** | **End** |
|---|---|
| 479:11 ("but not quite") | 479:18 ("recommended we do.") |
| 484:17 ("and his guidance") | 484:24 ("told us to do.") |
| 485:13 ("At Mr. Knuth's suggestion.") | 485:13 ("At Mr. Knuth's suggestion.") |
| 487:2 ("At his suggestion") | 487:4 ("anybody else's suggestion.") |
| 501:4 ("Now, Mr. Park") | 502:13 ("weekly update call.") |

Such curative sanctions are appropriate to prevent Netlist from benefitting from its willful violation of discovery rules and trial misconduct.

Additionally, the jury should be instructed that Netlist failed to turn over to Samsung all of the documents Netlist was required to turn over to Samsung, and that the jury may infer that Netlist has improperly withheld documents that are harmful to its case. Adverse-inference instructions are common sanctions in situations like this. For instance, in *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559, 565 (N.D. Cal. 2008), the court held that an adverse inference

1. sanction was appropriate where the defendant failed to produce emails from one its executives.  The court explained, "having established with certainty that numerous emails were not produced from Ellison's email files—because the emails *were* produced from other files or accounts—it is impossible to know whether additional unproduced emails were also deleted or not turned over," which warranted an adverse inference. *Id.*

*Ex parte* relief is warranted in this situation.  This parties' trial presentations are nearly over, and the jury may well begin its deliberations today.  Obviously, a regularly noticed motion would be insufficient to address the prejudice to Samsung from Netlist's discovery and trial misconduct.  Any effective curative sanction must be ordered before the jury deliberates.  And unless the Court issues *ex parte* relief, Samsung will be irreparably harmed because the jury will have heard a highly prejudicial line of evidence and argument that it should never have heard.

Samsung respectfully requests that the Court grant Samsung's *ex parte* application for sanctions and issue the sanctions described above.

Dated:  May 16, 2024                    O'MELVENY & MYERS LLP

                                        By:  */s/ Marc Feinstein*
                                        Marc Feinstein
                                        Attorneys for Defendant Samsung
                                        Electronics Co., Ltd.

4
SAMSUNG'S *EX PARTE* APPLICATION FOR SANCTIONS