UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 8:20-cv-00993-MCS-ADS | Date | May 22, 2024 |
|---|---|---|---|

| Title | *Netlist Inc. v. Samsung Elecs. Co., Ltd.* |
|---|---|

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: PENDING APPLICATIONS (ECF NOS. 514, 516, 525, 530, 535, 537, 538, 561, 571)

The parties submitted several applications before, during, and after the jury trial held May 14–17 that remain unresolved.

Plaintiff Netlist Inc. applied ex parte for an order precluding Defendant Samsung Electronics Co., Ltd., from using a recently produced translation of a trial exhibit. (Ex Parte Appl. to Strike, ECF No. 516.) For the reasons provided by Netlist and stated in the trial record, the application is granted.

Netlist also moved ex parte for an order precluding Samsung from calling Hyun-Ki Ji as a live witness in its case in chief. (Ex Parte Mot. to Exclude, ECF No. 537.) For the reasons provided by Samsung and stated in the trial record, the application is denied.

The parties filed applications to seal documents submitted in connection with these ex parte applications and other filings in the case record relating to trial. (Sealing Appls., ECF Nos. 514, 525, 530, 535, 538.) These include documents and information subject to a protective order, previously sealed by the Court, or pertaining to sensitive, confidential business information or personally identifying

information about witnesses. The Court finds good cause and compelling reasons to seal these documents. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court grants the applications and directs the parties to file the documents subject to the applications under seal. C.D. Cal. R. 79-5.2.2(c).

   Finally, Netlist filed an application to seal a notice memorializing purportedly improper conduct toward the jury foreperson by individuals affiliated with Samsung after the conclusion of trial, (Sealing Appl. Re: Notice, ECF No. 561), and Samsung filed an application to seal its response thereto, (Sealing Appl. Re: Resp. to Notice, ECF No. 571). The parties aver that these documents "contain[] private information relating to a juror." (Sealing Appl. Re: Notice 2; *accord* Sealing Appl. Re: Resp. to Notice 2.) The applications are denied without prejudice to renewal. Although these documents relate to a juror, the Court perceives no personally identifiable information about the juror revealed in them except the juror's gender. There appears to be no "information that [is] actually sensitive and deserving of privacy protection" giving the Court good cause to seal the documents "to preserve the anonymity of the [juror] sought to be protected." *Press-Enter. Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 513 (1984) (discussing sealing of voir dire); *see Reeves v. Shinn*, No. CV-21-01183-PHX-DWL, 2022 U.S. Dist. LEXIS 222629, at *5 (D. Ariz. Oct. 18, 2022) (denying motion to seal "answers provided by potential jurors on their questionnaires or during voir dire" that "ha[d] no potential to identify individual jurors").

**IT IS SO ORDERED.**