UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　Defendant. | Case No. 8:20-cv-00993-MSC-ADS<br><br>**STIPULATION REGARDING POST-TRIAL BRIEFING SCHEDULE**<br><br>Hon. Mark C. Scarsi |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

Following the jury's return of a verdict at the conclusion of the recent trial, the Court asked the parties to "confer on a schedule for post-trial motions." Trial Tr. at 886:14-17. The parties hereby agree to the following schedule:

- Post-trial motions will be due on June 21, 2024;
- Oppositions to post-trial motions will be due on July 19, 2024;
- Replies to post-trial motions will be due on August 2, 2024.

**Netlist's Additional Statement**: The parties agreed to the above schedule in writing on May 30. On June 19, Samsung announced that it may seek additional rounds of post-trial motions based on the outcome of what it describes as an "evidentiary hearing." At no time did Samsung ever disclose this strategy. It has no basis in the Federal Rules. The only evidentiary hearing that the court contemplated was in connection with the motion for Rule 37 sanctions that Samsung filed during trial regarding RFP No. 3, which requires notice and opportunity to be heard by Netlist (i.e., an evidentiary hearing) on whether Netlist complied with the agreed upon scope of RFP No. 3. However, at this stage the Court need not resolve these issues, as the parties are simply jointly requesting entry of their agreed schedule. Any attempt by Samsung to file additional motions can be addressed when and if it occurs.

**Samsung's Additional Statement**: At trial, counsel for Netlist suggested (Trial Tr. at 605:24-606:25) and the Court agreed (*id.* at 806:9-21) that an evidentiary hearing would be the appropriate process to address a serious issue that arose during trial regarding Netlist's compliance with its discovery obligations. Following that direction, one of the motions Samsung intends to file requests such a hearing and limited discovery in connection with that hearing. The parties met and conferred regarding this issue and the scheduling of post-trial motions on May 28, 2024. At that time, Samsung advised Netlist of the grounds for the requested hearing and discovery, as well as the possibility of seeking a new trial based on the outcome of that hearing. This was confirmed in a May 31, 2024 email to Netlist. Rather than delay briefing on Samsung's motion for judgment as a matter of law and motion for a new trial under

Rules 50 and 59 until after the evidentiary hearing, Samsung proposed filing its motion under Rules 50 and 59 concurrent with the motion for an evidentiary hearing, and then filing a supplemental request for a new trial, if warranted by the results of the evidentiary hearing.  However, if the Court would prefer to have the motion under Rules 50 and 59 briefed together with any potential grounds arising out of the evidentiary hearing, Samsung is happy to proceed on that basis.

Dated: June 20, 2024                                Counsel for Plaintiff

*/s/ Jason Sheasby*

Jason Sheasby
Lisa S. Glasser
A. Matthew Ashley
Michael Harbour
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

Dated:  June 20, 2024  __                    Counsel for Defendant

By: */s/ Marc Pensabene*
Marc Pensabene
O'MELVENY & MYERS LLP
Attorneys for Defendant
Samsung Electronics Co., Ltd.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations