JASON SHEASBY, SBN 205455
jsheasby@irell.com
LISA S. GLASSER, SBN 223406
lglasser@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile: 949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>　　　　　Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S MOTION FOR ENTRY OF JUDGMENT**<br><br>　Date: August 26, 2024<br>　Time: 9 a.m. PT<br>　Location: Courtroom 7C<br>　Judge: Hon. Mark C. Scarsi |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that, as soon as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Netlist Inc. ("Netlist") will and hereby does move that the Court enter the following judgment pursuant to Federal Rule of Civil Procedure 58:

1. Judgment is entered in favor of Plaintiff Netlist Inc. ("Netlist") and against Defendant Samsung Electronics Co., Ltd., ("Samsung") on Netlist's first claim for breach of the supply provision in the parties' contract, Joint Development and Licensing Agreement ("JDLA") § 6.2. Netlist shall recover nominal damages in the amount of $1.00.

2. Judgment is entered in favor of Netlist and against Samsung on Netlist's third claim for declaratory relief. Netlist terminated the JDLA pursuant to JDLA § 13.2, and Samsung's licenses and rights under the JDLA have ceased.

This Motion is based on this Notice; the concurrently filed Memorandum of Points and Authorities; the Declaration of Michael Harbour; the concurrently lodged Proposed Judgment; such matters of which this Court may take judicial notice; the other records, pleadings, and papers filed in this action; and any other documentary evidence or arguments that may be presented to this Court at hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 28, 2024.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Dated: June 21, 2024

Respectfully submitted,

IRELL & MANELLA LLP

Jason Sheasby
A. Matthew Ashley
Lisa S. Glasser
Michael Harbour

By: */s/ Jason Sheasby*
Jason Sheasby

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................1

II. BACKGROUND ..............................................................................................1

III. ARGUMENT ...................................................................................................3

    A. The Federal Rules Require Judgment to Be Entered Promptly ...............................................................................................3

    B. Samsung Claims That It Will Seek To Re-Open Discovery and Argues This Is A Basis To Block the Entry of Judgment ........................................................................................................5

IV. CONCLUSION ..............................................................................................11

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arroyo v. Rosas*,
  19 F.4th 1202 (9th Cir. 2021).................................................................................1, 3

*Facebook, Inc. v. Power Ventures, Inc.*,
  252 F. Supp. 3d 765 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019)..................................................................................................................4

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
  2017 WL 6060621 (C.D. Cal. May 2, 2017) .....................................................9, 10

*Netlist Inc. v. Samsung Elecs. Co.*,
  No. 22-55209, 2022 WL 2124372 (9th Cir. June 6, 2022) ....................................2

*Netlist Inc. v. Samsung Elecs. Co.*,
  No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) .............................2, 3

*Orr v. Plumb*,
  884 F.3d 923 (9th Cir. 2018)...................................................................................3

*Sec. Inv. Prot. Corp. v. Vigman*,
  74 F.3d 932 (9th Cir. 1996).....................................................................................4

*Turner v. Japan Lines, Ltd.*,
  702 F.2d 752 (9th Cir. 1983), *abrogated on other grounds by Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990) ...............................4

**Rules**

Fed. R. Civ. P. 37(c)(1)..................................................................................................6

Fed. R. Civ. P. 50(d) .....................................................................................................5

Fed. R. Civ. P. 58..................................................................................................3, 10

Fed. R. Civ. P. 59(b) .....................................................................................................5

Rule 37 ...................................................................................................................5, 6, 8

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**Other Authorities**

Wright and Miller, 11 Fed. Prac. & Proc. Civ. § 2781 (2012) ...................................3

21A Fed. Proc., L. Ed. § 51:15................................................................................5

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In May, the jury found in favor of Netlist on the only two remaining disputes at issue in this case, i.e., did Samsung breach the JDLA and was this breach material. Dkt. 556. Thus, the only thing that remains is "the relatively ministerial task of entering judgment." *See Arroyo v. Rosas*, 19 F.4th 1202, 1216 (9th Cir. 2021). Despite this, Samsung refuses to stipulate to a judgment, forcing Netlist to bring this motion (the "Motion").

There are two causes of action in this case: (1) Netlist's claim for breach of contract and (2) Netlist's claim for a declaration that it terminated the JDLA as of July 15, 2020. Dkt. 22 (FAC) ¶¶ 25-29, 35-41. The jury's finding of breach definitively establishes that Netlist is entitled to judgment on the first claim. The jury's finding that this breach was material, coupled with this Court's prior summary judgment ruling that Netlist properly followed the JDLA's termination procedures, definitively establishes that Netlist is entitled to judgment on the second.

Netlist's proposed judgment filed concurrently with this motion is verbatim identical in all relevant respects to the judgment that this Court previously entered prior to the Ninth Circuit's partial reversal and remand. *Compare* Proposed Judgment *with* Dkt. 306. The Ninth Circuit previously found that there was a dispute of fact as to the meaning of the JDLA's supply clause and whether Samsung's breach of that clause was material. Because the jury has now found in favor of Netlist with respect to both of these questions, the parties are in the exact same position as they were before the Ninth Circuit's order. Thus, the Court should now issue the same judgment in favor of Netlist just as it did before.

## II. BACKGROUND

The JDLA's termination provision entitles Netlist to terminate the agreement upon a material breach by Samsung after Netlist provides Samsung with written notice and an opportunity to cure. In October of 2021, the Court held on summary

judgment that all of the perquisites for termination had been met, i.e., Samsung had committed material breach, and Netlist had complied with the notice requirements. Dkt. 186 at 18:18-27 ("JDLA § 15 provides a method of providing notices to each party. On May 27, 2020, Netlist sent a letter to Samsung in the manner specified in § 15 alleging material breach and demanding Samsung to cure. (PMSJ GDMF ¶ 125.) . . . Netlist's termination comports with the JDLA's termination method.").

Samsung appealed this Court's finding of breach and materiality to the Ninth Circuit. *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2022 WL 2124372, at *17-*21 (9th Cir. June 6, 2022) (Samsung's Opening Brief). Samsung also argued that Netlist had waived its right to terminate the JDLA through its delay in providing Samsung with notice of termination. *Id.* at *22. Samsung, however, did not challenge the Court's determination that Netlist had properly followed the JDLA's termination requirements. The Ninth Circuit vacated the Court's summary judgment ruling in part, finding that the JDLA's supply provision was ambiguous and that there was a dispute of material fact as to whether Samsung's alleged breach of the JDLA was material. *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683, at *2-*3 (9th Cir. Oct. 17, 2023). The Ninth Circuit, however, rejected Samsung's waiver argument. *Id.* at *3 ("We reject Samsung's contention that Netlist's declaratory-judgment claim fails for the independent reason that Netlist waived its right to terminate the contract by delaying termination proceedings until 2020.").

On remand, the Court ordered that the parties proceed with the only issues remaining in the case: "I think we need to go in this case is to move forward with a jury trial on the issues of, did Samsung beach the contract? Is it appropriately construed by the jury? And if so, is that breach material? Those, I think, are jury questions that should go to a jury here." Dkt. 391 at 7:8-12. At the end of trial, the jury found in favor of Netlist on each dispute. Dkt. 556.

The parties then met and conferred regarding post-judgment motions and entry of judgment. On May 30, 2024, in an attempt to reach an agreement on the proposed

judgment, Netlist, at Samsung's request, provided Samsung with the proposed judgment that Netlist has filed concurrently with this motion. Declaration of Michael Harbour ("Harbour Decl."), Ex. A at 7. Samsung responded it would "get back to [Netlist] with any comments or edits to the judgment." *Id.* Samsung, however, never did so despite Netlist's repeated requests. *Id.* at 4, 5, 7. Instead, on July 18, 2024, Samsung informed Netlist that it would oppose entry of judgment for the reasons that would be provided in Samsung's forth-coming post-trial motions. Harbour Decl., Ex. B at 1.

### III. ARGUMENT

#### A. The Federal Rules Require Judgment to Be Entered Promptly

Federal Rule of Civil Procedure 58(b) requires a court to "promptly" enter judgment upon the return of a jury verdict. Fed. R. Civ. P. 58(b); *see also Orr v. Plumb*, 884 F.3d 923, 927 (9th Cir. 2018) (Rule 58(b) "requires prompt entry of judgment"); Wright and Miller, 11 Fed. Prac. & Proc. Civ. § 2781 (2012) (Rule 58 "always has contemplated prompt entry of judgment and it is 'designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided.'"). As such, entry of judgment is a "relatively ministerial task." *See Arroyo,* 19 F.4th at 1216.

Here, the jury's verdict has definitively resolved the only remaining claims at issue in this case. With respect to Netlist's breach of contract claim, the jury found that Netlist's interpretation of the JDLA supply clause was correct. Dkt. 556 (jury response to Question 1). As this Court held, and as the jury instructions stated, such a finding necessarily establishes that Samsung breached the JDLA. Trial Tr. at 832:18-20 ("Now, if you interpret the contract to be consistent with Netlist's interpretation, then the Court instructs you that Samsung breached the JDLA under that interpretation."). Samsung concedes this. Dkt. 459-1 at 8:12-14 (Defendant's Statement Concerning Plaintiff's Claims and Defenses) ("If the jury determines that

Netlist's interpretation is correct, it must accept as fact that Samsung breached its obligation under Section 6.2, because that is law of the case . . . .").

With respect to Netlist's claim for a declaration that the JDLA has been terminated, the jury found that Samsung's breach of the JDLA was material, which was the only remaining issue to be resolved on remand. Dkt. 556 (jury response to Question 2). As noted above, this Court already held that Netlist fully complied with the termination provision's notice requirements. Samsung never appealed that decision. It is therefore law of the case. *See, e.g., Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019) ("[I]ssues that were previously resolved and were not raised on appeal are the law of the case and are not subject to relitigation absent a motion for leave to file a motion for reconsideration"); *Sec. Inv. Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996) (holding that a theory could not be re-litigated where it was "either subsumed within [the district court's] summary judgment on causation, and thus is law of the case, or abandoned on appeal, and therefore is waived").

The Court should thus enter Netlist's proposed judgment, which, as noted above, tracks verbatim in all relevant respects the judgment that it entered following the last jury verdict prior to the Ninth Circuit's partial reversal and remand.[1] Samsung has offered no viable reason why this proposed judgment should not be entered.

Samsung's sole contention is that it intends to file post-trial motions. But this is not a reason to delay entry of judgment. *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 757 (9th Cir. 1983) ("Since Fed.R.Civ.P. 58 provides that ***regardless of any post-verdict motions***, 'upon a general verdict of a jury ... the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court,'" the date of the entry of the judgment should

---

[1] The sole difference is that the proposed judgment omits Netlist's claim that Samsung breached section 3.2 of the JDLA by improperly withholding taxes as the Ninth Circuit ordered judgment in favor of Samsung with respect to that claim.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

ordinarily be the same as the date of rendition of a jury verdict.") (emphasis added), *abrogated on other grounds by Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990); *see also* 21A Fed. Proc., L. Ed. § 51:15 ("The possibility that post-trial motions may be in the offing should not delay the clerk's prompt entry of judgment."). Indeed, the trigger for a seeking a motion for judgment as a matter of law or a new trial is the entry of judgment. Fed. R. Civ. P. 50(d) ("Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment.").

### B. Samsung Claims That It Will Seek To Re-Open Discovery and Argues This Is A Basis To Block the Entry of Judgment

Samsung has also stated that it intends to make a request to reopen fact discovery to perform a complete review of Netlist's document collection process during the fact discovery period, and to ask this Court to delay entry of judgment pending that request. Harbour Decl., Ex. B at 1.

Samsung claims that its request for wholesale re-opening of discovery constitutes the "evidentiary hearing" Netlist discussed at the trial. This has no basis. Netlist discussed an evidentiary hearing only to resolve a narrow Rule 37 motion that Samsung filed during trial (Dkt. 544). That motion did not seek to re-open discovery. The Rule 37 motion sought specific sanctions, namely an adverse inference instruction based on an alleged failure to comply with Request for Production No. 3 ("RFP 3") as a result of the non-production during fact discovery of an internal email recounting a conversation with Neil Knuth prepared by Devon Park (the "Devon Park Internal Email"). Dkt. 544 at 3. The email is attached as Exhibit C. Netlist trial counsel made clear its position that the Devon Park Internal Email was not responsive to the agreed scope of RFP 3. Trial Tr. at 593:25-594:4; Dkt. 543 at 1-2. Netlist trial counsel also agreed to a curative instruction to the jury that all testimony regarding

the subject of the email from Mr. Park should be disregarded. Trial Tr. at 608:7-18. The Court observed that the adverse inference Samsung was seeking was significant:

> That seems like it's telling the jury that Netlist acted improperly, trying to hide something. And I'm wondering about whether that is too severe of a sanction that could -- that could reasonably lead the jury to decide that Netlist is a bad actor, and they should rule in favor of Samsung.

Trial Tr. at 605:3-8.

Netlist's trial counsel, which became associated with the case right before the close of fact discovery, and who was not involved with document collection (that was conducted by a previous firm, Gibson), provided the best information it could locate mid-trial regarding collection, but freely acknowledged "I was not did [sic] the production, but we did speak to the firm that did it previously, we have every reason to believe there was good faith" and that "we have only had 24 hours to sort of investigate this[.]" Trial Tr. at 606:9-10, 17-19. Netlist also pointed out that if there was any question of the Court granting the adverse inference instruction requested by Samsung, the Federal Rules give Netlist the right to be heard (i.e., an evidentiary hearing). Fed. R. Civ. P. 37(c)(1) (a court may impose sanctions for discovery violations *only* "after giving an opportunity to be heard.").

In short, the only hearing discussed was regarding Samsung's Rule 37 motion, to afford Netlist more than 24 hours to investigate why the document was not produced beyond the mere fact that it was not responsive to the agreed scope of RFP 3. Netlist has performed that investigation after speaking to the firm that conducted the document collection, Netlist, Netlist's IT vendors, and the discovery consultant. Netlist provided this information to Samsung in writing.

First, Samsung's RFP sought "*All DOCUMENTS AND COMMUNICATIONS RELATING TO purchase orders sent by YOU to SAMSUNG.*" Harbour Decl., Ex. D at 6:18-19. Netlist unambiguously informed Samsung it would not agree to this scope of production. In response to RFP 3 Netlist only agreed to produce a specific scope of documents that did not include internal communications: "Netlist will produce non-

privileged purchase orders and related communications sent by Netlist to Samsung in the Relevant Time Period, to the extent such documents may be located subject to a reasonable search." *Id.* at 7:8-10. The "Relevant Time Period" was defined by Netlist in the same response:

> Netlist objects to each and every Request, Instruction, and Definition to the extent that it seeks information or documents prior to 2015 or after July 2020 (the "Relevant Time Period"). Netlist will construe each and every Request to seek information only within the Relevant Time Period.

*Id.* at 3:11-14. Netlist has confirmed that Samsung did not move to compel a broader scope of production, and Netlist never agreed to a broader scope of production.

Second, contrary to Samsung's representation at the trial, the Internal Devon Park Email did not include any portion that was an email to a Samsung employee. Samsung pointed to the bottom portion of the document, which included the following:

```
-----Original Appointment-----
From: Raymond Jiang
Sent: Tuesday, September 20, 2016 11:55 AM
To: Paik Ki Hong; Devon Park; Neal Knuth

Subject: Weekly Market Update
When: Monday, December 05, 2016 4:00 PM-4:30 PM (UTC-08:00) Pacific Time (US & Canada).
Where: Call 303-928-2617 Bridge # 1750463

Please dial in 303-928-2617 Bridge # 1750463

Agenda:

• Market update
• Backlog Review
• Forecast Review
```

Harbour Decl., Ex. C at 1-2. Samsung claimed at trial that this was a document that should have been produced because it was an email to a Samsung employee:

> So what they agreed to produce were purchase orders and related communications sent by Netlist to Samsung. So related communications sent by Netlist to Samsung. Now, the document that we are talking about is an e-mail chain. It's not just a single e-mail. It's

an e-mail chain. That is the document. And if you -- if you look, the document -- the first e-mail in the chain is a communication sent by Netlist to Raymond Jiang to Samsung's Neal Knuth. So that is a communication by Netlist to Samsung.

Trial Tr. at 595:12-14. Samsung's statement to the Court was incorrect. No portion of the document is an email to Samsung. After trial, Netlist provided the following report after its investigation:

> Contrary to your representation to the Court, the reference to Neil Knuth at the bottom of the document in question was not part of an email that ever went to Samsung. The bottom of the document in question was an internally generated reference to a recurring weekly meeting. The weekly recurring calendar invite itself, which was sent to Samsung, appears in Netlist's production.

Harbour Decl., Ex. A at 5. Samsung has not disputed these facts. Harbor Decl., Ex. I is the weekly recurring invite email itself, which is an entirely separate document unconnected to the Devon Park Internal Email, and was produced.

Third, Netlist confirmed that the search parameters used by prior counsel during fact discovery to create the review database for Devon Park emails were reasonable and captured the agreed upon scope of responsive documents. Although Devon Park was not an employee of Netlist at the time of fact discovery, his email records were preserved and collected:

> However, we have confirmed that his [Devon Park's] emails were collected and reviewed for responsiveness during fact discovery. The search term that would capture the superset of documents within the agreed scope of RFP 3 production was to/from/cc/bcc either of Samsung.com or Samsung.co, and inclusion of those domains in the text of the message body or any attachment, i.e., in the text of any member of a document family. As a result the document was not in the review database. As previously noted, the document at issue is not within the scope of documents that Netlist agreed to produce.

Harbour Decl., Ex. A at 2. In an extended series of at least seven communications between Samsung and Netlist post-trial regarding this issue, Samsung has never articulated why the Internal Devon Park Email is within the scope of RFP 3 Netlist

agreed to produce. Nor did Samsung identify any other RFP it was within the agreed upon scope of.

Fourth, Netlist confirmed that the Devon Park emails placed into the review database included the entire Relevant Time Period as defined in Netlist's RFP 3 response:

> [W]e can confirm that the date period of the search included the Relevant Time Period as defined in Netlist's RFP 3 response.

Harbour Decl., Ex. A at 3.

In light of this information, there is no basis to grant the sanction Samsung requested in its Rule 37 motion. Samsung apparently recognizes this as well. Because instead of taking the step of renewing its Rule 37 motion, Samsung seeks to throw open this case indefinitely to take new discovery on the general scope of Netlist's collection efforts, and to delay disposition of this case. The time for any discovery on Netlist's collection efforts and a motion to compel based on them, however, was before the close of fact discovery. Indeed, the Court previously denied Netlist's motion to seek discovery into Samsung's failure to produce documents from numerous custodians in contravention of an express court order because discovery had already closed even though this information was uncovered just at the end of the discovery period. This decision is law of the case. *See Nat.-Immunogenics Corp. v. Newport Trial Grp.,* 2017 WL 6060621, at *7 (C.D. Cal. May 2, 2017) ("Court's earlier [discovery] order constitutes the law of the case . . . .").

In specific, Samsung was ordered to produced documents from twenty-two custodians. Dkt. 093 at 2, n.1. For twelve of those custodians it produced zero custodial documents (as evidenced by meta data), explaining in meet and confers that this was because all emails at Samsung are allegedly destroyed after two weeks. Harbour Decl., Ex. E at 3, 8, 11. This included zero email records from the key executives at Samsung involved in the negotiation and the decision to cut off supply: Hyun Ki Ji, Ho Jung Kim, Kyuhan Han, and JS Choi. *Id.* at 11; *see also* Harbour

1  Decl., Ex. H at 6-7 (Samsung interrogatory response identifying employees involved
2  in JDLA negotiation). Samsung did not disclose its alleged two-week destruction rule
3  in the briefing that led up to the order. When Netlist inquired as to when document
4  preservation began in this matter given the highly aggressive document destruction
5  policy used by Samsung, Samsung refused to respond. Harbour Decl., Ex. F at 1-2
6  (Netlist: "*When* was Samsung's litigation hold put in place *and did it cover all*
7  *individuals* listed as custodians in the Court's order?" Samsung: "We disagree with
8  your email below."). This was despite the fact that there was clear evidence of
9  destruction post-litigation. In particular, the emails Netlist sent after the lawsuit
10 putting Samsung on notice of material breach and terminating the agreement were
11 nowhere to be found in Samsung's production, Harbour Decl., Ex. G, which means
12 preservation was not occurring for at least one month after the litigation was filed.
13 See Harbour Decl., Exs. J and K, which are the breach and termination emails sent to
14 one of Samsung's custodians but which are not contained in Samsung's production.
15 Samsung evaded any inquiry by maintaining that fact discovery was closed. Dkt. 175
16 at 1 ("The pretrial scheduling order provides that '[t]he cut-off for discovery is not the
17 date by which discovery requests must be served; it is the date by which all discovery,
18 including all hearings on any related motions, must be completed.' (*Id*. § B.1.)
19 Accordingly, the Court STRIKES the request as untimely."). Samsung took extensive
20 advantage of the Court's ruling to avoid serious questions of spoliation. Samsung
21 now believes it can change positions at a whim.

22 Shortly before the agreed deadline for post-trial motions, Samsung announced
23 that it seeks to re-open fact discovery to move for use of East Texas discovery that it
24 claims should have been made available to it in the Central District. O'Melveny &
25 Meyers (counsel of record in this matter) appeared in the East Texas case on
26 December 15, 2024 and had complete access to the entire production in that case.
27 *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* 2:22-cv-00293-JRG (E.D. Tex.), Dkt.
28 Nos. 280, 281, 290. The documents it identified were produced on January 8, 2024.

The suggestion that these documents were withheld from Samsung's use in the Central District such that it is entitled to post-trial relief from the jury's verdict is not well taken. Netlist proposed on November 27, 2023, that the parties be able to cross use discovery from East Texas: "[I]f this case proceeds, Netlist will file a motion seeking leave to cross-use of fact depositions and documents from the Eastern District of Texas litigations . . . . . Samsung opposed on both grounds, arguing that this would this was "a blatant attempt to circumvent prior discovery orders in this case." Dkt. 343 at 21:18-19; *id.* at 6:9-11. After the pre-trial conference on May 6, 2024, the Court sided with Samsung. Dkt. 510 at 6:6-8 (holding that "evidence postdating the discovery phase of the case" could not be used at trial). Samsung had the full and fair opportunity to use any documents it wanted from East Texas. It made the strategic decision to close the record. It did this because of the incredibly damaging discovery that occurred in East Texas that it wanted to block from the Central District jury. The idea that a trial loss is an invitation for the losing party to re-do fact discovery or change its positions on the appropriate scope of discovery has no basis in the law.

## IV. CONCLUSION

In sum, the jury's verdict resolved all remaining disputes at issue in this case, and thus judgment must be entered promptly under the Rule 58. Samsung may seek post-trial relief if it chooses, but this is not a reason to delay entry of judgment. Netlist's motion should be granted, and Netlist's proposed judgment should be entered.

Dated: 21, 2024

Respectfully submitted,

IRELL & MANELLA LLP
Jason Sheasby
A. Matthew Ashley
Lisa S. Glasser
Michael Harbour

By: */s/ Jason Sheasby*
Jason Sheasby

## **PROOF OF SERVICE**

I, Jason Sheasby, am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party within this action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276. On __, 2024, I served the foregoing document on Defendant's counsel of record as listed below.

*/s/ Jason Sheasby*
Jason Sheasby

## **SERVICE LIST**

| | |
|---|---|
| **Amy Riley Lucas**<br>O'Melveny and Myers LLP<br>1999 Avenue of the Stars 7th Floor<br>Los Angeles, CA 90067-6035<br>310-246-6700<br>Fax: 310-246-6779<br>Email: alucas@omm.com<br>*ATTORNEY TO BE NOTICED* | **Gerard A. Savaresse**<br>O'Melveny and Myers LLP<br>7 Times Square, 33rd Floor<br>New York, NY 10036<br>212-326-2000<br>Email: gsavaresse@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| **Anton Metlitsky**<br>O'Melveny and Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>212-326-2000<br>Fax: 212-326-2061<br>Email: ametlitsky@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* | **Marc F. Feinstein**<br>OMelveny and Myers LLP<br>400 South Hope Street 18th Floor<br>Los Angeles, CA 90071-2899<br>213-430-6000<br>Fax: 213-430-6407<br>Email: mfeinstein@omm.com<br>*ATTORNEY TO BE NOTICED* |
| **Anwar L. Graves**<br>O'Melveny and Myers LLP<br>1625 Eye Street NW | **Marc J. Pensabene**<br>O'Melveny and Myers LLP<br>Time Square Tower, 7 Times Square<br>New York, NY 10036<br>212-326-2000 |

| | |
|---|---|
| Washington, DC 20006<br>202-383-5300<br>Email: agraves@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Darin W. Snyder**<br>O'Melveny and Myers LLP<br>Two Embarcadero Center 28th Floor<br>San Francisco, CA 94111<br>415-984-8700<br>Fax: 415-984-8701<br>Email: dsnyder@omm.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Emilie Winckel Hamilton**<br>O'Melveny and Myers LLP<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>949-823-6900<br>Fax: 949-823-6994<br>Email: ehamilton@omm.com<br>*ATTORNEY TO BE NOTICED* | Fax: 212-326-2061<br>Email: mpensabene@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Michael G. Yoder**<br>O'Melveny and Myers LLP<br>610 Newport Center Drive, Suite 1700<br>Newport Beach, CA 92660<br>949-760-9600<br>Fax: 949-823-6994<br>Email: myoder@omm.com<br>*ATTORNEY TO BE NOTICED* |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations