| | |
|---|---|
| DARIN SNYDER (SB 136003) | MARC J. PENSABENE (*pro hac vice*) |
| dsnyder@omm.com | mpensabene@omm.com |
| O'MELVENY & MYERS LLP | O'MELVENY & MYERS LLP |
| Two Embarcadero Center, 28th Floor | 1301 Avenue of the Americas |
| San Francisco, California 94111 | Suite 1700 |
| Telephone: (415) 984-8700 | New York, New York 10019 |
| Facsimile: (415) 984-8701 | Telephone: (212) 326-2000 |
| | Facsimile: (212) 326-2061 |

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6400

Attorneys for Defendant
Samsung Electronics Co. Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**DECLARATION OF AMY R. LUCAS IN RESPONSE TO THE COURT'S JULY 1, 2024 ORDER REQUIRING FURTHER PREFILING CONFERENCE (ECF NO. 595)**<br><br>Hearing Date: August 26, 2024<br>Time: 9:00 AM<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

**DECLARATION OF AMY R. LUCAS**

I, Amy R. Lucas, declare as follows:

1. I am an active member of the Bar of the State of California and a partner at O'Melveny & Myers LLP, counsel of record for Defendant Samsung Electronics Co., Ltd. ("Samsung") in this action. I make this declaration in response to the Court's July 1, 2024 Order Resolving Application for Leave to File Under Seal (ECF No. 590) and Requiring Further Prefiling Conference. Dkt. 595. Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, could and would so testify.

2. After the May 2024 trial concluded, under my direction and supervision, counsel undertook efforts on behalf of Samsung to investigate and confirm the veracity of statements made during *voir dire* by the potential jurors. That investigation has never involved any contact—direct or otherwise—with any of the final jurors or potential jurors in the venire.

3. On May 28, 2024, Samsung participated in a meet and confer with Netlist regarding Samsung's contemplated post-trial motions, namely, (1) a Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial, and (2) a Motion for Evidentiary Hearing and Limited Discovery Related Thereto. At the time that meet and confer took place, the investigation of the venire's *voir dire* statements had only just begun and no information had been discovered suggesting that any of the venire's statements during *voir dire* had been false or otherwise would merit a new trial.

4. Thereafter, Samsung started to uncover information suggesting that certain potential jurors may have made false statements to the Court during *voir dire* regarding their prior experience with litigation and/or contract disputes. However, because some of the jurors had gone by different names and had lived in various jurisdictions across California over an extended period of time, extensive investigation was required to determine whether the information pertained to the

jurors in this case or a different person with the same name. Additional investigation was also required to conduct necessary follow-up, including to determine the nature of the prior litigations and whether they related to contract disputes or other matters potentially relevant to this case. For example, matrimonial matters, such as divorce, were not considered to be of significant relevance unless it involved extensive or prolonged litigation and engagement with the judicial process.

5.  By June 18, 2024, Samsung determined that four of the jurors referenced in my June 21, 2024 declaration, Dkt. 597-1, appeared to have been involved in prior litigations that had not been disclosed to the Court during *voir dire*. Notably, Samsung confirmed that, with respect to one of those undisclosed litigations, the litigation was brought by a plaintiff of Korean descent against Juror No. 16 that not only involved a dispute over a contract, but was actually pending at the time of *voir dire* and trial in this matter. Samsung promptly, on June 18, 2024, notified Netlist that Samsung intended to include in its motion for new trial the issue of false representations by certain jurors during *voir dire* regarding their lack of involvement in litigation. While there was no doubt that Netlist would oppose any request for a new trial based on such misstatements, Samsung nonetheless offered to conduct a supplemental live meet and confer on the new issue that had arisen, but Netlist declined.

6.  On June 19, 2024, while negotiating the specific terms of the stipulated post-trial briefing schedule with Netlist, Samsung **twice again** offered to meet and confer live concerning the juror responses to *voir dire* and Samsung's anticipated request for a new trial on that basis. Netlist again declined both of Samsung's additional offers to meet and confer live.

7.  Although not required by the rules, on June 20, 2024, at Netlist's request, Samsung promptly provided a detailed list of all the litigations then known to Samsung involving any of the jurors that would potentially be included in the motion for new trial, including identification of the case title, case number, and

jurisdiction. Samsung also provided an explanation of the basis for including the various cases related to Juror No. 16, including a listing of the various names Samsung was able to identify as being used by that juror over the years. And Samsung, for ***at least the fourth time***, offered to meet and confer live with Netlist to discuss the basis of Samsung's motion. As with the prior offers, Netlist declined.

8. Thereafter Samsung continued to discover additional undisclosed litigations involving Juror No. 16. As such additional litigations were discovered and confirmed, Samsung promptly notified Netlist and provided the case names, numbers, and jurisdictions. For example, on June 20, 2024, Samsung discovered two additional cases involving that juror and promptly notified Netlist ***that same day***, providing the case names, numbers, and jurisdictions.

9. The parties continued to correspond about Samsung's motion for a new trial, including Samsung identifying the legal bases for its motion in response to a request by Netlist. On June 21, 2024, Samsung discovered three additional cases involving Juror No. 16. Notably, one of those additional cases was a second civil case that had also been pending against Juror No. 16 at the time of *voir dire* and trial in this matter. That second case was brought by the same plaintiff of Korean descent referenced above in para. 5, and was also a contract dispute, this time where the Korean plaintiff sought over $70,000 in damages from Juror No. 16. Samsung again promptly notified Netlist of the three additional cases ***that same day***, provided the case name, number, and jurisdiction, and ***again offered to meet and confer***, but Netlist declined once more.

10. On July 2, 2024, Samsung reached out to Netlist to schedule the supplemental meet and confer ordered by the Court on July 1 (ECF No. 595), and proposed noon PT on July 8, 2024. Netlist accepted this proposed date and time.

11. On July 8, 2024, my colleague, Marc Pensabene, and I conducted a live conference of counsel (telephonically) with Netlist's counsel to discuss the issues raised in Samsung's Renewed Motion for Judgment as a Matter of Law or, in the

Alternative, a New Trial.  ECF 597.  Samsung summarized the bases for the new trial request based on the juror statements during *voir dire*, which Netlist acknowledged it understood, including from Samsung's motion.

12. Netlist stated its position that, even if the factual assertions underlying the juror issues were correct, it would contend that implied bias had not been shown. Netlist then asked how Samsung had determined the various names used by jurors that appeared in the litigations, and we explained the process used.  Netlist also asked whether Samsung had any additional information on which it intended to rely. We explained that, while we may identify additional support to respond to specific arguments in Netlist's opposition, all currently known information supporting the motion had been identified in the briefing and supporting papers.  We also noted that a public records request with a California agency remained outstanding and any relevant information ultimately received in response, if any, would promptly be provided to Netlist.  Lastly, the parties agreed that all other issues raised in Samsung's motion had been discussed in the earlier May 28th meet and confer, and that the parties were at an impasse on those issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on July 15, 2024, in Los Angeles, California.

_____
Amy R. Lucas