| | |
|---|---|
| DARIN SNYDER (SB 136003)<br>dsnyder@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701<br><br>MARC F. FEINSTEIN (SB 158901)<br>mfeinstein@omm.com<br>AMY R. LUCAS (SB 264034)<br>alucas@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6400 | MARC J. PENSABENE (*pro hac vice*)<br>mpensabene@omm.com<br>O'MELVENY & MYERS LLP<br>1301 Avenue of the Americas<br>Suite 1700<br>New York, New York 10019<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061 |

Attorneys for Defendant
Samsung Electronics Co. Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR ENTRY OF JUDGMENT (Dkt. 593)**<br><br>Hearing Date: August 26, 2024<br>Time: 9:00 AM<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND .............................................................................................. 2

III. ARGUMENT ................................................................................................... 4

    A. Resolving Samsung's Post-Trial Motions Before Formal Entry of Judgment Makes Sense and Is Well Within the Court's Discretion ............................................................................................. 4

    B. Netlist's Arguments Concerning the Merits of Samsung's Motion for Evidentiary Hearing Are Irrelevant to Its Request for Entry of Judgment and, In Any Case, Unavailing ................................ 7

    C. Netlist's Proposed Judgment Is Incomplete and Inaccurate ................. 9

IV. CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Arroyo v. Rosas*,
   19 F.4th 1202 (9th Cir. 2021)..................................................................6

*Beryl v. Navient Corp.*,
   2023 WL 4570626 (N.D. Cal. July 13, 2023).........................................5

*Juno Therapeutics, Inc. v. Kite Pharma, Inc.*,
   2020 WL 2220207 (C.D. Cal. Jan. 7, 2020)............................................4

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
   198 F. Supp. 3d 1089 (C.D. Cal. 2016)..................................................7

*Lewis v. U.S. Postal Serv.*,
   840 F.2d 712 (9th Cir. 1988)..................................................................7

*McCulloch Motors Corp. v. Or. Saw Chain Corp.*,
   245 F. Supp. 851 (S.D. Cal. 1963).........................................................7

*Orr v. Plumb*,
   884 F.3d 923 (9th Cir. 2018)..................................................................6

*Turner v. Japan Lines, Ltd.*,
   702 F.2d 752 (9th Cir. 1983)............................................................5, 6

## OTHER AUTHORITIES

21A Tracy Bateman et al., *Federal Procedure, Lawyers Edition* (June 2024 update) ...........................................................................................7

## RULES

Fed. R. Civ. P. 50(b)..............................................................................4, 5, 7

Fed. R. Civ. P. 50(d).......................................................................................7

Fed. R. Civ. P. 58.......................................................................................1, 4

Fed. R. Civ. P. 58(b).......................................................................................4

Fed. R. Civ. P. 58(c)(2)(B).............................................................................6

Fed. R. Civ. P. 59...........................................................................................4

Fed. R. Civ. P. 59(b).......................................................................................7

I. **INTRODUCTION**

The Court has twice informed the parties of its "preference to resolve typical postjudgment motions before formal entry of judgment." Dkt. 587 at 1 (citing Dkt. 287 at 1). Yet Netlist nevertheless asks the Court to enter judgment immediately, likely hoping to hamstring Samsung's attempts to uncover the full extent of Netlist's grievous discovery misconduct and misrepresentations to the Court via Samsung's Motion for Evidentiary Hearing (Dkt. 589). Netlist even suggests that failure to enter judgment in its favor now is contrary to the Federal Rules, yet does little more than point to Federal Rule of Civil Procedure 58, which directs the Court and clerk to act "promptly" in entering a judgment. But the plain language of Rule 58 grants the Court ample discretion to resolve post-trial issues prior to formal entry of judgment, in accordance with the Court's stated preference, as federal district courts routinely do.

Racing to enter judgment is especially unwarranted here, where (a) a serious concern about potential discovery violations by Netlist arose during trial; (b) Netlist's counsel made sweeping, grossly inaccurate representations to the Court in order to avoid sanctions at trial; and (c) the Court agreed with Netlist's own suggestion that an evidentiary hearing would determine whether sanctions are warranted. As detailed in Samsung's Motion for Evidentiary Hearing, Dkt. 589, subsequent investigation indicates that Netlist's non-disclosure of one document at trial was not an isolated or innocent mistake, and that the assurances to the Court by Netlist's counsel were false. In that regard, Samsung has discovered more than 50 responsive and relevant documents that Netlist improperly withheld from Samsung in this case, but produced in its other litigations, including those against Micron and Hynix. Those documents clearly demonstrate that Netlist made material misrepresentations to this Court, in both 2021 and 2024, regarding its discovery efforts. Under such circumstances, it would be imprudent to rush to enter

judgment. Certainly, Netlist has identified no authority that would require the Court do so.

Tellingly, Netlist devotes more than half its Motion for Entry of Judgment arguing the substance of Samsung's Motion for Evidentiary Hearing (Dkt. 589) and the issues to be addressed in the requested evidentiary hearing. Netlist is plainly concerned about its discovery misconduct, and attempting to create various desperate distractions. But none of those distractions has any merit. For example, Netlist attempts to blame Samsung for not catching its misconduct sooner, but that in no way excuses Netlist's misconduct. Likewise, following the old dictum that the best defense is a good offense, Netlist attempts to manufacture bogus allegations that paint Samsung as having similarly failed in its discovery obligations. Netlist's arguments are completely baseless.

Regardless, Netlist's various arguments concerning *the substance* of issues to be resolved by Samsung's Motion for Evidentiary Hearing (and the hearing requested by that motion) are wholly irrelevant to Netlist's present motion and will be addressed by Samsung in full if and when raised by Netlist in connection with Samsung's motion. For present purposes, the only issue is *the need for the evidentiary hearing*—something Netlist's lead counsel suggested at trial—and the logic of delaying judgment until questions to be addressed by that hearing are resolved.

In any case, Netlist's proposed judgment is inaccurate and incomplete, as it fails to provide judgment for Samsung on Netlist's second claim for relief (for breach of Section 3 of the JDLA).

For all these reasons, the Court should deny Netlist's motion.

## II.  BACKGROUND

On May 15, 2024, the second day of trial, Netlist's counsel attempted to sneak a document into evidence as a trial exhibit, even though that document had not been produced in the case and was not on Netlist's exhibit list. Dkt. 589-4 at

502:2-15. Netlist's counsel confessed they had been aware of this document well before trial and knew that Samsung intended to question Netlist's Devon Park about its subject matter. But, rather than promptly disclose the unproduced document as the rules require, Netlist's counsel prepared a version that looked like a trial exhibit, stamped it with IX0013, sat on it, and waited for Samsung to "walk into a trap," as the Court aptly observed. Dkt. 589-5 at 602:11-19.

After Samsung objected and Netlist admitted the document had never been produced, the Court noted that sanctions may be appropriate and ordered Netlist to provide more information about the non-production and intentional withholding of IX0013. *See* Dkt. 589-4 at 504:13-16. In response, Netlist submitted a carefully worded description of its document collection and production efforts. *See* Dkt. 543.

Samsung requested sanctions against Netlist for the failure to produce IX0013, as well as an adverse inference jury instruction. Dkt. 544 at 3-4 (Samsung May 16, 2024 Mot. for Sanctions); Dkt. 589-5 at 602:1-8. Netlist's counsel objected to the "extreme sanction" of an adverse inference in the absence of a post-trial evidentiary hearing "to determine the quality of our search." Dkt. 589-5 at 605:24-606:25. While the Court struck the testimony related to IX0013, it declined to give an adverse inference instruction or to further sanction Netlist in the middle of trial. Instead, the Court adopted Netlist's own suggestion and invited Samsung to request an evidentiary hearing after trial. *Id*. at 806:9-21.

Following the jury's verdict, the Court ordered the parties to meet and confer on a schedule for post-trial motions, consistent with its practice of deferring entry of judgment until after resolution of post-trial motions. *See* Dkt. 587 (citing Dkt. 287 and noting the Court's "preference to resolve typical postjudgment motions before formal entry of judgment"). The parties agreed to such a schedule, *see* Dkt. 588, and post-trial motions are noticed for hearing on August 26, 2024, *see* Dkts. 589, 593, 597.

As part of its post-trial motions, in addition to filing a Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial pursuant to Rules 50(b) and 59, Dkt. 597, Samsung also filed a Motion for Evidentiary Hearing, Dkt. 589. Samsung moved the Court for an evidentiary hearing in light of the discovery violation identified at trial, as well as evidence Samsung has uncovered since trial that also demonstrates Netlist's representations to the Court, both at trial and in 2021 when discovery was underway, were false. *See id.*

## III. ARGUMENT

### A. Resolving Samsung's Post-Trial Motions Before Formal Entry of Judgment Makes Sense and Is Well Within the Court's Discretion

Netlist's principal argument for why the Court must rush to enter judgment is that Federal Rule of Civil Procedure 58(b) directs the Court and clerk to act "promptly" in entering judgment. Dkt. 593 at 3-5. Netlist's apparent position is that this requires the Court to enter judgment *immediately*, regardless of Samsung's outstanding request for an evidentiary hearing into Netlist's misconduct or even Samsung's pending Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial. *See id.* at 4-5 (arguing that "post-trial motions" are "not a reason to delay entry of judgment").

Netlist's argument is meritless. The Court has twice indicated its "preference to resolve typical postjudgment motions before formal entry of judgment." Dkt. 587 at 1 (citing Dkt. 287 at 1). And it is well-established that district courts can, in their discretion, decide to resolve post-trial matters before formally entering judgment. *See, e.g., Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2020 WL 2220207, at *2-4 (C.D. Cal. Jan. 7, 2020) (setting schedule for Rule 50(b) and Rule 59 motions and deferring entry of final judgment). Indeed, the language of Rule 58 explicitly allows the Court to delay entry of judgment, language that Netlist quotes in its motion, but ignores in its brief: "upon a general verdict of a jury ... the clerk, ***unless the court otherwise orders***, shall forthwith prepare, sign, and enter the

judgment without awaiting any direction by the court." Dkt. 593 at 4 (quoting *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 757 (9th Cir. 1983)) (emphasis added). Here, the Court has clearly "otherwise order[ed]."

The Court's preference to delay formal entry of judgment makes good sense. Because post-trial motions for judgment as a matter of law under Rule 50(b) and for new trial under Rule 59 may not be filed more than 28 days after entry of judgment, it is logical to put off entry of judgment until after post-trial issues are resolved, particularly where those issues are complex. In such cases, a district court may properly "delay[] entering judgment … to allow [the parties] to queue up post-trial motions at a pace that suit[s] them." *Beryl v. Navient Corp.*, 2023 WL 4570626, at *3 (N.D. Cal. July 13, 2023).[1]

The Court's general preference makes even more sense here, where, in addition to Samsung's pending Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, Samsung has uncovered evidence of serious discovery violations and misrepresentations to the Court by Netlist. Beyond the single document that Netlist improperly withheld from discovery and attempted to introduce at trial, Samsung has uncovered more than 50 other improperly withheld documents, all of which were produced in other litigations. *See* Dkt. 589 at 12-13.

These facts suggest a systematic and conscious violation of discovery obligations on Netlist's part, rather than an innocent oversight. They also contradict explicit and unqualified representations made by Netlist's counsel to the Court during trial in order to avoid sanctions in the heat of the moment. *See id.* These extraordinary circumstances provide all the more reason for the Court to resolve these outstanding post-trial issues before formal entry of judgment.

None of Netlist's cases remotely supports the proposition that the Court must

---

[1] It likewise makes no sense for Samsung to stipulate to a judgment in Netlist's favor, as Netlist suggests (Dkt. 593 at 1), since Samsung is actively contending that judgment should be entered in *Samsung's* favor.

enter judgment immediately, before resolving Samsung's post-trial Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or its requested inquiry into potentially sanctionable discovery misconduct. For example, Netlist cites *Orr v. Plumb*, 884 F.3d 923 (9th Cir. 2018), for the proposition that Rule 58 requires "prompt entry of judgment." Dkt. 593 at 3. But the issue in *Orr* was whether and when judgment was constructively entered upon a special verdict under Federal Rule of Civil Procedure 58(c)(2)(B) in the face of **inaction** from the district court. *See* 884 F.3d at 929. Far from suggesting that district courts lack any discretion over the timing of entry of judgment, *Orr* simply illustrates that judgment may be constructively entered if the district court declines to act following a special verdict.

Netlist's reliance on *Turner v. Japan Lines, Ltd.*, 702 F.2d 752 (9th Cir. 1983), is similarly misplaced. Netlist points to dicta in that case stating that Rule 58 requires the clerk to enter judgment "forthwith" upon a general verdict regardless of post-trial motions. Dkt. 593 at 4. But *Turner* itself recognized the district court's discretion to "delay entry of judgment," rebutting Netlist's suggestion that the Court lacks discretion over the timing of the entry of judgment here. *Turner*, 702 F.2d at 756 n.5.[2] Netlist likewise misleadingly quotes from the *Federal Procedure* treatise (*see* Dkt. 593 at 5), but omits the language from that treatise explicitly acknowledging the power of the Court to delay entry of judgment pending resolution of post-trial motions:

> It is entirely proper, however, for the court to delay the entry of judgment during the pendency of motions for new trial or motions for judgment notwithstanding the verdict and should the court follow this procedure, a

---

[2] *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), is inapposite. The issue in *Arroyo* was whether the district court properly declined supplemental jurisdiction over a claim under California's Unruh Act where the disposition of the Unruh Act claim was "foreordained" based on findings it had already made. *Id.* at 1215-17. In that context, the court merely observed that the act of entering judgment was "relatively ministerial." *Id.* at 1216. Nothing in *Arroyo* speaks to a district court's discretion as to the timing of entry of judgment.

> direct order to the court to forebear entering judgment is not essential.

21A Tracy Bateman et al., *Federal Procedure, Lawyers Edition* (June 2024 update) (footnotes omitted).

Similarly, there is no merit to Netlist's suggestion that the deadline for filing a renewed motion for judgment as a matter of law or a motion for a new trial requires entry of judgment before such motions are filed. *See* Dkt. 593 at 5 ("Indeed, the trigger for seeking a motion for judgment as a matter of law or a new trial is the entry of judgment."). These motions must be brought **no later than** 28 days after entry of judgment. Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59(b).[3] But nothing in any of the Rules cited by Netlist—or otherwise—prevents a party from filing such motions **before** formal entry of judgment, as various courts have recognized and allowed. *See, e.g.*, *Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1099 (C.D. Cal. 2016) (holding that Rule 50(b) motion brought before entry of judgment was timely); *McCulloch Motors Corp. v. Or. Saw Chain Corp.*, 245 F. Supp. 851, 853 (S.D. Cal. 1963) (holding that Rule 59 motion brought before entry of judgment was timely); *cf. Lewis v. U.S. Postal Serv.*, 840 F.2d 712, 713-14 (9th Cir. 1988) (holding that Rule 59(e) motion to reconsider brought before entry of judgment was timely).

In short, the Court can and should resolve the many complex outstanding post-trial issues before formally entering judgment, and Netlist's motion should be denied.

**B.** **<u>Netlist's Arguments Concerning the Merits of Samsung's Motion for Evidentiary Hearing Are Irrelevant to Its Request for Entry of Judgment and, In Any Case, Unavailing</u>**

Netlist claims that the only evidentiary hearing discussed at trial was one

---

[3] Netlist incorrectly cites Rule 50(d), which does not apply here since it relates to a party filing a motion for new trial after losing a motion for judgment as a matter of law. Regardless, Rule 50(b), which does apply here, includes a similar deadline.

regarding IX0013. Dkt. 593 at 5. But, while Netlist's failure to produce IX0013 is the genesis of the need for an evidentiary hearing, very serious questions have since emerged regarding Netlist's document collection and production efforts, including in connection with Netlist's failure to produce IX0013. In addition, evidence has been uncovered directly and flatly contradicting representations Netlist made to the Court concerning IX0013, as well as contradicting representations Netlist made to the Court back in 2021 when discovery was underway. This makes the need for an evidentiary hearing even more acute. And to be clear, contrary to Netlist's gross mischaracterization, Samsung is not requesting a "wholesale re-opening of discovery." Dkt. 593 at 5. Samsung seeks a targeted inquiry into what already appears to be serious discovery misconduct by Netlist. Dkt. 589.

The merits of Samsung's request for an evidentiary hearing are being separately briefed in connection with Samsung's Motion for Evidentiary Hearing, Dkt. 589, and are not relevant here. Indeed, Netlist's many (incorrect and contradictory) arguments trying to justify its discovery misconduct only highlight the need for an evidentiary hearing and the propriety of delaying entry of judgment.

Facing the consequences of its apparent massive discovery misconduct, Netlist has desperately dug through the record in an attempt to manufacture a similar alleged failing by Samsung. Aside from being wholly without merit, Netlist's mudslinging is irrelevant to the question before the Court in the present motion. To be clear, Samsung vigorously disputes the factual account Netlist sets forth in its motion. ***Netlist put its own discovery misconduct front and center when it tried to <u>sneak</u> a document into evidence at trial***, even though that document had not been produced by Netlist and was not on Netlist's trial exhibit list. ***Incredibly, Netlist's counsel had even stamped the document with the label "IX0013," in an effort to dress up the document as a properly disclosed trial exhibit***. After Netlist was caught red-handed, this Court refused to admit the document into evidence and struck all related trial testimony. Dkt. 589-5 at 806:9-

21. Thus, Netlist and Samsung are in fundamentally different positions, and it is Netlist's misconduct that is now at issue—**not** any conduct by Samsung. In that regard, it is painfully transparent that the **only** reason Netlist is even alleging discovery misconduct on Samsung's part is to try and excuse its own appalling discovery misconduct and misrepresentations, essentially advocating for a "Let's call it even" approach.

In sum, Netlist does not, and cannot, cite any authority requiring the Court to enter judgment on the basis of any of its discovery-related arguments. Netlist conflates (a) the substance of the issues to be resolved by Samsung's Motion for Evidentiary Hearing, with (b) the prudence of delaying judgment given Samsung's pending Motion for Evidentiary Hearing. Only (b) is relevant to Netlist's Motion for Entry of Judgment and, as explained above, Netlist cites no authority requiring the Court to rush to enter judgment while Samsung's Motion for Evidentiary Hearing is being resolved. *See* Section III.A. As to (a), Samsung will address Netlist's arguments regarding the substance of Samsung's Motion for Evidentiary Hearing if and when Netlist raises them in connection with Samsung's Motion.

### C. Netlist's Proposed Judgment Is Incomplete and Inaccurate

Even if the Court deems it appropriate to enter judgment at this time, in no event should it enter Netlist's proposed judgment, which omits Samsung's victory on Netlist's second claim for relief (for breach of Section 3 regarding tax issues). *See* Dkt. 593-13 at 2. Netlist acknowledges that Samsung is entitled to judgment on that claim. Dkt. 593 at 4 n.1. But Netlist does not explain why it omits that claim from its proposed judgment. At the very least, Netlist's proposed judgment must be amended to include judgment for Samsung on Netlist's second claim for relief.

### IV. CONCLUSION

For the forgoing reasons, Samsung respectfully requests that the Court deny Netlist's motion for entry to judgment and suspend entering judgment until after the resolution of Samsung's post-trial motions and evidentiary hearing.

9
SAMSUNG'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT

| | | |
|---|---|---|
| Dated: July 19, 2024 | | O'MELVENY & MYERS LLP |
| | | By: */s/ Marc J. Pensabene* |
| | | Marc J. Pensabene |
| | | Attorneys for Defendant Samsung Electronics Co., Ltd. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Samsung, certifies that this brief contains 3,010 words, which complies with the word limit of Local Rule 11-6.1.

DATED: July 19, 2024                    By: /s/ *Marc J. Pensabene*
                                             Marc J. Pensabene

SAMSUNG'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT