JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
LISA GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT**<br><br>Judge Mark C. Scarsi<br><br>Hearing Date:  August 26, 2024<br>Time: 9:00 AM<br>Location: Courtroom 7C |

IRELL & MANELLA LLP

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 2

    A. Samsung's Request to Delay Entry of Judgment Indefinitely Is Improper ...................................................................................................... 2

    B. Samsung Has Waived Any Argument that It is Entitled To Post-Trial Relief Based on Alleged Discovery Violations It Hopes to Find ................... 4

    C. Samsung's Request to Reopen Discovery Is Improper ........................................... 6

    D. Netlist Does Not Oppose Samsung's Proposed Amendment ................................. 9

**IRELL & MANELLA LLP**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berndt v. California Dep't of Corr. & Rehab.*,
715 F. App'x 593 (9th Cir. 2017) ..................................................................................4

*Beryl v. Navient Corp.*,
2023 WL 4570626 (N.D. Cal. July 13, 2023) ...............................................................4

*Brown v. Wright*,
588 F.2d 708 (9th Cir. 1978) .........................................................................................6

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
2022 WL 17345911 (C.D. Cal. Oct. 26, 2022) .............................................................9

*Centeno v. City of Carlsbad*,
2021 WL 2400226 (S.D. Cal. June 11, 2021) ...............................................................9

*Crowley v. Epicept Corp.*,
883 F.3d 739 (9th Cir. 2018) .........................................................................................5

*Dragony v. Select Portfolio Servicing, Inc.*,
No. CV208170, 2021 WL 4434351 (C.D. Cal. May 25, 2021) ....................................3

*Finjan, Inc. v. Eset, LLC*,
2019 WL 424606 (S.D. Cal. Feb. 4, 2019) ...................................................................9

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .........................................................................................9

*Juno Therapeutics, Inc. v. Kite Pharma, Inc.*,
2020 WL 2220207 (C.D. Cal. Jan. 7, 2020) ..................................................................4

*Netlist, Inc. v. Samsung Electronics Co., Ltd.*,
2:22-cv-00293-JRG (E.D. Tex.), Dkt. No. 614 .........................................................7, 8

*Paul v. Pacheco*,
No. 22-2921, 2023 WL 7153245 (8th Cir. Oct. 31, 2023) ............................................5

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F. Supp. 2d 1125 (C.D. Cal. 2011) .........................................................................3

**Rules**

Fed. R. Civ. P. 16 ...............................................................................................................9

Fed. R. Civ. P. 30(b)(6) ......................................................................................................2

IRELL & MANELLA LLP

Fed. R. Civ. P. 37(c)(1) .................................................................................................1, 3, 5, 6

Fed. R. Civ. P. 58 ...............................................................................................................1, 4

IRELL & MANELLA LLP

## I. INTRODUCTION

None of Samsung's arguments against entry of judgment have merit.

First, Samsung cites this Court's "preference to resolve typical postjudgment motions before the entry of judgment." Opp. at 1:2-3 (quoting Dkt. 587 at 1). However, what Samsung seeks is hardly "typical"—Samsung asks to delay entry of judgment *indefinitely* and reopen discovery, with the suggestion that Samsung will attempt to file yet further motions later. No authority supports Samsung's position, which is directly contrary to Rule 58 of the Federal Rules of Civil Procedure, requiring entry of judgment "promptly."

Second, Samsung has definitively waived any argument that there could in the future be a new motion for judgment as a matter of law or new trial based on alleged incomplete discovery. Neither at the close of evidence and charge conference nor in its post-trial motions did Samsung argue that judgment in its favor or a new trial is warranted based on any alleged discovery issue. Nor did Samsung argue in its post-trial motions that the Court committed error when it failed to give the adverse inference instruction that Samsung requested at trial. Samsung has thus waived any such arguments.

Samsung seeks to reopen discovery to investigate Netlist's entire document collection and production, abandoning the only discovery issue it raised at trial. During trial, Samsung filed a Rule 37 motion solely addressed to the Internal Devon Park Email (IX0013). Samsung's representation regarding that document was inaccurate: "if you look, the document -- the first e-mail in the chain is a communication sent by Netlist to Raymond Jiang to Samsung's Neal Knuth. So that is a communication by Netlist to Samsung." TT at 595:12-14. Samsung does not dispute in its opposition that no part of the Internal Devon Park Email is a communication sent to or from Samsung and it thus is not responsive to any agreed scope of production. In short, Samsung's Rule 37 motion, the sole discovery issue raised at trial, had no basis.

IRELL & MANELLA LLP

- 1 -

Instead, Samsung refers to "50 responsive and relevant documents that Netlist improperly withheld from Samsung." Opp. at 1:22-23. These are exhibits to ITC depositions that were produced in EDTX before trial in a single production at Samsung's specific request. Samsung's CDCA counsel appeared in EDTX shortly before and after this production to review the EDTX document production. Netlist proposed the cross-use of EDTX discovery and Samsung repeatedly refused to agree, including after the ITC exhibit production. Samsung has waived any argument that these documents, which it was offered the unfettered right to use before trial, are bases for a new trial.

## II. ARGUMENT

### A. Samsung's Request to Delay Entry of Judgment Indefinitely Is Improper

Samsung asserts that the Court should delay entry of judgment even after Samsung's pending motions for judgment as a matter of law and new trial are ruled on. Samsung suggests that it will attempt to file additional motions notwithstanding that the deadlines for such motions has passed. This would effectively delay entry of judgment indefinitely. Dkt. 589 at 3:13-16 (requesting broad Rule 30(b)(6) deposition and potential additional discovery);[1] Dkt. 597 at 3, n.1 ("Samsung is also concurrently moving for an evidentiary hearing on Netlist's discovery abuses, the outcome of which may result in Samsung seeking a new trial or relief from judgment.").

Samsung claims that it is simply requesting the evidentiary hearing that the Court said it could pursue at trial. This is not correct. As detailed in Netlist's Motion, the dispute at trial solely concerned the Internal Devon Park Email (IX0013) that Samsung alleged should have been produced during discovery. Mot. at 6-7.

---

[1] While Samsung characterizes its request for discovery as "limited," it is not. Samsung seeks to first take a rule 30(b)(6) deposition on Netlist's document collection and production and then "additional discovery of Netlist's counsel and/or outside vendors" if Samsung deems the answer of Netlist's representative to be inadequate. Dkt. 589, n. 19.

**IRELL & MANELLA LLP**

Samsung's opposition concedes that its Rule 37 motion was based on this document:

> Samsung requested sanctions against Netlist for the failure to produce IX0013, as well as an adverse inference jury instruction. Dkt. 544 at 3-4 (Samsung May 16, 2024 Mot. for Sanctions); Dkt. 589-5 at 602:1-8.

Opp. at 3:12-14.

The Court instructed Samsung that it could move for an evidentiary regarding on its motion regarding this document after trial. Mot. at 6. However, Samsung has not done so, because Samsung's allegation that the document was within the agreed scope of discovery for RFP No. 3 has now been confirmed as inaccurate. No part of the Internal Devon Park Email consists of a communication to Samsung. *Id.* at 7.

Samsung did not dispute this in the extensive meet-and-confer, *id.* at 6-7, its motion to reopen discovery (Dkt. 589), or its opposition to this Motion.[2] Failure to respond to evidence and argument in a motion constitutes waiver. *See, e.g.*, *Dragony v. Select Portfolio Servicing, Inc.*, No. CV208170, 2021 WL 4434351, at *4 (C.D. Cal. May 25, 2021) ("Dragony did not respond to SPS's arguments to strike in her Opposition. Accordingly, she has conceded those issues."); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

Instead, Samsung seeks to take new discovery in order to fish for other supposed discovery violations, which Samsung then intends to use in some undefined future challenge to the jury verdict. This is not what the Court authorized, and it is not permitted by the Federal Rules.

Samsung first cites *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2020 WL

---

[2] Samsung's suggestion that the document should have been produced when counsel found it in April 2024 has no merit. It was not responsive to any discovery request, At Samsung's insistence the Court ruled on February 6, 2024, that no additional discovery could be used at trial, Dkt. 390, and Netlist did not intend to use it to support a claim. The only potential use was rehabilitation under Rule 801.

IRELL & MANELLA LLP

- 3 -

2220207 (C.D. Cal. Jan. 7, 2020), but there the Court delayed entering judgment because, unlike here, there were unresolved merits issues. *Id.* at *4 ("[T]he pendency of Plaintiffs' request for enhanced damages would render any present entry of judgment interlocutory, not final."). Samsung next cites *Beryl v. Navient Corp.*, 2023 WL 4570626 (N.D. Cal. July 13, 2023), but there the Court simply noted in passing that it delayed entry of judgment "at the parties' request." *Id.* at *3. In contrast, here, Netlist has affirmatively moved for entry of judgment.

### B. Samsung Has Waived Any Argument that It is Entitled To Post-Trial Relief Based on Alleged Discovery Violations It Hopes to Find

Samsung's arguments for delaying entry of judgment also fail for the independent reason that Samsung has waived any future contention that the verdict should be vacated based on alleged missing discovery. If Samsung intended to seek relief on this basis, it was required to present the evidence and argument for this relief in its now-filed motion for judgment as a matter of law or new trial. *See, e.g.*, *Berndt v. California Dep't of Corr. & Rehab.*, 715 F. App'x 593, 596 (9th Cir. 2017) ("Berndt waived any argument about the jury's verdict regarding Sergeant David Skerik because she did not present this argument before the district court in her motion for a new trial.").

Samsung's JMOL and new trial brief does not even mention any alleged discovery deficiencies save for a footnote (Dkt. 597 at 3, n.1), and that footnote does not present any argument that any supposed discovery violation warrants JMOL or a new trial. It only notes Samsung's desires to attempt to file another motion at some later point in time. Notably, Samsung's motion does not argue that the Court should have given an adverse inference instruction based on the Internal Devon Park Email or that the failure to give such an instruction warrants a new trial. *See, e.g.*, *Crowley v. Epicept Corp.*, 883 F.3d 739, 748 (9th Cir. 2018) ("Challenges to jury instructions may be waived" when a party "fails to make a timely assertion of [the] right" to an instruction); *Paul v. Pacheco*, No. 22-2921, 2023 WL 7153245, at *1 (8th Cir. Oct.

IRELL & MANELLA LLP

31, 2023) (objection to late produced evidence and request for adverse instruction waived where party failed "to present the issue in a motion for new trial").

Samsung cannot circumvent Ninth Circuit waiver law by requesting to re-open discovery and then purporting to reserve the right to file future motions. The Rule 37 evidentiary hearing that Netlist proposed at trial and the Court invited Samsung to request was for Netlist to have "an opportunity to be heard" before an adverse inference instruction could be imposed based on IX0013. Fed. R. Civ. P. 37(c)(1). Allowing for the possibility of an evidentiary hearing was only necessary because Samsung represented to the Court that this document was in fact an email communication between Samsung and Netlist:

> *And if you – if you look, the document – the first e-mail in the chain is a communication sent by Netlist to Raymond Jiang to Samsung's Neal Knuth. So that is a communication by Netlist to Samsung.*

TT at 594:12-21 (emphasis added). This representation was crucial because, in its motion and during trial, the only RFP Samsung claimed IX0013 was responsive to was RFP 3: "what they agreed to produce was purchase orders and related communications sent by Netlist to Samsung." TT at 594:12-13.

Samsung no longer contends in its opposition that any part of the document was a communication between Samsung and Netlist, or that it fell within the agreed scope of any RFP, eliminating the need for any evidentiary hearing. As noted above, Samsung also concedes that its Rule 37 motion was directed only at this document. Opp. at 3:12-14. The lack of any basis for the Rule 37 motion is further evidenced by Samsung's decision not to request a hearing on the Internal Devon Park Email, and instead to shift tactics entirely and seek to re-open discovery to try to find some other supposed violation in Netlist's 2021 collection and production.  Indeed, Samsung's post-trial briefs and opposition to this motion do not present evidence and argument that if IX0013 was responsive to an RFP Samsung would have been entitled to any further relief than the Court already granted, which was the exclusion of any testimony from Mr. Park that related to the subject of the email.

IRELL & MANELLA LLP

### C. Samsung's Request to Reopen Discovery Is Improper

First, as discussed above, Samsung does not dispute that the Internal Devon Park Email was outside the scope of documents that Netlist agreed to produce. Samsung is instead seeking to reopen discovery so that it can look for ***other*** supposed discovery violations. This is improper, and in any event could not support a new trial request. *See Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) ("[T]he defendant's desire to introduce additional evidence after losing the case did not constitute a proper ground for granting a new trial.").

Second, Samsung, in its motion to re-open discovery, has presented an analysis of Netlist's production in CDCA that it claims shows deficiencies. Under the Court's scheduling order, Samsung was required to bring any dispute regarding the scope of Netlist's document production ***before*** the conclusion of discovery, not after trial. Mot. at 9-10. As explained in Netlist's Motion, Netlist uncovered evidence at the close of discovery that Samsung had failed to produce documents from numerous custodians in contravention of a Court order, and failed to timely implement a litigation hold, but Samsung evaded any further inquiry into this issue because discovery had closed:

> The pretrial scheduling order provides that "[t]he cut-off for discovery *is not* the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, must be completed." (*Id.* § B.1.)

Dkt. 175 at 1.

Samsung entirely fails to engage this law of this case. Instead, Samsung insists that its prior misconduct is not at issue and "Netlist put its own discovery misconduct front and center when it tried to sneak a document into evidence at trial." Opp. at 8. This is wrong. Because Netlist indisputably was not obligated to produce the Internal Devon Park Email, no discovery misconduct was part of trial at all. Regardless, Samsung's argument misses the point, which is that the Court's requirement that discovery disputes be raised before the discovery deadline must be applied equally to the parties. Samsung intentionally argued, successfully, for strict limitations on both

IRELL & MANELLA LLP

discovery itself and the timing for raising discovery violations (including spoliation and other discovery violations by Samsung that came to light at the very end of the discovery period). Dkt. 175; Dkt. 605-27. Those discovery limitations do not now change because Samsung has lost at trial and thus wishes to take a dramatically different approach.

Finally, Samsung's attempt to use discovery from EDTX as a basis to re-open the case is also improper. As an initial matter, while Samsung claims that these documents were "responsive," Opp. at 1, it did not identify any discovery response from Netlist that would encompass the EDTX documents. Arguments not presented in opposition are waived.

Regardless, Samsung does not dispute that it had full access to the documents it now claims Netlist failed to produce in January of 2024, four months before trial. Mot. at 10-11. Samsung in meet and confers has taken the position that it or its vendors did not "download" the ITC production, without denying that members of the trial team were aware of the ITC deposition exhibits. Samsung did not raise any issue about the production or seek to use any of the documents. To the contrary, Samsung successfully opposed Netlist's proposal that the parties be able to cross-use documents from EDTX, including well after January of 2024. *Id.*; *see also* Dkt. 438 at 1:2-4 (Samsung's 03/04/2024 brief arguing that Netlist's attempt to introduce evidence from EDTX "is a blatant attempt to circumvent this Court's case management and discovery orders."). Multiple members of Samsung's trial team in this matter appeared in the EDTX case on December 15, 2024 and February 16, 2024. Dkt. 605-16; Dkt. 605-17; *Netlist, Inc. v. Samsung Electronics Co., Ltd*., 2:22-cv-00293-JRG (E.D. Tex.), Dkt. No. 614. The SK Hynix ITC documents were produced on January 8, 2024. These documents were not buried in any way. The entire production consists solely of exhibits to depositions of Netlist's executives in the ITC proceeding. Dkt. 605-1 ¶ 36. Samsung expressly requested their production. Dkt. 605-14 at 2. Samsung does not dispute that CDCA trial team members appeared in EDTX

IRELL & MANELLA LLP

solely to access the EDTX document production. Dkt. 605 at 11. Moreover, Samsung was assisted in the trial of the CDCA case by a partner at Fish & Richardson, Michael McKeon, who was the lead day-to-day partner in EDTX for Samsung. Dkt. 605-1 ¶ 37. He sat in court during the trial of this case, and was fully aware of the ITC exhibit production given that he examined Mr. Hong in EDTX on the ITC proceedings. *Id.*

Samsung insisted pre-trial that any use of production from EDTX was improper. Dkt. 382, at 8 ("Netlist's attempt to expand the discovery record would—in addition to end running the discovery orders in this case—create unfair prejudice and cause unnecessary delay, as there was no reason to anticipate that discovery in Texas would be used in this case given that discovery in this case was closed[.]").

Samsung had strategic reasons, before trial, to take this position. Samsung's EDTX production shows that Samsung is in contempt of this Court's discovery orders. Dkt. 605 at 15. The Court in this case held Samsung must produce agreements "to provide NAND and DRAM products to U.S. customers, excluding Apple." Dkt. 135 at 68:19-22.

In response to this order, Samsung produced only four (4) documents, all redacted to hide the identities of the signatories. Dkt. 605-1 ¶ 38; Dkt. 609. In addition to these four, the EDTX production includes 22 additional supply contracts. Dkt. 605-1 ¶ 38. As noted in Dkt. 417, Samsung's corporate representative in Texas, Mr. Calandra, admitted these other agreements represented obligations that were comparable to the JDLA. Unlike in the CDCA production, none of the agreements were redacted. *Id.*

By rejecting Netlist's offer that the parties use the EDTX productions in this case, Samsung sought to shield itself from a contempt finding, and also affirmatively leveraged the absence of these documents in this case to misrepresent to the jury that Samsung does not enter into broad supply agreements with its customers. TT at 861:23-862:2. The agreements Samsung produced in EDTX but withheld in CDCA directly contradict this assertion.

IRELL & MANELLA LLP

The Ninth Circuit forbids this exact type of strategic gamesmanship in which a party seeks to re-open a case based on discovery it could have sought and used before trial. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Under Rule 16's good cause standard, "[i]f th[e moving] party was not diligent, the inquiry should end.")

### D. Netlist Does Not Oppose Samsung's Proposed Amendment

Netlist does not oppose Samsung's request that the proposed judgment "include judgment for Samsung on Netlist's second claim for relief" on the Korean Tax issue. Opp. at 9.

Dated: August 2, 2024                               Counsel for Plaintiff

                                                    */s/ Jason Sheasby*

                                                    Jason Sheasby
                                                    Lisa S. Glasser
                                                    A. Matthew Ashley
                                                    Michael Harbour
                                                    **IRELL & MANELLA LLP**
                                                    840 Newport Center Drive, Suite 400
                                                    Newport Beach, CA 92660

                                                    ***Attorneys for Plaintiff Netlist, Inc.***

IRELL & MANELLA LLP

- 9 -

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netlist, Inc., certifies that this brief contains 2,891 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 2, 2024                    By: */s/ Jason Sheasby*
                                              Jason Sheasby