JASON SHEASBY, SBN 205455
jsheasby@irell.com
LISA S. GLASSER, SBN 223406
lglasser@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT IN SAMSUNG'S REPLIES (DKT. 613-1 AND DKT. 610)**<br>**[REDACTED]**<br><br>Date: September 16, 2024<br>Time: 9:00 am PT<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on September 16, 2024 or as soon as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Netlist Inc. ("Netlist") will and hereby does move to strike new evidence and argument presented in Samsung Electronics Co., Ltd., ("Samsung") Reply in Support of its Motion for Judgment as A Matter of Law or in the Alternative, New Trial (Dkt. 613-1) ("JMOL Reply") and its Reply in Support of its Motion for an Evidentiary Hearing and Limited Discovery (Dkt. 610) ("Discovery Reply"). Specifically, Netlist seeks to strike the following:

**Samsung's JMOL Reply:**

1. Samsung's newly proffered hearsay testimony regarding statements allegedly made by Juror 5 after the jury was discharged. JMOL Reply (Dkt. 613-1) at 9:23-25; Supplemental Lucas Decl. (Dkt. 613-2) ¶ 2.

2. Samsung's newly proffered declaration regarding the timeliness of its investigation of Juror 16. JMOL Reply (Dkt. 613-1) at 8:12-14; Supplemental Lucas Decl. (Dkt. 613-2) ¶¶ 8-10.

3. Samsung's new assertion that Juror 16 would have been removed for cause if her allegedly false statements were known. JMOL Reply (Dkt. 613-1) at 7, n.3.

**Samsung's Discovery Reply:**

1. Samsung's new assertion that the Internal Devon Park Email is responsive to Samsung's Request for Production ("RFP") No. 14. Discovery Reply (Dkt. 610) at 5:5-13.

This Motion is based on this Notice; the concurrently filed Memorandum of Points and Authorities; such matters of which this Court may take judicial notice; the other records, pleadings, and papers filed in this action; and any other documentary evidence or arguments that may be presented to this Court at hearing.

1  This motion is made following the conference of counsel pursuant to L.R. 7-3.
2  Counsel for Netlist and Samsung conferred via zoom on August 8, 2024, but were
3  unable to resolve their dispute. Netlist has brought this motion seven days after the
4  parties' meet and confer in accordance with L.R. 7-3.

6  Dated: August 15, 2024         Respectfully submitted,

                                  IRELL & MANELLA LLP

                                  Jason Sheasby
                                  A. Matthew Ashley
                                  Lisa S. Glasser
                                  Michael Harbour

                                  By: */s/ Jason Sheasby*
                                  Jason Sheasby

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Samsung's replies improperly introduce new alleged "evidence" and argument that Samsung did not provide in its original motion.

Samsung's JMOL motion argued that Samsung is entitled to a new trial because Juror 16 did not raise her hand when the Court asked has "[a]nybody here ever have a lawsuit filed against you" or "[h]as anyone ever filed a lawsuit themselves" or after describing the complex nature of the dispute, have "any of the jurors have ever been involved in a contract dispute." Dkt. 563 (TT) at 51:16-21. Netlist's Opposition demonstrated that Samsung failed to meet its burden of showing that Juror 16's answers were intentionally incorrect and, even if intentionally incorrect, would satisfy the standard for granting a new trial. Dkt. 608 at 10-20. Recognizing this, Samsung attempts to introduce new alleged evidence and argument in its reply. Even assuming any of Samsung's new evidence and arguments had any merit (which they do not), the Court should disregard and strike these new assertions because Samsung was required to raise them in its moving brief.

With respect to the Discovery Reply, Samsung argues for the first time that the Internal Devon Park Email was purportedly responsive to Samsung's RFP 14. This argument, which has no substantive merit, appears nowhere in Samsung's moving brief, its Rule 37 motion, its opposition to Netlist's motion for entry of judgment, or the parties' lengthy meet and confer correspondence preceding post-trial briefs. In those communications Samsung solely relied on RFP 3. Accordingly, it should also be stricken.

## II. ARGUMENT

The law in the Ninth Circuit is clear: a movant must present the required basis for a motion in its opening papers or "it has been waived." *See, e.g., McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009). Accordingly, courts must disregard new evidence or argument that is introduced for the first time on reply. *See, e.g.,*

*Arredondo v. Univ. of La Verne,* 618 F. Supp. 3d 937, 944 (C.D. Cal. 2022) ("[T]he Court disregards this filing as new evidence presented for the first time with the reply papers.") (citing *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007)); *Optional Cap., Inc. v. Kim*, No. CV 04-3866, 2008 WL 2986660 (C.D. Cal. Aug. 1, 2008), *aff'd*, 414 F. App'x 12 (9th Cir. 2011) ("decline[ing] to consider arguments made and evidence presented for the first time in a reply brief.").

Samsung's JMOL Reply contains the following new alleged evidence and argument.

First, Samsung for the first time seeks to introduce hearsay regarding statements its counsel contends were made by Juror No. 5 after trial. Dkt. 613-1 at 9:22-25; Suppl. Declaration of Amy Lucas ¶ 2. This is the same juror who was the subject of interactions with Samsung's representatives that undersigned counsel believe were sufficiently improper to mandate notice to the Court. Dkt. 562-1. Not only was this hearsay new and thus improper under Ninth Circuit precedent, it cannot have any impact on the outcome of the motion as matter of law. An initial matter, it is inadmissible under Rule 606, which prohibits the use of juror statements to attack a verdict. "Rule 606 of the Federal Rules of Evidence establishes a no-impeachment rule, prohibiting the use of a juror's statement to attack the validity of a verdict." *Smith v. City & Cnty. Of Honolulu*, 887 F.3d 944, 954 (9th Cir. 2018). This rule applies with particular force here because Samsung's attorney's statement about what the juror supposedly said about other jurors is multiple hearsay, Fed. R. Evid. 801. Moreover, Samsung admittedly had access to this "evidence" when it filed its motion and chose not to include it. Finally, Juror 5 is not alleged to have said anything about Juror 16's past litigations or opinions of Koreans in any event.

Second, as Netlist explained in its Opposition, Samsung failed to conduct a diligent, reasonable investigation until *after* the verdict. Samsung admits it did not even start its investigation until after trial, and Netlist was able to discover most of the litigations identified by Samsung relating to Juror 16 in less than thirty minutes

1  by running simple background checks. Dkt. 602-1 13:5-15. Samsung does not dispute
2  any of this, but in reply argues for the first time that its search was challenging
3  "because Juror 16 went by various names and lived in various cities." Dkt. 613-1 at
4  8:12-14. This assertion is accompanied by a supplemental declaration regarding
5  Samsung's investigation. Suppl. Declaration of Amy Lucas ¶¶ 8-10. None of the
6  content of the declaration was included in Samsung's original motion or supporting
7  declaration, which provided no details regarding Samsung's investigation. Dkt. 597-
8  1 ¶ 3. As the party challenging the verdict, Samsung had "the burden of showing that
9  [it] 'could not have discovered the evidence [of alleged juror bias] sooner through
10 the exercise of reasonable diligence." *Excelsior Coll. v. Frye*, 345 F. App'x 241, 244
11 (9th Cir. 2009) (quoting *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th
12 Cir.2001)); *see also United States v. Bolinger*, 837 F.2d 436, 439 (11th Cir. 1988)
13 ("[A] motion for new trial based on juror misconduct is a form of new trial motion
14 for newly discovered evidence."). Samsung already admitted it did not start its
15 background search until after the jury returned the verdict.  Samsung's attempt to
16 inject new excuses in the reply about the difficulty of identifying Juror No. 16
17 because she changed her name as a result of marriage and divorce (hardly an
18 uncommon occurrence) appears to be attempt to avoid scrutiny on this claim. A
19 simple search on Westlaw identified all of the names in minutes. Dkt 608-4 (Ex. 17).
20     Finally, Samsung's reply asserts for the very first time without any support that,
21 [redacted]
22 [redacted] Dkt. 613-1 at 7, n.3. This is not only
23 new, and thus improper, but inconsistent with what Samsung argued in its motion. In
24 the motion, Samsung acknowledged this was not itself evidence of bias but rather
25 could have led it to explore whether she had any bias. Specifically, Samsung's
26 position in its motion was that the alleged failure to disclose "deprived Samsung and
27 the Court of an opportunity to explore her litigation history to uncover any actual or
28 implied bias." Dkt. 597 at 22:18-19. The Court should disregard Samsung's new

position on reply that it could have successfully moved to challenge Juror 16 for cause.

Samsung's failure to raise this argument in its Motion deprived Netlist of the opportunity to rebut this assertion. The Ninth Circuit has repeatedly held, including in *Dyer*, the primary case on which Samsung relies, that a court cannot vacate jury verdict on the ground that a juror would have been removable for cause without first conducting an investigation and holding an evidentiary hearing. *See, e.g., Pope v. Man-Data, Inc.*, 209 F.3d 1161, 1163 (9th Cir. 2000) ("An evidentiary hearing would normally be necessary for demonstration of dishonesty of a juror to be made.") (vacating grant of new trial due to district's court failure to hold an evidentiary hearing); *Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir.1998) ("A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances."). Here, Samsung never requested an evidentiary hearing nor any questioning of Juror 16—instead, it intentionally waited to perform a basic background search until after the verdict. It thus cannot argue for the first time on reply that Juror 16 would have been removable for cause. Moreover, Samsung fails to support this assertion with any argument or evidence. A conclusory assertion in a footnote cannot preserve an argument in the 9th Circuit. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").

Finally, Samsung's Discovery Reply also included improper new argument. Samsung argues for the very first time that the Internal Devon Park Email was responsive to Samsung's RFP 14. Samsung's request for Rule 37 sanctions at trial was predicated entirely on RFP No. 3. At no point during any of the parties' meet-and-confers or in any of the briefing did Samsung argue that the document was responsive to any other request.  For the first time in its reply brief, Samsung asserts that Netlist should have produced the Internal Devon Park Email in response to RFP 14. In addition to being untimely, this argument is meritless, as Netlist would readily

have demonstrated during trial, during meet-and-confer, or in its opposition brief if Samsung had ever timely raised it. As an initial matter, the Internal Devon Park Email is from 2016, while RFP 14 was expressly directed to Samsung's conduct after 2018. Specifically, RFP 14 sought "ALL DOCUMENTS RELATING TO or supporting YOUR contention in Paragraph 13 of the FAC that 'Samsung continues to restrict the supply of NAND and DRAM products to Netlist.'" Dkt. 605-5 at 15:12-14. The FAC alleges, "However in 2018, Samsung began not to fulfill Netlist's request for orders. . . . Samsung continues to restrict the supply of NAND and DRAM products to Netlist." Dkt. 22 ¶¶ 12-13. Moreover, Netlist also objected to RFP No. 14 as overly broad and agreed to produce only "non-privileged documents *sufficient to show* that Samsung continued to restrict the supply of NAND and FRAM products to Netlist through at least July 2020." Dkt. 605-5 at 15:12-14, 16:4-6. There is no dispute that Netlist complied with this, and Samsung never objected to Netlist's response. In sum, Samsung's new argument regarding RFP 14 is untimely (in addition to lacking any merit) and should be stricken.

## III. CONCLUSION

In sum, the Court should strike the following:

- Samsung's JMOL Reply (Dkt. 613-1) at 7 n.3, 8:12-14, 9:23-25;
- The Supplemental Lucas Decl. in support of Samsung's JMOL Reply (Dkt. 613-2) ¶¶ 2, 8-10;
- Samsung's Discovery Reply (Dkt. 610) at 5:5-13.

Dated: August 15, 2024

Respectfully submitted,

IRELL & MANELLA LLP
Jason Sheasby
A. Matthew Ashley
Lisa S. Glasser
Michael Harbour

By: */s/ Jason Sheasby*
Jason Sheasby

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Netlist, Inc., certifies that this brief contains 1,649 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 15, 2024           By: */s/ Jason Sheasby*
                                         Jason Sheasby