DARIN SNYDER (SB 136003)
dsnyder@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

MARC F. FEINSTEIN (SB 158901)
mfeinstein@omm.com
AMY R. LUCAS (SB 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6400

MARC J. PENSABENE (*pro hac vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Defendant
Samsung Electronics Co. Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S STATEMENT OF PROPOSED TRIAL DATES**<br><br>Judge: Hon. Mark C. Scarsi<br>Location: Courtroom 7C |

|   |   |
|---|---|
| 1 | Pursuant to the Court's December 26, 2024 Order re: Post Trial Motions |
| 2 | (ECF No. 640), the parties were directed "to meet and confer and file a joint |
| 3 | statement by January 7, 2025, proposing dates for a jury trial to begin no later than |
| 4 | April 1, 2025." In accordance with that Order, the parties have met and conferred |
| 5 | in an effort to submit a joint statement of proposed trial dates. Despite Samsung's |
| 6 | best efforts, Netlist has refused to cooperate on the preparation of a joint statement. |
| 7 | Samsung is, therefore, forced to submit this unilateral statement identifying <u>March |
| 8 | 18, March 25 and April 1 as proposed trial dates</u>. |
| 9 | Following the issuance of the Court's December 26 Order, the parties agreed |
| 10 | to a simultaneous exchange of proposed trial dates. In this initial exchange, |
| 11 | Samsung identified March 25 and April 1. Netlist also identified March 25 and |
| 12 | April 1, as well as February 11 and March 18. Subsequent to this initial exchange, |
| 13 | Samsung further indicated availability on March 18. Thus, the parties agreed on |
| 14 | three dates, namely March 18, March 25, and April 1. Netlist nonetheless refused |
| 15 | to coordinate on a joint statement proposing these dates, instead insisting that |
| 16 | Samsung also agree to February 11. But, because Samsung is not available on |
| 17 | February 11, Samsung suggested that the parties submit a joint statement proposing |
| 18 | the three agreed dates, with each party including their respective positions on a |
| 19 | February 11 trial. Netlist refused to even discuss a process for such a joint filing. |
| 20 | Samsung is, thus, forced to submit this statement without Netlist. |
| 21 | The February 11 trial date Netlist proposes does not work for Samsung for |
| 22 | several reasons. Samsung's primary witness, Hyun Ki Ji, is not available at that |
| 23 | time. In addition, one of the partners on the Samsung trial team who will be |
| 24 | questioning witnesses at trial will be recovering from non-elective eye surgery. |
| 25 | Furthermore, because of another major trial scheduled for the same time period, |
| 26 | lead counsel for Samsung in the prior trial, Darin Snyder, is not available, and |
| 27 | Samsung has recently selected Dan Petrocelli to serve as lead trial counsel. Mr. |
| 28 | Petrocelli will need time to adequately prepare for the re-trial. Netlist has been |

advised of all these reasons but nonetheless continues to insist on proposing February 11 as a trial date.

Netlist's refusal to agree to a joint statement identifying March 18, March 25, and April 1 as proposed trial dates is difficult to understand, given that Netlist identified those very same dates in its initial exchange with Samsung. Indeed, Netlist has provided no reason why March 18, March 25 and April 1 are now not acceptable, other than the fact that Samsung is seeking to stay appellate and post-trial proceedings in the related Eastern District of Texas patent litigations. Netlist, however, does not explain how a difference of about a month in the retrial of this case would significantly impact any of the other litigations. Further, despite multiple requests from Samsung, Netlist has declined to confirm that all Netlist fact witnesses, including Gail Sasaki who moved to quash Samsung's trial subpoena in the last trial due to a vacation, are available for the dates Netlist proposes.

Lastly, as directed by the Court's Order, Samsung raised with Netlist the question of stipulating to ADR in lieu of a trial. While Samsung is willing to engage in ADR, Netlist refused to respond to Samsung's inquiry on the subject. Samsung, therefore, respectfully requests that the Court set the trial on March 18, March 25, or April 1, which is most convenient to the Court.

Dated:  January 7, 2025

O'MELVENY & MYERS LLP

By: */s/ Marc J. Pensabene*
Marc J. Pensabene
Attorneys for Defendant Samsung
Electronics Co., Ltd.