JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>  Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST'S STATEMENT REGARDING PROPOSED TRIAL DATES**<br><br>Judge: Hon. Mark C. Scarsi<br>Location: Courtroom 7C |

Pursuant to this Court's Order granting Samsung's Motion for New Trial, Dkt. 640 at 17, Netlist submits proposed dates for a jury trial.

Netlist proposed four weeks for trial to Samsung: February 11, 2025, March 18, 2025, March 25, 2025, or April 1, 2025. Netlist also communicated with the mediator who has been jointly agreed to by the parties, Hon. (Ret.) David Folsom and requested that he conduct a follow-on mediation. Netlist also made a revised settlement proposal. No follow-on mediation has been agreed to by Samsung.

Samsung has filed a raft of motions to stay and vacate in the Eastern District of Texas and the Federal Circuit based on the need for a retrial. Samsung has refused to agree to a February 11 date, and by doing so it is gaining a dramatic strategic advantage with its motions to stay and vacate. It also has refused to delay its motions to stay and vacate if Netlist withdraws its request to proceed on February 11.

Of particular concern in selecting dates, despite multiple requests, Samsung has also refused to confirm that the witnesses who it called last trial, who were also subpoenaed by Netlist, and who are now subject to this Court's jurisdiction having voluntarily appeared, are available on any of the dates that either Netlist or Samsung have proposed. In contrast, Netlist confirmed in writing that all of the witnesses it called live at the last trial are available.

Samsung claims that it is not available the week of February 11, 2025, but it initially declined to explain why. Since then, its explanation keeps changing. Samsung first stated that one of its witnesses, Hyun Ki Ji, is not available, but has refused to explain what that unavailability is and why it cannot be accommodated, for example by live video testimony. After being pressed on this issue, Samsung then changed tactics and announced that one of its "partners" will be recovering from eye surgery the week of February 11. There are nine partners who have appeared on behalf of Samsung in this matter (three on the date of this notice). Samsung has refused to explain why the unavailability of one unnamed partner prevents the trial from continuing. Netlist has asked 11-times for Samsung to explain the basis of Mr. Ji's

unavailability, and why the absence of one of six partners make it impossible to try the case. Samsung has refused to respond. Most recently, Samsung has claimed that a new partner who has no experience with the case will be lead trial counsel, replacing the previous lead counsel on this matter, Darin Snyder, which appears to be its true motivation for refusing the February 11 date.

The timing of this re-trial is crucial because Samsung is using the delay to argue that the Eastern District of Texas and the Federal Circuit should stay consideration of a motion for a preliminary and permanent injunction and appeals respectively because of the re-trial. It has filed multiple motions to stay and vacate in East Texas and Federal Circuit based on the retrial. As a compromise, Netlist asked if Samsung would agree to stay these motions pending the outcome of the retrial if Netlist accepts Samsung's preferred dates. Samsung ignored the proposal. In other words, Samsung is using its alleged unavailability on February 11 as a tactical tool to assist its motion practice in other courts.

In East Texas, Samsung has asserted that the court should stay consideration of the grant of an injunction:

> A new trial in the C.D. Cal. will address whether Samsung materially breached the JDLA, and as a result, whether Netlist properly terminated Samsung's license. But until there is a final resolution in the C.D. Cal. on these issues, Samsung remains licensed to the '608 patent and no injunction can issue. *Netlist, Inc. v. Samsung Electronics Co, Ltd.,* Case No. 22-CV-00293-JRG ("Netlist Texas"), Dkt. 887.

This position is highly opportunistic because in its opposition to the injunction motion Samsung did not argue that it was likely to prevail in the C.D. Cal. case. ***The products that would be the subject of the injunction are reaching the end of their lives***. As a result, delaying the issuance of the injunction even by months is of significant advantage to Samsung because it can push out inventory to its customers over the coming months.

In specific, on November 22, 2024, a jury in the Eastern District of Texas reached a unanimous verdict finding that Samsung had infringed three Netlist patent, including U.S. Patent No. 10,268,608 (the "'608 Patent"). *Netlist, Inc. v. Samsung Electronics Co, Ltd.,* Case No. 22-CV-00293-JRG, Dkt. 855, at 1 (E.D. Tex., December 2, 2024) (*Samsung II*). The Eastern District of Texas issued final judgment on December 2, 2024. *Id.* Netlist then moved for a preliminary and permanent injunction barring Samsung from continuing to infringe the '608 patent. *Id.,* Dkt. 858. On December 10, 2024, the Patent Trial and Appeal Board (the "PTAB") issued on Final Written Decision in Samsung's challenge of the validity of the '608 patent finding that no challenged claims were unpatentable. *Samsung Electronics Co., v. Netlist,* IPR2023-00847, Paper 42 (PTAB, Dec. 10, 2024).

On April 21, 2023, another jury in the Eastern District of Texas found that Samsung had infringed five United States Patents. *Netlist, Inc. v. Samsung Electronics Co, Ltd.,* Case No. 21-CV-00463-JRG, Dkt. 479 (E.D. Tex., April 21, 2023) ("*Samsung I*"). This case is now on appeal to the Federal Circuit, where it is part of a combined appeal involving both the jury verdict and PTAB determinations on the patents. Samsung took entirely inconsistent positions on the scope of the patents in the infringement case (narrow) and the PTAB proceedings (broad). Samsung is seeking to evade this inconsistency by arguing that the Federal Circuit should stay the appeal on the infringement case because of the re-trial need and de-designate it as a companion case to the appeals on the PTAB rulings. *Netlist, Inv. v. Samsung Electronics Co.,* Case No. 24-2203, Dkt. 18-1 (Fed. Cir., Jan. 6, 2025).

Given that Samsung has failed to provide any basis for its claim it cannot be ready for trial on February 11, 2024, the Court should set trial for that date.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

Dated: January 7, 2025           Counsel for Plaintiff

*/s/ Jason G. Sheasby*
Jason Sheasby
A. Matthew Ashley
Lisa S. Glasser
Michael Harbour
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Attorneys for Plaintiff Netlist, Inc.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations