
DANIEL M. PETROCELLI (SB 97802)
dpetrocelli@omm.com
RYAN YAGURA (SB 197619)
ryagura@omm.com
DREW BREUDER (SB 198466)
dbreuder@omm.com
LEAH GODESKY (SB 336854)
lgodesky@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

MARC J. PENSABENE (*pro hac vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Defendant
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO AMEND THE FINAL PRETRIAL CONFERENCE ORDER**<br><br>**Final Pretrial Conference:**<br><br>Date: March 10, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Mark C. Scarsi<br>Location: Courtroom 7C |


1

SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO AMEND THE FINAL PRETRIAL CONFERENCE ORDER

**MEMORANDUM OF POINTS AND AUTHORITIES**

Netlist's motion to amend the final pretrial conference order is procedurally improper, and the Court should in any event reject Netlist's proposed modifications on the merits.

Netlist spends the majority of its motion criticizing Samsung for not filing the proposed modified Final Pretrial Conference Order (the "Order") jointly. ECF No. 662 ("Motion") at 1. Netlist claims that a joint filing was mandatory, citing Local Rule 16-7. But that Rule applies to the filing of Final Pretrial Conference Order, not a motion to modify an existing Final Pretrial Conference Order. In its January 13, 2025 Order Setting Trial Date And Pretrial Conference, the Court stated that it intends to use the existing Final Pretrial Conference Order and explicitly instructed the parties to request any modifications through "duly noticed motion[s] … presenting good cause." ECF No. 649 at 1. That is precisely what Samsung has done. Netlist, instead of filing a motion explaining why there is good cause, as directed by the Court, has inserted the substance of its arguments into the proposed modifications themselves.

In any event, Netlist's proposed modifications should be rejected on the merits.

*First*, Netlist proposes modifying the "Admitted Facts" section to state that "Samsung admits that it materially breached the JDLA under Netlist's interpretation" and the "Stipulated Facts" section to state that there are "no *additional* facts that are currently stipulated." Mot. Ex. B at 2. Samsung concedes that, if the jury finds that Netlist has met its burden to prove that its interpretation of Section 6.2 was what the parties intended, then Samsung materially breached the agreement. But under New York law, whether Samsung materially breached is a "mixed question of fact and law," *Bear, Stearns Funding, Inc. v. Interface Grp.-Nev., Inc.*, 361 F. Supp. 2d 283, 295 (S.D.N.Y. 2005), and thus not properly included in a list of admitted or stipulated facts. Moreover, Samsung is not

"admitting" any breach because it maintains that there is no evidence supporting Netlist's interpretation of Section 6.2. Samsung's concession merely means that it will not contest materiality should the jury find—wrongly, in Samsung's view—that the parties intended Netlist's interpretation of Section 6.2.

*Second*, Netlist proposes extensive changes to the section of the Order describing the "Key Evidence Plaintiff Relies on for Each Claim[]." Mot. Ex. B at 5-11. But instead of providing Netlist's position as to the evidence relevant to the claims to be tried, Netlist's proposed additions consist of extensive argument as to why Netlist should be permitted to relitigate its claims of breach of Section 6.2 under Samsung's interpretation and under a third interpretation not offered by either party. *Id.* There is no reason to include these extensive arguments in an Order that is merely meant to outline the parties' positions on what claims are to be tried and what evidence is relevant to those claims. And in any event, Netlist's arguments are wrong, as Samsung explains in its concurrently-filed opposition to Netlist's Motion to Amend the Jury Instructions and Verdict Form, which raises the same arguments.

One point in Netlist's proposed additions to this section merits a response here: Netlist claims that that the following sentence from the Order represents a change in Samsung's interpretation since the May 2024 trial: "Section 6.2 is limited to the needs of the joint development project—from the development and standardization through commercialization of the NVDIMM-P product the parties agreed to attempt to develop together." *Id.* at 10. Netlist claims that this somehow contradicts Samsung's statement at the May 2024 trial that the supply obligation in Section 6.2 is "for the NVDIMM-P joint development project" and the statement in the jury instructions that "Samsung claims that the words mean that Samsung agreed to supply NAND and DRAM products for the parties' NVDIMM-P joint development project on Netlist's request at a competitive price." *Id.* But the sentence Netlist quotes was already part of the Order entered before the May 2024

3

trial, so Netlist's argument that it represents a new departure following the May 2024 trial makes no sense. And in any event, there is no contradiction. All three statements explain Samsung's position, which is that Samsung's supply obligation in Section 6.2 was limited to the NVDIMM-P joint development project, which includes both development and standardization of an NVDIMM-P product and working to bring that product to market. ECF No. 654-5 at 2, 6. Samsung's proposed addition to the Order merely clarifies what Samsung means by "NVDIMM-P joint development project" in response to Netlist's repeated, convoluted attempts to misconstrue Samsung's interpretation.

*Finally*, Netlist's proposed amendments include substantive responses to Samsung's requests to modify the witness list and exhibit list. Again, there is no need to include those arguments in the Order, as Netlist will presumably make the same arguments in opposition to Samsung's motion to modify the trial documents and Samsung's motion to compel. Samsung will respond to the substance of those arguments in its replies.

## I. CONCLUSION

For the foregoing reasons, the Court should deny Netlist's motion to amend the final pretrial conference order.

Dated: February 17, 2025          O'MELVENY & MYERS LLP


                                  By: */s/ Daniel M. Petrocelli*
                                  Daniel M. Petrocelli
                                  Attorneys for Defendant Samsung
                                  Electronics Co., Ltd.

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Samsung Electronics Co., Ltd., certifies that this brief contains 840 words, which complies with the word limit of Local Rule 11-6.

Dated: February 17, 2025

O'MELVENY & MYERS LLP

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli
Attorneys for Defendant Samsung Electronics Co., Ltd.