DANIEL M. PETROCELLI (SB 97802)
dpetrocelli@omm.com
RYAN YAGURA (SB 197619)
ryagura@omm.com
DREW BREUDER (SB 198466)
dbreuder@omm.com
LEAH GODESKY (SB 336854)
lgodesky@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

MARC J. PENSABENE (*pro hac vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061

Attorneys for Defendant
Samsung Electronics Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S OPPOSITION TO NETLIST'S EX PARTE APPLICATION TO RESET FINAL PRE-TRIAL CONFERENCE**<br><br>[Filed Concurrently with Declaration of Marc J. Pensabene]<br><br>**Final Pretrial Conference:**<br><br>Date:       March 10, 2025<br>Time:       2:00 p.m.<br>Judge:      Hon. Mark C. Scarsi<br>Location:   Courtroom 7C |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Netlist makes a habit of waiting until the eleventh hour to petition this Court for "emergency" relief.  To date, Samsung has generally accommodated those requests—even when good cause was not apparent.[1]  But this purported "emergency" application goes too far.  Samsung made clear that it has no objection to Mr. Sheasby and Ms. Glasser appearing remotely at the March 10 conference while their colleagues, Messrs. Ashley and Harbour, appear in person alongside Samsung's counsel.  But there is no reason Samsung should be prejudiced by being compelled to appear remotely or by further delaying the pretrial conference, particularly where both the trial date and the date of the pretrial conference were selected to accommodate Netlist's requests.  Reducing the already-limited time between the conference and trial will unduly prejudice Samsung's trial preparation in response to the rulings on various matters before the Court.  The requested relief should consequently be denied.

*        *        *

Netlist has known since at least October 4, 2024 that Mr. Sheasby and Ms. Glasser would be in trial in Delaware beginning on March 3.  *Fundamental Innovation Sys. Int'l v. Anker Innovations Ltd.*, No. 1:21-cv-00339-RGA (D. Del. Oct. 4, 2024), ECF No. 231 ("A 5-day Jury Trial is now rescheduled to start on 3/3/2025 at 9:30 AM").  Yet Netlist's counsel insisted on proposing March 18, 2025 as a potential trial date.  Declaration of Marc J. Pensabene ("Pensabene Decl."), Ex. A.  The parties had identified later dates when both sides were available for trial, but Samsung's counsel nonetheless made arrangements to be available on March 18 to accommodate Netlist's request.  The Court subsequently

---

[1] *See, e.g.*, ECF No. 665 (Netlist's unopposed *ex parte* application to continue the deadline to file opposition briefs because its counsel had not realized when moving to continue the final pretrial conference to March 10 that the opposition deadline would fall four days after the filing of motions, due to the federal holiday); *see also* ECF No. 650 (discussed *infra*).

1  ordered that trial would begin on Netlist's suggested date, March 18, with the
2  pretrial conference taking place on March 3.  ECF No. 649.

3      Two weeks after the Court set the trial and pretrial conference dates, Netlist
4  moved *ex parte* to continue the pretrial conference from March 3 to March 10,
5  citing the Delaware trial—which had been scheduled for more than three months—
6  as a conflict.  ECF No. 650.  Samsung had serious concerns about moving the final
7  pretrial conference so close to the start of trial.  These concerns included having to
8  adjust any planned trial presentation and needing to revisit decisions about which
9  witnesses would be asked to travel from Korea based on the Court's rulings
10  (including whether certain witnesses will be permitted to testify live) just one week
11  before trial.  That is to say nothing of Netlist's unexplained two-week delay in
12  seeking relief for a long-known conflict.  Nevertheless, Samsung again
13  accommodated Netlist.

14      This is now the third *ex parte* application Netlist has filed in less than a
15  month.[2]  Such applications "are solely for extraordinary relief and are rarely
16  granted."  Civil Standing Order at 2 (citing *Mission Power Eng'g Co. v. Cont'l Cas.*
17  *Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).  There is no reason to grant such relief
18  here.  *See Handley v. Melza*, 2023 WL 5207507, at *1 (C.D. Cal. June 30, 2023)
19  (Scarsi, J.) (denying *ex parte* application because it "does not satisfy the requisite
20  standards for emergency relief").  As Netlist acknowledges, *every member of its*
21  *trial team* is available to attend the scheduled March 10 pretrial conference.  While
22  two of its attorneys may need to appear remotely, the Court's Standing Order
23  prescribes the appropriate relief when such conflicts arise:  "Lead trial counsel shall
24  attend any scheduling, pretrial, or settlement conference set by the Court *unless*
25  *engaged in trial*.  Should that occur, counsel is to file a request for alternate or co-
26  counsel to appear . . ."  *Id.* (emphasis added); *see also id.* (noting that counsel may

27  _____
28      [2] It is also the second such application concerning scheduling of the *same exact* *conference*.

1    appear remotely at hearings, provided they follow the proper procedures). Contrary

2    to Netlist's assertion that Samsung seeks to "block[] Netlist's primary counsel from

3    participating in the PTC," ECF No. 676 at 1-2, Samsung is more than willing to

4    accommodate Mr. Sheasby and Ms. Glasser by consenting to them appearing

5    remotely on March 10. And Messrs. Ashley and Harbour, who participated

6    alongside their colleagues in the 2024 trial in this action, are both able to appear in

7    person. Netlist will not be prejudiced by this arrangement.

8        Netlist's proposal to either "mutually conduct the PTC via Zoom" or simply

9    continue the conference makes little sense and would prejudice Samsung. There is

10    no reason Samsung's counsel[3] should be compelled to participate remotely just

11    because Netlist wishes to neutralize some perceived advantage it believes Samsung

12    will enjoy from having all its counsel live before the Court. Allowing all available

13    counsel to attend the March 10 hearing in person will greatly minimize the potential

14    of technical glitches interfering with the proceedings, as only two attorneys—and

15    not ten or more—will appear remotely. It will also facilitate the provision of

16    physical copies of documents to the Court, as both parties will have counsel present

17    in the courtroom.

18        Netlist's suggestion to defer the conference to a later date is similarly

19    unreasonable. For one thing, the parties already have just eight days to adapt their

20    trial presentation to the Court's rulings. Further truncating that period would

21    unfairly prejudice Samsung's ability to prepare for trial. And, as a practical matter,

22    the proposed dates are unworkable. Lead trial counsel for Samsung has a full-day

23    client meeting in another matter on March 11, and Samsung's trial team is engaged

24    in pre-scheduled trial preparation activities on March 12. The March 12 conflict

25    will occupy the full day, was secured by nonrefundable payment, and it cannot be

26    moved. Pensabene Decl. ¶ 5.

27

28    _____
     [3] Including those living outside California who have already made plans to travel to Los Angeles for the March 10 conference.

1          *        *        *

2          For the foregoing reasons, the Court should deny Netlist's *ex parte*

3  application and order Mr. Sheasby and Ms. Glasser to either appear remotely at the

4  March 10 hearing or defer handling of the hearing to their very capable colleagues.

5

6   Dated:  February 22, 2025              O'MELVENY & MYERS LLP

7

8                                         By:  */s/ Daniel M. Petrocelli*

9                                         Daniel M. Petrocelli
                                          Attorneys for Defendant Samsung
10                                        Electronics Co., Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

SAMSUNG'S OPPOSITION TO NETLIST'S EX PARTE APPLICATION

1

## **CERTIFICATE OF COMPLIANCE**

2        The undersigned, counsel of record for Samsung Electronics Co., Ltd.,

3    certifies that this brief contains 1,038 words, which complies with the word limit of

4    Local Rule 11-6.

5

6        Dated:  February 22, 2025            O'MELVENY & MYERS LLP

7

8                                        By: */s/ Daniel M. Petrocelli*
                                             Daniel M. Petrocelli
9                                            Attorneys for Defendant Samsung
                                             Electronics Co., Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO NETLIST'S EX PARTE APPLICATION