UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00993-MCS-DFM | Date February 27, 2025 |
| Title *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTIONS FILED IN ANTICIPATION OF THIRD TRIAL (ECF NOS. 653–58, 660–62, 686)

After granting a motion for a new trial, the Court signaled its intent "to try the case upon the final pretrial conference order, jury instructions, verdict form, and witness and exhibit lists used in the May 2024 trial," and invited requests for modification to these documents to be made by motion. (Order Setting Trial Date 1, ECF No. 649.) Plaintiff Netlist Inc. and Defendant Samsung Electronics Co., Ltd., filed motions the Court invited, as well as a few the Court did not invite, all of which are fully briefed.[1] The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

---

[1] Netlist filed applications to seal confidential information that appears in its materials. (Sealing Appls., ECF Nos. 658, 686.) The Court previously authorized the sealing of these and similar materials, which might cause the parties competitive harm if disclosed publicly. The Court grants the applications for good cause. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Netlist shall file the documents under seal pursuant to Local Rule 79-5.2.2(c). In the interest of judicial economy, the Court has considered the provisionally sealed documents to decide the motions.

## I. BACKGROUND

This is a straightforward contract dispute the parties are preparing to try for the third time. The parties entered a Joint Development and License Agreement ("JDLA") in 2015 that contains a provision obliging Samsung to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (i.e., among customers purchasing similar volumes of similar products)." (JDLA § 6.2, ECF No. 144-1.) Netlist attempted to terminate the JDLA based on Samsung's breach of this provision. Netlist maintains claims for breach of contract and a declaratory judgment that it terminated the JDLA.

## II. THRESHOLD ISSUE: ABROGATION OF RULINGS AT SECOND TRIAL

In the second trial of this case, the Court granted in part Samsung's Rule 50(a) motion for judgment as a matter of law, having determined that a reasonable jury would not have a legally sufficient basis from the evidence presented at that trial to determine that Samsung breached the parties' contract under the interpretation it advanced at that trial. (5/16/24 Mins., ECF No. 549; 5/16/24 Tr. 773, ECF No. 567.)

Additionally, in response to argument at a status conference regarding the interrogatories to be presented to the jury, (3/18/24 Tr. 5–19, ECF No. 476), the Court proposed a verdict form at the pretrial conference that would require the jury to select from a finite menu of interpretations of JDLA § 6.2 to which the Court anticipated the evidence would show the provision was reasonably susceptible, (5/6/24 Tr. 9–10, ECF No. 512). The parties agreed to the general framework of the interpretation menu and proposed their preferred articulations of the interpretations in contention. (*Id.* at 12; *see* Revised Competing Proposed Verdict Forms 2–5, ECF No. 528.) The Court expressly reserved discretion "to revise the options to be presented to the jury . . . based on evidence advanced at trial demonstrating that JDLA § 6.2 is reasonably susceptible to other interpretations." (Order Re: MILs 20, ECF No. 510.) At trial, the Court ultimately administered a verdict form that presented the jury with two competing interpretations of the provision and determined that the evidence and argument at trial did not require presentation of other options to the jury. (5/16/24 Tr. 590, 773–75, 795.) This ruling in effect constituted a judgment as a matter of law that, based on the evidence presented at the second trial, JDLA § 6.2 is reasonably susceptible only to the two competing interpretations set forth in the verdict form. (*See* Order Re: MILs 20 (noting decision on interpretation menu would be governed by Rule 50(a)).)

The parties' briefs on the instant motions indicate they have different positions on whether these orders can or should remain effective, and resolving this dispute controls the Court's determination of several of the motions.[2]

The Court exercises its discretion not to enforce as law of the case the Rule 50(a) decisions made upon the evidence offered at the second trial and abrogates those decisions to the extent they could control the third trial. *See* Fed. R. Civ. P. 54(b) (authorizing courts to revise prejudgment orders at any time); *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) ("Application of the [law-of-the-case] doctrine is discretionary."). Although the parties are constrained by prior court orders, the final pretrial conference order, and other trial filings, "[a] new trial proceeds de novo, under the broad discretion of a district court judge to supervise trials." *F.B.T. Prods., LLC v. Aftermath Records*, 827 F. Supp. 2d 1092, 1100 (C.D. Cal. 2011). Under this principle, the proceedings of a prior trial generally should not control the new one. The Court anticipates that the parties' counsel may apply new strategies upon retrial based on lessons learned and feedback gained in the first two trials, which may lead to the admission of different evidence and the advancement of different theories of each party's case. This proposition should be obvious from the *eight* motions the parties filed to depart from the parameters that governed the second trial. The Court made Rule 50(a) decisions during the second trial based on evidence and arguments that may not be admitted or advanced in the third. Since "substantially different evidence" may be "presented at retrial," maintaining the Rule 50(a) decisions as law of the case before a trial de novo that possibly, if not likely, will lead to the admission of a materially different domain of evidence appears imprudent. *Quiksilver, Inc. v. Kymsta Corp.*, 360 F. App'x 886, 888 (9th Cir. 2009).

Among other authorities, Samsung cites *Hawkins v. SimplexGrinnell, L.P.*, No. 12cv1406-MMA (BGS), 2017 U.S. Dist. LEXIS 204406 (S.D. Cal. Dec. 12, 2017), in support of its position that the Court should maintain the Rule 50(a) decisions. (Opp'n to Netlist Mot. to Am. 9, ECF No. 671.) There, the district court prevented a plaintiff from relitigating a claim for punitive damages at a new trial after the court granted judgment as a matter of law on punitive damages at the first, reasoning that the plaintiff had only offered speculation that new or different

---

[2] The Court acknowledges it likely contributed to the dispute by signaling its intent to use the jury instructions and verdict form from the second trial, which rested on the Rule 50(a) decisions made during that trial. (*See* Order Setting Trial Date 1.)

evidence would support the claim for punitive damages. *Hawkins*, 2017 U.S. Dist. LEXIS 204406, at *9–10. *Hawkins* is persuasive, especially given Netlist's weak proffer of evidence that would support departing from the Rule 50(a) decisions. (*E.g.*, Netlist Mot. to Am. 4–7, ECF No. 654.) In another case the Court might follow *Hawkins*, but prudential considerations weigh against doing so here. For example, responsive to proceedings at the second trial, the parties could present new positions at the third trial regarding the verdict form's menu of JDLA § 6.2 interpretations, which would not require a significantly different evidentiary record to substantiate. (*See* Netlist Mot. to Am. 8 (advocating a different articulation of Samsung's preferred interpretation based on juror feedback).) The Court will not prevent the parties from deploying a new trial strategy by holding them hostage to their tactical decisions at the prior trial.[3]

The Rule 50(a) decisions are abrogated. The intent of this Order is to reset the proceedings to the state of play just before voir dire at the second trial.

For purposes of the third trial, Samsung conceded the materiality of breach under the interpretation Netlist advocated in the second trial. (*E.g.*, Samsung Mot. to Modify 1, ECF No. 656.) The Court suspects that Samsung may seek to withdraw that concession, which apparently rested on an assumption that the Rule 50(a) rulings would remain in place. Samsung shall file a notice within five days indicating whether it withdraws its concession.

### III. SAMSUNG MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENA (ECF NO. 653)

Samsung moves to compel compliance with a trial subpoena that requested production of agreements that witnesses referenced in the second trial but that were not produced in discovery. (Samsung Mot. to Compel Compliance 1–4, ECF No. 653.) In the alternative, Samsung requests that the Court preclude Netlist from eliciting evidence or argument regarding the agreements. (*Id.* at 4–5.) Netlist opposes, asserting that Samsung's motion is a backdoor gambit to reopen discovery and that its alternative request amounts to an unauthorized motion in limine, among other arguments. (Opp'n to Samsung Mot. to Compel Compliance 1–2, 5–8, 10, ECF No. 672.)

---

[3] This is especially true given that the instant motions have brought renewed attention to the significance of offering an interpretation menu. (*See* Order Re: MILs 20.)

The Court gave the parties limited authorization to file motions to modify the trial documents. (Order Setting Trial Date 1.) The Court did not authorize a motion seeking the relief requested and denies it on that basis.

On the merits, the Court agrees with Netlist. Discovery closed years ago and "remains closed." (Order Setting Trial Date 1, ECF No. 649.) The parties dispute whether Netlist should have produced in discovery the documents the subpoena targets, but the time to litigate that disagreement also lapsed years ago. (*See* Order Re: Jury Trial § I(B)(1), ECF No. 41 (requiring discovery motions to be raised and resolved by discovery cut-off).) Using a trial subpoena to circumvent discovery limitations is not permitted. *See Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561–62 (S.D. Cal. 1999) (collecting cases). For similar reasons, the Court declines to adjudicate Samsung's alternative request to preclude evidence concerning the agreements from being admitted, as the time for filing motions in limine also lapsed a long while ago. (*See* Order Re: Pending Mots. 10, ECF No. 390 (setting February 2024 deadline).)[4] Samsung may object at trial to the admission of evidence pertaining to the agreements if Netlist offers it.

Samsung's motion is denied.

## IV. NETLIST MOTION TO AMEND JURY INSTRUCTIONS AND VERDICT FORM (ECF NO. 654)

Netlist asks the Court to modify the jury instructions and verdict form used at the second trial. (Netlist Mot. to Am. 1–2, ECF No. 654.) For the reasons set forth in Section II above, the Court agrees with Netlist that it should "defer to the close of evidence at the retrial to decide how the jury will be instructed . . . and what options the jury may choose from on the verdict form." (*Id.* at 1.) Accordingly, the Court declines to decide at this time whether to present the jury with a narrower articulation of Samsung's preferred interpretation of JDLA § 6.2 and to remove or replace jury instructions whose propriety cannot yet be ascertained. (*See id.* at 8–10.)

Netlist's motion is denied without prejudice to renewal after close of evidence.

---

[4] Notably, in a separate motion Samsung seeks leave to file a motion in limine that does not encompass the preclusion order requested in this one. (Samsung Mot. for Leave 1, ECF No. 655.)

## V. SAMSUNG MOTION FOR LEAVE TO FILE MOTION IN LIMINE (ECF NO. 655)

Samsung moves for leave to file an additional motion in limine to exclude evidence or argument relevant to breach or materiality. (Samsung Mot. for Leave 1–2, ECF No. 655.) Samsung contends that the effect of the Rule 50(a) rulings at the second trial combined with its concession of materiality under the interpretation Netlist advanced at the second trial is to render any evidence toward these issues irrelevant. (*Id.* at 2; Samsung's Proposed MIL 1–2, ECF No. 655-1.)

The motion seeks relief beyond the limited scope of motions the Court authorized to be filed before the third trial and is denied on that basis. Additionally, for the reasons set forth in Section II above, the third jury may need to decide questions toward breach and materiality depending on the interpretations to which the evidence demonstrates JDLA § 6.2 is reasonably susceptible and depending on whether Samsung withdraws its concession of materiality under Netlist's interpretation.[5]

Samsung's motion is denied.

## VI. SAMSUNG MOTION TO MODIFY TRIAL DOCUMENTS (ECF NO. 656)

Samsung asks the Court to modify the statement of the case, jury instructions, verdict form, final pretrial conference order, witness list, and exhibit list. (Samsung Mot. to Modify 1–4.) For the reasons discussed in Sections II, IV, and V, issues of breach and materiality may need to be submitted to the jury, so the Court largely defers modifying the instructions and verdict form until close of evidence. For similar reasons, the Court declines to modify the final pretrial conference order and statement of the case to avoid reference to those issues. For the reasons discussed in Section III, the Court will not permit modification of the exhibit list to add agreements subject to a trial subpoena with which the Court will not compel compliance. That leaves two arguments in Samsung's motion.

---

[5] Even had the Court left the Rule 50(a) rulings in place and granted Samsung leave to file another motion in limine, it would have denied the motion as overbroad and unworkable. (*See* Order Re: Jury Trial § II(A)(1) ("Motions in limine should address specific issues, (e.g., not 'to exclude all hearsay').").)

First, Samsung asks the Court to modify the witness list to allow it to call three live witnesses, Gail Sasaki, Kyuhan Han, and Ho-Jung Kim, whose deposition testimony was read into the record at the second trial. (*Id.* at 21.) Netlist does not oppose allowing Samsung to designate Gail Sasaki, who was unavailable to testify at the second trial, as a live witness at the third. (Opp'n to Samsung Mot. to Modify 21, ECF No. 673; *see* Order Re: Mot. to Quash 3, ECF No. 493.) The Court authorizes that modification. Netlist does, however, oppose allowing Samsung to call Messrs. Han and Kim, whom Samsung did not name as may- or will-call witnesses in its last witness list authorized before the second trial. (Opp'n to Samsung Mot. to Modify 17–19.) The Court told the parties it would consider an amendment to the trial documents for good cause. (Order Setting Trial Date 1.) Samsung offers virtually no explanation why it omitted Messrs. Han and Kim from its witness list before the second trial and why the Court should allow them to testify at the third trial. (*See* Samsung Mot. to Modify 21; Reply ISO Samsung Mot. to Modify 9–10, ECF No. 681.) Instead, it cites as a justification Netlist's decision to use their deposition testimony in its case-in-chief. (Samsung Mot. to Modify 21; *see* Netlist Witness List 3–6, ECF No. 522.) But Samsung elected not to designate them as witnesses in its case before the second trial, (*see generally* Samsung Witness List, ECF No. 520); Samsung does not present any cause why the Court should relieve it of that strategic decision before the third.

Second, Samsung asks the Court to modify Instruction No. 28, entitled Contract Interpretation. (Samsung Mot. to Modify 10–20.) Samsung asserts the instruction administered at the second trial "does not give full effect to—and was, in some respects, inconsistent with—the Ninth Circuit's holding that Section 6.2 is ambiguous, and with related principles of New York law." (*Id.* at 10.)

The Court rejects most of Samsung's proposed modifications. Samsung asks for a line instructing the jury that its preferred interpretation is reasonable, (*id.* at 10–12), but as discussed in Section II, the Court reserves decision on the interpretations to which JDLA § 6.2 is reasonably susceptible until the close of evidence. Next, Samsung repeats arguments it previously raised that the jury should not be instructed that the best evidence of the parties' intent is the text of the contract, and that the jury should be instructed that it must consider extrinsic evidence to interpret the contract and should be presented with a list of types of extrinsic evidence. (*Id.* at 12–20.) The Court already told the parties that objections to instructions previously made "are preserved and need not be resubmitted." (Order Setting Trial Date 1.) The Court rejects Samsung's arguments again for reasons that need not be repeated here.

(*See, e.g.*, Opp'n to Samsung Mot. to Modify 11–17; 5/17/24 Tr. 815–22, ECF No. 569; Order Re: Post-Trial Mots. 9, 10 n.8, ECF No. 640.)

The Court endorses one edit to Instruction No. 28: modifying the phrase "Netlist *must* prove that its interpretation is correct" to "Netlist *has the burden to* prove that its interpretation is correct." (Samsung Mot. to Modify 12 n.7 (emphases added).) Netlist does not respond to Samsung's proposal to this end. The Court agrees with Samsung that this revision is consistent with New York law and arguably a clearer articulation of the standard. Good cause supports this modification.

Samsung's motion is granted insofar as it seeks to add Gail Sasaki as a live witness; granted in part insofar as it seeks to modify Instruction No. 28; denied insofar as it seeks to add Kyuhan Han and Ho-Jung Kim to Samsung's witness list and to modify the statement of the case, final pretrial conference order, and exhibit list; and denied without prejudice to renewal in all other respects. The Court orders Samsung to file a revised witness list consistent with this Order in five days. The Court will edit the instruction itself.

## VII. NETLIST MOTION TO REQUIRE BACKGROUND CHECKS (ECF NO. 657)

Netlist moves for an order requiring the parties to run background checks on jurors the day voir dire takes place and raise issues with the Court the next day. (Netlist Mot. to Require Background Checks 1–2, ECF No. 657.)

The motion is denied because the order Netlist seeks exceeds the scope of the limited motion practice the Court authorized before the third trial. In any event, Netlist does not provide any authority under which this Court has power to issue the order requested, let alone any decision of any court making any similar order. Netlist wants an order designed to preclude the parties from raising any juror bias issue after trial that could have been discovered through an overnight background check after empanelment. (*See id.* at 1 (citing *Burden v. CSX Transp., Inc.*, No. 08-CV-04-DRH, 2011 U.S. Dist. LEXIS 94809, at *25 (S.D. Ill. Aug. 24, 2011), which found juror bias argument waived where party failed to investigate jurors until after the verdict); *see* Samsung Mot. for J. 19–22, ECF No. 596.) In other words, the order Netlist seeks in effect would constitute an advisory opinion as to waiver in the event the parties do not conduct background checks overnight. (*See* Reply ISO Netlist Mot. to Require Background Checks 1, ECF No. 683 ("If the parties . . . do not even bother to . . . run[] background checks on the day of voir dire, then the Court should make

clear that they *will have waived* their right to challenge the verdict on grounds of juror bias." (emphasis of future perfect tense added)).) The standard that applies to the waiver inquiry is reasonable diligence, and the Court will not supplant it by issuing the requested order. (Order Re: Post-Trial Mots. 11–12 (citing *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 179533, at *46 (N.D. Cal. Dec. 17, 2012)).)

Instead, the Court intends to employ other proactive tools to protect against another juror bias problem that are available under Federal Rules of Civil Procedure 47–48, such as administering a written voir dire questionnaire, seating a 10-person petit jury, and providing an additional opportunity to bring challenges for cause after empanelment but before deliberations.

Netlist's motion is denied.

## VIII. NETLIST MOTION TO INSTRUCT JURY REGARDING SAMSUNG PRODUCTION (ECF NO. 660)

Netlist moves the Court to "instruct the jury that Samsung produced only four supply agreements in this case, and that it should not consider any testimony concerning Samsung supply agreements beyond those four." (Netlist Mot. to Instruct 2, ECF No. 660.) Netlist contends that Samsung elicited testimony at the second trial about supply agreements that were not produced in discovery or were produced in heavily redacted form, and that Samsung should not be allowed to do so again. (*Id.* at 2–12.)

Again, the relief Netlist seeks exceeds the scope of the limited motion practice the Court authorized before the third trial and is denied on that basis. Netlist asks the Court either to preclude Samsung from introducing certain evidence or to administer a jury instruction requiring the jury to disregard evidence of supply agreements outside what Samsung produced in discovery. (*See id.* at 11 (arguing that Samsung "should not be permitted to" introduce certain evidence or that "the Court should issue a curative instruction" if it does); *but see* Reply ISO Netlist Mot. to Instruct 1, ECF No. 688 ("[Netlist] does not ask the Court to exclude evidence or testimony . . . .").) The former relief is inappropriate because the deadline to file motions in limine lapsed long ago, and Netlist filed the maximum number of motions in limine and has not sought leave to file another. (*See* Order Re: Pending Mots. 10; Order Re: Jury Trial § II(A)(1).) The latter relief is inappropriate because Netlist has not presented the Court with the instruction it proposes. Fed. R. Civ. P. 51(a)(1). (*See*

Proposed Order Re: Netlist Mot. to Instruct, ECF No. 660-12 (containing no proposed instruction).) Indeed, adopting the instruction would be advisory: Netlist seeks "a curative instruction" to "preempt" Samsung from offering evidence that has not yet been proffered or excluded and that may be subject to objections at trial the Court may sustain or overrule. (Netlist Mot. to Instruct 11.)[6]

The motion is denied without prejudice to Netlist raising appropriate objections at trial.

### IX. NETLIST MOTION TO COMPEL DISCLOSURE OF WITNESS ADDRESSES (ECF NO. 661)

Netlist moves for an order compelling disclosure of the addresses of three witnesses so it can serve them with trial subpoenas. (Netlist Mot. to Compel Disclosure 1, ECF No. 661.) This motion, too, seeks relief beyond the scope of the motion practice the Court invited. It is denied on that basis.

As discussed in Section VI, two of the witnesses will not testify live at the third trial. This component of the motion is denied as moot.

On the merits, the Court denies the motion to compel disclosure of Hyun-Ki Ji's address. Netlist's motion is a new permutation on an issue of trial presentation the Court already considered at the second trial: Netlist might only be able to present Mr. Ji's deposition testimony in its case-in-chief, but Samsung may call him to testify live in its case. In its prior efforts, Netlist sought to enforce a trial subpoena served on Mr. Ji or else preclude him from testifying live at trial. (Ex Parte Appl. to Enforce, ECF No. 517; Ex Parte Mot. to Exclude, ECF No. 537.) The Court rejected those motions. (5/14/24 Mins., ECF No. 534; 5/14/24 Tr. 14–21, ECF No. 563; Order Re: Pending Appls. 1, ECF No. 574.) Netlist's new angle—seeking an order compelling Samsung to produce an address for Mr. Ji—rests on Samsung's purported violation of its Rule 26(a)(3)(A)(i) disclosure obligations. (Netlist Mot. to Compel Disclosure 1–2.) Samsung, consistent with common civil litigation practice, including Netlist's own, represented that Mr. Ji could be contacted through counsel. (Samsung Witness List 2; *cf., e.g.*, Netlist Witness List 2.) That fulfills Samsung's disclosure obligation. *See, e.g.*, *Ashley v. Moore*, No. CV 22-4909-DMG (KSx), 2023 U.S. Dist. LEXIS

---

[6] To the extent the Court can or should opine on the merits of Netlist's argument, its decision to overrule a similar objection to generalized testimony about Samsung supply agreements at the second trial should be indicative. (5/16/24 Tr. 688–89.)

115250, at *13–14 (C.D. Cal. May 11, 2023) (declining to compel disclosure of home addresses of individual defendants who could "be contacted through counsel"), *motion for review denied*, 2023 U.S. Dist. LEXIS 151784, at *4 (C.D. Cal. Aug. 25, 2023); *N. Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2011 U.S. Dist. LEXIS 133672, at *12 (E.D. Cal. Nov. 18, 2011) ("[A] represented entity's employees may ordinarily only be contacted by the opposing party through counsel.").

In the reply papers, Netlist's counsel offers hearsay to the effect that Samsung's counsel refused to accept service of a trial subpoena directed to Mr. Ji. (Harbour Decl. ISO Reply ISO Netlist Mot. to Compel Disclosure ¶ 4, ECF No. 685-1.) However, in its opposition papers, Samsung's attorneys indicated they have not fielded a request from counsel for acceptance of service of trial subpoenas directed to foreign witnesses, including Mr. Ji. (Pensabene Decl. ISO Opp'n to Netlist Mot. to Compel Disclosure ¶¶ 3, 6, ECF No. 670-1; Takakjian Decl. ISO Opp'n to Netlist Mot. to Compel Disclosure ¶¶ 3–4, ECF No. 670-3.) If Netlist's account is true, Samsung's conduct might warrant the relief Netlist requested or sanctions, irrespective of whether the subpoena would be enforceable if served. *See* Fed. Rs. Civ. P. 11(c), 37(a)(3)(A). The Court is not prepared to resolve the apparent factual dispute on this record, especially because the dispute was not raised in the moving brief. That said, the parties should be prepared to discuss on the first day of trial whether Samsung's counsel has refused service of the trial subpoena and, if so, whether the Court should impose sanctions, including but not limited to an order precluding Mr. Ji from testifying live at trial in Samsung's case. Alternatively, either party may file proof of service of the trial subpoena directed to Mr. Ji, and the Court and the parties can discuss the efficacy thereof instead.[7]

Netlist's motion is denied.

## X. NETLIST MOTION TO AMEND FINAL PRETRIAL CONFERENCE ORDER (ECF NO. 662)

Finally, Netlist moves to amend the final pretrial conference order for the good cause presented in its and Samsung's other motions. (Netlist Mot. to Am. FPTCO 1–

---

[7] The Court does not opine on that issue here, but the parties have briefed it well, (Opp'n to Netlist Mot. to Compel Disclosure 6–8, ECF No. 670; Reply ISO Netlist Mot. to Compel Disclosure 4–7, ECF No. 685), and prior orders are indicative of the Court's position, (5/14/24 Mins.; Order Re: Pending Appls. 1, ECF No. 574).

2, ECF No. 662.) As the Court noted in its order inviting the motions to amend the trial documents, the Court may modify the final pretrial conference order "only to prevent manifest injustice"; good cause is insufficient. Fed. R. Civ. P. 16(e). (*See* Order Setting Trial Date 1 (citing Fed. R. Civ. P. 16(e)).) For the reasons discussed in Sections II and V, edits directed toward Samsung's concession of materiality under the interpretation Netlist proffered in the second trial might be unwarranted should Samsung withdraw its concession. The other edits Netlist proposes correct typographical errors and set forth the parties' positions on the instant motions. As much as the Court would like to fix the typos, Netlist fails to show how making those and other proposed edits would prevent manifest injustice.

Netlist's motion is denied.

## XI. CONCLUSION

The Rule 50(a) rulings from the second trial are abrogated. Samsung shall file a notice within five days indicating whether it withdraws its concession of materiality under the interpretation Netlist advanced in the second trial. The sealing applications are granted. Samsung's motion to modify the trial documents is granted only insofar as Samsung seeks to allow Gail Sasaki to testify as a live witness and to make a limited modification to Instruction No. 28. Samsung shall file an amended witness list consistent with this Order within five days. Otherwise, the parties' motions are denied subject to the guidance in this Order.

**IT IS SO ORDERED.**