| | |
|---|---|
| DANIEL M. PETROCELLI (SB 97802) | MARC J. PENSABENE (*pro hac vice*) |
| dpetrocelli@omm.com | mpensabene@omm.com |
| RYAN YAGURA (SB 197619) | O'MELVENY & MYERS LLP |
| ryagura@omm.com | 1301 Avenue of the Americas |
| DREW BREUDER (SB 198466) | Suite 1700 |
| dbreuder@omm.com | New York, New York  10019 |
| LEAH GODESKY (SB 336854) | Telephone:   (212) 326-2000 |
| lgodesky@omm.com | Facsimile:    (212) 326-2061 |

O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Defendant
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S NOTICE REGARDING NETLIST'S ATTEMPTS TO SERVE TRIAL SUBPOENAS** |

In the Court's February 27, 2025 Order Re: Motions Filed in Anticipation of Third Trial (ECF No. 690) ("Order"), the Court identified apparent inconsistencies between attorney declarations filed by counsel for Plaintiff Netlist, Inc. ("Netlist") and Defendant Samsung Electronics Co, Ltd. ("Samsung") regarding trial subpoenas to Samsung witnesses Hyun-Ki Ji, Kyuhan ("Kenny") Han, and Ho-Jung ("Jay") Kim. *See* Order at 11. The Court raised the question "whether Samsung's counsel has refused service of the trial subpoena[s] and, if so, whether the Court should impose sanctions." *Id*. Given the seriousness of the Court's concerns, Samsung respectfully submits this Notice to clarify the record.

In its motion for witness addresses, Netlist argued that Samsung's counsel was specifically asked during the meet and confers to accept service of trial subpoenas but refused. ECF No. 661 at 1 ("During the parties' meet and confer, Netlist asked Samsung whether they would accept a subpoena on behalf these individuals.. . . Samsung refused."). This statement is not true. As Samsung pointed out in its opposition and detailed in the declarations of two O'Melveny attorneys, Marc Pensabene and Katie Takakjian, counsel for Samsung twice met and conferred with counsel for Netlist regarding various pretrial issues. *See* ECF Nos. 670-1, 670-3. Counsel for Netlist never asked counsel for Samsung to accept service of trial subpoenas during any of these exchanges. ECF Nos. 670 at 3, 670-1 ¶¶ 3, 5–6; ECF No. 670-3 ¶¶ 3–4. Nor did counsel for Netlist ever send counsel for Samsung an email requesting as much. *See generally* ECF No. 670 at 3, 670-2. And Netlist has never contended that any such email was ever sent.

Netlist did not dispute Samsung's correction of Netlist's misstatement in the motion. Instead, in its reply, Netlist suggested that O'Melveny attempted to circumvent service of trial subpoenas by a process server. *See* ECF No. 685-1 ¶ 4 ("Netlist hired a process server to deliver subpoenas directed at Messrs. Hyun Ki Ji, Ho-Jung Kim, and Kyuhan Han to O'Melveny and [Myers]. The process server made repeated attempts to effect service, and informed us nobody at O'Melveny

1

would agree to accept service.").

    O'Melveny did not attempt to avoid service. A process server appeared at O'Melveny's Newport Beach offices on February 5 and February 10 in an attempt to serve trial subpoenas on the three Korean Samsung witnesses. The process server spoke only with the receptionists, who are not O'Melveny employees. The receptionists informed the process server that they were not authorized to accept service on behalf of O'Melveny or its clients. Despite this, the process server left the subpoenas on the receptionist's desk on February 10. Counsel for Netlist never raised the February 5 or 10 service attempts with any O'Melveny attorneys.

    Nonetheless, to obviate any further concern of the Court, on March 3, 2025, Samsung's counsel emailed counsel for Netlist informing them that counsel for Samsung has accepted service of Netlist's February 4, 2025 trial subpoenas for Messrs. Ji, Han, and Kim and will be prepared to discuss the efficacy of such service on the first day of trial, as directed by the Court. Order at 11.

Dated: March 3, 2025

O'MELVENY & MYERS LLP

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli
Attorneys for Defendant Samsung Electronics Co., Ltd.