| | |
|---|---|
| DANIEL M. PETROCELLI (SB 97802) | MARC J. PENSABENE (*pro hac vice*) |
| dpetrocelli@omm.com | mpensabene@omm.com |
| RYAN YAGURA (SB 197619) | O'MELVENY & MYERS LLP |
| ryagura@omm.com | 1301 Avenue of the Americas |
| DREW BREUDER (SB 198466) | Suite 1700 |
| dbreuder@omm.com | New York, New York 10019 |
| LEAH GODESKY (SB 336854) | Telephone: (212) 326-2000 |
| lgodesky@omm.com | Facsimile: (212) 326-2061 |
| O'MELVENY & MYERS LLP | |
| 1999 Avenue of the Stars, 8th Floor | |
| Los Angeles, California 90067-6035 | |
| Telephone: (310) 553-6700 | |
| Facsimile: (310) 246-6779 | |

Attorneys for Defendant
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S NOTICE REGARDING ITS CONCESSION OF MATERIALITY**<br><br>Trial Date: March 18, 2025<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

To streamline the proceedings and avoid unnecessary juror confusion, Samsung conceded that, if the jury finds that the parties intended Netlist's interpretation of Section 6.2 (*i.e.*, that "Samsung agreed to supply NAND and DRAM products to Netlist without limitation to the parties' NVDIMM-P joint development project on Netlist's request at a competitive price"), then Samsung's breach of that provision was material. ECF No. 656 at 1-2. In its February 27 minute order, the Court abrogated its Rule 50(a) rulings from the May 2024 trial, thereby leaving open the question of breach and materiality under Samsung's proposed interpretation, as well as the possibility of an interpretation other than the two articulations of the interpretation offered by the parties in pretrial filings. ECF No. 690 at 2, 4. In view of these rulings, the Court ordered Samsung to file a "notice … indicating whether it withdraws its concession." *Id.* at 4.

Samsung hereby notifies the Court that it maintains its concession of materiality under Netlist's interpretation. And, while it is Samsung's position that Netlist should not be permitted to argue to the jury that the parties intended some third meaning of Section 6.2 that neither party has ever identified as its intent, *see, e.g.*, ECF No. 671 at 12-16; ECF No. 681 at 1-2, Samsung hereby clarifies that it concedes breach and materiality under any other hypothetical interpretation of Section 6.2 beyond that offered by Samsung under which "Samsung agreed to supply NAND and DRAM products to Netlist for the parties' NVDIMM-P joint development project on Netlist's request at a competitive price."

DATED: March 4, 2025          O'MELVENY & MYERS LLP

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli
Attorneys for Defendant Samsung
Electronics Co., Ltd.