IRELL & MANELLA LLP
JASON G. SHEASBY (205455)
jsheasby@irell.com
LISA GLASSER (223406)
lglasser@irell.com
MICHAEL D. HARBOUR (298185)
MHarbour@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

*Attorneys for Plaintiff Netlist Inc.*

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI (SB 97802)
dpetrocelli@omm.com
RYAN YAGURA (SB 197619)
ryagura@omm.com
LEAH GODESKY (SB 336854)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

O'MELVENY & MYERS LLP
 MARC J. PENSABENE (*pro hac vice*)
mpensabene@omm.com
1301 Avenue of the Americas
Suite 1700
New York, New York  10019
Telephone:   (212) 326-2000
Facsimile:    (212) 326-2061

*Attorneys for Defendant Samsung Electronics Co., Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No.: 8:20-cv-00993-MCS-ADS<br><br>**JOINT TRIAL PROCEDURES STIPULATION AND DISPUTE SUBMISSION FOR RESOLUTION** |

Plaintiff Netlist, Inc. ("Plaintiff") and Defendant Samsung Electronics Co. Ltd. ("Defendant") (together the "Parties" and individually a "Party") stipulate that, subject to the dispute submitted for Court resolution below (highlighted), the procedures herein regarding trial disclosures and exchanges shall govern their conduct for the trial in this case, currently set to begin on March 18, 2025.[1] The Parties agree that the procedures set forth herein shall apply in lieu of their disclosure obligations under Local Rule 16-3. Nothing herein otherwise affects the Court's standing order regarding Jury Trial or other applicable rules, or a Party's right to object to the use of any exhibit, demonstrative, or deposition designation or the contents thereof. The Parties largely agree on the procedures that should govern but respectfully request that the Court resolve the one remaining dispute (see Section A(2)) for which the Parties submit competing proposals, which is set forth below.

**A. Exchanges of Witnesses, Exhibits, and Demonstratives**

(1) The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day. The parties shall each make good-faith efforts to avoid excessive objections and to narrow and streamline disputes. Counsel with final decision-making authority shall attend all meet and confers.

(2) Each party shall provide by no later than **6:30 p.m. PT** each day:

    a. Starting March 16, 2025, a list of witnesses to be called live or by deposition, and the order of call, two calendar days prior to the date that the party intends to call such witness.

    b. Starting March 17, 2025, a list of exhibits they plan to use the following day for the direct examination of each live and by-designation witness.

---

[1] Aside from the dates, which have been updated for the March 18, 2025 trial, this Stipulation is identical to the stipulation the parties filed prior to the last trial. Dkt. 498.

|   |   |
|---|---|
| 1 | The disclosure will identify which witness each disclosed exhibit will |
| 2 | be used with. |
| 3 | c.  Starting March 17, 2025, a copy of all demonstratives (in color) they |
| 4 | plan to use the following day in the direct examination of a witness.  For |
| 5 | videos or animations, the party seeking to use the demonstrative exhibit |
| 6 | shall provide it to the other side in digital interactive format, including, |
| 7 | as applicable, flash format, PPT format, MPG, or other video format. |
| 8 | All demonstratives will have the applicable underlying evidence cited |
| 9 | accurately so the opposing party can locate the evidence on which the |
| 10 | demonstrative is based. |

The parties do not need to identify exhibits or exchange demonstratives to be used for [**Netlist Proposal**: examination of hostile, adverse, or adverse identified witnesses within the meaning of Fed. R. Evid. 611(c)(2).[2] **Samsung Proposal**: any adverse examination and any party-affiliated witnesses examined immediately after an adverse examination.[3]]  However, copies of exhibits shall be provided, and

---

[2] **Netlist:** The parties agree that disclosure is not required for witnesses falling within FRE 611(c)(2). Samsung proposes to further exempt from the disclosure requirement Samsung's own witnesses when called during Netlist's case in chief, the effect of which would be no disclosure by Samsung of demonstratives or exhibits for Samsung's witnesses. This would be prejudicial to Netlist and defeat the purpose of exchanging exhibits and demonstratives for party-controlled witnesses, including to avoid surprises and to provide time for meet and confer. Contrary to Samsung's assertion, Netlist gains no "strategic advantage" by Samsung following the agreed procedure of disclosing demonstratives and exhibits that Samsung intends to use on what Samsung acknowledges is "friendly examination" of its own witnesses.

[3] **Samsung:**  Samsung's proposal is necessary to prevent Netlist from gaining a unique and unfair strategic advantage, thereby prejudicing Samsung. According to Netlist's proposal, if Netlist calls a Samsung witness in its direct case, Samsung would have to disclose the exhibits it intends to use in the direct examination of its witness but Netlist would not be required to do so. Netlist can, thereby, obtain advance insight into Samsung's witness's testimony by calling them in Netlist's direct case, and preemptively addressing exhibits and demonstratives to be used with Samsung's witness before Samsung is able to do so in its own examination of its witness. This same concern does not apply to Netlist's witnesses, since

1  demonstratives shown, to opposing counsel before the time they are used with the
2  witness pursuant to the applicable rules and the Court's standing order(s), and neither
3  party waives its right to object to use of such exhibits or demonstratives.
4      (3) The receiving party shall provide objections to such witnesses, exhibits,
5  and demonstratives by 8:00 p.m. PT that same day, and shall meet and confer on any
6  unresolved objections promptly at 8:45 p.m. PT the night before their intended use.
7  Counsel with final decision-making authority shall attend the meet and confer.
8      (4) The term "demonstrative" includes power-points, graphics, and
9  animation demonstratives, but does not include reproductions of exhibits or any use
10 that the Court may permit of trial transcripts from this trial.
11     (5) The parties agree that demonstrative slides must be not be shuffled, i.e.,
12 intentionally produced in an order other than the order in which the party in good
13 faith intends they may be used. For sets containing multiple slides, the parties will

---

Samsung's direct examination of any Netlist witness would necessarily occur after Netlist has already examined them and rested its case-in-chief. To avoid this unfair prejudice, Samsung proposes that, if a party-affiliated witness is first called to testify on direct in the adverse party's case (i.e., will be subject to adverse examination on direct, followed by friendly examination on "cross"), neither side should be required to disclose exhibits or demonstratives one day in advance. Rather, in such a case, the parties should abide by the Court's standing order procedures that govern matters outside this protocol requiring that "Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned." See ORDER RE: JURY/COURT TRIAL (2002) at 16, § III.F.3. They will also remain subject to the well-developed body of case law requiring that demonstratives be disclosed before they are used. See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 2007 WL 6892109, at *9 n.58 (C.D. Cal. Apr. 30, 2007) (excluding undisclosed demonstrative); Conboy v. Wynn Las Vegas LLC, 2013 WL 1701073, at *10 (D. Nev. Apr. 18, 2013) (precluding any undisclosed demonstratives). If Samsung's proposal is not accepted, then both parties should be required to disclose exhibits and demonstratives to be used with such witnesses consistent with the requirements of this section, or Samsung should be permitted to limit its examination to the scope of the adverse direct and delay its own direct examination of such witness until its own case-in-chief, at which point it will make the requisite disclosures under this provision. See FRE 611; see also FRE 102 (every proceeding should be administered fairly). Netlist cannot have it both ways, gaining an unfair advantage it would never otherwise have while impeding Samsung's examinations.

number them at the time of exchange to facilitate meet-and-confer, and parties may remove the numbering prior to using the slides provided the order remains the same. If either party substantively changes its demonstratives after exchange, they must disclose the change to opposing counsel promptly and provide opportunity to object.

(6)   Demonstratives exchanged shall not be used by the opposing party before being used by the disclosing party.

(7)   Subject to the requirements of the prior paragraphs, the parties agree that notice of a party's intended use of enlargements of trial exhibits and of ballooning, excerption, highlighting, etc. of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intent to use such exhibit according to the provisions herein, and such ballooning, excerption, highlighting, etc., is limited to actual content of the exhibit.  The parties further agree that the above notice provisions concerning demonstrative exhibits do not apply to demonstrative exhibits created in the courtroom during live testimony or that have already been properly published to the jury.

(8)   The parties shall not attempt to obscure the demonstratives intended to be used, e.g., by including an excessive number of demonstratives not intended for use. The parties shall not make excessive objections to exhibits and/or demonstratives. The parties shall at all times designate an attorney with decision-making authority to participate meaningfully in all meet and confers. Nothing in this paragraph is intended to penalize a party's reasonable good-faith streamlining of objections or evidence.

(9)   **Closing Arguments**.  The parties will continue to meet and confer in good faith regarding procedures for closing.

### B. Opening Statements

(1)   Demonstratives for opening statements, as well as a list of any trial exhibits to be shown to the jury during openings, shall be exchanged by 4:00 p.m. PT the day before opening; each party shall provide objections by 5:30 p.m. PT and

counsel with decision-making authority shall meet and confer on any objections at or before 6:30 p.m. PT. Demonstratives exchanged for openings, like other demonstratives, may not be used by the opposing party before being used by the disclosing party.

(2) The parties agree to meet and confer in good faith between counsel with final decision-making authority to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

### C. Deposition Designations[4]

(1) For each witness that a party intends to call by deposition or other designation of prior testimony, the party shall, by 12:30 p.m. PT three calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played. Along with their list of final designations, the disclosing party will provide a "clip report" with the testimony to be played that includes an estimate of the time required to play the clips. This disclosure of final designations shall be made in good faith and the parties shall refrain from including an excessive number of designations with no intention of playing them for the jury. Nothing in this paragraph is intended to penalize a party for routine good-faith streamlining of its case during trial, for time or any other reason.

(2) The receiving party shall, by 8:00 p.m. PT the same day, identify any objections to the deposition testimony, and any counter-designations to be read or played.

(3) The designating party shall, by 12:00 p.m. the following day (i.e., two calendar days before the testimony is played or read), identify any objections to the counter-designations. The parties shall promptly meet and confer at 8:45 p.m. PT two

---

[4] If any party is permitted to present prior trial or other testimony, the parties agree these provisions will apply equally to such testimony.

calendar days prior to the date the party intends to call such witness to attempt to resolve any objections. Counsel with final decision-making authority shall attend this and all other meet and confers regarding objections to deposition designations. Following the meet and confer, the parties will cooperatively work together to prepare a chart reflecting any disputes to be presented to the Court no later than 7:00 a.m. PT the following day (i.e., the calendar day before the testimony is played or read) unless the Court prefers another time. The parties will meet and confer in good faith on the format of such chart.

   (4) If there are no disputes, the party offering the designations shall send the other party a video deposition file of the designations to be played in court, as well as a final "clip report" of all deposition designations and counter-designations to be played that includes an estimate of the time required to play the clips by 7:00 am PT the following day. If there are disputes, then after the Court rules on the objections, the originally designating party shall implement all of the Court's rulings as necessary and provide the final version of the video deposition file that will be played in court, with a clip report that includes an estimate of the time required to play the clips, to the other party as soon as reasonably possible, and with time to review the final file and/or request additional changes as necessary to correct errors or conform to the Court's rulings.

   (5) No objections, preambles, or exchanges between counsel will be played or read. If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together in the chronological order in which designations occurred during the deposition. If a video file includes a scrolling transcript of the designated testimony, such scrolling transcript will be provided both sides' designations.

   (6) The parties agree that for any translated depositions, the question in English, the answer in Korean, and the translated answer in English, will be played. Deposition designations and rebuttal designations by a party (including the English

question, answer in Korean, and translated answer in English) will be counted against the designating party's time, while counter-designations or rebuttal designations (including the English question, answer in Korean, and translated answer in English) by the other party will be counted against that party' time. The party initially presenting the designated testimony shall provide an accurate report of the time to be charged against each party based on the final video. The time allotted by the Court for each side's presentation (if so specified) shall be reduced by the length of its respective designations, as stated above.

    (7) Nothing in the foregoing procedures shall preclude a party from using deposition or other testimony from this case or other prior public testimony at trial for purposes of impeachment, to the extent such would otherwise be permitted. However, nothing in this paragraph is intended to expand the scope of proper impeachment of a witness.

IT IS THEREFORE HEREBY STIPULATED AND AGREED by and between the Parties that the following terms of the Stipulation shall bind the Parties, who jointly request that the Court enter this Order

Dated: March 6, 2025     **IRELL & MANELLA LLP**

By: *Michael Harbour*
Jason Sheasby
Michael Harbour

*Attorneys for Plaintiff Netlist, Inc*

Dated: March 6, 2025     **O'MELVENY & MYERS LLP**

By: *Daniel M. Petrocelli*
Daniel M. Petrocelli
Ryan Yagura
Lea Godesky
Marc J. Pensabene

*Attorneys for Defendant Samsung Electronics Co., Ltd.*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing

Dated: March 6, 2025              **O'MELVENY & MYERS LLP**

                                  By: */s/ Daniel M. Petrocelli*
                                       Daniel M. Petrocelli

JOINT TRIAL PROCEDURES STIPULATION