JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile: 949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                    Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S NOTICE OF EX PARTE APPLICATION FOR A CONTINGENT ORDER DISQUALIFYING ANY SAMSUNG COUNSEL THAT CREATE A BASIS FOR RECUSAL**<br><br>**PTC Date: March 17, 2025**<br>Time: 2 p.m. PT<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi<br><br>**Trial:** March 18, 2025 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Netlist, Inc.'s Ntc of Ex Parte App for a Contingent Order
Disqualifying any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

## <u>NOTICE OF EX PARTE APPLICATION</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:  PLEASE TAKE NOTICE that, as soon as this matter may be heard, in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Netlist Inc. ("Netlist") will and hereby does file the ex parte application, pursuant to the Court's March 10, 2025 Order, Dkt. 699.  Two counsel appeared for Samsung after the Court ordered re-trial of this matter.  The Court has indicated that its past relationship with these counsel leads it to conclude that their presence on the case gives Samsung a right to request recusal of the Court. It is settled law that a Defendant cannot add counsel to a proceeding, prompting a need for recusal.  Accordingly, Netlist contingently requests that if Samsung seeks the Court's recusal, the Samsung counsel creating the allegedly impropriety should be removed from the case. Defendant Samsung Electronics Co. Ltd.  ("Samsung") has advised that they oppose this Motion.  Netlist sought six times to meet and confer with Samsung regarding this motion but Samsung has refused to meet and confer. Samsung's delay allows it to force a recusal of the Court before the Court can hear this motion.  This is improper.

This Motion is brought pursuant to Federal Rule of Civil Procedure 16, and Local Rule 16-9. The trial in this Action is scheduled to begin in only a week, on March 18, 2025. Resolution of which Judge will be presiding over the trial and which counsel will be participating are thus issues of immediate concern, warranting ex parte relief.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and any further evidence or argument as may be advanced at or prior to the hearing on this Motion.

Pursuant to L.R. 7-19, the name, address, telephone number and e-mail address of counsel for Samsung are included below:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Netlist, Inc.'s Ntc of Ex Parte App for a Contingent Order
Disqualifying any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

-1-

## LIST OF SAMSUNG'S COUNSEL

**Amy Riley Lucas**
O'Melveny and Myers LLP
1999 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-6035
310-246-6700
Fax: 310-246-6779
Email: alucas@omm.com
*ATTORNEY TO BE NOTICED*

**Anton Metlitsky**
O'Melveny and Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
212-326-2000
Fax: 212-326-2061
Email: ametlitsky@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anwar L. Graves**
O'Melveny and Myers LLP
1625 Eye Street NW
Washington, DC 20006
202-383-5300
Email: agraves@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Darin W. Snyder**
O'Melveny and Myers LLP
Two Embarcadero Center 28th Floor
San Francisco, CA 94111
415-984-8700
Fax: 415-984-8701
Email: dsnyder@omm.com
*ATTORNEY TO BE NOTICED*

**Daniel M. Petrocelli**
O'Melveny and Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
310-553-6700
Fax: 949-823-6994
Email: dpetrocelli@omm.com
*ATTORNEY TO BE NOTICED*

**Marc F. Feinstein**
O'Melveny and Myers LLP
400 South Hope Street 18th Floor
Los Angeles, CA 90071-2899
213-430-6000
Fax: 213-430-6407
Email: mfeinstein@omm.com
*ATTORNEY TO BE NOTICED*

**Marc J. Pensabene**
O'Melveny and Myers LLP
Time Square Tower, 7 Times Square
New York, NY 10036
212-326-2000
Fax: 212-326-2061
Email: mpensabene@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael G. Yoder**
O'Melveny and Myers LLP
610 Newport Center Drive, Suite 1700
Newport Beach, CA 92660
949-760-9600
Fax: 949-823-6994
Email: myoder@omm.com
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
O'Melveny and Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
310-553-6700
Fax: 949-823-6994
Email: ryagura@omm.com
*ATTORNEY TO BE NOTICED*

**Leah Godesky**
O'Melveny and Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
310-553-6700
Fax: 949-823-6994
Email: lgodesky@omm.com
*ATTORNEY TO BE NOTICED*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-2-

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

1

Dated: March 11, 2025                Respectfully submitted,

2

                                     IRELL & MANELLA LLP

3

4                                    Jason Sheasby
                                     Lisa S. Glasser
5                                    Michael Harbour

6                                    By: */s/ Jason Sheasby*

7                                    Jason Sheasby

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-3-

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    Pursuant to Local Rule 7-19, Netlist respectfully requests that the Court decline
3    to recuse itself from this trial in the event Samsung objects to Judge Scarsi's
4    participation in the trial on the basis of the prior professional relationship between
5    Judge Scarsi and two of Samsung's counsel, Messers. Yagura and Petrocelli. This
6    prior relationship does not present a conflict, and, even if it did, the proper remedy
7    would be to order the disqualification of Messers. Yagura and Petrocelli.

8    Ex parte relief to prevent the Court's recusal just one week before trial is
9    necessary to avoid significant disruption to the proceedings and potential prejudice to
10   the parties. At this late stage, just one week prior to trial, recusal would impose an
11   undue burden on the court, requiring a new judge to familiarize themselves with the
12   extensive record, pretrial rulings, and evidentiary issues, all of which have been
13   carefully considered over the course of this years-long litigation. A last-minute
14   substitution risks delaying the trial, wasting judicial and party resources, and
15   undermining the fair and efficient resolution of the case. Moreover, Samsung is
16   currently using the re-trial of the case as a basis to stay and vacate proceedings in the
17   Federal Circuit and the Eastern District of Texas. The O'Melveny firm has been
18   counsel of record in this matter since October 22, 2021. Dkt. 195. Even if the sudden
19   appearance of Mr. Petrocelli or Mr. Yagura as attorneys on this matter created a basis
20   for recusal, which it does not, the Federal courts uniformly hold that these attorneys
21   should simply not be allowed to participate in the trial.  There are eight additional
22   O'Melveny lawyers who have appeared in this matter and are still counsel of record
23   (including Samsung's previous lead trial counsel and all other partners who had
24   speaking roles in the 2024 trial), all of whom are capable of trying this case. Indeed,
25   Mr. Petrocelli is the third "lead trial counsel" from the same firm who has appeared,
26   and numerous senior O'Melveny partners have appeared.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

-1-

1   Furthermore, absent a compelling and legally sufficient reason for recusal,
2   maintaining judicial continuity serves the interests of justice by ensuring that the case
3   proceeds as scheduled with the judge who is best positioned to preside over the trial.

4   ## I.    RECUSAL IS NOT WARRANTED

5   The test for recusal is objective and asks whether "a reasonable person with
6   knowledge of all the facts would conclude that the judge's impartiality might
7   reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d
8   1215, 1219 (9th Cir. 2014). Recusal is only warranted when a judge's actions "display
9   a clear inability to render a fair judgment." *Golden v. Kipperman (In re Golden)*, 2019
10  U.S. Dist. LEXIS 203484 (S.D. Cal. Nov. 22, 2019). Indeed, the existence of a prior
11  relationship—whether a personal or professional connection—between a judge and a
12  lawyer or litigant "does not by itself require recusal." *In re Menchaca*, 2017 WL
13  58988036, at *5 (C.D. Cal. 2017) (finding no error where a court denied a motion to
14  disqualify the judge where counsel for appellees was the judge's former extern).

15  There is no basis for recusal here. "[M]any judges and practitioners know one
16  another through professional, educational, political and social contacts. It is not at all
17  uncommon for a lawyer to argue a case before a judge with whom he or she has a
18  prior professional relationship." *Biomedino, L.L.C. v. Waters Techs. Corp.*, 2005 U.S.
19  Dist. LEXIS 54308, *3-4 (W.D. Wash. Oct. 27, 2005). Judge Scarsi has clearly stated
20  that he believes he can be fully impartial. A reasonable person would not conclude
21  that Judge Scarsi's impartiality should be questioned from the mere fact that the Court
22  had a professional relationship with two attorneys on the Samsung team many years
23  ago.

24  ## II.    Samsung Gains an Improper Strategic Advantage if Trial is Continued

25  If the addition of Samsung's new counsel allows it to push the Court to recuse
26  itself, Samsung benefits from a potential continuance of the trial set to begin in one
27  week. Samsung is presently using this case as a basis to vacate verdicts against it in
28  multiple patent infringement actions between the parties. First, Samsung seeks to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-2-

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

vacate a verdict rendered in 2023 against it in the Eastern District of Texas, in spite of the fact this Case is already pending before the Federal Circuit. No. 2:21-cv-463, Dkt. 661 at 1 (E.D. Tex. Jan. 29, 2025) ("The Court should therefore issue an order under Rule 62.1(c) indicating to the Federal Circuit that it would vacate its Final Judgment").[1] Samsung at the same time unsuccessfully sought to stay and de-designate its Federal Circuit appeal of that verdict. *Netlist, Inc. v. Samsung Elecs. Co., Ltd.* No. 2024-2203 (Fed. Cir.) Dkt. 24 (denying motion to stay while district court considers motion to vacate or pending resolution of related case between parties). Likewise, Samsung has sought to use this action to amend the infringement judgment entered against it in November 2024, and then stay that case until this case is resolved. No. 2:22-cv-293, Dkt. 891 (E.D. Tex. Jan. 10, 2025). Samsung thus has an incentive to seek the Court's recusal here in order to ultimately secure a trial continuance and justify renewed efforts to vacate and delay the infringement verdicts against it. Whether these efforts are successful or not, they serve to drain Netlist's resources and the judicial resources of the Eastern District of Texas and the Federal Circuit.

## III. IF SAMSUNG REQUESTS RECUSAL, ITS NEW COUNSEL SHOULD BE DISQUALIFIED

Samsung was clearly aware of the past relationship Messrs. Petrocelli and Yagura had with the Court before they appeared in this matter. If Samsung insists the Court's participation in this case with its new counsel would be improper, that is basis to disqualify Samsung's lawyers, not for the Court's recusal.

Courts in a variety of circuits, including this one, agree that disqualification of counsel is appropriate where new counsel would lead to a Judge's recusal. See *UCP Int'l Co. v. Balsam Brands, Inc.*, 261 F. Supp. 3d 1056, 1062 (N.D. Cal. 2017) (disqualifying counsel because "The retention of counsel that results in a judge's recusal is permissible only if an overriding need exists."); *McCuin v. Texas Power &*

---

[1] Notably, Samsung already unsuccessfully sought to vacate and stay the verdict in this case after the Ninth Circuit's remand in 2023. *Id.* Dkt. 580.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-3-

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

*Light Co.*, 714 F.2d 1255, 1264 (5th Cir. 1983) (holding "counsel may not be chosen solely or primarily for the purpose of disqualifying the judge"); *In re FCC*, 208 F.3d 137, 139 (2d Cir. 2000) (holding "the failure of counsel to consider in advance the known or knowable risk of a judge's recusal may result in the rejection of the appearance by that lawyer or firm… As between a judge already assigned to a panel, and a lawyer who thereafter appears in circumstances *where the appearance might cause an assigned judge to be recused, the lawyer will go and the judge will stay*…") (emph. added); *see also LeHtonen v. Gateway Co., Inc.*, 2007 U.S. Dist. LEXIS 118124, *28 (D. Nev. 2007) (denying motion to substitute counsel where "[w]ere the Court to permit Lionel, Sawyer & Collins to appear in this action, Judge Dawson would be required to recuse and a new District Judge would be required to review the same factual and legal issues that Judge Dawson has already analyzed in deciding the motions for summary judgment… This Court agrees with Plaintiff's argument that permitting the substitution of counsel under these circumstances tends to undermine public confidence in the integrity and fairness of the judicial process. This is an appropriate factor for the Court to consider in deciding whether substitution of counsel should be permitted.")

District courts in this circuit have reasoned that "our own circuit will follow the Eleventh Circuit" and consider "the following objective factors to consider and balance in the disqualification analysis: (1) the potential for manipulation or impropriety, (2) the judicial time invested, (3) the court's docket, (4) the delay in reaching decision, (5) the injury to the other party, (6) the fundamental right to counsel, and (7) the expense to the party that retained counsel." *UCP Int'l Co.*, 261 F. Supp. 3d at 1059 (noting further "These factors are not exclusive, nor are they all necessary.").

The analysis here mirrors that in *UCP*. First, disqualifying Samsung's counsel avoids "[t]he potential appearance of manipulation of impropriety." *Id.* Samsung's request that the Court recuse itself over Netlist's objection based on the introduction

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

1   of its own counsel, strongly suggests its motives are improper. Moreover, Samsung

2   did not previously request Judge Scarsi's recusal based on his former professional

3   relationship with two members of its counsel.  Dkts. 262, 265 (12-01-2021 Trial Tr.)

4   at 40:20-42:6.

5       That said, the Court need not find that Samsung nor O'Melveny is "a knowing

6   participant in a plan to cause Judge [Scarsi's] recusal" to find disqualification

7   appropriate. *LeHtonen*, 2007 U.S. Dist. LEXIS 118124, *27. However, the Court

8   should not "ignore the timing and factual circumstances surrounding [the] decision to

9   retain" the two new lawyers "and the reasonable inferences to be drawn therefrom."

10  *Id.* (finding disqualification appropriate where party's retention of new counsel three

11  years into litigation after unfavorable results would require recusal because

12  "permitting the substitution of counsel under these circumstances tends to undermine

13  public confidence in the integrity and fairness of the judicial process."). Indeed,

14  Samsung first lost its contract interpretation argument at summary judgment, and then

15  lost at trial after successfully appealing the summary judgment ruling. Allowing it to

16  introduce new counsel requiring a new judge for its third attempt on this issue risks

17  undermining public confidence in the integrity of the judicial process regardless of

18  Samsung's true intention.

19      At minimum, Samsung's choice to introduce counsel it now claims present a

20  conflict requiring recusal reflects "the failure of counsel to consider in advance the

21  known or knowable risk of a judge's recusal," which Courts have found "may result

22  in the rejection of the appearance by that lawyer." *In re FCC*, 208 F.3d at 140.

23      The second factor, judicial time invested, also weighs strongly in favor of

24  disqualification. In *UCP*, the Court found this factor (lumped together with the third

25  and fourth factors) weighed in favor of disqualification where the recused Judge had

26  presided over a related action for "over a year." *Id.* Judge Scarsi has presided over this

27  Action for nearly ***five years*** and through ***two trials***. Judge Scarsi is thus extremely

28  familiar with the issues that will be presented at the upcoming trial—indeed, this is a

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

-5-

retrial of the **exact** dispute he presided over last year. Accordingly, "[r]eassignment of this action to a new judge, if allowed to stand, would cause major duplicative investment of precious judicial resources." *Id.*

Samsung also does not face prejudice or cost from disqualification. Indeed, "choice of counsel must sometimes yield to competing factors. The retention of counsel that results in a judge's recusal is permissible only if an overriding need exists." *Id.* Samsung has offered no reason why it needs these two particular lawyers out of the hundreds of lawyers (and over one hundred partners) employed by O'Melveny. There are at least eight attorneys other than these two who have appeared for Samsung on this matter and who are still active counsel of record. This includes Samsung's previous lead counsel, Mr. Snyder, and all other partners who had speaking roles in the 2024 trial. It can make no showing that its need for the two attorneys added to its trial team four years into the case outweighs the significant waste of resources Judge Scarsi's recusal would entail. *See Robinson v. Boeing Co.*, 79 F.3d 1053, 1054-56 (11th Cir. 1996) ("the fact that the case had been pending for fifteen months at the time the motion was filed militates against granting [the motion for leave to associate additional counsel] in the absence of an overriding need for a particular lawyer."); *UCP Int'l Co.*, 261 F. Supp. at 1063 (finding no overriding need for counsel who "appeared only after more than twenty months of ongoing litigation" even if retained "'to play a central role.'".)

Additionally, as described above, Judge Scarsi's recusal risks injuring Netlist by delaying trial while a new Judge gets up to speed.

Dated: March 11, 2025,                    Respectfully submitted,

                                          IRELL & MANELLA LLP
                                          Jason Sheasby
                                          Lisa S. Glasser
                                          Michael Harbour


                                          By: */s/ Jason Sheasby*
                                          Jason Sheasby

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

-6-

## <u>PROOF OF SERVICE</u>

I, N. Isabella Chestney, am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party within this action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276. On March 11, 2025, I served the foregoing document on Defendant's counsel of record as listed below.

*/s/ N. Isabella Chestney*
N. Isabella Chestney

## SERVICE LIST

| | |
|---|---|
| **Amy Riley Lucas**<br>O'Melveny and Myers LLP<br>1999 Avenue of the Stars 7th Floor<br>Los Angeles, CA 90067-6035<br>310-246-6700<br>Fax: 310-246-6779<br>Email: alucas@omm.com<br>*ATTORNEY TO BE NOTICED* | **Marc F. Feinstein**<br>O'Melveny and Myers LLP<br>400 South Hope Street 18th Floor<br>Los Angeles, CA 90071-2899<br>213-430-6000<br>Fax: 213-430-6407<br>Email: mfeinstein@omm.com<br>*ATTORNEY TO BE NOTICED* |
| **Anton Metlitsky**<br>O'Melveny and Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>212-326-2000<br>Fax: 212-326-2061<br>Email: ametlitsky@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* | **Marc J. Pensabene**<br>O'Melveny and Myers LLP<br>Time Square Tower, 7 Times Square<br>New York, NY 10036<br>212-326-2000<br>Fax: 212-326-2061<br>Email: mpensabene@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| **Anwar L. Graves**<br>O'Melveny and Myers LLP<br>1625 Eye Street NW<br>Washington, DC 20006<br>202-383-5300<br>Email: agraves@omm.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* | **Michael G. Yoder**<br>O'Melveny and Myers LLP<br>610 Newport Center Drive, Suite 1700<br>Newport Beach, CA 92660<br>949-760-9600<br>Fax: 949-823-6994<br>Email: myoder@omm.com<br>*ATTORNEY TO BE NOTICED* |
| **Darin W. Snyder**<br>O'Melveny and Myers LLP | **Ryan Ken Yagura**<br>O'Melveny and Myers LLP |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  Two Embarcadero Center 28th Floor
   San Francisco, CA 94111
2  415-984-8700
   Fax: 415-984-8701
3  Email: dsnyder@omm.com
   *ATTORNEY TO BE NOTICED*
4
   **Daniel M. Petrocelli**
5  O'Melveny and Myers LLP
   1999 Avenue of the Stars
6  8th Floor
   Los Angeles, CA 90067
7  310-553-6700
   Fax: 949-823-6994
8  Email: dpetrocelli@omm.com
   *ATTORNEY TO BE NOTICED*
9

1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
310-553-6700
Fax: 949-823-6994
Email: ryagura@omm.com
*ATTORNEY TO BE NOTICED*

**Leah Godesky**
O'Melveny and Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
310-553-6700
Fax: 949-823-6994
Email: lgodesky@omm.com
*ATTORNEY TO BE NOTICED*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Netlist, Inc.'s Ex Parte App for a Contingent Order Disqualifying
any Samsung Counsel That Create a
Basis for Recusal
8:20-cv-00993 (MCS) (ADS)

-8-