DANIEL M. PETROCELLI (SB 97802)
dpetrocelli@omm.com
RYAN YAGURA (SB 197619)
ryagura@omm.com
DREW BREUDER (SB 198466)
dbreuder@omm.com
LEAH GODESKY (SB 336854)
lgodesky@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

MARC J. PENSABENE (*pro hac vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Defendant
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**SAMSUNG'S RESPONSE TO NETLIST'S *EX PARTE* APPLICATION FOR A CONTINGENT ORDER DISQUALIFYING ANY SAMSUNG COUNSEL THAT CREATE A BASIS FOR RECUSAL**<br><br>Trial Date: March 18, 2025<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

Netlist's *ex parte* application for a "contingent" order is wholly unwarranted, and its accusations of impropriety against Samsung and its counsel are baseless. Netlist requests an order disqualifying Messrs. Yagura and Petrocelli of O'Melveny & Myers LLP on the groundless speculation that Samsung may seek Judge Scarsi's recusal for tactical reasons. Samsung does not seek to recuse Judge Scarsi, it did not convey or suggest to Netlist that it would seek such recusal, and Netlist had no basis whatsoever to suggest otherwise. The Court's order gave the parties until Wednesday, March 12 to submit a joint statement regarding their position on recusal, ECF No. 699, and Netlist's immediate demands to meet and confer impermissibly sought to preempt the Court's order.[1] Samsung reminded Netlist of the Court's order and that it would timely comply. Contrary to Netlist's representation, Samsung did *not* advise Netlist that it opposes Netlist's *ex parte* application.

Also false is Netlist's statement that Samsung chose "to introduce counsel it now claims present a conflict . . . ." ECF No. 704 at 5. Samsung has never claimed any such conflict, nor did the involvement of Messrs. Yagura and Petrocelli have anything to do with Netlist's imagined recusal tactic. Messrs. Yagura and Petrocelli made their appearances on January 7, and there has been no suggestion of any conflict or potential recusal until the Court raised the issue on its own initiative this past Monday, March 10. The Court appropriately gave both parties time to consider the matter, and assured that the prior, distant association with Messrs. Yagura and Petrocelli would not affect the Court's impartiality in presiding over this case. Samsung appreciates the Court's disclosure and accepts that it will remain fair to

---

[1] Since January, Netlist has filed four *ex parte* applications, none of which constituted an actual emergency – three concerned scheduling issues that could have been assessed well in advance based on long-known dates and deadlines, plus the present application that is entirely unjustified.

1

SAMSUNG'S RESPONSE TO NETLIST'S *EX PARTE* APPLICATION REGARDING DISQUALIFICATION

both sides, including by disregarding Netlist's wrongful and prejudicial insinuations in its *ex parte* application.

For the foregoing reasons, the Court should deny Netlist's application.

DATED: March 12, 2025           O'MELVENY & MYERS LLP

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli
Attorneys for Defendant Samsung Electronics Co., Ltd.