JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-WLH (ADS)<br><br>**NETLIST INC.'S REPLY IN SUPPORT OF REQUEST FOR ISSUANCE OF INSTRUCTION**<br><br>Date:      March 18, 2025<br>Time:      2 p.m. PT<br>Location: Courtroom 7B<br>Judge:    Hon. Wesley L. Hsu |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-i-

**I.   As A Matter of Law the Court Held on Summary Judgment That There Are No Facts that Support the Allegation that Netlist Did Not Perform Its Duties Under the JDLA.**

The dispute concerning Samsung's counsel's opening statement is not a rehashed argument because Samsung's counsel did not make the same improper statements in the previous trial.

Moreover, Samsung's argument misapprehends the problem with its opening statements. Samsung argues its claim Netlist "refused to do the joint work" is not precluded by law of the case because Samsung's argument isn't explicitly that "Netlist breached the JDLA," but instead, that "Netlist did not *as a factual matter* move forward with the joint development project." Opp. at 1. However, the Court's ruling on summary judgment was precisely that *as a factual matter*, there was no evidence at all that Netlist refused to move forward with the joint development project. The Court held that "[t]here is no genuine dispute that Netlist *performed its obligations* under the JDLA." Dkt. 186 at 13-14. Samsung briefed this issue on summary judgment. Dkts. 157-1 at 24 ("Netlist did Not Fully Perform Its Obligations"), 168 at 24 ("Netlist Failed to Perform Its Obligations Under the JDLA").

If there was any evidence in the record that Netlist had "refused to do the joint work," Samsung would have prevailed on either its own summary judgment motion on this theory, or defeated Netlist's summary judgment motion on it. This is because the JDLA requires "The Parties shall perform the collaborative development work in accordance with the Product Specifications and the Development Milestones as set forth in Appendix A [] and the Statement of Work set forth in Appendix B." Ex. 1 at 4. In turn, the Statement of Work required Netlist to perform a number of obligations:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

| Milestones | R&R Netlist | R&R Samsung |
|---|---|---|
| 1. Hold workshop to level-set on Netlist technology & view of the market- by December 1, 2015 (the parties acknowledge that the workshop discussions will be consistent with Section 2.1). | a. Explain product roadmaps for NV Vault and Hypervault products<br><br>b. Provide product definition & specification for: current NV Vault & HyperVault products and components thereof i.e. controller logic and data buffer, as well as for other data IO related products where potential partnership opportunities may exist (ex. data buffer for DDR4 and beyond) including the following information:<br>- Architecture (detailed block diagram),<br>- Data IO path definition i.e. speed / timing,<br>- Required command sets & addressing scheme<br>- Memory/Flash device management scheme<br>- Component requirement<br>- Required SW (BIOS, API, Library, Host side requirements, special algorithm for NVDIMM operation and data management)<br>- Power/thermal evaluation<br>- End to end Data protection<br>- Test chip/proto type demo<br><br>c. Tutorial on test & qual process for data buffer and NVDIMM products including:<br>-Evaluation/characterization details for critical passive devices i.e. super capacitors<br>-Evaluation/characterization for other passive/active devices | a. Share DRAM and NAND roadmap and discuss how to help Enable Netlist's NV Vault & Hypervault products<br><br>b. Explain Samsung's view of the key trends in DRAM and NAND industry and where the Industry is likely to head including overview of relevant future products<br>- potential post DDR4 solutions<br>- expected impact of Apache Pass and PRAM in general<br><br><br><br><br><br><br><br><br><br><br><br>c. Share Samsung's current status and plan for NVDIMM-P development work.<br>- Technical details about preliminary specification<br>- Development plan |

However, in Samsung's briefing for summary judgment on this theory, it identified no facts that Netlist *refused* to do joint work. *Id.* Samsung argued, with insufficient factual support, that Netlist "abandoned the NVDIMM-P standardization project that was a core component of the joint development work" and that "in 2017, Netlist went its 'separate ways' from Samsung and, instead of continuing work under the NVDIMM-P protocol, used the foundational development work and moved to a different product without Samsung." *Id.* at *24. Thus, Samsung's statement that Netlist "refused to do the joint work" is a statement that Netlist breached the JDLA, regardless of Samsung's attempt to artfully frame it otherwise. This statement is precluded by the Court's summary judgment ruling against it, finding there was "***no genuine dispute that Netlist performed its obligations*** under the JDLA." Dkt. 186 at 13-14. Samsung does not deny in Opposition that this is law of the case.

Opening statements "should be limited to a statement of facts which the [party] intends or in good faith expects to prove." *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960). Samsung could not in good faith expect to prove that Netlist refused to perform the joint work, because it would be precluded from doing so under

law of the case. *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017), aff'd, 749 F. App'x 557 (9th Cir. 2019) ("[I]ssues that were previously resolved and were not raised on appeal are the law of the case and are not subject to relitigation absent a motion for leave to file a motion for reconsideration"). A curative instruction is necessary to remedy this statement because the JDLA is in evidence. The jurors are able to consider the JDLA in their deliberations, and they were told Netlist refused to do the joint work, which they will read Netlist was obligated to do under the contract. There is a real possibility this statement would have a prejudicial impact on the jurors' decision-making, which would be improper and violate law of the case. Thus, any limited probative value of this statement outlined in Samsung's Opposition is outweighed by the risk of unfair prejudice. Fed. R. Ev. 403.

## II.  Samsung is Precluded From Claiming Netlist Refused to Perform the Joint Work Under Rule 37

As Netlist's counsel explained in its argument before Judge Scarsi, Samsung's argument that it decided to decrease Netlist's supply of NAND and DRAM because Netlist supposedly "refused to do the joint [development] work," Day 1 Rough, 238:9-19, should be excluded for a second reason: Samsung never disclosed it in discovery. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Netlist's Interrogatory No. 2 specifically asked Samsung to "Describe each instance in which Samsung or any of its affiliates ignored, denied, reduced, limited, restricted, or declined to fulfill Netlist's requests or orders for NAND and DRAM Products since November 12, 2015, including the reasons why such requests or orders were not fulfilled." Ex. 2 (Samsung's 2nd Suppl. Responses to Netlist's 1st Set of ROGs) at 5. Samsung explained that "[t]he decision on whether Defendant can

support each individual request is made based on overall market conditions." *Id.* at 6. Samsung did not state, as it is arguing now, that "Samsung decreased Netlist's supply" because "Netlist would not proceed with the joint development project." Dkt. 731 at 1.

This requires exclusion:

> It is incontrovertible that plaintiff could have disclosed its theory, and the evidence Palma now adduces, in its interrogatory responses. It failed to do so, however. The preclusion sanction set forth in Rule 37(c)(1) is "automatic and mandatory" unless plaintiff can show harmlessness or substantial justification.

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 333 (C.D. Cal. 2004). Samsung can show no substantial justification for failing to disclose this theory, nor was its failure harmless. Netlist is now having to confront this theory for the very first time at trial. *See, e.g., Renfroe v. United States*, 2005 WL 5887178, at *9 (C.D. Cal. July 6, 2005) ("Plaintiff had a duty to either correctly answer the interrogatory in the first instance, or to correct her answer when she became aware that loss of earning capacity would be sought at trial. See Fed.R.Civ.P. 26(e)(2). Her failure to do so substantially prejudiced Defendant by preventing Defendant from obtaining discovery and preparing evidence on this issue.").

Indeed, Judge Scarsi previously precluded Samsung from arguing that it declined to supply Netlist for any reason other than "overall market conditions" because this was the only reason Samsung disclosed:

> Samsung's arguments are inconsistent with the position it took in discovery. Samsung maintained that it elected not to honor Netlist's requests "based on overall market conditions"—that is, not based on any conditions particular to Netlist or its product orders. (Def. Samsung's 2d Suppl. Resps. to Pl. Netlist's 1st Set of Interrogatories 6, ECF No. 236-3.)

Dkt. 243 at 8. Samsung should thus not be able to argue that it declined to supply Netlist due to Netlist's "refusal to do joint [development] work," as this is clearly a reason "particular to Netlist" that Samsung failed to disclose.

| | |
|---|---|
| Dated: March 20, 2025 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Jason Sheasby<br>Lisa S. Glasser<br>Michael Harbour<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2025, a copy of the foregoing was served to all counsel of record via the Court's ECF System.

*/s/ Jason Sheasby*
Jason Sheasby