JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                    Defendant. | Case No. 8:20-cv-00993-WLH (ADS)<br><br>**NETLIST INC.'S BENCH MEMORANDUM TO PREVENT SAMSUNG FROM INTRODUCING UNPRODUCED SUPPLY AGREEMENTS**<br><br>Date:          March 20, 2025<br>Location:   Courtroom 7B<br>Judge:       Hon. Wesley L. Hsu |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

During discovery, Samsung was ordered to produce all "contract[s] that it believes obligate to provide NAND and DRAM products to U.S. customers." D.I. 660-2 (IDC Hearing Tr.) 68:19-22. It produced only four heavily redacted agreement, and the identities of the customers have been redacted. D.I. 659-2, 659-3, 659-4, 659-5 (Trial Exs. 1196-1199).

During the second IDC concerning Samsung's production of the supply agreements, Netlist objected to limiting the production to only contracts with similar sized customers, and explained all NAND/DRAM supply contracts, including with, for example, Dell, were relevant:

> NETLIST: … We're only looking for agreements that have supply provision obligations. So assume that we -- that there was an agreement that someone has with a example -- where it does not obligate Samsung to supply NAND or DRAM products to Dell. It simply sets forth, for example, pricing terms. By way of example, it might say what the lead time needs to be for orders or what the –
> THE COURT: … So what you're saying is in this context, you would not need the contract with Dell. You just need the contracts for their supply conditions?
> NETLIST: Right. ***If the contract with Dell obligates them, like as we contend our contract obligates them to supply us. If they have other contracts out there that obligate them to supply folks, then we contend that we'd be entitled to take a look at those*** not only for comparative purposes but also to answer the question here as to who those companies are.

D.I. 660-11 (8-2-2021 IDC Tr.) at 44:13-45:6.

Samsung objected to this:

> SAMSUNG: Your Honor, I believe that's an incredible overreach on their have on that. And we're going to have to come, you know, then be back here again…
> SAMSUNG: Your Honor, that's – Samsung's fine with that. I think we're trying to say the same thing, I just said it less eloquently. Mr. LaMagna agrees that Samsung can come back and say we have a few unicorn customers and he's amenable to considering it, then the order as expressed I believe is certainly less burdensome to Samsung.

D.I. 660-2 at 67:13-68:18.

All unproduced agreements are either irrelevant and should not be discussed to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

the jury, or should have been produced as ordered. In either case, the contents of those agreements should not be used or discussed in the upcoming retrial because Rule 37(b) precludes the use of information at trial that should have been, but was not, produced during discovery under Rule 26.

The Court previously addressed Netlist's request for a curative instruction relating to this issue, holding that because the evidence or argument had not been offered, the motion was premature.  D.I. 690 at 9-10 ("Netlist seeks 'a curative instruction' to 'preempt' Samsung from offering evidence that has not yet been proffered or excluded and that may be subject to objections at trial the Court may sustain or overrule"). The Court's ruling expressly allowed Netlist to raise this issue should Samsung attempt to introduce agreements again improperly at trial. *Id.* at 10 ("The motion is denied without prejudice to Netlist raising appropriate objections at trial.").

Netlist respectfully requests the Court prevent Samsung from discussing any supply agreements that it failed to produce in discovery.  If Samsung does so, Netlist will respectfully request that the Court instruct the jury that Samsung produced only four supply agreements in this case, and that it should not consider any testimony concerning Samsung supply agreements beyond those four.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Dated:  March 20, 2025

Respectfully submitted,

IRELL & MANELLA LLP
Jason Sheasby
Lisa S. Glasser
Michael Harbour

By: */s/ Jason Sheasby*
    Jason Sheabsy

## CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2025, a copy of the foregoing was served to all counsel of record via the Court's ECF System.

*/s/ N. Isabella Chestney*
N. Isabella Chestney