JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-WLH (ADS)<br><br>**NETLIST'S RENEWED REQUEST FOR AN INSTRUCTION REGARDING NETLIST'S PERFORMANCE UNDER THE JDLA**<br><br>Trial date: March 18, 2025<br>Location:   Courtroom 9B<br>Judge:        Hon. Wesley L. Hsu |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

-i-

Netlist respectfully requests that the jury instructions include the following curative instruction:

"The jury should disregard any suggestion by Samsung's attorneys or witnesses that Netlist did not perform its obligations under the JDLA. It is an established fact that Netlist performed all of its obligations under the JDLA." This tracks the established facts under issue preclusion and law of the case, as recited in Judge Scarsi's summary judgment order. Dkt. 186 at 13:28-14:1 ("There is no genuine dispute that Netlist performed its obligations under the JDLA.").

Samsung began the trial by telling the jury "[a]nd one of the reasons [the joint development product] didn't come to market is because as soon as the ink was dry on this contract, Netlist refused to do the joint work." Tr. 238:11-13. Netlist previously moved for a curative instruction to address these improper arguments. Dkt. 724. This Court declined to grant a curative instruction when it took over the case, but noted "I may have been inclined to grant an instruction at the time of the opening statement, but I think now is – or before closing arguments." Tr. Tr. 444:9-14. The Court further instructed Samsung:

> I do think that it is -- it is decided and not an issue in the case that Netlist did not breach the agreement. So I guess all I'm saying is be careful where you tread, because I'm not ruling that the instruction is inappropriate at all in the case. It will depend on what is said in closing argument with respect to Netlist's performance. Okay? So I guess the request for the instruction is denied without prejudice.

*Id.* 445:3-11.

Netlist now re-urges its request for an instruction to the jury that as a matter of law, Netlist complied with all of its obligations under the JDLA, including all of its obligations under the Joint Development Project. This is precisely in line with the Court's binding holding on summary judgment that "[t]here is no genuine dispute that Netlist performed its obligations under the JDLA." Dkt. 186 at 13:28-14:1. The requested instruction is necessary because following the improper remarks Samsung

made in opening, Samsung continued throughout the remainder of trial to suggest to the jury that Netlist breached its obligations.

In spite of the Court's warning to Samsung to "be careful where you tread," in its examination of Dr. Indong Kim, Samsung repeatedly elicited testimony on this same subject:

> Q. When was the customer sample of NVDIMM-P supposed to be developed?
> A. Same time, December 31st of 2016.
> Q. Okay. And that is what is shown in the far right box. That's Q4 of 2016. It's the fourth quarter of 2016?
> A. That is correct.
> Q. All right. Now, you testified earlier that Netlist never joined JEDEC NVDIMM-P, this committee; is that right?
> A. That is correct.
> Q. All right. So now, did you -- did Samsung and your engineers, did you meet these milestones?
> A. We didn't.
> …
> Q. So a couple of years late?
> A. That is correct.
> Q. Would that have gone faster if you had had a joint development partner as the agreement said?

Tr. 89:11-90:7

At this point, the Court sustained Netlist's objections under Rule 403 and law of the case. *Id.* 90:8-10. However, only moments later, Samsung's counsel proceeded with this questioning:

> Q. Now, you testified earlier that Netlist never joined the JEDEC committee working on NVDIMM-P; is that right?
>
> A. That is correct.
>
> Q. At some point did you feel an obligation to report to Samsung executives and management that Netlist was not joining JEDEC and working with you on NVDIMM-P?

Tr. 91:22-92:2

Following this question, Netlist reiterated its objections and requested a curative instruction. The Court warned Samsung again "So I'll sustain the objection, but ***the instruction is going to -- is going to come if we keep going down this road***." *Id.* 92:5-7.

In Samsung's closing statement, Samsung's counsel proceeded to opine at length on the claim Netlist failed to comply with its obligations under the JDLA, while Samsung worked to move the project along and persistently attempted to get Netlist to comply with its part of the JDP:

> [A]nd then there were issues with the fact ***that they weren't moving forward on the joint development project***. And you heard from Dr. Kim, saying ***they just were not pursuing it***. They were trying to get Samsung interested in a different product, not the one that they had agreed upon in the JDLA. And Samsung was patient, listened to their proposals, ideas, but, you know -- and by the way, you heard the argument that this contract contains a provision that says that Samsung can cancel the joint development arrangement anytime they want. They never did. Did they show you any evidence that we actually sent a notice to Netlist saying, "Hey, you know, we are out. You are not doing anything. We are out"? They didn't suspend it. They didn't notify them. They kept trying to work with them, trying to convince them, "Hey, I hear you about your other products, but let's -- show me how we can do something on this dash P that we are working together." In the meantime, as you heard, Dr. Kim and his people were working full blast on it.
> …
> And here you saw the -- here ***you saw what Dr. Kim testified to about all the work that they did and -- to move forward on this project. And that had to happen.*** You have to create a blueprint. You have to build a specialized controller chip. You have to assemble the prototype, a prototype for a controller with the NAND and the DRAM. ***And for whatever reasons, Netlist just didn't want to go forward with it.***

Rough Day 4 Tr. 196:24-198:15.

This testimony is entirely inappropriate, and directly contradicts the law of the case: that "[t]here is no genuine dispute that Netlist performed its obligations under the JDLA." Dkt. 186 at 13:28-14:1.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

When denying Netlist's prior request for a curative instruction without prejudice, the Court made clear "I'm not ruling that the instruction is inappropriate at all in the case. ***It will depend on what is said in closing argument with respect to Netlist's performance***." Tr. 445:5-9. Samsung's counsel heard this, and proceeded to expound on its opening arguments suggesting that Netlist breached the JDLA. Now that the jury has heard this argument in opening, through witness testimony, and in closing, a curative instruction is certainly warranted to ensure the jury does not begin deliberations with the mistaken impression that Netlist somehow did not comply with its obligations under the JDLA. If the jury is not instructed that Netlist complied with its obligations, there is a real risk that Samsung's repeated injections of this improper argument will taint the jurors' understanding of the case. Netlist thus respectfully re-raises its request that a curative instruction be given to the jurors at the same time the Court gives them its other final instructions. This is not unfairly prejudicial to Samsung—it was warned multiple times that an instruction would be given if its continued with the improper arguments that Netlist failed to comply with its obligations, and it chose to do so anyways. Rather, the instruction is necessary to avoid prejudice to Netlist and to ensure the jurors do not have a misleading perception of the facts of the case or the issues they are to decide.

Dated: March 22, 2025

Respectfully submitted,

*/s/ Jason Sheasby*

Jason Sheasby
Lisa S. Glasser
Michael Harbour
**IRELL & MANELLA LLP**

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-4-

|   |   |
|---|---|
| 1 | 840 Newport Center Drive, Suite 400 |
| 2 | Newport Beach, CA 92660 |
| 3 | ***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2025, a copy of the foregoing was served to all counsel of record via the Court's ECF System.

*/s/ N. Isabella Chestney*
N. Isabella Chestney

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-5-