JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200


Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>                    Defendant. | Case No. 8:20-cv-00993-WLH (ADS)<br><br>**NETLIST INC.'S REPLY IN SUPPORT OF REQUEST FOR ISSUANCE OF INSTRUCTION**<br><br>Date:        March 18, 2025<br>Time:        2 p.m. PT<br>Location:   Courtroom 9B<br>Judge:       Hon. Wesley L. Hsu |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1    Samsung now claims that its argument at closing was that it did not supply

2    product because of Netlist's "lack of work[] on the JDLA," because Netlist did not

3    "commit resources to the JDLA," and because Netlist allegedly did not "move

4    forward" with the Joint Development Project under the JDLA. Opp. (Dkt. 746) at

5    1:13, 2:1, 3:9.  According to Samsung, this is somehow different from arguing that

6    Netlist did not perform its joint development obligations under the agreement.  This

7    is a distinction with no difference, particularly given that Samsung's counsel

8    repeatedly presented these arguments as failures to perform under the agreement. *See,*

9    *e.g.,* Rough Day 4 Tr. At 196 ("they just were not pursuing it. They were trying to get

10   Samsung interested in a different product, *not the one that they had agreed to in the*

11   *JDLA*"); Tr. 238:11-14 ("as soon as the ink was dry *on the contract*, Netlist refused

12   to do the joint work").

13   Samsung's argument that the instruction should not be given because it was not

14   given at the last trial also has no merit. Samsung's counsel did not make the same

15   improper statements in the previous trial. At this trial, Samsung's counsel explicitly

16   and repeatedly made exactly the argument that was rejected on summary judgment.

17   Specifically, the Court held that "[t]here is no genuine dispute that Netlist **performed**

18   **its obligations** under the JDLA." Dkt. 186 at 13-14.  This was in response to the

19   following evidence provided by Samsung, which is essentially verbatim to what was

20   argued to the jury in closing at this trial:

21      "Samsung engineer Indong Kim testified Netlist abandoned the
        NVDIMM-P standardization project that was a core component of the
22      joint development work under the JDLA at some point before 2017.
        GMF 91. There was no written amendment authorizing Netlist to do so.
23      And Chuck Hong testified that, in 2017, Netlist went its "separate
24      ways" from Samsung and, instead of continuing work under the
        NVDIMMP protocol, used the foundational development work and
25      moved to a different product without Samsung."
26

27   Dkt. 158 at 24.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1    In summary, Samsung's statement that Netlist "refused to do the joint work" is

2   a statement that Netlist breached the JDLA, regardless of Samsung's attempt to frame

3   it otherwise. This statement is precluded by the Court's summary judgment ruling

4   against it, finding there was "***no genuine dispute that Netlist performed its***

5   ***obligations*** under the JDLA." Dkt. 186 at 13-14. Samsung does not deny that this is

6   law of the case.

7    Moreover, Samsung's new spin that the argument should be permitted to show

8   why its non-performance was excused is also barred for a second reason, which is that

9   Samsung failed to disclose it during discovery and Judge Scarsi therefore barred the

10   argument, once again law of the case. Netlist's Interrogatory No. 2 specifically asked

11   Samsung to "Describe each instance in which Samsung or any of its affiliates ignored,

12   denied, reduced, limited, restricted, or declined to fulfill Netlist's requests or orders

13   for NAND and DRAM Products since November 12, 2015, including the reasons why

14   such requests or orders were not fulfilled." Ex. 1 (Samsung's 2nd Suppl. Responses

15   to Netlist's 1st Set of ROGs) at 5. Samsung explained that "[t]he decision on whether

16   Defendant can support each individual request is made based on overall market

17   conditions." *Id.* at 6. Judge Scarsi previously precluded Samsung from arguing that it

18   declined to supply Netlist for any reason other than "overall market conditions"

19   because this was the only reason Samsung disclosed:

20   
21   
22   
23   Samsung's arguments are inconsistent with the position it took in discovery. Samsung maintained that it elected not to honor Netlist's requests "based on overall market conditions"—that is, not based on any conditions particular to Netlist or its product orders. (Def. Samsung's 2d Suppl. Resps. to Pl. Netlist's 1st Set of Interrogatories 6, ECF No. 236-3.)

24   Dkt. 243 at 8.

25    Samsung is thus additionally barred under both Rule 37(c)(1) and law of the

26   case from arguing that it declined to supply Netlist due to Netlist's "refusal to do joint

27   [development] work," as this is clearly a reason "particular to Netlist."

28   

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-2-

1

2

3

4
Dated: <u>March 23, 2025</u>                Respectfully submitted,

5

6                                          */s/ Jason Sheasby*

7                                          Jason Sheasby

8                                          Lisa S. Glasser
                                           Michael Harbour
9                                          **IRELL & MANELLA LLP**

10                                         840 Newport Center Drive, Suite 400
                                           Newport Beach, CA 92660
11
                                           ***Attorneys for Plaintiff Netlist, Inc.***
12

13

14
                    **CERTIFICATE OF SERVICE**
15
        I hereby certify that, on March 23, 2025, a copy of the foregoing was served to
16
17   all counsel of record via the Court's ECF System.

18                                          */s/ N. Isabella Chestney*
                                            N. Isabella Chestney
19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

-3-