DANIEL M. PETROCELLI (SB 97802)
dpetrocelli@omm.com
RYAN YAGURA (SB 197619)
ryagura@omm.com
DREW BREUDER (SB 198466)
dbreuder@omm.com
LEAH GODESKY (SB 336854)
lgodesky@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

MARC J. PENSABENE (*pro hac vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Defendant
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-WLH-ADS<br><br>**DEFENDANT SAMSUNG'S NOTICE OF MOTION AND MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[[Proposed] Order and Declaration of Leah Godesky filed concurrently herewith]<br><br>Date: July 11, 2025<br>Time: 1:30 pm<br>Location: Courtroom 9B<br>Judge: Hon. Wesley L. Hsu |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**TO ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on July 11, 2025, at 1:30 pm, in Courtroom 9B of the above-captioned court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Samsung Electronics Co., Ltd. ("Samsung") will, and hereby does, move the Court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, for a new trial.

Samsung's motion is made on the grounds that a number of the empaneled jurors made material false representations in their responses to the Court's written *voir dire* questionnaire, raising a presumption of juror bias.

This motion is based on this Notice of Motion, the attached memorandum of points and authorities, the Declaration of Leah Godesky filed concurrently herewith, the pleadings, records, and files in this case, and such other matters that may be raised at the hearing.

Pursuant to Local Rule 7-3 and the instructions of the Court, this motion is made following conference of counsel, which took place on April 28, 2025.

DATED: May 5, 2025                O'MELVENY & MYERS LLP

By:   */s/ Daniel M. Petrocelli*
      Daniel M. Petrocelli
      Attorneys for Defendant Samsung
      Electronics Co., Ltd.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Samsung Electronics Co., Ltd. ("Samsung") respectfully moves for a new trial pursuant to Federal Rule of Civil Procedure 59. Under binding Ninth Circuit law, a new trial is warranted if the verdict is tainted by juror bias. And bias is presumed where jurors materially lie to secure a seat on the jury. Samsung's investigation has uncovered that at least three of the empaneled jurors provided false or misleading information in response to *voir dire* questions relating to their litigation history. This lack of candor raises a presumption of bias that requires a new trial.

Samsung thus respectfully requests that the Court vacate the jury's verdict and order a new trial.[1]

---

[1] Samsung believes that a new trial is warranted for several additional reasons that Samsung intends to raise on appeal, including, but not limited to: (i) arguments concerning the content of the jury instructions, *see, e.g.*, Declaration of Leah Godesky ("Godesky Decl.") Ex. 26 (3/21/25 Trial Tr.) at 826:12-862:4; (ii) arguments concerning admissibility of evidence and testimony, *see, e.g.*, Godesky Decl. Ex. 25 (3/20/25 Trial Tr). at 612:10-621:2 (Court ruling that Trial Exhibit 519, *see* Godesky Decl. Ex. 21, is not admissible as a business record and limitation on Samsung's questioning relating to that document); and (iii) arguments concerning the ability of certain Samsung witnesses to testify, *see, e.g.*, ECF No. 690 at 7-8; Godesky Decl. Ex. 22 (3/17/25 Further Final Pretrial Conference Tr.) at 56:9-60:7; Godesky Decl. Ex. 24 (3/19/25 Trial Tr.) at 411:13-418:17; Godesky Decl. Ex. 25 (3/20/25 Trial Tr.) at 445:12-446:4. These errors individually and collectively warrant a new trial. *See Sidibe v. Sutter Health*, 103 F.4th 675, 688 (9th Cir. 2024). But because the Court has ruled on these various issues, Samsung does not raise them again here.

## II. ARGUMENT

### A. A New Trial Is Required Because The Trial Was Tainted By Juror Bias

Under Rule 59, a new trial is appropriate "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). It is the "duty" of the trial judge to "set aside the verdict … to prevent … a miscarriage of justice." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (quotations omitted). Here, the verdict must be set aside because it was tainted by the presence of at least three jurors who materially lied during the *voir dire* process, giving rise to a conclusive presumption of bias under binding Ninth Circuit precedent.

"The presence of a biased juror cannot be harmless; the error *requires* a new trial without a showing of actual prejudice." *Dyer v. Calderon*, 151 F.3d 970, 973 n.2 (9th Cir. 1998) (en banc) (emphasis added). The Ninth Circuit recognizes three types of juror bias, any of which "requires a new trial without a showing of actual prejudice": (1) actual bias; (2) implied (or presumed) bias, which may exist where "a prospective juror … has repeatedly lied about a material fact to get on the jury"; and (3) "*McDonough*-style bias," which arises where a juror fails to answer a question honestly during *voir dire* and a truthful answer would have provided a basis for a valid for-cause challenge. *United States v. Olsen*, 704 F.3d 1172, 1189 (9th Cir. 2013). Any "[d]oubts regarding bias must be resolved against the juror." *United States v. Gonzalez*, 214 F.3d 1109, 1114 (quotations omitted). As Judge Scarsi recognized, this framework "is equally applicable to civil cases" as it is to criminal and habeas cases. ECF No. 640 at 13 n.11; *see Rodriguez v. City of Los Angeles*, 891 F.3d 776, 803-06 (9th Cir. 2018) (applying framework in civil case).

The *en banc* Ninth Circuit has recognized two distinct situations in which implied bias may arise. First, bias is implied where the "relationship between a

prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial"—such as where the juror has some personal experience with events similar to those at issue in the trial. *Fields v. Brown*, 503 F.3d 755, 770 (9th Cir. 2007) (quoting *Gonzalez*, 214 F.3d at 1112). Second, bias is presumed where the juror's lies during *voir dire* "imply that the juror concealed material facts in order to secure a spot on the … jury." *Id.* (quoting *Dyer*, 151 F.3d at 982).

At issue here is the second form of implied bias, based on a juror's dishonesty during *voir dire*. As the *en banc* Ninth Circuit explained in *Dyer*, bias is presumed—and a new trial must be ordered—where a juror "lies in order to secure a seat on the jury." *Dyer*, 151 F.3d at 983; *see also Green v. White*, 232 F.3d 671, 677 & n.7 (9th Cir. 2000). That is so because a juror who "lies materially and repeatedly in response to legitimate inquiries about her background introduces destructive uncertainties into the process," even in the absence of evidence of actual bias. *Dyer*, 151 F.3d at 983. Such a juror "can be expected to treat her responsibilities as a juror … with … scorn," and "may believe that the witnesses also feel no obligation to tell the truth and decide the case based on her prejudices rather than the testimony." *Id.*[2]

Importantly, under *Dyer*, it does not matter *why* a juror wished to serve on the jury, or whether the juror was actually biased. As the Ninth Circuit explained:

> We don't know why [the juror] so cherished her seat on Dyer's jury. … The individual who lies in order to improve his chances of serving has too much of a stake in the matter to be considered indifferent. Whether the desire to serve is motivated by an overactive sense of civic duty, by a desire to avenge past wrongs, by the hope of writing a memoir or by

---

[2] State courts have reached similar conclusions. *E.g.*, *Johnson v. McCullough*, 306 S.W.3d 551, 558 (Mo. 2010) (new trial required, and bias and prejudice presumed, where juror intentionally concealed litigation history in *voir dire*); *Perl v. K-Mart Corp.*, 493 So. 2d 542, 543 (Fla. Dist. Ct. App. 1986) (remanding for new trial where juror failed to disclose involvement in previous lawsuits).

1 some other unknown motive, this excess of zeal introduces the kind of unpredictable factor into the jury room that the doctrine of implied bias is meant to keep out.

*Id.* at 982. What matters is whether the juror's lies give rise to the inference that she was "not indifferent to service on the jury." *Id.*









**B.     Submission of Trial Exhibit 132 to Clarify The Record For Appeal**

One argument that Samsung raised at trial (and that this Court rejected) bears mentioning for purposes of clarifying the record. *See* 9th Cir. R. advisory committee's note to Rule 27-14 ("[T]his Court does not have access to trial exhibits …. Therefore, the parties are encouraged during the course of the district court proceedings to file documentary exhibits electronically …."). Both in a position statement filed on the first day of trial, *see* ECF No. 720 at 6-9, and several times orally, *see, e.g.*, Godesky Decl. Ex. 23 (3/18/25 Trial Tr.) at 35:8-38:5; Godesky Decl. Ex. 25 (3/20/25 Trial Tr.) at 554:2-557:15, Samsung argued that under the rule of completeness, *see* Fed. R. Evid. 106, the Court should not allow Netlist to offer

Trial Exhibit 132 without also allowing Samsung to offer Trial Exhibit 1354. (Samsung also explained that Exhibit 1354 was separately admissible as a business record. ECF No. 720 at 9; Godesky Decl. Ex. 25 (3/20/25 Trial Tr.) at 556:2-557:1.)

This Court rejected Samsung's argument. *See, e.g.*, Godesky Decl. Ex. 25 (3/20/25 Trial Tr.) at 556:18-23, 652:10-16. Samsung raises it again here not to reargue the issue but only because of the need to clarify the record for appeal. In the end, Netlist did not offer Exhibit 132, which is the Exhibit Samsung had referenced in its pretrial filings and in-trial oral argument concerning the rule of completeness. Rather, Netlist offered during the testimony of Hyun-Ki Ji Exhibit 117, which is identical to Exhibit 132 in all relevant respects. *See* Godesky Decl. ¶¶ 13-14. Samsung, thus, herewith submits a copy of Trial Exhibit 132 (Godesky Decl. Ex. 20) to provide a complete record on appeal and make clear that Samsung's references to Trial Exhibit 132 in its trial arguments should be understood to also refer to the substantively identical admitted Trial Exhibit 117. Indeed, Samsung again tried to admit Exhibit 1354 during Mr. Ji's testimony after Exhibit 117 was admitted, and the Court again sustained Netlist's hearsay objection to Exhibit 1354 based on its prior ruling rejecting Samsung's rule-of-completeness argument. *See* Godesky Decl. Ex. 26 (3/21/25 Trial Tr.) at 783:7-14.

Samsung continues to maintain that this Court's ruling was erroneous, and while Samsung believes that a new trial is required based on this prejudicial error, Samsung understands that the Court disagrees and raises this issue here only to clarify the appellate record.

### III.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court vacate the jury's verdict and order a new trial pursuant to Rule 59.

| | | |
|---|---|---|
| 1 | DATED: May 5, 2025 | O'MELVENY & MYERS LLP |
| 2 | | |
| 3 | | By:    */s/ Daniel M. Petrocelli* |
| 4 | |       Daniel M. Petrocelli |
| | |       Attorneys for Defendant Samsung |
| 5 | |       Electronics Co., Ltd. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Samsung Electronics Co., Ltd., certifies that this brief contains 2,686 words, which complies with the word limit of Local Rule 11-6.1.

DATED: May 5, 2025         By:       */s/ Daniel M. Petrocelli*
                                      Daniel M. Petrocelli