JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile:  310.203.7199

LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile:  949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-WLH (ADS)<br><br>**NETLIST'S RESPONSE TO SAMSUNG'S OBJECTIONS TO NETLIST'S APPLICATION TO TAX COSTS**<br><br>Judge Wesley L. Hsu |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

11305095

# TABLE OF CONTENTS

**Page**

I. Netlist's Costs for Deposition Transcripts are Taxable. ................................. 1

II. Netlist's Costs for Reasonable Stenographic Reporter Fees are Taxable. ........................................................................................................ 3

III. Netlist Agrees Not to Pursue Document Translation Costs. ........................... 3

IV. Netlist's Copying Costs are Taxable. ............................................................... 3

V. Netlist's Costs for Visual Aid Production are Taxable. ................................... 5

VI. Netlist's Costs for Service of the Complaint are Taxable. ............................... 8

VII. Conclusion ........................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*,
  No. C -10-00482-EDL, 2013 U.S. Dist. LEXIS 31952 (N.D. Cal.
  Jan. 30, 2013) .................................................................................................. 7

*Andresen v. Int'l Paper Co.*,
  2015 U.S. Dist. LEXIS 75912 (C.D. Cal. June 10, 2015) .................................. 5

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
  No. CV 16-3714-GW, 2020 U.S. Dist. LEXIS 153768 (C.D. Cal.
  Aug. 13, 2020) ............................................................................................. 7, 8

*Champion Produce, Inc. v. Ruby Robinson Co.*,
  342 F.3d 1016 (9th Cir. 2003) .......................................................................... 1

*Dowd v. City of L A.*,
  28 F. Supp. 3d 1019 (C.D. Cal. May 23, 2014) ............................................... 7

*Enovsys LLC v. AT&T Mobility LLC*,
  No. CV 11-5210 SS, 2016 U.S. Dist. LEXIS 187800 (C.D. Cal.
  June 15, 2016) ............................................................................................. 6, 7

*Farstone Tech., Inc. v. Apple Inc.*,
  No. 8:13-cv-1537-ODW, 2016 U.S. Dist. LEXIS 136258 (C.D. Cal.
  Sept. 30, 2016) ................................................................................................ 4

*Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,
  920 F.2d 587 (9th Cir. 1990) ............................................................................ 6

*Jang v. Sagicor Life Ins. Co.*,
  No. EDCV 17-1563-JGB, 2019 U.S. Dist. LEXIS 208595 (C.D.
  Cal. Oct. 25, 2019) ........................................................................................... 5

*Little Oil Co. v. Atlantic Richfield Co.*,
  852 F.2d 441 (9th Cir. 1988) ............................................................................ 7

*Meier v. United States*,
  No. C 05-04404 WHA, 2009 U.S. Dist. LEXIS 31391 (N.D. Cal.
  Apr. 13, 2009) .................................................................................................. 4

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

11305095

| | | |
|---|---|---|
| 1 | *Shum v. Intel Corp.*, | |
| 2 | 682 F. Supp. 2d 992 (N.D. Cal. 2009) | 6 |
| 3 | *Stanley v. Uni. of S. California*, | |
| 4 | 178 F.3d 1069 (9th Cir. 1999) | 1 |
| 5 | *Syneron Med. Ltd. v. Invasix, Inc.*, | |
|   | 2019 U.S. Dist. LEXIS 74567 | 6, 7, 8 |
| 6 | | |
| 7 | *Yuga Labs, Inc. v. Ripps*, | |
|   | No. 2:22-cv-04355-JFW, 2024 U.S. Dist. LEXIS 24303 (C.D. Cal. | |
| 8 | Jan. 11, 2014) | 5 |

**Rules**

| | | |
|---|---|---|
| Fed. R. Civ. P. 4 | | 8 |
| Fed. R. Civ. P. 54 | | 1 |
| L.R. 53-2.1 | | 1 |
| L.R. 54-3.2 | | 8 |
| L.R. 54-3.5 | | 1, 2, 3 |
| L.R. 53-3.10 | | 3, 4, 5 |
| L.R. 53-3.12 | | 5, 6 |

# RESPONSE TO SAMSUNG'S OBJECTIONS TO NETLIST'S APPLICATION TO TAX COSTS

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party," *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003), and Samsung bears the burden "to demonstrate why costs should not be awarded," *Stanley v. Uni. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Samsung has not met its burden. As set forth below, Netlist withdraws its request for **$449.70** in deposition transcript costs based on an arithmetic error in Tab 5A and **$6,164.01** in interpreter fees for trial exhibits. As to the remaining costs, however, Samsung fails to demonstrate that they are not taxable. The Court should thus award Netlist **$268,682.54** in costs.

## I.  Netlist's Costs for Deposition Transcripts are Taxable.

In accordance with L.R. 54-3.5, Netlist has only sought deposition transcript costs for those transcripts that were "cited in motion practice, trial deposition designations, cross-examination preparation, and/or played before the jury." Dkt. No. 776-1, Harbour Decl. ¶ 6(a). The itemized invoices confirm that Netlist only seeks costs for transcripts from the following depositions: Gail Sasaki, Steven Metz, Raymong Jiang, Kyuhan Han, Indong Kim, Hyun-Ki Ji, Lane Kihoon Kim, Hyeok-Sang Yoo, Neal Knuth, Byung Yeop Jeon, Joseph McAlexander, Mike Akemann, Byung Wook Kam, and Douglas Kidder. Dkt. No. 776-6 (Tab 5A). Notably, Samsung does not dispute that these depositions were "used . . . in connection with the case." L.R. 54-3.5.

Neither L.R. 54-3.5, nor L.R. 53-2.1, requires Netlist or the Court to comb through the Court's docket page by page to show where each deposition transcript was used. L.R. 54-3.5(a) permits taxing "[t]he reasonable cost of preparing the original transcription of the oral portion of a deposition for ordinary, non-expedited delivery after the deposition is taxable if the transcript is used for any purpose in connection with the case." And LR 54-2.1 requires that "[t]he bill [of costs] must state

separately and specifically each item of taxable costs claimed. Sufficient documentation to support the amount and taxability of each item, such as an invoice, receipt, or other record of the expenditure, must be attached to the Form CV-59 when filed." The Harbour Declaration and itemized invoices provide sufficient documentation to demonstrate to the Clerk that the deposition transcript costs sought by Netlist are taxable, as evidenced by the Clerk's previous grant of these costs based on the same documentation after the first trial. *See* Dkt. No. 321.

Arithmetic Error: Netlist agrees that there is an arithmetic error in the calculation of costs for Volume 1 of the Hyeok-Sang Yoo transcript. *See* Dkt. No. 776-6 (Tab 5A). Accordingly, Netlist agrees to reduce the prior claimed amount of $1,409.45 by $449.70, to the correct sum of $959.75. Netlist thus agrees to reduce the claimed amount for deposition transcript costs from $21,273.60 to **$20,823.90**.

Rough Drafts: The Local Rules do not support Samsung's position that a party defending a deposition is not entitled to claim costs for an original deposition transcript and a copy of the transcript that is used in connection with the case. Indeed, the Local Rules do not distinguish between parties defending or taking depositions at all. Nor does Samsung point to any other legal authority supporting its interpretation of the Local Rules.

L.R. 54-3.5 states that "[t]he reasonable cost of preparing the original transcription of the oral portion of a deposition for ordinary, non-expedited delivery after the deposition is taxable if the transcript is used for any purpose in connection with the case. . . . The reasonable cost of one additional copy of the transcript, in any form (including a rough draft), is taxable. The reasonable cost of one copy of the transcript is also taxable when purchased by a party that did not purchase the original." L.R. 54-3.5. Here, Netlist seeks to tax costs for "the original transcription" of the depositions and "one additional copy," as permitted by the Local Rules. The Court should thus decline to adopt Samsung's argument that Netlist is not entitled to $991.50 in costs for additional transcript copies. *See* Dkt. No. 783.

## II. Netlist's Costs for Reasonable Stenographic Reporter Fees are Taxable.

L.R. 54-3.5(b) states that "[t]he reasonable fees of a stenographic reporter and, if necessary to take the deposition, . . . an interpreter, are taxable for time attending a deposition." The Local Rules do not prohibit taxing surcharges for attending translated depositions, nor does Samsung cite case law supporting its assertion that this charge is not taxable. These surcharges exist for a reason—translated depositions come with more work for the stenographer in attendance—and the rules state that translation services are taxable. Several Samsung witnesses required Korean language interpreters during their deposition, and Netlist accommodated Samsung's needs. This courtesy resulted in higher court reporter appearance fees for Netlist, and the Court previously awarded these costs after the first trial. *See* Dkt. No. 321. Netlist thus continues to seek **$9,632.50** as taxable costs for court reporter attendance at depositions.

## III. Netlist Agrees Not to Pursue Document Translation Costs.

Netlist agrees that it will not pursue **$6,164.01** in interpreter fees for trial exhibits.

## IV. Netlist's Copying Costs are Taxable.

Netlist seeks **$78,643.10** in costs it incurred to re-produce exhibits for trial—$10,938.05 for the first trial in 2021, $19,848.89 for the second trial in 2024, and $47,856.16 for the third trial in 2025. Dkt. No. 776 at 3; Dkt. No. 776-11 (Tab 10). Under L.R. 54-3.10, Netlist may tax "the cost of copying and delivering Mandatory Chambers Copies required by the Court," as well as "[t]he cost of physically replicating or reproducing material necessarily obtained for use in the case." L.R. 54.3-10 (a), (g). Netlist incurred these costs by complying with the Court's order, which stated that "Counsel shall submit to the Court 1 original set of exhibit binders, and 2 copies: the original set shall be for the witnesses, and the 2 copies are for the Court." (Dkt. No. 776-11 (Tab 10), at 18, reproducing Dkt. No. 41). Since the exhibits were comprised entirely of electronic files, rather than original documents, Netlist

necessarily had to print three copies of each exhibit to comply with the Court's order. Samsung's assertion that Judge Scarsi's Order only required two sets of exhibit binders is not supported by the Court's docket, which does not include an amended order altering the parties' obligations to submit copies of trial exhibits. The PDF template order on which Samsung relies (Dkt. No. 783 at 8) was not entered in this case and thus does not govern the parties' obligations. Further, the Court's order mandated that "[a]ll exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers." *Id.* This is certainly a "required format" for producing material, as Netlist had to produce exhibits in this manner to comply with the Court's order. L.R. 54-3.10(g).

Samsung's assertion that Netlist has failed to properly itemize these costs is also wrong. The Local Rules require "a consolidated itemization of copying costs, setting forth with specificity, particularity, and clarity the distinct tasks and services performed." L.R. 54-3.10. The itemized receipts provided by Netlist break down the copying costs based on "the distinct tasks and services" performed by the external vendor, and are therefore sufficient documentation to establish that these costs are taxable. Neither Netlist, nor the Court, is required to "engage in a page by page analysis of the documents to determine whether the extra expense" for the third trial "was warranted"; instead, the Court may "rel[y] on the representations of Plaintiff's counsel that the expenses were necessarily incurred." *Farstone Tech., Inc. v. Apple Inc.*, No. 8:13-cv-1537-ODW, 2016 U.S. Dist. LEXIS 136258, *13 n. 5 (C.D. Cal. Sept. 30, 2016); *see also Meier v. United States*, No. C 05-04404 WHA, 2009 U.S. Dist. LEXIS 31391, *6 (N.D. Cal. Apr. 13, 2009) ("[T]his order declines to require defendant to provide copy-by-copy documentation of the costs" and "accepts that they were necessarily incurred" because explaining the cost in the declaration in support of the bill of costs, and providing the page number and cost per page were sufficient documentation.). Although Netlist conducted more copying in-house for the second

trial than it did for the third, resulting in the higher copying costs from Keystone for the third trial, its copying costs for the third trial are still taxable under this precedent.

Further, Samsung's argument that Netlist is not entitled to recover any copying costs for the third trial because the third trial proceeded on the same exhibit list as the second trial is unreasonable. Nothing in the rules require Netlist to retain crates of binders for nearly a year in anticipation that there may be a third trial in this action. Netlist is entitled to tax copying costs incurred during the third trial, just as it is entitled to tax copying costs for the first two trials.

Finally, Samsung's argument that labor costs associated with copying exhibits are nontaxable is incorrect. The costs to produce and deliver the mandatory copies are taxable. Under the Local Rules, "[r]easonable document preparation costs are taxable, . . . including the cost of copying *and delivering*." L.R. 54-3.10; *see also Jang v. Sagicor Life Ins. Co.*, No. EDCV 17-1563-JGB, 2019 U.S. Dist. LEXIS 208595, *19 (C.D. Cal. Oct. 25, 2019) ("The Local Rules, however, permit courts to tax the cost of delivery for the documents."); *Yuga Labs, Inc. v. Ripps*, No. 2:22-cv-04355-JFW, 2024 U.S. Dist. LEXIS 24303, *32 (C.D. Cal. Jan. 11, 2014) (permitting recovery for rush delivery charges under L.R. 54-3.10(a)). The Local Rules do not exclude fees for labor relating to copying costs. *See* L.R. 54-3.10. Nor does Samsung, or its cited case provide any reason why these costs should be excluded. *See* Dkt. No. 783, citing *Andresen v. Int'l Paper Co.*, 2015 U.S. Dist. LEXIS 75912, at *9 (C.D. Cal. June 10, 2015).

## V. Netlist's Costs for Visual Aid Production are Taxable.

Netlist's costs of **$132,383.25** for visual aid production for the second and third trials are taxable under L.R. 54-3.12. These visual aids were "reasonably necessary to assist the jury . . . in understanding the issues at the trial." L.R. 54-3.12(a). While this case involved a contract dispute, it was by no means a "simple" dispute, as characterized by Samsung. Dkt. No. 783. The average lay juror is not familiar with patent licensing, and the contract involved highly technical products with bespoke

acronyms within a specialized industry. Further, Netlist's patents were on the line, and "millions of dollars" in prior patent infringement judgements "were at stake, which made the cost of preparing visual aids reasonable." *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 U.S. Dist. LEXIS 187800, *13 (C.D. Cal. June 15, 2016). Whether the slides reproduced copies of trial exhibits is inapposite. *See Syneron Med. Ltd. v. Invasix*, Inc., No. CV 16-0143-DOC, 2019 U.S. Dist. LEXIS 74567, *7–8 (C.D. Cal. Feb. 7, 2019) (awarding costs for visual aids that losing party argued "were merely reproductions or enlargements of exhibits and evidence already before the Court" because "the Special Master noted that she used the parties' slides as helpful guidance, suggesting that such slides were reasonably necessary for the Court") Nor is it material that some of the slides produced may not have been presented at trial. *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009) (Losing party's "objection that there should be no recovery for demonstratives that are not proven to have been used at trial is incorrect as a matter of law."); *see also Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc*., 920 F.2d 587, 588 (9th Cir. 1990) (costs of exemplification and copying made in anticipation of trial, but not used at trial, are recoverable).

Additionally, L.R. 54-3.12 expressly authorizes the Court to tax the cost of visual aid production, and Judge Scarsi's Order is sufficient documentation to support Netlist's Application to tax these costs. The Central District has previously noted the practical difficulties of requiring a party to "obtain, and attach, a court order approving visual aid costs before submitting the Application to Tax Costs to the Court Clerk" within the 14 day window after judgement. *Enovsys*, 2016 U.S. Dist. LEXIS 187800 at *10, *20–21 ("requir[ing] a prevailing party to submit a court order authorizing visual aid costs concurrently with an Application to Tax Costs" would "demand the impossible because the time necessary to meet and confer and to file and hear a noticed motion under the Court's Local Rules exceeds fourteen days.") Central District Courts have thus permitted prevailing parties to recover these costs without a

prior court order mandating the use of visual aids. *Id.*; *see also Dowd v. City of L A.*, 28 F. Supp. 3d 1019, 1049 (C.D. Cal. May 23, 2014) (awarding costs for visual aid production in the absence of a prior court order); *Little Oil Co. v. Atlantic Richfield Co.*, 852 F.2d 441, 448 (9th Cir. 1988) ("[T]he Local Rule . . . permits the district court to exercise its discretion" to award costs without a prior court order).

Finally, all of the claimed costs are taxable "physical production," rather than nontaxable "intellectual effort." Netlist only claimed costs for "Graphics Production" and did not claim costs for nontaxable "Technology Consulting." Dkt. No. 776-12 at 5, 13, 20. "To discern between physical and substantive preparations in determining costs, courts look for supporting evidence, including descriptions of visual aid preparation in invoices." *Syneron Med. Ltd. v. Invasix, Inc.*, 2019 U.S. Dist. LEXIS 74567 at *5 (awarding costs for visual aid production, with the exception of billed entries "for meetings regarding the visual aids"). Although Samsung points to descriptions of "Trial Preparation" and "Onsite trial support" as "vague," these descriptions appear under the heading of "Graphics Production," and correspond to work done to physically produce the graphics used at trial. *See* Dkt. No. 776-12 at 21. Written descriptions do not need to state in minute detail exactly which slide decks were created in each billing entry. *See Enovsys*, 2016 U.S. Dist. LEXIS 187800 at *21 ("The Court also finds that entries for 'communication design' reflect work done on the preparation of visual aids and are thus eligible for reimbursement."); *Alzheimer's Inst. of Am., Inc. v. Elan Corp*. PLC, No. C -10-00482-EDL, 2013 U.S. Dist. LEXIS 31952, *20 (N.D. Cal. Jan. 30, 2013) (approving costs for "communication design" where "Declaration specifie[d] that the costs were for graphics production, not intellectual effort." Further, the amount of time billed in a single entry is inapposite where "the descriptions appear to reflect physical preparation of graphics," as they do here); *Cal. Inst. of Tech. v. Broadcom Ltd.*, No. CV 16-3714-GW, 2020 U.S. Dist. LEXIS 153768, *7 (C.D. Cal. Aug. 13, 2020) (awarding costs for "generic descriptions," including "Develop slides for tutorial" and "Communication Design");

*compare Syneron*, 2019 U.S. Dist. LEXIS 74567 at *8–9 ("[T]he four invoice entries for meetings to discuss the slide decks cannot be included in an award of costs," but permitting recovery for the remaining costs corresponding to physical production of visual aids). Nor does the length of time in each entry render time billed for graphics production as nontaxable "intellectual effort." *See Cal. Inst. of Tech.*, 2020 U.S. Dist. LEXIS 153768 at *7 (awarding costs for entries that billed "longer periods of time, such as 14.50, 15.00, and 17.00 hours").

## VI. Netlist's Costs for Service of the Complaint are Taxable.

Netlist properly seeks to tax the cost of service of the complaint to a foreign defendant in the amount of **$965.90**. The Local Rules state that "[r]easonable fees for service of process under F.R.Civ.P. 4 . . . are taxable." L.R. 54-3.2. Service of process to an international corporate defendant may be conducted under the Hague Convention. F.R.Civ.P. 4(f)(1), (h)(2).

Netlist's actions in initiating service under the Hague Convention was reasonable to ensure that Samsung had notice of the pending action. Netlist first attempted to serve Samsung by serving the complaint on the registered agent of Samsung's American subsidiary in California on June 26, 2020, in accordance with California state law. Dkt. No. 15, 16. However, Samsung Electronics America Inc. stated that it "[was] not authorized to accept service for any matters involving [Samsung]." Dkt. No. 16. Samsung further "assert[ed] that service on Samsung Electronics America is ineffective, and that Samsung is a Korean corporation that must be served under the Hague Convention pursuant to Rule 4." Dkt. No. 17 at 2. Netlist thus initiated service under the Hague Convention on July 9, 2020. *Id.* Time was of the essence in initiating this international service because "even before the [COVID-19] pandemic, service under the Hague Convention may take four months or more to complete." *Id.* Samsung did not waive service until August 28, 2020, nine weeks after Netlist's original service attempt, and seven weeks after Netlist initiated

service under the Hague Convention. *Id.* Under these circumstances, the fee for initiating service in Korea is reasonable and therefore taxable.

Further, the receipt provided by Netlist clearly indicates that the fee is for "Formal" "International Process" to Samsung in "S. Korea." Dkt. No. 776-3 at 3. After the first trial, the Court found that this documentation was sufficient to tax these costs, *see* Dkt. No. 321, and it remains sufficient here.

## VII. Conclusion

For the reasons discussed above, Netlist seeks to tax **$268,682.54** in costs.

Dated: May 8, 2025               Respectfully submitted,

*/s/ Michael Harbour*

Jason Sheasby
Lisa S. Glasser
Michael Harbour
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

*Attorneys for Plaintiff Netlist, Inc.*