UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00993-WLH-ADS | Date | June 27, 2025 |
| Title | *Netlist Inc. v. Samsung Electronics Co., Ltd.* | | |

Present: The Honorable  WESLEY L. HSU, United States District Judge

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE JUROR TESTIMONY**

The Court is currently scheduled to hear Defendant Electronics Co., Ltd.'s ("Defendant") Motion for a New Trial on July 11, 2025. (Motion, Docket No. 784). Defendant's Motion is premised on the assertion that three jurors lied to secure their spot on the jury by failing to report their involvement in civil actions. (*See generally* Motion). Based on a review of the papers and related case law the Court believes it necessary to elicit testimony from the jurors in question to determine whether the jurors were indeed dishonest. *See United States v. Olsen*, 704 F.3d 1172, 1194 (9th Cir. 2013) ("Concluding that a juror's 'repeated lies in voir dire' warrant an inference of bias requires first concluding that the juror lied in voir dire. That determination—whether a juror has been dishonest—remains 'a question of fact,' about which the district court here made findings."); *see also Pope v. Man-Data, Inc.*, 209 F.3d 1161, 1163 (9th Cir. 2000) (remanding case involving alleged *McDonough* bias to district court to conduct evidentiary hearing) ("An evidentiary hearing would normally be necessary for demonstration of dishonesty of a juror to be made."); *United States v. Warner*, No. 02 CR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

506-1,4, 2006 U.S. Dist. LEXIS 64085, at *134-36, (N.D. Ill. Sep. 7, 2006) (concluding, following *in camera* hearing with juror, that juror did not deliberately omit prior misdemeanor from juror questionnaire); *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2021 WL 3361031, at *20 (S.D. Fla. Aug. 3, 2021), *aff'd*, No. 19-12185, 2022 WL 4482715 (11th Cir. Sept. 27, 2022) (concluding, following juror testimony, that jurors were not dishonest despite failing to mention involvement in previous lawsuits during *voir dire*).

The Court **ORDERS** Defendant and Plaintiff Netlist Inc. ("Plaintiff") to file, by July 9, 2025, a status report proposing how the Court should elicit testimony from the jurors in question. If needed, the Court will continue or vacate the July 11, 2025, hearing.

**IT IS SO ORDERED.**