UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00993-WLH-ADS | Date | June 26, 2025 |
| Title | Netlist Inc. v. Samsung Electronics Co., Ltd. | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**  **(IN CHAMBERS) ORDER RE MOTIONS FOR DISCOVERY SANCTIONS [288]**

The Court is in receipt of Plaintiff Netlist Inc.'s ("Plaintiff") Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(2) (Motion, Docket No. 288); Defendant Samsung Electronics Co., Ltd.'s ("Samsung") Opposition (Opp'n, Docket No. 294) and Plaintiff's Reply (Docket No. 300). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 738 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 11, 2025, is **VACATED**, and the matter taken off calendar.

Plaintiff moves the Court to award attorneys' fees and expenses due to Defendant's unreasonable failure to admit in response to certain Requests for Admissions ("RFAs"). (Motion). On January 10, 2022, following the first trial in the matter, Plaintiff advanced a similar motion. (Docket No. 288). Judge Scarsi, who presided over the first trial, second trial and first day of the third trial, referred the motion to Magistrate Judge Spaeth. (Docket No. 302).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

On June 13, 2022, Judge Spaeth granted Rule 37(C)(2) sanctions for twelve RFAs. (Judge Spaeth Order, Docket No. 311 at 44). In doing so, she made specific findings that Plaintiff proved each underlying matter true and that no exception to issuing sanctions applied. (*See generally id.* (applying framework outlined in Fed. R. Civ. P. 37(c)(2)). Judge specifically granted attorneys' fees and related costs for depositions and other discovery tasks which Plaintiff relied upon to prove the facts at issue in the RFAs. (*Id.* at 41-45). Judge Spaeth denied Plaintiff's request to additionally award costs and fees related to Plaintiff's motion for summary judgment and the motion for fees itself. (*Id.* at 43-44).

In all, Judge Spaeth found that Plaintiff was entitled to $94,235.85. (*Id.* at 45). On or around July 28, 2022, Defendant paid Plaintiff the ordered sum. (Choi Decl., Docket No. 790-7 at ¶ 3). Plaintiff now argues that in the second trial on the matter—a trial which was completed over a year ago before a different District Judge (Docket No. 551)—Plaintiff incurred $309,244 in additional fees proving a selection of the same facts addressed in Judge Spaeth's order.

As Judge Spaeth explained in her order "[t]he language of Rule 37(c)(2) contemplates an award of 'reasonable expenses, including attorney's fees, incurred in making that proof.' The plain language of Rule 37(c)(2) suggests that only reasonable expenses incurred in proving the facts at issue in the RFAs are recoverable." (Judge Spaeth Order at 44 (citing Fed. R. Civ. P. 37(c)(2)). Other courts have similarly emphasized that parties may only recover fees and costs *necessarily* incurred by the opposing party's unreasonable failure to admit. *Unity Courier Serv. Inc. v. Hudson Ins. Co.*, No. 218CV08143RGKGJS, 2019 WL 6974309, at *5 (C.D. Cal. Nov. 6, 2019); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 581 (9th Cir. 1992) (concluding that district court abused discretion when awarding expenses that "did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

flow" from wrongful failure to qualify denials during discovery); *see also Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 102 (2017) ("[A] court may award only those fees that the innocent party would not have incurred in the absence of litigation misconduct.") (discussing sanctions outside of the context of Rule 37(C)(2)).

In June of 2022, Judge Spaeth found that Plaintiff proved facts that Defendant unreasonably refused to admit in discovery. Plaintiff was compensated for the costs incurred in proving those facts. Any further expenses which the Plaintiff incurred were not "incurred in making that proof." Rule 37(C)(2)). If Plaintiff incurred fees at the second trial by attempting to "prove" the facts which Judge Spaeth found had already been proven, it did so unnecessarily.[1] With Judge Spaeth's order in hand, Plaintiff could have asked Defendant to stipulate to the facts or could have asked the presiding District Judge to treat the facts as established. In other words, any fees which Plaintiff incurred at the second trial regarding the facts "did not flow" from Defendant's failure to admit in response to the RFAs. *Holmgren*, 976 F.2d at 581. The Court therefore **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

---

[1] The parties appear to agree that "a party may, in theory, be entitled to fees for establishing an element of its claims at trial, or a fact critical to one of those elements, that its opponent unreasonably failed to admit." (Opp'n at 10; *see generally* Motion (arguing the Plaintiff is entitled to fees incurred during trial). Because Judge Spaeth determined that Plaintiff had already proved the facts at issue in its Motion, Plaintiff did not need to establish those facts at the second trial and any case granting fees to a party that necessarily proved facts at trial is distinguishable. The specific cases cited by Plaintiff to support its claim that it is entitled to fees incurred in the second trial are inapposite. *Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab'y, Inc.*, No. 02CV0046-B (JMA), 2006 WL 8455410, at *4 (S.D. Cal. June 21, 2006) (rejecting defendant's argument that it was not liable for the expense of proof at trial because the court previously denied plaintiff's request for summary judgement and noting that "Rule 37(c) applies whether the fact was proven at trial or in a dispositive motion."); *Morse/Diesel, Inc. v. Trinity Indus., Inc.*, No. 84 CIV. 5791 RO, 1997 WL 470138, at *6 (S.D.N.Y. Aug. 14, 1997) (awarding, under the English Rule, plaintiff attorneys' fees incurred during a retrial); *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (remanding issue of discovery sanctions and instructing magistrate to consider "all expenses, whenever incurred, *that would not have been sustained* had the opponent conducted itself properly.") (emphasis added).