DANIEL M. PETROCELLI (SB 97802)
dpetrocelli@omm.com
RYAN YAGURA (SB 197619)
ryagura@omm.com
DREW BREUDER (SB 198466)
dbreuder@omm.com
LEAH GODESKY (SB 336854)
lgodesky@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

MARC J. PENSABENE (pro hac vice)
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendant
Samsung Electronics Co., Ltd.*

*Additional counsel listed on the following page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00993-WLH-ADS<br><br>**JOINT STATUS REPORT**<br><br><br>Date: July 11, 2025<br>Time: 1:30 pm<br>Location: Courtroom 9B<br>Judge: Hon. Wesley L. Hsu |

IRELL & MANELLA LLP
JASON G. SHEASBY (205455)
jsheasby@irell.com
LISA GLASSER (223406)
lglasser@irell.com
MICHAEL D. HARBOUR (298185)
mharbour@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Netlist Inc.*

Pursuant to this Court's Order (Dkt. 801), Plaintiff Netlist, Inc. ("Netlist") and Defendant Samsung Electronics Co., Ltd., ("Samsung") (collectively, the "Parties") submit this joint statement regarding how the Court should elicit testimony from the jurors identified in Samsung's Motion for New Trial (the "Motion") (Dkt. 784).

**Samsung's Position:**

Samsung proposes that the jurors should be subpoenaed for live, in-person testimony.[1] Assessing any potential explanation the jurors might offer for their nondisclosures requires assessing the jurors' "credibility and demeanor." *United States v. Olsen*, 704 F.3d 1172, 1191, 1194 (9th Cir. 2013) (quoting *Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). Live, in-person testimony puts the Court in the best position to make that assessment.

Samsung also proposes that the parties' attorneys be permitted to question the jurors following questioning by the Court. Because the parties have investigated the facts, they are in the best position to test the factual accuracy of any explanations the jurors might offer and to identify any inconsistencies between the jurors' answers and the actual facts. Unsurprisingly, courts confronting similar claims of implied juror bias have permitted the parties' attorneys to question the jurors. *See Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir. 1998) (en banc) (defendant's lawyer was permitted to question allegedly biased juror); *Price v. Kramer*, 200 F.3d 1237, 1255 (9th Cir. 2000) (juror was "questioned by opposing counsel" on alleged *voir dire* omissions). In the alternative, Samsung proposes that the parties be permitted to submit questions for the Court's consideration, both in advance of the hearing and after the Court has conducted its initial examination of the jurors.

---

[1] Samsung has no objection to Netlist's proposal that the jurors' testimony be taken under seal to protect the jurors' privacy.

Lastly, Netlist's argument (see below) that the Court may deny the Motion on the papers without questioning the jurors is meritless and ignores the clear direction by the Court. The Court did not invite briefing on the need for questioning of the jurors.[2] Rather, the Court determined that it is "necessary to elicit testimony from the jurors in question to determine whether the jurors were indeed dishonest" by failing to disclose past litigations during *voir dire*. ECF No. 801. Because the jurors have not offered any explanation for those nondisclosures, there is no basis on the present record for the Court to conclude that the jurors were not dishonest. There is similarly no basis for Netlist's suggestion that the Court should require Samsung to disclose additional details of Samsung's investigation of the jurors in connection with Netlist's unrelated argument that Samsung waived the relief sought in the Motion. Samsung laid out the relevant facts in its briefs, supporting attorney declaration and submitted exhibits, *see* ECF Nos. 784, 784-1, 796, and Netlist makes no showing that further burdensome discovery into Samsung's investigation is necessary or appropriate.

**Netlist's Position:**

Netlist respectfully submits that eliciting testimony from the jurors who Samsung alleges failed to correctly answer certain voir dire questions is not warranted. "[P]ost-trial interviews of discharged jurors are generally disfavored, as [courts] are 'always reluctant to haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct extraneous influences.'" *United States v. Self*, 681 F.3d 190, 199–200 (3d Cir. 2012); *United States v. Tucker*,

---

[2] To the extent the Court believes briefing on the propriety of questioning the subject jurors beyond that already included in connection with the Motion is desired, Samsung is prepared to provide such briefing.

137 F.3d 1016, 1037 (8th Cir. 1998) ("Needless posttrial interviews of jurors could result in juror harassment and cause grave danger to the effectiveness of our jury system."). This is because post-trial interviews can be intrusive and burdensome for jurors who have already completed their service. *See, e.g., United States v. Wilkerson*, 656 F. Supp. 2d 11, 21 (D.D.C. 2009) (The "avoidance of undue burden on jurors [is] a valid reason for denying" a request for post-trial interviews); *United States v. Kanahele*, 951 F. Supp. 928, 943 (D. Haw. 1996) (jurors "have an interest in privacy" which is "potentially compromised by post-trial juror interviews.").

Samsung has not met its burden of showing that intrusive and burdensome posttrial interviews are warranted here (nor did Samsung's New Trial Motion even request such relief). As explained in Netlist's Opposition to Samsung's New Trial Motion, even assuming all of Samsung's allegations are true, it would at most show that the jurors in question failed to disclose relatively minor litigations that occurred many years ago that are completely different from the complex commercial dispute at issue here. Providing an incorrect answer to a single voir dire question—even if deliberate, which there is no evidence in the record to support—does not come close to the "extreme or extraordinary standard" to show implied bias under Ninth Circuit precedent. *United States v. Olsen*, 704 F.3d 1172, 1191 (9th Cir. 2013) ("Bias should be presumed only in 'extreme' or 'extraordinary' cases."); *id.* at 1191-92 ("This court has recognized implied bias in only two contexts: first, 'in those extreme situations 'where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances,' . . . and second, 'where repeated lies in voir dire imply that the juror concealed material facts in order to secure a spot on the particular jury.'") (internal citations omitted). Dkt. 794-1 at 2, 11-15.

This showing was Samsung's burden on its motion and it adduced no evidence that anything extreme or extraordinary occurred. To the contrary, Samsung previously

admitted—and urged as part of its successful argument that the prior case presented an exceptional circumstance—that a juror who did not disclose minor matters from years ago would *not* warrant a new trial. Dkt. 636 (hearing on post-trial motions) at 10:16-25 (Samsung representation to Court: "Now, if it was just a number of small claims cases that happened many years ago as Netlist tried to paint it, we may not be here, okay…..[T]here were ***two or three other jurors that had a number of other cases that they did not disclose***. And we don't base our motion on those, ***we don't think that would be enough***."). Accordingly, Netlist respectfully requests that the Court decline to proceed with post-trial interviews of the jurors in question.

If the Court proceeds with these interviews, then Netlist proposes the following procedures for eliciting juror testimony to minimize the burden on the jurors:

- The interviews will take place *in camera* in the presence of the parties;
- The interviews will be conducted via phone or video conference, whichever is more convenient for the jurors and the Court;
- All questioning will be done by the Court, who will generally inquire (1) if he or she remembers the matters identified in Samsung's New Trial motion; and (2) if the answer is "yes," whether these matters came to mind during voir dire, and if so why he or she did not check "yes" on the questionnaire (with any follow up questions that the Court deems necessary).

Court in this circuit have employed similar procedures when investigating claims of alleged juror misconduct or bias. *See, e.g., Shaw v. Uribe*, 2013 U.S. Dist. LEXIS 182834, *31-32 (C.D. Cal. 2013) ("Upon learning of the issue, the court promptly summoned Juror No. 7 for an informal hearing, which took place in the presence of both parties. . . . The court elicited from the juror the nature and timing of the incident and why she had failed to disclose it in voir dire. . . .Thus, the court's brief question-and-answer session, in which it personally observed and interacted with

Juror No. 7 and gathered pertinent facts about the incident, was reasonable in satisfying any doubts about her impartiality."); *Bear v. Ford Motor Co.*, 2008 U.S. Dist. LEXIS 120987, *9 (E.D. Wash. 2008) (finding, after conducting a post-trial interview, that juror's explanation that she did not remember a prior lawsuit that she did not disclose during voir dire was credible).

Samsung insists that the jurors should be required to appear in person, and the parties (in addition to the Court) should be entitled to ask them questions. But this would unnecessarily impose additional burdens on the jurors. The Ninth Circuit has rejected the contention that live testimony is necessary in order to evaluate witness demeanor and credibility. *United States v. Yida*, 498 F.3d 945, 959 (9th Cir. 2007) (videotaped testimony would "allow the jury to observe Reziniano's demeanor"); *Alderman v. S.E.C.*, 104 F.3d 285, 288 n. 4 (9th Cir.1997) ("Nor do we agree with [the] suggestion that the ... credibility findings are undermined because [the witness] testified at the hearing by telephone."). Moreover, the Court is clearly capable of soliciting any answers it perceives as helpful to assess the issues (as Samsung recognized by not requesting questioning of the jurors in connection with its motion). *See, e.g., United States v. Nix*, 2017 WL 2537348, at *9 (W.D.N.Y. June 9, 2017) ("[T]he Second Circuit endorsed the district court's procedure of interviewing the jurors in camera and with no direct questioning by counsel.") (citing *United States v. Shakur*, 888 F.2d 234, 237 (2d Cir. 1989)); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1492 (1st Cir. 1991) ("The judge was responsible for shielding the jury's deliberative process from unnecessary scrutiny, and his decision to conduct a private inquiry to determine if there was anything justifying further intrusion fell well within his discretion.").

Finally, to the extent that the Court conducts an evidentiary hearing on Samsung's allegations on juror bias, any such hearing should also address facts relating to Samsung's waiver of this argument and its contact with jurors. Dkt. 794-

1 at 2-4 (discussing Samsung's waiver). Specifically, Samsung should be required to disclose: (1) all searches it performed and information collected during voir dire, before the substantive presentation of evidence began on March 19, 2025; (2) when and how it learned of any additional information on which its New Trial Motion relies, and (3) any attempted or actual contact or communications that Samsung, its counsel, other persons/entities retained by Samsung have had with members of the jury, and the substance of those conversations.

DATED: July 9, 2025

O'MELVENY & MYERS LLP

By:   */s/ Marc J. Pensabene*
Marc J. Pensabene
Daniel M. Petrocelli
Ryan Yagura
Leah Godesky
Drew Breuder
*Attorneys for Defendant Samsung Electronics Co., Ltd.*

DATED: July 9, 2025

IRELL & MANELLA LLP

By:   */s/ Michael Harbour*
Jason Sheasby
Lisa S. Glasser
Michael Harbour
*Attorneys for Plaintiff Netlist, Inc.*

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filings is submitted, concur in the filing's content and have authorized the filing.

Dated: July 9, 2025

                                                    */s/ Marc J. Pensabene*
                                                    Marc J. Pensabene